# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, <br><br> and <br><br> TAIWAN SCOTT, on behalf of himself and all other similarly situated persons, <br><br>     Plaintiffs, <br><br>     v. <br><br> HENRY D. MCMASTER, in his official capacity as Governor of South Carolina; HARVEY PEELER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNABB, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, JOANNE DAY, CLIFFORD J. ELDER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina State Election Commission, <br><br>     Defendants. | Case No.: 3:21-cv-03302-JMC <br><br><br> **MOTION AND MEMORANDUM IN SUPPORT OF PLAINTIFFS' REQUEST FOR A THREE-JUDGE PANEL PURSUANT TO 28 U.S.C. § 2284(a)** |

Plaintiffs South Carolina State Conference of the NAACP and Taiwan Scott (collectively, "Plaintiffs") move for the appointment of a three-judge court under 28 U.S.C. § 2284(a) to adjudicate their constitutional claims. Pursuant to Local Rule 7.02, counsel for Plaintiffs have consulted with counsel for Defendants who have made appearances in this case. Counsel for Defendants Lucas, Murphy, and Jordan have indicated that they will file a response in opposition to Plaintiffs' motion early next week.

## BACKGROUND

The U.S. Constitution requires that members of the state legislature and Congressional delegation be elected on an "equipopulous basis in accordance with the results of the decennial census." *Colleton Cty. Council v. McConnell*, 201 F. Supp. 2d 618, 623 (D.S.C. 2002). To comply with this mandate, the South Carolina Legislature ("Legislature") has the constitutional duty of timely redrawing South Carolina's U.S. Congressional and state legislative districts every ten years, following the completion of the decennial census and release of data by the U.S. Census Bureau. The 2020 U.S. Census results demonstrate that South Carolina has experienced significant population shifts and growth during the past decade. These changes have rendered South Carolina's U.S. Congressional and state House districts unconstitutionally malapportioned. *Complaint*, ECF 1.

But the Legislature is currently effectively adjourned,[1] and it has no clear plan to fix these ongoing violations in time for key election dates early next year. *See id.* at ¶¶ 70-72. The

---

[1] The General Assembly is operating under a continuing resolution known as "the sine die resolution," which technically keeps it in session at the call of Defendants Peeler and Lucas until the General Assembly reconvenes for a regular legislative session in January. https://www.scstatehouse.gov/sess124_2021-2022/bills/4285.htm. During this time, Defendant Governor may not call the General Assembly into Special Session since the legislature is

malapportioned districts pose an immediate problem. The people of South Carolina, including Plaintiffs, face a substantial and imminent risk that constitutionally compliant district lines will not be redrawn in time to cure the current unconstitutional malapportionment for the 2022 elections. The people in malapportioned districts, including those represented by Plaintiffs, (i) do not know whether their current representatives will be eligible to run in their districts in the upcoming election and whether these representatives can be held accountable at election time for the conduct and policy positions they have advocated for while in office; (ii) cannot identify the proper persons to whom to communicate their concerns effectively because those individuals may or may not be accountable to them in the next election; and (iii) have no prospect of finding out any of this information in time to plan for the upcoming election. *See id.* at ¶¶ 10, 17, 25-26.

Plaintiffs filed their lawsuit under the First and Fourteenth Amendments challenging the malapportioned U.S. Congressional and state House districts to address these harms. A three-judge court is warranted to adjudicate their constitutional claims.

## Legal Argument

Plaintiffs meet the requirements for a three-judge court under 28 U.S.C. § 2284, and U.S. Supreme Court jurisprudence demonstrates that the appointment of a three-judge court is warranted to adjudicate Plaintiffs' constitutional claims.

---

technically not adjourned. But, as Plaintiffs' Complaint makes clear, both houses of the General Assembly have failed to identify when they specifically plan to reconvene in 2021 or 2022.

### I.     Plaintiffs Meet the Requirements for a Three-Judge Court.

A "district court of three judges shall be convened . . . when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). Section 2284(b)(1) requires that:

> Upon the filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. The judges so designated, and the judge to whom the request was presented, shall serve as members of the court to hear and determine the action or proceeding.

