# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, <br><br>and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>    Plaintiffs,<br><br>    v.<br><br>HENRY D. MCMASTER, in his official capacity as Governor of South Carolina; HARVEY PEELER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNABB, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. ELDER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina State Election Commission,<br><br>    Defendants. | Case No.: 3:21-cv-03302-JMC<br><br>**REPLY IN FURTHER SUPPORT OF PLAINTIFFS' REQUEST FOR A THREE-JUDGE PANEL PURSUANT TO 28 U.S.C. § 2284(a)** |

Plaintiffs acknowledge that this Court discourages replies. Local Rule 7.07. But House Defendants' response invites the Court to abandon controlling U.S. Supreme Court precedent and the plain text of 28 U.S.C. § 2284 to deny Plaintiffs' request for the appointment of a three-judge court. The Court should reject this effort for two key reasons.

House Defendants cite no cases that cast doubt on *Shapiro v. McManus*, 577 U.S. 39 (2015). Instead, they cite cases from the 1970s and 1980 to argue there is still ambiguity after *Shapiro* concerning the mandatory appointment of a three-judge court in malapportionment cases. *See* ECF 18 at 6-9. *Shapiro* post-dates these cases and controls because this action expressly challenges "the constitutionality of the apportionment of congressional districts" and "the apportionment of any statewide legislative body," as those terms are defined in 28 U.S.C. § 2284(a), and the Supreme Court held that the appointment of a three-judge court is mandatory under such circumstances. *Shapiro*, 577 U.S. at 44. The cases cited by House Defendants are inapposite. In *City of Philadelphia v. Klutznick*, for example, the district court denied a three-judge court request because plaintiffs' claim involved a challenge to the constitutionality of how the 1980 U.S. Census data was collected. 503 F. Supp. 657, 658 (E.D. Pa. 1980). The district court agreed, however, that § 2284 would "require[] the convening of a three-judge court [] 'when an action is filed challenging the constitutionality of the apportionment of congressional districts.'"

Plaintiffs satisfy the requirement for a three-judge panel under § 2284. This is "an action . . . challenging the constitutionality of the apportionment of congressional districts" in South Carolina. § 2284(a); *see also Shapiro*, 577 U.S. at 41. And House Defendants cannot dispute that Plaintiffs raise deprivation of their First and Fourteenth Amendment rights. *See* ECF 1 ¶¶ 10, 17, 25-26.

As a final point, the Court should also reject House Defendant's one-sentence request for a stay of Plaintiffs' case. ECF 18 at 11. House Defendants have not come close to meeting the requirements to obtain stay. *See, e.g.*, *Willford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983) (a party seeking stay "must justify it by clear and convincing circumstances outweighing potential harms to the party against whom it is operative."); *VanRosenberg v. Lawrence*, 429 F. Supp. 3d 175, 181 (D.S.C. 2019) (a party seeking stay must demonstrate "the presence of the exacting standards" of the four factors set by *Nken v. Holder*, 556 U.S. 418, 434 (2009)). This request should be summarily denied.

*     *     *

For these reasons, the Court should grant their request for a three-judge court.

Dated: October 21, 2021                                              Respectfully submitted,

| | |
|---|---|
| Leah C. Aden* | */s/ Christopher J. Bryant* |
| Stuart Naifeh* | Christopher J. Bryant, Fed. ID 12538 |
| Raymond Audain* | Boroughs Bryant, LLC |
| John S. Cusick* | 1122 Lady St., Ste. 208 |
| NAACP Legal Defense & Educational Fund, Inc. | Columbia, SC 29201 |
| 40 Rector St, 5th Fl. | Tel.: (843) 779-5444 |
| NY, NY 10006 | chris@boroughsbryant.com |
| Tel.: (212) 965-7715 | |
| laden@naacpldf.org | Somil B. Trivedi* |
| | Patricia Yan* |
| Samantha Osaki* | American Civil Liberties Union Foundation |
| American Civil Liberties Union Foundation | 915 15th St., NW |
| 125 Broad Street, 18th Floor | Washington, DC 20005 |
| New York, NY 10004 | Tel.: (202) 457-0800 |
| Tel.: (212) 549-2500 | strivedi@aclu.org |
| sosaki@aclu.org | pyan@aclu.org |
| | |
| John A. Freedman* | Allen Chaney, Fed. ID 13181 |
| Elisabeth S. Theodore* | American Civil Liberties Union |
| Gina M. Colarusso* | of South Carolina |
| John "Jay" B. Swanson* | Charleston, SC 29413-0998 |
| ARNOLD & PORTER KAYE SCHOLER LLP | Tel.: (843) 282-7953 |
| 601 Massachusetts Ave., N.W. | Fax: (843) 720-1428 |

Washington, D.C.  20001
Tel: (202) 942-5000

Jeffrey A. Fuisz*
Paula Ramer*
Jonathan I. Levine*
Theresa M. House*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000

Sarah Gryll*
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300

achaney@aclusc.org

*Attorneys for Plaintiffs*

*Motion for admission *Pro Hac Vice*
forthcoming

4