# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, <br><br> and <br><br> TAIWAN SCOTT, on behalf of himself and all other similarly situated persons, <br><br>         Plaintiffs, <br><br>         v. <br><br> HENRY D. MCMASTER, in his official capacity as Governor of South Carolina; HARVEY PEELER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. ELDER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina State Election Commission, <br><br>         Defendants. | Case No.: 3:21-cv-03302-JMC <br><br> **REPLY IN OPPOSITION TO HOUSE DEFENDANTS' AND GOVERNOR'S RESPONSES TO PLAINTIFFS' REQUEST FOR A THREE-JUDGE PANEL PURSUANT TO 28 U.S.C. § 2284(a)** |

Plaintiffs again acknowledge this Court discourages replies. Local Rule 7.07. But like the House Defendants' response, ECF 18, the Governor's and Senate Defendants' responses urge this Court to abandon the plain text of 28 U.S.C. § 2284 and controlling U.S. Supreme Court precedent to deny Plaintiffs' request for the appointment of a three-judge court, ECF 45 & 47. This Court should reject these efforts. This Court need only answer two questions at this stage: is this a challenge to a statewide apportionment scheme, and are Plaintiffs' claims justiciable. *Shapiro v. McManus*, 577 U.S. 39, 44–45 (2015). Because the answer to both of questions is yes, this Court should grant Plaintiffs' request for appointment of a three-judge court.

I. **This is an "apportionment" case under § 2284.**

The Governor asks this Court to "[s]tart with the statutory text" yet fails to engage in any textual analysis. *See* ECF 47 at 4. The plain text of Section 2284 is clear: "A district court of three judges *shall* be convened when . . . an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a) (emphasis added). Because Plaintiffs' lawsuit challenges the constitutionality of congressional and state legislative districts, "[i]t follows that [a] district judge [is] required to refer the case to a three-judge court, for § 2284(a) admits of no exception, and 'the mandatory "shall" . . . normally creates an obligation impervious to judicial discretion.'" *Shapiro v. McManus*, 577 U.S. 39, 42, 43 (2005).

Rather than address § 2284's text, the Governor offers a lengthy history of Section 2284. ECF 47 at 4-10. Like House Defendants, however, the Governor Defendant argues without basis that § 2284's use of the word "apportionment" does not include cases concerning "[re]districting" if the maps have not yet been adopted. *See* ECF 47 at 4-9. But § 2284's mandatory appointment of a three-judge court in malapportionment cases is not limited to just apportionment cases. In

2

*Growe v. Emison*, for example, the Court never questioned a three-judge court's jurisdiction to adjudicate redistricting cases. 507 U.S. 25, 37 (1993). In *Growe*, the Court faulted the three-judge district court for issuing a deadline for remedial redistricting plan submission that was "explicitly directed solely at the legislature" instead of the state court too. *Id.* at 36. But the Court made clear that jurisdiction was proper; it "would have been appropriate for the District Court to establish a deadline by which . . . the federal court would proceed" if relevant state actors did not timely act. *Id.* Defendants even cite various authorities further substantiating the mandatory appointment of a three-judge court in redistricting cases as routine. *See Smith v. Clark*, 189 F. Supp. 2d 503, 505 (S.D. Miss. 2002); *Arrington v. Elections Bd.*, 173 F. Supp. 2d 856, 859 (E.D. Wis. 2001); *Carstens v. Lamm*, 543 F. Supp. 68, 75 (D. Colo. 1982).

Nor has the Court endorsed a rule that a three-judge court shall be made available only for malapportionment cases challenging enacted plans, a point that the Governor concedes. ECF 47 at 11. ("Of course, there have been some three-judge courts that have exercised jurisdictions over preemptive challenge like this one."). Indeed, three-judge courts have exercised jurisdiction in South Carolina in three of the past four redistricting cycles before maps were adopted. *See* ECF 1 at ¶¶ 53-60. Governor Defendant attempts to distinguish those cases because they "were filed only after it became clear that the General Assembly, despite repeated efforts, was not able to enact new maps." *See* ECF 47 at 12-13. But even if these timing-based distinctions mattered—which they do not—these are merits questions for a three-judge court.

The controlling cases, including those cited in the Governor's and Senate Defendants' responses, confirm what § 2284's text already make clear: regardless of whether an apportionment challenge comes before or after maps are enacted, a three-judge panel is required to adjudicate the underlying constitutional issues in redistricting cases.

3

### II.  Plaintiffs' claims are ripe.

The Governor's and Senate Defendants' contention that this Court cannot grant Plaintiffs' request for a three-judge court because their claims are unripe and non-justiciable fails on the facts and law. Senate Defendants, for example, assert that Plaintiffs' claims are "dependent on future uncertainties." *See* ECF 45 at 5-6. That is not the case here. South Carolina's U.S. Congressional and state House districts are unconstitutionally malapportioned. ECF 1 at ¶ 2. This means some South Carolina voters are being given more voice than others, thereby violating the "One Person, One Vote" mandate enshrined in the Fourteenth Amendment of the U.S. Constitution. *Reynolds v. Sims*, 377 U.S. 533, 56568 (1964). Because of these malapportioned districts, Plaintiffs are being harmed because they cannot, among other injuries, decide which candidates to support, educate themselves and others about candidates' positions who may represent them in their district, and associate with others in their district to advocate and organize for candidates who share their views. ECF 1 at ¶¶ 25-26. Voting cases require prospective relief because a restriction on the fundamental right to vote "cannot be undone through monetary remedies." *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010).

