UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| The South Carolina State Conference<br>Of the NAACP, | ) <br> ) <br> ) | Civil Action No.: 3:21-cv-03302-JMC |
| and | ) <br> ) | |
| Taiwan Scott, on behalf of himself and all<br>Other similarly situated persons, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| Vs. | ) <br> ) | **ANSWER** |
| Henry D. McMaster, in his official capacity<br>As Governor of South Carolina;<br>Harvey Peeler, in his official capacity as<br>President of the Senate;<br>Luke A. Rankin, in his official capacity as<br>Chairman of the Senate Judiciary;<br>James H. Lucas, in his official capacity as<br>Speaker of the House of Representatives,<br>Chris Murphy, in his official capacity as<br>Chair of the House of Representatives<br>Judicial Committee;<br>Wallace H. Jordan, in his official capacity<br>as Chair of the House of Representatives<br>Elections Law Subcommittee;<br>Howard Knapp, in his official capacity as<br>Interim Executive Director of the South<br>Carolina State Election Commission;<br>John Wells, JoAnne Day, Clifford J.<br>Elder, Linda McCall and Scott Moseley,<br>In their official capacity as member of the<br>South Carolina State Election Commission, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

Defendants, Howard Knapp, in his official capacity as interim Executive Director of the

South Carolina State Election Commission ("Election Commission"), and John Wells, JoAnne

Day, Clifford Elder, Linda McCall, and Scott Moseley, in their official capacities as members of

the South Carolina State Election Commission, (herein collectively referred to as "Defendants") hereby answer the Complaint by denying each and every allegation not hereinafter specifically admitted, demanding strict proof thereof, and further respond as follows:

### FOR A FIRST DEFENSE
### INTRODUCTION

1.      Paragraph 1 of the Complaint does not contain allegations against these Defendants requiring a response, but legal conclusions to which no response is required, along with generalized statements of opinion about the 2020 U.S. Census, population growth in South Carolina, and the S.C. General Assembly's duties with regard to redistricting. To the extent Paragraph 1 is construed to make allegations against any of these Defendants to which a response is required, the allegations are denied. To the extent Paragraph 1 contains allegations about another defendant or any other person or entity, these Defendants lack information sufficient to form a belief as to the truth of the allegations.

2.      Paragraphs 2 and 3 of the Complaint do not contain allegations against these Defendants requiring a response, but generalized statements of opinion about the S.C. General Assembly's duties under the U.S. Constitution in undertaking redistricting and a quotation from a U.S. Supreme Court case. To the extent Paragraphs 2 and 3 are construed to make allegations against any of these Defendants to which a response is required, Defendants crave reference to the Constitution and the court decision itself and deny any inconsistent allegations or characterizations. Otherwise, the allegations are denied. To the extent Paragraphs 2 and 3 contain allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

3.      Paragraphs 4, 5, and 6 of the Complaint (including footnotes 1, 2, and 3) do not contain allegations against these Defendants requiring a response, but generalized assertions and

characterizations about the timing and status of the S.C. General Assembly's redistricting efforts as of October 12, 2021 when the Complaint was filed. To the extent Paragraphs 4, 5, and 6 are construed to make allegations against any of these Defendants to which a response is required, Defendants state upon information and belief that many new developments in redistricting have happened since the filing of the Complaint which are matters of public record and available at https://redistricting.schouse.gov/ and https://redistricting.scsenate.gov/. Defendants refer to these websites, which include among other things recordings of public hearings, as containing a more accurate and up to date reflection of the redistricting process than the generalized summaries made by Plaintiffs in Paragraphs 4, 5, and 6. To the extent a further response is required, the allegations are denied. To the extent Paragraphs 4, 5, and 6 contain allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

4.      Paragraph 7 of the Complaint (including footnote 4) does not contain allegations against these Defendants requiring a response, but states legal conclusions about the powers and duties of the S.C. General Assembly to conduct business, conclusory assumptions about the timing of consideration of redistricting maps in relation to candidate filing deadlines, and statement of opinion about how these assumptions relate to a S.C. Constitutional provision and several provisions of Title 7 of the S.C. Code. To the extent Paragraphs 7 is construed to make allegations against any of these Defendants to which a response is required, Defendants crave reference to the constitutional and statutory provisions themselves and deny any inconsistent allegations or characterizations. Otherwise, the allegations are denied. To the extent Paragraph 7 contains allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

