# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, <br><br> and <br><br> TAIWAN SCOTT, on behalf of himself and all other similarly situated persons, <br><br>         Plaintiffs, <br><br>         v. <br><br> HENRY D. MCMASTER, in his official capacity as Governor of South Carolina; THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, JOANNE DAY, CLIFFORD J. ELDER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina State Election Commission, <br><br>         Defendants. | Civil Action No. 3:21-cv-03302-JMC-TJH-RMG <br><br><br><br><br><br><br> **HOUSE AND SENATE DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME** |

**COME NOW** James H. Lucas, Speaker of the House of Representatives; Chris Murphy, Chairman of the House of Representatives Judiciary Committee; Wallace H. Jordan, Chairman of the House of Representatives Elections Law Subcommittee (collectively, "House Defendants"); Thomas C. Alexander, in his capacity as President of the Senate, and Luke A. Rankin, in his capacity as Chairman of the Senate Judiciary Committee (collectively, "Senate Defendants"), by and through their counsel, and submit this Motion for Enlargement of Time ("Motion") under Rules 6(b) and 16(b)(4) of the Federal Rules of Civil Procedure and Rule 6.01 of the Local Civil Rules (D.S.C.). For good cause shown, the Court should grant the House and Senate Defendants' extension request. The House and Senate Defendants request an expedited ruling on the Motion.

## ARGUMENT

As stated in the Joint Motion for an Emergency Hearing Regarding Scheduling:

> Plaintiffs filed their original Complaint on October 12, 2021. ECF No. 1. On November 4, 2021, the House Defendants filed a Motion to Stay. ECF No. 51. On November 9, 2021, Plaintiffs a Motion for Preliminary Injunction. ECF No. 59. That same day, the Senate Defendants filed a Motion to Dismiss or, in the Alternative, to Stay the Case (ECF No. 57), and the Governor filed a Motion to Dismiss (ECF No. 61). On November 12, 2021, the Court entered an Order and Opinion granting in part the House Defendants' Motion to Stay, denying the Senate Defendants' Motion to Dismiss, and staying the case until January 18, 2022. *See* ECF No. 63. In its Order, the Court declined to rule on the Governor's Motion to Dismiss and "[a]ssum[ed] without deciding that Plaintiffs have standing to bring their claim," "conclud[ing] nonetheless that Plaintiffs' claims are not yet ripe and stay[ing] the proceedings to give the Legislature the opportunity to timely perform its redistricting duties." *Id*. at 9.

ECF No. 77 at 2-3. Over a month later, and while the stay was in effect, the Court issued a Text Order (ECF No. 69) setting a response deadline of December 17, 2021, for Plaintiffs' Motion for a Preliminary Injunction (ECF No. 59) and the Governor's Motion to Dismiss (ECF No. 61). Due to the enactment of legislation creating new House and Senate districts, Plaintiffs, with the consent

2

of all Parties, notified the Court of their intent to file an amended complaint on or before December 23, 2021. *See* ECF No. 73. Because the filing of an amended complaint would moot the pending motions, responses would be unnecessary. Consequently, the Court issued a Text Order acknowledging that Plaintiffs would file an Amended Complaint by December 23, 2021, and further ordered that "any new motions regarding the amended complaint shall be filed by December 28, 2021, and any subsequent responses shall be due by January 5, 2021." ECF No. 74.

As recognized in the Joint Motion regarding scheduling, the Parties all agree that the deadline for "any new motions regarding the amended complaint" now set by the Court presents an undue hardship on the Parties and their counsel. Indeed, none of the Parties anticipated that their consent to the Plaintiffs' request to file an amended complaint and push out the deadlines set out in the Court's earlier Text Order would result in the truncated schedule that is the subject of this Motion. The curtailed briefing deadlines straddle not only weekends, but also several important religious and civic holidays—when a significant number of the Parties and their counsel already have plans to travel to spend time with their families and loved ones. December 24 is a federal holiday—and December 24, 27, and 28 are all state holidays observed by Defendants and their employees and staff. The Court's current schedule, in essence, gives the Parties no business days (at least under the State's holiday calendar) to file motions regarding Plaintiffs' not-yet-filed Amended Complaint. *See* Fed. R. Civ. P. 6(a)(1), (6).

Based upon conversations with Plaintiffs' counsel, the House and Senate Defendants believe the Amended Complaint will include substantive challenges to one or more of the plans that the General Assembly recently enacted and Governor McMaster signed into law. In that event, the amended complaint would not merely re-plead Plaintiffs' currently pending claims but would in effect bring an entirely new lawsuit with brand-new claims. Respectfully, the Court's expedited

deadline to file initial motions—including those allowed under Rule 12 of the Federal Rules of Civil Procedure—directed at the not-yet-filed Amended Complaint will significantly prejudice Defendants by limiting their time to analyze the pleading and present arguments in response to the same. This risk of prejudice is particularly acute if the assistance of experts is needed to draft and file motions to dismiss—or if Plaintiffs file a motion for preliminary injunction directed at the new plans under the current briefing schedule: such a filing would leave Defendants with insufficient time to analyze the claims, develop any necessary expert testimony, and draft an appropriate response. To that end, even if the Parties and their counsel could rearrange or jettison holiday plans, they still cannot find and then force experts to work over the holidays. The issues raised in this litigation are far too significant to allow an unnecessarily expedited briefing schedule to prejudice the parties and diminish the quality of their advocacy. The current briefing schedule unnecessarily creates this risk.

