UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| The South Carolina State Conference | ) | |
| Of the NAACP, | ) | |
| | ) | Civil Action No.: 3:21-cv-03302-JMC |
| and | ) | |
| | ) | |
| Taiwan Scott, on behalf of himself and all | ) | |
| Other similarly situated persons, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | **ANSWER TO** |
| Henry D. McMaster, in his official capacity | ) | **FIRST AMENDED COMPLAINT** |
| As Governor of South Carolina; | ) | |
| Harvey Peeler, in his official capacity as | ) | |
| President of the Senate; | ) | |
| Luke A. Rankin, in his official capacity as | ) | |
| Chairman of the Senate Judiciary; | ) | |
| James H. Lucas, in his official capacity as | ) | |
| Speaker of the House of Representatives, | ) | |
| Chris Murphy, in his official capacity as | ) | |
| Chair of the House of Representatives | ) | |
| Judicial Committee; | ) | |
| Wallace H. Jordan, in his official capacity | ) | |
| as Chair of the House of Representatives | ) | |
| Elections Law Subcommittee; | ) | |
| Howard Knapp, in his official capacity as | ) | |
| Interim Executive Director of the South | ) | |
| Carolina State Election Commission; | ) | |
| John Wells, JoAnne Day, Clifford J. | ) | |
| Edler, Linda McCall and Scott Moseley, | ) | |
| In their official capacity as member of the | ) | |
| South Carolina State Election Commission, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants, Howard Knapp, in his official capacity as interim Executive Director of the

South Carolina State Election Commission ("Election Commission"), and John Wells, JoAnne

Day, Clifford Edler, Linda McCall, and Scott Moseley, in their official capacities as members of

the Election Commission, (herein collectively referred to as "Election Defendants") hereby answer the First Amended Complaint by denying each and every allegation not hereinafter specifically admitted or otherwise qualified and demanding strict proof thereof, and further respond as follows:

**FOR A FIRST DEFENSE**
**INTRODUCTION**

1.      Paragraphs 1 and 2 (including the footnote contained in Paragraph 2) do not contain allegations against any Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the nature of the original action brought by Plaintiffs, the House and Congressional districts as they presently exist, the South Carolina General Assembly's duties with regard to redistricting, and purported violations of the U.S. Constitution. Election Defendants crave reference to the relevant text of the U.S. Constitution, the district lines themselves, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 1 and 2 contain allegations against any Election Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 1 and 2 contain allegations about any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

2.      Paragraph 3 does not contain allegations against these Election Defendants requiring a response, but generalized statements, editorial comments, and opinions about the South Carolina redistricting process over an expansive period of time and the involvement of the U.S. Department of Justice and the courts in this process, and legal conclusions about this process violating the Voting Rights Act of 1965 ("VRA") historically. Election Defendants crave reference to the district lines themselves, the VRA, and the responsibilities and duties of the General

Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraph 3 contains allegations against any Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 3 contains allegations about any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

3.     Paragraphs 4 through 6 do not contain allegations against these Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about House Bill 4493 ("H. 4493"), the purported motivations of the legislators who enacted it, and alleges that the redistricting plan set forth in H. 4493 violates the VRA. Defendants crave reference to H. 4493 and the VRA themselves, denying any inconsistent allegations or characterizations. To the extent Paragraphs 4, 5, and 6 contain allegations against any Election Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 4, 5, and 6 contain allegations about any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

4.     Paragraph 7 does not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the transparency of the redistricting process. Election Defendants crave reference to publicly available information on the redistricting process, set forth at https://redistricting.schouse.gov and https://redistricting.scsenate.gov, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent

Paragraph 7 is construed to make allegations against any of the Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 7 contains allegations about another defendant or any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations and deny the same.

5.    Paragraphs 8 through 10 do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the manner in which House district lines were drawn, the purported motivations of legislators in drawing these lines, and legal conclusions that the newly drawn districts' (as reflected in H. 4493) fail to comply with the VRA and the U.S. Constitution. Election Defendants crave reference to H. 4493 itself, the VRA, the U.S. Constitution, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 8 through 10 are construed to make allegations against any of the Election Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 8 through 10 contain allegations about another defendant or any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations and deny the same.

