# EXHIBIT B
**(Plaintiffs' First Set of Interrogatories to Defendants)**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>      Plaintiffs,<br><br>  vs.<br><br>HENRY D. MCMASTER, in his official capacity as Governor of South Carolina; THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, AND SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>      Defendants. | Case No. 3-21-cv-03302-JMC-TJH-RMG<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS**<br><br>**THREE-JUDGE PANEL** |

## **PLAINTIFFS FIRST SET OF INTERROGATORIES TO DEFENDANTS**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure ("Rule"), Plaintiffs by and through their undersigned counsel, serve the First Set of Interrogatories to Henry D. McMaster, in his official capacity as Governor of South Carolina; Thomas C. Alexander, in his official capacity as President of the Senate; Luke A. Rankin, in his official capacity as Chairman of the

Senate Judiciary Committee; James H. Lucas, in his official capacity as Speaker of the House of Representatives; Chris Murphy, in his official capacity as Chairman of the House of Representatives Judiciary Committee; Wallace H. Jordan, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; Howard Knapp, in his official capacity as interim Executive Director of the South Carolina State Election Commission; and John Wells (Chair), Joanne Day, Clifford J Edler, Linda McCall, and Scott Moseley, in their official capacities as members of the South Carolina Election Commission (collectively, "Defendants") (collectively, "Defendants") and hereby request that Defendants answer by electronic mail or other electronic means on a mutually agreed upon date. Though this is a joint request, each Defendant should separately conduct an independent investigation and provide their own individual responses.

## DEFINITIONS

As used herein, the following terms have the following meanings:

1. "ALL," "ANY," and "EACH" shall each be construed as encompassing any and all.

2. "AND" and "OR" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

3. "CHALLENGED DISTRICTS" mean South Carolina House of Representative Districts 7, 8, 9, 11, 41, 43, 51, 54, 55, 57, 59, 60, 63, 67, 70, 72, 73, 74, 75, 76, 77, 78, 79, 90, 91, 93, 101, 105.

4. "CRACKED" means to split Black communities into different districts to prevent them from exercising greater political power.

5. "COMMUNICATIONS" means the transmittal of information of any kind by and/or through any means, including, but not limited to, emails, email attachments, calendar invitations, PowerPoint presentations, written reports, letters, and the like.

6. "DEFENDANTS," "YOU," or "YOUR" refers to Defendants and include any of Defendants' agents, advisors, employees, representatives, officers, consultants, contractors, or any person or entity acting or purporting to act on Defendants' behalf or subject to Defendants' control.

7. "DESCRIBE" means to provide all knowledge or information about the subject and to set forth fully and unambiguously every fact that relates to the answer called for by the Interrogatory of which you have knowledge and to identify each individual or entity with knowledge or informationthat relates to your answer, and when used in reference to a factual or legal contention, to describe the full factual and legal basis for the contention, and to identify any and all persons that you believe have knowledge about each such fact or document.

8. "DISTRICTS BORDERING THE CHALLENGED DISTRICTS" mean South Carolina House of Representative Districts that border in whole or in part the Challenged Districts.

9. "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and the same in scope as the term "document" as used in Rule 34 and the phrase "writings and recordings" as defined by Rule 1001 of the Federal Rules of Evidence, and includes without limitation any kind of written, typewritten, printed, graphic, or recorded material whatsoever, including without limitation notes, text messages, emails, electronic mail, public or private posts on Facebook, Instagram, or other social media platforms, public or private electronic messages sent via messaging applications or platforms including but not limited to Facebook Messenger, Signal, Slack, Parler or other such platforms, memoranda, letters, reports,

3

studies, electronic mail messages, telegrams, publications, contracts, manuals, business plans, proposals, licenses, drawings, designs, data sheets, diaries, logs, specifications, brochures, product or service descriptions, periodicals, schematics, blueprints, recordings, summaries, pamphlets, books, prospectuses, interoffice and intra office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meeting minutes, databases, electronic files, software, transcriptions of recordings, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, hotel charges, receipts, freight bills, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records. This shall include all non-identical copies, no matter how prepared; all drafts prepared in connection with such documents, whether used or not; and any deleted or erased documents that may be retrieved from hard drives, floppy disks, electronic back-up files, or any other back-up systems, regardless of location, together with all attachments thereto or enclosures therewith, in your possession, custody or control or any of your attorneys, employees, agents, or representatives.

a. Document shall include "ELECTRONICALLY STORED INFORMATION." Electronically Stored Information means electronically stored data on magnetic or optical storage media (including but not limited to hard drives, backup tapes, Jaz and zip drives, floppy disks, CD-ROMs and DVD-ROMs) as an "active" file or files (readily readable by one or more computer applications or forensics software), any electronic files saved as a backup, any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data), and slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and/or RAM slack]

    or residual data left on the hard drive after new data has overwritten some but not all of previously stored data), text messages and emails located on any mainframe, server, desktop, or portable device, including cell phones.

10.  "DRAFT" means any written or oral action by natural person or any legal entity that contributed to the creation of any document or communication.

