# EXHIBIT C
# (January 6, 2022 Draft Joint Rule 26(f) Report)

DRAFT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>Taiwan Scott, on behalf of himself and all other similarly situated persons,<br><br>   Plaintiffs,<br><br>  v.<br><br>HENRY D. MCMASTER, in his official capacity as Governor of South Carolina; THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>   Defendants. | **Case No. 3-21-cv-03302-JMC-TJH-RMG**<br><br>**PARTIES' JOINT RULE 26(f) REPORT**<br>**THREE-JUDGE PANEL** |

1

DRAFT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.03, the following counsel conducted a Rule 26(f) meeting by telephone on December 30, 2021:

| | |
|---|---|
| Christopher J. Bryant<br>Somil B. Trivedi<br>John S. Cusick<br>John A. Freedman | Counsel for Plaintiffs |
| Thomas Limehouse<br>Grayson Lambert | Counsel for Defendant Henry McMaster |
| Mark C. Moore<br>Jennifer J. Hollingsworth<br>Andrew A. Mathias | Counsel for Defendants James Lucas, Chris Murphy, Wallace Jordan |
| Robert E. Tyson Jr.<br>John M. Gore | Counsel for Defendant Thomas Alexander |
| Jane Trinkley<br>M. Elizabeth Crum | Counsel for Defendants Howard Knapp, John Wells, Joanne Day, Clifford Edler. Linda McCall, and Scott Moseley |

The Parties hereby submit this joint report and proposed discovery plan concerning matters set forth in Federal Rule of Civil Procedure 26(f), all of which were addressed during the Parties' telephone conference.

## I. NATURE AND BASIS OF CLAIMS AND DEFENSE & LOCAL RULE 26.03 SHORT STATEMENT OF THE FACTS

### A. Plaintiffs

Plaintiffs South Carolina State Conference of the NAACP and Taiwan Scott (collectively, "Plaintiffs") challenge the constitutionality of South Carolina's recently enacted House Bill 4493 ("H. 4493"), which sets the district lines for the South Carolina House of Representatives following the 2020 decennial Census.

Plaintiffs are challenging 28 specific House Districts—Nos. 7, 8, 9, 11, 41, 43, 51, 54, 55, 57, 59, 60, 63, 67, 70, 72, 73, 74, 75, 76, 77, 78, 79, 90, 91, 93, 101, 105 (the "Challenged Districts")–as unconstitutional racial gerrymandering because they use race as a predominant factor in a manner not narrowly tailored to comply with Section 2 of the VRA or any other

DRAFT

compelling government interest. This claim is brought for violations of the Fourteenth Amendment under 42 U.S.C. § 1983 for injunctive and declaratory relief.

Plaintiffs also allege that the Challenged Districts are a product of intentional racial discrimination because the creation of Challenged Districts was motivated, at least in part, by a discriminatory purpose. This claim is brought for violations of the Fourteenth and Fifteenth Amendments under 42 U.S.C. § 1983 for injunctive and declaratory relief.

Finally, Plaintiffs challenge the Defendants prolonged delay and failure (to date) to adopt a plan governing U.S. Congressional districts. The continued delay in adopting a Congressional map infringes on Plaintiffs' First Amendment rights to association because it restricts their and their members' ability to assess candidate positions and qualifications, advocate for their preferred candidates, and associate with like-minded voters. This claim is brought for violations of the First and Fourteenth Amendments under 42 U.S.C. § 1983 for injunctive and declaratory relief.

## II. POSSIBILITIES FOR PROMPTLY SETTLING OR RESOLVING THE CASE

The Parties agree that complete settlement is unlikely at this time. The Parties also agree that mediation or other forms of alternative dispute resolution are not likely to be helpful.

## III. PROPOSED SCHEDULE

The Parties have agreed to the following proposed schedule (except where noted):

| Deadline or Event | Agreed Dates |
|---|---|
| Exchange of Initial Disclosures | January 7, 2022 |
| Plaintiffs' Expert Disclosures | January 7, 2022 |
| Defendants' Expert Disclosures | January 12, 2022 |
| Plaintiffs' Expert Reports Due | January 24, 2022 |
| Defendants' Expert Reports Due | February 1, 2022 |
| Rebuttal Expert Reports Due | February 7, 2022 |
| Fact and Expert Discovery Deadline | February 11, 2022 |

