# EXHIBIT G
## (House Defendants' Rule 26(a)(1) Initial Disclosures)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, <br><br> and <br><br> TAIWAN SCOTT, on behalf of himself and all other similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> HENRY D. MCMASTER, in his official capacity as Governor of South Carolina; THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission, <br><br> Defendants. | Civil Action No. 3:21-cv-03302-JMC-TJH-RMG <br><br> **THREE-JUDGE PANEL** <br><br> **INITIAL RULE 26(a)(1) DISCLOSURES OF HOUSE DEFENDANTS JAMES H. LUCAS, CHRIS MURPHY, AND WALLACE H. JORDAN** |

Defendants James H. Lucas (in his official capacity as Speaker of the South Carolina House of Representatives), Chris Murphy (in his official capacity as Chairman of the South Carolina House of Representatives Judiciary Committee), and Wallace H. Jordan (in his official capacity as

Chairman of the South Carolina House of Representatives Redistricting Ad Hoc Committee) (collectively, the "**House Defendants**"), by and through undersigned counsel make the following disclosures pursuant to Fed. R. Civ. P. 26(a)(1). These disclosures are made based on the information presently available to the House Defendants and are subject to modification or supplementation as more information becomes available.

The responses set forth below are made without waiving: (1) the right to object to the use of any responses for any purpose, in this action or any other actions, on the grounds of privilege, relevance, or any other appropriate grounds; (2) the right to object to any other request involving or relative to the subject matter of the responses herein; and (3) the right to revise, correct, supplement, or clarify any of the responses below, at any time. The House Defendants specifically reserve the right to supplement these responses herein, in accordance with the Federal Rules of Civil Procedure, and has reached an agreement to that effect with Plaintiffs' Counsel.

**Fed. R. Civ. P. 26(a)(1)(A)(i)**: The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

RESPONSE: The House Defendants hereby disclose this list of persons believed likely to have discoverable information that the House Defendants may use to support their claims or defenses (unless solely for impeachment) based on House Defendants' knowledge to date:

1. **James H. Lucas, Speaker of the South Carolina House of Representatives ("House")**, contact information for all House Members available at https://www.scstatehouse.gov/member.php?chamber=H. Subject to the legislative, attorney-client, and work-product privileges Members may have information regarding the Plans adopted by the South Carolina General Assembly, or any other plans considered by the General Assembly.

2. **Chris Murphy, Chairman of the South Carolina House of Representatives Judiciary Committee ("Judiciary Committee")**, contact information for all House Members available at https://www.scstatehouse.gov/member.php?chamber=H.

2

Subject to the legislative, attorney-client, and work-product privileges Members may have information regarding the Plans adopted by the South Carolina General Assembly, or any other plans considered by the General Assembly.

3. **Wallace H. Jordan, Chairman of the House of Representatives Redistricting Ad Hoc Committee ("Ad Hoc Committee")**, contact information for all House Members available at https://www.scstatehouse.gov/member.php?chamber=H. Subject to the legislative, attorney-client, and work-product privileges Members may have information regarding the Plans adopted by the South Carolina General Assembly, or any other plans considered by the General Assembly.

4. **Justin T. Bamberg, Member of the Ad Hoc Committee**, contact information for all House Members available at https://www.scstatehouse.gov/member.php?chamber=H. Subject to the legislative, attorney-client, and work-product privileges Members may have information regarding the Plans adopted by the South Carolina General Assembly, or any other plans considered by the General Assembly.

5. **Beth E. Bernstein, Member of the Ad Hoc Committee**, contact information for all House Members available at https://www.scstatehouse.gov/member.php?chamber=H. Subject to the legislative, attorney-client, and work-product privileges Members may have information regarding the Plans adopted by the South Carolina General Assembly, or any other plans considered by the General Assembly.

6. **Neal A. Collins, Member of the Ad Hoc Committee**, contact information for all House Members available at https://www.scstatehouse.gov/member.php?chamber=H. Subject to the legislative, attorney-client, and work-product privileges Members may have information regarding the Plans adopted by the South Carolina General Assembly, or any other plans considered by the General Assembly.

7. **Jason Elliot, Member of the Ad Hoc Committee**, contact information for all House Members available at https://www.scstatehouse.gov/member.php?chamber=H. Subject to the legislative, attorney-client, and work-product privileges Members may have information regarding the Plans adopted by the South Carolina General Assembly, or any other plans considered by the General Assembly.

8. **Patricia Moore "Pat" Henegan, Member of the Ad Hoc Committee**, contact information for all House Members available at https://www.scstatehouse.gov/member.php?chamber=H. Subject to the legislative, attorney-client, and work-product privileges Members may have information regarding the Plans adopted by the South Carolina General Assembly, or any other plans considered by the General Assembly.

9. **Wm. Weston J. Newton, Member of the Ad Hoc Committee**, contact information for all House Members available at https://www.scstatehouse.gov/member.php?chamber=H. Subject to the legislative, attorney-client, and work-product privileges Members may have information

regarding the Plans adopted by the South Carolina General Assembly, or any other plans considered by the General Assembly.

