# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>      Plaintiffs,<br><br>      v.<br><br>HENRY D. MCMASTER, in his official capacity as Governor of South Carolina; THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>      Defendants. | Case No. 3-21-cv-03302-JMC-TJH-RMG<br><br>**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT HENRY D. MCMASTER'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS** |

Pursuant to Rules 26 and 33 of the Federal Rule of Civil Procedure, the South Carolina State Conference of the NAACP ("SC NAACP") and Taiwan Scott (collectively, "Plaintiffs") hereby object and respond to Defendant Henry D. McMaster's First Set of Interrogatories (the "Interrogatories").

## PRELIMINARY STATEMENT

In accordance with Paragraph IV.4 of Plaintiffs' Proposed Joint Rule 26(f) Report, an in accordance with Plaintiffs' objections served on January 14, 2022, Plaintiffs state below their objections and responses ("Objections and Responses") to the Interrogatories.

Collectively, Plaintiffs' Objections and Responses are based on information reasonably available to Plaintiffs at this time. Plaintiffs reserve the right to amend and/or supplement their Objections and Responses based on new information obtained in discovery or otherwise in the course of this action.

Information contained in any response pursuant to these Interrogatories is not an admission or acknowledgement by Plaintiffs that such information is relevant to any claim or defense in this action; is without prejudice to Plaintiffs' right to contend at any trial or in any other proceeding, in this action or otherwise, that such information is inadmissible, irrelevant, immaterial, or not the proper basis for discovery; and is without prejudice to or waiver of any objection to any future use of such information.

Specific objections to each separate Interrogatory are made below. Additionally, Plaintiffs make certain continuing objections to the Interrogatories, also listed below ("Continuing Objections"). These Continuing Objections, including with respect to the definitions and instructions, are incorporated by reference into all of the responses made with respect to each separate Interrogatory. Plaintiffs' response to each individual Interrogatory is

submitted without prejudice to, and without in any respect waiving, any Continuing Objections not expressly set forth in that response. Accordingly, the inclusion of any specific objection in any response below is neither intended as, nor shall in any way be deemed, a waiver of any Continuing Objection or of any other specific objection made herein or that may be asserted at a later date.

## **CONTINUING OBJECTIONS**

Plaintiffs incorporate each of the following Continuing Objections in its response to each Interrogatory. In addition to these Continuing Objections, Plaintiffs may also state specific objections to Interrogatories where appropriate, including objections that are not generally applicable to all the Interrogatories. By setting forth such specific objections, Plaintiffs do not intend to limit or restrict their Continuing Objections.

1.      Plaintiffs object to each Interrogatory to the extent it imposes on Plaintiffs any obligations that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any applicable order of the Court.

2.      Plaintiffs object to each Definition, Instruction, or Interrogatory to the extent it seeks production of documents or information subject to the attorney-client privilege, the work-product protection doctrine, or any other applicable privilege, rule, doctrine, or immunity, whether created by statute or common law. Each Interrogatory has been read to exclude discovery of such privileged information. Inadvertent production of any such information does not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information or document, nor does inadvertent production waive the right of Plaintiffs to object to the use of any such information in any proceeding.

3.      Plaintiffs object to each Interrogatory to the extent it seeks information that is not

relevant to any party's claims or defenses. *See* Rule 26(b)(1).

4. Plaintiffs object to each Interrogatory to the extent it is not proportional to the needs of the case, "considering the importance of the issues at stake in the action . . . the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Rule 26(b)(1).

5. Plaintiffs object to each Interrogatory to the extent it seeks discovery of electronically stored information that is not reasonably accessible due to undue burden or cost, in violation of Rule 26(b)(2)(B).

6. Plaintiffs object to each Interrogatory to the extent that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control.

7. Plaintiffs object to each Interrogatory to the extent it seeks a legal conclusion or requires Plaintiffs to formulate a legal conclusion to fully respond.

## CONTINUING OBJECTIONS TO DEFENDANT'S INSTRUCTIONS

1. Plaintiffs object to Instructions A, B, C, D, and E to the extent they impose on Plaintiffs any obligations that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any applicable Order of the Court or agreement between the parties.

