**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

THE SOUTH CAROLINA STATE
CONFERENCE OF THE NAACP, and

Taiwan Scott, on behalf of himself and all
other similarly situated persons,

        Plaintiffs,

        v.

HENRY D. MCMASTER, in his official
capacity as Governor of South Carolina;
THOMAS C. ALEXANDER, in his official
capacity as President of the Senate; LUKE A.
RANKIN, in his official capacity as
Chairman of the Senate Judiciary Committee;
JAMES H. LUCAS, in his official capacity as
Speaker of the House of Representatives;
CHRIS MURPHY, in his official capacity as
Chairman of the House of Representatives
Judiciary Committee; WALLACE H.
JORDAN, in his official capacity as
Chairman of the House of Representatives
Elections Law Subcommittee; HOWARD
KNAPP, in his official capacity as interim
Executive Director of the South Carolina
State Election Commission; JOHN WELLS,
Chair, JOANNE DAY, CLIFFORD J.
EDLER, LINDA MCCALL, and SCOTT
MOSELEY, in their official capacities as
members of the South Carolina Election
Commission,

        Defendants.

**Case No. 3-21-cv-03302-JMC-TJH-RMG**

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs move for leave to file their Proposed Second Amended Complaint. A redlined version of the Proposed Second Amended Complaint is attached as Exhibit 1 for the Court's review. A clean copy is attached as Exhibit 2.

Rule 15 provides that with opposing parties' written consent or the court's leave, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs' Proposed Second Amended Complaint reflects the fact that the South Carolina Legislature has now enacted maps for the U.S. Congressional districts. Accordingly, the proposed complaint (1) addresses challenges to the newly enacted U.S. Congressional districts, (2) removes the First Amendment claim that was based on the Legislature's failure to enact U.S. Congressional districts, and (3) removes the Governor as a defendant, as his presence in the case is no longer necessary for potential injunctive relief.[1]

Allowing Plaintiffs to file the Amended Complaint would serve the interests of justice and promote judicial efficiency. In addition, there would be no substantial or undue prejudice, bad faith, undue delay, or futility.

---

[1] When Plaintiffs initiated this action, the Legislature had failed to pass any maps through its redistricting process. When Plaintiffs filed the First Amended Complaint, the Legislature had failed to pass U.S. Congressional maps. Both the Initial Complaint and First Amended Complaint articulated claims regarding this failure and contemplated injunctive relief including requiring the Legislature to enact maps in a timely manner. Given the Governor's power to call the Legislature into session to address certain issues, Plaintiffs named the Governor as a defendant to ensure that all parties that may be necessary for appropriate injunctive relief were present. Now that the Legislature is in session and maps have been enacted, Plaintiffs, as masters of their own complaint, no longer view him as a potentially necessary party and have amended the complaint accordingly.

Plaintiffs received written consent from counsel for the Senate Defendants, House Defendants, and Election Commission Defendants to amend their complaint. Governor McMaster is the *only* defendant to actively oppose the amendment of the complaint.

Governor McMaster's opposition to Plaintiffs' motion to amend is perplexing. As the Court will notice upon review of the Proposed Second Amended Complaint's caption, Governor McMaster is no longer a named defendant. Governor McMaster appears to oppose Plaintiffs' motion to amend for the sole purpose of receiving rulings on motions that the Second Amended Complaint would moot. (ECF Nos. 94, 115). To illustrate this point, the Governor filed one of those motions *nearly 24 hours after* reviewing a redlined version of Plaintiffs' Proposed Second Amended Complaint and *a full week after* being informed of Plaintiffs' intention to amend their complaint to remove the Governor as a defendant.

Governor McMaster's opposition to this motion is nothing short of obstructionist. By opposing the amendment, Governor McMaster needlessly delays the South Carolina State Conference of the NAACP's attempt to move forward with obtaining a judicial determination of whether the state's U.S. Congressional maps are racially gerrymandered and/or intentionally racially discriminatory in violation of the U.S. Constitution.

Despite the Governor's opposition, there is good cause to grant this motion and allow Plaintiffs to file the Proposed Second Amended Complaint. The Legislature enacted the now-challenged U.S. House map after Plaintiffs filed the First Amended Complaint in this case. Therefore, to promote judicial economy, create efficiencies in the resolution of claims regarding both the state House and U.S. House, and protect the rights of South Carolina voters, it only makes sense to permit Plaintiffs to amend the First Amended and add U.S. House-specific claims.

3

For the abovementioned reasons, Plaintiffs respectfully request that the Court grant leave for Plaintiffs to file the Proposed Second Amended Complaint and deny all of Governor McMaster's pending motions in this action (ECF Nos. 94, 115) as moot.


Dated: February 1, 2022

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP Legal Defense & Educational Fund, Inc.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org


Antonio L. Ingram II**
NAACP Legal Defense & Educational Fund, Inc.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org


Adriel I. Cepeda-Derieux **
Samantha Osaki**
Sophia Lin Lakin *
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
sosaki@aclu.org


John A. Freedman*
Elisabeth S. Theodore*
Gina M. Colarusso*
John "Jay" B. Swanson*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000

Jeffrey A. Fuisz*

Respectfully submitted,

/s/ Christopher J. Bryant
Christopher J. Bryant, Fed. ID 12538
Boroughs Bryant, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org
pyan@aclu.org

Allen Chaney, Fed. ID 13181
American Civil Liberties Union
of South Carolina
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes*
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

4

Paula Ramer*
Jonathan I. Levine*                               *Attorneys for Plaintiffs*
Theresa M. House*
ARNOLD & PORTER KAYE SCHOLER LLP    * Motion for admission *Pro Hac Vice*
250 West 55th Street                              forthcoming
New York, NY 10019                                ** Admitted *Pro Hac Vice*
Tel: (212) 836-8000

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300