# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, <br><br>and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>*Plaintiffs*,<br><br>v.<br><br>HENRY D. MCMASTER, in his official capacity as Governor of South Carolina; HARVEY PEELER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, JOANNE DAY, CLIFFORD J. ELDER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina State Election Commission,<br><br>*Defendants*. | Case No.: 3:21-cv-3302-JMC-TJH-RMG<br><br><br><br>**GOVERNOR MCMASTER'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE (SECOND) AMENDED COMPLAINT** |

Defendant Henry D. McMaster, in his official capacity as Governor of South Carolina ("Governor McMaster" or "Governor"), by and through the undersigned counsel, responds to Plaintiffs' Motion for Leave to File Amended Complaint (ECF No. 116). The Governor does not

oppose Plaintiffs being permitted to amend to add claims about the new congressional map. He does oppose Plaintiffs' attempt to dismiss him as a defendant and thereby avoid a ruling on the important issues the Governor has repeatedly raised. *See Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (a plaintiff may not amend under Rule 15 if the amendment will prejudice a defendant); *Ellett Bros. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001) (a plaintiff may not voluntarily dismiss a defendant under Rule 41 if the dismissal will prejudice a defendant).

After trumpeting their lawsuit against the lead defendant here, Governor McMaster,[1] and then seeking repeated extensions to avoid responding to his showings that he is an improper defendant and that they lack standing to pursue their claims against him, Plaintiffs now try to shield their meritless claims against the Governor from resolution by unilaterally seeking to dismiss him from their latest proposed amended complaint. It is much too late for that, especially since Plaintiffs continue to insist that Governor McMaster was a proper defendant given his "power to call the Legislature into session to address certain issues," ECF No. 116, at 2 n.1, and have not retracted their assertion that, should they prevail, the Governor may be involved in any eventual relief. Plaintiffs' transparent attempt to avoid an unfavorable decision on threshold jurisdictional issues and sideline their previously selected adversary should be denied for at least three reasons.

    **1.**    Plaintiffs have repeatedly taken the position that the Governor's involvement would be necessary to any eventual relief. Look no further than their interrogatory responses, which they have not amended or supplemented since the Governor signed S. 865, reapportioning the State's congressional districts. *See* ECF No. 115-1. In those responses, Plaintiffs' contentions about the

---

[1] *See Civil Rights Groups File Federal Lawsuit Over South Carolina Redistricting Failures*, NAACP Legal Defense Fund (Oct. 12, 2021), https://tinyurl.com/yckpsmxy.

Governor's involvement did not hinge on their First Amendment claim and his (unreviewable[2] but inapplicable[3]) authority to call the General Assembly into extra session. Instead, Plaintiffs insisted that the Governor was a proper defendant because if the General Assembly failed to enact a "remedial map in response to a Court ruling," then the Governor "would likely be involved in the compliance and enforcement of any remedial map." *Id.* at 7. (Plaintiffs were clearly envisioning some legislative action other than the congressional map that was enacted in S. 865, which did not follow any "Court ruling."). On the subject of "remedial map[s]," Plaintiffs also pointed to the Governor's "authority under the South Carolina Constitution to sign or veto" that legislation. *Id.* Additionally, the First Amended Complaint also repeatedly references the fact that the Governor signed H. 4493 into law, *see* ECF No. 84, at 1 (¶ 2), 9 (¶ 23), 11 (¶ 36), & 29 (¶ 95), and their interrogatory responses pointed to his duty to take care that the laws be faithfully executed, *see* Ex. 1, at 6–7. Thus, Plaintiffs' sudden insistence that the Governor is no longer a "potentially necessary party," ECF No. 116, at 2 n.1, because their implausible First Amendment claim has been rendered moot is belied by every other position they have taken in this litigation.

---

[2] *See McConnell v. Haley*, 393 S.C. 136, 138, 711 S.E.2d 886, 887 (2011) ("what constitutes an 'extraordinary occasion'" is not defined by the constitution, so deciding what is an "extraordinary occasion" "must be left to the discretion of the Governor," free from any judicial review); *cf. Wainwright v. Goode*, 464 U.S. 78, 84 (1983) ("the views of the state's highest court with respect to state law are binding on the federal courts").

[3] As in their original and amended Complaint, Plaintiffs again fail not only to address the discretionary nature of the Governor's authority to convene an extra session but also to engage with the General Assembly's *sine die* resolution or attempt to square its terms with their allegations. *See* H.R. Con. Res. 4285 (124th Gen. Assemb., 1st Reg. Sess. (S.C. 2021), https://tinyurl.com/468nk8yw; *see also Baddourah v. McMaster*, 433 S.C. 89, 103 n.4, 856 S.E.2d 561, 568 n.4 (2021) (discussing *McConnell*'s holding that "the term 'extraordinary occasion' must, of necessity, be left to the Governor's discretion since it was undefined in the constitution," while also noting that "the Governor cannot convene an 'extra' session when the General Assembly is already in session and has not adjourned *sine die*"); *Williams v. Morris*, 320 S.C. 196, 199 n.1, 464 S.E.2d 97, 99 n.1 (1995) ("[T]he Governor has no role in setting the time for *sine die* adjournment.").

