# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

THE SOUTH CAROLINA STATE
CONFERENCE OF THE NAACP,

and

TAIWAN SCOTT, on behalf of himself and all
other similarly situated persons,

                   Plaintiffs,

      v.

HENRY D. MCMASTER, in his official
capacity as Governor of South Carolina;
THOMAS C. ALEXANDER, in his official
capacity as President of the Senate;
LUKE A. RANKIN, in his official capacity as
Chairman of the Senate Judiciary Committee;
JAMES H. LUCAS, in his official capacity as
Speaker of the House of Representatives;
CHRIS MURPHY, in his official capacity as
Chairman of the House of Representatives
Judiciary Committee; WALLACE H.
JORDAN, in his official capacity as Chairman
of the House of Representatives Elections Law
Subcommittee; HOWARD KNAPP, in his
official capacity as interim Executive Director
of the South Carolina State Election
Commission; JOHN WELLS, Chair,
JOANNE DAY, CLIFFORD J. ELDER,
LINDA MCCALL, and SCOTT MOSELEY,
in their official capacities as members of the
South Carolina State Election Commission,

                 Defendants.

Case No.  3:21-cv-03302-JMC-TJH-RMG

**HOUSE DEFENDANTS JAMES H.
LUCAS, CHRIS MURPHY AND
WALLACE H. JORDAN'S RESPONSE
TO PLAINTIFFS' FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Rule"), Defendants James H. Lucas (in his official capacity as Speaker of the South Carolina House of Representatives), Chris Murphy (in his official capacity as Chairman of the South Carolina House of Representatives Judiciary Committee), and Wallace H. Jordan (in his official as Chairman of the South Carolina House of Representatives Redistricting Ad Hoc Committee) (collectively, the "**House Defendants**"), subject to the General Objections set forth below, hereby submit the following responses to Plaintiffs' First Request for Production of Documents to Defendants ("**Requests**").

## <u>INTRODUCTION</u>

1.      By this response submitted hereto, House Defendants do not waive the legislative privilege or immunity, the attorney/client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Further, any inadvertent disclosure of such information, previously or in the future, shall not be deemed a waiver of the legislative privilege, the attorney/client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

2.      House Defendants base their responses upon (1) a reasonable search of facilities and files that could reasonably be expected to contain responsive documents, and (2) inquiries of House Defendants' staff and/or representatives who could reasonably be expected to possess responsive documents.

3.      House Defendants respond to these Requests with their current knowledge; however, the subject matter of these Requests is under continuing investigation. House Defendants expressly reserve the right to use or rely upon documents not produced in response to these Requests if they uncover such documents during the course of their ongoing investigation. House

Defendants reserve the right to supplement their responses to the extent any documents they uncover in the course of their investigation are responsive to these Requests.

4.    House Defendants have performed a diligent search and made reasonable inquiry to locate documents in their possession, custody, or control in an effort to fully respond to these Requests. Plaintiffs should not construe House Defendants' responses as a representation that House Defendants have examined each and every document in their possession in connection with this response.

## **GENERAL OBJECTIONS**

1.    House Defendants object to Plaintiffs' Requests to the extent that they seek information protected from disclosure by applicable privilege or protection, including without limitation, the legislative privilege or immunity, the attorney/client privilege, and/or the work-product doctrine.

2.    House Defendants object to Plaintiffs' Requests insofar as they seek information concerning matters unrelated to the subject matter of this lawsuit, on the grounds that they are overly broad, unduly burdensome, they purport to command House Defendants to produce documents in a manner not proportional to the needs of this case, and because they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.    House Defendants object to Plaintiffs' Requests as not proportional to the needs of this case insofar as they implicate documents and communications spanning over a more than 30-year period.

4.    House Defendants object to Plaintiffs' Requests to the extent that they seek information in a form inconsistent with the discovery process, including without limitation,

information that is already within Plaintiffs' possession, custody, or control and/or information that is publicly or equally available to Plaintiffs as it is to House Defendants.

5.      House Defendants object to Plaintiffs' Requests to the extent they purport to impose obligations on House Defendants that are greater than or inconsistent with House Defendants' discovery-related obligations as set forth in applicable procedural rules governing discovery in this action.

