# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, <br><br> and <br><br> TAIWAN SCOTT, on behalf of himself and all other similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> HENRY D. MCMASTER, in his official capacity as Governor of South Carolina; THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. ELDER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina State Election Commission, <br><br> Defendants. | Case No. 3:21-cv-03302-JMC-TJH-RMG <br><br><br><br><br><br> **HOUSE DEFENDANTS JAMES H. LUCAS, CHRIS MURPHY AND WALLACE H. JORDAN'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Rule"), Defendants James H. Lucas (in his official capacity as Speaker of the South Carolina House of Representatives), Chris Murphy (in his official capacity as Chairman of the South Carolina House of Representatives Judiciary Committee), and Wallace H. Jordan (in his official as Chairman of the South Carolina House of Representatives Redistricting Ad Hoc Committee) (collectively, the "**House Defendants**"), subject to the General Objections set forth below, hereby submit the following answers to Plaintiffs' First Set of Interrogatories to Defendants ("**Interrogatories**").

## INTRODUCTION

1. By this response submitted hereto, House Defendants do not waive the legislative privilege or immunity, the attorney/client privilege, the work-product doctrine, and/or any other applicable privilege. Further, any inadvertent disclosure of such information, previously or in the future, shall not be deemed a waiver of the legislative privilege, the attorney/client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity.

2. House Defendants base their responses upon (1) a reasonable search of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of House Defendants' staff and/or representatives who could reasonably be expected to possess responsive information.

3. House Defendants respond to these Interrogatories with their current knowledge; however, the subject matter of these Interrogatories is under continuing investigation. House Defendants expressly reserve the right to use or rely upon information not submitted in response to these Interrogatories if it uncovers such information during the course of their ongoing investigation. House Defendants reserve the right to supplement their responses to the extent any information it uncovers in the course of their investigation is responsive to these Interrogatories.

4.  House Defendants have performed a diligent search and made reasonable inquiry to locate information in their possession, custody, or control in an effort to fully respond to these Interrogatories. Plaintiffs should not construe House Defendants' responses as a representation that House Defendants have examined each and every document in their possession in connection with this response.

## **GENERAL OBJECTIONS**

1.  House Defendants object to Interrogatories to the extent that they seek information protected from disclosure by applicable privilege or protection, including without limitation, the legislative privilege or immunity, the attorney/client privilege, and/or the work-product doctrine.

2.  House Defendants object to Interrogatories insofar as they seek information concerning matters unrelated to the subject matter of this lawsuit, on the grounds that they are overly broad, unduly burdensome, they purport to command House Defendants to provide information in a manner not proportional to the needs of this case, and because they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.  House Defendants object to Interrogatories as not proportional to the needs of this case insofar as they implicate information, documents, and communications spanning over a more than 30-year period.

4.  House Defendants object to Interrogatories to the extent that they seek information in a form inconsistent with the discovery process, including without limitation, information that is already within Plaintiffs' possession, custody, or control and/or information that is publicly or equally available to Plaintiffs as it is to House Defendants.

5. House Defendants object to Interrogatories to the extent they purport to impose obligations on House Defendants that are greater than or inconsistent with House Defendants' discovery-related obligations as set forth in applicable procedural rules governing discovery in this action.

6. House Defendants object to the definition of "predecessor maps" as overly broad and unduly burdensome to the extent such definition includes "any previous South Carolina House of Representatives redistricting map in whole or in part that were considered, created, developed, and/or proposed by Defendants." House Defendants further object to the definition to the extent it seeks disclosure of information that is privileged and not subject to disclosure.

7. House Defendants object to the definitions of "you," "your," or "defendants" to the extent such definitions include "agents, advisors, employees, representatives, officers, consultants, contractors, or any person or entity acting or purporting to act on Defendants' behalf or subject to Defendants' control" without regard to whether such individual acted within the scope of his or her relationship with House Defendants. Such definition is overly broad, unduly burdensome, vague, ambiguous, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence in this action. For purposes of responding to these Interrogatories, House Defendants will assume such definition includes only individuals or entities acting in their non-privileged capacities as House Defendants' agents.

