# Exhibit C

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

|  |  |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>    Plaintiffs,<br><br>    v.<br><br>HENRY D. MCMASTER, in his official capacity as Governor of South Carolina; THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>    Defendants. | Case No. 3-21-cv-03302-JMC-TJH-RMG<br><br>**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS JAMES H. LUCAS, CHRIS MURPHY, AND WALLACE H. JORDAN'S FIRST SET OF REQUESTS FOR PRODUCTION** |

Pursuant to Rules 26 and 34 of the Federal Rule of Civil Procedure, the South Carolina State Conference of the NAACP ("SC NAACP") and Taiwan Scott (together, "Plaintiffs") hereby object and respond to Defendants James H. Lucas, Chris Murphy, and Wallace H. Jordan's ("House Defendants") First Set of Requests for Production ("Requests" or "RFPs").

## PRELIMINARY STATEMENT

Plaintiffs' objections and responses contained herein ("Objections and Responses") are based on information reasonably available to Plaintiffs at this time. Plaintiffs reserve the right to amend and/or supplement their Objections and Responses based on new information obtained in discovery or otherwise in the course of this action.

Information contained in any Objections and Responses pursuant to these Requests is not an admission or acknowledgement by Plaintiffs that such information is relevant to any claim or defense in this action; is without prejudice to Plaintiffs' right to contend at any trial or in any other proceeding, in this action or otherwise, that such information is inadmissible, irrelevant, immaterial, or not the proper basis for discovery; and is without prejudice to or waiver of any objection to any future use of such information.

Specific objections to each separate Request are made below. Additionally, Plaintiffs makes certain continuing objections to the Requests, also listed below ("Continuing Objections"). These Continuing Objections, including with respect to the definitions and instructions, are incorporated by reference into all of the responses made with respect to each separate Request. Plaintiffs' responses to each individual Request are submitted without prejudice to, and without in any respect waiving, any Continuing Objections not expressly set forth in that response. Accordingly, the inclusion of any specific objection in any response below is neither intended as, nor shall in any way be deemed, a waiver of any Continuing

2

Objection or of any other specific objection made herein or that may be asserted at a later date.

## **CONTINUING OBJECTIONS**

Plaintiffs incorporate each of the following Continuing Objections in their response to each Request.  In addition to these Continuing Objections, Plaintiffs may also state specific objections to Requests where appropriate, including objections that are not generally applicable to all the Requests.  By setting forth such specific objections, Plaintiffs do not intend to limit or restrict its Continuing Objections.

1.       Plaintiffs object to each Request to the extent it imposes on Plaintiffs any obligations that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any applicable order of the Court.

2.       Plaintiffs object to each Definition, Instruction, or Request to the extent it seeks production of documents or information subject to the attorney-client privilege, the work-product protection doctrine, or any other applicable privilege, rule, doctrine, or immunity, whether created by statute or common law.  Each Request has been read to exclude discovery of such privileged information.  Inadvertent production of any such information does not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information or document, nor does inadvertent production waive the right of Plaintiffs to object to the use of any such information in any proceeding.

3.       Plaintiffs object to each Request to the extent it seeks information that is not relevant to any party's claims or defenses.  *See* Rule 26(b)(1).

4.       Plaintiffs object to each Request to the extent it is not proportional to the needs of the case, "considering the importance of the issues at stake in the action . . . the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Rule 26(b)(1).

5.      Plaintiffs object to each Request to the extent it seeks discovery of electronically stored information that is not reasonably accessible due to undue burden or cost, in violation of Rule 26(b)(2)(B).

6.      Plaintiffs object to each Request to the extent that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control.

7.      Plaintiffs object to each Request to the extent it seeks a legal conclusion or requires Plaintiffs to formulate a legal conclusion to fully respond.

## CONTINUING OBJECTIONS TO HOUSE DEFENDANTS' INSTRUCTIONS

1.      Plaintiffs object to Instructions 1-9 to the extent they impose on Plaintiffs any obligations that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any applicable Order of the Court or agreement between the parties.

2.      Plaintiffs object to Instruction 6 to the extent that it purports to impose upon Plaintiffs any obligations that are broader than or inconsistent with the Federal Rules or any Order of this Court.  Plaintiffs will log privileged documents in accordance with their obligations under the Federal Rules or agreement between the parties

3.      Plaintiffs object to the definitions in Instruction 7 to the extent it render the Requests irrelevant, vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case.

## CONTINUING OBJECTIONS TO HOUSE DEFENDANTS' DEFINITIONS

By submitting these Objections and Responses, Plaintiffs do not adopt House

4

Defendants' purported definition of words and phrases contained in the Instructions to House

Defendants' Requests. Plaintiffs interpret all words contained in the Requests in accordance

with their ordinary and customary meanings.

