# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>Taiwan Scott, on behalf of himself and all other similarly situated persons,<br><br>        Plaintiffs,<br><br>    v.<br><br>HENRY D. MCMASTER, in his official capacity as Governor of South Carolina; THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>        Defendants. | Case No. 3-21-cv-03302-JMC-TJH-RMG<br><br>**THREE-JUDGE PANEL**<br><br>**PLAINTIFFS' REPLY IN RESPONSE TO HOUSE AND SENATE DEFENDANTS' RESPONSES IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INFORMATION FROM HOUSE DEFENDANTS** |

**INTRODUCTION**

Plaintiffs hereby provide their Reply to the House Defendants (ECF 134) and Senate Defendants (ECF 133).  House and Senate Defendants arguments in opposition to Plaintiffs' Motion to Compel do not provide a basis why the documents withheld should not be compelled.

Defendants' recitation of the factual background leading up to Plaintiffs' Motion to Compel is factually inaccurate: Prior to filing the Motion to Compel (ECF 119), the parties reached an impasse on whether, and to what extent, Defendants could withhold requested documentation and information on the basis of legislative privilege.  As House Defendants recognize: "the Plaintiffs are correct that legislative privilege is not absolute;" it is qualified. ECF 134 at 12.  "Redistricting litigation presents a particularly appropriate circumstance for qualifying the state legislative privilege because judicial inquiry into legislative intent is specifically contemplated as part of the resolution of the core issue that such cases present." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323, 337 (E.D. Va. 2015) (three-judge panel).  As Plaintiffs demonstrated in the Motion , an analysis of the five-factor balancing test— which "[m]ost courts that have conducted this qualified privilege analysis in the redistricting context have employed" *see id*. at 337-38 (internal citations omitted)—compels disclosure of the evidence that Plaintiffs seek.  ECF 119 at 10.  Nothing in Defendants' Responses merit a different conclusion.

**ARGUMENT**

**I.    THE CONFERRAL REQUIEMENT WAS SATISFIED**

Contrary to House Defendants' assertions, after receiving Defendants' responses and objections to Plaintiffs' Requests for Production of Documents and First Set of Interrogatories, in which Defendants refused to produce requested documents and information on the basis of "legislative privilege, the attorney/client privilege, or the work-product doctrine," the parties

engaged in meaningful and extended consultations but were unable to resolve their differences. Plaintiffs filed a Motion to Compel to seek timely resolution of this matter so that meaningful production and depositions of legislators can commence.   Specifically:

    1.  On January 26, 2022, the parties conferred via a telephone conference, which primarily focused on procedural matters.  During this call, Plaintiffs made clear their view that Defendants' objections to RFPs and Interrogatories were overly broad and that only Defendant Henry D. McMaster (in his official capacity as Governor of South Carolina) had produced a privilege log, despite Senate Defendants and House Defendants' objections based on privilege. While House Defendants assert that "at no point during the January 26, 2022 discussion did Plaintiffs request or suggest a preliminary privilege log from House Defendants," ECF 134 at 8, [that is contested and ignores that a party withholding documents or information on the basis of privilege has the *burden* under the Federal Rules of Civil Procedure to produce a privilege log upon objecting.  *See* Federal Rule of Civil Procedure 26(b)(5) & 45(e)(2); *see also N.L.R.B v Interbake Foods, LLC*, 637 F.3d 492, 501 (4th Cir. 2011) ("A party asserting privilege has the burden of demonstrating its applicability.").  It is not sufficient for House Defendants to now argue that they cannot be held responsible for not providing a privilege log sooner because "Plaintiffs did not request one."

    2.  On February 1, 2022, the parties conferred via teleconference again and discussed Defendants' responses and objections to Plaintiffs' RFPs and Interrogatories.  As described in Plaintiffs' Motion to Compel (ECF 119 at 6-7), and acknowledged in House Defendants' Response (ECF 134 at 8), during this teleconference the parties discussed the scope of House Defendants' assertion of legislative privilege over certain documents and information.  House Defendants clarified the categories of information over which they claimed legislative privilege.

