# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| The South Carolina State Conference of the NAACP, and Taiwan Scott, on behalf of himself and all other similarly situated persons,<br><br>     Plaintiffs,<br><br>    v.<br><br>Henry D. McMaster, *in his official capacity as Governor of South Carolina*; Harvey Peeler, *in his official capacity as President of the Senate*; Luke A. Rankin, *in his official capacity as Chairman of the Senate Judiciary Committee*; James H. Lucas, *in his official capacity as Speaker of the House of Representatives*; Chris Murphy, *in his official capacity as Chairman of the House of Representatives Judiciary Committee*; Wallace H. Jordan, *in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee*; Howard Knabb, *in his official capacity as interim Executive Director of the South Carolina State Election Commission*; John Wells, *Chair*, Joanne Day, Clifford J. Elder, Linda McCall, and Scott Moseley, *in their official capacities as members of the South Carolina State Election Commission*,<br><br>    Defendants. | Civil Action No.: 3:21-cv-03302-JMC<br><br><br>**ORDER** |

   The court hereby appoints Mr. Frank Rainwater, Executive Director of the South Carolina Revenue and Fiscal Affairs Office, as a technical advisor to the court. In this neutral role, Mr. Rainwater will assist the court in understanding the redistricting and mapping technology employed by the parties and their experts, and in analyzing and understanding districting plans submitted to this court. In the event the court must create a districting plan after trial, Mr.

1

Rainwater and his staff will be directed to draw a districting plan for the court under its direct supervision and strictly within its directives. He will provide neutral and confidential expertise on technical matters as they arise in this case. He is appointed under the broad discretion of the district court to employ a technical advisor, in those rare and "truly extraordinary cases where the introduction of outside skills and expertise, not possessed by the judge, will hasten the just adjudication of a dispute without dislodging the delicate balance of the juristic role." *Reilly v. United States*, 863 F.2d 149, 156 (1st Cir. 1988). Notably, Mr. Rainwater is not appointed under the authority of Fed. R. Evid. 706 regarding the appointment of court experts nor Fed. R. Civ. P. 53 regarding special masters, and will not be called upon to offer evidence or testify in this case. He will not act as a finder of fact nor advise the court on any matters of law. He is therefore not subject to examination, cross-examination, deposition, or testing by the parties, and any confidential files and documents prepared by Mr. Rainwater and his staff are hereby protected from demands of production.

As the parties are aware, courts in this district adjudicating redistricting and reapportionment relied on the rule articulated in Reilly to appoint Mr. Bobby Bowers, Director of the Division of Research of Statistical Services of the State Budget and Control Board, "as technical advisor to the court pursuant to the inherent discretion of the court." *See Burton on Behalf of Republican Party v. Sheheen*, 793 F. Supp. 1329, 1339 (D.S.C. 1992*), vacated sub nom. Statewide Reapportionment Advisory Comm. v. Theodore*, 508 U.S. 968 (1993), *and vacated sub nom. Campbell v. Theodore*, 508 U.S. 968(1993); *Colleton Cty. Council v. McConnell*, 201 F. Supp. 2d 618, 625 (D.S.C. 2002), *opinion clarified* (Apr. 18, 2002). The Division of Research and Statistics became an independent agency operating as the Revenue and Fiscal Affairs Office

effective July 1, 2014, and Mr. Rainwater, as the Executive Director of this agency, apprises the same role in this case.

      **IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 8, 2022
Columbia, South Carolina