**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>     Plaintiffs,<br><br>  v.<br><br>HENRY D. MCMASTER, in his official capacity as Governor of South Carolina; THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>     Defendants. | **Case No. 3-21-cv-03302-JMC-TJH-RMG**<br><br>**THREE-JUDGE PANEL**<br><br>**PLAINTIFFS' RESPONSE TO GOVERNOR MCMASTER'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' [FIRST] AMENDED COMPLAINT** |

Governor McMaster's motion for summary judgment is prudentially moot. Prudential mootness is "[t]he cousin of the mootness doctrine, in its strict Article III sense." *Chamber of Com. of U.S. of Am. v. U.S. Dep't of Energy*, 627 F.2d 289, 291 (D.C. Cir. 1980). "Unlike Article III mootness, [prudential mootness] address[es] not the power to grant relief but the court's discretion in the exercise of that power." *Id.*

As discussed in their response to Governor McMaster's pending motion to dismiss, Plaintiffs named the Governor as a defendant because of his power to bring the Legislature back into session to pass maps, the Legislature has since passed those maps, and Plaintiffs have filed for leave to amend their complaint to address this development. *See* ECF No. 125. The proposed amended complaint removes the Governor as a defendant. ECF No. 116-2. But the Governor stands alone as the only one of eleven defendants to oppose Plaintiffs' motion to amend. ECF No. 117 (noting the Governor's opposition to the motion to amend). The Governor asks from this Court the same relief he would receive from Plaintiffs' proposed amended complaint: to no longer be a party to this case. This is a textbook example of the appropriate circumstances for the application of prudential mootness.

The doctrine of prudential mootness is a "mélange of doctrines relating to the court's discretion in matters of remedy and judicial administration." *MBIA Ins. Corp. v. F.D.I.C.*, 816 F. Supp. 2d 81, 101 (D.D.C. 2011), *aff'd*, 708 F.3d 234 (D.C. Cir. 2013) (*quoting Chamber of Commerce v. U.S. Dep't of Energy*, 627 F.2d 289, 291 (D.C.Cir.1980)). In the Fourth Circuit, a court considers three factors when determining whether a matter is prudentially moot: "(1) the court's inability to give an effective remedy because of developed circumstances; (2) the sensitivity and/or difficulty of the dispositive issue; and (3) the likelihood that the challenged act

would recur and evade review." *Smyth v. Carter*, 88 F. Supp. 2d 567, 571 (W.D. Va. 2000). Here, all three factors are easily met.

*First*, the Court cannot give an effective remedy because of the changed factual circumstances that gave rise to Plaintiffs' Proposed Second Amended Complaint. The remedy that Governor McMaster requests is not possible because Plaintiffs no longer seek to bring any claims against or seek any relief from Governor McMaster in the Proposed Second Amended Complaint. *See* ECF No. 116-2. Because the changed underlying facts, as discussed below, no longer support any of Plaintiffs' claims against the Governor, an order granting the Governor's motion would amount to an advisory opinion. This is neither an effective nor proper remedy because "federal courts established pursuant to Article III of the Constitution do not render advisory opinions." *United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947).

*Second*, a "sensitive and difficult issue" arises when Governor McMaster asks the Court to provide what amounts to an advisory opinion on constitutional issues like legislative immunity (ECF No. 115 at 8-10) and *Ex parte Young* (ECF No. 115 at 11) in the absence of a true case or controversy. Although an Article III case or controversy exists *on paper* because Plaintiffs' Amended Complaint is not yet superseded by the Proposed Second Amended Complaint, the facts on the ground have changed. Plaintiffs are no longer pursuing their First Amendment claim that was predicated on the Legislature's failure to pass U.S. Congressional maps because those maps have been passed. Similarly, Plaintiffs have removed Governor McMaster as a defendant because the Legislature came back into session and passed the U.S. Congressional maps; there is no need for the Governor to call the Legislature back into session, and the Governor himself concedes that this "purported basis for a claim" is now "officially moot." ECF No. 94 at 10. "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the

lawsuit," there is no longer an actual controversy about these issues. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). Fortunately, "the Fourth Circuit does not command a district court to perform the rigorous analysis of constitutional mootness if the case can be deemed moot for prudential reasons." *Smyth v. Carter*, 88 F. Supp. 2d 567, 570 (W.D. Va. 2000).

*Third*, the possibility that Plaintiffs would again seek to name Governor McMaster as a defendant in this case and assert a claim against him is infinitesimal. The Legislature has passed state House and Senate maps into law, as well as maps for U.S. Congress. The Legislature will be in session until May, obviating any potential claim that the Governor's presence in the case is necessary to call the Legislature back into session. Plaintiffs' motion for leave to file an amended complaint that would remove Governor McMaster from this case is presently pending before the Court. There is a trial set for the House maps, and Plaintiffs anticipate that another will be set soon for the U.S. Congressional maps. But if Governor McMaster should find himself again named as a defendant in this case, the undersigned trusts that his presence would not escape judicial review because it would mean, at a minimum, that South Carolina has made it to May 2022 without a judicial determination of the constitutionality of the districts challenged in Plaintiffs' Proposed Second Amended Complaint.

All the factors here weigh in favor of denying the Governor's motion for summary judgment on prudential mootness grounds. If the Court were to issue an order on the substance of the Governor's motion, it would be providing the Governor with an advisory opinion. The Court should refuse to do so, especially where the Governor has refused to consent to Plaintiffs' request for leave to file an amended complaint that drops the Governor as a party to this case due to changed underlying circumstances. For the abovementioned reasons, Plaintiffs request that the Court deny the Governor's motion as prudentially moot.

4

Dated: February 8, 2022

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP Legal Defense & Educational Fund, Inc.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Antonio L. Ingram II**
NAACP Legal Defense & Educational Fund, Inc.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Adriel I. Cepeda-Derieux **
Samantha Osaki**
Sophia Lin Lakin *
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
sosaki@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Gina M. Colarusso*
John "Jay" B. Swanson*
John Mark Hindley**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000

Jeffrey A. Fuisz**
Paula Ramer*
Jonathan I. Levine*
Theresa M. House*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000

Respectfully submitted,

*/s/ Christopher J. Bryant*
Christopher J. Bryant, Fed. ID 12538
Boroughs Bryant, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org
pyan@aclu.org

Allen Chaney, Fed. ID 13181
American Civil Liberties Union
of South Carolina
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes*
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiffs*

\* Motion for admission *Pro Hac Vice* forthcoming
\*\* Admitted *Pro Hac Vice*

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300