# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, <br><br> and <br><br> TAIWAN SCOTT, on behalf of himself and all other similarly situated persons, <br><br> *Plaintiffs*, <br><br> v. <br><br> HENRY D. MCMASTER, in his official capacity as Governor of South Carolina; HARVEY PEELER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, JOANNE DAY, CLIFFORD J. ELDER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina State Election Commission, <br><br> *Defendants*. | Case No.: 3:21-cv-3302-JMC-TJH-RMG <br><br><br><br><br><br> **GOVERNOR MCMASTER'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Defendant Henry D. McMaster, in his official capacity as Governor of South Carolina ("Governor McMaster" or "Governor"), by and through the undersigned counsel, submits this Reply in Support of his Motion for Summary Judgment (ECF No. 115).

Plaintiffs' Response—which is virtually identical to their Response to the Governor's Motion to Dismiss—again offers no answer to the Governor's arguments on legislative immunity, standing, or *Doyle v. Hogan*, 1 F.4th 249 (4th Cir. 2021), and *Ex parte Young*, 209 U.S. 123 (1908). So, once again, Plaintiffs have conceded those issues. *See Campbell v. Rite Aid Corp.*, No. 7:13-CV-02638-BHH, 2014 WL 3868008, at *2 (D.S.C. Aug. 5, 2014).

What is surprising about Plaintiffs' cut-and-paste Response to the Motion for Summary Judgment is that they inexplicably ignore every argument from the Governor's Reply in Support of his Motion to Dismiss that explained the flaws in Plaintiffs' prudential-mootness argument. *See* ECF No. 127. In that Reply, the Governor explained why prudential mootness is no longer a viable doctrine under current Supreme Court case law, *see id.* at 2–4, and how, even if the doctrine is still alive, none of the three factors that Plaintiffs identify based on a 22-year-old decision from another district is met here, *see id.* at 4–7. In the interest of brevity, the Governor incorporates his previous arguments, which are equally applicable here, need not be repeated, and remain unrebutted by Plaintiffs.

Plaintiffs' failure to respond to any of the arguments the Governor raised in his Reply in Support of his Motion to Dismiss strongly indicates that Plaintiffs don't have a response to those points. "[O]ur system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020) (cleaned up); *cf. Aikens v. Ingram*, 652 F.3d 496, 506 (4th Cir. 2011) (Diaz, J., concurring) (a "district court certainly was not obligated to scour the record for possible defenses" a party did not raise). Plaintiffs' silence to the Governor's arguments from less than a week ago on this very topic is deafening.

The fact that Plaintiffs have again refused to disavow seeking any eventual relief against the Governor further magnifies the Governor's concerns regarding Plaintiffs' prejudicial efforts to side-step the Governor's arguments and sideline him as a party. *See* ECF No. 127, at 7. Not only have Plaintiffs continued to suggest that the Governor may be needed for relief if their preferred maps are not in effect by May, *see* ECF No. 142, at 4, but Plaintiffs also have chosen not to amend their interrogatory response explaining their theory of why the Governor is necessary for relief, *see* ECF No. 115-1, at 7 (contending that the Governor was necessary for relief because he must "be involved in the compliance and enforcement of any remedial map," to include exercising his "authority under the South Carolina Constitution to sign or veto" any "remedial map in response to a Court ruling"). Their own contentions therefore continue to belie their assertion of prudential mootness.

For the foregoing reasons, the Court should grant Governor McMaster's Motion for Summary Judgment.

Respectfully submitted,

s/Wm. Grayson Lambert
Thomas A. Limehouse, Jr. (Fed. Bar No. 12148)
*Chief Legal Counsel*
Wm. Grayson Lambert (Fed. Bar No. 11761)
*Senior Legal Counsel*
Michael G. Shedd (Fed. Bar No. 13314)
*Deputy Legal Counsel*
OFFICE OF THE GOVERNOR
South Carolina State House
1100 Gervais Street
Columbia, South Carolina 29201
(803) 734-2100
tlimehouse@governor.sc.gov
glambert@governor.sc.gov
mshedd@governor.sc.gov

                Christopher E. Mills (Fed. Bar No. 13432)
                SPERO LAW LLC
                557 East Bay Street #22251
                Charleston, South Carolina 29413
                (843) 606-0640
                cmills@spero.law

                *Counsel for Governor McMaster*

February 10, 2022
Columbia, South Carolina