**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, <br><br> and <br><br> TAIWAN SCOTT, on behalf of himself and all other similarly situated persons, <br><br>                    Plaintiffs, <br><br>           v. <br><br> HENRY D. MCMASTER, in his official capacity as Governor of South Carolina; THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission, <br><br>                    Defendants. | C/A No. 3:21-cv-03302-JMC-TJH-RMG <br><br><br> **HOUSE DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

Defendants James H. Lucas (in his official capacity as Speaker of the South Carolina House of Representatives), Chris Murphy (in his official capacity as Chairman of the South Carolina House of Representatives Judiciary Committee), and Wallace H. Jordan (in his official capacity as

1

Chairman of the South Carolina House of Representatives Redistricting Ad Hoc Committee) (collectively, the "**House Defendants**"), by and through their undersigned counsel, hereby reply to the Plaintiffs' Response in Opposition (ECF No. 124) to the House Defendants Motion to Dismiss the First Amended Complaint (ECF No. 91).

## APPLICABLE STANDARD

Challenges to standing are addressed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See Pitt Cnty. v. Hotels.com, L.P.,* 553 F.3d 308, 311 (4th Cir. 2009) (noting that the district court re-characterized a defendant's challenge to standing from a motion to dismiss for failure to state a claim under Rule 12(b)(6) to a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)). When a motion pursuant to Rule 12(b)(1) raises a challenge to the factual basis for subject-matter jurisdiction, the burden of proving subject-matter jurisdiction is on the plaintiff. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768–69 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). In determining whether jurisdiction exists, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir.1987)). As such, this Panel "should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Trentacosta*, 813 F.2d at 1559 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

**FURTHER DISCUSSION**

I. **Plaintiff South Carolina State Conference NAACP does not have associational standing because it has not identified any members who were harmed or identified what those harms might be.**

While merely alleging that it "has associational standing" (ECF No. 124 at 4), Plaintiff South Carolina State Conference NAACP ("**SC NAACP**") has failed to identify any of its members that reside in any of the Challenged Districts. House Defendants requested that the SC NAACP "[p]rovide a list or otherwise identify by name and address all 'members and constituents' of SC NAACP as described in the Complaint and specifically identify for each person which House District he/she/they lives in." House Defendants' Interrogatory No. 4 to SC NAACP. Plaintiff SC NAACP objected to this Interrogatory "to the extent it seeks disclosure of the identity of its membership or volunteers that is protected by *NAACP v. Alabama*, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly), or that otherwise infringes upon SC NAACP's or its members' or volunteers' right to privacy under federal, state, and any other applicable laws." **Exhibit A**, SC NAACP Response to House Defendants' Interrogatory No. 4. The President of the SC NAACP, Brenda Murphy, was also instructed by NAACP Legal Defense and Education Fund counsel not to provide any information or documents related to her organization's membership in the Challenged Districts.[1] *See* **Exhibit B**, Selected Pages of Transcript of Brenda Murphy's Deposition.

---

[1] During Ms. Murphy's deposition on February 4, 2022, NAACP Legal Defense and Education Fund counsel instructed Ms. Murphy not to answer any questions about membership of her organization. *See* Murphy Dep. 22:11-24; 64:20-65:14; 70:2-4; 171:19-24; 182:22-24. House Defendants noted that such an objection was not proper under Local Civ. Rule 30.04(C) (D.S.C.). *See* Murphy Dep. 65:2-3. Still, Plaintiffs have yet to file a motion for a protective order on the matter, despite the agreed upon three-day time period has long since elapsed. (*See* ECF No. 118 at ¶ 4).

In its response to the House Defendants' Motion to Dismiss, SC NAACP alleges that just by having unnamed members in 77 branches and 46 counties in South Carolina, it "is more than plausible that a member resides in each Challenged District." (ECF No. 124 at 3). Plaintiff SC NAACP states, without citation, that "[c]ontrolling case law…requires no more at this stage." *Id.*

Despite the Plaintiffs' claims, the Sixth Circuit Court of Appeals has very recently noted that federal courts must "vigilantly ensure that an association's members have incurred a personal injury." *Ass'n of Am. Physicians & Surgeons v. United States Food & Drug Admin.*, 13 F.4th 531, 534 (6th Cir. 2021). Indeed, the Sixth Circuit dismissed a complaint where the plaintiff association "failed to plausibly plead that any member has been injured by the actions of the" defendant. *Id.*

