# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| The South Carolina State Conference of the NAACP, and Taiwan Scott, on behalf of himself and all other similarly situated persons,<br><br>        Plaintiffs,<br><br>v.<br><br>Henry D. McMaster, *in his official capacity as Governor of South Carolina*; Harvey Peeler, *in his official capacity as President of the Senate*; Luke A. Rankin, *in his official capacity as Chairman of the Senate Judiciary Committee*; James H. Lucas, *in his official capacity as Speaker of the House of Representatives*; Chris Murphy, *in his official capacity as Chairman of the House of Representatives Judiciary Committee*; Wallace H. Jordan, *in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee*; Howard Knabb, *in his official capacity as interim Executive Director of the South Carolina State Election Commission*; John Wells, *Chair*, Joanne Day, Clifford J. Elder, Linda McCall, and Scott Moseley, *in their official capacities as members of the South Carolina State Election Commission*,<br><br>        Defendants. | Civil Action No.: 3:21-cv-03302-JMC<br><br><br><br><br><br>**ORDER AND OPINION** |

Before the court is Plaintiffs' Motion to Amend/Correct the Amended Complaint. (ECF No. 116.) Defendant Governor Henry McMaster ("Governor") entered a Response in Opposition to the Motion. (ECF No. 117.) The Second Amended Complaint removes Governor McMaster as a defendant (ECF No. 116-1) and adds new claims regarding the newly-enacted U.S. House

1

map delineating congressional districts. (ECF No. 116 at 3.)  The Governor previously filed a Motion for Summary Judgment (ECF No. 115), in which he challenged Plaintiffs' impending request to dismiss him as a defendant in their forthcoming Motion to Amend the Complaint.  For the following reasons, the court **GRANTS** Plaintiffs' Motion to Amend (ECF No. 116) as set forth below.  The Governor's pending Motion to Dismiss (ECF No. 94) and Motion for Summary Judgment (ECF No. 115) are therefore **DENIED AS MOOT**.

## I.     LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 15

Motions to amend a pleading are governed by Rule 15 of the Federal Rules of Civil Procedure.  "A plaintiff may amend his complaint one time as a matter of course before the defendant files a responsive pleading." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); Fed. R. Civ. P. 15(a).  "Once the defendant files a responsive pleading, however, the plaintiff may amend his complaint only by leave of the court or by written consent of the defendant." *Id*.

Leave to amend pleadings shall be "freely give[n] when justice so requires."  Fed. R. Civ. P. 15(a) (2012).  It is the United States Court of Appeals for the Fourth Circuit's "policy to liberally allow amendment in keeping with the spirit of . . . [Rule] 15(a)." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010).  Leave to amend pleadings should be denied under Rule 15(a) only when the non-moving party proves (1) prejudice, (2) bad faith by the moving party, or (3) futility. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).  Lack of prejudice alone ordinarily warrants granting leave to amend.  *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

## II.     ANALYSIS

Plaintiffs insist the court should grant their Motion to Amend because the Governor is the only defendant opposing the amendment[1] "for the sole purpose of receiving rulings on motions that the Second Amended Complaint would moot." (*Id*.) Plaintiffs further assert that keeping the Governor in the case for the singular purpose of ruling on his Motion for Summary Judgment will only cause delays in an already time-constrained case. (*Id*.) The Governor's opposition is primarily motivated by "Plaintiffs' attempt to dismiss him as a defendant and thereby avoid a ruling on the important issues the Governor has repeatedly raised." (ECF No. 117 at 2.) The Governor argues he will be prejudiced without "a judicial declaration . . . that [he] was improperly sued in the first place." (*Id*. at 4.) Finally, the Governor counters Plaintiffs' allegations regarding potential delay, asserting that a ruling on his pending Motion for Summary Judgment "will not delay anything else in this case." (*Id*. at 5.)

