**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>Taiwan Scott, on behalf of himself and all other similarly situated persons,<br><br>        Plaintiffs,<br><br>        v.<br><br>THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>        Defendants. | **Case No. 3-21-cv-03302-JMC-TJH-RMG**<br><br>**THREE-JUDGE PANEL**<br><br>**PLAINTIFFS' OBJECTIONS TO HOUSE DEFENDANTS' PRIVILEGE LOG** |

**INTRODUCTION**

Plaintiffs hereby provide their Objections to House Defendants "Initial Privilege Log" (ECF No. 145) ("Privilege Log"), which "supplements the preliminary privilege log provided to Plaintiffs' counsel on February 4, 2022," filed with the Court on February 9, 2022 pursuant to the Court's February 8, 2022 Text Order (ECF No. 139). In **Exhibit A**, Plaintiffs provide their objections to each entry of the Privilege Log. Plaintiffs herein summarize the bases for their objections.

**BACKGROUND**

On February 10, 2022, the Court issued an Order (ECF No. 153) granting Plaintiffs' Motion to Compel (ECF No. 119) in part. Applying the five *Bethune-Hill* factors, the Court's Order concluded that because "each factor weighs in favor of at least some degree of disclosure, the court rejects Defendants' broad conception of the legislative privilege, and orders Defendants to produce requested documents, communications, and information which are relevant to the broad issue of legislative motivation in the enactment of H. 4493, subject to the limitations discussed in this order." (ECF No. 153 at 16-17) (referring to *Bethune-Hill v. Virginia State Board of Elections*, 114 F. Supp. 3d 323, 336 (E.D. Va. 2015)). By the terms of the Court's Order, Plaintiffs, "at a minimum, are entitled to the following discovery:

1. Depositions of all legislators, staff (including Map Room staff) and consultants involved in the development, design and/or revisions of H. 4493;

2. All versions of maps and related documents produced during the course of the development, design, and/or revisions of H. 4493 and sufficient data to determine the date and time such maps were produced and the persons involved in submitting and reviewing them;

2

3.      All documents which relate in any manner to the intent behind any proposed design and/or revision of the H. 4493 or any individual district referenced in Plaintiffs' Amended Complaint;

4.      All documents related to any racially polarized voting analysis utilized in the development, design and/or revision of H. 4493;

5.      Documents which identify and/or describe any computer software utilized in the development, design and/or revising of H. 4493;

6.      Any documents produced and/or provided by persons not legislators or staff which relate to the development, design and/or revision of H. 4493; and

7.      All documents which address any changes in districts from the existing House Plan to H. 4493."

(ECF No. 153 at 17-18).

## ARGUMENT

Plaintiffs' object to House Defendants' assertions of legislative privilege over the documents, communication, and/or information identified in their Privilege Log, as the materials identified are either subject to discovery pursuant to the Court's February 10, 2022 Order (ECF No. 153) ("Order") or do not qualify as materials protected by legislative privilege. House Defendants' attorney-client and attorney work product privilege claims similarly fail for most of the documents identified. Also, there are several identified documents for which House Defendants' privilege claims lack sufficient detail to demonstrate an entitlement to any privilege. House Defendants bear the burden of demonstrating an entitlement to a privilege. They have failed to meet their burden for each identified document.

**I. THE TERMS OF THE COURT'S ORDER REQUIRE HOUSE DEFENDANTS TO PRODUCE THE MATERIALS FOR WHICH THEY ASSERT LEGISLATIVE PRIVILEGE**

By the terms of the Court's February 10, 2022 Order, the documents and communications House Defendants have withheld based on legislative privilege should now be disclosed. For example, *495* of the Privilege Log's 591 entries describe copies of draft district maps and the supporting population data details for those maps. House Defendants must produce these maps and their supporting population data – as well any other draft maps not identified in the Privilege Log because they constitute "[a]ll versions of maps and related documents produced during the course of the development, design, and/or revisions of H. 4493." House Defendants must also produce "sufficient data to determine the date and time such maps were produced and the persons involved in submitting and reviewing them." (ECF No. 153 at 17).

