# Exhibit A

NEXSEN|PRUET

Jennifer J. Hollingsworth
Member
Admitted in SC

February 4, 2022

**VIA ELECTRONIC MAIL ONLY**

Christopher J. Bryant, Esq.
Boroughs Bryant, LLC
1122 Lady Street, Ste. 208
chris@boroughsbryant.com

Re:   South Carolina State Conference of the NAACP, et al., v. McMaster, et al.
*Case No. 3:21-cv-03302-JMC-TJH-RMG*

Dear Chris,

Thank you for Plaintiff The SC NAACP ("SC NAACP") and Plaintiff Taiwan Scott's ("Scott") (collectively at times, "Plaintiffs") written responses and answers to the discovery served by our clients, Defendants James H. Lucas, Chris Murphy, and Wallace H. Jordan ("House Defendants"), in the above-referenced case. Having performed an initial review of the responses, a copy of which we have attached for your convenience, we felt it prudent to consult with you as soon as possible to address the below issues pursuant to Rules 37(a) and 11 of the Federal Rules of Civil Procedure, in hopes of resolving the below deficiencies quickly and without the assistance of the Court. While there are a number of other issues that will still need to be addressed for specific responses, in the interest of expediency, House Defendants have identified several broad deficiencies upon initial review that warrant more immediate attention.

### Boilerplate Objections

First, Plaintiff SC NAACP and Plaintiff Scott objected to each and every one of the Interrogatories and Requests for Production on the basis that they were "overly broad, unduly burdensome, and not proportional to the needs of the case." As to many of the Interrogatories, Plaintiff SC NAACP and Plaintiff Scott refused to lodge any answer whatsoever, asserting only the same blanket objections as to all or most of the Interrogatories. Plaintiffs similarly "incorporate by reference the Continuing

Austin
Charleston
Charlotte
**Columbia**
Greensboro
Greenville
Bluffton / Hilton Head
Myrtle Beach
Raleigh

1230 Main Street
Suite 700 (29201)
PO BOX 2426
Columbia, SC 29202
www.nexsenpruet.com

T (803) 540-2112
F 803.727.1446
E JHollingsworth@nexsenpruet.com
Nexsen Pruet, LLC
**Attorneys and Counselors at Law**

Objections" as to each and every one of the Requests for Admission, nonetheless interposing a response to most of them. The nearly identical objection based on breadth, undue burden, and proportionality was also lodged in response to nearly every Request for Production.

It is well-settled in the District of South Carolina, like in many others, that boilerplate objections are "meaningless" and should be deemed "meritless." *Curtis v. Time Warner Ent.-Advance/Newhouse P'ship*, 2013 WL 2099496, at *2 (D.S.C. May 14, 2013); *see also United States v. Town of Irmo*, S.C., 2020 WL 1025686, at *5 (D.S.C. Mar. 3, 2020) ("Parties are prohibited from asserting conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable.") As Judge Anderson explained in in *Curtis*:

> The parties shall not recite a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of [vagueness, proportionality, or undue burden] and then state that, "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such an objection and answer preserves nothing and serves only to waste the time and resources of both the parties and the court. Further, such practice leaves the requesting party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered.

2013 WL 2099496 at *2. While it is not uncommon to see a number of these broad objections in discovery responses, a repetitive parroting for nearly every propounded request is insufficient under the Rules. It is unclear to House Defendants the extent to which information has been withheld in response to each of the Interrogatories, the Requests for Admission, and the Requests for Production, and whether Plaintiffs are responding to all or part of each of the discovery requests. Please promptly provide supplemental responses with the requested information as to each of House Defendants' discovery requests or otherwise amend the responses to comport with the discovery rules.

**Information Asserted to be in the Custody or Control of House Defendants**

Plaintiff SC NAACP further objected to Interrogatories 1 through 10 on the basis that each "seeks information that is in the possession, custody, or control of the House Defendants." Plaintiff Scott lodged the same objection to Interrogatories 1, 3, and 4. Plaintiffs also asserted the same objection as to Requests for Production Nos. 3, 4, 5, 8, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, and 35.

