UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |  |
|---|---|---|
| The South Carolina State Conference<br>Of the NAACP, | ) ) ) | |
|  | ) | Civil Action No.: 3:21-cv-03302-JMC |
| and | ) ) | |
| Taiwan Scott, on behalf of himself and all<br>Other similarly situated persons, | ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | |
| **Thomas C. Alexander,** in his official<br>capacity as President of the Senate;<br>**Luke A. Rankin**, in his official capacity as<br>Chairman of the Senate Judiciary;<br>**James H. Lucas**, in his official capacity as<br>Speaker of the House of Representatives,<br>**Chris Murphy**, in his official capacity as<br>Chair of the House of Representatives<br>Judicial Committee;<br>**Wallace H. Jordan**, in his official capacity<br>as Chair of the House of Representatives<br>Elections Law Subcommittee;<br>**Howard Knapp**, in his official capacity as<br>Interim Executive Director of the South<br>Carolina State Election Commission;<br>**John Wells, JoAnne Day, Clifford J.**<br>**Edler, Linda McCall and Scott Moseley**,<br>in their official capacity as member of the<br>South Carolina State Election Commission, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ANSWER TO PLAINTIFFS'<br>SECOND AMENDED COMPLAINT** |
| Defendants. | ) ) ) | |

Defendants, Howard Knapp, in his official capacity as Executive Director[1] of the South

Carolina State Election Commission ("Election Commission"), and John Wells, JoAnne Day,

_____

[1] Although Howard Knapp is named in the Second Amended Complaint as the "Interim"
Executive Director of the Election Commission and he formerly had the interim designation, on

Clifford Edler, Linda McCall, and Scott Moseley, in their official capacities as members of the Election Commission, (herein collectively referred to as "Election Defendants") hereby answer the Second Amended Complaint by denying each and every allegation not hereinafter specifically admitted or otherwise qualified and demanding strict proof thereof, and further respond as follows:

**FOR A FIRST DEFENSE**
**INTRODUCTION**

1.      Paragraphs 1 through 5 (including the footnote to Paragraph 3) do not contain allegations against these Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the timing of the South Carolina General Assembly's redistricting process, the purported motivations of the legislators who enacted redistricting legislation, and the motivations of Plaintiffs in bringing this lawsuit. To the extent Paragraphs 1 through 5 contain allegations against any Election Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 1 through 5 contain allegations about any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

2.      Paragraph 6 does not contain allegations against these Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about House Bill 4493 ("H. 4493") and the purported motivations of the legislators who enacted it. Election Defendants crave reference to the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraph 6 contains allegations against any Election Defendants to which a response

_____

January 27, 2022, the Election Commission hired Mr. Knapp as the agency's permanent Executive Director of the agency.

is required, the allegations are denied. To the extent Paragraph 6 contains allegations about any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

3.      Paragraphs 7 and 8 do not contain allegations against these Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about Senate Bill 865 ("S. 865") and allegations about the purported motivations of the legislators who enacted it. Election Defendants crave reference to the text of S. 865 itself and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations.  To the extent Paragraphs 7 and 8 contain allegations against any Election Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 7 and 8 contain allegations about any other person or entity, Election Defendants admit only the accuracy of the date S. 865 was enacted. Otherwise, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

4.      Paragraph 9 (including the footnote contained therein) does not contain allegations against these Election Defendants requiring a response, but generalized statements, editorial comments, and opinions about H. 4493 and S. 865, and allegations about the way the legislators who enacted these bills used race as a factor in drawing the lines, the motivation and intent of these legislators, and legal conclusions about this process violating the Voting Rights Act of 1965 ("VRA"). Election Defendants crave reference to the text of H. 4493 and S. 865, the district lines themselves, the VRA, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations.  To the extent Paragraph 9 contains allegations against any

Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 9 contains allegations about any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

5.    Paragraph 10 does not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the enacted House redistricting plan, by using the example of reapportioned House Districts 51 and 67 in Sumter County, the racial makeup of these districts, and the motivations and intent of legislators in how these lines were drawn. Election Defendants crave reference to the text of H. 4493 itself, the Districts as reflected in House redistricting plan, the underlying Census data, the VRA, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. With respect to the Figure in Paragraph 10, Election Defendants lack knowledge sufficient to confirm its accuracy, and therefore deny same. To the extent Paragraph 10 is construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraph 10 is construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

