**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HENRY D. MCMASTER, *et al.*,<br><br>Defendants. | Case No. 3:21-cv-03302-JMC-TJH-RMG |

<u>**SENATE DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT**</u>

Thomas C. Alexander, in his official capacity as President of the Senate, and Luke A. Rankin, in his official capacity as Chairman of the Senate Judiciary Committee, (collectively, the "Senate Defendants"), without waiving their right to be heard on their Motion to Dismiss Counts Three And Four (ECF 178), respectfully answer Plaintiffs' Second Amended Complaint For Injunctive And Declaratory Relief (ECF 154). Any allegation in the Second Amended Complaint not explicitly responded to in this Answer is hereby denied.

**INTRODUCTION**

1.     The Senate Defendants deny the allegations in Paragraph 1.

2.     The Senate Defendants admit that Plaintiffs previously amended their complaint. The Senate Defendants deny the remaining allegations in Paragraph 2.

3.     The Senate Defendants admit that Plaintiffs have amended their complaint a second time. The Senate Defendants deny the remaining allegations in Paragraph 3.

4.     The Senate Defendants deny that the Legislature "unnecessarily delayed reapportionment and redrawing" or that there is any necessity to "adjudicat[e] . . . the two maps' legality" before March 30, 2022.

5. The Senate Defendants admit that South Carolina has made important progress with respect to voting rights over the past 50 years. The Senate Defendants deny the remaining allegations in Paragraph 5.

6. The Senate Defendants deny the allegations in Paragraph 6.

7. The Senate Defendants deny the allegations in Paragraph 7.

8. The Senate Defendants admit that various alternative maps were proposed to the Legislature that would not "lock[] in" the Republican majority's advantage in six of the seven Congressional districts. The Senate Defendants deny the remaining allegations in Paragraph 8.

9. Paragraph 9 states legal conclusions that do not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 9.

10. The Senate Defendants deny the allegations in Paragraph 10.

11. The Senate Defendants deny the allegations in Paragraph 11.

12. The Senate Defendants deny the allegations in Paragraph 12.

13. The Senate Defendants deny the allegations in Paragraph 13.

14. The Senate Defendants deny the allegations in Paragraph 14.

15. The Senate Defendants deny the allegations in Paragraph 15.

16. The Senate Defendants deny the allegations in Paragraph 16.

**PARTIES**

17. The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore deny them.

18. The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and therefore deny them.

19. The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and therefore deny them.

20.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and therefore deny them.

21.     The Senate Defendants deny that any House or Congressional districts are racially gerrymandered or intentionally diluted.  The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21 and therefore deny them.

22.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and therefore deny them.

23.     The Senate Defendants deny the allegations in Paragraph 23.

24.     The Senate Defendants admit that Defendant Alexander is the President of the South Carolina Senate and that Plaintiffs purport to sue him in his official capacity.  Paragraph 24 otherwise states legal conclusions to which no response is required; to the extent a response is required, the Senate Defendants deny these allegations.

25.     The Senate Defendants admit that Defendant Rankin is the Chairman of the Senate Judiciary Committee and that Plaintiffs purport to sue him in his official capacity.  Paragraph 25 otherwise states legal conclusions to which no response is required; to the extent a response is required, the Senate Defendants deny these allegations.

26.     The Senate Defendants admit that Defendant Lucas is the Speaker of the South Carolina House of Representatives and that Plaintiffs purport to sue him in his official capacity.  Paragraph 26 otherwise states legal conclusions to which no response is required; to the extent a response is required, the Senate Defendants deny these allegations.

27.     The Senate Defendants admit that Defendant Murphy is the Chairman of the Judiciary Committee of the House of Representatives and that Plaintiffs purport to sue him in his

official capacity.  Paragraph 27 otherwise states legal conclusions to which no response is required; to the extent a response is required, the Senate Defendants deny these allegations.

28.     The Senate Defendants admit that Defendant Jordan is the Chairman of the Election Laws Subcommittee of the House of Representatives and that Plaintiffs purport to sue him in his official capacity.  Paragraph 28 otherwise states legal conclusions to which no response is required; to the extent a response is required, the Senate Defendants deny these allegations.

29.     The Senate Defendants admit that Defendant Knapp is the interim Executive Director of the South Carolina State Election Commission and that Plaintiffs purport to sue him in his official capacity.  Paragraph 29 otherwise states legal conclusions to which no response is required; to the extent a response is required, the Senate Defendants deny these allegations.

