**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, <br><br> and <br><br> TAIWAN SCOTT, on behalf of himself and all other similarly situated persons, <br><br>                Plaintiffs, <br><br>     v. <br><br> THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. ELDER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina State Election Commission, <br><br>                Defendants. | Case No.  3:21-cv-03302-JMC-TJH-RMG <br><br><br><br><br><br><br><br><br> **ANSWER TO SECOND AMENDED COMPLAINT BY HOUSE DEFENDANTS JAMES H. LUCAS, CHRIS MURPHY AND WALLACE H. JORDAN** |

      Speaker of the South Carolina House of Representatives James H. Lucas, Chairman of the

South Carolina House of Representatives Judiciary Committee Chris Murphy, and Chairman of

the South Carolina House of Representatives Redistricting Ad Hoc Committee Wallace H. Jordan, in their official capacities (collectively, the "**House Defendants**") hereby answer and otherwise respond to the Second Amended Complaint for Injunctive and Declaratory Relief (ECF No. 154) ("**Second Amended Complaint**") filed by the South Carolina State Conference of the NAACP ("**SC NAACP**") and Taiwan Scott (collectively, the "**Plaintiffs**"). Except as expressly and specifically admitted, qualified, or explained herein below, the House Defendants deny each and every allegation (in each and every paragraph, image, and footnote) in the Second Amended Complaint and demand strict proof thereof. With respect to the numbered paragraphs of the Second Amended Complaint, the House Defendants respond as follows:

## FOR A FIRST DEFENSE

## INTRODUCTION

1.      Paragraphs 1 through 4 of the Second Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraphs 1 through 4 contain factual allegations to which a response is necessary, the House Defendants deny the allegations. Footnote 1 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 1 is deemed to require a response, the House Defendants deny the allegations.

2.      Paragraph 5 of the Second Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, generalizations about complex issues, and mischaracterizations of both law and fact with regard to the redistricting process in South Carolina since Congress enacted the Voting Rights Act of 1965 ("**VRA**") and the need for judicial review.

To the extent that Paragraph 5 contains factual allegations to which a response is necessary, the House Defendants deny the allegations.

3.     Paragraph 6 of the Second Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. Other than the single uncontroverted fact that House Bill 4493 ("**H. 4493**") enacted state legislative districts into law, the House Defendants deny the factual allegations in Paragraph 6 to which a response is necessary.

4.     Paragraph 7 of the Second Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. Other than the single uncontroverted fact that Senate Bill 865 ("**S. 865**") enacted congressional districts, the House Defendants deny the factual allegations in Paragraph 7 to which a response is necessary.

5.     Paragraph 8 of the Second Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. Other than the fact that alternative congressional maps were proposed to the Legislature, the House Defendants deny the factual allegations in Paragraph 8 to which a response is necessary.

6.     Paragraph 9 of the Second Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. Responding to Paragraph 9, the House Defendants admit the consideration of race in drawing district lines is permissible and necessary in many areas of South Carolina to ensure compliance with Section 2 of the VRA. As to the remaining factual allegations in Paragraph 9 to which a response is necessary, the House Defendants deny the allegations. To the extent Footnote 2 is deemed to require a response, the House Defendants deny any uncited allegations and crave

reference to any cited cases and denies any allegations or mischaracterizations inconsistent therewith.

7.    The factual allegations in Paragraph 10 of the Second Amended Complaint are denied.

8.    To the extent the image and descriptor between Paragraph 10 and Paragraph 11 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

9.    The factual allegations in Paragraph 11 are denied.

10.    Paragraph 12 of the Second Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraph 12 contains factual allegations to which a response is necessary, the House Defendants deny the allegations.

11.    Paragraphs 13 and 14 of the Second Amended Complaint consist of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraphs 13 and 14 contain factual allegations to which a response is necessary, the House Defendants deny the allegations.

12.    Paragraph 15 of the Second Amended Complaint consists of legal conclusions, arguments, and unwarranted inferences about complex issues. To the extent Paragraph 15 contains factual allegations to which a response is necessary, the House Defendants deny the allegations.

13.    The factual allegations in Paragraph 16 are denied.

## PARTIES

14.    Paragraphs 17 through 19 of the Second Amended Complaint contain assertions about the SC NAACP's background, mission, structure, and membership and do not contain

allegations against the House Defendants requiring a response. To the extent Paragraphs 17 through 19 are construed to include factual allegations to which a response is required, the House Defendants deny the allegations upon information and belief that "[t]he South Carolina State Conference of the NAACP" is a South Carolina nonprofit, nonpartisan membership organization, and the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the background, mission, structure, and membership of the SC NAACP. In all other regards, the allegations of Paragraphs 17 through 19 are denied.

15.     Paragraph 20 of the Second Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraph 20 contains factual allegations to which a response is necessary regarding where persons who are not parties to this proceeding currently reside, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. As to the remaining allegations in Paragraph 20, the allegations are denied.

16.     Paragraph 21 of the Second Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraph 21 of the Second Amended Complaint contains factual allegations to which a response is necessary, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

17.     Paragraph 22 of the Second Amended Complaint describes the background of the Plaintiff Taiwan Scott. The House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Second Amended Complaint.

18.     The factual allegations in Paragraph 23 are denied.

19.      Paragraphs 24 through 30 of the Second Amended Complaint contain legal conclusions about whether various defendants to this action sued in their official capacity are proper defendants. Responding individually to Paragraph 28, Defendant Wallace H. Jordan is the Chairman of the Redistricting Ad Hoc Committee (the "**Ad Hoc Committee**"). To the extent any remaining allegations in Paragraphs 24 through 30 are construed to make allegations against any of the House Defendants to which a response is required, the House Defendants crave reference to the cited constitutional and statutory provision(s) and H. 4493 and S. 865, and deny any allegations or mischaracterizations inconsistent therewith. To the extent any further response is required, the allegations are denied.

