# Exhibit 3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>    Plaintiffs,<br><br>    v.<br><br>THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>    Defendants. | Case No. 3-21-cv-03302-JMC-TJH-RMG<br><br>**PLAINTIFFS' AMENDED OBJECTIONS AND RESPONSES TO DEFENDANTS JAMES H. LUCAS, CHRIS MURPHY, AND WALLACE H. JORDAN'S FIRST SET OF REQUESTS FOR PRODUCTION** |

Pursuant to Rules 26 and 34 of the Federal Rule of Civil Procedure, the South Carolina State

Conference of the NAACP ("SC NAACP") and Taiwan Scott (together, "Plaintiffs") hereby

object and respond to Defendants James H. Lucas, Chris Murphy, and Wallace H. Jordan's

("House Defendants") First Set of Requests for Production ("Requests" or "RFPs").

## PRELIMINARY STATEMENT

Plaintiffs' objections and responses contained herein ("Objections and Responses") are

based on information reasonably available to Plaintiffs at this time.  Plaintiffs reserve the right to

amend and/or supplement their Objections and Responses based on new information obtained in

discovery or otherwise in the course of this action.

Information contained in any Objections and Responses pursuant to these Requests is not

an admission or acknowledgement by Plaintiffs that such information is relevant to any claim or

defense in this action; is without prejudice to Plaintiffs' right to contend at any trial or in any

other proceeding, in this action or otherwise, that such information is inadmissible, irrelevant,

immaterial, or not the proper basis for discovery; and is without prejudice to or waiver of any

objection to any future use of such information.

Specific objections to each separate Request are made below.  Additionally, Plaintiffs

makes certain continuing objections to the Requests, also listed below ("Continuing

Objections").  These Continuing Objections, including with respect to the definitions and

instructions, are incorporated by reference into all of the responses made with respect to each

separate Request.  Plaintiffs' responses to each individual Request are submitted without

prejudice to, and without in any respect waiving, any Continuing Objections not expressly set

forth in that response.  Accordingly, the inclusion of any specific objection in any response

below is neither intended as, nor shall in any way be deemed, a waiver of any Continuing

Objection or of any other specific objection made herein or that may be asserted at a later date.

## <u>CONTINUING OBJECTIONS</u>

Plaintiffs incorporate each of the following Continuing Objections in their response to each Request.  In addition to these Continuing Objections, Plaintiffs may also state specific objections to Requests where appropriate, including objections that are not generally applicable to all the Requests.  By setting forth such specific objections, Plaintiffs do not intend to limit or restrict its Continuing Objections.

1.      Plaintiffs object to each Request to the extent it imposes on Plaintiffs any obligations that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any applicable order of the Court.

2.      Plaintiffs object to each Definition, Instruction, or Request to the extent it seeks production of documents or information subject to the attorney-client privilege, the work-product protection doctrine, or any other applicable privilege, rule, doctrine, or immunity, whether created by statute or common law.  Each Request has been read to exclude discovery of such privileged information.  Inadvertent production of any such information does not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information or document, nor does inadvertent production waive the right of Plaintiffs to object to the use of any such information in any proceeding.

3.      Plaintiffs object to each Request to the extent it seeks information that is not relevant to any party's claims or defenses.  *See* Rule 26(b)(1).

4.      Plaintiffs object to each Request to the extent it is not proportional to the needs of the case, "considering the importance of the issues at stake in the action . . . the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

3

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Rule 26(b)(1).

5.      Plaintiffs object to each Request to the extent it seeks discovery of electronically stored information that is not reasonably accessible due to undue burden or cost, in violation of Rule 26(b)(2)(B).

6.      Plaintiffs object to each Request to the extent that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control.

7.      Plaintiffs object to each Request to the extent it seeks a legal conclusion or requires Plaintiffs to formulate a legal conclusion to fully respond.

## CONTINUING OBJECTIONS TO HOUSE DEFENDANTS' INSTRUCTIONS

1.      Plaintiffs object to Instructions 1-9 to the extent they impose on Plaintiffs any obligations that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any applicable Order of the Court or agreement between the parties.