Here, Plaintiffs are challenging the constitutionality of the apportionment of the South Carolina House of Representatives, which is a statewide legislative body. Plaintiffs are also challenging the apportionment of South Carolina's Congressional districts. Therefore, pursuant to § 2284(a) and (b)(1), Plaintiffs are entitled to a three-judge court.

### II.    A Three-Judge Court is Warranted to Adjudicate Plaintiffs' Constitutional Claims.

In a legislative reapportionment case, a district court must invoke the procedures established in 28 U.S.C. § 2284 convening a three-judge panel. In *Shapiro v. McManus*, a bipartisan group of citizens dissatisfied with a statute establishing districts for Maryland's eight congressional seats filed suit pro se in federal district court. 577 U.S. 39, 42 (2015). The District Judge denied petitioners' request that a three-judge court be appointed to hear the case, finding that the claim to be "not one for which relief can be granted," and dismissed the action. *Id*. (quoting *Benisek v. Mack*, 11 F. Supp. 3d 516, 526 (D. Md. 2014)).

The Supreme Court, however, determined that the "text's initial prescription could not be clearer: 'A district court of three judges shall be convened . . . .'" *Id.* at 454 (quoting § 2284(a)). Since the lawsuit challenged the constitutionality of the apportionment of congressional districts,

4

the Court explained, "[i]t follows that the district judge was required to refer the case to a three-judge court, for § 2284(a) admits of no exception, and 'the mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion.'" *Id.* (quoting *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998)) (emphasis in original). The Court further determined that § 2284(b)(1) was not a "grant of discretion" but rather "an administrative detail that is entirely compatible with § 2284(a)." *Id*.

Like in *Shapiro*, Plaintiffs are challenging the constitutionality of the apportionment of congressional and state legislative districts. Section 2284(a), therefore, requires the District Court to convene a three-judge court.

\*     \*     \*

For these reasons, the District Court should grant Plaintiffs' request for a three-judge court.

Dated: October 15, 2021                                             Respectfully submitted,


Leah C. Aden*                                                            */s/ Christopher J. Bryant*
Stuart Naifeh*                                                            Christopher J. Bryant, Fed. ID 12538
Raymond Audain*                                                     Boroughs Bryant, LLC
John S. Cusick*                                                          1122 Lady St., Ste. 208
NAACP Legal Defense & Educational Fund, Inc.    Columbia, SC 29201
40 Rector St, 5th Fl.                                                   Tel.: (843) 779-5444
NY, NY 10006                                                           chris@boroughsbryant.com
Tel.: (212) 965-7715
laden@naacpldf.org                                                 Somil B. Trivedi*
                                                                                 Patricia Yan*
Samantha Osaki*                                                    American Civil Liberties Union Foundation
American Civil Liberties Union Foundation         915 15th St., NW
125 Broad Street, 18th Floor                                    Washington, DC 20005
New York, NY 10004                                              Tel.: (202) 457-0800
Tel.: (212) 549-2500                                                strivedi@aclu.org
sosaki@aclu.org                                                     pyan@aclu.org

John A. Freedman*  
Elisabeth S. Theodore*  
Gina M. Colarusso*  
John "Jay" B. Swanson*  
ARNOLD & PORTER KAYE SCHOLER LLP  
601 Massachusetts Ave., N.W.  
Washington, D.C.  20001  
Tel: (202) 942-5000  

Jeffrey A. Fuisz*  
Paula Ramer*  
Jonathan I. Levine*  
Theresa M. House*  
ARNOLD & PORTER KAYE SCHOLER LLP  
250 West 55th Street  
New York, NY 10019  
Tel: (212) 836-8000  

Sarah Gryll*  
ARNOLD & PORTER KAYE SCHOLER LLP  
70 West Madison Street, Suite 4200  
Chicago, IL 60602-4231  
Tel: (312) 583-2300  

Allen Chaney, Fed. ID 13181  
American Civil Liberties Union  
of South Carolina  
Charleston, SC 29413-0998  
Tel.: (843) 282-7953  
Fax: (843) 720-1428  
achaney@aclusc.org  

*Attorneys for Plaintiffs*  

*Motion for admission Pro Hac Vice* forthcoming