In addition, *Growe* does not cast doubt on the ripeness or justiciability of Plaintiffs' claims. The Governor's and Senate Defendants' reliance on *Growe* fails for at least two reasons. First, as described above, *Growe* did not address any arguments relating to ripeness. Second, courts have repeatedly rejected the Governor's and Senate Defendants' argument that deference to state actors to adopt plans in a reasonable time requires case dismissal. On the contrary, the Court has repeatedly underscored that a three-judge panel may retain jurisdiction and prescribe a deadline for state actors to conclude their efforts. In *Scott v. Germano*, for example, the Court explained that the three-judge court may retain jurisdiction during a redistricting process while plans are

4

being considered and "enter an order fixing a reasonable time" to permit the adoption of redistricting plans before relevant elections. 381 U.S. 407, 40910 (1965); *see also Growe*, 507 at 36.

Consistent with *Growe* and *Germano*, Plaintiffs are not asking the federal court to usurp the South Carolina's Legislature's responsibility to draw maps. Instead, they simply ask that the federal court retain jurisdiction because the Legislature's actions demonstrate that they "cannot timely perform their duty." *Growe*, 507 U.S. at 34. The Governor's and Senate Defendants' response is to downplay the timing considerations. Senate Defendants, for example, ignore the upcoming March 2022 candidate registration deadlines and the imminent harms facing South Carolina candidates and voters. *See* ECF 45 at 8. Although the Governor and Senate Defendants recount some of the ongoing redistricting efforts, they vacillate and do not confirm that any maps will even being consider by the full legislature until January 2022. In addition, the Legislature has not provided the public with any indication of when it will reconvene or whether it will make time for meaningful public input and the resolution of any litigation by the March 2022 deadlines. ECF 1 at ¶¶ 63-72. The lack of transparency surrounding the Legislature's redistricting timeline, in tandem with its repeated historical failures to redistrict in a timely manner, provide sufficient evidence for a three-judge federal court to take jurisdiction in this case. *Id.* ¶¶ 73-79. To rule otherwise would undermine the Court's repeated instructions, as well as reward a detail-less and deadline-free promise of forthcoming redistricting plans.

But this Court does not need to assess these considerations at this stage. Nor does this Court need to consider the Governor's and Senate Defendants' merits arguments couched within briefing over the propriety of appointing a three-judge court. Plaintiffs have presented a ripe challenge to "the constitutionality of the apportionment of congressional districts" and "the apportionment of

any statewide legislative body" in South Carolina. § 2284(a). No Defendant has disputed that Plaintiffs raise deprivation of their rights under the First and Fourteenth Amendment rights. ECF 1 at ¶¶ 10, 17, 25-26. As "an action . . . challenging the constitutionality of the apportionment of congressional districts," this case meets statutory and doctrinal requirements for a three-judge panel. § 2284(a); *see also Shapiro*, 577 U.S. at 41. And a three-judge court retaining jurisdiction to prescribe a deadline by which the Legislature must conclude their efforts to ensure new maps are in place in time to prepare for the March 2022 deadlines is consistent with controlling Supreme Court precedent.

\*   \*   \*

For these reasons, this Court should grant Plaintiffs' request for a three-judge court.

Dated: November 4, 2021                                    Respectfully submitted,

Leah C. Aden*                                              */s/ Christopher J. Bryant*
Stuart Naifeh*                                             Christopher J. Bryant, Fed. ID 12538
Raymond Audain*                                            Boroughs Bryant, LLC
John S. Cusick*                                            1122 Lady St., Ste. 208
NAACP Legal Defense & Educational Fund, Inc.               Columbia, SC 29201
40 Rector St, 5th Fl.                                      Tel.: (843) 779-5444
NY, NY 10006                                               chris@boroughsbryant.com
Tel.: (212) 965-7715
laden@naacpldf.org                                         Somil B. Trivedi*
                                                           Patricia Yan*
Samantha Osaki*                                            American Civil Liberties Union Foundation
American Civil Liberties Union Foundation                  915 15th St., NW
125 Broad Street, 18th Floor                               Washington, DC 20005
New York, NY 10004                                         Tel.: (202) 457-0800
Tel.: (212) 549-2500                                       strivedi@aclu.org
sosaki@aclu.org                                            pyan@aclu.org

John A. Freedman**                                         Allen Chaney, Fed. ID 13181
Elisabeth S. Theodore**                                    American Civil Liberties Union
Gina M. Colarusso**                                        of South Carolina
John "Jay" B. Swanson**                                    Charleston, SC 29413-0998
ARNOLD & PORTER KAYE SCHOLER LLP                           Tel.: (843) 282-7953
601 Massachusetts Ave., N.W.                               Fax: (843) 720-1428

Washington, D.C. 20001
Tel: (202) 942-5000

Jeffrey A. Fuisz**
Paula Ramer**
Jonathan I. Levine**
Theresa M. House**
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000

Sarah Gryll*
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300

achaney@aclusc.org

*Attorneys for Plaintiffs*

*Admitted *Pro Hac Vice*
** Motion for admission *Pro Hac Vice* forthcoming