5.      Paragraph 8 of the Complaint does not contain allegations against these Defendants requiring a response, but generalized statements of opinion about the S.C. General Assembly's past redistricting endeavors and judicial review of these efforts over a 50-year period of time. To the extent Paragraph 8 is construed to make allegations against any of these Defendants to which a response is required, the allegations are denied. To the extent Paragraph 8 contains allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

6.      Paragraphs 9, 10, and 11 of the Complaint (including footnote 5) do not contain allegations against these Defendants requiring a response, but generalized statements of opinion and legal conclusions about U.S. Census statistics, the timing of the redistricting process, and the motivations, needs, and states of mind of certain individuals residing in several state House districts. To the extent Paragraphs 9, 10, and 11 are construed to make allegations against any of these Defendants to which a response is required, Defendants crave reference to the Census data itself and deny any inconsistent allegations, characterizations, or conclusions Plaintiffs derive from that data.  Otherwise, the allegations are denied. To the extent Paragraphs 9, 10, and 11 contain allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

7.      Paragraphs 12, 13, and 14 of the Complaint do not contain allegations against these Defendants requiring a response, but generalized statements of opinion and conjecture about the motivations, needs, and states of mind of prospective candidates for office and "interested organizations" in the timing of the redistricting process. To the extent Paragraphs 12, 13, and 14 are construed to make allegations against any of these Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 12, 13, and 14 contain allegations about

another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

8.    Paragraphs 15 and 16 of the Complaint do not contain allegations against these Defendants requiring a response, but generalized statements of opinion and legal conclusions about the S.C. General Assembly's past redistricting endeavors, the current redistricting process, and judicial review of these efforts over a 50-year period of time. To the extent Paragraphs 15 and 16 are construed to make allegations against any of these Defendants to which a response is required, Defendants crave reference to the court decisions themselves and deny any inconsistent allegations or characterizations. Otherwise, the allegations are denied. To the extent Paragraphs 15 and 16 contain allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

9.    Paragraph 17 of the Complaint does not contain allegations against these Defendants requiring a response, but identifies and describes the Plaintiffs in this action and their motivations in bringing this lawsuit, and states legal conclusions about their purported harms from the speed of redistricting. To the extent Paragraph 17 is construed to make allegations against any of these Defendants to which a response is required, Defendants admit upon information and belief that Taiwan Scott is an individual South Carolina voter, but deny upon information and belief that the South Carolina State Conference of the NAACP ("SC NAACP") is a South Carolina organization. Otherwise, the allegations are denied. To the extent Paragraph 17 contains allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

10.     Paragraph 18 of the Complaint does not contain allegations requiring a response, but states the relief Plaintiffs seek from this Court. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

11.     Paragraphs 19 through 27 of the Complaint do not contain allegations against these Defendants requiring a response, but generalized statements of opinion about the redistricting process, assertions about the SC NAACP's background, mission, structure, membership, and legal conclusions about SC NAACP's purported harms from the speed of redistricting. To the extent Paragraphs 19 through 27 are construed to make allegations against any of these Defendants to which a response is required, Defendants deny upon information and belief that the SC NAACP is a South Carolina organization and they lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the background, mission, and the like of the SC NAACP. Otherwise, the allegations are denied. To the extent Paragraphs 19 through 27 contain allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

12.     Paragraph 28 of the Complaint does not contain allegations against these Defendants requiring a response, but a description about the background of the Plaintiff Taiwan Scott. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

13.     Paragraphs 29 through 34 of the Complaint do not contain allegations against these Defendants requiring a response, but legal conclusions about whether various other defendants to this action sued in their official capacity are proper defendants in this action. To the extent a response is required, Defendants deny these allegations.

14.    Paragraph 35 of the Complaint does not contain allegations requiring a response, but states legal conclusions about whether Defendant Howard Knapp, sued in his official capacity, is a proper defendant to this action, along with references to and descriptions of Title 7 of the South Carolina Code. To the extent Paragraph 35 is construed to make allegations against any of these Defendants to which a response is required, Defendants crave reference to the provisions of Title 7 and deny any inconsistent allegations. To the extent a further response is required, the allegations are denied.

15.    Paragraph 36 of the Complaint does not contain allegations requiring a response, but states legal conclusions about whether Defendants John Wells, JoAnne Day, Clifford J. Elder, Linda McCall, and Scott Moseley, sued in their official capacity, are proper defendants to this action, along with references to and descriptions of Title 7 of the South Carolina Code. To the extent Paragraph 36 is construed to make allegations against any of these Defendants to which a response is required, Defendants crave reference to the provisions of Title 7 and deny any inconsistent allegations. To the extent a further response is required, the allegations are denied.