Rather than this truncated schedule, the House and Senate Defendants propose at this stage that the briefing schedule for all pleadings responsive or related to the proposed Amended Complaint should remain consistent with those established by the Federal Rules of Civil Procedure and the Local Civil Rules of the District of South Carolina.[1] While the Court's Order is undoubtedly intended to manage the case in a manner that promotes its efficient adjudication,

---

[1] Responding to a substantive complaint in a redistricting case is time-intensive, detailed work involving counsel, clients, and experts. In fact, in the most recent redistricting litigation in South Carolina, multiple defendants moved for an enlargement of the 14-day time to respond to an amended complaint, and the Court—at the direction of a single district judge—granted their motions. *See Backus v. South Carolina*, No. 3:11-cv-03120-PMD-HFF-MBS, at ECF Nos. 16, 18, 24, 25, 28, 29. The Court reasoned that given "the considerable expansion of the factual and legal issues raised in the Amended Complaint as compared to the original Complaint…the requested extension [is] appropriate and in furtherance of the interests of justice." *Id.* at ECF No. 18.

conforming the deadlines to these rules would still result in any motions in response to the amended complaint being filed *before* the stay issued by this Court expires on January 18, 2022.

Furthermore, as this Court acknowledged in its text order setting the deadlines at issue, the Governor signed legislation creating only "new maps for the South Carolina House and Senate districts." ECF No. 74. Legislation establishing new Congressional districts is also forthcoming. Thus, it is conceivable that a second amended complaint is possible, which would moot any motions filed in connection with the proposed amended complaint Plaintiffs intend to file this week. Rushing the briefing on the proposed amended complaint therefore may not, in fact, promote efficiency at all because the Parties' attention might be diverted to a second amended complaint and responses thereto in the very near future.

Given that time is of the essence, the House and Senate Defendants request that the Court consider and rule on this Motion as quickly as possible—and both respectfully submit that this can more easily accomplished through an Order granting the relief sought herein than requiring the Court to grant the earlier filed Motion for an Expedited Hearing and then schedule a hearing (telephonically, electronically, or otherwise) during this busy holiday week when many members of the Clerk's Office are undoubtedly on leave. Although this Motion may be decided by the recently appointed three-judge panel, the United States District Judge to whom this case was originally assigned may also rule on the Motion on her own in the interests of judicial economy. *See* 28 U.S.C. § 2284(b)(3) ("A single judge may conduct all proceedings except the trial, and enter all order permitted by the rules of civil procedure except as provided in this subsection."); *see, e.g.*, *Benisek v. Lamone*, 241 F. Supp. 3d 566, 572 (D. Md. 2017) (while there was a three-judge panel, a single judge presided over discovery matters and all "other preliminary matters," including scheduling).

For the foregoing reasons, the Court should grant the Motion and extend until "14 days after service of the amended [complaint]," Fed. R. Civ. P. 15(a)(3), the deadline to file "any new motions regarding the amended complaint," ECF No. 74. Thus, if Plaintiffs file an amended complaint on December 23, the resulting deadline for such motions would be January 6, 2022.

## CONCLUSION

The Court should grant this Motion expeditiously because permitting the responsive pleading deadlines established by the Federal Rules of Civil Procedure would (1) prevent unfairly prejudicing the parties' presentation of the case, (2) still set deadlines in advance of the expiration of this Court's ordered stay of the case promoting its efficient adjudication, (3) take into consideration that Plaintiffs may amend their complaint a second time, and (4) promote more fulsome and zealous advocacy by counsel in this important case. Counsel informs the Court that counsel for all Parties (Plaintiffs and Defendants) have been consulted, and all Parties consent to the relief requested by this Motion.

*(signature page to follow)*

s/Andrew A. Mathias
William W. Wilkins (4662)
Andrew A. Mathias (10166)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900 (29601)
Post Office Box 10648
Greenville, SC  29603-0648
Telephone: 864.370.2211
wwilkins@nexsenpruet.com
amathias@nexsenpruet.com


Mark C. Moore (4956)
Jennifer J. Hollingsworth (11704)
Hamilton B. Barber (13306)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC 29202
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
HBarber@nexsenpruet.com

*Attorneys for James H. Lucas, Chris Murphy and Wallace H. Jordan*

7

s/Robert E. Tyson, Jr.
Robert E. Tyson, Jr. (7815
Vordman Carlisle Traywick, III (10166)
La'Jessica Stringfellow (13006)
ROBINSON GRAY STEP & LAFFITTE, LLC
1310 Gadsden Street
Post Office Box 11449 (29211)
Columbia, South Carolina 29201
Telephone: 803.929.1400
rtyson@robinsongray.com
ltraywick@robinsongray.com
lstringfellow@robinsongray.com

John M. Gore (admitted *pro hac vice*)
Stephen J. Kenny (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
Telephone:  202.879.3939
Facsimile:  202.626.1700
jmgore@jonesday.com
skenny@jonesday.com

*Attorneys for Senate Defendants Thomas C. Alexander and Luke A. Rankin*