6.    Paragraphs 11 through 13 do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the speed in which Congressional district lines have been drawn, purported harms deriving therefrom, alleging violations of the U.S. Constitution and requesting injunctive relief. Election Defendants crave reference to the U.S. Constitution, publicly available information on the redistricting process, set forth at https://redistricting.schouse.gov and

https://redistricting.scsenate.gov, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 11 through 13 are construed to make allegations against any of the Election Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 11 through 13 contain allegations about another defendant or any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations and deny the same.

**<u>PARTIES</u>**

7.      Paragraphs 14 through 21 (including all subparts of Paragraph 20) do not contain allegations against Election Defendants requiring a response, but general information about the membership, history, and activities of the Plaintiff South Carolina Conference of the NAACP's ("SC NAACP"), and legal conclusions that the House and Congressional lines violate the U.S. Constitution and asserting Plaintiff SC NAACP's purported harms resulting therefrom. Election Defendants crave reference to the U.S. Constitution and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. Election Defendants lack information sufficient to form a belief as to the truth about the factual assertions about the entity, and therefore deny same. To the extent a further response is required, Election Defendants deny the allegations in Paragraphs 14 through 21. To the extent Paragraphs 14 through 21 contain allegations about another defendant or any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations and deny the same.

8.      Paragraph 22 does not contain allegations against Election Defendants requiring a response, but a description of the background of the Plaintiff Taiwan Scott. Election Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and deny same.

9.      Paragraphs 23 through 28 do not contain allegations against Election Defendants requiring a response, but legal conclusions about whether various other defendants to this action sued in their official capacities are proper defendants in this action.  In response to these paragraphs, Election Defendants admit that  Henry D. McMaster is the Governor of South Carolina, Thomas C. Alexander is the President of the South Carolina Senate, Luke A. Rankin is the Chairman of the Senate Judiciary Committee, James H. Lucas is Speaker of the South Carolina House of Representatives, Chris Murphy is Chairman of the Judiciary Committee of the House of Representatives, Wallace H. Jordan is Chairman of the Elections Laws Subcommittee of the House of Representatives, crave reference to all these state officials' enumerated State constitutional and statutory duties, and deny any allegations inconsistent with the above. To the extent a further response is required, the allegations are denied.

10.      Paragraph 29 is admitted to the extent that it alleges Howard Knapp is the interim Executive Director of the Election Commission and is required to carry out the Executive Director's duties as set forth by S.C. Code Ann. § 7-13-45. Election Defendants crave reference to the requirements of Section 7-13-45 and all other provisions of Title 7 of the South Carolina Code, denying any inconsistent allegations. To the extent a further response is required, the allegations are denied.

11.      Paragraph 30 is admitted to the extent that John Wells, JoAnne Day, Clifford J. Edler, Linda McCall, and Scott Moseley are members of the Election Commission and are charged

with the powers and duties set forth in Title 7 of the South Carolina Code. Election Defendants crave reference to their powers and duties thereunder, and deny any inconsistent allegations. To the extent a further response is required, the allegations are denied.

## JURISDICTION AND VENUE

12.    Paragraph 31 states a legal conclusion which does not require a response. Election Defendants crave reference to the First, Fourteenth, and Fifteenth Amendments to the Constitution of the United States.

13.    Paragraph 32 states a legal conclusion which does not require a response. Election Defendants crave reference to 28 U.S.C. §§ 1331, 1343(3) and (4), 2201, 2202, and 2284, as well as 42 U.S.C. §§ 1981, 1983 and 1988. Subject to and notwithstanding this, Election Defendants do not contest the subject matter jurisdiction of this Court.

14.    Paragraph 33 states a legal conclusion which does not require a response. Election Defendants crave reference to 28 U.S.C. § 2284(a). Subject to and notwithstanding this, Election Defendants admit that a three judge panel has been appointed.

15.    Paragraph 34 states a legal conclusion which does not require a response. Defendants crave reference to 28 U.S.C. § 1391(b) and § 2284. Subject to and notwithstanding this, Election Defendants admit that venue is proper.

16.    Paragraph 35 states a legal conclusion which does not require a response. Subject to and notwithstanding this, Election Defendants admit that the Court has personal jurisdiction over the defendants in their official capacities.

## STATEMENT OF FACTS

17.     The allegation contained in the first sentence of Paragraph 36 is admitted.  The second sentence of Paragraph 36 requires no response.

18.     Paragraphs 37 through 44 (including the footnotes contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about complex, non-justiciable issues and historical events, with citations to numerous federal court decisions. Election Defendants crave reference to the VRA, all federal court decisions referenced therein, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations.  To the extent Paragraphs 37 through 44 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 37 through 44 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

19.     To the extent the unnumbered subheadings between Paragraph 44 and Paragraph 45 is deemed to require a response, these Election Defendants deny the allegations.