11.  "H. 4493" refers to House Bill 4493 as ratified by the South Carolina legislature on December 9, 2021, and signed by the Governor of South Carolina on December 10, 2021, and refers to the bill as a whole and/or to any provision thereof.

12.  "IDENTIFY" (a) when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, present occupation or business affiliation, and present or last known place of employment, and job title or role; (b) when used in reference to a person other than a natural person, means that person's full name, a description of the nature of the person, and the person's last known address, telephone number, and principal place of business; and (c) when used in reference to a document, requires you either (1) to state (i) the date of the document; (ii) title; (iii) author(s), addressee(s), and recipient(s); (iv) present location and custodian of the document; Bates numbers (if any); (vi) type of document (e.g., letter, memorandum, or chart); and (vii) general subject matter, (2) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the respective Interrogatory

13.  "MAP ROOM" refers the virtual and physical room and the process that Representative Jordan identified in public hearings, including during an October 4, 2021 hearing by the South Carolina House of Representative House Judiciary Redistricting Ad Hoc Committee.

14. "PACKED" means to place Black voters into the same district in greater numbers than necessary to elect candidates of choice to prevent them from exercising greater political power in surrounding districts.

15. "PERSON" means any natural person or any legal entity, including, but not limited to, any business or governmental entity or association.

16. "POLITICALLY COHESIVE" means that a significant proportion of the minority group supports the same candidate.

17. "PREDECESSOR MAPS" means the previous South Carolina House of Representatives redistricting maps in whole or in part that were considered, created, developed, and/or proposed by Defendants.

18. "RACIALLY POLARIZED" means that there is a consistent relationship between the race of the voter and the way in which the voter votes. It means that "black voters and white voters vote differently." *Thornburg v. Gingles*, 478 U.S. 30, 53, n.21 (1986).

19. "TRADITIONAL REDISTRICTING PRINCIPLES" means the definition as defined in https://redistricting.schouse.gov/docs/2021%20Redistricting%20Guidelines.pdf.

## INSTRUCTIONS

1. Each Interrogatory shall be construed according to its most inclusive meaning so that if information or a document is responsive to any reasonable interpretation of the Interrogatory, the information or document is responsive.

2. Per the Parties' agreement regarding discovery, You must submit objections to these Interrogatories within five business days and substantive responses within ten days.

3. If You object to any part of an Interrogatory and refuse to answer that part, identify that portion to which You object and answer the remaining portion of the Interrogatory.

4. If You object to the scope or time period of an Interrogatory and refuse to answer for

that scope or time period, please state Your objection and answer the request for the scope or time period You believe is appropriate.

5. If You object to any Interrogatory as vague or unclear, assume a reasonable meaning, state what the assumed meaning is, and respond to the Interrogatory according to the assumed meaning.

6. If You object to any Interrogatory as overbroad, provide a response that narrows the Interrogatory in a way that eliminates the purported over-breadth, state the extent to which your response has narrowed the Interrogatory, and respond to the narrowed Interrogatory.

7. If You withhold the answer to any part of any Interrogatory on the claim of privilege, state the specific factual and legal basis for doing so and answer any part of the Interrogatory that is not alleged to be objectionable. Such information should be supplied in sufficient detail to permit the Plaintiffs to assess the applicability of the privilege claimed.

8. These Interrogatories are continuing in nature, and You shall revise or supplement Your responses whenever you obtain different or additional relevant knowledge, information, or belief, from the time of your initial response through to the end of trial.

9. If You are unable to respond to any of the Interrogatories fully and completely, after exercising due diligence to obtain the information necessary to provide a full and complete response, so state, and answer each such Interrogatory to the fullest extent possible, specifying the extent of Your knowledge and Your inability to answer the remainder, and setting forth whatever information or knowledge you may have concerning the unanswered portions thereof and efforts you made to obtain the requested information. If You have no information responsive to an Interrogatory, then

You shall so state.

10. The Interrogatories cover the period from January 1, 2021 to the present, unless otherwise indicated in the request itself. The document requests set forth below encompass all documents and information concerning this period, even though dated, prepared, generated, or received prior to this period.

11. Responsive documents should be produced in the manner prescribed by the Rules and in accordance with the ESI Protocols in the Parties' forthcoming joint Rule 26(f) Report.

12. If a responsive communication, document, or tangible thing has been prepared in copies that are not identical, or if additional copies have been made that are no longer identical, or if original identical copies are no longer identical byreason of subsequent notations on the front or back of pages thereto, each non-identical copy is a separate communication, document, or tangible thing and shall be produced.

13. Produce any password-protected documents with any applicable passwords.

## INTERROGATORIES

**INTERROGATORY NO. 1.**

Identify all persons in your office(s) involved in any evaluation, compilation, collection of data, estimate, report, study, or analysis concerning voting patterns, habits, behavior, demographic trends, or practices by race or ethnicity in South Carolina, created or dated from January 1, 2021 to the present.

**INTERROGATORY NO. 2.**

Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to refute or support any position that You have taken or intend to take in this action, and state the subject matter of the information possessed by

that person.