DRAFT

| Pre-trial Disclosures (joint pre-trial report, exhibit lists, witness lists, dispositive motions, motions in limine, stipulations) | February 18, 2022 [Plaintiffs' Preference – this date provides more time to prepare objections and oppositions to motions] February 21, 2022 [Defendants' Preference – this date provides more time to prepare dispositive motions and motions in limine] |
|---|---|
| Objections to Witness and Exhibit lists, oppositions to in limine motions | February 24, 2022 |
| Final Pre-Trial Conference | February 28, 2022 |
| Trial begins | February 28, 2022 |
| Proposed Findings of Fact and Conclusions of Law | 7 calendar days after conclusion of trial |

## IV. DISCOVERY PLAN

The Parties propose this discovery plan:

1. Initial Disclosures: The Parties agree that initial disclosures in accordance with Rule 26(a)(1) and Local Rule 26.03 should be made in this case. The Parties have agreed to exchange initial disclosures on January 7, 2022.

2. Subjects of Discovery: Plaintiffs anticipate that discovery will be needed on at least the following subjects: data considered and used in the redistricting process; the consideration and development of criteria used for drawing House maps; the process of drawing House maps, including any communications or directions provided to the mapmakers, draft maps developed or considered, data analyzed, and communications (including with external parties) about the redistricting process, draft maps, criteria, or South Carolina's history of redistricting since passage of the Voting Rights Act; the process of receiving and incorporating public input during the redistricting process; South Carolina's history of discrimination against Black people and other minority groups, including but not limited to the redistricting context; any analysis prepared or considered during development of the plan or the redistricting process, including but

4

DRAFT

not limited to any analysis of racially polarized voting, performance, compactness, jurisdiction or precinct splits, location of incumbents.

In addition to these subjects, Plaintiffs require discovery on the subjects listed in their First Sets of Requests for Production, First Set of Interrogatories, and subpoenas, as well as future discovery requests. Plaintiffs also anticipate depositions to further develop the factual record for trial. Some of the information sought via discovery may also be addressed via stipulations between the Parties.

[DEFENDANTS' STATEMENT OF SUBJECTS OF DISCOVERY]

3. Electronic Discovery:  The Parties expect that discovery will involve collection and production of electronically storied information ("ESI"): (1) Disclosure or production of electronically stored information will generally be limited to data reasonably available to the Parties in the ordinary course of business; (2) the Parties do not anticipate seeking data beyond what is reasonably available in the ordinary course of business; (3) the Parties agree to produce electronically stored information in accordance with the "Production of ESI Protocols" attached to this report as Exhibit A; (4) the Parties represent that they have taken reasonable measures to preserve potentially discoverable data from alteration or destruction; (5) the Parties will comply with Federal Rule of Civil Procedure 26(b)(5)(B) regarding the inadvertent production of privileged information; and (6) the Parties do not at this moment anticipate that any other problems will arise in connection with electronic or computer-based discovery.  The Parties have agreed to

4. Timing of Discovery:  The Parties agree that discovery in this matter should be conducted in an expedited manner, with a fact and expert discovery deadline of February 11,

DRAFT

2022. To facilitate expedited discovery in this matter, [the Parties agree/Plaintiffs propose] the following modifications to the standard Rules of Civil Procedure and Local Rules:

    a. Expedited Objection and Response Deadlines: Any objections to discovery shall be served within 5 business days of receipt of the discovery request. Substantive responses shall be provided within 10 days of receipt of the discovery request.

    b. Condensed and Expedited Briefing: Unless otherwise permitted or ordered by the Court, the Plaintiffs and House Defendants agree to limit motions concerning discovery in this matter (including, but not limited to, motions to compel or motions for protective orders) to 5 pages, excluding the caption and signature pages. Opposition briefs shall be of the same length and filed within 48 hours.

    c. Deadline to Serve Written Discovery: Consistent with the foregoing and Local Rule 16.02(D)(1), written discovery requests shall be served no later than January 27, 2022.

5. Forms of Discovery: The Parties anticipate all forms of written discovery and depositions may be appropriate as provided by the Federal Rules of Civil Procedure. Plaintiffs anticipate that certain materials produced will be in the form of electronic or computer-based media, including data, spreadsheets, databases of voter information, and electronically-stored documents and emails.