10. **Members of the South Carolina General Assembly**, names and contact information for all House Members available at https://www.scstatehouse.gov/member.php?chamber=H. Subject to the legislative, attorney-client, and work-product privileges Members may have information regarding the Plans adopted by the South Carolina General Assembly, or any other plans considered by the General Assembly.

11. **Any party or any witness called by a party.** House Defendants reserve the right to use information provided by any opposing party or witness called by an opposing party. House Defendants also reserve the right to use information provided by any another defendant or witness called by another defendant.

**Fed R. Civ. P. 26(a)(1)(A)(ii): A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

RESPONSE: Subject to an appropriate protective order, the House Defendants identify the following documents reasonably believed to be in their possession, custody, or control relevant to disputed facts alleged in the pleading that may be used to support their claims or defenses:

1. House Defendants may use any and all material accessible through the South Carolina House of Representatives Redistricting 2021 website, https://redistricting.schouse.gov/, as well as archived versions of this website from prior redistricting cycles, to support their defenses. These materials include but are not limited to:

    a. 2021 Guidelines and Criteria for Congressional and Legislative Redistricting, adopted August 3, 2021.

    b. Ad Hoc Committee Draft Plan for House Districts.

    c. H. 4493 as passed by the Ad Hoc Committee on November 16, 2021.

    d. H. 4493 as passed by the Judiciary Committee on November 16, 2021.

    e. Act No. 117 as passed by the Full House of Representatives and signed into law by Governor McMaster.

    f. Public submissions relevant to the House Redistricting process.

4

    g. Oral testimony received from the public at Ad Hoc Committee meetings, available in video recordings and transcripts.

    h. Written testimony received from the public through redistricting@schouse.gov.

    i. Written testimony received by mail or in person at Ad Hoc Committee meetings.

    j. Ad Hoc Committee meetings, Judiciary Committee meetings, and full House sessions pertaining to H. 4493.

2. House Defendants may use any and all statistical data and reports posted on the House Redistricting website (or archived versions of that website) as well as data made available by the United State Census Bureau and the South Carolina Election Commission.

3. Maps of existing and previous South Carolina House Districts.

4. House Defendants may use parts of the public record in *Backus v. South Carolina*, 857 F. Supp. 2d 553, 557 (D.S.C.), *aff'd*, 568 U.S. 801 (2012), *Colleton County v. McConnell,* 201 F. Supp. 2d 618 (D.S.C. 2002), and other prior litigation.

5. House Defendants may use any plans, databases, reports, calculations, analyses, or other materials generated from the data sets listed above.

6. Publically available statements, news articles, press releases, social media, websites and similar media regarding the redistricting process and the House Districts.

House Defendants' investigation into the allegations of the Amended Complaint is ongoing. Accordingly, House Defendants reserve the right to supplement this response as necessary during the course of discovery and further proceedings in this case. In the event their investigation reveals additional documents in support of their claims or defenses, they will timely produce these documents to Plaintiffs in accordance with the applicable rules and discovery deadlines in this action. House Defendants further reserve the right to identify any other documents identified in Plaintiffs' initial disclosure statement or produced by Plaintiffs during discovery.

5

**Fed R. Civ. P. 26(a)(1)(A)(iii):** A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:

RESPONSE: Not applicable.

**Fed R. Civ. P. 26(a)(1)(A)(iv):** For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

RESPONSE: Not applicable.

1.      **Statement Regarding Electronic Discovery and Production of Documents**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) and 26(b)(2)(B), the House Defendants state that documents may exist in a variety of locations and formats and are maintained consistent with the data retention policies of the South Carolina House of Representative and South Carolina Legislative Services Agency. The House Defendants have no reasonable means of searching across all available documents, many of which are not reasonably accessible such that collection and searching of them would entail undue burden and cost. Furthermore, it would be unduly burdensome to try to search for information in the documents from the digital custodial data of each of the individuals who might have discoverable evidence related to the Plaintiffs' allegations, particularly given the unknown likelihood of finding potentially relevant data, the likelihood of searching through largely duplicative data, and the associated costs of processing and reviewing such a large amount of data. The House Defendants will take reasonable steps to respond to Plaintiffs' discovery requests by searching reasonably accessible custodial data of persons most likely to have relevant information in the time periods when they are most likely to have relevant information.

**2.     Supplementation**

These initial disclosures of the House Defendants are made without prejudice to the right to change or supplement the responses, the right to assert privileges or objections with respect to any requests for discovery, and the right to introduce at trial additional evidence and documents as warranted by the development of the facts underlying this lawsuit.

*s/ William W. Wilkins*
William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900 (29601)
Post Office Box 10648
Greenville, SC 29603-0648
Telephone: 864.370.2211
bwilkins@nexsenpruet.com
amathias@nexsenpruet.com

Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Hamilton B. Barber (Fed. ID No. 13306)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC 29202
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
HBarber@nexsenpruet.com

*Attorneys for James H. Lucas, Chris Murphy, and Wallace H. Jordan*

January 10, 2022
Greenville, South Carolina

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing **Initial Rule 26(a)(1) Disclosures** were served via email on counsel of record on January 10, 2022.

*s/ Hamilton B. Barber*
Hamilton B. Barber

8