2. Plaintiffs object to the definitions in Instructions F, G, H, and I to the extent they render each Interrogatory irrelevant, vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs interpret all words contained in the Interrogatories in accordance with their ordinary and customary meanings.

3. Plaintiffs object to Instruction J on the ground that it renders each Interrogatory

irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case, and to the extent it purports to require Plaintiffs to form a legal conclusion concerning whether a document or group of documents that once existed is "relevant" to each Interrogatory.

4. Plaintiffs object to Instruction L to the extent that it purports to impose upon Plaintiffs any obligations that are broader than or inconsistent with the Federal Rules or any Order of this Court. Plaintiffs will log privileged documents in accordance with their obligations under the Federal Rules or agreement between the parties.

## CONTINUING OBJECTIONS TO DEFENDANT'S DEFINITIONS

By submitting these Objections and Responses, Plaintiffs do not adopt Defendant's purported definition of words and phrases contained in the Instructions to Defendant's Interrogatories. Plaintiffs interpret all words contained in the Interrogatories in accordance with their ordinary and customary meanings.

1. Plaintiffs object to the definitions of "Plaintiff", "you", and "your" on the grounds that they purport to require Plaintiffs to produce information outside their knowledge, possession, custody, or control. Plaintiffs object to the definitions of "Plaintiff", "you", and "your" to the extent they purport to request information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. For purposes of these Objections and Responses, Plaintiffs respond only on behalf of the SC NAACP and Taiwan Scott.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

As it relates to Governor McMaster, Plaintiffs' Amended Complaint (ECF No. 84) alleges Governor McMaster signed H. 4493 into law (¶¶ 2, 23, 36, 95), is the Governor of South

Carolina (¶ 23), has the constitutional power to sign or veto legislation (¶ 23), and has the constitutional power to call the General Assembly into extra session (¶ 66). Identify any other facts related to Governor McMaster that you contend are relevant to this Lawsuit.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to identify any facts "related to Governor McMaster" that "are relevant to this Lawsuit." Plaintiffs object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Plaintiffs object to this Interrogatory on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Interrogatory seeks information that is in the possession, custody, or control of Defendant Henry D. McMaster.

Subject to and without waiving the foregoing objections, the Plaintiffs respond as follows:

1. On December 10, 2021, Governor McMaster signed into law H. 4493, an unconstitutional law that violated the Fourteenth and Fifteenth Amendments of the U.S. Constitution.

2. Under Article IV of the South Carolina Constitution, the Governor has the power and responsibility to "take care that the laws" of the State of South Carolina "be faithfully

executed." This responsibility includes the Governor's responsibilities regarding H. 4493, the 2021 House district plan, as well as 2011 Act No. 75, the 2011 Congressional district plan. For reasons described at length in the Amended Complaint (Doc. 84), both H. 4493 and 2011 Act No. 75 are unconstitutional.

3. When the South Carolina legislature announced the cancellation of its fall sessions, which would have included consideration and passage of the Congressional redistricting plan, the Governor failed to recall the legislature to enact redistricting plans.

4. To the extent that the South Carolina legislature fails to adopt a remedial map in response to a Court ruling, Governor McMaster would likely be involved in the compliance with and enforcement of any remedial map. *See, e.g.*, *Backus v. South Carolina*, 3:11-cv-03120-PMD-HFF-MBS (D.S.C.); *Colleton County Council v. McConnell*, 201 F. Supp. 2d 618 (D.S.C. 2002) .

5. To the extent the South Carolina legislature adopts a remedial map in response to a Court ruling that does not comply with U.S. Constitutional or federal legal requirements, Governor McMaster has the authority under the South Carolina Constitution to sign or veto that law.

Plaintiffs reserve the right to amend and/or supplement their response to this Interrogatory.