The Governor has been expecting Plaintiffs to cite *S.C. State Conference of Branches of National Ass'n for Advancement of Colored People, Inc. v. Riley*, 533 F. Supp. 1178 (D.S.C. 1982) (three-judge panel), in support of their contention that the Governor must be a defendant here. For whatever reason, they haven't done so yet. In that redistricting litigation four decades ago, the district court refused to dismiss Governor Riley, writing, "Our order will also run against the Governor and Lieutenant Governor insofar as they *may* be involved in the execution of the election laws, including compliance with our direction." *Id.* at 1179 n.1 (emphasis added). The court's conclusion, in a single sentence and relegated to a footnote, did not include any analysis or citations to any legal authority as support for what the court acknowledged was a speculative scenario, even in a case where the General Assembly had "abandoned the attempt to reach agreement with the expectation that th[e] court would adopt a redistricting plan for the State." *Id.* at 1179. The deadlocked political process, speculation about a result, and lack of analysis make this 1982 decision inapposite. But it is there, and Plaintiffs presumably would offer a different take on it.

**2.** Judicial economy favors ruling on the Governor's Motion for Summary Judgment (ECF No. 115) rather than letting Plaintiffs avoid an adverse decision. First, as just discussed, Plaintiffs have repeatedly insisted that the Governor must be a defendant here for them to obtain relief. Their sudden mid-litigation shift puts the Governor in a precarious position. If Plaintiffs are permitted to drop the Governor, later prevail in any part, and obtain relief that may involve the Governor, the Governor will have no way to challenge that relief. In other words, short of a judicial declaration in an order granting leave to amend that the Governor was improperly sued in the first place, simply dismissing the Governor without prejudice, as Plaintiffs seek to do, risks great prejudice to the Governor.

Second, election season is almost upon us, and this case is on a condensed schedule. At least apart from the Governor's second Motion to Dismiss (ECF No. 94), Plaintiffs have insisted on an expedited schedule and requested truncated deadlines for parties to file and respond to motions. Leaving any issues about the Governor open jeopardizes any opportunity to resolve them in a timely manner.

Third, the issues in the Motion for Summary Judgment are primarily legal ones. There is no large record to wade through. These issues can therefore be briefed quickly by the parties. Plaintiffs have already had almost a month to be working on their response to the Governor's arguments since he filed his (second) Motion to Dismiss on January 6, raising the same issues as the Motion for Summary Judgment. With 24 (yes, a full two dozen) lawyers on their signature block, a few of them can handle this briefing while their other lawyers remain engaged in discovery. This will allow the Court to efficiently resolve these issues. Deciding the Governor's Motion for Summary Judgment therefore will not delay anything else in this case.

**3.** Plaintiffs complain about the timing of the Governor's Motion for Summary Judgment. But timing considerations here cut against Plaintiffs. For one, they are the ones who filed claims that were "not yet ripe," ECF No. 63, at 12, and repeatedly insisted that the case needed to move quickly. Yet Plaintiffs are the ones who have twice asked for extensions to respond to the Governor's Motion to Dismiss, *see* ECF Nos. 103, 111, and have had nearly twice the Court's standard 14 days for responses to motions to respond to the Motion to Dismiss. For another, the Governor filed his Motion for Summary Judgment less than 24 hours after receiving a copy of the proposed second amended complaint, which was the first time Plaintiffs definitively indicated they wanted to drop the Governor as a defendant.

Put another way, the Governor hasn't "obstruct[ed]" a thing in this case. ECF No. 116, at 3. To the contrary, he has consistently pushed for a ruling on the issues he has raised. Indeed, given his legislative immunity defense, the Governor's desire for a quick ruling on this "threshold legal principle" makes sense. *Whitener v. McWatters*, 112 F.3d 740, 742 (4th Cir. 1997); *see also Bogan v. Scott-Harris*, 523 U.S. 44, 54, 55 (1998) (recognizing that a Governor's signing or vetoing of a bill constitutes part of the legislative process and noting that legislative immunity "would be of little value" if it allowed one to "be subjected to the cost and inconvenience and distractions" of litigation); *Dombrowski v. Eastland*, 387 U.S. 82, 84–85 (1967) (emphasizing that "the purpose and office of the doctrine of legislative immunity" is to protect those engaged in legitimate legislative activity "not only from the consequences of litigation's results but also from the burden of defending themselves"). Plaintiffs, on the other hand, are the ones who have "needlessly delay[ed]" this Court's resolution of those issues as they, once again, seek to avoid responding to the Governor's arguments and having to answer for their inconsistent contentions. *Id.*

The Court should deny Plaintiffs' Motion to the extent it seeks to drop the Governor as a defendant without allowing the Court to rule on the issues the Governor has raised.

Respectfully submitted,

s/Wm. Grayson Lambert
Thomas A. Limehouse, Jr. (Fed. Bar No. 12148)
*Chief Legal Counsel*
Wm. Grayson Lambert (Fed. Bar No. 11761)
*Senior Legal Counsel*
Michael G. Shedd (Fed. Bar No. 13314)
*Deputy Legal Counsel*
OFFICE OF THE GOVERNOR
South Carolina State House
1100 Gervais Street
Columbia, South Carolina 29201
(803) 734-2100
tlimehouse@governor.sc.gov
glambert@governor.sc.gov
mshedd@governor.sc.gov

Christopher E. Mills (Fed. Bar No. 13432)
SPERO LAW LLC
557 East Bay Street #22251
Charleston, South Carolina 29413
(843) 606-0640
cmills@spero.law

*Counsel for Governor McMaster*

February 2, 2022
Columbia, South Carolina