6.      House Defendants object to the definition of "predecessor maps" as overly broad and unduly burdensome to the extent such definition includes "any previous South Carolina House of Representatives redistricting map in whole or in part that were considered, created, developed, and/or proposed by Defendants." House Defendants further object to the definition to the extent it seeks disclosure of documents that are privileged and not subject to production.

7.      House Defendants object to the definition of "third parties" to the extent such definition is limitless and, as such, is overly broad, unduly burdensome, vague, ambiguous, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence in this action.

8.      House Defendants object to the definitions of "you," "your," or "defendants" to the extent such definitions include "agents, advisors, employees, representatives, officers, consultants, contractors, or any person or entity acting or purporting to act on Defendants' behalf or subject to Defendants' control" without regard to whether such individual acted within the scope of his or her relationship with House Defendants. Such definition is overly broad, unduly burdensome, vague, ambiguous, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence in this action.  For purposes of responding to these Requests,

House Defendants will assume such definition includes only individuals or entities acting in their non-privileged capacities as House Defendants' agents.

9.     House Defendants object to the definition of "document" or "documents" to the extent such definitions include "electronically stored information" and to the extent such definitions include any "deleted" but recoverable electronic files and "slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and/or RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data)" as overly broad, unduly burdensome, vague, ambiguous, and seeking irrelevant information not reasonably calculated to lead to the discovery of admissible evidence in this action, as well as to the extent the information is not reasonably accessible because of burden or expense or the burden or cost outweighs the importance of the information.

10.     House Defendants object to Plaintiffs' Requests insofar as they seek confidential information of House Defendants that is unrelated to the claims and defenses in this action and that, if disclosed, could irreparably harm House Defendants.

11.     House Defendants object to Plaintiffs' Requests to the extent they purport to require House Defendants to divulge, assemble, or produce information or documents that are outside the possession, custody, or control of House Defendants or that is publicly or equally available to Plaintiffs or in the possession, custody, or control of third parties, including other Defendants, and, are, thus, overly burdensome on House Defendants.

12.     These General Objections are applicable to each of the following responses and objections, and failure to repeat an objection in response to a specific Request shall not be deemed a waiver of the objection. Further, when House Defendants specifically repeat one or more of these

General Objections in response to a specific Request, such specific response is not a waiver of these General Objections.

Subject to and without waiving these General Objections, and subject to and without waiving the specific objections noted below, House Defendants respond to Plaintiffs' Requests as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 1:

All documents, communications, maps, memoranda, expert reports or analyses, Racially Polarized voting analyses, or other documents and communications related to South Carolina's submission of state legislative maps in the 1990, 2000, and 2010 redistricting cycles for Preclearance review pursuant to Section 5 of the Voting Rights Act. This Request includes, but is not limited to, any correspondence with the U.S. Department of Justice for the 1990, 2000, and 2010 redistricting cycles.

**RESPONSE: House Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and purports to require House Defendants to assemble, divulge and produce documents not relevant to the disputed issues in this case. House Defendants further object to this Request to the extent it purports to require House Defendants to produce documents that are outside the possession, custody, or control of House Defendants or are publicly or equally available to Plaintiffs. Subject to and without waiving the foregoing objections, House Defendants direct Plaintiffs to the South Carolina House of Representatives 2011 Judicial Preclearance Submission for Act No. 72 of 2011 available at https://redistricting.schouse.gov/archives/2011/PreclearanceSubmissionH3991.html and**

redistricting    data    from    the    2000    redistricting    cycle    available    at
https://redistricting.schouse.gov/archives/2001/houred.htm.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications concerning the districts adopted in H. 4493 and
Predecessor Maps, including but not limited to all communications with and documents or data
provided to, considered, or relied upon by persons who drew, reviewed, approved, or adopted the
determination to draw districts as reflected in H. 4493 and Predecessor Maps.