8. House Defendants object to the definition of "document" or "documents" to the extent such definitions include "electronically stored information" and to the extent such definition includes any "deleted" but recoverable electronic files and "slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and/or RAM slack] or residual data left on the hard drive after new data has overwritten

some but not all of previously stored data)" as overly broad, unduly burdensome, vague, ambiguous, and seeking irrelevant information not reasonably calculated to lead to the discovery of admissible evidence in this action, as well as to the extent the information is not reasonably accessible because of burden or expense or the burden or cost outweighs the importance of the information.

9. House Defendants object to Interrogatories insofar as they seek confidential information of House Defendants that is unrelated to the claims and defenses in this action and that, if disclosed, could irreparably harm House Defendants.

10. House Defendants object to Interrogatories insofar as they seek information that is publicly available or in the possession, custody, or control of third parties, including other Defendants, and, are, thus, overly burdensome on House Defendants.

11. These General Objections are applicable to each of the following responses, and failure to repeat an objection in response to a specific Interrogatory shall not be deemed a waiver of the objection. Further, when House Defendants specifically repeat one or more of these General Objections in response to a specific Interrogatory, such specific response is not a waiver of these General Objections.

Subject to and without waiving these General Objections, and subject to and without waiving the specific objections noted below, House Defendants respond to Plaintiffs' First Set of Interrogatories as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 1.**

Identify all persons in your office(s) involved in any evaluation, compilation, collection of data, estimate, report, study, or analysis concerning voting patterns, their behavior, demographic

trends, or practices by race or ethnicity in South Carolina, created or dated from January 1, 2021 to the present.

**RESPONSE: House Defendants object to this Interrogatory on the grounds that it is overbroad, vague, confusing, compound, and without definitions for key terms. House Defendants further object on the basis the Interrogatory requests information that is protected by legislative privilege, attorney/client privilege, and the work-product doctrine. Subject to and without waiving the foregoing objections, and specifically without waiver of any privilege provided by law, to the extent the Interrogatory asks for persons in the House of Representatives involved in any evaluation of demographic trends from January 1, 2021 to present, presumably relevant information includes identification of all persons that utilized the map room during the 2021 redistricting cycle, which included every current Representative of the House of Representatives with the exception of J. Todd Rutherford and Kirkman Finlay III. Names and contact information for all House Members is readily accessible at https://www.scstatehouse.gov/member.php?chamber=H. Further answering subject to the foregoing objections and assumptions, persons that utilized the map rom also included map room staff employed by the House, including Thomas Hauger, Sarah Grace Williamson, Joleigh "Eliza" Deguit, Megan Goyak, Daniel Ingley, and Sebastian Bass, as well as House and staff counsel.**

**INTERROGATORY NO. 2.**

Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to refute or support any position that You have taken or intend to take in this action, and state the subject matter of the information possessed by that person.

**RESPONSE:** House Defendants object to this Interrogatory on the grounds that it is overly broad, unduly burdensome, excessive in scope and requests information that is protected by legislative privilege or immunity, attorney/client privilege, and the work-product doctrine. Subject to and without waiving the foregoing objections, and specifically without waiver of any privilege provided by law, House Defendants state that each Member of the House of Representatives that utilized the map room and otherwise participated in the current redistricting cycle, which includes every current House Member in some manner, may have discoverable information that tends to refute the allegations of the Amended Complaint and/or support the response and defenses of House Defendants.

Further answering, individual members of the House Redistricting Ad Hoc Committee, including Defendant Jordan, has personal knowledge of the activities underlying the process of redistricting and would be expected to refute the allegations of the Amended Complaint, including that he or she participated or engaged in racial discrimination against Black voters or considered race as the predominant factor in drawing the Challenged Districts, as well as support the positions that traditional redistricting principles were followed in drawing the Challenged Districts. Names of Committee members are readily accessible at [https://redistricting.schouse.gov/](https://redistricting.schouse.gov/). Defendant Lucas and Defendant Murphy have similar personal knowledge. Other House staff may also have similar personal knowledge, some or most of which is subject to legislative immunity and privilege.