1.     Plaintiffs object to the definitions "SC NAACP" and "Plaintiff Scott" on the

ground that they are overly broad, unduly burdensome, and not proportional to the needs of the

case to the extent they purport to require Plaintiff Taiwan Scott to respond on behalf of "all other

similarly situated persons" and purport to require Plaintiff SC NAACP to respond on behalf of

"its employees, agents, officers, directors, representatives, consultants, accountants" as well as

"anyone acting on SC NAACP's behalf" without regard to the to this action. Plaintiffs object to

the definitions of "SC NAACP" and "Plaintiff Scott" to the extent they purport to require

Plaintiffs to reveal information protected from disclosure by the attorney-client privilege, the

work product protection doctrine, or any other applicable privilege or protection. For purposes

of these Objections and Responses, Plaintiff Taiwan Scott responds only on his own behalf, and

Plaintiff SC NAACP responds only on its own behalf.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents, photographs, plats, sketches, or information of any kind, identified,

referenced, referred to or relied on in answering the House Defendants' First Set of

Interrogatories.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly

burdensome, and not proportional to the needs of the case.  Plaintiffs object to this Request on the ground that it is duplicative of Request No. 2.  Plaintiffs object to this Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections and once an appropriate protective order is entered in this action, Plaintiffs agree to produce any non-privileged documents referenced in their responses to House Defendants' interrogatories.

**REQUEST NO. 2:**

All non-privileged documents or other information referenced or reviewed in the preparation of the answers to the House Defendants' First Set of Interrogatories, or otherwise relied upon by you or your attorneys in answering House Defendants' First Set of Interrogatories.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case.  Plaintiffs object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections and once an appropriate protective order is entered in this action, Plaintiffs agree to produce any documents referenced in their responses to House Defendants' interrogatories.

**REQUEST NO. 3:**

6

All non-privileged documents and communications, whether written, electronically stored or recorded (including audio), in your possession, custody, or control related to any claim or defense in this case.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll non-privileged documents" related to "any claim or defense in this case." Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request to the extent it is duplicative of other Requests. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and the specific information sought by House Defendants beyond what is sought in other Requests and beyond what Plaintiffs have otherwise agreed to produce.

**REQUEST NO. 4:**

All written or recorded statements or affidavits, including drafts thereof, from

7

persons who are known or believed to be witnesses to the facts of this case.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce statements or affidavits from witnesses or potential witnesses without regard to the subject matter of this case. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents that constitute recorded statements or affidavits for persons he knows or believes to be witnesses to the facts of this case, so he does not have documents to produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections and once an appropriate protective order is entered in this action, SC NAACP will search files related to the redistricting cycle at issue in this case and files in the possession of its President and will produce non-

8

privileged documents, if any, that constitute recorded statements or affidavits.

**REQUEST NO. 5:**

All documents provided to, considered by, or relied upon by ay expert or consultant you intend to call as an expert witness at trial.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiff's knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections and once an appropriate protective order is entered in this action, SC NAACP will produce all sources and materials relied upon by its experts.

**REQUEST NO. 6:**

Copies of all files in Plaintiffs' possession, custody, or control used in or generated by any GIS, statistics, programming, or word-processing software or web application (i.e. Maptitude, ArcGIS, R, SPSS, Microsoft Excel, Python, Microsoft Word, Dave's Redistricting) to analyze or draw or in analyzing or drawing maps related to South Carolina house or congressional districts including, but not limited to, files containing or consisting of maps,

macros, vector or raster data; voter or election data; or layers, labels, or settings files (to include themes or styles).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "all files" used or generated to analyze or draw maps related to South Carolina districts. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and the specific information sought by House Defendants beyond what is sought in other Requests and beyond what Plaintiffs have otherwise agreed to produce.

**REQUEST NO. 7:**

Any memoranda, affidavits, or other reports or opinions you have received from any expert witness.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require

10

Plaintiffs to produce "[a]ny memoranda, affidavits, or other reports or opinions" received from any expert witness.  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections and once an appropriate protective order is entered in this action, SC NAACP will produce all sources and materials relied upon by its experts .

**REQUEST NO. 8:**

All documents you intend to rely upon at trial or use to question any witness during a deposition.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case.  Plaintiffs object to this on the Ground that it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.  Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiff's knowledge, possession, custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the parameters of a mutual exchange of anticipated trial exhibits or other materials that the parties intend to submit to the Court.

11

The Request is premature and Plaintiffs will provide this information at time exhibit disclosure is required under the Court's scheduling order.