The parties also discussed House Defendants' objections to specific RFPs based on "overbreadth." Plaintiffs agreed to continue to confer and seek resolution on House Defendants' claim of overbreadth – specifically in relation to RFPs 2-3. But, with respect to the categories of information over which House Defendants asserted absolute, blanket protection based on legislative privilege, the parties had reached an impasse. Plaintiffs saw no merit in continuing a discussion when Defendants' viewed legislative privilege as absolute.[1]

3. On February 2, 2022, Plaintiffs reached out to House Defendants' counsel to confirm their understanding of House Defendants' position. *See* **Exhibit A**, Email from C. Bryant to J. Hollingsworth, of Feb., 2, 2022. Plaintiffs' counsel summarized Plaintiffs' view: "namely, it is our position that there are nonpublic communications/maps/documents responsive to our RFPs that are not covered by legislative privilege in the context of this redistricting litigation and that the same would apply to topics/interactions likely to arise in the depositions of Patrick Dennis and the legislative witnesses." *See id*. Plaintiffs' counsel asked House Defendants' counsel to clarify as necessary, but made clear Plaintiffs' understanding that "the House Defendants' position on legislative privilege is set in stone" *i.e.*, as stated during the February 1, 2022 meet-and-confer.

---

[1] In their brief, House Defendants conflate the two primary issues discussed during the February 1, 2022 meet-and-confer. ECF 134 at 10. House Defendants ask the Court to deny Plaintiffs' Motion to compel and "order the parties to engage in meaningful consultation on the scope of Plaintiffs' discovery requests so as to allow for resolution and production of any remaining responsive, non-privileged documents." ECF 134 at 19. But House Defendants' general objections to certain of Plaintiffs' RFPs based on overbreadth are separate from House Defendants' refusal to produce specific documents based on their assertion of legislative privilege. Plaintiffs' Motion only addresses the latter issue. As stated, with respect to RFPs 2-3, Plaintiffs agree to continue discussions with House Defendants to narrow the scope of Plaintiffs' requests. However, such discussions have no bearing on the documents and information House Defendants' refuse to provide in response to RFPs 5-6, 11-14, 17-19 and Interrogatories 2, 12, and 17.

In response to Plaintiffs' counsel email, House Defendants' counsel phoned Plaintiffs' counsel to explain that it was "possible" House Defendants could produce additional internal documents if Plaintiffs "would agree the production was without waiver or compromise of House Defendants' ability to assert legislative privilege in the case." *See* (ECF 134 at 10. House Defendants' vague offer to possibly provide documents only made one thing clear: that House Defendants have documents and information material to this case that they are withholding on the basis of legislative privilege. As Plaintiffs' counsel had explained, it is Plaintiffs' view that the legislators' legislative privilege is overcome in this case and thus House Defendants could not successfully withhold material evidence based on legislative privilege. Rather than wait for the trickle of sufficiently-descriptive responses that form the basis of House Defendants' assertion of legislative privilege (which, again, Plaintiffs' believe is overcome in this case), Plaintiffs sought a timely and definitive resolution of the broader issue and filed their Motion to Compel with the Court once it was clear to Plaintiffs that the parties had reached an impasse.[2]

4. Following the filing of the Motion to Compel on February 4, 2022, the House Defendants produced a "preliminary draft privilege log" that is "subject to revision" and presumably identifies only a fraction of the total documents/information in House Defendants' possession being withheld on the basis of legislative privilege. *See* **Exhibit B**, Letter from Jennifer Hollingsworth to Chris Bryant re: South Carolina State Conference of the NAACP, et

---

[2] House Defendants appear to simultaneously complain that "Plaintiffs' failure to consult should be fatal to the Motion" (ECF at 7) and that Plaintiffs waited too long to file the Motion (ECF at 10 "it would seem inexcusable that the prosecuting parties waited to this late date to file this Motion"). The truth seems to strike the proper balance: Plaintiffs did consult with Defendants on Defendants' assertion of legislative privilege and filed the Motion once it was clear to Plaintiffs that the parties had reached impasse and further consultation would be unfruitful.

al., v. McMaster, et al., *Case No. 3:21-cv-03302-JMC-TJH-RMG*, dated Feb. 4, 2022. This log confirms the need for relief from this Court.