Plaintiffs' response cites *Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958) and says that "where compelled membership disclosure could violate individual members' freedom of association and right to privacy, 'particularly where a group espouses dissident beliefs,' associational standing is also appropriate." (ECF No. 124 at 4). However, the Sixth Circuit made clear that *Patterson* "did not address when an entity that has sustained no injury may sue on behalf of those who have." *Ass'n of Am. Physicians & Surgeons v. United States Food & Drug Admin.*, 13 F.4th at 538-39. The Sixth Circuit explained that in *Patterson*, "the NAACP was sued in state court by state officials who sought its membership list," and, because the state was seeking the identities of all members, the Supreme Court "held that the NAACP could invoke the constitutional rights of its members in defense against producing this list." *Id.* at 539 (citing *Patterson*, 357 U.S. at 452-60). The Sixth Circuit clearly stated that "[t]hese facts show that *Patterson* concerned third-party standing, not associational standing." *Id.* Thus, *Patterson* "has not jettisoned the usual rule that the plaintiff before the court must have suffered an injury." *Id.*

Further, the Supreme Court has noted that the "requirement of naming the affected members has never been dispensed with in light of statistical probabilities [of being injured], but only where all the members of the organization are affected by the challenged activity." *Summers v. Earth Island Inst.*, 555 U.S. 488, 498-99 (2009) (citing *Patterson*, 357 U.S. at 459) (all organization members affected by release of membership lists). To satisfy associational standing requirements, "an organization must do more than identify a likelihood that the defendant's conduct will harm an unknown member in light of the organization's extensive size or membership base." *Physicians & Surgeons v. United States Food & Drug Admin.*, 13 F.4th at 543 (citing *Summers* 555 U.S. at 498-99. Instead, the "organization must instead identify a member who has suffered (or is about to suffer) a concrete and particularized injury from the defendant's conduct." *Id.*; *see also S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) (explaining, on an appeal from a motion to dismiss, that a homeowners association had "failed to identify a single specific member" and that "[t]his failure to follow the requirement articulated in *Summers* would seem to doom its representational standing claim" while rejecting attempts to evade *Summers*).

The Supreme Court has stated that mere allegations "that some (unidentified) members …will suffer (unidentified) concrete harm as a result" of the defendants' actions is a "novel approach to the law of organizational standing," which "would make a mockery of our prior cases." *Summers*, 555 U.S. at 499. A "cryptic" reference to the identity of members of an association will not suffice. *Pharm. Rsch. & Manufacturers of Am. v. Becerra*, No. 1:21-CV-1395 (CJN), 2021 WL 5630798, at *5 (D.D.C. Dec. 1, 2021). The complaint, together with materials incorporated by reference, must provide the Court with sufficient information to identify by name at least one member that possesses standing to sue. *Id.*

Applying this precedent to the facts and allegations here, it is undisputed that the SC NAACP is not alleging that all of its members are affected by Act No. 117. In the Amended Complaint, Plaintiffs allege that only the members in the Challenged Districts "have been and, if H. 4493 is not enjoined, will continue to be harmed by H. 4493's assignment of them to unconstitutionally racially gerrymandered districts and purposefully dilutive districts." (ECF No. 84 at ¶ 18). This make sense given that Plaintiffs' claims of discrimination in redistricting require a "district-by-district" analysis, and an analysis of racial gerrymandering in the State "as a whole" would be legally erroneous. *Ala. Legis. Black Caucus v. Ala.*, 575 U.S. 2542, 255 (2015). In Plaintiffs' case, the Challenged Districts consist of 28 of the 124 House Districts enacted by Act No. 117. (ECF No. 84 at ¶ 9). While the SC NAACP alleges it has members in every county in South Carolina, the Challenged Districts do not encompass all 46 counties. Therefore, the Challenged Districts cannot affect all members of the SC NAACP. House Defendants are not seeking information about every member of the SC NAACP. Instead, House Defendants are seeking the Plaintiffs to carry their burden of proving the factual basis for standing and subject-matter jurisdiction. To this point, Plaintiffs have failed to satisfy this burden and instead are asking the Court to trust them that they have members in each Challenged District that have been injured by the actions of the Defendants. Meanwhile, Plaintiffs have produced a mere 46 documents, half of which are duplicates, and have not yet produced any privilege log, while they simultaneously try to invade the deliberative process of governmental officials without a minimum showing of standing.

Where Plaintiff SC NAACP has been unable (or unwilling) to provide <u>any</u> information about their alleged members residing in the Challenged Districts, such as their position in the organization, which branches they belong to, or the process by which the SC NAACP identified

6

and contacted these members. *Compare to Luce v. Kelly*, No. 21-CV-1250, 2022 WL 204373, at *5 (N.D. Ill. Jan. 24, 2022) ("organizations' identification of members, by age and county of residence, suffices at the pleadings stage to establish member standing."). As such, Plaintiffs have been unable to meet their burden of stablishing that they have associational standing.