Here, the court grants Plaintiffs' Motion to Amend both with respect to the new claims as well as the dismissal of the Governor as a defendant. It is not at all apparent from the facts presented that the Governor's dismissal would cause sufficient prejudice to justify denying Plaintiffs leave to amend. "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 426. Generally, "[t]he further the case progressed before judgment was entered, the more likely it is that [subsequent] amendment will prejudice the defendant." *Id*. at 427.

---

[1] Indeed, the Governor does not oppose amendment to the extent Plaintiffs seek to add new claims regarding the U.S. House districts recently enacted by the Legislature. (ECF No. 117 at 2.) Because the new U.S. House districts were not yet enacted at the time Plaintiffs filed their First Amended Complaint, the court grants Plaintiffs' Motion to Amend with respect to the new claims. The sole question here is whether the Governor will be prejudiced by his dismissal from the lawsuit through the amendment.

While trial is scheduled to begin in a few weeks, the parties are still in the beginning stages of discovery. The Governor has not been forced to expend substantial resources throughout the pretrial phase. And this amendment does not "rais[e] a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant,] offered shortly before or during trial." *Laber*, 438 F.3d at 427. The Governor will not be required to gather or analyze any new facts, because he is no longer party to the case.

Prejudice is a limited concept, which courts have generally not extended to a party's loss of a potentially favorable ruling. It concerns the party's resource interests in the case, as opposed to any broad-based interests in creating favorable law for future litigation.[2] Indeed, the Governor effectively requests an advisory opinion regarding the "threshold jurisdictional issues" raised in his Motion for Summary Judgment. (ECF No. 115.) Here, Plaintiffs do not intend to pursue legal claims against the Governor. Additionally, the court's resolution of claims that have not, and will never be litigated among *these* parties in *this* case, is improper in light of its limited jurisdiction. The Governor's response repeatedly references Plaintiffs' lack of standing. But without an active case against him, it is the Governor who arguably lacks standing to challenge his dismissal. As no prejudice has been shown (and cannot be shown, in the absence of caselaw supporting the

---

[2] The Governor cites *Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384 (2001), for the proposition that "a plaintiff may not voluntarily dismiss a defendant under Fed. R. Civ. P. 41 if the dismissal will prejudice a defendant." (ECF No. 117 at 2.) In this case, however, Plaintiffs have not filed a Rule 41 Motion, and instead, seek to amend their complaint under the liberal policy of Fed. R. Civ. P. 15. Considering Rule 41 dismissals, the Fourth Circuit mused that "[a]dmittedly, one can question the wisdom of allowing a party, through adroit lawyering, to dismiss a case in order to avoid an unfavorable decision on the merits after the court has considered the evidence . . . However, '[o]ur task is to apply the text, not to improve upon it.'" *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 547 (4th Cir. 1993). The court must "'give the Federal Rules of Civil Procedure their plain meaning,'" which in this case weighs in favor of allowing the amendment. *Id*. at 545 (quoting *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 123 (1989)).

Governor's position), the court will not wade into the weighty issues of official immunity and federal jurisdiction broached in the Governor's Motion for Summary Judgment. (ECF No. 115 at 8-13.)

Moreover, due to impending election deadlines, the parties and the court face a substantially truncated pretrial schedule. The interests of judicial economy weigh in favor of granting Plaintiffs' voluntary motion to amend their complaint and remove a defendant from the case. Ruling on motions to adjudicate the claims of a defendant Plaintiffs no longer intend to keep in the case will not further the ends of justice.

Because the Governor will not be prejudiced by the amendment, the court grants Plaintiffs leave to amend their complaint. (ECF No. 116).

### III.   CONCLUSION

After careful consideration, the court **GRANTS** Plaintiffs' Motion to Amend/Correct Complaint (ECF No. 116) and **DENIES** the Governor's pending Motion to Dismiss (ECF No. 94) and Motion for Summary Judgment (ECF No. 115) **AS MOOT**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 10, 2022
Columbia, South Carolina