Pursuant to the Court's Order, House Defendants must also produce "[a]ll documents which relate in any manner to the intent behind any proposed design and/or revision of the H. 4493 or any individual district referenced in Plaintiffs' Amended Complaint." (ECF No. 153 at 17). Although it is difficult to discern from the vague descriptions provided in the Privilege Log, some entries seem to qualify. For example, Privilege Log Nos. 498, 501, 504, 508, 521-22, 528-30, and 538 (communications "regarding draft map" or "map planning") and 506, 509-520 (communications "regarding legislative drafting") appear to relate to communications that would likely speak to House Defendants' intent behind any proposed design and/or revision of the map ultimately passed in H. 4493. (ECF No. 153 at 17-18). These communications also appear to contain "versions of maps and related documents produced during the course of the development, design, and/or revisions of H. 4493" and/or relate to House Defendants' intent. (ECF No. 153 at 17-18). *See Ashmore v. Kanavas*, Civil Action No. 8:14-cv-04279-JMC, 2015 WL 6408160, at *2 (D.S.C. Oct. 21, 2015) (Childs, J.) (citations omitted) (cleaned up)

4

("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. For purposes of discovery, then, information is relevant, and thus discoverable, if it bears on, or reasonably could lead to other matters that could bear on, any issue that is or may be in the case."); Fed. R. Civ. P. 26(b)(1) (providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ").

These concerns apply to other communications and documents that House Defendants have identified. By way of example, Privilege Log Nos. 531-32, which are documents/email communications titled "RE: Redistricting 'REDACTED'" and Log Nos. 533-536, titled "RE: Update to 'REDACTED'" are "[c]ommunication[s] among legislative staff and staff counsel regarding process planning for legislation." These appear to fall within the Court's Order as documents subject to discovery, as either produced during the course of the development, design, and/or revisions of H. 4493 or as related to the intent behind any proposed design and/or revision of the H. 4493. (ECF No. 153 at 17). Alternatively, these documents may contain strictly factual information not afforded legislative privilege. *See Bethune-Hill*, 114 F. Supp. 3d at 343. For these reasons, documents and communications like these are not covered by the legislative privilege and must be produced.

In addition to the clear language of the Court's Order, Plaintiffs note that "strictly factual information – regardless of source" are not covered by legislative privilege and should be produced. *See e.g.*, *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323, 343 (E.D. Va. 2015) (citing *Comm. for Fair and Balanced Maps v. Ill. State Bd. of Elections*, No. 11 C 5065, 2011 WL 4837508, at *9 (N.D. Ill. Oct. 12, 2011)). "This includes all 'materials and information available to lawmakers at the time a decision was made." *Id*. Thus, in addition to

Plaintiffs objections based on the Court's Order, Plaintiffs object to House Defendants' assertions of legislative privilege over "strictly factual information," which includes population data for the draft district maps and any other factual information available to legislators at the time of drafting maps and enacting H. 4493. Not only do these documents contain quintessentially factual information that is not covered by the privilege, the data may contain data on the racial composition of each district which may be evidence of the House Defendants' racially discriminatory intent and thus should be produced. *See e.g.*, *City of Greensboro v. Guilford Cnty. Bd. of Elections*, 1:15cv559, 2016 WL 11660626, at *5 (M.D.N.C. Dec. 20, 2016).

In short, Plaintiffs object to each of House Defendant's assertions of legislative privilege as stated in their privilege log. *See* **Exhibit A** (providing Plaintiffs' objections to House Defendant's Privilege Log). Plaintiffs submit that none of the identified materials should be afforded legislative privilege and House Defendants must produce those documents, communications, and/or information now explicitly subject to discovery pursuant to the Court's Order and applicable law.