Federal courts have "unambiguously stated that this exact objection is insufficient to resist a discovery request." *Jackson v. W. Va. Univ. Hosps., Inc.*, 1:10-CV-107, 2011 WL 1831591, at *2 (N.D. W. Va. May 12, 2011) (collecting cases finding the same). Production through discovery requests insures both parties to the litigation will be working from the same documents at depositions or at trial, that there is a certification by counsel that the document produced is the document that will be relied upon, and that experts will be able to rely on a common set of documents. *Id.* at *3. These protections do not exist with respect to documents not produced in discovery. Furthermore, as to each of the above Interrogatories and Requests for Production, it is not clear to House Defendants what information and documents, if any, have been withheld on the basis of this objection, which highlights the deficiency of this type of response. For example, Plaintiffs lodged such an objection in response to Request for Production No. 8, which asks for "[a]ll documents you intend to rely upon at trial or use to question any witness during a deposition." An objection to production on the basis that "information" is "in the possession, custody, or control of House Defendants" is inappropriate without the accompanying identification of such responsive information. Please supplement and respond accordingly to each of these discovery requests.

## Proper Custodians for Investigation

It appears that Plaintiff SC NAACP has limited its intention to search for responsive documents in response to Request for Production Nos. 4, 10, 29, 30, 31, 32, 33, 34, 37, 42, and 43 to "files related to the redistricting cycle at issue and files in the possession of its President". As you know, FRCP 34(a)(1) provides that "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control." The limitation of the search described in these objections does not comport with the Plaintiff organization's obligations under Rule 34. Plaintiff SC NAACP is required to search for all responsive documents in the SC NAACP's possession, custody, or control. Accordingly, all such responses should be revised and responsive documents produced following a proper search as described herein.

## Legal Conclusions

Continuing Objection No. 7 contained within both Plaintiff SC NAACP's and Plaintiff Scott's Interrogatory answers states "Plaintiff objects to each Interrogatory to the extent it seeks a legal conclusion or requires Plaintiff to formulate a legal conclusion to fully respond." This Continuing Objection, setting aside the boilerplate nature, is improper pursuant to FRCP 33(a)(2), which specifically states "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention

that relates to the fact or the application of law to fact..." Though Plaintiffs have not lodged this objection to any of the individual Interrogatories, it is unclear what information, if any, has been withheld based on this improper objection.

As to Request for Admission Nos. 15, 20, 23, 24, 26, 27, 28, 29, 31, 37, 39, 44, 46, 48, 49, 52, and 53, Plaintiffs objected on the basis that each of these Requests for Admission "requests that Plaintiffs admit the truth of a legal conclusion." To the contrary, such Requests are appropriate pursuant to FCRP 36, which allows request for an admission to an ultimate fact, and an application of law to fact. *See, e.g., In re Carney*, 258 F.3d 415, 418 (5th Cir. 2001). In *Adventis*, the case cited by Plaintiffs to support their objection, the holding in fact was that the district court was bound by the parties' Rule 36 admission, stating "once a matter that is properly the subject of an admission under Rule 36(b) has been admitted during discovery, the district court is not free to disregard that admission." *Adventis, Inc. v. Consolidated Property Holdings, Inc.*, 124 Fed. Appx. 169, 172–173 (4th Cir. 2005). As such, the requests for admission in dispute, which requested the other party to admit that the trademarks in question were confusingly similar, was properly the subject of a Rule 36 admission.

Plaintiffs similarly object to Requests for Production Nos. 3, 12, 13, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 28, 30, 31, 35 "on the ground that [they] require[] Plaintiff to formulate a legal conclusion to respond." Request No. 3 is for "[a]ll non-privileged documents and communications, whether written, electronically stored or recorded (including audio) in your possession, custody, or control related to any claim or defense in this case." House Defendants cannot conceive of any possible construction of this Request that would require Plaintiffs to formulate a legal conclusion to respond, let alone that would render this Request objectionable on such grounds. Please promptly supplement Plaintiffs' responses and produce the requested information.