6.    Paragraph 11 does not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the enacted Congressional map, by using the example of the racial makeup in reapportioned CD 1 and CD 6, and allegations about the motivations and intent of legislators in how these lines were drawn. Election Defendants crave reference to the text of the legislation enacting the

Congressional plan and the Congressional Districts themselves, the underlying Census data, the VRA, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraph 11 is construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraph 11 is construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

7.     Paragraph 12 does not contain allegations against these Election Defendants requiring a response, but generalized statements, editorial comments, and opinions about the Challenged State House Districts, the way the legislators who enacted H. 4493 used race as a factor in drawing the lines, the motivation and intent of these legislators, and legal conclusions about this process violating the VRA and the U.S. Constitution. Election Defendants crave reference to the text of H. 4493 itself, the district lines themselves, the underlying Census data, the VRA, the U.S. Constitution, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraph 12 contains allegations against any Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 12 contains allegations about any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

8.     Paragraph 13 does not contain allegations against these Election Defendants requiring a response, but generalized statements, editorial comments, and opinions about the Challenged Congressional Districts, the use of race as a factor in drawing the lines, the motivation

and intent of these legislators, and legal conclusions about this process violating the VRA. Election Defendants crave reference to the text of the legislation enacting the Congressional plan and the Congressional Districts themselves, the underlying Census data, the VRA, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraph 13 contains allegations against any Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 13 contains allegations about any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

9.      Paragraph 14 does not contain allegations against these Election Defendants requiring a response, but generalized statements, editorial comments, and opinions about H. 4493 and S. 865, the legislative process and alternative proposals, the way the legislators who enacted these bills used race as a factor in drawing the lines, and the motivation and intent of these legislators. Election Defendants crave reference to the text of H. 4493 and S. 865, the district lines themselves, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations.  To the extent Paragraph 14 contains allegations against any Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 14 contains allegations about any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

10.      Paragraphs 15 and 16 do not contain allegations against these Election Defendants requiring a response, but legal conclusions about the Challenged House Districts and Challenged

Congressional Districts violating the Fourteenth and Fifteenth Amendments to the U.S. Constitution, and opinions about what this Court must do as a result. Election Defendants crave reference to the challenged S.C. House and Congressional District lines themselves, the relevant provisions of the U.S. Constitution, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 15 and 16 contain allegations against any Election Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 15 and 16 contain allegations about any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

## PARTIES

11.     Responding to Paragraphs 17 through 28, the Election Defendants incorporate by reference their responses to Paragraphs 14 through 28 of the First Amended Complaint, contained in Paragraphs 7 through 9 of the Election Defendants' Answer to the First Amended Complaint, filed on January 6, 2022. To the extent there are any remaining allegations in Paragraphs 17 through 28 which this response does not address and to which a further response is required, the allegations are denied.

12.     Paragraph 29 is admitted to the extent that it alleges Howard Knapp is the Executive Director of the Election Commission, although he is no longer the interim director. The Election Defendants further admit that the Election Commission's duties and responsibilities are set forth in Title 7, S.C. Code Ann. §§ 7-3-10, *et seq*., and Defendant Knapp is required to carry out the Executive Director's duties under § 7-13-45. Election Defendants crave reference to the requirements of the above statutes and all other provisions of Title 7 of the South Carolina Code,

denying any inconsistent allegations. To the extent a further response is required, the allegations are denied.

13.     Paragraph 30 is admitted to the extent that John Wells, JoAnne Day, Clifford J. Edler, Linda McCall, and Scott Moseley are members of the Election Commission and are charged with the powers and duties set forth in Title 7 of the South Carolina Code. Election Defendants crave reference to Title 7 and their powers and duties contained therein, and deny any inconsistent allegations. To the extent a further response is required, the allegations are denied.

## JURISDICTION AND VENUE

14.     Paragraph 31 states a legal conclusion which does not require a response. Election Defendants crave reference to the Fourteenth and Fifteenth Amendments to the Constitution of the United States.

15.     Paragraph 32 states a legal conclusion which does not require a response. Election Defendants crave reference to 28 U.S.C. §§ 1331, 1343(3) and (4), 2201, 2202, and 2284, as well as 42 U.S.C. §§ 1981, 1983 and 1988. Subject to and notwithstanding this, Election Defendants do not contest the subject matter jurisdiction of this Court.