30.     The Senate Defendants admit that Defendants Wells, Day, Edler, McCall, and Moseley are members of the South Carolina State Election Commission and that Plaintiffs purport to sue them in their official capacity.  Paragraph 30 otherwise states legal conclusions to which no response is required; to the extent a response is required, the Senate Defendants deny these allegations.

## JURISDICTION AND VENUE

31.     Paragraph 31 states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 31.

32.     Paragraph 32 states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 32.

33.     Paragraph 33 states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 33.

34.     Paragraph 34 states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 34.

35.     Paragraph 35 states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 35.

## STATEMENT OF FACTS

36.     The Senate Defendants admit that Governor McMaster signed H. 4993 into law on December 10, 2021 and further admit that H. 4993 redistricted the South Carolina House of Representatives and State Senate.  The Senate Defendants admit that Governor McMaster signed S. 865 into law on January 26, 2022 and further admit that S. 865 redistricted South Carolina's Congressional districts.  The Senate Defendants deny any remaining allegations in Paragraph 36.

37.     The Senate Defendants acknowledge that racial discrimination occurred in South Carolina in the past but deny that this remote history is relevant to H. 4993.  The Senate Defendants therefore deny the allegations in Paragraph 37.

38.     The Senate Defendants acknowledge that racial discrimination occurred in South Carolina in the past but deny that this remote history is relevant to H. 4993.  The Senate Defendants therefore deny the allegations in Paragraph 38.

39.     Paragraph 39 states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 39.

40.     The Department of Justice objections referenced in Paragraph 40 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny that those objections are relevant to H. 4993 and deny the allegations in Paragraph 40.

41.     The Department of Justice objections and prior lawsuits referenced in Paragraph 41 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny that those objections and prior lawsuits are relevant to H. 4993 and deny the allegations in Paragraph 41.

42.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and therefore deny them.

43.     The prior lawsuits referenced in Paragraph 43 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny that those prior lawsuits are relevant to H. 4993 and deny the allegations in Paragraph 43.

44.     The prior lawsuit referenced in Paragraph 44 speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny that this prior lawsuit is relevant to H. 4993 and deny the allegations in Paragraph 44.

45.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 and therefore deny them.

46.     The guidelines referenced in Paragraph 46 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 46 inconsistent with those guidelines.

47.     The guidelines referenced in Paragraph 47 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 47 inconsistent with those guidelines.

48.     The guidelines referenced in Paragraph 48 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 48 inconsistent with those guidelines.

49.     The guidelines referenced in Paragraph 49 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 49 inconsistent with those guidelines.

50.     The guidelines referenced in Paragraph 50 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 50 inconsistent with those guidelines.

51.     The guidelines referenced in Paragraph 51 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 51 inconsistent with those guidelines.

52.     The guidelines referenced in Paragraph 52 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 52 inconsistent with those guidelines.

53.     The guidelines referenced in Paragraph 53 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 53 inconsistent with those guidelines.

54.     The guidelines referenced in Paragraph 54 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 54 inconsistent with those guidelines.

55.     The guidelines referenced in Paragraph 55 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 55 inconsistent with those guidelines.

56.     The Senate Defendants admit the allegations in Paragraph 56.

57.     The guidelines referenced in Paragraph 57 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 57 inconsistent with those guidelines.

58.     The guidelines referenced in Paragraph 58 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 58 inconsistent with those guidelines.

59.     The guidelines referenced in Paragraph 59 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 59 inconsistent with those guidelines.

60.     The guidelines referenced in Paragraph 60 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 60 inconsistent with those guidelines.

61.     The guidelines referenced in Paragraph 61 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 61 inconsistent with those guidelines.

62.     The guidelines referenced in Paragraph 62 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 62 inconsistent with those guidelines.

63.     The guidelines referenced in Paragraph 63 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 63 inconsistent with those guidelines.

64.     The guidelines referenced in Paragraph 64 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 64 inconsistent with those guidelines.

65.     The guidelines referenced in Paragraph 65 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 65 inconsistent with those guidelines.

66.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 and therefore deny them.

67.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67 and therefore deny them.

68.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 and therefore deny them.

69.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and therefore deny them.

70.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 and therefore deny them.

71.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 and therefore deny them.

72.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 and therefore deny them.

73.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 and therefore deny them.

74.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 and therefore deny them.

75.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 and therefore deny them.

76.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 and therefore deny them.

77.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 and therefore deny them.

78.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 and therefore deny them.

79.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 and therefore deny them.

80.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 and therefore deny them.