## JURISDICTION AND VENUE

20.      Paragraph 31 of the Second Amended Complaint asserts a legal conclusion regarding the constitutional basis of this action to which a response is not required. To the extent a response is deemed to be required, the allegations are denied.

21.      Paragraph 32 of the Second Amended Complaint asserts a legal conclusion regarding subject matter jurisdiction and does not require a response. To the extent a response is deemed to be required, the allegations are denied.

22.      Paragraph 33 of the Second Amended Complaint asserts a legal conclusion regarding the appointment of a three-judge panel and does not require a response. To the extent a response is deemed to be required, the allegations are denied.

23.      Paragraph 34 of the Second Amended Complaint asserts a legal conclusion on venue and does not require a response. To the extent a response is deemed to be required, the allegations are denied.

24.     Paragraph 35 of the Second Amended Complaint asserts legal conclusions on personal jurisdiction and do not require a response. To the extent a response is deemed to be required, the allegations are denied.

## STATEMENT OF FACTS

25.     Paragraph 36 of the Second Amended Complaint is admitted to the extent it alleges that on December 10, 2021, Governor Henry McMaster signed into law H. 4493 and that on January 26, 2022, Governor McMaster signed into law S. 865. As to the remaining allegations in Paragraph 36, the House Defendants deny the allegations.

26.     To the extent the unnumbered subheading between Paragraph 36 and Paragraph 37 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

27.     Paragraph 37 of the Second Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. The House Defendants deny the factual allegation in Paragraph 37 that "H. 4493 and S. 865 are the latest iteration of South Carolina's long pattern of official acts of racial discrimination including its enactment of various discriminatory voting rules that deny and abridge the voting rights of Black South Carolinians." As to any remaining factual allegations in Paragraph 37 to which a response is necessary, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Footnotes 3, 4, and 5 of the Second Amended Complaint do not require a response from the House Defendants. To the extent Footnotes 3, 4, and 5 are deemed to require a response, the House Defendants crave reference to the cited cases and publications and deny any allegations or mischaracterizations inconsistent therewith.

28.    To the extent that Paragraph 38 of the Second Amended Complaint contains factual allegations to which a response is necessary, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

29.    Paragraph 39 of the Second Amended Complaint consists of arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent Paragraph 39 contains factual allegations to which a response is necessary, the House Defendants deny the allegations.

30.    Paragraph 40 of the Second Amended Complaint consists of arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraph 40 contains factual allegations to which a response is necessary, the House Defendants deny the allegations.  Footnote 6 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 6 is deemed to require a response, the House Defendants crave reference to the cited website, publication, and statute and deny any allegations or mischaracterizations inconsistent therewith.

31.    Paragraph 41 of the Second Amended Complaint consists of arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraph 41 contains factual allegations to which a response is necessary, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

32.    Paragraph 42 of the Second Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. Paragraph 42 also contains allegations regarding persons or entities that are not parties to this proceeding. To the extent that Paragraph 42 contains factual allegations to which a response is

necessary, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Footnote 7 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 7 is deemed to require a response, the House Defendants crave reference to the cited case and denies any allegations or mischaracterizations inconsistent therewith.

33.    Paragraph 43 of the Second Amended Complaint consists of mischaracterizations regarding the S.C. redistricting process since Congress enacted the VRA and the need for judicial review. To the extent that Paragraph 43 is construed to allege there was a *need* for judicial review of South Carolina's redistricting maps for the last five redistricting cycles, the House Defendants crave reference to the cited cases and deny any allegations or mischaracterizations inconsistent therewith. Otherwise, the House Defendants deny the allegations in Paragraph 43.

34.    Paragraph 44 of the Second Amended Complaint consists of a mischaracterization of judicial precedent by quotation from *Burton on Behalf of Republican Party v. Sheheen*, 793 F. Supp. 1329, 1337 (D.S.C. 1992), *vacated sub nom. Statewide Reapportionment Advisory Comm. v. Theodore*, 508 U.S. 968 (1993), and *vacated sub nom. Campbell v. Theodore*, 508 U.S. 968 (1993), in that Plaintiffs fail to acknowledge or reference the attendant Footnote 11, which reads: "In respect to the reapportionment of the House of Representatives, South Carolina's General Assembly is one of those which has faithfully complied with its constitutional obligations." *Id.* (quoting *O'Shields v. McNair*, 254 F. Supp. 708, 717 (D.S.C. 1966)). In this and all other respects, the House Defendants crave reference to the cited case law and deny any allegations or mischaracterizations inconsistent therewith. To the extent that Paragraph 44 contains factual allegations to which a response is necessary, the House Defendants deny the allegations.

35.     To the extent the unnumbered subheadings between Paragraph 44 and Paragraph 45 of the Second Amended Complaint are deemed to require a response, the House Defendants deny the allegations.

36.     Responding to Paragraph 45 of the Second Amended Complaint, the House Defendants admit the Ad Hoc Committee adopted redistricting guidelines on August 3, 2021, and that the guidelines and criteria were adopted without holding a separate public hearing in advance of their adoption. The remaining allegations in Paragraph 45 are denied. Footnote 8 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 8 is deemed to require a response, the House Defendants crave reference to the cited redistricting guidelines and criteria document and deny any allegations or mischaracterizations inconsistent therewith.

37.     Paragraphs 46 through 49 and 51 through 55 of the Second Amended Complaint purport to restate the 2021 Guidelines and Criteria for Congressional and Legislative Redistricting (the "**redistricting guidelines**"), adopted by the Ad Hoc Committee on August 3, 2021. In response to the allegations in Paragraphs 46 through 49 and 51 through 55, the House Defendants crave reference to the adopted redistricting guidelines and deny any allegations or mischaracterizations inconsistent therewith.