2.      Plaintiffs object to Instruction 6 to the extent that it purports to impose upon Plaintiffs any obligations that are broader than or inconsistent with the Federal Rules or any Order of this Court.  Plaintiffs will log privileged documents in accordance with their obligations under the Federal Rules or agreement between the parties

3.      Plaintiffs object to the definitions in Instruction 7 to the extent it render the Requests irrelevant, vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case.

## CONTINUING OBJECTIONS TO HOUSE DEFENDANTS' DEFINITIONS

By submitting these Objections and Responses, Plaintiffs do not adopt House

4

Defendants' purported definition of words and phrases contained in the Instructions to House Defendants' Requests. Plaintiffs interpret all words contained in the Requests in accordance with their ordinary and customary meanings.

1.      Plaintiffs object to the definitions "SC NAACP" and "Plaintiff Scott" on the ground that they are overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they purport to require Plaintiff Taiwan Scott to respond on behalf of "all other similarly situated persons" and purport to require Plaintiff SC NAACP to respond on behalf of "its employees, agents, officers, directors, representatives, consultants, accountants" as well as "anyone acting on SC NAACP's behalf" without regard to the to this action. Plaintiffs object to the definitions of "SC NAACP" and "Plaintiff Scott" to the extent they purport to require Plaintiffs to reveal information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. For purposes of these Objections and Responses, Plaintiff Taiwan Scott responds only on his own behalf, and Plaintiff SC NAACP responds only on its own behalf.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents, photographs, plats, sketches, or information of any kind, identified, referenced, referred to or relied on in answering the House Defendants' First Set of Interrogatories.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly

5

burdensome, and not proportional to the needs of the case. Plaintiffs object to this Request on the ground that it is duplicative of Request No. 2. Plaintiffs object to this Request on the ground that it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs agree to produce any non-privileged documents referenced in their responses to House Defendants' interrogatories.

**REQUEST NO. 2:**

All non-privileged documents or other information referenced or reviewed in the preparation of the answers to the House Defendants' First Set of Interrogatories, or otherwise relied upon by you or your attorneys in answering House Defendants' First Set of Interrogatories.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs agree to produce any documents referenced in their responses to House Defendants' interrogatories.

**REQUEST NO. 3:**

All non-privileged documents and communications, whether written, electronically stored or recorded (including audio), in your possession, custody, or control related to any claim

6

or defense in this case.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll non-privileged documents" related to "any claim or defense in this case." Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request to the extent it is duplicative of other Requests. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022.

**REQUEST NO. 4:**

All written or recorded statements or affidavits, including drafts thereof, from persons who are known or believed to be witnesses to the facts of this case.

7

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce statements or affidavits from witnesses or potential witnesses without regard to the subject matter of this case. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents that constitute recorded statements or affidavits for persons he knows or believes to be witnesses to the facts of this case, so he does not have documents to produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to

Defendants on March 7, 2022.

**REQUEST NO. 5:**

All documents provided to, considered by, or relied upon by ay expert or consultant you intend to call as an expert witness at trial.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiff's knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, SC NAACP will produce all sources and materials relied upon by its experts.

**REQUEST NO. 6:**

Copies of all files in Plaintiffs' possession, custody, or control used in or generated by any GIS, statistics, programming, or word-processing software or web application (i.e. Maptitude, ArcGIS, R, SPSS, Microsoft Excel, Python, Microsoft Word, Dave's Redistricting) to analyze or draw or in analyzing or drawing maps related to South Carolina house or congressional districts including, but not limited to, files containing or consisting of maps,

macros, vector or raster data; voter or election data; or layers, labels, or settings files (to include themes or styles).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "all files" used or generated to analyze or draw maps related to South Carolina districts.   Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and the specific information sought by House Defendants beyond what is sought in other Requests and beyond what Plaintiffs have otherwise agreed to produce.

**REQUEST NO. 7:**

Any memoranda, affidavits, or other reports or opinions you have received from any expert witness.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require

Plaintiffs to produce "[a]ny memoranda, affidavits, or other reports or opinions" received from any expert witness. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, SC NAACP will produce all sources and materials relied upon by its experts.

**REQUEST NO. 8:**

All documents you intend to rely upon at trial or use to question any witness during a deposition.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs object to this on the Ground that it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiff's knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged

electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022.