## JURISDICTION AND VENUE

16.    Paragraph 37 of the Complaint consists of legal conclusions on the constitutional basis of this action which do not require a response. To the extent a response is deemed to be required, the allegations are denied.

17.    Paragraph 38 of the Complaint consists of legal conclusions on subject matter jurisdiction which do not require a response. To the extent a response is deemed to be required, the allegations are denied.

18.    Paragraph 39 of the Complaint consists of legal conclusions on venue which do not require a response. To the extent a response is deemed to be required, these Defendants do not contest venue in the District of South Carolina.

19.    Paragraph 40 of the Complaint consists of legal conclusions on the appropriateness of a three-judge panel in this matter which do not require a response. To the extent a response is deemed to be required, the allegations are denied.

## STATEMENT OF FACTS

20.    To the extent the unnumbered subheading under "Statement of Facts" and before Paragraph 41 is deemed to require a response, these Defendants deny the allegations.

21.    Paragraphs 41 through 45 of the Complaint do not contain allegations against these Defendants requiring a response, but rather generalized statements about the S.C. General Assembly's duties under the S.C. and U.S. Constitutions in undertaking redistricting and quotations and citations to the Constitutions and federal court decisions. To the extent Paragraphs 41 through 45 are construed to make allegations against any of these Defendants to which a response is required, Defendants crave reference to the applicable provisions of the Constitution and/or court decisions and deny any inconsistent allegations or characterizations. Otherwise, the allegations are denied. To the extent Paragraphs 41 through 45 contain allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

22.    To the extent the unnumbered subheading between Paragraph 45 and Paragraph 46 is deemed to require a response, these Defendants deny the allegations.

23.    Paragraphs 46 through 52 of the Complaint do not contain allegations against these Defendants requiring a response, but generalized statements of opinion about U.S. Census

population statistics, population growth in South Carolina, the S.C. General Assembly's execution of its duties with regard to redistricting, the effect of certain Acts of the S.C. General Assembly, and historical election data.  To the extent Paragraphs 46 through 52 are construed to require a response, Defendants crave reference to the Census data itself and the text of the legislative acts and deny any allegations inconsistent therewith. Otherwise, these allegations are denied. To the extent Paragraphs 46 through 52 contain allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a response is deemed to be required, the allegations are denied.

24.    To the extent the unnumbered subheading between Paragraph 52 and Paragraph 53 is deemed to require a response, these Defendants deny the allegations.

25.    Paragraph 53 of the Complaint does not contain allegations against these Defendants requiring a response, but makes generalized opinions and characterizations of the S.C. redistricting process over an expansive period of time and judicial review thereof, and quotes a federal court decision. To the extent Paragraph 53 is construed to require a response, Defendants crave reference to the federal court decision itself and deny any allegations inconsistent therewith. To the extent Paragraph 53 contains allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is deemed to be required, the allegations are denied.

26.    Paragraphs 54 and 55 of the Complaint do not contain allegations against these Defendants requiring a response, but make generalized opinions and characterizations of the S.C. redistricting process in the 2010 Redistricting Cycle and judicial review thereof, and citations to a federal court decision. To the extent Paragraphs 54 and 55 are construed to require a response,

Defendants crave reference to the federal court decision itself and deny any allegations inconsistent therewith. To the extent Paragraphs 54 and 55 contain allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is deemed to be required, the allegations are denied.

27.     Paragraphs 56 and 57 of the Complaint do not contain allegations against these Defendants requiring a response, but make generalized opinions and characterizations of the S.C. redistricting process in the 2000 Redistricting Cycle and judicial review thereof, and citations to a federal court decision. To the extent Paragraphs 56 and 57 are construed to require a response, Defendants crave reference to the federal court decision itself and deny any allegations inconsistent therewith. To the extent Paragraphs 56 and 57 contain allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is deemed to be required, the allegations are denied.

28.     Paragraph 58 of the Complaint does not contain allegations against these Defendants requiring a response, but makes generalized opinions and characterizations of the S.C. redistricting process in the 1990 Redistricting Cycle and judicial review thereof, and citations to a federal court decision. To the extent Paragraph 58 is construed to require a response, Defendants crave reference to the federal court decision itself and deny any allegations inconsistent therewith. To the extent Paragraph 58 contains allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is deemed to be required, the allegations are denied.