20.     Paragraphs 45 through 55 (including the footnotes contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, legal conclusions, and opinions about guidelines issued by the S.C. House Redistricting Ad Hoc Committee. Election Defendants crave reference to the Committee's guidelines themselves, other public information on the House redistricting process set forth at https://redistricting.schouse.gov, the cited federal court decision, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding

reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 45 through 55 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 45 through 55 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

21.     To the extent the unnumbered subheading between Paragraph 55 and Paragraph 56 is deemed to require a response, these Election Defendants deny the allegations.

22.     Paragraphs 56 through 66 (including the footnotes contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, legal conclusions, and opinions about the S.C. Senate Congressional Redistricting Process, correspondence with Plaintiff SC NAACP, and obligations under the U.S. Constitution and the VRA. Election Defendants crave reference to the public information on the Senate redistricting process set forth at https://redistricting.scsenate.gov, the U.S. Constitution, the VRA, the cited federal court decisions, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 56 through 66 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 56 through 66 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

23.     To the extent the unnumbered subheading between Paragraph 66 and Paragraph 67 is deemed to require a response, these Election Defendants deny the allegations.

24.     Paragraphs 67 through 93 (including the footnotes contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, legal conclusions, and opinions about the S.C. House Legislative Process for Redistricting and obligations under the U.S. Constitution and the VRA. Election Defendants crave reference to the public information on the House redistricting process set forth at https://redistricting.schouse.gov, the U.S. Constitution, the VRA, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 67 through 93 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 67 through 93 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

25.     Upon information and belief, the allegations in Paragraphs 94 and 95 are admitted

26.     To the extent the unnumbered subheading between Paragraph 95 and Paragraph 96 is deemed to require a response, these Election Defendants deny the allegations.

27.     Election Defendants admit the first sentence of Paragraph 96 alleging that the General Assembly has not enacted a Congressional redistricting plan.  The remaining allegations in Paragraph 96 do not contain allegations against Election Defendants requiring a response, but generalized statements, legal conclusions, and opinions concerning activities of the House in enacting Congressional maps. Election Defendants crave reference to the public information on the House redistricting process set forth at https://redistricting.schouse.gov, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent

allegations or characterizations. To the extent Paragraph 96 is construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraph 96 is construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

28.    The allegations of Paragraph 97 are admitted.

29.    Paragraph 98 through 104 do not contain allegations against Election Defendants requiring a response, but generalized statements, legal conclusions, and opinions about the purported slow process for adopting a Congressional reapportionment plan and the alleged consequences thereof. Election Defendants crave reference to the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 98 through 104 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 98 through 104 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

30.    To the extent the unnumbered subheading between Paragraph 104 and Paragraph 105 is deemed to require a response, these Election Defendants deny the allegations.

31.    Paragraphs 105 through 111 do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about 2020 United States Census data and the enacted House redistricting plan. Election Defendants crave reference to the Census data, the House redistricting plan, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina

and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 105 through 111 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 105 through 111 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

32.    To the extent the unnumbered subheading between Paragraph 111 and Paragraph 112 is deemed to require a response, these Election Defendants deny the allegations.

33.    Paragraphs 112 through 123 (including the footnote contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about 2020 United States Census data for Anderson County, the enacted House redistricting plan, including composition by race of reapportioned House Districts 7, 8, 9 and 11, the results of previous elections in Anderson County, and the Districts' compliance with the VRA. Election Defendants crave reference to the Census data, the Districts as reflected in House redistricting plan, the actual voting data from previous elections, the VRA, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. With respect to the Figures in Paragraphs 114 and 117, Election Defendants lack knowledge sufficient to confirm their accuracy, and therefore deny same. To the extent Paragraphs 112 through 123 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 112 through 123 are construed to make allegations against any other defendant, person,

or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

34.    To the extent the unnumbered subheading between Paragraph 123 and Paragraph 124 is deemed to require a response, these Election Defendants deny the allegations.