**INTERROGATORY NO. 3.**

Identify each of the Black candidates elected to serve in the South Carolina State House since January 1, 1980 to the present, including their names, positions, date of election, and the demographics of the district from which they were elected.

**INTERROGATORY NO. 4.**

Do you contend that white voters in the Challenged Districts do not vote sufficiently as a bloc to enable them usually (not incidentally) to defeat the Black-preferred candidates? If the answer is yes, explain the answer in detail and identify all elections, candidates, facts, witnesses, documents, and evidence that support the answer. If the answer is no, explain the answer and identify all of the elections, candidates, facts, witnesses, documents, and evidence that support the answer.

**INTERROGATORY NO. 5.**

Do You contend that the Black population in the Challenged Districts is not politically cohesive? If the answer is yes, explain the answer and identify all of the elections, candidates, facts, witnesses, documents, and evidence that support the answer. If the answer is no, explain the answer and identify all of the elections, candidates, facts, witnesses, documents, and evidence that support the answer.

**INTERROGATORY NO. 6.**

Do You contend that South Carolina does not have a significant governmental interest in eradicating the effects of past and ongoing racial discrimination against Black voters in South Carolina? If the answer is yes, please specifically explain and identify the evidence or legal basis, if any, upon which you rely to support your contention. If the answer is no, please specifically explain and identify the evidence or legal basis, if any, upon which you rely to support your contention.

9

**INTERROGATORY NO. 7.**

Do You contend that the Challenged Districts are not unlawfully packed or cracked? If the answer is no, please specifically explain and identify the evidence or legal basis, if any, upon which you rely to support your contention.

**INTERROGATORY NO. 8.**

Please provide the name and, if known, the address and telephone number of each individual involved and their role in considering, creating, developing, drafting, and proposing the maps adopted in H. 4493 and all Predecessor Maps.

**INTERROGATORY NO. 9.**

Please identify the name, title, and if known, address of each person who shared with You any South Carolina House of Representative amendment to maps adopted in H. 4493 or any Predecessor Maps.

**INTERROGATORY NO. 10.**

Describe the process through which You incorporated public comments received in written or through public or private hearings into the maps adopted by H. 4493 and Predecessor Maps.

**INTERROGATORY NO. 11.**

Describe the process that You used to consider, propose, and review draft maps adopted in H. 4493 and Predecessor Maps through the Map Room.

**INTERROGATORY NO. 12.**

Describe the process for how information and proposed maps and amendments to maps adopted in H. 4493 and Predecessor Maps were conveyed to You in the Map Room.

**INTERROGATORY NO. 13.**

Describe how the information You conveyed to individuals in the Map Room was stored.

**INTERROGATORY NO. 14.**

Describe the process through which You resolved any conflicts among requirements and guidelines for districts adopted in H. 4493 and Predecessor Maps.

**INTERROGATORY NO. 15.**

Describe the process through which You answered questions that were raised in writing, public hearings, or private meetings by members of the public or South Carolina General Assembly members for districts adopted in H. 4493 and Predecessor Maps.

**INTERROGATORY NO. 16.**

Identify and explain any instances where You deviated from published guidelines/criteria or traditional redistricting principles, including but not limited to any other guidelines/criteria Defendants considered.

**INTERROGATORY NO. 17.**

Identify any racially polarized voting analysis conducted by You and any persons who conducted it.

**INTERROGATORY NO. 18.**

Identify the name, title, and professional address of each person consulted by You in answering these Interrogatories, specifying on which Interrogatory or Interrogatories such person was consulted.

**INTERROGATORY NO. 19.**

Describe why You should succeed on the defenses asserted in your Answer(s) or Motion(s) to Dismiss.

Dated: January 7, 2021

Respectfully Submitted,

Leah C. Aden
Stuart Naifeh
Raymond Audain
John S. Cusick
NAACP Legal Defense &
Educational Fund, Inc.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Antonio L. Ingram II
NAACP Legal Defense &
Educational Fund, Inc.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Samantha Osaki
Adriel I. Cepeda-Derieux
Sophia Lin Lakin
American Civil Liberties Union
Foundation 125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
sosaki@aclu.org

John A. Freedman
Elisabeth S. Theodore
Gina M. Colarusso
John "Jay" B. Swanson
ARNOLD & PORTER KAYE
SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000

Jeffrey A. Fuisz
Paula Ramer
Jonathan I. Levine
Theresa M. House
ARNOLD & PORTER KAYE
SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000

/s/ Christopher J. Bryant
Christopher J. Bryant, Fed. ID 12538
Boroughs Bryant, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi
Patricia Yan
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org
pyan@aclu.org

Allen Chaney, Fed. ID 13181
American Civil Liberties Union
of South Carolina
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Janette M. Louard
Anthony P. Ashton
Anna Kathryn Barnes
NAACP OFFICE OF THE GENERAL
COUNSEL 4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

Sarah Gryll
ARNOLD & PORTER KAYE SCHOLER LLP
West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2021, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

/s/ *Christopher Bryant*
Christopher Bryant