6. Limitations on Discovery: Except as noted below, the Parties at this time do not seek any restrictions on discovery beyond the limitations set forth in this agreement or the Federal Rules of Civil Procedure; however, the Parties agree to confer in good faith as needed regarding any proposed limitations on discovery.

    a. The Parties agree that each party will issue no more than twenty-five (25) interrogatories to each Defendant or to each Plaintiffs.

DRAFT

b. The Parties agree, to the extent practicable, that they will coordinate depositions among the Parties so that each deponent need only appear once.

c. [The Parties agree/the Plaintiffs propose] that each side (Plaintiffs collectively and Defendants collectively) take no more than 15 depositions, including Rule 30(b)(6) and expert witness depositions, unless expert disclosures or discovery reveal the necessity for additional depositions

## V.  OTHER LOCAL RULE 26.03 QUERIES

**1. Fact Witnesses**:  The Parties will identify the names of individuals likely to have discoverable information in the Rule 26(a)(1) initial disclosures and will disclose trial witnesses in accordance with the schedule proposed above.

**2. Expert Witnesses**: The Parties will provide Rule 26(a)(2) expert disclosures in accordance with the schedule proposed above.

**3. Claims and Defenses**:

Fourteenth Amendment -- racial gerrymandering in violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983. *See, e.g., Cooper v. Harris*, 137 S.Ct. 1455 (2017); *Bethune-Hill v. Va. State Bd. of Elections*, 137 S. Ct. 788, 797 (2017); *Shaw v. Reno*, 509 U.S. 630, 642-43 (1993).

Fourteenth Amendment -- intentional discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment and the Fifteenth Amendment and 42 U.S.C. § 1983. *See, e.g., Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977); *NC State Conference of the NAACP v. McCrory*, 831 F.3d 204 (4th Cir. 2016).

First Amendment -- infringement of right of association in violation of the First and Fourteenth Amendments and 42 U.S.C. § 1983. *See, e.g., Nat'l Ass'n for Advancement of Colored*

7

DRAFT

*People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 460 (1958); *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208, 216 (1986); *6th Cong. Dist. Republican Comm. v. Alcorn*, 913 F.3d 393, 401 (4th Cir. 2019).

4. **Scheduling**: Scheduling is addressed in the proposed schedule above.

5. **Other Special Circumstances**:

Various counsel have trial and other commitments prior to trial in this matter. All counsel who will participate in trial are available starting February 28, 2022.

The Parties agree that all proceedings, including but not limited to depositions and trial, will be conducted remotely if necessary to protect individuals from COVID-19; the Parties will work together and with the Court in this regard.

DRAFT

Dated: January __, 2022

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP Legal Defense & Educational Fund, Inc.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Antonio L. Ingram II*
NAACP Legal Defense & Educational Fund, Inc.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Samantha Osaki**
Adriel I. Cepeda-Derieux **
Sophia Lin Lakin *
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
sosaki@aclu.org

John A. Freedman*
Elisabeth S. Theodore*
Gina M. Colarusso*
John "Jay" B. Swanson*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000

Jeffrey A. Fuisz*
Paula Ramer*
Jonathan I. Levine*
Theresa M. House*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000

Respectfully submitted,

*/s/ Christopher J. Bryant*
Christopher J. Bryant, Fed. ID 12538
Boroughs Bryant, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org
pyan@aclu.org

Allen Chaney, Fed. ID 13181
American Civil Liberties Union
of South Carolina
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes*
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiffs*

* Motion for admission *Pro Hac Vice* forthcoming
** Admitted *Pro Hac Vice*

9

DRAFT

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300


s/Thomas A. Limehouse, Jr.
Thomas A. Limehouse, Jr. (Fed. Bar No. 12148)
*Chief Legal Counsel*
Wm. Grayson Lambert (Fed. Bar No. 11761)
*Senior Legal Counsel*
Michael G. Shedd (Fed. Bar No. 13314)
*Deputy Legal Counsel*
OFFICE OF THE GOVERNOR
South Carolina State House
1100 Gervais Street
Columbia, South Carolina 29201
(803) 734-2100
tlimehouse@governor.sc.gov
glambert@governor.sc.gov
mshedd@governor.sc.gov

Christopher E. Mills (Fed. Bar No. 13432)
SPERO LAW LLC
557 East Bay Street #22251
Charleston, South Carolina 29413
(843) 606-0640
cmills@spero.law