**INTERROGATORY NO. 2:**

Identify every responsibility that you contend South Carolina law, including but not limited to Title 7 of the South Carolina Code of Laws, imposes on Governor McMaster regarding the holding and conduct of elections for seats in the South Carolina General Assembly or United States Congress.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Interrogatory on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to identify "every responsibility" that South Carolina law, "including but not limited to Title 7 of the South Carolina Code of Laws, imposes on Governor McMaster regarding the holding and conduct of elections for seats in the South Carolina General Assembly or United States Congress." Plaintiffs object to this Interrogatory on the ground that it seeks information outside the scope of Federal Rules 26 and 33. Plaintiffs object to this Interrogatory on the ground that it purports to require Plaintiffs to form a legal conclusion to respond. Plaintiffs object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**INTERROGATORY NO. 3:**

Identify every responsibility that you contend federal law imposes on Governor McMaster regarding the holding and conduct of elections for seats in the South Carolina General Assembly or United States Congress.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to

identify "every responsibility" that "federal law imposes on Governor McMaster regarding the holding and conduct of elections for seats in the South Carolina General Assembly or United States Congress." Plaintiffs object to this Interrogatory on the ground that it seeks information outside the scope of Federal Rules 26 and 33. Plaintiffs object to this Interrogatory on the ground that it purports to require Plaintiffs to form a legal conclusion to respond. Plaintiffs object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**INTERROGATORY NO. 4:**

Identify the precise declaratory relief you seek against Governor McMaster specifically (even if you seek that relief against other Defendants as well).

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Interrogatory on the ground that it seeks information outside the scope of Federal Rules 26 and 33. Plaintiffs object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs direct Defendant to the Relief Requested in their Amended Complaint filed December 23, 2021 (Doc. 84). Answering further, Plaintiffs state that they seek a declaration that H. 4493, signed into law by Governor McMaster on December 10, 2021, is unconstitutional in violating the Fourteenth and Fifteenth Amendments of the U.S. Constitution as racial gerrymandered districts. Plaintiffs

further state that they seek a declaration that H. 4493, signed into law by Governor McMaster on December 10, 2021, is unconstitutional in violating the Fourteenth and Fifteenth Amendments of the U.S. Constitution as passed with discriminatory intent.  And Plaintiffs further state that they seek a declaration that neither Governor McMaster nor any other Defendant may enforce 2011 Act No. 75, the 2011 Congressional district plan, as unconstitutional in violating the First and Fourteenth Amendments of the U.S. Constitution.

Plaintiffs reserve the right to amend and/or supplement their response to this Interrogatory.

**INTERROGATORY NO. 5:**

Identify the precise injunctive relief you seek against Governor McMaster specifically (even if you seek that relief against other Defendants as well).

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Interrogatory on the ground that it seeks information outside the scope of Federal Rules 26 and 33.  Plaintiffs object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs direct Defendant to the Relief Requested in their Amended Complaint filed December 23, 2021 (Doc. 84). Answering further, Plaintiffs state that they seek an injunction prohibiting Governor McMaster and other Defendants from enforcing H. 4493, signed into law by Governor McMaster on December 10, 2021, because it is unconstitutional in violating the Fourteenth and Fifteenth

Amendments of the U.S. Constitution.  And Plaintiffs further state that they seek an injunction prohibiting Governor McMaster and the other Defendants from enforcing 2011 Act No. 75, the 2011 Congressional district plan, as unconstitutional in violating the First and Fourteenth Amendments of the U.S. Constitution.

      Plaintiffs reserve the right to amend and/or supplement their response to this Interrogatory.

Dated: January 24, 2022

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP Legal Defense & Educational Fund, Inc.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Antonio L. Ingram II*
NAACP Legal Defense & Educational Fund, Inc.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Samantha Osaki**
Adriel I. Cepeda-Derieux **
Sophia Lin Lakin *
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
sosaki@aclu.org

John A. Freedman*
Elisabeth S. Theodore*
Gina M. Colarusso*
John "Jay" B. Swanson*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000

Jeffrey A. Fuisz*
Paula Ramer*
Jonathan I. Levine*
Theresa M. House*

Respectfully submitted,

/s/ Christopher J. Bryant
Christopher J. Bryant, Fed. ID 12538
Boroughs Bryant, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org
pyan@aclu.org

Allen Chaney, Fed. ID 13181
American Civil Liberties Union
of South Carolina
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes*
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiffs*

* Motion for admission *Pro Hac Vice* forthcoming
** Admitted *Pro Hac Vice*

12

ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

/s/ *Christopher Bryant*
Christopher Bryant