**RESPONSE:** **House Defendants object to this Request on the grounds that it is overly
broad, unduly burdensome, and purports to command House Defendants to produce
documents in a manner not proportional to the needs of this case or that are outside the
possession, custody, or control of House Defendants or are publicly or equally available to
Plaintiffs. House Defendants further object on the basis that this Request seeks the
production of documents protected from disclosure by legislative privilege, attorney/client
privilege, and the work product doctrine. Subject to and without waiving the foregoing
objections, and pending a determination by the Court as to the application and scope of the
privileges applicable to this proceeding, House Defendants direct Plaintiffs to the South
Carolina House of Representatives 2021 Redistricting Website (the "Redistricting Website")
at  https://redistricting.schouse.gov/ where  non-privileged  documents  responsive  to  this
Request are electronically available, and House Defendants produce simultaneous herewith
documents and communications sent and received via the Redistricting Website and the
House Redistricting e-mail account, marked SC_HOUSE_000001-SC_HOUSE_0010047.
House Defendants are continuing to process documents and information for production to
Plaintiffs in response to this and other Requests.**

**REQUEST FOR PRODUCTION NO. 3:**

All maps, draft maps, memoranda, reports, analyses, correspondence, or other documents concerning the drawing of the districts adopted in H. 4493 and Predecessor Maps. This Request includes, but is not limited to, documents concerning the racial polarization in the South Carolina electorate, state legislative districts, the role of race in drawing districts, and correspondence between or among you, individuals on the committee, any map drawers, experts, legislators, members of the South Carolina Legislature, or anyone else concerning the drawing of the districts or any draft maps of the districts considered but not adopted.

**RESPONSE: House Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and purports to command House Defendants to produce documents in a manner not proportional to the needs of this case or that are outside the possession, custody, or control of House Defendants or are publicly or equally available to Plaintiffs. House Defendants further object on the basis that this Request seeks the production of documents protected from disclosure by legislative privilege, attorney/client privilege, and the work product doctrine. Subject to and without waiving the foregoing objections, and pending a determination by the Court as to the application and scope of the privileges applicable to this proceeding, House Defendants direct Plaintiffs to the Redistricting Website at https://redistricting.schouse.gov/ where non-privileged documents responsive to this Request are electronically available, including all public map submissions at https://redistricting.schouse.gov/publicsubmissions.html, and House Defendants produce simultaneous herewith documents and communications sent and received via the Redistricting Website and the House Redistricting e-mail account, marked SC_HOUSE_0000001-SC_HOUSE_0010047, which includes documents responsive to this**

Request. House Defendants are continuing to process documents and information for production to Plaintiffs on a rolling basis.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications sufficient to show any and all criteria used in drawing and approving the district lines, contours, limits, or boundaries included in the districts adopted in H. 4493 or the Predecessor Maps.

**RESPONSE: The criteria used in drawing and approving the district lines in the districts adopted in H. 4493 are set forth in the 2021 Guidelines and Criteria for Congressional and Legislative Redistricting (the "Redistricting Guidelines"), available electronically on the Redistricting Website at https://redistricting.schouse.gov/docs/2021%20Redistricting%20Guidelines.pdf and a copy of which is forthcoming in production.**

**REQUEST FOR PRODUCTION NO. 5:**

All transcripts, minutes, notes, or other documents concerning any meetings of Committees and any in connection with or in furtherance the adoption of H. 4493 or the Predecessor Maps.

**RESPONSE: To the extent the use of "All . . . documents" in this Request purports to demand documents or information protected by legislative privilege, the attorney/client privilege or work-product privilege, House Defendants object. Subject to and without waiver of these objections, House Defendants direct Plaintiffs to the public hearings section of the Redistricting Website at https://redistricting.schouse.gov/publichearing.html and the South Carolina Legislature Video Archives at https://www.scstatehouse.gov/video/archives.php for non-privileged documents and information responsive to this Request such as recordings, transcripts, and notices and agendas for meetings of Committees in connection with the**

**adoption of H. 4493. House Defendants also produce simultaneous herewith documents and communications sent and received via the Redistricting Website and the House Redistricting e-mail account, marked SC_HOUSE_000001-SC_HOUSE_0010047, which includes documents responsive to this Request. House Defendants are continuing to process documents and information for production to Plaintiffs on a rolling basis.**

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications provided to or relied upon by (a) any expert who Defendants intend to call to testify in this matter; or (b) any consultant, advisory, or other individual who provided advice or consultation concerning, or participated in the drawing, evaluation, or analysis of, the districts adopted in H. 4493 or Predecessor Maps.