**INTERROGATORY NO. 3.**

Identify each of the Black candidates elected to serve in the South Carolina State House since January 1, 1980 to the present, including their names, positions, date of election, and the demographics of the district from which they were elected.

**RESPONSE:** House Defendants object to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and excessive in scope in that it would require House Defendants to conduct an investigation not proportional to the needs of this case. Subject to and without waiving the foregoing objections, House Defendants direct Plaintiffs to the South Carolina Legislative Manuals from 1980 – present that are currently being prepared for production and which are also publicly available at https://dc.statelibrary.sc.gov/handle/10827/35801, https://www.scstatehouse.gov/man20/manual20.php, and https://www.scstatehouse.gov/man21/manual21.php. Subject to House Defendants' General Objection Nos. 4 and 10, historical demographic information responsive to this Interrogatory may be available through the South Carolina Revenue and Fiscal Affairs Office and/or the United States Census Bureau.

**INTERROGATORY NO. 4.**

Do you contend that white voters in the Challenged Districts do not vote sufficiently as a bloc to enable them usually (not incidentally) to defeat the Black-preferred candidates? If the answer is yes, explain the answer in detail and identify all elections, candidates, facts, witnesses, documents, and evidence that support the answer. If the answer is no, explain the answer and identify all of the elections, candidates, facts, witnesses, documents, and evidence that support the answer.

**RESPONSE:** House Defendants object to this Interrogatory on the grounds that it requests a legal conclusion or expert opinion and is therefore not properly propounded to House Defendants. House Defendants further object to this Interrogatory to the extent it is vague and compound, as "usually (not incidentally)" lacks a cognizable measure to use for

response.

**INTERROGATORY NO. 5.**

Do You contend that the Black population in the Challenged Districts is not politically cohesive? If the answer is yes, explain the answer and identify all of the elections, candidates, facts, witnesses, documents, and evidence that support the answer. If the answer is no, explain the answer and identify all of the elections, candidates, facts, witnesses, documents, and evidence that support the answer.

**RESPONSE: House Defendants object to this Interrogatory on the grounds that it assumes a fact not in evidence, in that House Defendants have not asserted any contention as to the "political cohesiveness" of the Challenged Districts (as that word is defined in Plaintiffs' Definitions). Subject to these objections and further answering, House Defendants believe that Black voters in South Carolina generally vote in a "politically cohesive" manner. To the extent the Interrogatory demands further detail, the Interrogatory is overbroad, unduly burdensome, exceedingly compound, and demands an investigation that is not proportional to the needs of the case.**

**INTERROGATORY NO. 6.**

Do You contend that South Carolina does not have a significant governmental interest in eradicating the effects of past and ongoing racial discrimination against Black voters in South Carolina? If the answer is yes, please specifically explain and identify the evidence or legal basis, if any, upon which you rely to support your contention. If the answer is no, please specifically explain and identify the evidence or legal basis, if any, upon which you rely to support your contention.

**RESPONSE:** **House Defendants object to this Interrogatory to the extent it purports to require House Defendants to answer on behalf of the State of South Carolina. Subject to this objection, House Defendants are informed and believe that South Carolina, like all states, has "a legitimate and substantial interest in…eliminating…the disabling effects of identified discrimination."** *Regents of Univ. of California v. Bakke*, **438 U.S. 265, 307 (1978).**

**INTERROGATORY NO. 7.**

Do You contend that the Challenged Districts are not unlawfully packed or cracked? If the answer is no, please specifically explain and identify the evidence or legal basis, if any, upon which you rely to support your contention.

**RESPONSE:** **House Defendants object to this Interrogatory on the grounds that it requests a legal conclusion and/or seeks the mental impressions of counsel. Subject to these objections and with the caveat that House Defendants do not offer a legal conclusion with this response, House Defendants answer "yes" and contend the Challenged Districts are not unlawfully packed or cracked.**

**INTERROGATORY NO. 8.**

Please provide the name and, if known, the address and telephone number of each individual involved and their role in considering, creating, developing, drafting, and proposing the maps adopted in H. 4493 and all Predecessor Maps.