**REQUEST NO. 9:**

All documents received from a third party in response to a subpoena or public records request relating to this case.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Subject to and without waiving the foregoing objections, Plaintiffs state that they do not have possession of any non-privileged documents that reflect documents received from a third party in response to a subpoena or public records request relating to this case, so they do not have documents to produce in response to this Request..

**REQUEST NO. 10:**

All documents and communications related to the current redistricting cycle and/or your claims in this case between you and any member of South Carolina House of Representatives, including but not limited to emails, text messages, social media communications, and other written or electronically stored correspondence.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents and communications" related to the current redistricting cycle and/or any claim

12

or defense in this case between Plaintiffs and any member of South Carolina House of Representatives.  Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond.  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents reflecting communications between SC NAACP and any member of the South Carolina House of Representatives related to the current redistricting cycle, so he does not have documents to produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections and once an appropriate protective order is entered in this action, SC NAACP will search files related to the redistricting cycle at issue in this case and files in the possession of its President and will produce non-privileged documents that reflect communications between SC NAACP and any member of the South Carolina House of Representatives related to the current redistricting cycle.  The SC NAACP is not in possession of documents that have not been already provided to House Defendants in the form of comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle.  The SC NAACP is not in possession of any email, text messages, or email communications between it and members of the South Carolina House of Representatives.

**REQUEST NO. 11:**

All non-privileged documents and communications between you and any third party

related to any claims or defenses in this case, or any relief you seek in this case.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll non-privileged documents and communications" with third parties related to "any claim or defense in this case, or any relief you seek in this case." Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and the specific information sought by House Defendants beyond what is sought in other Requests and beyond what Plaintiffs have otherwise agreed to produce.

**REQUEST NO. 12:**

All documents and communications related to the first cause of action in your Amended Complaint (Racial Gerrymandering in Violation of the Fourteenth Amendment).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" related to the first cause of action in the First Amended Complaint. Plaintiffs

14

object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, relevant documents in support of Plaintiffs' first cause of action in its First Amended Complaint have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Relevant documents can also be found in Plaintiffs' expert reports that have been disclosed and in its rebuttal reports that will be disclosed on February 7, 2021.

**REQUEST NO. 13:**

All documents and communications related to the second cause of action in your Amended Complaint (Intentional Discrimination in Violation of the Fourteenth and Fifteenth

Amendments of the U.S. Constitution).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce ""[a]ll documents" related to the second cause of action in the First Amended Complaint. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond.  Plaintiffs object to this Request on the ground that it constitutes improper contention discovery.  *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.  Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, relevant documents in support of Plaintiffs' second cause of action in its First Amended Complaint have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were

submitted to, and its testimony before, the House of Representatives related to the current

redistricting cycle and therefore are already in House Defendants' possession.  Relevant

documents can also be found in Plaintiffs' expert reports that have been disclosed and in its

rebuttal reports that will be disclosed on February 7, 2021.

**REQUEST NO. 14:**

All documents and communications related to the third cause of action in your

Amended Complaint (Violation of the First and Fourteenth Amendments of the U.S.

Constitution).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Subject to and without waiving the foregoing objections, Plaintiffs are no longer alleging

that U.S. Congressional Districts are malapportioned in violation of the First and Fourteenth

Amendments of the U.S. Constitution under Count Three of their Second Amended Complaint.

As a result, this claim is moot and Plaintiffs will not be producing documents or communications

in response to this Request.

**REQUEST NO. 15:**

All documents and communications supporting your allegation that the U.S.

Congressional districts remain malapportioned. (See, e.g., Am. Compl. at ¶ 2).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Subject to and without waiving the foregoing objections, Plaintiffs are no longer alleging that South Carolina's U.S. Congressional Districts are malapportioned in violation of the First and Fourteenth Amendments of the U.S. Constitution under Count Three of their Second Amended Complaint. As a result, this claim is moot and Plaintiffs will not be producing documents or communications in response to this Request.

**REQUEST NO. 16:**

All documents and communications supporting your allegation that H. 4493 was motivated by a discriminatory purpose. (See, e.g., Am. Compl. at ¶ 4).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting the allegation that H. 4493 was motivated by a discriminatory purpose. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client

privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that H. 4493 was motivated by a discriminatory purpose have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Relevant documents can also be found in Plaintiffs' expert reports that have been disclosed and in its rebuttal reports that will be disclosed on February 7, 2021.