For starters, House Defendants' have provided only a "preliminary" privilege log, which is "subject to revision," nearly *two weeks* after asserting legislative privilege in their responses and objections to Plaintiffs' RFPs and Interrogatories. Waiting for House Defendants to complete their privilege log before inevitably filing the Motion would have been a pointless exercise and only served to delay resolution of this important question.

Moreover, House Defendants' "preliminary" privilege log demonstrates that there are, at least, hundreds of pages of documentation directly responsive to Plaintiffs' RFPs and Interrogatories that House Defendants are withholding on the sole basis of legislative privilege.[3] Specifically, House Defendants list the following documents as withheld on the sole basis of legislative privilege:

- Maps (Doc ID/Range: MAP1-260) – "printouts of individual House Districts drawn by legislators prior to adoption of working draft staff plan;"

- Population data spreadsheets (Doc ID/Range: MAP261-516) – "population data details for maps labeled MAP1-260;"

- Email communication from Emma Dean (staff counsel) to legislators with draft map room procedures document; and

- "Draft Map Room Procedures" document.

As discussed below, even if the legislative privilege applies and the Court finds the totality of circumstances warrant selective, rather than full, disclosure of the assertedly privileged

---

[3] The list provided above does not include those items for which House Defendants assert multiple privileges. For those documents that House Defendants assert multiple privileges, *i.e.*, attorney/client and legislative, is it not clear from the provided descriptions what portion of the document in question is withheld based on legislative privilege or why.

6

documents in the House's possession, the Court should still compel the majority of the documents described above.

## II. THE CASES DEFENDANTS CITE DO NOT SUPPORT AN ABSOLUTE LEGISLATIVE PRIVILEGE

None of the cases that Defendants cite support recognizing an absolute evidentiary privilege in civil cases that implicate important federal interests. Although House Defendants correctly recognize that the legislative privilege is not absolute but qualified and can be overcome (*see* ECF 134 at 13-14), both House and Senate Defendant rely on the Court's holding in *Backus v. South Carolina*, No. 3:11-cv-03120-HFF-MBS-PMD (D.S.C. Feb. 9, 2012) (provided at Exhibit G to House Defs.' Response; Exhibit A to Senate Defs., Response) as "the most important precedent on this specific legal issue." ECF 134 at 14. Senate Defendants in particular rely heavily on *Backus* to argue that the Court should hold that legislative privilege shields South Carolina legislators and their aides from compelled production of documents or of information or testimony." ECF 133 at 3. Essentially, Senate Defendants argue that the legislators have an absolute privilege that is not overcome in this case. They claim that Plaintiffs "cite a handful of cases in which district courts have deemed legislative privilege 'qualified' and subject to a five-factor analysis in redistricting cases involving claims of intentional discrimination. But neither the Supreme Court nor *any* circuit court has adopted that approach to date." *Id*. at 4.

In *Backus*, the court granted the defendant legislators' motion to quash plaintiffs' Rule 30(b)(6) Notice of Deposition, preventing plaintiffs from obtaining oral testimony "concerning communications or deliberations involving legislators or their agents regarding their motives in

7

enacting legislation." *See* ECF No. 134, Exhibit A, at 2.  The court's decision in *Backus* is silent on the issue of requested *documents* and information responsive to written interrogatories.

Moreover, as to this evidentiary question, the Supreme Court has recognized a more limited legislative privilege grounded in federal common law.  *See United States v. Gillock*, 445 U.S. 360 (1980).  At issue in *Gillock* was whether a state legislator could assert the privilege to prevent the government from introducing evidence of his legislative acts during a federal criminal prosecution.  The Court held the answer was no.  The Court pointed to the Supremacy Clause, under which federal law prevails over state law "in those areas where the Constitution grants the Federal Government the power to act." *Id.* at 370.  In light of that principle, the Court concluded, notions of comity do not require federal courts to recognize a state legislative privilege in cases involving important federal interests. *Id.* at 373.  Senate Defendants seek to limit *Gillock* to its facts—*i.e.*, as qualifying the legislative privilege only in federal criminal prosecutions.  ECF No. 133 at 5.  But the Court explained the privilege's limits in substantially broader terms, stating that "where important federal interests are at stake, *as in* the enforcement of federal criminal statutes, comity yields." *Gillock*, 445 U.S. at 373 (emphasis added).  In other words, federal criminal cases are one class of cases involving sufficiently important federal interests—but they are not the only ones.