Moreover, a voter who is not directly harmed by the Challenged Districts "lacks standing to pursue a racial gerrymandering claim." *Alabama Legislative Black Caucus*, 575 U.S. at 263. (citing *United States v. Hays*, 515 U.S. 737, 744–45 (1995)). The Supreme Court's "district-specific language makes sense in light of the nature of the harms that underlie a racial gerrymandering claim." *Id*. "Those harms are personal." *Id*. They include being "personally ... subjected to [a] racial classification," *Bush v. Vera*, 517 U.S. 952, 957 (1996) (principal opinion), as well as being represented by a legislator who believes his "primary obligation is to represent only the members" of a particular racial group, *Shaw v. Reno*, 509 U.S. 630, 648 (1993). Those harms "directly threaten a voter who lives in the district attacked," but the harms "do not so keenly threaten a voter who lives elsewhere in the State." *Alabama Legislative Black Caucus*, 575 U.S. at 263. In this case, the Plaintiffs have been unable (or refuse) to point to any specific harm suffered by any one or more members in each of the Challenged Districts.  Because Plaintiff SC NAACP has failed to identify any members in the Challenged Districts and had failed to identify any specific harm suffered in each and every Challenged District, Plaintiffs do not have standing and this Panel does not have subject-matter jurisdiction over their purported claims, such that these claims against the House Districts must be dismissed.

## II. Plaintiff Taiwan Scott does not live in any Challenged District and is not challenging the House Districts.

Plaintiffs allege in their Proposed Second Amended Complaint that Plaintiff Taiwan Scott ("**Scott**") resides in Congressional District 1 and is "harmed by the congressional map." (ECF No.

7

116-2 at ¶¶ 22-23). Further, Plaintiff Scott, in his Interrogatory Answers, admits that he is "not serving as a plaintiff alleging that certain South Carolina House Districts are racially gerrymandered in violation of the Fourteenth Amendment of the U.S. Constitution or that H. 4493 was enacted with a discriminatory intent in violation of the Fourteenth and Fifteenth Amendments of the U.S. Constitution." Plaintiff Scott Response to House Defendants' Interrogatory No. 1. As such, Plaintiff Scott, by his own admission, does not have standing as to the Challenged Districts.

### III. Plaintiffs fail to sufficiently allege facts for either racial gerrymandering or intentional discrimination claims.

Plaintiffs allege that "House Defendants fail to address Plaintiffs' intentional discrimination allegations, which involve a different standard and burden of proof than racial gerrymandering claims." (ECF No. 124 at 3). However, Plaintiffs still have that burden of proof and have not met that burden or, more importantly at this stage, the federal pleading requirement as to this claim or the racial gerrymandering claim. House Defendants noted in their Motion to Dismiss that "Plaintiffs improperly assume the intent of the General Assembly based on a quick look at the map and some cursory statistics." (ECF No. 91 at 11). Indeed, that Plaintiffs have offered no other evidence for either their claims of racial gerrymandering or intentional discrimination. In their Amended Complaint, Plaintiffs offer the same factual allegations as to both of their claims. (*See* ECF No. 84 at ¶¶ 160, 168, 170). Plaintiffs failed to differentiate the factual allegations between racial gerrymandering and intentional discrimination. In their Motion to Dismiss, House Defendants thoroughly addressed the allegations for both claims for all the Challenged Districts by showing that race was not the predominant factor used in drawing any of the Challenged Districts and race-neutral factors and traditional redistricting principles were used.

Plaintiffs have only offered bare unsupported allegations of intentional discrimination, and House Defendants sufficiently addressed those pleading deficiencies in their Motion to Dismiss.

## CONCLUSION

House Defendants respectfully submit the above arguments in support of their Motion to Dismiss the First Amended Complaint (ECF No. 91).

*[signature page follows]*

9

Respectfully submitted,

*/s/ Mark C. Moore*
Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Erica H. Wells (Fed. ID No. 13206)
Hamilton B. Barber (Fed. ID No. 13306)
Michael A. Parente (Fed. ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
EWells@nexsenpruet.com
HBarber@nexsenpruet.com
MParente@nexsenpruet.com

William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900
Greenville, SC 29601
Telephone: 864.370.2211
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Rhett D. Ricard (Fed. ID No. 13549)
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401
Telephone: 843.720.1707
RRicard@nexsenpruet.com

February 10, 2022
Columbia, South Carolina

*Attorneys for James H. Lucas, Chris Murphy, and Wallace H. Jordan*