## II. HOUSE DEFENDANTS' ATTORNEY-CLIENT PRIVILEGE AND ATTORNEY WORK PRODUCT DOCTRINE ASSERTIONS FAIL

House Defendants' attorney-client privilege and attorney work product privilege assertions lack merit.

The attorney-client privilege "only protects communications that are made to or from attorneys, and the communication must seek *legal advice*, a legal service, or some assistance with a legal proceeding." *CSX Transp., Inc. ex rel. Norfolk & Portsmouth Belt Line R.R. Co. v. Norfolk S. Railway Co.*, CIVIL ACTION NO. 2:18-cv-530, 2020 WL 12862960, at *1 (E.D. Va. Aug. 21, 2020) (emphasis added). Many of the House Defendants' assertions do not meet this

requirement. For instance, Privilege Log No. 559 is an "--- Untitled Document ---" described as "[c]ommunication between staff counsel regarding redistricting update." Such communications appear to be exclusively related to the redistricting process, or pending legislation, and not for the purpose of seeking legal advice. Similarly, Privilege Log No. 590, is a "[c]ommunication among staff counsel regarding request for information" titled "RE: reapportionment expenses." There are no details suggesting that this communication was made for the purpose of legal advice. As a result, communications like these must be produced.

The attorney work product doctrine protects "material which reflects an attorney's efforts to investigate and prepare a case are protected from discovery if such material was created in *anticipation of litigation*." *Bethune-Hill*, 114 F. Supp. 3d at 348 (emphasis added) (internal quotation marks omitted). In the context of redistricting, legislative counsel cannot "withhold documents pertaining to pending legislation." *Id.* Here, most of the work product doctrine assertions fall flat. For example, in Log No. 509, House Defendants seek the protection of the work product doctrine over a "draft amendment" that is a "communication between staff counsel regarding legislative drafting." Privilege Log Nos. 531-32, titled "RE: Redistricting 'REDACTED,'" similarly seek work product protection (in addition to legislative privilege, addressed above) for email communications between legislative staff and staff counsel regarding "process planning for legislation." First, it is clear that these documents were not created in anticipation of litigation but rather in the "ordinary course" of legislation. *See id.*[1] Second, this document appears to pertain to pending legislation and, therefore is not protected by the work product doctrine. *Id.* For these reasons, such documents must be produced in this litigation.

---

[1] The House Defendants did not assert the legislative privilege over this document.

### III. HOUSE DEFENDANTS FAIL TO MEET THEIR BURDEN OF DEMONSTRATING AN ENTITLEMENT TO ANY PRIVILEGE

Finally, many of the bases for the House Defendants' privilege claims lack sufficient detail to demonstrate an entitlement to any of the above privileges. The House Defendants' bear the burden of demonstrating an entitlement to a privilege. For documents like REL00011524, which was described as an "[a]dmin notifying staff counsel of message" and claimed to be protected by the attorney-client and legislative privileges, must be produced because the House Defendants failed to meet its burden in describing the basis for its privilege.

### CONCLUSION

For the reasons above, the House Defendants must produce the documents where they are not entitled to any of the aforementioned privileges or fail to demonstrate an entitlement to those privileges.

Dated: February 11, 2022

Respectfully submitted,

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP Legal Defense & Educational Fund, Inc.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Antonio L. Ingram II*
NAACP Legal Defense & Educational Fund, Inc.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Samantha Osaki**
Adriel I. Cepeda Derieux **
Sophia Lin Lakin *

/s/ Christopher J. Bryant
Christopher J. Bryant, Fed. ID 12538
Boroughs Bryant, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org
pyan@aclu.org

Allen Chaney, Fed. ID 13181
American Civil Liberties Union of South Carolina
Charleston, SC 29413-0998

American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
sosaki@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Gina M. Colarusso*
John "Jay" B. Swanson*
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000

Jeffrey A. Fuisz**
Paula Ramer**
Jonathan I. Levine*
Theresa M. House*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300

Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes*
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiffs*

\* Motion for admission *Pro Hac Vice* forthcoming
\*\* Admitted *Pro Hac Vice*