**Protective Order**

As to Request for Production No. 7, which requests [a]ny memoranda, affidavits, or other reports or opinions you have received from any expert witness," Plaintiffs responded, after asserting a number of boilerplate objections <u>identical</u> to its responses to other Requests, by stating "once an appropriate protective order is entered in this action, SC NAACP will produce all sources and materials relied upon by its experts." Inexplicably, Plaintiffs produced no documents in response to this Request nor any other Request with its written responses, despite never proposing such order or disclosing an intent to withhold production until the entry of such order. House Defendants find this position disingenuous, particularly given a confidentiality order was earlier drafted by House Defendants and circulated to Plaintiffs for comment on

January 24, 2022, and Plaintiffs' few comments were incorporated and the order submitted on February 3, 2022. The absence of a protective order was not a good faith reason to withhold production of documents, especially as House Defendants have produced and continue to produce documents on a rolling basis as soon as they have been practicably available regardless of the finalization of the confidentiality order. House Defendants simply marked documents that will be subject to the order as "Confidential" in order to quickly turn them over due to the expedited nature of this action. While we have subsequently received approximately 200 pages of production (produced in duplicate) from Plaintiffs, please promptly supplement any remaining documents that were needlessly withheld based on the confidentiality order.

### Contention Discovery

In response to each of the Requests for Production Nos. 12-13, 16-26, 28-31, 35, and 35-59, Plaintiffs lodged an objection "on the ground that it constitutes improper contention discovery." While House Defendants disagree as to the characterization of each one of these requests as "improper contention discovery," as the Requests were limited, specifically crafted questions, this objection is not sufficient to allow House Defendants to ascertain what deficiency Plaintiffs assert exist such that the parties can meaningfully confer in order to facilitate a response.

### Mutual Exchange of Anticipated Trial Exhibits

In response to Request for Production No. 8, Plaintiffs refused to produce any documents on the basis that, along with a number of boilerplate objections, "Plaintiffs agree to meet and confer with House Defendants concerning the parameters of a mutual exchange of anticipated trial exhibits or other materials that the parties intend to submit to the Court." Contrary to Plaintiffs' assertions, the Request is not "premature" prior to the exhibit disclosure deadline required under the Court's scheduling order, nor are House Defendants obligated to "meet and confer" for a "mutual exchange"—the response is not a valid reason to refuse the discovery. While Plaintiffs are not required to identify which documents and portions of documents they intend to attempt to introduce at trial, Plaintiffs are not entitled to withhold relevant documents they anticipate using at trial under the shield of the scheduling order. Because it is not clear the extent to which documents have been withheld in response to this Request, please produce all responsive documents accordingly.

### Privilege Log

Perhaps most perplexing in light of Plaintiffs' Motion to Compel, Plaintiffs did not produce any privilege log whatsoever or even indicate a privilege log is forthcoming.

The vast majority of Plaintiffs' discovery responses lodge an objection indicating they are withholding documents on the basis of privilege. Please promptly produce a privilege log so that it can be discerned what documents are in the possession of Plaintiffs and withheld for privilege so that the claim can be assessed as provided in the discovery rules.

As noted at the outset, House Defendants are continuing to review Plaintiffs' discovery responses and will further consult in good faith on additional deficiencies as they are identified.

We appreciate your attention to the issues raised herein, and look forward to receipt of Plaintiffs' supplemental responses and responsive documents. If Plaintiffs do not intend to produce the requested information, please advise by 12:00 p.m. on Wednesday, February 9, 2022, so that the appropriate relief can be sought from the Court by way of motion.

Very truly yours,

Jennifer J. Hollingsworth
Attachments

cc:    Counsel of Record