16.     Paragraph 33 states a legal conclusion which does not require a response. Election Defendants crave reference to 28 U.S.C. § 2284(a). Subject to and notwithstanding this, Election Defendants admit that a three judge panel has been appointed.

17.     Paragraph 34 states a legal conclusion which does not require a response. Defendants crave reference to 28 U.S.C. § 1391(b) and § 2284. Subject to and notwithstanding this, Election Defendants admit that venue is proper in the U.S. District Court for the District of South Carolina, Columbia Division. Election Defendants would further state that venue in the U.S.

District Court for the District of South Carolina, Charleston Division, is neither proper nor convenient.

18.     Paragraph 35 states a legal conclusion which does not require a response. Subject to and notwithstanding this, Election Defendants admit that the Court has personal jurisdiction over the defendants in their official capacities.

## STATEMENT OF FACTS

19.     The allegations contained in the first and second sentences of Paragraph 36 are admitted, except that S.865 was assigned Act No. 118. The third sentence of Paragraph 36 requires no response.

20.     To the extent the unnumbered subheading between Paragraph 36 and Paragraph 37 is deemed to require a response, these Election Defendants deny the allegations.

21.     Paragraphs 37 through 44 (including the footnotes contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about complex, non-justiciable issues and historical events, with citations to periodicals, USDOJ guidance, and numerous federal court decisions. Election Defendants crave reference to the VRA, all federal court decisions and other source material referenced therein, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 37 through 44 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 37 through 44 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

22.    To the extent the unnumbered subheadings between Paragraph 44 and Paragraph 45 are deemed to require a response, these Election Defendants deny the allegations.

23.    Paragraphs 45 through 55 (including the footnotes contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, legal conclusions, and opinions about guidelines issued by the S.C. House Redistricting Ad Hoc Committee. Election Defendants crave reference to the Committee's guidelines themselves, other public information on the House redistricting process set forth at https://redistricting.schouse.gov, the cited federal court decision, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 45 through 55 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 45 through 55 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

24.    To the extent the unnumbered subheading between Paragraph 55 and Paragraph 56 is deemed to require a response, these Election Defendants deny the allegations.

25.    Paragraphs 56 through 65 (including the footnotes contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, legal conclusions, and opinions about guidelines and criteria issued by the S.C. Senate Judiciary Redistricting Subcommittee. Election Defendants crave reference to the public information on the Senate redistricting process set forth at https://redistricting.scsenate.gov, the U.S. Constitution, the VRA, the cited federal court decisions, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution of South Carolina and S.C. Code of Laws regarding

reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 56 through 65 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 56 through 65 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

26.     To the extent the unnumbered subheadings between Paragraph 65 and Paragraph 66 are deemed to require a response, these Election Defendants deny the allegations.

27.     Paragraphs 66 through 92 (including the footnotes contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, legal conclusions, and opinions about the S.C. House Legislative Process for Redistricting, H. 4493, and obligations under the U.S. Constitution and the VRA. Election Defendants crave reference to the text of H. 4493 itself, the public information on the House redistricting process set forth at https://redistricting.schouse.gov, the U.S. Constitution, the VRA, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 66 through 92 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 66 through 92 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

28.     Upon information and belief, the allegations in Paragraphs 93 and 94 are admitted.

29.     To the extent the unnumbered subheadings between Paragraph 94 and Paragraph 95 are deemed to require a response, these Election Defendants deny the allegations.

30.     Paragraphs 95 through 173 do not contain allegations against Election Defendants requiring a response, but generalized statements, legal conclusions, and opinions about the, but generalized statements, legal conclusions, and opinions concerning activities of the S.C. General Assembly in enacting Congressional maps. Election Defendants crave reference to the public information on the House and Senate redistricting process set forth at https://redistricting.schouse.gov and https://redistricting.scsenate.gov, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and the S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 95 through 173 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 95 through 173 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

31.     Upon information and belief, the allegations of Paragraph 174 are admitted.

32.     To the extent the unnumbered subheading between Paragraph 174 and Paragraph 175 is deemed to require a response, these Election Defendants deny the allegations.

33.     Paragraphs 175 through 181 (including the footnotes contained therein) do not contain allegations against these Election Defendants requiring a response, but generalized statements, and opinions about the 2020 Census Data, the way the Challenged House Districts were drawn using race, and legal conclusions that these districts violated the VRA and the U.S. Constitution. Election Defendants crave reference to the text of H. 4493, the Challenged House District lines themselves, the underlying Census data, the VRA and the U.S. Constitution, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or

characterizations. To the extent Paragraphs 175 through 181 contain allegations against any Election Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 175 through 181 contain allegations about any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

34.     To the extent the unnumbered subheading between Paragraph 181 and Paragraph 182 is deemed to require a response, these Election Defendants deny the allegations.