81.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 and therefore deny them.

82.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 and therefore deny them.

83.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 and therefore deny them.

84.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 and therefore deny them.

85.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 and therefore deny them.

86.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 and therefore deny them.

87. The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 and therefore deny them.

88. The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 and therefore deny them.

89. The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 and therefore deny them.

90. The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 and therefore deny them.

91. The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 and therefore deny them.

92. The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 and therefore deny them.

93. The legislative history of H. 4993 speaks for itself and does not require a response. To the extent a response is required, the Senate Defendants admit that the House concurred in the Senate amendments to H. 4993 on December 9, 2021.

94. The Senate Defendants admit the allegations in Paragraph 94.

95. The Senate Defendants deny the allegations in Paragraph 95.

96. The Senate Defendants admit that the Senate Redistricting Committee held public hearings to receive public testimony about interests to be considered in redrawing Congressional and legislative districts. The scheduling and content of these hearings speak for themselves and do not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 96.

97.     The Senate Defendants admit that Plaintiff South Carolina NAACP sent a letter to the Senate Subcommittee on or around August 2, 2021.  The letter speaks for itself and does not require a response.  Paragraph 97 and footnote 17 also state legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 97.

98.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 and therefore deny them.

99.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 and therefore deny them.

100.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 and therefore deny them.

101.     The Senate Defendants admit that the Senate Subcommittee adopted redistricting guidelines on or about September 17, 2021.  The Senate Defendants deny the remaining allegations in Paragraph 101.

102.     The Senate Defendants admit that Plaintiff South Carolina NAACP submitted proposed U.S. Congressional redistricting plans and a submission letter on or about October 8, 2021.  The proposed redistricting plans and submission letter speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 102.

103.     The Senate Defendants admit that the Senate Subcommittee actively solicited members of the public to submit proposed Congressional maps as part of the General Assembly's open, fair, and transparent redistricting process.  The Senate Defendants deny any remaining allegations in Paragraph 103.

104.    The Senate Defendants admit that the Senate Subcommittee received public testimony on proposed Congressional maps as part of the General Assembly's open, fair, and transparent redistricting process.  That testimony speaks for itself and does not require a response. Paragraph 104 also states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 104.

105.    The testimony referenced in Paragraph 105 speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 105.

106.    Any motion approved by the Senate Subcommittee is a matter of public record that speaks for itself, and no response is required.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 106 inconsistent with the Senate Subcommittee's approval of the motion.

107.    The press statement referenced in paragraph 107 speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 107 inconsistent with the press statement.

108.    The Senate Defendants admit that the Senate Subcommittee received public testimony on proposed Congressional maps as part of the General Assembly's open, fair, and transparent redistricting process.  That testimony speaks for itself and does not require a response. The description of the proposed Congressional map referenced in Paragraph 108 speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 108 inconsistent with the testimony and description.

109.    The statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 109.

110.    Public testimony speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 110.

111.    The statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 111.

112.    Public testimony speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 112.

113.    Legislative history speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 113.

114.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114 and therefore deny them.

115.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115 and therefore deny them.

116.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116 and therefore deny them.

117.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117 and therefore deny them.

118.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118 and therefore deny them.

119.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119 and therefore deny them.

120.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120 and therefore deny them.

121.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 121 and therefore deny them.

122.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 122 and therefore deny them.

123.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123 and therefore deny them.

124.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 124 and therefore deny them.

125.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125 and therefore deny them.

126.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 126 and therefore deny them.

127.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 127 and therefore deny them.

128.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 128 and therefore deny them.

129.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 129 and therefore deny them.

130.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130 and therefore deny them.

131.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 131 and therefore deny them.

132.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132 and therefore deny them.

133.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133 and therefore deny them.

134.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134 and therefore deny them.

135.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135 and therefore deny them.

136.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136 and therefore deny them.

137.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 137 and therefore deny them.

138.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 138 and therefore deny them.

139.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 139 and therefore deny them.

140.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 140 and therefore deny them.

141.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 141 and therefore deny them.

142.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 142 and therefore deny them.

143.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 143 and therefore deny them.

144.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 144 and therefore deny them.

145.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 145 and therefore deny them.

146.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 146 and therefore deny them.

147.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 147 and therefore deny them.

148.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 148 and therefore deny them.

149.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 149 and therefore deny them.

150.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 150 and therefore deny them.