38.     Paragraph 50 of the Second Amended Complaint consists of arguments and a misstatement of the law. The House Defendants admit the Ad Hoc Committee declined to amend the redistricting guidelines to increase the overall range of population deviation to 10%, or plus or minus 5% of the mathematical mean, and the House Defendants deny that a population deviation of 10% overall is "consistent with federal law." "[T]he Supreme Court has not created a 10% maximum population deviation threshold, below which all redistricting decisions are inherently

constitutional." *Wright v. North Carolina*, 787 F.3d 256, 267 (4th Cir. 2015). Footnote 9 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 9 is deemed to require a response, the House Defendants crave reference to the cited case and deny any allegations or mischaracterizations inconsistent therewith.

39.    To the extent the unnumbered subheading between Paragraph 55 and Paragraph 56 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

40.    Paragraphs 56 through 65 of the Second Amended Complaint do not contain factual allegations directed to the House Defendants requiring a response, but do contain generalized assertions and characterizations about the South Carolina Senate's legislative process for congressional and state legislative redistricting. To the extent Paragraphs 56 through 65 are construed to contain allegations directed to the House Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 56 through 65 contain allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Footnote 10 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 10 is deemed to require a response, the House Defendants crave reference to the cited website and document and deny any allegations or mischaracterizations inconsistent therewith.

41.    To the extent the unnumbered subheadings between Paragraph 65 and Paragraph 66 of the Second Amended Complaint are deemed to require a response, the House Defendants deny the allegations.

42.     Paragraphs 66 and 67 of the Second Amended Complaint consist of arguments, unverifiable assumptions, and mischaracterizations of fact. The House Defendants admit only so much of the allegations as may be construed to allege that the Ad Hoc Committee held numerous public hearings throughout the State in the evenings over several weeks, the last two of which (on September 28 and October 4) provided for remote participation and virtual testimony. As to the remaining allegations in Paragraphs 66 and 67, the House Defendants deny the allegations. Footnote 11 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 11 is deemed to require a response, the House Defendants crave reference to the cited website and deny any allegations or mischaracterizations inconsistent therewith.

43.     In response to Paragraphs 68 and 69 of the Second Amended Complaint, the House Defendants crave reference to the identified letters for what matters were raised and how the issues were conveyed, and further state that much of the writings are legal posturing and mischaracterization of judicial precedent. Further answering the allegations, the House Defendants deny that the redistricting process was not transparent and that it lacked opportunities for meaningful public participation, as the contrary is evidenced by Plaintiff SC NAACP's own participation throughout. In all other regards, the allegations of Paragraphs 68 and 69 are denied. Footnotes 12 and 13 of the Second Amended Complaint do not require a response from the House Defendants. To the extent Footnotes 12 and 13 are deemed to require a response, the House Defendants crave reference to the cited letters and deny any allegations or mischaracterizations inconsistent therewith.

44.     In response to Paragraphs 70 and 71 of the Second Amended Complaint, the House Defendants crave reference to the identified letter for what matters were raised and how the issues

were conveyed, and further state that much of the writing was regurgitation of the earlier legal posturing and mischaracterization of judicial precedent. Further answering the allegations, the House Defendants deny that the plans submitted "corrected for population disparities . . ., among other considerations and requirements that complied with the House Redistricting Committee's criteria and the U.S. Constitution and other federal law." In all other regards, the allegations of Paragraphs 70 and 71 are denied. Footnote 14 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 14 is deemed to require a response, the House Defendants crave reference to the cited letter and deny any allegations or mischaracterizations inconsistent therewith.

45.    Paragraph 72 of the Second Amended Complaint is admitted to the extent that Plaintiffs allege that an RPV analysis demonstrates racially polarized voting patterns. For the remaining allegations in Paragraph 72, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as there are many reasons other than lack of white cross-over voting that could cause Black voter-supported candidates to be defeated.

46.    Paragraph 73 of the Second Amended Complaint is admitted except to the extent that Plaintiffs allege that after the October 8 submission deadline, the Ad Hoc Committee provided no information about when it would release maps or deliberate further, until November 8, which is denied.

47.    Paragraph 74 of the Second Amended Complaint is admitted to the extent that the Ad Hoc Committee held a public meeting on November 10. For the remaining allegations in Paragraph 74, the House Defendants crave reference to the public record of testimony from that November 10 public meeting available at https://www.scstatehouse.gov/video/archives.php and deny any allegations or mischaracterizations inconsistent therewith.

48.     The House Defendants deny the false accusations and misrepresentations made in Paragraphs 75 through 79 of the Second Amended Complaint with regard to the statements and testimony offered during the November 10 public hearing, and further crave reference to the recorded version of the November 10 public meeting available at https://www.scstatehouse.gov/video/archives.php for a complete and accurate representation of the facts. The arguments, unwarranted inferences, conjecture, and legal conclusions contained in Paragraphs 75 through 79 of the Second Amended Complaint, regardless of their inaccuracy do not require a response. Footnote 15 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 15 is deemed to require a response, the House Defendants crave reference to the cited letter and deny any allegations or mischaracterizations inconsistent therewith.

49.     Paragraph 80 of the Second Amended Complaint is admitted only to the extent it alleges the Ad Hoc Committee met again to discuss its state House Staff Plan on November 16, 2021. The remaining allegations in Paragraph 80 are denied.

50.     Paragraph 81 of the Second Amended Complaint is admitted only to the extent it alleges the Ad Hoc Committee approved an amendment to H. 4493 to incorporate its amended plan and voted to give it a favorable report to the House Judiciary Committee. For the remaining allegations in Paragraph 81, much of which is argumentative and conjecture, the House Defendants crave reference to the public record of testimony from that November 16 public meeting available at    https://www.scstatehouse.gov/video/archives.php    and deny any allegations or mischaracterizations inconsistent therewith.

51.     Paragraphs 82 and 83 of the Second Amended Complaint are admitted only to the extent as may be construed to allege that the House Judiciary Committee convened to meet as

publicly noticed the same day as the Ad Hoc Committee to consider the Ad Hoc Committee's report, and that the Judiciary Committee voted to adopt the recommendation of the Ad Hoc Committee with certain amendments as presented and discussed during the meeting. A recording of the Judiciary Committee meeting is publicly available at https://www.scstatehouse.gov/video/archives.php, and the amendments addressed at https://redistricting.schouse.gov/amendments.html, and the House Defendants crave reference to the records of the proceeding, denying any allegations or mischaracterization inconsistent therewith.