Plaintiffs agree to meet and confer with House Defendants concerning the parameters of a mutual exchange of anticipated trial exhibits or other materials that the parties intend to submit to the Court.

The Request is premature and Plaintiffs will provide this information at time exhibit disclosure is required under the Court's scheduling order.

**REQUEST NO. 9:**

All documents received from a third party in response to a subpoena or public records request relating to this case.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Subject to and without waiving the foregoing objections, Plaintiffs state that they do not have possession of any non-privileged documents that reflect documents received from a third party in response to a subpoena or public records request relating to this case, so they do not have documents to produce in response to this Request.

**REQUEST NO. 10:**

All documents and communications related to the current redistricting cycle and/or your claims in this case between you and any member of South Carolina House of Representatives, including but not limited to emails, text messages, social media communications, and other written or electronically stored correspondence.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents and communications" related to the current redistricting cycle and/or any claim or defense in this case between Plaintiffs and any member of South Carolina House of Representatives. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents reflecting communications between SC NAACP and any member of the South Carolina House of Representatives related to the current redistricting cycle, so he does not have documents to produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections, in addition to SC NAACP's productions of redistricting and other files on February 3, 2022 and March 1, 2022, SC NAACP directs Defendants to its continuing production of non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022.

**REQUEST NO. 11:**

All non-privileged documents and communications between you and any third party related to any claims or defenses in this case, or any relief you seek in this case.

13

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll non-privileged documents and communications" with third parties related to "any claim or defense in this case, or any relief you seek in this case." Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022. Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and the specific information sought by House Defendants beyond what is sought in other Requests and beyond what Plaintiffs have otherwise produced and agreed to produce.

**REQUEST NO. 12:**

All documents and communications related to the first cause of action in your Amended Complaint (Racial Gerrymandering in Violation of the Fourteenth Amendment).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and

14

not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" related to the first cause of action in the First Amended Complaint. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, relevant documents in support of Plaintiffs' first cause of action in its First Amended Complaint have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed

15

to Defendants on March 7, 2022. Relevant documents can also be found in Plaintiffs' expert reports and expert rebuttal reports that have been disclosed..

**REQUEST NO. 13:**

All documents and communications related to the second cause of action in your Amended Complaint (Intentional Discrimination in Violation of the Fourteenth and Fifteenth Amendments of the U.S. Constitution).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is duplicative, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce ""[a]ll documents" related to the second cause of action in the First Amended Complaint. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs'

16

knowledge, possession, custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request.  Relevant documents in support of Plaintiffs' second cause of action in its First Amended Complaint have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession.  Relevant documents can also be found in Plaintiffs' expert reports and rebuttal expert reports that have been disclosed.

**REQUEST NO. 14:**

All documents and communications related to the third cause of action in your Amended Complaint (Violation of the First and Fourteenth Amendments of the U.S. Constitution).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Subject to and without waiving the foregoing objections, Plaintiffs are no longer alleging that U.S. Congressional Districts are malapportioned in violation of the First and Fourteenth Amendments of the U.S. Constitution under Count Three of their Second Amended Complaint. As a result, this claim is moot and Plaintiffs will not be producing documents or communications in response to this Request.  However, Plaintiffs have not withheld and will not withhold

17

production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request.

**REQUEST NO. 15:**

All documents and communications supporting your allegation that the U.S. Congressional districts remain malapportioned. (See, e.g., Am. Compl. at ¶ 2).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Subject to and without waiving the foregoing objections, Plaintiffs are no longer alleging that South Carolina's U.S. Congressional Districts are malapportioned in violation of the First and Fourteenth Amendments of the U.S. Constitution under Count Three of their Second Amended Complaint. As a result, this claim is moot and Plaintiffs will not be producing documents or communications in response to this Request. However, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request.

**REQUEST NO. 16:**

All documents and communications supporting your allegation that H. 4493 was motivated by a discriminatory purpose. (See, e.g., Am. Compl. at ¶ 4).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and

not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting the allegation that H. 4493 was motivated by a discriminatory purpose. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request. Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022. Among others, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that H. 4493 was motivated by a discriminatory

19

purpose have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Relevant documents can also be found in Plaintiffs' expert reports and expert rebuttal reports that have been disclosed.