29.    Paragraphs 59 and 60 of the Complaint do not contain allegations against these Defendants requiring a response, but make generalized opinions and characterizations of the S.C. redistricting process in the 1980 Redistricting Cycle and judicial review thereof, and citations of two federal court decisions. To the extent Paragraphs 59 and 60 are construed to require a response, Defendants crave reference to the federal court decisions themselves and deny any allegations inconsistent therewith. To the extent Paragraphs 59 and 60 contain allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is deemed to be required, the allegations are denied.

30.    Paragraphs 61 and 62 of the Complaint do not contain allegations against these Defendants requiring a response, but make generalized opinions and characterizations of the S.C. redistricting process in the 1970 Redistricting Cycle and judicial review thereof, and citations to a federal court decision and two Acts of the S.C. General Assembly. To the extent Paragraphs 61 and 62 are construed to require a response, Defendants crave reference to the federal court decisions themselves and deny any allegations inconsistent therewith. To the extent Paragraphs 61 and 62 contain allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is deemed to be required, the allegations are denied.

31.    To the extent the unnumbered subheading between Paragraph 62 and Paragraph 63 is deemed to require a response, these Defendants deny the allegations.

32.    Paragraphs 63 through 69 of the Complaint do not contain allegations against these Defendants requiring a response, but statements of pure opinion on the transparency of the S.C. redistricting process and a recitation of times, dates, and other information on various hearings that

numerous S.C. House and Senate committees and subcommittees have held on redistricting. To the extent Paragraphs 63 through 69 are construed to require a response, Defendants crave reference to the publicly-available information on the hearings themselves, including the recordings available at https://redistricting.schouse.gov/ and https://redistricting.scsenate.gov/, denying any allegations inconsistent therewith. To the extent Paragraphs 63 through 69 contain allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. To the extent a further response is deemed to be required, the allegations are denied.

33.    To the extent the unnumbered subheading between Paragraph 69 and Paragraph 70 is deemed to require a response, these Defendants deny the allegations.

34.    Paragraphs 70 through 72 of the Complaint (including footnotes 6 and 7) do not contain allegations against these Defendants requiring a response, but generalized assertions about the status of the S.C. General Assembly's redistricting efforts, presumably as of October 12, 2021 when the Complaint was filed. To the extent Paragraphs 70 through 72 are construed to make allegations against any of these Defendants to which a response is required, Defendants would state that they are informed and believe that the assertions are at minimum stale because there have been many developments in redistricting between the filing of the Complaint and the filing of this Answer. See https://redistricting.schouse.gov/ and https://redistricting.scsenate.gov/. Otherwise, the allegations are denied. To the extent Paragraphs 70 through 72 contain allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

35.    To the extent the unnumbered subheading between Paragraph 72 and Paragraph 73 is deemed to require a response, these Defendants deny the allegations.

36.     Paragraph 73 of the Complaint is admitted.

37.     Paragraph 74 of the Complaint does not contain allegations against these Defendants requiring a response, but makes generalized opinions and characterizations of the S.C. redistricting process over a 50-year period of time and related judicial review. To the extent Paragraph 74 is construed to require a response, these Defendants deny the allegations. To the extent Paragraph 74 contains allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

38.     Paragraphs 75 through 78 of the Complaint do not contain allegations against these Defendants requiring a response, but opinions, generalizations, and legal conclusions about the timing of the redistricting process and the harms derived from Plaintiffs' perception that (as of the date of the Complaint) the process is not moving quickly enough. To the extent Paragraphs 75 through 78 are construed to make allegations against any of these Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 75 through 78 contain allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

39.     Paragraph 79 of the Complaint is denied.

### CAUSES OF ACTION
**Count I**
**Congressional Malapportionment**
**In Violation of Article I, § 2 of the U.S. Constitution**

40.     In response to Paragraph 80 of the Complaint, Defendants incorporate by reference all the foregoing paragraphs as if fully set forth herein.