35.    Paragraphs 124 through 128 (including the footnote contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the enacted House redistricting plan, including the composition by race of reapportioned House Districts 41 and 43 in Chester County, and the Districts' compliance with the VRA. Election Defendants crave reference to the Census data, the Districts as reflected in House redistricting plan, the VRA, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. With respect to the Figure in Paragraph 127, Election Defendants lack knowledge sufficient to confirm its accuracy, and therefore deny same. To the extent Paragraphs 124 through 128 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 124 through 128 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

36.    To the extent the unnumbered subheading between Paragraph 128 and Paragraph 129 is deemed to require a response, these Election Defendants deny the allegations.

37.    Paragraphs 129 through 133 (including the footnote contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the enacted House redistricting plan,

including the composition by race of reapportioned House Districts 51 and 67 in Sumter County, and the Districts' compliance with the VRA. Election Defendants crave reference to the Census data, the Districts as reflected in House redistricting plan, the VRA, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. With respect to the Figure in Paragraph 131, Election Defendants lack knowledge sufficient to confirm its accuracy, and therefore deny same. To the extent Paragraphs 129 through 133 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 129 through 133 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

38.    To the extent the unnumbered subheading between Paragraph 133 and Paragraph 134 is deemed to require a response, these Election Defendants deny the allegations.

39.    Paragraphs 134 through 140 (including the footnotes contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the enacted House redistricting plan, including the composition by race of reapportioned House Districts 54, 55, 57, and 105 in Dillon County and Horry County, the results of previous elections in Horry County, and the Districts' compliance with the VRA. Election Defendants crave reference to the Census data, the Districts as reflected in House redistricting plan, the actual voting data from previous elections, the VRA, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. With respect to the Figures in Paragraphs 136 and

139, Election Defendants lack knowledge sufficient to confirm their accuracy, and therefore deny same. To the extent Paragraphs 134 through 140 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 134 through 140 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

40.    To the extent the unnumbered subheading between Paragraph 140 and Paragraph 141 is deemed to require a response, these Election Defendants deny the allegations.

41.    Paragraphs 141 through 147 (including the footnotes contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the enacted House redistricting plan, including the composition by race of reapportioned House Districts 59, 60, 63, and 101 in Florence County and Williamsburg County, and the Districts' compliance with the VRA. Election Defendants crave reference to the Census data, the Districts as reflected in House redistricting plan, the VRA, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. With respect to the Figures in Paragraph 143 and 146, Election Defendants lack knowledge sufficient to confirm their accuracy, and therefore deny same. To the extent Paragraphs 141 through 147 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 141 through 147 are construed to make allegations against any other defendant, person, or entity Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

42.     To the extent the unnumbered subheading between Paragraph 147 and Paragraph 181 is deemed to require a response, these Election Defendants deny the allegations.

43.     Paragraphs 148 through 154 (including the footnotes contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the enacted House redistricting plan, including the composition by race of reapportioned House Districts 70, 72, 73, 74, 75, 76, 77, 78, and 79 in Richland County, and the Districts' compliance with the VRA. Election Defendants crave reference to the Census data, the Districts as reflected in House redistricting plan, the VRA, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. With respect to the Figures in Paragraph 149, 151, 152, and 153, Election Defendants lack knowledge sufficient to confirm their accuracy, and therefore deny same. To the extent Paragraphs 148 through 154 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 148 through 154 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

44.     To the extent the unnumbered subheading between Paragraph 154 and Paragraph 155 is deemed to require a response, these Election Defendants deny the allegations.

45.     Paragraphs 155 through 159 (including the footnote contained in Paragraph 159) do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the enacted House redistricting plan, including the composition by race of reapportioned House Districts 90, 91, 93,

and 95 in Orangeburg County, and the Districts' compliance with the VRA. Election Defendants crave reference to the Census data, the Districts as reflected in House redistricting plan, the VRA, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. With respect to the Figure in Paragraph 157, Election Defendants lack knowledge sufficient to confirm their accuracy, and therefore deny same. To the extent Paragraphs 155 through 159 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 155 through 159 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied

## CAUSES OF ACTION

### COUNT ONE

**(Racial Gerrymandering in Violation of the Fourteenth Amendment)**

46.     Responding to Paragraph 160, Election Defendants reallege and incorporate herein all prior responses to the paragraphs of the First Amended Complaint.

47.     Responding to Paragraphs 161 and 162, Election Defendants crave reference to the Fourteenth Amendment to the U.S. Constitution, denying any inconsistent allegations or characterizations.