*Counsel for Governor McMaster*

*s/Jane Trinkley*
M. Elizabeth Crum (Fed. Bar #372)
Jane Trinkley (Fed. Bar #4143)
Michael R. Burchstead (Fed. Bar #102967)
**BURR & FORMAN LLP**
Post Office Box 11390
Columbia, SC  29211
Telephone:  (803) 799-9800
Facsimile:  (803) 753-3278

*Attorneys for Election Commission Defendants*

10

DRAFT

*s/ William W. Wilkins*
William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900 (29601) Post Office Box 10648
Greenville, SC 29603-0648
Telephone: 864.370.2211
bwilkins@nexsenpruet.com
amathias@nexsenpruet.com

Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Hamilton B. Barber (Fed. ID No. 13306)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201) Post Office Drawer 2426
Columbia, SC 29202
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
HBarber@nexsenpruet.com
*Attorneys for House Defendants*


*/s/Robert E. Tyson Jr.*
Robert E. Tyson, Jr. (7815)
Vordman Carlisle Traywick, III (12483)
La'Jessica Stringfellow (13006)
ROBINSON GRAY STEPP & LAFFITTE, LLC
1310 Gadsden Street
Post Office Box 11449 (29211)
Columbia, South Carolina 29201
(803) 929-1400
rtyson@robinsongray.com
ltraywick@robinsongray.com
lstringfellow@robinsongray.com

John M. Gore (admitted *pro hac vice*)
Stephen J. Kenny*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
skenny@jonesday.com

11

DRAFT

*Counsel for Senate Defendants*
\**Pro hac vice* application forthcoming

12

DRAFT

## Exhibit A: PRODUCTION OF ESI PROTOCOLS

### A. Format

The parties will produce ESI in a litigation database ready format including single page images, searchable text files, native files and Relativity database load files. Images should be bates numbered single-page, black and white, TIFF Group IV, 300 DPI TIFF images with the exception of spreadsheet type files, source code, audio, and video files, and other file types that cannot be rendered into a usable printed form, which shall be produced in native format. If an original document contains color and the color is necessary to review a document, it should also be produced in native format or as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image. TIFFs/JPGs will show any and all text and images which would be visible to the reader using the native software that created the document. Document level text file should be provided containing original extracted text or OCR text when original text is not available or when document contains redactions. Each document will be produced in its entirety, with attachments and enclosures. Documents not otherwise responsive will be produced if attached to a responsive document.

If a document is produced in native, a single page bates stamped image slip-sheet stating the document has been produced in native format will also be provided. Each native file should be named according to the Bates number it has been assigned, and should be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent that either party believes that specific documents or classes of documents, not already identified within this protocol, should be produced in native format, the parties agree to meet and confer in good faith.

DRAFT

### B. De-Duplication

Each party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level. Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates. Parties agree that an email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in the content in those fields, even if all remaining content in the email is identical. Removal of near-duplicate documents and email thread suppression is not acceptable. De-duplication will be done across the entire collection (global de-duplication) and the Custodian field will list each Custodian, separated by a semi-colon, who was a source of that document. Should the custodian metadata field produced become outdated due to rolling productions, an overlay file providing all the custodians for the affected documents will be produced prior to substantial completion of the document production.

### C. Metadata

All ESI will be produced with a delimited, database load file that contains the metadata fields listed in Table 1, attached hereto. The metadata produced should have the correct encoding to enable preservation of the documents' original language.

### D. Compressed Files Types

Compressed file types (*i.e.*, .ZIP, .RAR, .CAB, .7Z) should be decompressed so that the lowest level document or file is extracted.

### E. Structured Data

To the extent a response to discovery requires production of electronic information stored in a database, the parties will discuss methods of production best providing all relevant information, including but not limited to duplication of databases or limited access for the purpose of generating reports. Parties will consider whether all relevant information may be provided by

14

DRAFT

querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file. A document reference sheet shall be provided to describe the purpose of the database and meaning of all tables and column headers produced.

**F. Encryption**

To maximize the security of information in transit, any media on which documents are produced may be encrypted. In such cases, the producing party shall transmit the encryption key or password to the receiving party, under separate cover, contemporaneously with sending the encrypted media.