**RESPONSE: House Defendants object to the extent this Request on the basis that it seeks the production of documents or information that is not subject to disclosure under Fed. R. Civ. P. 26(b) and/or is protected by legislative privilege, the attorney/client privilege, or the work-product doctrine. Subject to and without waiving the foregoing objections, and pending a determination by the Court as to the application and scope of the privileges applicable to this proceeding, House Defendants direct Plaintiffs to the Redistricting Website at https://redistricting.schouse.gov/ and the relevant public information available there. In addition to the production made herewith, House Defendants are continuing to process documents and information for production to Plaintiffs on a rolling basis.**

**REQUEST FOR PRODUCTION NO. 7:**

An electronic copy in .csv or other machine-readable tabular file format (such as .txt) of precinct-level counts of voter registration data broken down by race and ethnicity—as well as voter turnout data broken down by race and ethnicity—for every general and primary election in every

year between 2008 and 2020, using the same categories as are in the South Carolina voter file. *See* Voter History Statistics for Recent SC Elections, https://www.scvotes.gov/data/voter-history.html.

**RESPONSE: House Defendants object to this Request as it purports to require House Defendants to produce data that are outside the possession, custody, or control of House Defendants or are publicly or equally available to Plaintiffs. Subject to and without waiving the foregoing objections, House Defendants will produce data in its possession obtained from the South Carolina Election Commission for 2018 and 2020.**

**REQUEST FOR PRODUCTION NO. 8:**

An electronic copy in .shp or other machine-readable file format (such as .gpkg) of precinct shapefiles from the time of every general and primary election between 2008 and 2020.

**RESPONSE: House Defendants do not possess documents responsive to this Request. Further responding, House Defendants direct Plaintiffs to the Jurisdictional Mapping section of the South Carolina Revenue and Fiscal Affairs Office website at https://rfa.sc.gov/programs-services/precinct-demographics/jurisdictional-mapping, which includes PDF files that can be imported into GIS software to the extent this information is responsive to Plaintiffs' Request].**

**REQUEST FOR PRODUCTION NO. 9:**

An electronic copy in .csv or other machine-readable tabular file format (such as .txt) of South Carolina's statewide voter registration database, at the time of every general and primary election between 2008 and 2020, that includes the following information about each and every active and inactive registered voter in the State of South Carolina:

- Unique voter identification number

- Status (e.g., Active, Inactive)

- Race and/or ethnicity

- Date of registration

- County of residence

- Residence address

- Census Block IDs in 2020 and 2010

- State House District

    o Vote History, including, for each election from January 1, 2008 through the present,
      The date of the election

    o The type of election (e.g., federal Democratic or Republican primary, federal
      general, federal special, state primary, state general, state special, local primary,
      local general, local special, etc.)

    o Whether the voter cast a ballot in the election.

    o The party identification of the voter.

**RESPONSE: House Defendants direct and defer this Request to Defendant South Carolina Election Commission as House Defendants do not have possession, custody or control of the statewide voter registration database.**

**REQUEST FOR PRODUCTION NO. 10:**

All documents and any data in .csv or other machine-readable tabular file format (such as .txt) detailing the specific communities of interest—including geographic identifiers of those communities of interest that line up with Census IDs, such as 2020 and/or 2010 Census Blocks—relied upon by Defendants and any other member of the South Carolina Assembly, including the member's staff or employees, related to H. 4493, predecessor maps, and/or redistricting in South Carolina.

**RESPONSE:** House Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, vague and unclear. House Defendants further object to this Request on the ground that it purports to require House Defendants to produce data that is equally available to Plaintiffs in the form of shapefile and tabulated data maintained by the United States Census Bureau. Subject to and without waiving the foregoing objections, House Defendants are not aware of any responsive, non-privileged documents in their possession, custody, or control other than the block equivalency file related to H. 4493, which was developed with input from the public and Members of the South Carolina House of Representatives that included "communities of interest" as defined or viewed by these persons. The block equivalency file is electronically available to Plaintiffs on the Redistricting Website at **https://redistricting.schouse.gov/docs/housepassed/FloorPassedBlockEq.xlsx**.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning the rationale(s) or purpose(s) behind the Challenged Districts and Districts Bordering the Challenged Districts adopted in H. 4493 and any Predecessor Maps.

**RESPONSE:** House Defendants object to the extent this Request seeks the production of documents or information that is not subject to disclosure under Fed. R. Civ. P. 26(b) and/or is protected by legislative privilege, the attorney/client privilege, or the work-product doctrine. Subject to and without waiving the foregoing objections, and pending a determination by the Court as to the application and scope of the privileges applicable to this proceeding, House Defendants direct Plaintiffs to the following non-privileged documents responsive to this Request already in Plaintiffs' possession or equally available to Plaintiffs: House Defendants' Motion to Dismiss (ECF No. 91), House Defendants' Answer (ECF No.