**RESPONSE:** **Subject to House Defendants' General Objection No. 6, House Defendants direct Plaintiffs to the response to Interrogatory No. 1. Further answering and specifically without waiving any privileges and immunities available by law, the identified House Members each participated in the redistricting process by working in the map room on one or more House Districts prior to approval of the maps adopted in H. 4493 by the**

**Redistricting Ad Hoc Committee, the Judiciary Committee and the House of Representatives.**

**INTERROGATORY NO. 9.**

Please identify the name, title, and if known, address of each person who shared with You any South Carolina House of Representative amendment to maps adopted in H. 4493 or any Predecessor Maps.

**RESPONSE: House Defendants object to this Interrogatory on the grounds it is confusing and unclear as written and directed to House Defendants. Subject to this objection and General Objection No. 6, and specifically without waiving any privileges and immunities available by law, to the extent this Interrogatory seeks information about amendments to maps *prior to* adoption of the map in H. 4493 by the South Carolina House of Representatives, the amendments presented to the House Redistricting Ad Hoc Committee, the Judiciary Committee, and the House of Representatives are identified at https://redistricting.schouse.gov/amendments.html for the Judiciary Committee and at https://www.scstatehouse.gov/sess124_2021-2022/hj21/20211202.htm for the House of Representatives. The House Members responsible for presenting those amendments are Defendant Jordan, Representative Bernstein, Representative Wheeler, Representative McKnight, Representative Bamberg, Representative Govan, Representative Brawly, Representative King, Representative Bradley, Representative Magnuson, Representative Long and Representative Atkinson. Contact information for all House Members is readily accessible at https://www.scstatehouse.gov/member.php?chamber=H.**

**INTERROGATORY NO. 10.**

Describe the process through which You incorporated public comments received in written

or through public or private hearings into the maps adopted by H. 4493 and Predecessor Maps.

**RESPONSE: Subject to House Defendants' General Objection No. 6 and specifically without waiving any privileges and immunities available by law, House Defendants state that electronically submitted materials and hard copy mailings were compiled by House staff and counsel for review and consideration by House Defendants and members of the Redistricting Ad Hoc Committee along with comments heard by committee members during public hearings and meetings throughout the redistricting cycle, which public offerings collectively formed one of several factors and components that guided the process of drawing the maps ultimately adopted by H. 4493.**

**INTERROGATORY NO. 11.**

Describe the process that You used to consider, propose, and review draft maps adopted in H. 4493 and Predecessor Maps through the Map Room.

**RESPONSE: Subject to General Objection No. 6 and specifically without waiving any privileges and immunities available by law, House Defendants used a map making program called Maptitude to consider, propose, and review draft maps. This program generated data, saved files, and allowed House Defendants to draw draft maps.**

**INTERROGATORY NO. 12.**

Describe the process for how information and proposed maps and amendments to maps adopted in H. 4493 and Predecessor Maps were conveyed to You in the Map Room.

**RESPONSE: House Defendants object to this Interrogatory on the grounds that it seeks information that is protected by legislative privilege or immunity and the attorney/client privilege. House Defendants also object to this Interrogatory on the grounds that it is unclear as written, vague, and overbroad. Subject to these objections and specifically without**

**waiving any privileges and immunities available by law, proposed maps and amendments to maps drawn by House Members were saved in the Maptitude program and available to the Redistricting Ad Hoc Committee and House Defendants for use in development of the maps adopted in H. 4493.**

### INTERROGATORY NO. 13.

Describe how the information You conveyed to individuals in the Map Room was stored.

**RESPONSE: House Defendants object to this Interrogatory on the grounds that it is vague and unclear as written. Subject to this objection and specifically without waiving any privileges and immunities available by law, including legislative and attorney/client, maps drawn in the map room are stored in the referenced Maptitude program.**

### INTERROGATORY NO. 14.

Describe the process through which You resolved any conflicts among requirements and guidelines for districts adopted in H. 4493 and Predecessor Maps.