**REQUEST NO. 17:**

All documents and communications supporting your allegation that the Challenged Districts in H. 4493 were adopted with a racially discriminatory intent to discriminate against Black voters. (See, e.g., Am. Compl. at ¶ 170).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting the allegation that the Challenged Districts were adopted with a racially discriminatory intent. Plaintiffs object to this Request on the ground that it requires

19

Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this request as duplicative of Request No. 16. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that the Challenged Districts in H. 4493 were adopted with a racially discriminatory intent to discriminate against Black voters have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Relevant documents can also be found in Plaintiffs' expert reports that have been disclosed and in its rebuttal reports that will be disclosed on February 7, 2021.

**REQUEST NO. 18:**

20

All documents and communications supporting your allegation that H. 4493 will have a discriminatory impact on Black South Carolinians. (See, e.g., Am. Compl. at ¶ 171).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting the allegation that H. 4493 will have a discriminatory impact on Black South Carolinians. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that H. 4493 will have a discriminatory

impact on Black South Carolinians have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession.  Relevant documents can also be found in Plaintiffs' expert reports, particularly the expert reports of  Dr. Moon Duchin, Dr. Kosuke Imai, Dr. Joseph Bagley, Dr. Baodong Liu, and Dr. Jordan Ragusa, that have been disclosed and in its rebuttal reports that will be disclosed on February 7, 2021.

**REQUEST NO. 19:**

For each Challenged District, produce all documents and communications supporting your allegation that the House Defendants used race as the predominant factor in creating the Challenged District. (See, e.g., Am. Compl. at ¶ 4).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce for "each Challenged District" "all documents" supporting the allegation that House Defendants used race as the predominant factor in creating the Challenged District.  Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be

used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.  Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that the House Defendants used race as the predominant factor in creating the Challenged District have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession.  Relevant documents can also be found in Plaintiffs' expert reports that have been disclosed and in its rebuttal reports that will be disclosed on February 7, 2021.

**REQUEST NO. 20:**

For each Challenged District, produce all documents and communications supporting your allegation that the race predominated over traditional redistricting principles, such as compactness, contiguity, and respect for political subdivisions or communities. (See, e.g., Am. Compl. at ¶ 164).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce for "each Challenged District" "all documents" supporting the allegation that race predominated over traditional redistricting principles. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that race predominated over traditional redistricting principles, such as compactness, contiguity, and respect for political subdivisions or

communities have already been provided by the SC NAACP and can be found in the SC

NAACP's comments, letters, and maps that were submitted to, and its testimony before, the

House of Representatives related to the current redistricting cycle and therefore are already in

House Defendants' possession.  Relevant documents can also be found in Plaintiffs' expert

reports, particularly the expert reports of  Dr. Moon Duchin, Dr. Kosuke Imai, and Dr. Jordan

Ragusa, that have been disclosed and in its rebuttal reports that will be disclosed on February 7,

2021.

**REQUEST NO. 21:**

Produce all documents and communications supporting your allegation that Black

voters were either "packed" or "cracked" for the purpose of diluting their vote in each of the

Challenged Districts. (See, e.g., Am. Compl. at ¶¶ 4-5).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and

not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce

"all documents" supporting the allegation that Black voters were either "packed" or "cracked"

for the purpose of diluting their vote in each of the Challenged Districts.  Plaintiffs object to this

Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond.

Plaintiffs object to this Request on the ground that it constitutes improper contention discovery.

*See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL

7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a

pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be

used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that Black voters were either "packed" or "cracked" for the purpose of diluting their vote in each of the Challenged Districts have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Relevant documents can also be found in Plaintiffs' expert reports that have been disclosed and in its rebuttal reports that will be disclosed on February 7, 2021.

**REQUEST NO. 22:**

All documents and communications evidencing and demonstrating one or more of your members and constituents would have individual standing to bring your claims in each and evidence Challenged District. (See Am. Compl. at ¶¶ 16-18).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

26

Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" demonstrating that on or more members and constituents would have individual standing to bring your claims in each Challenged District.  Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond.  Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.  Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and information SC NAACP is willing to provide concerning its members consistent with *NAACP v. Alabama*, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization engaged in advocacy of particular beliefs" violates the constitutional right to freedom of

assembly).  Information responsive to this Request can be found in the First Amended

Complaint, ECF 84 ¶¶ 16-18.