Accordingly, legislative privilege does not bar evidence or testimony about legislative acts in criminal *or* civil cases that seek to advance important federal interests by enforcing federal law.  As explained further below, many lower courts have reached this conclusion, rejecting the legislators' position that *Gillock* only limits the legislative privilege in criminal cases. *See, e.g.*, *Comm. for a Fair & Balanced Map v. Ill. State Bd. of Elections*, 2011 WL 4837508, at *7 (N.D. Ill. Oct. 12, 2011) (relying on *Gillock* to reject an argument for absolute

8

legislative privilege in a redistricting case, since "[t]he federal government's interest in enforcing voting rights statutes is, without question, important").

Since *Gillock*, numerous courts have concluded that state legislators enjoy only a qualified evidentiary privilege, including in the civil context. Contrary to Defendants assertions, that includes Federal Circuit courts, such as the Eleventh Circuit, which expressly recognized that "a state lawmaker's legislative privilege *must yield* in some circumstances where necessary to vindicate important federal interests." *In re Hubbard*, 803 F.3d 1298, 1311–12 (11th Cir. 2015) (emphasis added). The First Circuit also recognized that the state legislative privilege is qualified and subject to a balancing test in civil cases, *see Am. Trucking Ass'ns, Inc. v. Alviti*, 14 F.4th 76, 88 (1st Cir. 2021), as have the Fifth Circuit and Ninth Circuit, *see Lee v. City of Los Angeles*, 908 F.3d 1175, 1187 (9th Cir. 2018) (acknowledging that there are some circumstances where "the privilege must yield to the need for a decision maker's testimony"); *Jefferson Cmty. Health Care Ctrs., Inc. v. Jefferson Parish Gov't*, 849 F.3d 615, 624 (5th Cir. 2017) (noting that "the legislative privilege for state lawmakers is, at best, one which is qualified" and "must be strictly construed").

As demonstrated in Plaintiffs' Motion to Compel (ECF 119 at 9-15), numerous district courts across the country (including three-judge panels hearing redistricting challenges) have similarly recognized that state legislators have only a qualified evidentiary privilege in civil cases. *See, e.g.*, *Benisek v. Lamone*, 263 F. Supp. 3d 551, 553 (D. Md. 2017) ("[T]he legislative privilege becomes qualified when it stands as a barrier to the vindication of important federal interests and insulates against effective redress of public rights."); *City of Greensboro v. Guilford Cty. Bd. of Elections*, 2016 WL 11660626, at *7 (M.D.N.C. Dec. 20, 2016); *Bethune-Hill v. Va. State Bd. of Elecs.*, 114 F. Supp. 3d 323, 332-345 (E.D. Va. 2015); *N.C. State Conference of the*

9

*NAACP v. McCrory*, 2014 WL 12526799, at *2 (M.D.N.C. Nov. 20, 2014); *Page v. Va. St. Bd. of Elections*, 15 F. Supp. 3d 657, 666 (E.D. Va. 2014); *see also Harris v. Ariz. Indep. Redistricting Comm'n*, 993 F. Supp. 2d 1042, 1070 (D. Ariz. 2014) ("State legislators do not have an absolute right to refuse deposition or discovery requests in connection with their legislative acts.").

These well-reasoned decisions, along with the broad language in *Gillock*, squarely refute Defendants' position in this case. State legislators' evidentiary privilege is qualified not just in criminal prosecutions, but also in civil cases that implicate important federal interests, including cases like this one. The Court's decision in *Backus* does not bar such a finding.