35.     Paragraphs 182 through 193 (including the footnotes contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about 2020 United States Census data for Anderson County, the enacted House redistricting plan, including composition by race of reapportioned House Districts 7, 8, 9 and 11, the results of previous elections in Anderson County, and the Districts' compliance with the VRA. Election Defendants crave reference to the Census data, the text of H. 4493, the Districts as reflected in House redistricting plan, the actual voting data from previous elections, the VRA, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. With respect to the Figures in Paragraphs 184 and 187, Election Defendants lack knowledge sufficient to confirm their accuracy, and therefore deny same. To the extent Paragraphs 182 through 193 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 182 through 193 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

36.     To the extent the unnumbered subheading between Paragraph 193 and Paragraph 194 is deemed to require a response, these Election Defendants deny the allegations.

37.     Paragraphs 194 through 198 (including the footnote contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the enacted House redistricting plan, including the composition by race of reapportioned House Districts 41 and 43 in Chester County, and the Districts' compliance with the VRA. Election Defendants crave reference to the Census data, the text of H. 4493, the Districts as reflected in House redistricting plan, the VRA, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. With respect to the Figure in Paragraph 197, Election Defendants lack knowledge sufficient to confirm its accuracy, and therefore deny same. To the extent Paragraphs 194 through 198 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 194 through 198 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

38.     To the extent the unnumbered subheading between Paragraph 198 and Paragraph 199 is deemed to require a response, these Election Defendants deny the allegations.

39.     Paragraphs 199 through 203 (including the footnote contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the enacted House redistricting plan, including the composition by race of reapportioned House Districts 51 and 67 in Sumter County,

and the Districts' compliance with the VRA. Election Defendants crave reference to the text of H. 4493, the Districts as reflected in House redistricting plan, the VRA, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. With respect to the Figure in Paragraph 201, Election Defendants lack knowledge sufficient to confirm its accuracy, and therefore deny same. To the extent Paragraphs 199 through 203 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 199 through 203 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

40.    To the extent the unnumbered subheading between Paragraph 203 and Paragraph 204 is deemed to require a response, these Election Defendants deny the allegations.

41.    Paragraphs 204 through 210 (including the footnotes contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the enacted House redistricting plan, including the composition by race of reapportioned House Districts 54, 55, 57, and 105 in Dillon County and Horry County, the results of previous elections in Horry County, and the Districts' compliance with the VRA. Election Defendants crave reference to the Census data, the text of H. 4493, the Districts as reflected in House redistricting plan, the actual voting data from previous elections, the VRA, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. With respect to the Figures in Paragraphs 201, 206, and 209, Election Defendants lack knowledge sufficient to confirm their accuracy, and therefore deny same.

To the extent Paragraphs 204 through 210 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 204 through 210 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

42.    To the extent the unnumbered subheading between Paragraph 210 and Paragraph 211 is deemed to require a response, these Election Defendants deny the allegations.

43.    Paragraphs 211 through 217 (including the footnotes contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the enacted House redistricting plan, including the composition by race of reapportioned House Districts 59, 60, 63, and 101 in Florence County and Williamsburg County, and the Districts' compliance with the VRA. Election Defendants crave reference to the Census data, the text of H. 4493, the Districts as reflected in House redistricting plan, the VRA, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. With respect to the Figures in Paragraph 213 and 216, Election Defendants lack knowledge sufficient to confirm their accuracy, and therefore deny same. To the extent Paragraphs 211 through 217 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 211 through 217 are construed to make allegations against any other defendant, person, or entity Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

44.    To the extent the unnumbered subheading between Paragraph 217 and Paragraph 218 is deemed to require a response, these Election Defendants deny the allegations.