151.    Legislative history and statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 151.

152.     Public testimony speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 152.

153.     Public testimony speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 153.

154.     Legislative history speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 154.

155.     Public testimony speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 155.

156.     Public testimony and legislative history speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 156.

157.     Statements of public officials speak for themselves and do not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 157.

158.     Statements of public officials speak for themselves and do not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 158.

159.     Statements of public officials speak for themselves and do not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 159.

160.     Statements of public officials speak for themselves and do not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 160.

161.     Legislative history speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 161.

162.    Legislative history and statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 162.

163.    Legislative history and statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 163.

164.    Legislative history and statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 164.

165.    Legislative history and statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 165.

166.    Legislative history and statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 166.

167.    Legislative history and statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 167.

168.    Legislative history and statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 168.

169.    Legislative history speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 169.

170.    Legislative history and statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 170.

171.    Legislative history speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 171.

172.    The Senate Defendants admit the allegations in Paragraph 172.

173.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 173 and therefore deny them.

174.    The Senate Defendants admit the allegations in Paragraph 174.

175.    The Senate Defendants deny the allegations in Paragraph 175.

176.    The Senate Defendants admit that population growth and shifts in South Carolina required adopting a new House redistricting plan following the belated release of the results of the 2020 U.S. Census.  The Senate Defendants deny any remaining allegations in Paragraph 176.

177.    The legislative history of H. 4993 speaks for itself and does not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 177.

178.    The Senate Defendants deny the allegations in Paragraph 178.

179.    The Senate Defendants deny the allegations in Paragraph 179.

180.    The Senate Defendants deny the allegations in Paragraph 180.

181.    The Senate Defendants deny the allegations in Paragraph 181.

182.    The Senate Defendants deny the allegations in Paragraph 182.

183.    The Senate Defendants deny the allegations in Paragraph 183.

184.    The Senate Defendants deny the allegations in Paragraph 184.

185.    The Senate Defendants deny the allegations in Paragraph 185.

186.    The Senate Defendants deny the allegations in Paragraph 186.

187.    The Senate Defendants deny the allegations in Paragraph 187.

188.    The Senate Defendants deny the allegations in Paragraph 188.

189.    The Senate Defendants deny the allegations in Paragraph 189.

190.    The Senate Defendants deny the allegations in Paragraph 190.

191.    The Senate Defendants deny the allegations in Paragraph 191.

192.    The Senate Defendants deny the allegations in Paragraph 192.

193.    The Senate Defendants deny the allegations in Paragraph 193.

194.    The Senate Defendants deny the allegations in Paragraph 194.

195.    The Senate Defendants deny the allegations in Paragraph 195.

196.    The Senate Defendants deny the allegations in Paragraph 196.

197.    The Senate Defendants deny the allegations in Paragraph 197.

198.    The Senate Defendants deny the allegations in Paragraph 198.

199.    The Senate Defendants deny the allegations in Paragraph 199.

200.    The Senate Defendants deny the allegations in Paragraph 200.

201.    The Senate Defendants deny the allegations in Paragraph 201.

202.    The Senate Defendants deny the allegations in Paragraph 202.

203.    The Senate Defendants deny the allegations in Paragraph 203.

204.    The Senate Defendants deny the allegations in Paragraph 204.

205.    The Senate Defendants deny the allegations in Paragraph 205.

206.    The Senate Defendants deny the allegations in Paragraph 206.

207.    The Senate Defendants deny the allegations in Paragraph 207.

208.    The Senate Defendants deny the allegations in Paragraph 208.

209.   The Senate Defendants deny the allegations in Paragraph 209.

210.   The Senate Defendants deny the allegations in Paragraph 210.

211.   The Senate Defendants deny the allegations in Paragraph 211.

212.   The Senate Defendants deny the allegations in Paragraph 212.

213.   The Senate Defendants deny the allegations in Paragraph 213.

214.   The Senate Defendants deny the allegations in Paragraph 214.

215.   The Senate Defendants deny the allegations in Paragraph 215.

216.   The Senate Defendants deny the allegations in Paragraph 216.

217.   The Senate Defendants deny the allegations in Paragraph 217.

218.   The Senate Defendants deny the allegations in Paragraph 218.

219.   The Senate Defendants deny the allegations in Paragraph 219.

220.   The Senate Defendants deny the allegations in Paragraph 220.

221.   The Senate Defendants deny the allegations in Paragraph 221.

222.   The Senate Defendants deny the allegations in Paragraph 222.

223.   The Senate Defendants deny the allegations in Paragraph 223.

224.   The Senate Defendants deny the allegations in Paragraph 224.

225.   The Senate Defendants deny the allegations in Paragraph 225.

226.   The Senate Defendants deny the allegations in Paragraph 226.

227.   The Senate Defendants deny the allegations in Paragraph 227.

228.   The Senate Defendants deny the allegations in Paragraph 228.

229.   The Senate Defendants deny the allegations in Paragraph 229.

230.   The Senate Defendants admit that population growth and shifts in South Carolina required adopting a new Congressional redistricting plan following the belated release of the

results of the 2020 U.S. Census.   The Senate Defendants deny any remaining allegations in Paragraph 230.