52.     Paragraphs 84 and 85 of the Second Amended Complaint are denied.

53.     Paragraph 86 of the Second Amended Complaint is admitted to the extent it may be construed to allege that H. 4493 was read and debated on December 2, 2021, with several amendments raised and either adopted or tabled, two of which were proposed by Rep. Wendy Brawley. The remaining allegations in Paragraph 86 purport to represent testimony of third parties, in response to which the House Defendants crave reference to the public records and deny any allegations or mischaracterization inconsistent therewith.

54.     Paragraph 87 of the Second Amended Complaint is denied because Plaintiffs' quotation of Defendant Wallace H. Jordan is intentionally incomplete so as to be misleading and consequently renders the allegations of Paragraph 87 of the Second Amended Complaint inaccurate.

55.     The allegations in Paragraph 88 of the Second Amended Complaint are argumentative and misleading, and include an imprecise representation of the law. Further answering, the House Defendants admit only so much of the allegations in Paragraph 88 as may be construed to allege that the amendment proposing to substitute the public map submission from

the League of Women Voters was tabled and that in addressing the amendment, Rep. Jordan identified the 10% deviation standard as a "big issue" with the submission.

56.     Responding to the allegations in Paragraphs 89 through 91 of the Second Amended Complaint, the House Defendants crave reference to the recording of the December 2, 2021 South Carolina House of Representatives public legislative session available at https://www.scstatehouse.gov/video/archives.php as opposed to the Plaintiffs' incomplete, argumentative and biased representations of testimony, and deny any allegations or mischaracterizations of the Second Amended Complaint inconsistent therewith.

57.     Responding to the allegations in Paragraph 92 of the Second Amended Complaint, the House Defendants would correct the Plaintiffs' misunderstanding or misrepresentation of legislative history, in that H. 4493 was subject to a third reading on December 6, 2021, not second. As to the remaining allegations in Paragraph 92, the House Defendants crave reference to the recording of the December 6, 2021 South Carolina House of Representatives public legislative session available at https://www.scstatehouse.gov/video/archives.php as opposed to the Plaintiffs' incomplete, argumentative and biased representations of testimony, and deny any allegations or mischaracterizations of the Second Amended Complaint inconsistent therewith.

58.     Paragraphs 93 and 94 of the Second Amended Complaint are admitted.

59.     To the extent the unnumbered subheading between Paragraph 94 and Paragraph 95 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

60.     Paragraph 95 of the Second Amended Complaint is denied.

61.     Paragraphs 96 and 97 of the Second Amended Complaint do not contain factual allegations directed to the House Defendants requiring a response, but do contain generalized

assertions and characterizations about the timing of the South Carolina Senate's legislative process for congressional and state legislative redistricting. To the extent Paragraphs 96 and 97 are construed to contain allegations directed to the House Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 96 and 97 contain allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Footnotes 16 and 17 of the Second Amended Complaint do not require a response from the House Defendants. To the extent Footnotes 16 and 17 are deemed to require a response, the House Defendants crave reference to the cited website and letter and deny any allegations or mischaracterizations inconsistent therewith.

62.     Paragraphs 98 and 99 of the Second Amended Complaint are admitted only to the extent the allegations may be construed to allege that the House Defendants received at least two letters in August 2021 that had SC NAACP listed as one of the signatories. To the extent any further response is needed regarding those letters, the House Defendants crave reference to those letters and deny any allegations or mischaracterizations inconsistent therewith. In all other regards, the allegations are denied.

63.     Paragraph 100 of the Second Amended Complaint consist of arguments, unverifiable assumptions, and mischaracterizations of fact. The House Defendants admit only so much of the allegations as may be construed to allege that the Ad Hoc Committee held numerous public hearings throughout the State over several weeks, the last two of which (on September 28 and October 4) provided for remote participation and virtual testimony. As to the remaining allegations in Paragraph 100, the House Defendants deny the allegations.

64.    Paragraph 101 of the Second Amended Complaint does not contain factual allegations directed to the House Defendants requiring a response, but does contain generalized assertions and characterizations about the timing of the South Carolina Senate's legislative process for congressional and state legislative redistricting. To the extent Paragraph 101 is construed to contain allegations directed to the House Defendants to which a response is required, the allegations are denied. To the extent Paragraph 101 contains allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

65.    Paragraph 102 of the Second Amended Complaint is admitted only to the extent the allegations may be construed to allege that the House Defendants received on October 8, 2021, two congressional map proposals purported to, in part, have come from SC NAACP and a letter that had SC NAACP listed as one of its signatories. To the extent any further response is needed regarding those submissions and letter, the House Defendants crave reference to those submissions and letter and deny any allegations or mischaracterizations inconsistent therewith. To the extent Paragraph 102 contains allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. In all other regards, the allegations are denied. Footnote 18 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 18 is deemed to require a response, the House Defendants crave reference to the cited letters and deny any allegations or mischaracterizations inconsistent therewith.

66.    Paragraphs 103 through 113 of the Second Amended Complaint do not contain factual allegations directed to the House Defendants requiring a response, but do contain

generalized assertions and characterizations about the timing of the South Carolina Senate's legislative process for congressional redistricting. To the extent Paragraphs 103 through 113 are construed to contain allegations directed to the House Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 103 through 113 contain allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Footnote 19 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 19 is deemed to require a response, the House Defendants crave reference to the cited cases and deny any allegations or mischaracterizations inconsistent therewith.

67.    Paragraph 114 of the Second Amended Complaint is admitted only to the extent the allegations may be construed to allege that the Congressional House Staff Plan was released on December 13, 2021, and the public was made aware on December 13, 2021, of a noon December 16, 2021 Ad Hoc Committee meeting. In all other regards, the allegations are denied.