**REQUEST NO. 17:**

All documents and communications supporting your allegation that the Challenged Districts in H. 4493 were adopted with a racially discriminatory intent to discriminate against Black voters. (See, e.g., Am. Compl. at ¶ 170).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is duplicative, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting the allegation that the Challenged Districts were adopted with a racially discriminatory intent. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations

omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this request as duplicative of Request No. 16. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request. Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022. Among others, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that the Challenged Districts in H. 4493 were adopted with a racially discriminatory intent to discriminate against Black voters have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Relevant documents can also be found in Plaintiffs' expert reports and expert rebuttal reports that have been disclosed.

**REQUEST NO. 18:**

All documents and communications supporting your allegation that H. 4493 will have a discriminatory impact on Black South Carolinians. (See, e.g., Am. Compl. at ¶ 171).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is duplicative, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting the allegation that H. 4493 will have a discriminatory impact on Black South Carolinians. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request. Plaintiffs refer

22

Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022.  Among others, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that H. 4493 will have a discriminatory impact on Black South Carolinians have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession.  Relevant documents can also be found in Plaintiffs' expert reports, particularly the expert reports of  Dr. Moon Duchin, Dr. Kosuke Imai, Dr. Joseph Bagley, Dr. Baodong Liu, and Dr. Jordan Ragusa, that have been disclosed and in expert rebuttal reports that have been disclosed.

**REQUEST NO. 19:**

For each Challenged District, produce all documents and communications supporting your allegation that the House Defendants used race as the predominant factor in creating the Challenged District. (See, e.g., Am. Compl. at ¶ 4).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is duplicative, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce for "each Challenged District" "all documents" supporting the allegation that House Defendants used race as the predominant factor in creating the Challenged District.

23

Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request. Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022. Among others, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that the House Defendants used race as the predominant factor in creating the Challenged District have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted

24

to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Relevant documents can also be found in Plaintiffs' expert reports and expert rebuttal reports that have been disclosed.

**REQUEST NO. 20:**

For each Challenged District, produce all documents and communications supporting your allegation that the race predominated over traditional redistricting principles, such as compactness, contiguity, and respect for political subdivisions or communities. (See, e.g., Am. Compl. at ¶ 164).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is duplicative, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce for "each Challenged District" "all documents" supporting the allegation that race predominated over traditional redistricting principles. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected

25

from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request. Relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that race predominated over traditional redistricting principles, such as compactness, contiguity, and respect for political subdivisions or communities have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Relevant documents can also be found in Plaintiffs' expert reports, particularly the expert reports of Dr. Moon Duchin, Dr. Kosuke Imai, and Dr. Jordan Ragusa, and expert rebuttal reports that have been disclosed.

**REQUEST NO. 21:**

Produce all documents and communications supporting your allegation that Black voters were either "packed" or "cracked" for the purpose of diluting their vote in each of the Challenged Districts. (See, e.g., Am. Compl. at ¶¶ 4-5).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

26

Plaintiffs object to this Request on the ground that it is duplicative, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "all documents" supporting the allegation that Black voters were either "packed" or "cracked" for the purpose of diluting their vote in each of the Challenged Districts. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond.  Plaintiffs object to this Request on the ground that it constitutes improper contention discovery.  *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.  Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request.  Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed

to Defendants on March 7, 2022. Among others, relevant documents in support of Plaintiffs'

allegation in its First Amended Complaint that Black voters were either "packed" or "cracked"

for the purpose of diluting their vote in each of the Challenged Districts have already been

provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps

that were submitted to, and its testimony before, the House of Representatives related to the

current redistricting cycle and therefore are already in House Defendants' possession. Relevant

documents can also be found in Plaintiffs' expert reports and expert rebuttal reports that have

been disclosed.

**REQUEST NO. 22:**

All documents and communications evidencing and demonstrating one or more of

your members and constituents would have individual standing to bring your claims in each and

evidence Challenged District. (See Am. Compl. at ¶¶ 16-18).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and

not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce

"[a]ll documents" demonstrating that on or more members and constituents would have

individual standing to bring your claims in each Challenged District. Plaintiffs object to this

Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond.

Plaintiffs object to this Request on the ground that it constitutes improper contention discovery.