41.     Paragraphs 81 and 82 of the Complaint do not contain allegations against these Defendants requiring a response, but rather conclusions of law consisting of recitations or citations

to the U.S. Constitution and federal court decisions. To the extent Paragraphs 81 and 82 are construed to make allegations against any of these Defendants to which a response is required, Defendants crave reference to the applicable provisions of the Constitution and the federal court decisions and deny any inconsistent allegations or characterizations. Otherwise, the allegations are denied. To the extent Paragraphs 81 and 82 contain allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

42.    Paragraph 83 of the Complaint does not contain allegations against these Defendants requiring a response, but generalized statements of opinion about 2020 U.S. Census statistics and population deviation in 2010 U.S. Congressional districts. To the extent Paragraph 83 is construed to make allegations against any of these Defendants to which a response is required, Defendants crave reference to the census data itself and denies any inconsistent allegations, characterizations, or conclusions Plaintiffs derive from that data. Otherwise, the allegations are denied. To the extent Paragraph 83 contains allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

43.    Paragraphs 84 through 88 of the Complaint are denied.

## COUNT II
### Legislative Malapportionment
### In Violation of the Fourteenth Amendment to the U.S. Constitution

44.    Paragraphs 89 and 90 of the Complaint do not contain allegations against these Defendants requiring a response, but rather quotations from the U.S. Constitution and a U.S. Supreme Court decision. To the extent Paragraphs 89 and 90 are construed to make allegations against any of these Defendants to which a response is required, Defendants crave reference to the

applicable provisions of the Constitution and the court decision and deny any inconsistent allegations or characterizations. Otherwise, the allegations are denied. To the extent Paragraphs 89 and 90 contain allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

45.     Paragraphs 91 through 95 of the Complaint are denied.

## COUNT III
### Deprivation of the Freedom of Association
### In Violation of the First and Fourteenth Amendments to the U.S. Constitution

46.     Paragraph 96 of the Complaint does not contain allegations against these Defendants requiring a response, but rather quotations from the U.S. Constitution and a Fourth Circuit decision. To the extent Paragraph 96 is construed to make allegations against any of these Defendants to which a response is required, Defendants crave reference to the applicable provisions of the Constitution and the court decision and deny any inconsistent allegations or characterizations. Otherwise, the allegations are denied. To the extent Paragraph 96 contains allegations about another defendant or another person or entity, these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

47.     Paragraphs 97 through 100 of the Complaint are denied.

## REQUEST FOR A THREE-JUDGE PANEL

48.     Paragraph 101 of the Complaint does not contain allegations against these Defendants requiring a response, but a statement that Plaintiffs are seeking a three-judge court. To the extent a response is deemed to be required, Defendants deny that this is an appropriate case for a three-judge court.

## REQUEST FOR RELIEF

49.     The unnumbered Paragraph beginning with WHEREFORE does not require a response. To the extent a response is deemed to be required, Defendants deny that Plaintiffs are entitled to the relief listed in that Paragraph and its subparts and specifically deny that Plaintiffs are entitled to attorneys' fees, expenses, or costs from these Defendants.

## FOR A SECOND DEFENSE

50.      Plaintiffs' Complaint and each and every cause of action therein fails to state a claim on which relief may be granted.

## FOR A THIRD DEFENSE

51.     Plaintiffs' Complaint seeks relief which these Defendants lack legal power or authority to effectuate.

## FOR A FOURTH DEFENSE

52.     Plaintiffs' Complaint presents non-justiciable, political questions.

## FOR A FIFTH DEFENSE

53.     Plaintiffs' Complaint alleges no acts by any of these Defendants whatsoever.

## FOR A SIXTH DEFENSE

54.     One or more of the Plaintiffs lack standing to bring this action.

## FOR A SEVENTH DEFENSE

55.     Plaintiffs' Complaint is not ripe for adjudication.

## FOR AN EIGHTH DEFENSE

56.     For reasons set forth in the Fourth and Seventh Defenses, the Complaint fails to state a claim constituting a case or controversy within the meaning of U.S. Const., Article III.

## <u>DEMAND FOR JUDGMENT</u>

**WHEREFORE**, Howard Knapp, in his official capacity as interim Executive Director of the South Carolina State Election Commission, and John Wells, JoAnne Day, Clifford Elder, Linda McCall, and Scott Moseley, in their official capacities as members of the South Carolina State Election Commission, respectfully demand that judgment be entered in their favor and that Plaintiffs' Complaint be dismissed in its entirety with prejudice, together with such other and further relief as the Court finds to be just and proper.

s/ Michael R. Burchstead
M. Elizabeth Crum (Fed. Bar #372)
Jane Trinkley (Fed. Bar #4143)
Michael R. Burchstead (Fed. Bar #102967)
**BURR & FORMAN LLP**
Post Office Box 11390
Columbia, SC  29211
Telephone:  (803) 799-9800
Facsimile:  (803) 753-3278
*Attorneys for Election Commission Defendants*

November 29, 2021
Columbia, SC