48.     Paragraphs 163 through 167 do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about Plaintiffs' claims that House Districts 7, 8, 9, 11, 41, 43, 51, 54, 55, 57, 59, 60, 63, 67, 70, 72, 73, 74, 75, 76, 77, 78, 78, 90, 92, 93, 101, 105 in H. 4493 (collectively "Challenged Districts") violate the Fourteenth Amendment to the U.S. Constitution and the VRA. Election

Defendants crave reference to the Fourteenth Amendment to the U.S. Constitution, the VRA, and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 163 through 167 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 163 through 167 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

## COUNT TWO

**(Intentional Discrimination in Violation of Fourteenth and Fifteenth
Amendments of the U. S. Constitution)**

49.     Responding to Paragraph 168, Election Defendants reallege and incorporate herein all prior responses to the paragraphs of the First Amended Complaint.

50.     Responding to Paragraph 169, Election Defendants crave reference to the Fourteenth and Fifteenth Amendments to the U.S. Constitution, denying any inconsistent allegations or characterizations.

51.     Paragraphs 170 through 173 do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about Plaintiffs' claims the Challenged Districts violate the Fourteenth and Fifteenth Amendments.  Election Defendants crave reference to the Fourteenth and Fifteenth Amendments to the U.S. Constitution and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 170 through 173 are construed to make allegations against Election Defendants

requiring a response, the allegations are denied. To the extent Paragraphs 170 through 173 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

## COUNT THREE

### (Violation of the First and Fourteenth Amendment)

52.     Election Defendants reallege and incorporate herein all prior responses to the paragraphs of the First Amended Complaint.

53.     Responding to Paragraph 174, Election Defendants crave reference to the First and Fourteenth Amendments to the U.S. Constitution, and the Fourth Circuit decision cited therein, denying any inconsistent allegations or characterizations.

54.     Paragraphs 175 through 178 do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about Plaintiffs' claims that the General Assembly's inaction in setting "district"[1] boundaries violates the First and Fourteenth Amendments of the U.S. Constitution. Election Defendants crave reference the Fourteenth and Fifteenth Amendments to the U.S. Constitution and the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 175 through 178 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 175 through 178 are construed to make allegations against any

---

[1] Election Defendants have assumed that Plaintiffs are reference the Congressional districts although the allegations are vague and less than clear as to whether the "district" reference is to the Challenged districts or the Congressional districts.

other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

## RELIEF REQUESTED

55.     The unnumbered Paragraph beginning with WHEREFORE does not require a response. To the extent a response is deemed to be required, Election Defendants deny that Plaintiffs are entitled to the relief listed in that Paragraph and its subparts and specifically deny that Plaintiffs are entitled to attorneys' fees, expenses, or costs from these Election Defendants.

## FOR A SECOND DEFENSE

56.      Plaintiffs' First Amended Complaint and each and every cause of action therein fails to state a claim on which relief may be granted.

## FOR A THIRD DEFENSE

57.     Plaintiffs' First Amended Complaint seeks relief which Election Defendants lack legal power or authority to effectuate.

## FOR A FOURTH DEFENSE

58.     Plaintiffs' First Amended Complaint presents non-justiciable, political questions.

## FOR A FIFTH DEFENSE

59.     Plaintiffs' First Amended Complaint alleges no acts by any of the Election Defendants whatsoever.

## FOR A SIXTH DEFENSE

60.     One or more of the Plaintiffs lack standing to bring this action.

## FOR A SEVENTH DEFENSE

61.    For reasons set forth in the Fourth and Sixth Defenses, the First Amended Complaint fails to state a claim constituting a case or controversy within the meaning of U.S. Const., Article III.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Howard Knapp, in his official capacity as interim Executive Director of the South Carolina State Election Commission, and John Wells, JoAnne Day, Clifford Edler, Linda McCall, and Scott Moseley, in their official capacities as members of the South Carolina State Election Commission, respectfully demand that judgment be entered in their favor and that Plaintiffs' First Amended Complaint be dismissed in its entirety with prejudice, together with such other and further relief as the Court finds to be just and proper.

s/ Michael R. Burchstead

M. Elizabeth Crum (Fed. Bar #372)
Jane Trinkley (Fed. Bar #4143)
Michael R. Burchstead (Fed. Bar #102967)
**BURR & FORMAN LLP**
Post Office Box 11390
Columbia, SC  29211
Telephone:  (803) 799-9800
Facsimile:  (803) 753-3278
*Attorneys for Election Commission Defendants*

January 6, 2022
Columbia, SC