PRIVILEGED AND CONFIDENTIAL
ATTORNEY WORK PRODUCT

Table 1 -- Metadata Fields

| Field Name | Example/Format | Field Description |
| --- | --- | --- |
| ProdBegBates | ABC0000001 (Unique ID) | The Document ID associated with the first page of a document. |
| ProdEndBates | ABC0000003 (Unique ID) | The Document ID associated with the last page of a document. |
| ProdBegAttach | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID associated with the first page of the parent document. |
| ProdEndAttach | ABC0000008 (Unique ID Parent-Child Relationships) | The Document ID associated with the last page of the last attachment. |
| Production_Volume | PROD001 | Production volume name. |
| Document Category | Email, Edoc, Attach | The record type of a document. |
| Custodian | Smith, Joe | Custodian of document. |
| All Custodians | Smith, Joe; Brown, Jane | All of the custodians of a document from which the document originated, separated by semicolons |
| Sort Date | MM/DD/YYYY HH:MM | The date taken from the Email Sent Date, Email Received Date, or Last Modified Date (in order of precedence), repeated for a parent document and all children items to allow for date sorting. |
| Sent Date/Time | MM/DD/YYYY HH:MM | The date on which an email message was sent. |
| Received Date/Time | MM/DD/YYYY HH:MM | The date and time at which an email message was received. |
| Created Date/Time | MM/DD/YYYY HH:MM | The date and time at which a file was created. |
| Last Modified Date/Time | MM/DD/YYYY HH:MM | The date and time at which changes to a file were last saved. |
| Meeting Start Date/Time | MM/DD/YYYY HH:MM | The date and time at which a meeting item in Outlook or Lotus Notes started. |
| Meeting End Date/Time | MM/DD/YYYY HH:MM | The date and time at which a meeting item in Outlook or Lotus Notes ended. |
| Logical Path | i.e. /JsmithPC/Users/Jsmith/Desktop i.e. /JSmith.pst/Inbox | Data's original source full folder path |
| Author | jsmith | The name of the original composer of document or the sender of an email message. |
| Last Saved By | jsmith | The internal value indicating the last user to save a file. |

| | | |
|---|---|---|
| Email From | Joe Smith <jsmith@email.com> | The name (when available) and email address of the sender of an email message. |
| Email To | Joe Smith <jsmith@email.com>; tjones@email.com | The name(s) (when available) and email address(es) of the recipient(s) of an email message. |
| Email Cc | Joe Smith <jsmith@email.com>; tjones@email.com | The name(s) (when available) and email address(es) of the Carbon Copy recipient(s) of an email message. |
| Email Bcc | Joe Smith <jsmith@email.com>; tjones@email.com | The name(s) (when available) and email address(es) of the Blind Carbon Copy recipient(s) of an email message. |
| Email Subject | | The subject of the email message. |
| Message Class | Message, Appointment, Contact, Task, etc. | An The type of item from an email client (e.g., email, contact, calendar, etc.). |
| Email Message ID | 0E5698D558B22879524F433@abc.email.net | The message number created by an email application and extracted from the email's metadata. |
| Importance | Normal, Low, High | The notation created for email messages indicating a higher level of importance than other email messages added by the email originator. |
| Delivery Receipt | | The yes/no indicator of whether a delivery receipt was requested for an email. |
| Attachment Count | Numeric | The number of files attached to a parent file. |
| Attachment List | | The attachment file names of all child items in a family group, delimited by semicolon. This is present only on parent items. |
| File Extension | | The three (or more) character extension of the file that represents the file type to the Windows Operating System (e.g., PDF, DOC, TXT, etc.). |
| File Name | Document Name.docx | The original name of the file. |
| File Type | Adobe Portable Document Format, MS Word 97, Outlook Message File | The description of the file type to the Windows Operating System. For example, Adobe Portable Document Format, Microsoft Word 97 – 2003 Document, or Microsoft Office Word Open XML Format. |

17

| File Size | Numeric | The decimal number indicating the size in bytes of a file. |
|---|---|---|
| MD5 Hash | | The identifier of an electronic record that can be used for deduplication and authentication generated using the MD5 hash algorithm. |
| Conversation Family | The relational field for conversation threads.  This is a 44-character string of numbers and letters that is created in the initial email. | The relational field for conversation threads.  This is a 44-character string of numbers and letters that is created in the initial email. |
| Production Has Redactions | | The yes/no indicator of whether a documents contains a redaction. |
| Production Slip Sheet | | Indicates presence of an image slips sheet and the slip sheet type. |
| Production Branding | | Confidentiality brand. |
| File Path | .\NATIVES\ABC000001.doc | Path to a native copy of a document. |
| Text Precedence | .\TEXT\ABC000001.txt | Path to the full extracted text of the document. |