**92), and documents and information on the Redistricting Website, including the public hearings section at https://redistricting.schouse.gov/publichearing.html, benchmark house district demographics data at https://redistricting.schouse.gov/docs/StateHouseDistrictsPredraw.xlsx, and the South Carolina Legislature Video Archives at https://www.scstatehouse.gov/video/archives.php. Responsive documents may also be found in the production made herewith, Bates labeled SC_HOUSE_000001-SC_HOUSE_0010047, and additional documents and information are being processed for production to Plaintiffs on a rolling basis.**

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning statements support of or opposition to H. 4493 and any Predecessor Maps, including in support of or opposition to any proposed amendments.

**RESPONSE: House Defendants object to the extent this Request seeks the production of documents or information that is not subject to disclosure under Fed. R. Civ. P. 26(b) and/or is protected by legislative privilege, the attorney/client privilege, or the work-product doctrine. Subject to and without waiving the foregoing objections, and pending a determination by the Court as to the application and scope of the privileges applicable to this proceeding, House Defendants direct Plaintiffs to the following non-privileged documents responsive to this Request already in Plaintiffs' possession or equally available to Plaintiffs: House Defendants' Motion to Dismiss (ECF No. 91), House Defendants' Answer (ECF No. 92), and documents and information on the Redistricting Website, including the public hearings section at https://redistricting.schouse.gov/publichearing.html, benchmark house district demographics data at**

**https://redistricting.schouse.gov/docs/StateHouseDistrictsPredraw.xlsx**, and the South Carolina Legislature Video Archives at **https://www.scstatehouse.gov/video/archives.php**. **House Defendants further produce simultaneously herewith documents and communications sent and received via the Redistricting Website and the House Redistricting e-mail account, marked SC_HOUSE_000001-SC_HOUSE_0010047, which includes documents responsive to this Request. House Defendants are continuing to process documents and information for production to Plaintiffs on a rolling basis.**

## REQUEST FOR PRODUCTION NO. 13:

All documents and communications concerning the impact or potential impact of H. 4493 and any Predecessor Maps on voters of color.

**RESPONSE:** **House Defendants object to the extent this Request seeks the production of documents or information that is not subject to disclosure under Fed. R. Civ. P. 26(b) and/or is protected by legislative privilege, the attorney/client privilege, or the work-product doctrine. Subject to and without waiving the foregoing objections, and pending a determination by the Court as to the application and scope of the privileges applicable to this proceeding, House Defendants direct Plaintiffs to the following non-privileged documents responsive to this Request already in Plaintiffs' possession or equally available to Plaintiffs: House Defendants' Motion to Dismiss (ECF No. 91), House Defendants' Answer (ECF No. 92), and documents and information on the Redistricting Website, including the public hearings section at https://redistricting.schouse.gov/publichearing.html, benchmark house district demographics data at https://redistricting.schouse.gov/docs/StateHouseDistrictsPredraw.xlsx, and the South Carolina Legislature Video Archives at https://www.scstatehouse.gov/video/archives.php.**

House Defendants further produce simultaneous herewith documents and communications sent and received via the Redistricting Website and the House Redistricting e-mail account, marked SC_HOUSE_000001-SC_HOUSE_0010047, which includes documents responsive to this Request. House Defendants are continuing to process documents and information for production to Plaintiffs on a rolling basis.

## REQUEST FOR PRODUCTION NO. 14:

All documents and communications concerning any survey results, databases, estimates, or statistics regarding racial or ethnic group affiliation or identification among South Carolina voters in the Challenged Districts and Districts Bordering the Challenged Districts.

**RESPONSE: House Defendants object to the extent this Request seeks the production of documents or information that is not subject to disclosure under Fed. R. Civ. P. 26(b) and/or is protected by legislative privilege, the attorney/client privilege, or the work-product doctrine. Subject to and without waiving the foregoing objections, and pending a determination by the Court as to the application and scope of the privileges applicable to this proceeding, House Defendants direct Plaintiffs to the answers and production in response to the foregoing Requests Nos. 11, 12, 13 & 14.**

## REQUEST FOR PRODUCTION NO. 15:

All documents and communications concerning any survey results, databases, estimates, or statistics regarding racial or ethnic group affiliation or identification regarding partisan or political affiliation among South Carolina voters.