**RESPONSE: House Defendants object to this Interrogatory on the grounds that it is vague and overbroad. Subject to these objections and House Defendants' General Objection No. 6, and specifically without waiving any privileges and immunities available by law, House Defendants state the *2021 Guidelines and Criteria for Congressional and Legislative Redistricting* set forth the following with regard to the prioritization of the principles that guided the redistricting process: "In establishing Congressional and legislative districts, all criteria identified in these guidelines should be considered. However, if there is a conflict among the requirements of these guidelines, the requirements addressed in Sections I, II, III, and IV herein should be given priority. If application of the criteria set forth in these guidelines will cause a violation of applicable constitutional, federal, or state law, and there**

**is no other way to conform to the criteria without such violation of law, deviations from the criteria are permitted. However, any deviation from the criteria shall not be any more than necessary to avoid the violation of law, and the remainder of the redistricting plan shall remain faithful to the criteria." The referenced Sections are (I) the Constitution of the United States, (II) Federal Law, (III) State Law, and (IV) Equal Population/Deviation. A copy of the Guidelines will be forthcoming in response to Plaintiffs' First Requests for Production of Documents and Plaintiffs can readily access the Guidelines on the Redistricting Website at https://redistricting.schouse.gov/docs/2021%20Redistricting%20Guidelines.pdf.**

**INTERROGATORY NO. 15.**

Describe the process through which You answered questions that were raised in writing, public hearings, or private meetings by members of the public or South Carolina General Assembly members for districts adopted in H. 4493 and Predecessor Maps.

**RESPONSE: House Defendants object to this Interrogatory on the grounds that it is vague and unclear as written. Subject to this objection and General Objection No. 6, and specifically without waiving any privileges and immunities available by law, one or more House Defendants and/or other members of the Redistricting Ad Hoc Committee at times addressed questions during the public hearings and meetings of the Ad Hoc Committee, the Judiciary Committee, and the House of Representatives' sessions, and further provided several letters in response to written demands for information made by a coalition of public interest groups that included Plaintiff SC NAACP. House Defendants also from time to time would have had conversations in person or by telephone by other House Members that may have involved questions raised.**

**INTERROGATORY NO. 16.**

Identify and explain any instances where You deviated from published guidelines/criteria or traditional redistricting principles, including but not limited to any other guidelines/criteria Defendants considered.

**RESPONSE: House Defendants are not aware of any instances where the maps enacted by H. 4493 deviated from published guidelines/criteria or traditional redistricting principles.**

**INTERROGATORY NO. 17.**

Identify any racially polarized voting analysis conducted by You and any persons who conducted it.

**RESPONSE: House Defendants object to this Interrogatory on the grounds that it seeks information that is not subject to disclosure under Fed. R. Civ. P. 26(b) and/or is protected by legislative privilege, the attorney/client privilege, or the work-product doctrine.**

**INTERROGATORY NO. 18.**

Identify the name, title, and professional address of each person consulted by You in answering these Interrogatories, specifying on which Interrogatory or Interrogatories such person was consulted.

**RESPONSE: House Defendants consulted with legal counsel in answering these Interrogatories.**

**INTERROGATORY NO. 19.**

Describe why You should succeed on the defenses asserted in your Answer(s) or Motion(s) to Dismiss.

**RESPONSE: House Defendants direct Plaintiffs to the facts and arguments set forth in the Motion to Dismiss (ECF No. 91) and Answer (ECF No. 92) for information responsive to this Interrogatory.**

Respectfully submitted,

*s/ Mark C. Moore*

William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900 (29601)
Post Office Box 10648
Greenville, SC 29603-0648
Telephone: 864.370.2211
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Hamilton B. Barber (Fed. ID No. 13306)
Michael A. Parente (Fed. ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, SC 29202
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
HBarber@nexsenpruet.com
MParente@nexsenpruet.com

Rhett D. Ricard (Fed. ID No. 13549)
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401
Telephone: 843.720.1707
RRicard@nexsenpruet.com

*Attorneys for James H. Lucas, Chris Murphy, and Wallace H. Jordan*

January 24, 2022
Columbia, South Carolina

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

*s/ Mark C. Moore*
Mark C. Moore