**REQUEST NO. 23:**

All documents and communications supporting your allegation that your members

and constituents currently live in each and every Challenged District. (See Am. Compl. at ¶ 18).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and

not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce

"[a]ll documents" supporting the allegation that SC NAACP's members and constituents

currently live in each Challenged District.  Plaintiffs object to this Request on the ground that it

constitutes improper contention discovery.  *See, e.g.*, *Martinez v. First Class Interiors of Naples,*

*LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for

production that simply plug a pleading's allegations into boilerplate requests can be almost

mindlessly generated, and can be used to impose great burdens on opponents, and do not meet

Rule 34's requirement that requests describe with reasonable particularity each item or category

of items to be inspected.") (quotation marks and citations omitted).  Plaintiffs object to this

request as duplicative of Request No. 22.  Plaintiffs object to this Request to the extent it seeks

information protected from disclosure by the attorney-client privilege, the work product

protection doctrine, or any other applicable privilege or protection.  Plaintiffs object to this

Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession,

custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and information SC NAACP is willing to provide concerning its members consistent with *NAACP v. Alabama*, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly).

**REQUEST NO. 24:**

All documents and communications supporting your allegation that your members include registered voters in each and every Challenged District. (See Am. Compl. at ¶ 18).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting the allegation that SC NAACP members include registered voters in each Challenged District.  Plaintiffs object to this Request on the ground that it constitutes improper contention discovery.  *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category

of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and information SC NAACP is willing to provide concerning its members consistent with *NAACP v. Alabama*, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly).

**REQUEST NO. 25:**

All documents and communications supporting your allegation that your members have been or will continue to be harmed by H. 4493. (See Am. Compl. at ¶ 18).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents supporting your allegation that SC NAACP members have been or will be harmed by H. 4493. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it

constitutes improper contention discovery.  *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that our members have been or will continue to be harmed by H. 4493 have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession.  Relevant documents can also be found in Plaintiffs' expert reports that have been disclosed and in its rebuttal reports that will be disclosed on February 7, 2021.

**REQUEST NO. 26:**

All documents and communications establishing the identity and residential address of each of your members who currently lives in any of the Challenged Districts. (See, e.g., Am. Compl. at ¶ 18).

31

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" establishing the identity and residential address of each SC NAACP member who currently lives in any of the Challenged Districts. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and information SC NAACP is willing to provide concerning its members consistent with *NAACP v. Alabama*, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization

32

engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly).

**REQUEST NO. 27:**

All documents and communications supporting your allegation that you have members who are registered voters and constituents currently living in allegedly malapportioned U.S. Congressional districts. (See Am. Compl. at ¶ 19).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Subject to and without waiving the foregoing objections, Plaintiffs are no longer alleging that South Carolina's U.S. Congressional Districts are malapportioned in violation of the First and Fourteenth Amendments of the U.S. Constitution under Count Three of their Second Amended Complaint. As a result, this claim is moot and Plaintiffs will not be producing documents or communications in response to this Request.

**REQUEST NO. 28:**

All documents and communications supporting your allegations related to the harms allegedly suffered by your members and constituents. (See, e.g., Am. Compl. at ¶¶ 20-21).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting allegations related to the harms suffered by SC NAACP members

and constituents.  Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond.  Plaintiffs object to this Request on the ground that it constitutes improper contention discovery.  *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

**REQUEST NO. 29:**

All documents and communications supporting your allegation that the redistricting hearings held by the House Redistricting Ad Hoc Committee were largely inaccessible to the public. (See, e.g., Am. Compl. at ¶ 67).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "all documents" supporting the allegation that the redistricting hearings held by the House

Redistricting Ad Hoc Committee were largely inaccessible to the public.  Plaintiffs object to this Request on the ground that it constitutes improper contention discovery.  *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.  Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents that relate to the accessibility of public hearings held by the House Redistricting Ad Hoc Committee, so he does not have documents to produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections and once an appropriate protective order is entered in this action, SC NAACP will search files related to the redistricting cycle at issue in this case and files in the possession of its President and will produce non-privileged documents, if any, regarding public access to the redistricting

35

hearings held by the House Redistricting Ad Hoc Committee.

**REQUEST NO. 30:**

All documents and communications supporting your allegations that individuals were unable to attend a public hearing held by the House Redistricting Ad Hoc Committee (remotely or in person) due to COVID-19 concerns, work, or family obligations. (See, e.g., Am. Compl. at ¶ 68).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting the allegation that individuals were unable to attend a public hearing held by the House Redistricting Ad Hoc Committee (remotely or in person) due to COVID-19 concerns, work, or family obligations.  Plaintiffs object to this Request on the ground that it constitutes improper contention discovery.  *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs'

36

knowledge, possession, custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents that relate to individuals unable to attend a public hearing held by the House Redistricting Ad Hoc Committee (remotely or in person) due to COVID-19 concerns, work, or family obligations, so he does not have documents to produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections and once an appropriate protective order is entered in this action, SC NAACP will search files related to the redistricting cycle at issue in this case and files in the possession of its President and will produce non-privileged documents, if any, regarding public access to, and attendance at, the redistricting hearings held by the House Redistricting Ad Hoc Committee.