### III. EVEN IF THE LEGISLATIVE PRIVILEGE APPLIES, IT DOES NOT BAR ALL OF THE EVIDENCE REQUESTED BY PLAINTIFFS

In any event, even if the Court concludes that the Defendant legislators can invoke legislative privilege in this case, it should require Defendants to produce documents and information, and permit depositions, on topics that fall outside the privilege's scope. Assuming the legislative privilege applies here, the Supreme Court has squarely rejected the notion that the privilege covers *all* matters involving legislative goals or the legislative process. Addressing the Speech or Debate Clause protections for federal legislators, the Court held that the privilege can extend to "matters beyond pure speech or debate in either House, but *only* when necessary to prevent indirect impairment of [the] deliberations" of the legislature. *Gravel v. U.S.*, 408 U.S. 606, 625 (1972) (emphasis added) (denying absolute testimonial privilege and allowing grand jury to require that an aide to a federal legislator testify).

Even if, as House Defendants argue (ECF 134 at 13), the Court finds that "the totality of circumstances warrant the selective disclosure of the assertedly privileged documents" it should, consistent with *Bethune-Hill*, still order Defendants to produce (1) any documents or communications created after the redistricting legislation's date of enactment; (2) any documents

10

or communications shared with, or received from, any individual or organization outside the employ of the legislature; (3) all documents or communications reflecting factual information, regardless of source – this includes all materials and information available to lawmakers at the time a decision was made;[4] and (4) all documents or communications produced by committee, technical, or professional staff for the legislators that reflect opinions, recommendations, or advice. *Bethune-Hill*, 114 F. Supp. 3d at 342-44. House Defendants claim that "none of the categories addressed in *Bethune-Hill* include documents that House Defendants believe should not be produced as the basis of legislative privilege in this case." ECF 134 at 13. Yet, the "preliminary" privilege log identifies hundreds of pages of purely factual information and analysis—that is, drawn maps and population data spreadsheets for those maps, as well as the procedures outlining use of the Draft Map Room – available to lawmakers, presumably available to House Defendants at the time a decision was made, being withheld on the basis of legislative privilege. Although Plaintiffs do not yet know the full extent of withheld documents, these documents represent a clear example of factual information available to legislators at the time of decision-making that courts have found should be produced even if the legislative privilege applies. No doubt, there is a plethora of additional documents and information responsive to Plaintiffs' RFPs and Interrogatories but not yet identified that Defendants are withholding. Rather than wait for Defendants to slowly compile a sufficient privilege log of such documents, Plaintiffs respectfully request the Court to compel production of such documents and information.

---

[4] *Bethune-Hill*, 114 F. Supp. 3d at 343 (citing *Comm. for a Fair & Balanced Map, v. Ill. State Bd. of Elections*, No. 11 C 5065, 2011 WL 4837508 (N.D. Ill. Dec. 15, 2011) at *9) (internal brackets omitted)).

**CONCLUSION**

For the foregoing reasons, Defendants' Responses with respect to legislative privilege should be rejected by this Court. The parties did engage in meaningful consultation on the issue of legislative privilege and were unable to resolve their differences. Thus, for the reasons stated above and in Plaintiffs' Motion to Compel Production (ECF 119), this Court should enter an order pursuant to Plaintiffs' request.

Dated: February 7, 2022

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP Legal Defense & Educational Fund, Inc.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Antonio L. Ingram II*
NAACP Legal Defense & Educational Fund, Inc.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Samantha Osaki**
Adriel I. Cepeda Derieux **
Sophia Lin Lakin *
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
sosaki@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Gina M. Colarusso*
John "Jay" B. Swanson*

Respectfully submitted,

*/s/ Christopher J. Bryant*
Christopher J. Bryant, Fed. ID 12538
Boroughs Bryant, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org
pyan@aclu.org

Allen Chaney, Fed. ID 13181
American Civil Liberties Union
of South Carolina
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes*
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive

John M. Hindley\*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000

Jeffrey A. Fuisz\*
Paula Ramer\*
Jonathan I. Levine\*
Theresa M. House\*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000

Sarah Gryll\*\*
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300

Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiffs*

\* Motion for admission *Pro Hac Vice* forthcoming
\*\* Admitted *Pro Hac Vice*