45.    Paragraphs 218 through 224 (including the footnotes contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the enacted House redistricting plan, including the composition by race of reapportioned House Districts 70, 72, 73, 74, 75, 76, 77, 78, and 79 in Richland County, and the Districts' compliance with the VRA. Election Defendants crave reference to the Census data, the text of H. 4493, the Districts as reflected in House redistricting plan, the VRA, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. With respect to the Figures in Paragraph 219, 221, 222, and 223, Election Defendants lack knowledge sufficient to confirm their accuracy, and therefore deny same. To the extent Paragraphs 218 through 224 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 218 through 224 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

46.    To the extent the unnumbered subheading between Paragraph 224 and Paragraph 225 is deemed to require a response, these Election Defendants deny the allegations.

47.    Paragraphs 225 through 229 (including the footnote contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the enacted House redistricting plan, including the composition by race of reapportioned House Districts 90, 91, 93, and 95 in Orangeburg County, and the Districts' compliance with the VRA. Election Defendants crave reference to the Census data, the text of H. 4493, the Districts as reflected in House redistricting

plan, the VRA, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. With respect to the Figure in Paragraph 227, Election Defendants lack knowledge sufficient to confirm its accuracy, and therefore deny same. To the extent Paragraphs 225 through 229 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 225 through 229 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

48.    To the extent the unnumbered subheading between Paragraph 229 and Paragraph 230 is deemed to require a response, these Election Defendants deny the allegations.

49.    Paragraphs 230 through 246 do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions about the enacted Congressional Districts 1, 2, and 5, including their composition by race, and the Districts' compliance with the VRA. Election Defendants crave reference to the Census data, the text of the Congressional Plan itself, the VRA, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. With respect to all Tables and/or Figures contained within Paragraphs 230 through 246, Election Defendants lack knowledge sufficient to confirm their accuracy, and therefore deny same. To the extent Paragraphs 230 through 246 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 230 through 246 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

### CAUSES OF ACTION

### COUNT ONE
**H. 4493's violations of the Fourteenth Amendment of the U.S. Constitution**
**U.S. Const. amend. XIV; 42 U.S.C §1983**
**(Racial Gerrymandering)**

50.     Responding to Paragraph 247, Election Defendants reallege and incorporate herein all prior responses to the paragraphs of the Second Amended Complaint.

51.     Responding to Paragraphs 248 and 249, Election Defendants crave reference to the Fourteenth Amendment to the U.S. Constitution, denying any inconsistent allegations or characterizations.

52.     Paragraphs 250 through 254 do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about Plaintiffs' claims that race was used as the predominant factor in drawing House Districts 7, 8, 9, 11, 41, 43, 51, 54, 55, 57, 59, 60, 63, 67, 70, 72, 73, 74, 75, 76, 77, 78, 78, 90, 92, 93, 101, 105 in H. 4493 (collectively "Challenged Districts"), which is reflected in H. 4493, that these the districts violate the Fourteenth Amendment to the U.S. Constitution, and Plaintiffs' entitlement to injunctive relief. Election Defendants crave reference to the Fourteenth Amendment to the U.S. Constitution, the text of H. 4493, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution of South Carolina and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 250 through 254 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 250 through 254 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

**COUNT TWO**
**H. 4493's violations of the Fourteenth and Fifteenth Amendments of the U.S. Constitution
and 42 U.S.C §1983
(Intentional Discrimination)**

53.     Responding to Paragraph 255, Election Defendants reallege and incorporate herein all prior responses to the paragraphs of the Second Amended Complaint.

54.     Responding to Paragraph 256, Election Defendants crave reference to the Fourteenth and Fifteenth Amendments to the U.S. Constitution, denying any inconsistent allegations or characterizations.

55.     Paragraphs 257 through 260 do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about Plaintiffs' claims that race was used as the predominant factor in drawing the Challenged House Districts, which is reflected in H. 4493, that these districts violate the Fourteenth Amendment to the U.S. Constitution, and Plaintiffs' entitlement to injunctive relief. Election Defendants crave reference to the Fourteenth Amendment to the U.S. Constitution, the text of H. 4493, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution of South Carolina and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 257 through 260 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 257 through 260 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

**COUNT THREE**
**S. 865's violations of the Fourteenth Amendment**
**of the U.S. Constitution and 42 U.S.C §1983**
**(Racial Gerrymandering)**

56.     Responding to Paragraph 261, Election Defendants reallege and incorporate herein all prior responses to the paragraphs of the Second Amended Complaint.

57.     Responding to Paragraph 262 and 263, Election Defendants crave reference to the Fourteenth Amendments to the U.S. Constitution, denying any inconsistent allegations or characterizations.