231.    The legislative history of S. 865 speaks for itself and does not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 231.

232.    The legislative history of S. 865 speaks for itself and does not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 232.

233.    The legislative history of S. 865 speaks for itself and does not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 233.

234.    The Senate Defendants admit that S. 865 corrects for population deviations while also seeking to preserve the cores of existing districts.  The Senate Defendants deny the remaining allegations in Paragraph 234.

235.    The Senate Defendants deny the allegations in Paragraph 235.

236.    The BVAP of CD 6 speaks for itself and does not require a response.  The Senate Defendants admit that CD 6 "may still be an effective district for Black voters."   The Senate Defendants deny the remaining allegations in Paragraph 236.

237.    The Senate Defendants deny the allegations in Paragraph 237.

238.    The Senate Defendants deny the allegations in Paragraph 238.

239.    The Senate Defendants admit that both CD 1 and CD 6 contain parts of Charleston. The Senate Defendants deny the remaining allegations in Paragraph 239.

240.    The Senate Defendants deny the allegations in Paragraph 240.

241.    The Senate Defendants admit that Plaintiff South Carolina NAACP proposed two Congressional plans to the Legislature.   The referenced plans speak for themselves and do not

require a response. To the extent a response is required, the allegations are denied. The Senate Defendants deny the remaining allegations in Paragraph 241.

242.    The Senate Defendants deny the allegations in Paragraph 242.

243.    The Senate Defendants deny the allegations in Paragraph 243.

244.    The Senate Defendants deny the allegations in Paragraph 244.

245.    The Senate Defendants deny the allegations in Paragraph 245.

246.    The Senate Defendants deny the allegations in Paragraph 246.

## CAUSES OF ACTION

## COUNT ONE

247.    The Senate Defendants incorporate their responses to the preceding paragraphs and the paragraphs below.

248.    The Fourteenth Amendment of the U.S. Constitution speaks for itself and does not require a response. To the extent a response is required, the Senate Defendants deny that Plaintiffs are entitled to any relief.

249.    Paragraph 249 states legal conclusions that do not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 249.

250.    The Senate Defendants deny the allegations in Paragraph 250.

251.    The Senate Defendants deny the allegations in Paragraph 251.

252.    The Senate Defendants deny the allegations in Paragraph 252.

253.    The Senate Defendants deny the allegations in Paragraph 253.

254.    The Senate Defendants deny the allegations in Paragraph 254 and deny that Plaintiffs are entitled to any relief.

## COUNT TWO

255.    The Senate Defendants incorporate their responses to the preceding paragraphs and the paragraphs below.

256.    Paragraph 256 states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 256.

257.    The Senate Defendants deny the allegations in Paragraph 257.

258.    The Senate Defendants deny the allegations in Paragraph 258.

259.    The Senate Defendants deny the allegations in Paragraph 259.

260.    The Senate Defendants deny the allegations in Paragraph 260 and deny that Plaintiffs are entitled to any relief.

## COUNT THREE

261.    The Senate Defendants incorporate their responses to the preceding paragraphs and the paragraphs below.

262.    The Fourteenth Amendment of the U.S. Constitution speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny that Plaintiffs are entitled to any relief.

263.    Paragraph 263 states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 263.

264.    The Senate Defendants deny the allegations in Paragraph 264.

265.    The Senate Defendants deny the allegations in Paragraph 265.

266.    The Senate Defendants deny the allegations in Paragraph 266.

267.    The Senate Defendants deny the allegations in Paragraph 267.

268.    The Senate Defendants deny the allegations in Paragraph 268 and deny that Plaintiffs are entitled to any relief.

## COUNT FOUR

269.    The Senate Defendants incorporate their responses to the preceding paragraphs and the paragraphs below.

270.    Paragraph 270 states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 270.

271.    The Senate Defendants deny the allegations in Paragraph 271.

272.    The Senate Defendants deny the allegations in Paragraph 272.

273.    The Senate Defendants deny the allegations in Paragraph 273.

274.    The Senate Defendants deny the allegations in Paragraph 274 and deny that Plaintiffs are entitled to any relief.

## RELIEF REQUESTED

The Senate Defendants deny that Plaintiffs are entitled to the relief requested.