68.    Paragraph 115 of the Second Amended Complaint is admitted only to the extent it alleges the Ad Hoc Committee received public comment on December 16, 2021. For the remaining allegations in Paragraph 115, the House Defendants crave reference to the public record of testimony from that December 16 public meeting available at https://www.scstatehouse.gov/video/archives.php and deny any allegations or mischaracterizations inconsistent therewith.

69.    Paragraph 116 of the Second Amended Complaint is admitted.

70.    Paragraphs 117 through 122 of the Second Amended Complaint is admitted only to the extent it alleges the Ad Hoc Committee received public testimony on December 29, 2021.

For the remaining allegations in Paragraphs 117 through 122, the House Defendants crave reference to the public record of testimony from that December 29 public meeting available at https://www.scstatehouse.gov/video/archives.php and deny any allegations or mischaracterizations inconsistent therewith.

71.     Paragraph 123 of the Second Amended Complaint is admitted.

72.     Paragraphs 124 through 133 of the Second Amended Complaint is admitted only to the extent it alleges the Ad Hoc Committee and House Judiciary Committee considered congressional maps on January 10, 2022. For the remaining allegations in Paragraphs 124 through 133, the House Defendants crave reference to the public record of testimony from those January 10 public meetings available at https://www.scstatehouse.gov/video/archives.php and deny any allegations or mischaracterizations inconsistent therewith.

73.     Paragraph 134 of the Second Amended Complaint does not contain factual allegations directed to the House Defendants requiring a response, but do contain generalized assertions about the timing of the South Carolina Senate's legislative process for congressional redistricting. To the extent Paragraph 134 is construed to contain allegations directed to the House Defendants to which a response is required, the allegations are denied. To the extent Paragraph 134 contains allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

74.     Paragraphs 135 through 149 of the Second Amended Complaint are denied.

75.     Paragraph 150 of the Second Amended Complaint is admitted.

76.     Paragraphs 151 through 172 of the Second Amended Complaint do not contain factual allegations directed to the House Defendants requiring a response, but do contain

generalized assertions and characterizations about the timing of the South Carolina Senate's legislative process for congressional redistricting. To the extent Paragraphs 151 through 172 are construed to contain allegations directed to the House Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 151 through 172 contain allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

77.     Paragraph 173 of the Second Amended Complaint is admitted only to the extent it could be construed as meaning the House did not vote to concur with S. 865 on January 25, 2022. In all other regards, the allegations are denied.

78.     Paragraph 174 of the Second Amended Complaint is admitted.

79.     To the extent the unnumbered subheading between Paragraph 174 and Paragraph 175 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

80.     Paragraph 175 of the Second Amended Complaint is denied to the extent the legal conclusion therein is construed to be an allegation of fact.

81.     Paragraph 176 of the Second Amended Complaint is admitted to the extent that Plaintiffs allege South Carolina's population grew by 10.7% between 2010 and 2020 and that the Black population shifted within the State, leading to significant population disparities between legislative districts that needed to be addressed. As to the remaining allegations in Paragraph 176, the allegations are denied upon information and belief. Footnote 20 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 20 is deemed to require a response, the House Defendants deny the allegations.

82.     Paragraph 177 of the Second Amended Complaint is admitted with the exception of the word "purportedly," which falsely implies the House did not endeavor as it in fact did.

83.     Paragraphs 178 and 179 of the Second Amended Complaint are denied.

84.     The House Defendants admit only so much of the allegations in Paragraph 180 of the Second Amended Complaint as may be construed to allege that Plaintiff SC NAACP submitted a map with more districts wherein Black voters would be between 30-50% of the voting age population. As to the remaining allegations in Paragraph 180, the House Defendants deny the allegations.

85.     Paragraph 181 of the Second Amended Complaint is denied.

86.     To the extent the unnumbered subheading between Paragraph 181 and Paragraph 182 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

87.     To the extent the legal conclusion in Paragraph 182 of the Second Amended Complaint is construed as a factual allegation, the Paragraph is denied.

88.     Paragraph 183 of the Second Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. Further answering, the House Defendants admit only so much of the allegations in Paragraph 183 as may be construed to allege that one precinct between Districts 7 and 11, one precinct between Districts 8 and 11, and at least two precincts between Districts 7 and 9 have been split. The remaining allegations are denied.

89.     Paragraph 184 of the Second Amended Complaint consists of argumentative commentary, and generalizations about complex issues. To the extent that Paragraph 184 contains factual allegations to which a response is necessary, the House Defendants deny the allegations.

Footnote 21 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 21 is deemed to require a response, the House Defendants deny the allegations.

90.     To the extent the image between Paragraph 184 and Paragraph 185 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

91.     Paragraph 185 of the Second Amended Complaint is denied.

92.     Paragraphs 186 and 187 of the Second Amended Complaint consist of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraphs 186 and 187 contain factual allegations to which a response is necessary, the House Defendants deny the allegations. Footnote 22 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 22 is deemed to require a response, the House Defendants deny the allegations.

93.     To the extent the image between Paragraph 187 and Paragraph 188 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

94.     Responding to the allegations in Paragraph 188 of the Second Amended Complaint, the House Defendants crave reference to the cited letter for what matters were raised and how the issues were conveyed, and deny any allegations or mischaracterizations inconsistent therewith. Footnote 23 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 23 is deemed to require a response, the House Defendants crave reference to the cited letter and deny any allegations or mischaracterizations inconsistent therewith.

95.     Paragraphs 189 through 191 of the Second Amended Complaint consist of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about

complex issues. To the extent that Paragraphs 189 through 191 contain factual allegations to which a response is necessary, the House Defendants deny the allegations.

96.     To the extent that Paragraph 192 of the Second Amended Complaint contains factual allegations to which a response is necessary, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as the voting analysis referred to by Plaintiffs is presumably their own and was not submitted to or shared with the House Defendants during the redistricting process, not even with the numerous critiques or commentaries that were provided, many of which have been described herein.