*See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL

7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a

pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.  Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and information SC NAACP is willing to provide concerning its members consistent with *NAACP v. Alabama*, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly).  Information responsive to this Request can be found in the First Amended Complaint, ECF 84 ¶¶ 16-18; Plaintiffs further refer Defendants to SC NAACP's amended objections and responses to Defendants' First Set of Interrogatories, Interrogatory Nos. 4 and 5.

**REQUEST NO. 23:**

All documents and communications supporting your allegation that your members and constituents currently live in each and every Challenged District. (See Am. Compl. at ¶ 18).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting the allegation that SC NAACP's members and constituents currently live in each Challenged District.  Plaintiffs object to this Request on the ground that it constitutes improper contention discovery.  *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).  Plaintiffs object to this request as duplicative of Request No. 22.  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.  Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and information SC NAACP is willing to provide concerning its members consistent with *NAACP v. Alabama*, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly).  Plaintiffs also refer Defendants to SC NAACP's amended objections and responses to Defendants' First Set of Interrogatories, Interrogatory Nos. 4 and 5.

30

**REQUEST NO. 24:**

All documents and communications supporting your allegation that your members include registered voters in each and every Challenged District. (See Am. Compl. at ¶ 18).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting the allegation that SC NAACP members include registered voters in each Challenged District. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and information SC NAACP

31

is willing to provide concerning its members consistent with *NAACP v. Alabama*, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly).  Plaintiffs also refer Defendants to SC NAACP's amended objections and responses to Defendants' First Set of Interrogatories, Interrogatory Nos. 4 and 5.

**REQUEST NO. 25:**

All documents and communications supporting your allegation that your members have been or will continue to be harmed by H. 4493. (See Am. Compl. at ¶ 18).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is duplicative, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents supporting your allegation that SC NAACP members have been or will be harmed by H. 4493.  Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond.  Plaintiffs object to this Request on the ground that it constitutes improper contention discovery.  *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).  Plaintiffs object to this Request to the extent it seeks information protected from

32

disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request. Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022. Among others, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that our members have been or will continue to be harmed by H. 4493 have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Relevant documents can also be found in Plaintiffs' expert reports and expert rebuttal reports that have been disclosed.

**REQUEST NO. 26:**

All documents and communications establishing the identity and residential address of each of your members who currently lives in any of the Challenged Districts. (See, e.g., Am. Compl. at ¶ 18).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" establishing the identity and residential address of each SC NAACP member who currently lives in any of the Challenged Districts. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and information SC NAACP is willing to provide concerning its members consistent with *NAACP v. Alabama*, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization

engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly). Plaintiffs also refer Defendants to SC NAACP's amended objections and responses to Defendants' First Set of Interrogatories, Interrogatory Nos. 4 and 5.

**REQUEST NO. 27:**

All documents and communications supporting your allegation that you have members who are registered voters and constituents currently living in allegedly malapportioned U.S. Congressional districts. (See Am. Compl. at ¶ 19).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Subject to and without waiving the foregoing objections, Plaintiffs are no longer alleging that South Carolina's U.S. Congressional Districts are malapportioned in violation of the First and Fourteenth Amendments of the U.S. Constitution under Count Three of their Second Amended Complaint. As a result, this claim is moot and Plaintiffs will not be producing documents or communications in response to this Request. Plaintiffs further state that Mr. Scott currently lives in newly formed challenged U.S. Congressional District One. Further, the NAACP has members in each of the challenged U.S. Congressional Districts.

**REQUEST NO. 28:**

All documents and communications supporting your allegations related to the harms allegedly suffered by your members and constituents. (See, e.g., Am. Compl. at ¶¶ 20-21).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiffs object to this Request on the ground that it is duplicative, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting allegations related to the harms suffered by SC NAACP members and constituents.  Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond.  Plaintiffs object to this Request on the ground that it constitutes improper contention discovery.  *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.  Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request.  Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-

privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022.