**RESPONSE: House Defendants object to this Request on the grounds that it is overly broad, repetitive, vague and unclear. To the extent this Request is not repetitive of the foregoing Requests, it exceeds the scope of discovery in demanding documents and**

**information beyond the parameters of this dispute. Subject to and without waiving the foregoing objections, House Defendants are not aware of any other documents or information that are not captured in the foregoing Requests.**

**REQUEST FOR PRODUCTION NO. 16:**

All documents and communications concerning any concerns, complaints, or comments about the procedure and transparency of the Committees redistricting process used in the considerations and deliberations about H. 4493 and any Predecessor Maps.

**RESPONSE: House Defendants produce herewith all documents and communications received through the Redistricting Website or the Redistricting e-mail address, and is compiling for production any other documents or communications received at any public hearing or meeting of the Redistricting Ad Hoc Committee, which would encompass any concerns, complaints, or comments about the procedure and transparency of the redistricting process that led to the adoption of H. 4493. House Defendants are not aware of any other documents and information that would be responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications between You and other individuals, including members of the South Carolina General Assembly and their staff or employees, and organizations and third parties related to H. 4493, Predecessor Maps, and redistricting in South Carolina.

**RESPONSE: House Defendants produce herewith all documents and communications received through the Redistricting Website and sent or received via the Redistricting e-mail address, and is compiling for production any other documents or communications received at any public hearing or meeting of the Redistricting Ad Hoc Committee, which would include documents responsive to this Request. House Defendants**

object to this Request to the extent it seeks the production of documents or information that is not subject to disclosure under Fed. R. Civ. P. 26(b) and/or is protected by legislative privilege, the attorney/client privilege, or the work-product doctrine. Pending a determination by the Court as to the application and scope of the privileges applicable to this proceeding, all responsive non-privileged documents have been or are being processed in order to be produced.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications between You and other individuals, including members of the South Carolina General Assembly and their staff or employees, concerning the Map Room.

**RESPONSE** House Defendants have produced or are processing for production documents and communications related to the operation and scheduling of the Map Room. House Defendants object to this Request to the extent it seeks the production of documents or information that is not subject to disclosure under Fed. R. Civ. P. 26(b) and/or is protected by legislative privilege, the attorney/client privilege, or the work-product doctrine. Pending a determination by the Court as to the application and scope of the privileges applicable to this proceeding, all responsive non-privileged documents have been or are being processed in order to be produced.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications between You and third parties concerning the Map Room.

**RESPONSE:** House Defendants direct Plaintiffs to the Response to Request No. 18.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications concerning the Map Room and redistricting in South Carolina.

**RESPONSE: House Defendants object to this Request on the grounds that it is overly broad and unbridled in scope, such that it represents an undue burden and exceeds the scope of discovery. Further answering, to the extent a reasonable scope can be applied to the Request, it is cumulative of Plaintiffs' foregoing Requests and House Defendants direct Plaintiffs to the Responses thereto.**

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications concerning oral and written testimony, public comments, and other documents submitted before, during, or after any South Carolina legislative hearing, any Committee meetings, and any House or Senate floor review of H. 4493 and Predecessor Maps.

**RESPONSE: House Defendants are not aware of any non-privileged responsive documents or communications in their possession that have not been captured by Plaintiffs' foregoing Requests and House Defendants' Responses, but are continuing to search for potentially responsive non-privileged documents and will supplement this Response as appropriate.**

Respectfully submitted,

*s/ Mark C. Moore*

William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900 (29601)
Post Office Box 10648
Greenville, SC 29603-0648
Telephone: 864.370.2211
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Hamilton B. Barber (Fed. ID No. 13306)
Michael A. Parente (Fed. ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC 29202
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
HBarber@nexsenpruet.com
MParente@nexsenpruet.com

Rhett D. Ricard (Fed. ID No. 13549)
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401
Telephone: 843.720.1707
RRicard@nexsenpruet.com

*Attorneys for James H. Lucas, Chris Murphy, and Wallace H. Jordan*

January 24, 2022
Columbia, South Carolina

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 24, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

*s/ Mark C. Moore*
Mark C. Moore