**REQUEST NO. 31:**

All documents and communications evidencing concerns raised by members of the public related to a lack of transparency during the redistricting process or the lack of a meaningful opportunity for the public to review posted maps. (See, e.g., Am. Compl. at ¶ 79).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce

"[a]ll documents and communications" by "members of the public" related to the current redistricting cycle and/or any claim or defense in this case between Plaintiffs and any member of South Carolina House of Representatives.  Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond.  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.  Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged communications and documents evidencing concerns raised by members of the public  related to a lack of transparency during the redistricting process or the lack of a meaningful opportunity for the public to review posted maps.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections and once an appropriate protective order is entered in this action, SC NAACP will search files related to the redistricting cycle at issue in this case and files in the possession of its President and will produce non-privileged documents, if any, regarding concerns raised by members of the public related to a lack of transparency during the redistricting process or the lack of a meaningful opportunity for the public to review posted maps.

**REQUEST NO. 32:**

All documents and communications evidencing the specific factors considered by

38

Plaintiff SC NAACP while developing the maps submitted to the House Redistricting Ad Hoc Committee and proposed in your Amended Complaint.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents and communications" related to the factors considered by SC NAACP while developing maps submitted to the House Redistricting Ad Hoc Committee and proposed in the First Amended Complaint. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents and communications evidencing the specific factors considered by Plaintiff SC NAACP while developing the maps submitted to the House Redistricting Ad Hoc Committee and proposed in your First Amended Complaint.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections and once an appropriate protective order is entered in this action, SC NAACP agrees to search files related to the redistricting cycle at issue in this case and files in the possession of its President and will produce non-privileged documents, if any, regarding factors considered by Plaintiff SC NAACP while developing the maps submitted to the House Redistricting Ad Hoc Committee and

proposed in the First Amended Complaint.  The SC NAACP considered the factors laid out in

the 2021 Guidelines and Criteria for Congressional and Legislative Redistricting adopted by the

House Redistricting Ad Hoc Committee, *see*

https://redistricting.schouse.gov/docs/2021%20Redistricting%20Guidelines.pdf.

**REQUEST NO. 33:**

All documents and communications evidencing a prioritization of any specific

factor(s) considered by you while developing the maps submitted to the House Redistricting Ad

Hoc Committee and proposed in your Amended Complaint.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and

not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce

"[a]ll documents and communications" related to the prioritization of factors considered by SC

NAACP while developing maps submitted to the House Redistricting Ad Hoc Committee and

proposed in the First Amended Complaint.  Plaintiffs object to this request as duplicative of

Request No. 32.  Plaintiffs object to this Request to the extent it seeks information protected

from disclosure by the attorney-client privilege, the work product protection doctrine, or any

other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not

have possession of any non-privileged documents regarding factors considered by Plaintiff SC

NAACP while developing the maps submitted to the House Redistricting Ad Hoc Committee

and proposed in the First Amended Complaint.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections and once an appropriate

protective order is entered in this action, SC NAACP will search files related to the redistricting

cycle at issue in this case and files in the possession of its President and will produce non-

privileged documents, if any, regarding factors considered by Plaintiff SC NAACP while

developing the maps submitted to the House Redistricting Ad Hoc Committee and proposed in

the First Amended Complaint.  Relevant documents evidencing the factors considered by the SC

NAACP while developing the maps submitted to the House Redistricting Ad Hoc Committee

and proposed in Plaintiffs' Amended Complaint. have already been provided by the SC NAACP

and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and

its testimony before, the House of Representatives related to the current redistricting cycle and

therefore are already in House Defendants' possession.

**REQUEST NO. 34:**

All drafts of maps drawn by you or at your direction or request for any and all South

Carolina House and Congressional Districts in the last twelve (12) months.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and

not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce

"[a]ll drafts of maps" drawn by Plaintiffs or at their request for any South Carolina House and

Congressional districts in the last 12 months.  Plaintiffs object to this Request to the extent it

seeks information protected from disclosure by the attorney-client privilege, the work product

protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not

have possession of any non-privileged documents that reflect maps drawn by him or at his

direction for South Carolina House and Congressional Districts in the last 12 months, so he does

not have documents to produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections and once an appropriate

protective order is entered in this action, SC NAACP will search files related to the redistricting

cycle at issue in this case and files in the possession of its President and will produce non-

privileged documents, if any, that constitute maps drawn by SC NAACP or at its direction for

any and all South Carolina House and Congressional Districts in the last 12 months.