58.     Paragraphs 264 through 268 do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about Plaintiffs' claims that race was used as the predominant factor in drawing the Challenged Congressional Districts, which is reflected in S. 865, that these districts violate the Fourteenth Amendment to the U.S. Constitution, and Plaintiffs' entitlement to injunctive relief. Election Defendants crave reference to the Fourteenth Amendment to the U.S. Constitution, the text of S. 865, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution of South Carolina and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 264 through 268 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 264 through 268 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

**COUNT FOUR**
**S. 865's violations of the Fourteenth and Fifteenth Amendments**
**of the U.S. Constitution and 42 U.S.C §1983**
**(Intentional Discrimination)**

59.     Responding to Paragraph 269, Election Defendants reallege and incorporate herein all prior responses to the paragraphs of the Second Amended Complaint.

60.     Responding to Paragraph 270, Election Defendants crave reference to the Fourteenth and Fifteenth Amendments to the U.S. Constitution, denying any inconsistent allegations or characterizations.

61.     Paragraphs 271 through 274 do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about Plaintiffs' claims that race was used as the predominant factor in drawing the Challenged Congressional Districts, which is reflected in S. 865, that these districts violate the Fourteenth and Fifteenth Amendment to the U.S. Constitution, and Plaintiffs' entitlement to injunctive relief. Election Defendants crave reference to the Fourteenth and Fifteenth Amendment to the U.S. Constitution, the text of S. 865, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution of South Carolina and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 271 through 274 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 271 through 274 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

**RELIEF REQUESTED**

62.     The unnumbered Paragraph beginning with WHEREFORE (including all subparts) does not require a response. To the extent a response is deemed to be required, Election Defendants

deny that Plaintiffs are entitled to the relief listed in subpart v. (enjoining elections), subpart ix. (changing election deadlines), and subpart xii. (awarding attorneys' fees, expenses, or costs).

**FOR A SECOND DEFENSE**

63.     Plaintiffs' Second Amended Complaint and each and every cause of action therein fails to state a claim on which relief may be granted.

**FOR A THIRD DEFENSE**

64.     Plaintiffs' Second Amended Complaint seeks relief which Election Defendants lack legal power or authority to effectuate.

**FOR A FOURTH DEFENSE**

65.     Plaintiffs' Second Amended Complaint presents non-justiciable, political questions.

**FOR A FIFTH DEFENSE**

66.     Plaintiffs' Second Amended Complaint alleges no acts by any of the Election Defendants whatsoever.

**FOR A SIXTH DEFENSE**

67.     One or more of the Plaintiffs lack standing to bring this action.

**FOR A SEVENTH DEFENSE**

68.     For reasons set forth in the Fourth and Sixth Defenses, the Second Amended Complaint fails to state a claim constituting a case or controversy within the meaning of U.S. Const., Article III.

**FOR AN EIGHTH DEFENSE**

69.     In the captions to Counts One through Four of the Second Amended Complaint, Plaintiffs cite to 42 U.S.C §1983, but make no allegations stating a claim for relief under 42 U.S.C

§1983 against the Election Defendants.

70.    To the extent the Second Amended Complaint alleges a §1983 violation against them, the Election Defendants neither violated Plaintiffs' Constitutional rights nor took any action under color of state law.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Howard Knapp, in his official capacity as Executive Director of the South Carolina State Election Commission, and John Wells, JoAnne Day, Clifford Edler, Linda McCall, and Scott Moseley, in their official capacities as members of the South Carolina State Election Commission, respectfully demand that judgment be entered in their favor and that Plaintiffs' Second Amended Complaint be dismissed in its entirety with prejudice, together with such other and further relief as the Court finds to be just and proper.

s/ Michael R. Burchstead
M. Elizabeth Crum (Fed. Bar #372)
Jane Trinkley (Fed. Bar #4143)
Michael R. Burchstead (Fed. Bar #102967)
**BURR & FORMAN LLP**
Post Office Box 11390
Columbia, SC  29211
Telephone:  (803) 799-9800
Facsimile:  (803) 753-3278

/s/Thomas W. Nicholson
Thomas W. Nicholson
tnicholson@elections.sc.gov
**South Carolina State Election Commission**
1122 Lady St., 5th Floor,
Columbia, SC. 29250
Telephone: (803) 734-9060
Facsimile:   (803) 734-9366

*Attorneys for Election Commission Defendants*

February 24, 2022
Columbia, SC