i.    The Senate Defendants deny the allegations in Paragraph i and deny that Plaintiffs are entitled to relief.

ii.    The Senate Defendants deny the allegations in Paragraph ii and deny that Plaintiffs are entitled to relief.

iii.    The Senate Defendants deny the allegations in Paragraph iii and deny that Plaintiffs are entitled to relief.

iv.    The Senate Defendants deny the allegations in Paragraph iv and deny that Plaintiffs are entitled to relief.

v.    The Senate Defendants deny the allegations in Paragraph v and deny that Plaintiffs are entitled to relief.

vi.    The Senate Defendants deny the allegations in Paragraph vi and deny that Plaintiffs are entitled to relief.

vii.      The Senate Defendants deny the allegations in Paragraph vii and deny that Plaintiffs are entitled to relief.

viii.      The Senate Defendants deny the allegations in Paragraph viii and deny that Plaintiffs are entitled to relief.

ix.      The Senate Defendants deny the allegations in Paragraph ix and deny that Plaintiffs are entitled to relief.

x.      The Senate Defendants deny the allegations in Paragraph x and deny that Plaintiffs are entitled to relief.

xi.      The Senate Defendants deny the allegations in Paragraph xi and deny that Plaintiffs are entitled to relief.

xii.      The Senate Defendants deny the allegations in Paragraph xii and deny that Plaintiffs are entitled to relief.

xiii.      The Senate Defendants deny the allegations in Paragraph xiii and deny that Plaintiffs are entitled to relief.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof, and while reserving the right to assert all applicable affirmative defenses supported in law and fact, the Senate Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

### SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to allege sufficient facts upon which a claim for relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert their claims in the Second Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join indispensable parties to this action.

### SEVENTH AFFIRMATIVE DEFENSE

The South Carolina General Assembly has primary jurisdiction to enact redistricting plans for the South Carolina House, South Carolina Senate, and South Carolina's delegation to the U.S. Congress.  It is primarily the responsibility of the General Assembly, subject to the approval of the Governor, to redistrict or reapportion the Senate, House, and Congressional districts.  Redistricting primarily is a matter for legislative consideration and determination, and judicial relief becomes appropriate only when a legislature fails to redistrict according to federal laws and constitutional requirements.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not ripe for the Court's adjudication.

### NINTH AFFIRMATIVE DEFENSE

The General Assembly did not improperly use race in drawing any district or in enacting any redistricting plan.  The General Assembly must be aware of race in drawing districts and redistricting plans, but such awareness does not violate the Constitution or law.  *See Miller v.*

*Johnson*, 515 U.S. 900 (1995).  Race did not predominate in the drawing of any district or in the enactment of any redistricting plan.  Any use of race in the drawing of any district or in the enactment of any redistricting plan was constitutional and/or justified by a state interest.

## TENTH AFFIRMATIVE DEFENSE

The General Assembly did not discriminate, intentionally or otherwise, against any voter or group of voters on any basis, including the basis of race, in drawing any district or enacting any redistricting plan.

## ELEVENTH AFFIRMATIVE DEFENSE

The General Assembly drew every district and enacted every redistricting plan in accordance with the U.S. Constitution and federal and state law, including traditional districting principles and the criteria and guidelines adopted by the South Carolina House and South Carolina Senate.

## CONCLUSION

The Senate Defendants respectfully request that the Court (1) dismiss Plaintiffs' claims with prejudice and enter judgment for Defendants; (2) deny Plaintiffs' prayer for relief; and (3) grant other such relief as the Court may deem proper.

February 24, 2022

Respectfully submitted,

*/s/*Robert E. Tyson Jr.
Robert E. Tyson, Jr. (7815)
Vordman Carlisle Traywick, III (12483)
La'Jessica Stringfellow (13006)
ROBINSON GRAY STEPP & LAFFITTE, LLC
1310 Gadsden Street
Post Office Box 11449 (29211)
Columbia, South Carolina 29201
(803) 929-1400
rtyson@robinsongray.com
ltraywick@robinsongray.com
lstringfellow@robinsongray.com

John M. Gore (admitted *pro hac vice*)
Stephen J. Kenny (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
skenny@jonesday.com

*Counsel for Senate Defendants*