97.     To the extent the legal conclusion in Paragraph 193 of the Second Amended Complaint is construed as an allegation of fact, the Paragraph is denied.

98.     To the extent the unnumbered subheading between Paragraph 193 and Paragraph 194 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

99.     To the extent the legal conclusion in Paragraph 194 of the Second Amended Complaint is construed as an allegation of fact, the Paragraph is denied.

100.     Paragraph 195 of the Second Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. Further answering, the House Defendants admit only so much of the allegations as may be construed to allege that eight precincts across Districts 41 and 43 have been split. The remaining allegations are denied.

101.     Paragraph 196 of the Second Amended Complaint is denied.

102.     Paragraph 197 of the Second Amended Complaint consists of argumentative commentary and generalizations about complex issues. To the extent a response is required, the

allegations are denied. Footnote 24 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 24 is deemed to require a response, the House Defendants deny the allegations.

103.    To the extent the image between Paragraph 197 and Paragraph 198 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

104.    To the extent the legal conclusion in Paragraph 198 of the Second Amended Complaint is considered to be factual allegations to which a response is necessary, the House Defendants deny the allegations.

105.    To the extent the unnumbered subheading between Paragraph 198 and Paragraph 199 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

106.    To the extent the legal conclusion in Paragraph 199 of the Second Amended Complaint is construed as an allegation of fact, the Paragraph is denied.

107.    Paragraphs 200 through 202 of the Second Amended Complaint consist of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraphs 200 through 202 contain factual allegations to which a response is necessary, the House Defendants deny the allegations. Footnote 25 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 25 is deemed to require a response, the House Defendants deny the allegations.

108.    To the extent the image between Paragraph 201 and Paragraph 202 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

109.    To the extent the legal conclusion in Paragraph 203 of the Second Amended Complaint is construed as an allegation of fact, the House Defendants deny the allegation.

110.    To the extent the unnumbered subheading between Paragraph 203 and Paragraph 204 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

111.    To the extent the legal conclusion in Paragraph 204 of the Second Amended Complaint is construed as an allegation of fact, the House Defendants deny the allegation.

112.    Paragraphs 205 through 209 of the Second Amended Complaint consist of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraphs 205 through 209 contain factual allegations to which a response is necessary, the House Defendants deny the allegations and further reiterate that the Plaintiffs had not at any time during the redistricting process shared any voting or compactness analysis in their efforts to supposedly ensure legally compliant redistricting plans. Footnotes 26 and 27 of the Second Amended Complaint do not require a response from the House Defendants. To the extent Footnotes 26 and 27 are deemed to require a response, the House Defendants deny the allegations.

113.    To the extent the image between Paragraph 206 and Paragraph 207 and the image between Paragraph 209 and Paragraph 210 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

114.    To the extent the legal conclusion in Paragraph 210 of the Second Amended Complaint is considered to be factual allegations to which a response is necessary, the House Defendants deny the allegations.

115.    To the extent the unnumbered subheading between Paragraph 210 and Paragraph 211 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

116.    To the extent the legal conclusion in Paragraph 211 of the Second Amended Complaint is considered to be factual allegations to which a response is necessary, the House Defendants deny the allegations.

117.    Paragraph 212 of the Second Amended Complaint is admitted only to the extent it may be construed to allege that the city of Florence is split among three districts (Districts 59, 60, and 63) and the border between Districts 59 and 60 splits one precinct, the border between Districts 60 and 63 splits at least three precincts, and the border between Districts 59 and 63 splits at least seven precincts. As to the remaining allegations in Paragraph 212, the allegations are denied.

118.    Paragraph 213 of the Second Amended Complaint is denied. Footnote 28 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 28 is deemed to require a response, the House Defendants deny the allegations.

119.    To the extent the image between Paragraph 213 and Paragraph 214 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

120.    As to the allegations in Paragraph 214 of the Second Amended Complaint referencing contents of letters submitted by SC NAACP on October 8, November 15, and November 30, the House Defendants crave reference to those cited letters for what matters were raised and how the issues were conveyed, and deny any allegations or mischaracterizations inconsistent therewith.  Footnotes 29 and 30 of the Second Amended Complaint do not require a response from the House Defendants. To the extent Footnotes 29 and 30 are deemed to require a response, the House Defendants crave reference to the cited redistricting guidelines and letter and deny any allegations or mischaracterizations inconsistent therewith.

121.    To the extent the legal conclusion in Paragraph 215 of the Second Amended Complaint is considered to be factual allegations to which a response is necessary, the House Defendants deny the allegations.

122.    Paragraph 216 of the Second Amended Complaint is denied. Footnote 31 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 31 is deemed to require a response, the House Defendants deny the allegations.

123.    To the extent the image between Paragraph 216 and Paragraph 217 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

124.    To the extent the legal conclusion in Paragraph 217 of the Second Amended Complaint is considered to be factual allegations to which a response is necessary, the House Defendants deny the allegations.

125.    To the extent the unnumbered subheading between Paragraph 217 and Paragraph 218 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

126.    To the extent the legal conclusion in Paragraph 218 of the Second Amended Complaint is considered to be factual allegations to which a response is necessary, the House Defendants deny the allegations.

127.    Paragraphs 219 through 223 of the Second Amended Complaint consist of legal conclusions, arguments, unwarranted inferences, and generalizations about complex issues. To the extent that Paragraphs 219 through 223 contain factual allegations to which a response is necessary, the House Defendants deny the allegations with the sole two exceptions being that Richland County now has one less state House seat and the border between Districts 72 and 74 splits three voting precincts. Footnotes 32 and 33 of the Second Amended Complaint do not

require a response from the House Defendants. To the extent Footnotes 32 and 33 are deemed to require a response, the House Defendants deny the allegations.