**REQUEST NO. 29:**

All documents and communications supporting your allegation that the redistricting hearings held by the House Redistricting Ad Hoc Committee were largely inaccessible to the public. (See, e.g., Am. Compl. at ¶ 67).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "all documents" supporting the allegation that the redistricting hearings held by the House Redistricting Ad Hoc Committee were largely inaccessible to the public. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is

37

ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents that relate to the accessibility of public hearings held by the House Redistricting Ad Hoc Committee, so he does not have documents to produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections, in addition to SC NAACP's productions of redistricting and other files on February 3, 2022 and March 1, 2022, SC NAACP directs Defendants to its continuing production of non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022. Relevant documents can also be found in Plaintiffs' expert reports, particularly the expert report of Dr. Joseph Bagley, and expert rebuttal reports that have been disclosed.

**REQUEST NO. 30:**

All documents and communications supporting your allegations that individuals were unable to attend a public hearing held by the House Redistricting Ad Hoc Committee (remotely or in person) due to COVID-19 concerns, work, or family obligations. (See, e.g., Am. Compl. at ¶ 68).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and

not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting the allegation that individuals were unable to attend a public hearing held by the House Redistricting Ad Hoc Committee (remotely or in person) due to COVID-19 concerns, work, or family obligations. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents that relate to individuals unable to attend a public hearing held by the House Redistricting Ad Hoc Committee (remotely or in person) due to COVID-19 concerns, work, or family obligations, so he does not have documents to produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections, in addition to SC NAACP's productions of redistricting and other files on February 3, 2022 and March 1, 2022, SC NAACP directs Defendants to its continuing production of non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022.. Relevant documents can also be found in Plaintiffs' expert reports, particularly the expert report of Dr. Joseph Bagley, and expert rebuttal reports that have been disclosed.

**REQUEST NO. 31:**

All documents and communications evidencing concerns raised by members of the public related to a lack of transparency during the redistricting process or the lack of a meaningful opportunity for the public to review posted maps. (See, e.g., Am. Compl. at ¶ 79).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents and communications" by "members of the public" related to the current redistricting cycle and/or any claim or defense in this case between Plaintiffs and any member of South Carolina House of Representatives. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs'

knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks

information that is in the possession, custody, or control of the House Defendants.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not

have possession of any non-privileged communications and documents evidencing concerns

raised by members of the public  related to a lack of transparency during the redistricting process

or the lack of a meaningful opportunity for the public to review posted maps.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections, in addition to SC NAACP's

productions of redistricting and other files on February 3, 2022 and March 1, 2022, SC NAACP

directs Defendants to its continuing production of non-privileged electronic materials resulting

from the custodian and search term parameters disclosed to Defendants on March 7, 2022.

Relevant documents can also be found in Plaintiffs' expert reports, particularly the expert report

of Dr. Joseph Bagley, and expert rebuttal reports that have been disclosed.

**REQUEST NO. 32:**

All documents and communications evidencing the specific factors considered by

Plaintiff SC NAACP while developing the maps submitted to the House Redistricting Ad Hoc

Committee and proposed in your Amended Complaint.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and

not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce

"[a]ll documents and communications" related to the factors considered by SC NAACP while developing maps submitted to the House Redistricting Ad Hoc Committee and proposed in the First Amended Complaint.  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents and communications evidencing the specific factors considered by Plaintiff SC NAACP while developing the maps submitted to the House Redistricting Ad Hoc Committee and proposed in your First Amended Complaint.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections, in addition to SC NAACP's productions of redistricting and other files on February 3, 2022 and March 1, 2022, SC NAACP directs Defendants to its continuing production of non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022.  The SC NAACP considered the factors laid out in the 2021 Guidelines and Criteria for Congressional and Legislative Redistricting adopted by the House Redistricting Ad Hoc Committee, *see* https://redistricting.schouse.gov/docs/2021%20Redistricting%20Guidelines.pdf.