**REQUEST NO. 35:**

All documents and communications supporting your allegation that inaction of the

House Defendants creates the imminent risk of confusion prior to the current candidate

declaration deadline in March 2022 and possibly the June 2022 primaries. (See, e.g., Am.

Compl. at ¶ 177).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and

not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce

"all documents" supporting the allegation that inaction of the House Defendants creates an imminent risk of confusion prior to the current candidate deadline in March 2022 and possibly the June 2022 primaries.  Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond.  Plaintiffs object to this Request on the ground that it constitutes improper contention discovery.  *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.  Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

**REQUEST NO. 36:**

All documents and communications sent by you to SC NAACP members regarding the current redistricting cycle and/or the claims set forth in the First Amended Complaint. This request

includes but is not limited to communications published, posted, or otherwise transmitted electronically via the Internet.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and

not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce

"[a]ll documents and communications" sent by Plaintiffs to SC NAACP members regarding the

current redistricting cycle and/or the claims in the First Amended Complaint.  Plaintiffs object to

this Request to the extent it seeks information protected from disclosure by the attorney-client

privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not

have possession of any non-privileged documents that reflect communications sent by him to SC

NAACP members regarding the current redistricting cycle, so he does not have documents to

produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and

confer with House Defendants concerning the scope of this Request and information SC NAACP

is willing to provide concerning its members consistent with *NAACP v. Alabama*, 357 U.S. 449

(1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization

engaged in advocacy of particular beliefs" violates the constitutional right to freedom of

assembly).

**REQUEST NO. 37:**

All organizational documents for the SC NAACP, specifically including documents

44

evidencing registration with the South Carolina Secretary of State and identifying the

relationship, if any, with the National Association for the Advancement of Colored People

("NAACP").

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and

not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce

"[a]ll organizational documents."  Plaintiffs object to this Request on the ground that the

undefined term "organizational documents" is vague and ambiguous, rendering this Request

overly broad, unduly burdensome, and not proportional to the needs of the case.  Plaintiffs object

to this Request to the extent it seeks information protected from disclosure by the attorney-client

privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not

have possession of any non-privileged organizational documents for the SC NAACP, so he does

not have documents to produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections and once an appropriate

protective order is entered in this action, SC NAACP will search files related to the redistricting

cycle at issue in this case and files in the possession of its President and will produce non-

privileged documents, if any, sufficient to show SC NAACP's organizational structure, its SC

NAACP registration with the South Carolina Secretary of State, and its relationship with the

NAACP. Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and information SC NAACP is willing to provide concerning its members consistent with *NAACP v. Alabama*, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly).

**REQUEST NO. 38:**

A copy of the fee agreements you have with any and all counsel who have appeared in this litigation on your behalf.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll fee agreements you have with any and all counsel who have appeared in this litigation." Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**REQUEST NO. 39:**

All documents and communications evidencing that SC NAACP's members and constituents are unable to communicate their concerns to current members of Congress or congressional candidates. (See, e.g., Am. Compl. at ¶ 20a).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).

Subject to and without waiving the foregoing objections, Plaintiffs are no longer alleging that South Carolina's U.S. Congressional Districts are malapportioned in violation of the First and Fourteenth Amendments of the U.S. Constitution under Count Three of their Second Amended Complaint.  As a result, this claim is moot and Plaintiffs will not be producing documents or communications in response to this Request.

**REQUEST NO. 40:**

All documents and communications evidencing that any potential candidates for Congress are unable to come forward with policy platforms to be supported or opposed by you and SC NAACP's members and constituents until they know the borders of the Congressional districts in which they reside and could seek office. (See, e.g., Am. Compl. at ¶ 20b).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

47

Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).

Subject to and without waiving the foregoing objections, Plaintiffs are no longer alleging that South Carolina's U.S. Congressional Districts are malapportioned in violation of the First and Fourteenth Amendments of the U.S. Constitution under Count Three of their Second Amended Complaint. As a result, this claim is moot and Plaintiffs will not be producing documents or communications in response to this Request.

**REQUEST NO. 41:**

All documents and communications evidencing that SC NAACP members and constituents who are hindered from contributing financially to Congressional candidates until Congressional districts are reapportioned. (See, e.g., Am. Compl. at ¶ 20c).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be

used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).

Subject to and without waiving the foregoing objections, Plaintiffs are no longer alleging that South Carolina U.S. Congressional Districts are malapportioned in violation of the First and Fourteenth Amendments of the U.S. Constitution under Count Three of their Second Amended Complaint. As a result, this claim is moot and Plaintiffs will not be producing documents or communications in response to this Request.