128.    To the extent the images between Paragraph 219 and Paragraph 220, between Paragraph 221 and Paragraph 222, between Paragraph 222 and Paragraph 223, and between Paragraph 223 and Paragraph 224 of the Second Amended Complaint are deemed to require a response, the House Defendants deny the allegations.

129.    To the extent the legal conclusion in Paragraph 224 of the Second Amended Complaint is considered to be factual allegations to which a response is necessary, the House Defendants deny the allegations.

130.    To the extent the unnumbered subheading between Paragraph 224 and Paragraph 225 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

131.    To the extent the legal conclusion in Paragraph 225 of the Second Amended Complaint is considered to be factual allegations to which a response is necessary, the House Defendants deny the allegations

132.    Paragraphs 226 through 228 of the Second Amended Complaint consist of legal conclusions, arguments, unwarranted inferences, and generalizations about complex issues. To the extent that Paragraphs 226 through 228 contain factual allegations to which a response is necessary, the House Defendants deny the allegations.

133.    To the extent the image between Paragraph 227 and Paragraph 228 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

134.    To the extent the legal conclusion in Paragraph 229 of the Second Amended Complaint is considered to be factual allegations to which a response is necessary, the House

Defendants deny the allegations. Footnote 34 of the Second Amended Complaint does not require a response from the House Defendants. To the extent Footnote 34 is deemed to require a response, the House Defendants crave reference to the recording of the December 2, 2021 South Carolina House of Representatives public legislative session available at https://www.scstatehouse.gov/video/archives.php and deny any allegations or mischaracterizations inconsistent therewith.

135.    To the extent the unnumbered subheading between Paragraph 229 and Paragraph 230 of the Second Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

136.    Paragraph 230 of the Second Amended Complaint is admitted.

137.    Paragraphs 231 through 234 of the Second Amended Complaint is admitted to the extent they could be construed to allege members of the public or legislators provided input to the House Defendants regarding congressional districts. To the extent the remaining factual allegations in Paragraphs 231 through 234 are construed to contain allegations directed to the House Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 231 through 234 contain allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

138.    Paragraphs 235 through 240 of the Second Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraphs 235 through 240 contain factual allegations to which a response is necessary, the House Defendants deny the allegations. To the extent Paragraphs 235 through 240 contain allegations about another defendant or another person or entity that is not a

party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

139.     To the extent the images between Paragraph 237 and Paragraph 238, between Paragraph 239 and Paragraph 240, and between Paragraph 240 and Paragraph 241 of the Second Amended Complaint are deemed to require a response, the House Defendants deny the allegations.

140.     Paragraph 241 of the Second Amended Complaint is admitted only to the extent the allegations may be construed to allege that two congressional map proposals submitted to the Ad Hoc Committee purported, in part, to have come from SC NAACP kept whole or split Charleston County. To the extent any further response is needed regarding those congressional map proposals, the House Defendants crave reference to those proposals and deny any allegations or mischaracterizations inconsistent therewith. To the extent Paragraph 241 contains allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. In all other regards, the allegations are denied.

141.     Paragraphs 242 through 246 of the Second Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraphs 242 through 246 contain factual allegations to which a response is necessary, the House Defendants deny the allegations.

**FURTHER ANSWERING AS TO CAUSES OF ACTION**
**COUNT ONE (H. 4493's violations of the Fourteenth Amendment of the U.S. Constitution;**
**U.S. Const. amend. XIV; 42 U.S.C §1983 (Racial Gerrymandering))**

142.     In response to Paragraph 247 of the Second Amended Complaint, the House Defendants repeat, re-allege, and incorporate by reference all the foregoing paragraphs as if fully set forth herein verbatim.

143.    Paragraph 248 of the Second Amended Complaint contains an excerpt of the Fourteenth Amendment of the U.S. Constitution. To the extent a response is necessary, the House Defendants crave reference to the cited constitutional amendment and deny any allegations or mischaracterizations inconsistent therewith.

144.    Paragraph 249 of the Second Amended Complaint consists of an imprecise recital of the law regarding racial classifications and the U.S. Constitution. To the extent a response is necessary, the allegations are denied.

145.    Paragraphs 250 through 252 of the Second Amended Complaint consist of legal conclusions and unsupported speculative conjecture. To the extent that Paragraphs 250 through 252 are construed to include factual allegations to which a response is necessary, the House Defendants deny the allegations.

146.    Paragraph 253 of the Second Amended Complaint consists of legal conclusions. To the extent that Paragraph 253 is construed to include factual allegations to which a response is necessary, the House Defendants deny the allegations.

147.    Paragraph 254 of the Second Amended Complaint is denied.

**COUNT TWO (H. 4493's violations of the Fourteenth and Fifteenth Amendments of the U.S. Constitution; U.S. Const. amends. XIV and XV; 42 U.S.C §1983 (Intentional Discrimination))**

148.    In response to Paragraph 255 of the Second Amended Complaint, the House Defendants repeat, re-allege, and incorporate by reference all the foregoing paragraphs as if fully set forth herein verbatim.

149.    Paragraph 256 of the Second Amended Complaint consists of an imprecise recital of the law regarding the Fifteenth Amendment of the U.S. Constitution. To the extent a response is necessary, the allegations are denied.

150.    Paragraphs 257 through 259 of the Second Amended Complaint consist of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraphs 257 through 259 contain factual allegations to which a response is necessary, the House Defendants deny the allegations and demand strict proof thereof.

151.    Paragraph 260 of the Second Amended Complaint is denied.

**COUNT THREE (S. 865's violations of the Fourteenth Amendment of the U.S. Constitution; U.S. Const. amend. XIV; 42 U.S.C §1983 (Racial Gerrymandering))**

152.    In response to Paragraph 261 of the Second Amended Complaint, the House Defendants repeat, re-allege, and incorporate by reference all the foregoing paragraphs as if fully set forth herein verbatim.

153.    Paragraph 262 of the Second Amended Complaint contains an excerpt of the Fourteenth Amendment of the U.S. Constitution. To the extent a response is necessary, the House Defendants crave reference to the cited constitutional amendment and deny any allegations or mischaracterizations inconsistent therewith.