**REQUEST NO. 33:**

All documents and communications evidencing a prioritization of any specific factor(s) considered by you while developing the maps submitted to the House Redistricting Ad Hoc Committee and proposed in your Amended Complaint.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is duplicative, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents and communications" related to the prioritization of factors considered by SC NAACP while developing maps submitted to the House Redistricting Ad Hoc Committee and proposed in the First Amended Complaint. Plaintiffs object to this request as duplicative of Request No. 32. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents regarding factors considered by Plaintiff SC NAACP while developing the maps submitted to the House Redistricting Ad Hoc Committee and proposed in the First Amended Complaint.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections, in addition to SC NAACP's productions of redistricting and other files on February 3, 2022 and March 1, 2022, SC NAACP directs Defendants to its continuing production of non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022. Relevant documents evidencing the factors considered by the SC NAACP while developing the maps submitted to the House Redistricting Ad Hoc Committee and proposed in Plaintiffs'

43

Amended Complaint. have already been provided by the SC NAACP and can be found in the SC

NAACP's comments, letters, and maps that were submitted to, and its testimony before, the

House of Representatives related to the current redistricting cycle and therefore are already in

House Defendants' possession.

**REQUEST NO. 34:**

All drafts of maps drawn by you or at your direction or request for any and all South

Carolina House and Congressional Districts in the last twelve (12) months.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and

not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce

"[a]ll drafts of maps" drawn by Plaintiffs or at their request for any South Carolina House and

Congressional districts in the last 12 months.  Plaintiffs object to this Request to the extent it

seeks information protected from disclosure by the attorney-client privilege, the work product

protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not

have possession of any non-privileged documents that reflect maps drawn by him or at his

direction for South Carolina House and Congressional Districts in the last 12 months, so he does

not have documents to produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections, in addition to SC NAACP's productions of redistricting and other files on February 3, 2022 and March 1, 2022, SC NAACP directs Defendants to its continuing production of non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022.

**REQUEST NO. 35:**

All documents and communications supporting your allegation that inaction of the House Defendants creates the imminent risk of confusion prior to the current candidate declaration deadline in March 2022 and possibly the June 2022 primaries. (See, e.g., Am. Compl. at ¶ 177).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "all documents" supporting the allegation that inaction of the House Defendants creates an imminent risk of confusion prior to the current candidate deadline in March 2022 and possibly the June 2022 primaries. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category

45

of items to be inspected.") (quotation marks and citations omitted).  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

**REQUEST NO. 36:**

All documents and communications sent by you to SC NAACP members regarding the current redistricting cycle and/or the claims set forth in the First Amended Complaint. This request includes but is not limited to communications published, posted, or otherwise transmitted electronically via the Internet.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents and communications" sent by Plaintiffs to SC NAACP members regarding the current redistricting cycle and/or the claims in the First Amended Complaint.  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents that reflect communications sent by him to SC

NAACP members regarding the current redistricting cycle, so he does not have documents to produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and information SC NAACP is willing to provide concerning its members consistent with *NAACP v. Alabama*, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly).  In addition to SC NAACP's productions of redistricting and other files on February 3, 2022 and March 1, 2022, SC NAACP directs Defendants to its continuing production of non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022.

**REQUEST NO. 37:**

All organizational documents for the SC NAACP, specifically including documents evidencing registration with the South Carolina Secretary of State and identifying the relationship, if any, with the National Association for the Advancement of Colored People ("NAACP").

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll organizational documents."  Plaintiffs object to this Request on the ground that the

undefined term "organizational documents" is vague and ambiguous, rendering this Request overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged organizational documents for the SC NAACP, so he does not have documents to produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections, SC NAACP will search for and will produce non-privileged documents, if any, sufficient to show SC NAACP's organizational structure, its SC NAACP registration with the South Carolina Secretary of State, and its relationship with the NAACP. Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and information SC NAACP is willing to provide concerning its members consistent with *NAACP v. Alabama*, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly).

**REQUEST NO. 38:**

A copy of the fee agreements you have with any and all counsel who have appeared in this litigation on your behalf.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll fee agreements you have with any and all counsel who have appeared in this litigation." Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**REQUEST NO. 39:**

All documents and communications evidencing that SC NAACP's members and constituents are unable to communicate their concerns to current members of Congress or congressional candidates. (See, e.g., Am. Compl. at ¶ 20a).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).

Subject to and without waiving the foregoing objections, Plaintiffs are no longer alleging that South Carolina's U.S. Congressional Districts are malapportioned in violation of the First and Fourteenth Amendments of the U.S. Constitution under Count Three of their Second

Amended Complaint.  As a result, this claim is moot and Plaintiffs will not be producing documents or communications in response to this Request.  However, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request.