**REQUEST NO. 42:**

A copy of all RPV analyses for South Carolina created, reviewed, considered or referenced by you in the last twelve (12) months, including any drafts. For versions for which native format files exist, the native files should be produced without alteration of modification.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll RPV analyses" for South Carolina in the last 12 months. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents that constitute RPV analyses, so he does not

49

have documents to produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections and once an appropriate protective order is entered in this action, SC NAACP will search files related to the redistricting cycle at issue in this case and files in the possession of its President and will produce non-privileged documents, if any, that constitute RPV analyses created or reviewed by SC NAACP in the last 12 months. SC NAACP relied upon analyses from the NAACP Legal Defense and Educational Fund, Inc. who contracted a consultant to do. The statewide results of which are part of the expert report of Baodong Liu.

**REQUEST NO. 43:**

A copy of all correspondence and documents or other information you sent to or received from any of the following organizations and/or its representatives that in any way reference, refer to or relate to the 2021 redistricting cycle in South Carolina and/or your claims in this case:

      i. League of Women Voters of South Carolina;

      ii. South Carolina Progressive Network;

      iii. NAACP Legal Defense and Educational Fund;

      iv. South Carolina Appleseed Legal Justice Center;

      v. American Civil Liberties Union;

      vi. American Civil Liberties Union of South Carolina;

      vii. South Carolina State Conference of the NAACP;

      viii. South Carolina Legislative Black Caucus; and

      ix. Democratic National Committee

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll correspondence and documents" sent to or received from 9 organizations and their representatives. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any documents related to the redistricting cycle at issue in this case and files in the possession of its President and will produce non-privileged correspondence, if any, with the above-referenced organizations relating to the 2021 redistricting cycle in South Carolina.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections and once an appropriate protective order is entered in this action, SC NAACP agrees to search files related to the redistricting cycle at issue in this case and files in the possession of its President and will produce non-privileged correspondence, if any, with the above-referenced organizations relating to the 2021 redistricting cycle in South Carolina.

Dated: February 2, 2022                  Respectfully submitted,

Leah C. Aden**                           */s/ Christopher J. Bryant*
Stuart Naifeh**                          Christopher J. Bryant, Fed. ID 12538
Raymond Audain**                         Boroughs Bryant, LLC
John S. Cusick**                         1122 Lady St., Ste. 208
NAACP Legal Defense & Educational Fund,  Columbia, SC 29201
Inc.                                     Tel.: (843) 779-5444
40 Rector St, 5th Fl.                    chris@boroughsbryant.com
NY, NY 10006
Tel.: (212) 965-7715                     Somil B. Trivedi**
laden@naacpldf.org                       Patricia Yan**
                                         American Civil Liberties Union Foundation
Antonio L. Ingram II*                    915 15th St., NW
NAACP Legal Defense & Educational Fund,  Washington, DC 20005
Inc.                                     Tel.: (202) 457-0800
700 14th St, Ste. 600                    strivedi@aclu.org
Washington, D.C. 20005                   pyan@aclu.org
Tel.: (202) 682-1300
aingram@naacpldf.org                     Allen Chaney, Fed. ID 13181
                                         American Civil Liberties Union
Samantha Osaki**                         of South Carolina
Adriel I. Cepeda-Derieux **              Charleston, SC 29413-0998
Sophia Lin Lakin *                       Tel.: (843) 282-7953
American Civil Liberties Union Foundation Fax: (843) 720-1428
125 Broad Street, 18th Floor             achaney@aclusc.org
New York, NY 10004
Tel.: (212) 549-2500                     Janette M. Louard*
sosaki@aclu.org                          Anthony P. Ashton*
                                         Anna Kathryn Barnes*
John A. Freedman*                        NAACP OFFICE OF THE GENERAL
Elisabeth S. Theodore*                   COUNSEL
Gina M. Colarusso*                       4805 Mount Hope Drive
John "Jay" B. Swanson*                   Baltimore, MD 21215
John M. Hindley*                         Tel: (410) 580-5777
ARNOLD & PORTER KAYE SCHOLER             jlouard@naacpnet.org
LLP                                      aashton@naacpnet.org
601 Massachusetts Ave., N.W.             abarnes@naacpnet.org
Washington, D.C. 20001
Tel: (202) 942-5000                      *Attorneys for Plaintiffs*

Jeffrey A. Fuisz*                        * Motion for admission *Pro Hac Vice*
Paula Ramer*                             forthcoming
Jonathan I. Levine*                      ** Admitted *Pro Hac Vice*
Theresa M. House*

ARNOLD & PORTER KAYE SCHOLER
LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER
LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 2, 2022, a true and correct copy of the foregoing was

served on all counsel of record by electronic mail.

/s/ *Christopher Bryant*
Christopher Bryant