154.    Paragraph 263 of the Second Amended Complaint consists of an imprecise recital of the law regarding racial classifications and the U.S. Constitution. To the extent a response is necessary, the allegations are denied.

155.    Paragraphs 264 through 266 of the Second Amended Complaint consist of legal conclusions and unsupported speculative conjecture. To the extent that Paragraphs 264 through 266 are construed to include factual allegations to which a response is necessary, the House Defendants deny the allegations.

156.    Paragraph 267 of the Second Amended Complaint consists of legal conclusions. To the extent that Paragraph 267 is construed to include factual allegations to which a response is necessary, the House Defendants deny the allegations.

157.    Paragraph 268 of the Second Amended Complaint is denied.

**COUNT FOUR (S. 865's violations of the Fourteenth and Fifteenth Amendments of the U.S. Constitution; U.S. Const. amends. XIV and XV; 42 U.S.C §1983 (Intentional Discrimination))**

158.    In response to Paragraph 269 of the Second Amended Complaint, the House Defendants repeat, re-allege, and incorporate by reference all the foregoing paragraphs as if fully set forth herein verbatim.

159.    Paragraph 270 of the Second Amended Complaint consists of an imprecise recital of the law regarding the Fifteenth Amendment of the U.S. Constitution. To the extent a response is necessary, the allegations are denied.

160.    Paragraphs 271 through 273 of the Second Amended Complaint consist of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraphs 271 through 273 contain factual allegations to which a response is necessary, the House Defendants deny the allegations and demand strict proof thereof.

161.    Paragraph 274 of the Second Amended Complaint is denied.

**FURTHER ANSWERING AS TO THE RELIEF REQUESTED**

162.    The unnumbered Paragraph beginning with WHEREFORE does not require a response. To the extent a response is deemed to be required, the House Defendants deny that Plaintiffs are entitled to the relief listed in that Paragraph and specifically deny that Plaintiffs are entitled to attorneys' fees or costs from the House Defendants.

**FOR A SECOND DEFENSE**

163.    Plaintiffs' Second Amended Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted for numerous reasons, including because the laws in question are constitutionally compliant, as the general assembly did <u>not</u> separate citizens into different voting districts on the basis of race absent sufficient justification or discriminate based on race.

**FOR A THIRD DEFENSE**

164.    Plaintiffs' claim for injunctive and declaratory relief fails because they raise nonjusticiable political questions and seek relief that violates the doctrines of separation of powers, federalism, and comity. Moreover, partisan gerrymandering claims disguised as racial gerrymandering claims for the purpose of securing subject-matter jurisdiction in this Court are not subject to federal court review because they present nonjusticiable political questions.

**FOR A FOURTH DEFENSE**

165.    Plaintiffs lack individual, organizational, associational, and representational standing to bring the instant action.

**FOR A FIFTH DEFENSE**

166.    The House Defendants did not discriminate, intentionally or otherwise, against any voter or group of voters on any basis, including the basis of race, in drawing any district or enacting any redistricting plan.

**FOR A SIXTH DEFENSE**

167.    Plaintiffs are not entitled to injunctive relief of any kind because they are not likely to succeed on the merits, they cannot demonstrate irreparable harm, the balance of the equities does not tip in their favor, and an injunction would not be in the public interest.

Page **35** of **38**

## FOR A SEVENTH DEFENSE

168.    The House Defendants are entitled to legislative privilege and legislative immunity and, as such, are shielded from any award of damages or prospective relief, and cannot be put to the burden of defending themselves.

## FOR AN EIGHTH DEFENSE

169.    Any consideration of race in drawing redistricting lines was to ensure compliance with Section 2 of the VRA.

## FOR A NINTH DEFENSE

170.    Plaintiffs cannot overcome the presumption that the legislative redistricting plans enacted by Act No. 117 and Act No. 118 were the result of a good faith effort by the House Defendants.

## FOR A TENTH DEFENSE

171.    Given the imminence of the election and the inadequate time to resolve the factual disputes, the court out of necessity should allow the 2022 elections to proceed without an injunction.

## FOR AN ELEVENTH DEFENSE

172.    Plaintiffs' causes of action and requested relief are improper as they request injunctions and other relief against H. 4493 and S. 865, which are bills, instead of against Act No. 117 and Act No. 118, which are laws.

## FOR A TWELFTH DEFENSE

173.    The House Defendants expressly adopt and incorporate by reference any and all applicable defenses asserted by other Defendants that are not otherwise specifically set forth herein.  The House Defendants expressly reserve the right to amend their Answer and assert any

further affirmative defenses at such time and to the extent warranted before, during, or after discovery or based on their investigation of the case or other relevant factual developments, and they hereby give notice of their intent to do so at the appropriate time.

## DEMAND FOR JUDGMENT

**WHEREFORE,** having fully answered and otherwise responded to Plaintiffs' Second Amended Complaint, the House Defendants respectfully request that the Court dismiss Plaintiffs' Second Amended Complaint or otherwise deny the relief sought therein, enter judgment in Defendants' favor on all counts, and award the House Defendants and the remaining Defendants any relief that the Court deems equitable, just, and proper.

*[Signature page follows]*

Respectfully submitted,

*/s/ Mark C. Moore*
Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Erica H. Wells (Fed. ID No. 13206)
Hamilton B. Barber (Fed. ID No. 13306)
Michael A. Parente (Fed. ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
EWells@nexsenpruet.com
HBarber@nexsenpruet.com
MParente@nexsenpruet.com

William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900
Greenville, SC 29601
Telephone: 864.370.2211
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Rhett D. Ricard (Fed. ID No. 13549)
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401
Telephone: 843.720.1707
RRicard@nexsenpruet.com

*Attorneys for James H. Lucas, Chris Murphy,
and Wallace H. Jordan*

February 28, 2022
Columbia, South Carolina