**REQUEST NO. 40:**

All documents and communications evidencing that any potential candidates for Congress are unable to come forward with policy platforms to be supported or opposed by you and SC NAACP's members and constituents until they know the borders of the Congressional districts in which they reside and could seek office. (See, e.g., Am. Compl. at ¶ 20b).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).

Subject to and without waiving the foregoing objections, Plaintiffs are no longer alleging that South Carolina's U.S. Congressional Districts are malapportioned in violation of the First and Fourteenth Amendments of the U.S. Constitution under Count Three of their Second

Amended Complaint.  As a result, this claim is moot and Plaintiffs will not be producing documents or communications in response to this Request.  However, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request.

**REQUEST NO. 41:**

All documents and communications evidencing that SC NAACP members and constituents who are hindered from contributing financially to Congressional candidates until Congressional districts are reapportioned. (See, e.g., Am. Compl. at ¶ 20c).

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g.*, *Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).

Subject to and without waiving the foregoing objections, Plaintiffs are no longer alleging that South Carolina U.S. Congressional Districts are malapportioned in violation of the First and Fourteenth Amendments of the U.S. Constitution under Count Three of their Second Amended Complaint.  As a result, this claim is moot and Plaintiffs will not be producing documents or

51

communications in response to this Request.  However, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request.

**REQUEST NO. 42:**

A copy of all RPV analyses for South Carolina created, reviewed, considered or referenced by you in the last twelve (12) months, including any drafts. For versions for which native format files exist, the native files should be produced without alteration of modification.

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll RPV analyses" for South Carolina in the last 12 months.  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents that constitute RPV analyses, so he does not have documents to produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections, in addition to SC NAACP's productions of redistricting and other files on February 3, 2022 and March 1, 2022, SC NAACP directs Defendants to its continuing production of non-privileged electronic materials resulting

52

from the custodian and search term parameters disclosed to Defendants on March 7, 2022.  SC NAACP also directs Defendants to the expert report and rebuttal report of Baodong Liu which has been disclosed.

**REQUEST NO. 43:**

A copy of all correspondence and documents or other information you sent to or received from any of the following organizations and/or its representatives that in any way reference, refer to or relate to the 2021 redistricting cycle in South Carolina and/or your claims in this case:

> i. League of Women Voters of South Carolina;
>
> ii. South Carolina Progressive Network;
>
> iii. NAACP Legal Defense and Educational Fund;
>
> iv. South Carolina Appleseed Legal Justice Center;
>
> v. American Civil Liberties Union;
>
> vi. American Civil Liberties Union of South Carolina;
>
> vii. South Carolina State Conference of the NAACP;
>
> viii. South Carolina Legislative Black Caucus; and
>
> ix. Democratic National Committee

**RESPONSE:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll correspondence and documents" sent to or received from 9 organizations and their

53

representatives.  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any documents related to the redistricting cycle at issue in this case and files in the possession of its President and will produce non-privileged correspondence, if any, with the above-referenced organizations relating to the 2021 redistricting cycle in South Carolina.

**SPECIFIC RESPONSE OF SC NAACP:**

Subject to and without waiving the foregoing objections, in addition to SC NAACP's productions of redistricting and other files on February 3, 2022 and March 1, 2022, SC NAACP directs Defendants to its continuing production of non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022.

Dated: March 11, 2022

Respectfully submitted,

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

/s/ Christopher J. Bryant
Christopher J. Bryant, Fed. ID 12538
BOROUGHS BRYANT, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

Adriel I. Cepeda Derieux**
Samantha Osaki**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

John A. Freedman**
Elisabeth S. Theodore*
Adam Pergament**
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com

Jeffrey A. Fuisz**
Paula Ramer**
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

*Motion for admission Pro Hac Vice*
*forthcoming*
**Admitted Pro Hac Vice*

*Counsel for Plaintiffs the South Carolina*
*Conference of the NAACP and Taiwan Scott*

55

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes*
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

* Motion for admission *Pro Hac Vice*
forthcoming
** Admitted *Pro Hac Vice*

*Counsel for Plaintiff the South Carolina*
*Conference of the NAACP*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

/s/ *Christopher Bryant*
Christopher Bryant