# Exhibit 7

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

|  |  |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>         Plaintiffs,<br><br>      v.<br><br>THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>         Defendants. | **Case No. 3-21-cv-03302-JMC-TJH-RMG**<br><br>**PLAINTIFFS' AMENDED OBJECTIONS AND RESPONSES TO DEFENDANTS JAMES H. LUCAS, CHRIS MURPHY, AND WALLACE H. JORDAN'S FIRST SET OF REQUESTS FOR ADMISSION** |

Pursuant to Rules 26 and 36 of the Federal Rule of Civil Procedure, the South Carolina State

Conference of the NAACP ("SC NAACP") and Taiwan Scott (together, "Plaintiffs") hereby

object and respond to Defendants James H. Lucas, Chris Murphy, and Wallace H. Jordan's

("House Defendants") First Set of Requests for Admission ("Requests" or "RFAs").

## PRELIMINARY STATEMENT

Plaintiffs' objections and responses contained herein ("Objections and Responses") are

based on information reasonably available to Plaintiffs at this time.  Plaintiffs reserve the right to

amend and/or supplement their Objections and Responses based on new information obtained in

discovery or otherwise in the course of this action.

Information contained in any Objections and Responses pursuant to these Requests is not

an admission or acknowledgement by Plaintiff that such information is relevant to any claim or

defense in this action; is without prejudice to Plaintiffs' right to contend at any trial or in any

other proceeding, in this action or otherwise, that such information is inadmissible, irrelevant,

immaterial, or not the proper basis for discovery; and is without prejudice to or waiver of any

objection to any future use of such information.

Specific objections to each separate Request are made below.  Additionally, Plaintiffs

makes certain continuing objections to the Requests, also listed below ("Continuing

Objections").  These Continuing Objections, including with respect to the definitions and

instructions, are incorporated by reference into all of the responses made with respect to each

separate Request.  Plaintiffs' responses to each individual Request are submitted without

prejudice to, and without in any respect waiving, any Continuing Objections not expressly set

forth in that response.  Accordingly, the inclusion of any specific objection in any response

below is neither intended as, nor shall in any way be deemed, a waiver of any Continuing

2

Objection or of any other specific objection made herein or that may be asserted at a later date.

## CONTINUING OBJECTIONS

Plaintiffs incorporate each of the following Continuing Objections in their response to each Request.  In addition to these Continuing Objections, Plaintiffs may also state specific objections to Requests where appropriate, including objections that are not generally applicable to all the Requests.  By setting forth such specific objections, Plaintiffs do not intend to limit or restrict their Continuing Objections.  To reduce duplication, Plaintiffs assert their Continuing Objections and specific objections to Requests collectively, and each objection should be imputed to both Mr. Scott and to SC NAACP.

1.      Plaintiffs object to each Request to the extent it imposes on Plaintiffs any obligations that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any applicable order of the Court.

2.      Plaintiffs object to each Definition, Instruction, or Request to the extent it seeks production of documents or information subject to the attorney-client privilege, the work-product protection doctrine, or any other applicable privilege, rule, doctrine, or immunity, whether created by statute or common law.  Each Request has been read to exclude discovery of such privileged information.  Inadvertent production of any such information does not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information or document, nor does inadvertent production waive the right of Plaintiffs to object to the use of any such information in any proceeding.

3.      Plaintiffs object to each Request to the extent it seeks information that is not relevant to any party's claims or defenses.  *See* Rule 26(b)(1).

4.      Plaintiffs object to each Request to the extent it is not proportional to the needs of

the case, "considering the importance of the issues at stake in the action . . . the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

likely benefit." *See* Rule 26(b)(1).

5.      Plaintiffs object to each Request to the extent that it seeks information that is

outside Plaintiffs' knowledge, possession, custody, or control.

6.      Plaintiffs object to each Request to the extent it seeks a legal conclusion or

requires Plaintiffs to formulate a legal conclusion to fully respond.

## CONTINUING OBJECTIONS TO HOUSE DEFENDANTS' INSTRUCTIONS

1.      Plaintiffs objects to Instructions 1, 4, and 5 to the extent they impose on Plaintiffs

any obligations that are inconsistent with or beyond those imposed by the Federal Rules of Civil

Procedure, the Local Rules, or any applicable Order of the Court or agreement between the

parties.

2.      Plaintiffs object to Instruction 2 to the extent that it purports to impose upon

Plaintiffs any obligations that are broader than or inconsistent with the Federal Rules or any

Order of this Court.  Plaintiffs will log privileged documents in accordance with their obligations

under the Federal Rules or agreement between the parties.

3.      Plaintiffs object to Instruction 3 on the ground that it does not define the "relevant

time period."

## CONTINUING OBJECTIONS TO HOUSE DEFENDANTS' DEFINITIONS

By submitting these Objections and Responses, Plaintiffs do not adopt House

Defendants' purported definition of words and phrases contained in the Instructions to House

Defendants' Requests.  Plaintiff interprets all words contained in the Requests in accordance

4

with their ordinary and customary meanings.

    1.    Plaintiffs object to the definitions "SC NAACP" and "Plaintiff Scott" on the ground that they are overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they purport to require Plaintiff Taiwan Scott to respond on behalf of "all other similarly situated persons" and purport to require Plaintiff SC NAACP to respond on behalf of "its employees, agents, officers, directors, representatives, consultants, accountants" as well as "anyone acting on SC NAACP's behalf" without regard to the to this action.  Plaintiffs object to the definitions of "SC NAACP" and "Plaintiff Scott" to the extent they purport to require Plaintiffs to reveal information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.  For purposes of these Objections and Responses, Plaintiff Taiwan Scott responds only on his own behalf, and Plaintiff SC NAACP responds only on its own behalf.

    2.    Plaintiffs object to the definitions of "persons" and "persons" on the ground that they are vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they include "without limitation" any natural person as well as "any [] governmental or non-governmental entity."

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**

Admit that SC NAACP is not a person.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he does not have access to information regarding SC NAACP's organizational documents.

**SPECIFIC RESPONSE OF SC NAACP:**

DENY.  The Requests define "person" or "persons" to include "without limitation, natural persons, corporations, associations, unincorporated associations, partnerships, and any other governmental or non-governmental entity."  SC NAACP is a 501(c)(4) organization and a non-governmental entity.

**REQUEST NO. 2:**

Admit that SC NAACP is not a corporation.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he does not have access to information regarding SC NAACP's organizational documents.

**SPECIFIC RESPONSE OF SC NAACP:**

ADMIT.

**REQUEST NO. 3:**

Admit that SC NAACP is not a limited liability company.

6

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he does not have access to information regarding SC NAACP's organizational documents.

**SPECIFIC RESPONSE OF SC NAACP:**

ADMIT.

**REQUEST NO. 4:**

Admit that SC NAACP is not a partnership.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he does not have access to information regarding SC NAACP's organizational documents.

**SPECIFIC RESPONSE OF SC NAACP:**

ADMIT.

**REQUEST NO. 5:**

Admit that SC NAACP is not an unincorporated association.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object on the ground that the undefined term "unincorporated association" is vague and ambiguous.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he does not have access to information regarding SC NAACP's organizational documents.

**SPECIFIC RESPONSE OF SC NAACP:**

DENY.  SC NAACP is unincorporated, and it is an association, as well as a 501(c)(4) organization.

**REQUEST NO. 6:**

Admit that SC NAACP's Federal Employer Identification Number ("EIN") is 23-7028846.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he does not have access to information regarding SC NAACP's organizational documents.

**SPECIFIC RESPONSE OF SC NAACP:**

ADMIT

8

**REQUEST NO. 7:**

Admit that SC NAACP's Federal EIN is 57-0327661.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he does not have access to information regarding SC NAACP's organizational documents.

**SPECIFIC RESPONSE OF SC NAACP:**

DENY.

**REQUEST NO. 8:**

Admit that SC NAACP is not a state subsidiary of an entity formed or organized in New York named the "National Association for the Advancement of Colored People".

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he does not have access to information regarding SC NAACP's organizational documents.

**SPECIFIC RESPONSE OF SC NAACP:**

DENY. Plaintiff SC NAACP is a nonprofit, nonpartisan membership organization in South

9

Carolina. The South Carolina NAACP is a state subsidiary of the National Association for the Advancement of Colored People ("NAACP"), a national civil rights organization. The South Carolina NAACP was chartered in 1939 and is the oldest civil rights group in South Carolina.

**REQUEST NO. 9:**

Admit that Plaintiff Scott does not reside in any of the Challenged Districts.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Mr. Scott ADMITS that he does not live in state House districts 7, 8, 9, 11, 41, 43, 51, 54, 55, 57, 59, 60, 63, 67, 70, 72, 73, 74, 75, 76, 77, 78, 79, 90, 91, 93, 95, 101, and 105.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, SC NAACP lacks sufficient information to truthfully admit or deny the request because it does not have access to information sufficient to confirm Mr. Scott's place of residence.

**REQUEST NO. 10:**

Admit that Plaintiff Scott does not intend to file as a candidate for political office in South Carolina in 2022.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Mr. Scott ADMITS that he presently does not have plans to file as a candidate for

political office in South Carolina in 2022 but DENIES that he has ruled out the prospect of filing

as a candidate for political office in 2022.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, SC NAACP lacks sufficient information to truthfully admit or

deny the request because it does not have information regarding Mr. Scott's future intentions, or

how those intentions may change over time.

**REQUEST NO. 11:**

Admit that SC NAACP approached Plaintiff Scott to become a plaintiff in the

instant matter.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

DENY.  SC NAACP did not approach Mr. Scott to become a plaintiff in the instant

matter.  Prior to and other than his participation in the instant matter, Mr. Scott has no affiliation

with the SC NAACP.

**SPECIFIC RESPONSE OF SC NAACP:**

DENY.  SC NAACP did not approach Mr. Scott to become a plaintiff in the instant

matter.

**REQUEST NO. 12:**

Admit that SC NAACP has not identified an individual member or constituent that

currently resides in each of the Challenged Districts in the Amended Complaint.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Mr. Scott ADMITS that the Amended Complaint in this action does not identify specific names of members of the SC NAACP that currently reside in each of the Challenged Districts but lacks sufficient information to truthfully admit or deny the request to the extent it requires him to make a judgment about whether federal pleading standards have met because he lacks familiarity with the federal pleading standards.

**SPECIFIC RESPONSE OF SC NAACP:**

SC NAACP ADMITS that the Amended Complaint in this action does not identify the specific names of members of the SC NAACP that currently reside in each of the Challenged Districts but DENIES that the SC NAACP lacks members in any of the Challenged Districts— SC NAACP does have members that are registered voters in each of the Challenged Districts— and DENIES that federal pleading standards require the identification of such individuals.

**REQUEST NO. 13:**

Admit that the allegations of the Amended Complaint do not identify any individual person who lives in each of the Challenged Districts.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Mr. Scott ADMITS that the Amended Complaint in this action does not identify the specific names of individuals who live in each of the Challenged Districts but lacks sufficient

information to truthfully admit or deny the request to the extent it requires him to make a judgment about whether federal pleading standards have met because he lacks familiarity with the federal pleading standards.

**SPECIFIC RESPONSE OF SC NAACP:**

SC NAACP ADMITS that the Amended Complaint in this action does not identify the specific names of individuals who live in each of the Challenged Districts but DENIES that the SC NAACP lacks members in any of the Challenged Districts—SC NAACP does have members that are registered voters in each of the Challenged Districts—and that federal pleading standards require the identification of such individuals.

**REQUEST NO. 14:**

Admit that democrats currently represent 13 of 14 of the most underpopulated voting districts in South Carolina's state legislative voting districts put in place by enactment of the legislation comprising Act No. 72 of 2011 and Act No. 75 of 2011.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object on the ground that House Defendants have not defined the term "underreported voting districts" and so it is vague and ambiguous. Plaintiffs further object to this interrogatory on the ground that House Defendants fail to identify which of the "voting districts" to which they are referring.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because his not familiar with what defendants characterize as the 14 most

underpopulated voting districts in South Carolina's state legislative voting districts or with the legislation comprising Act No. 72 of 2011 and Act No. 75 of 2011, or what deviation standard defendants use to determine over/under population.

**SPECIFIC RESPONSE OF SC NAACP:**

SC NAACP DENIES that "democrats currently represent 13 of 14 of the most underpopulated voting districts" because House Defendants fail to identify by what standard they are making this assertion and because the Request lacks clarity. Plaintiff SC NAACP is willing to meet and confer to understand the information House Defendants are seeking.

**REQUEST NO. 15:**

Admit that an opportunity district in which Black voters would have the ability to influence elections could occur when BVAP < 30%.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object on the ground that House Defendants have not defined the term "opportunity district" and so it is vague and ambiguous. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted). Plaintiffs further respond that whether a district provides an ability of Black voters to elect or otherwise influence elections for House districts is fact-specific and entails more conditions than the Black voting-age population

of a district such as information about the voting patterns of the electorate.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not an attorney and expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires legal or expert knowledge.

**REQUEST NO. 16:**

Admit that false positives are possible when using statistical measures of Compactness.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires legal and expert knowledge.

**REQUEST NO. 17:**

Admit that the House Defendants provided race-neutral explanations in its Motion to Dismiss, ECF No. 91, for actions the Plaintiffs allege in the Amended Complaint were

predominately based on race.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not a lawyer or an expert. From a lay person's perspective, Mr. Scott ADMITS that House Defendants provided some explanations in its Motion to Dismiss, ECF No. 91, for why Challenged Districts were drawn but otherwise DENIES that any such post-hoc explanations bear on the House Defendants' intent in enacting H. 4493 or otherwise bear on the validity of the Plaintiffs' claims in this action.

**SPECIFIC RESPONSE OF SC NAACP:**

From a lay person's perspective, the SC NAACP ADMITS that House Defendants provided some explanations in its Motion to Dismiss, ECF No. 91, for why Challenged Districts were drawn but otherwise DENIES that any such post-hoc explanations that were not contemporaneously discussed in public sessions of the legislature bear on the House Defendants' intent in enacting H. 4493 or otherwise bear on the validity of the Plaintiffs' claims in this action. Beyond a lay person's perspective, the SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires legal and expert information and knowledge.

**REQUEST NO. 18:**

Admit that there is no universally-accepted standard of statistical measure of compactness whereby a voting district is deemed not to be compact based on that statistical measure.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or

deny the request because he is not an attorney or expert or otherwise in possession of knowledge

concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit

or deny the request because a response requires legal and expert knowledge.

**REQUEST NO. 19:**

Admit that factors, such as geography, may make a voting district appear irregularly

shaped.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiffs object on the ground that the undefined terms "geography" and "irregularly shaped"

are vague and ambiguous.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or

deny the request because he is not an attorney or expert or otherwise in possession of knowledge

concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires legal and expert knowledge.

**REQUEST NO. 20:**

Admit that voting districts need to be bizarrely shaped at time to be fair.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object on the ground that the undefined terms "bizarrely shaped" and "fair" are vague and ambiguous. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

DENY.

**REQUEST NO. 21:**

Admit that a voting district's bizarre shape can arise from a "political motivation."

18

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object on the ground that the undefined terms "bizarre shape" and "political motivation" is vague and ambiguous.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because of the undefined terms in the request and because he is not a lawyer or an expert knowledgeable about the intricacies of developing maps and the redistricting process.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because of the undefined terms in the request and because this request requires legal knowledge and familiarity with the intricacies of redistricting and developing maps to truthfully admit or deny the request.

**REQUEST NO. 22:**

Admit that any voting district line moved during the redistricting process necessarily increases the voting power of a voting bloc and dilutes the voting power of a competing voting bloc.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object on the ground that the undefined term "voting bloc" is vague and ambiguous.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because the request is vague and ambiguous with several undefined terms such as "a voting bloc" and "dilutes." Further, Mr. Scott is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAAP lacks sufficient information to truthfully admit or deny the request because the request is vague and ambiguous with several undefined terms such as "a voting bloc" and "dilutes." Further, responding to this request requires legal and expert knowledge about voting patterns.

**REQUEST NO. 23:**

Admit that a voting district that has had its BVAP decreased through the redistricting process has not necessarily been "cracked."

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or

deny the request because the request has several undefined terms such as "BVAP" and "cracked." Further, Mr. Scott he is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because the request has several undefined terms such as "BVAP" and "cracked." Further, a response to this request requires legal and expert knowledge.

**REQUEST NO. 24:**

Admit that a voting district that has had its BVAP increased through the redistricting process has not necessarily been "packed."

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because the request has several undefined terms such as "BVAP" and "packed." Further, Mr. Scott is not an attorney or expert or otherwise in possession of knowledge

concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because the request has several undefined terms such as "BVAP" and "packed." Further, a response to this request requires legal and expert knowledge.

**REQUEST NO. 25:**

Admit that SC NAACP packed Black voters into House District 7 in the map that SC NAACP submitted to the Redistricting Ad Hoc Committee on October 8, 2021.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not familiar with the map that SC NAACP submitted to the Redistricting Ad Hoc Committee on October 8, 201, and he is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

DENY.

**REQUEST NO. 26:**

Admit that a voting district with a supermajority BVAP has not necessarily been "packed" by virtue of its supermajority BVAP.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).   Plaintiffs also object to the Request on the ground that the term "supermajority" is vague and ambiguous.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because there are several undefined terms such as a "supermajority BVAP" and "packed." Further, Mr. Scott is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because the request has several undefined terms such as "supermajority BVAP" and "packed." Further, a response to this request requires legal and expert knowledge.

**REQUEST NO. 27:**

Admit that evidence that Black voters constitute even a supermajority in one district while amounting to less than a plurality in a neighboring district will not, by itself, suffice to prove that South Carolina considerations of race predominated the drawing of the district lines when the evidence also shows a high correlation between race and party preference.

**OBJECTION:**

23

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that the hypothetical "evidence that Black voters constitute even a supermajority in one district while amounting to less than a plurality in a neighboring district" is vague and ambiguous. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because there are several undefined terms such as "supermajority" and "plurality" and "high correlation" and "race predominated" and "considerations of race." Further, Mr. Scott is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because there are several undefined terms such as "supermajority" and "plurality" and "high correlation" and "race predominated" and "considerations of race." Further, this request requires legal and expert knowledge o respond.

**REQUEST NO. 28:**

Admit that White voters have the right to not have their votes intentionally diluted.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

ADMIT. To the extent the request suggests that, in order to comply with the Constitution and other laws, that any people or groups must have their votes intentionally diluted, Mr. Scott DENIES.

**SPECIFIC RESPONSE OF SC NAACP:**

ADMIT. To the extent the request suggests that, in order to comply with the U.S. Constitution and other laws, that any people or groups must have their votes intentionally diluted, the SC NAACP DENIES.

**REQUEST NO. 29:**

Admit that Hispanic voters have the right to not have their votes intentionally diluted.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries

admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

ADMIT. To the extent the request suggests that, in order to comply with the U.S. Constitution and other laws, that any people or groups must have their votes intentionally diluted, Mr. Scott DENIES.

**SPECIFIC RESPONSE OF SC NAACP:**

ADMIT. To the extent the request suggests that, in order to comply with the U.S. Constitution and other laws, that any people or groups must have their votes intentionally diluted, Mr. Scott DENIES.

**REQUEST NO. 30:**

Admit that the Redistricting Ad Hoc Committee and the Judiciary Committee provided at least 24-hours' notice before conducting each and every redistricting-related hearing and meeting in 2021.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not familiar with the schedule of redistricting process.

**SPECIFIC RESPONSE OF SC NAACP:**

SC NAACP ADMITS that the Redistricting Ad Hoc Committee and the Judiciary Committee provided at least 24-hours' notice (barely) before conducting each and every

26

redistricting-related hearing and meeting in 2021 but DENIES that this was meaningful or sufficient time to comprise testimony and evaluate maps in that timeframe.

**REQUEST NO. 31:**

Admit that the allegations of the Amended Complaint do not specifically identify any individual Plaintiff (i.e., a person) who has been personally subjected to a racial classification in each of the Challenged Districts.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request to the extent that the term "racial classification" is vague, ambiguous, and requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because there are several undefined terms such as a "racial classification." Further, Mr. Scott is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

SC NAACP ADMITS that the Amended Complaint in this action does not identify the specific names of individuals who have been "personally subjected to a racial classification in each of the Challenged Districts" but DENIES that federal pleading standards require the

27

Amended Complaint to identify such individuals.

**REQUEST NO. 32:**

Admit that the House Defendants considerations of race are not prohibited in redistricting decisions.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

ADMIT that House Defendants can be race conscious in redistricting decisions. The SC NAACP DENIES that the House Defendants considered race during the redistricting cycle in a way that was constitutional or lawful.

**REQUEST NO. 33:**

Admit that the Redistricting Ad Hoc Committee accepted input from the public through electronic and hard copy means.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or

deny the request because he is not familiar with the input that the Redistricting Ad Hoc Committee accepted.

**SPECIFIC RESPONSE OF SC NAACP:**

SC NAACP DENIES that accepting input from the public through electronic and hard copies means allowed the redistricting process to be sufficient.

**REQUEST NO. 34:**

Admit that the Redistricting Ad Hoc Committee posted to the South Carolina House of Representatives Redistricting 2021 website at least one map that evidenced a change coinciding with feedback received from the public.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because this request does not identify a change with respect to what and also because he is not familiar with the public input that the Redistricting Ad Hoc Committee considered.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because this request does not identify a change with respect to what and is otherwise vague and ambiguous. The SC NAACP ADMITS that there were various House maps proposed and each maps had different features but DENIES that the different features necessarily reflect incorporation of public feedback.

29

**REQUEST NO. 35:**

Admit that SC NAACP participated in the redistricting process in South Carolina by providing testimony to the Redistricting Ad Hoc Committee.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Mr. Scott lacks knowledge and familiarity to respond to whether the SC NAACP provided testimony to the Redistricting Ad Hoc Committee.

**SPECIFIC RESPONSE OF SC NAACP:**

SC NAACP ADMITS that its President provided testimony to the Redistricting Ad Hoc Committee but DENIES that SC NAACP was permitted to participate meaningfully in the redistricting process., and further DENIES that this participation means that any input from the SC NAACP or any other member of the public was actually incorporated into any enacted maps.

**REQUEST NO. 36:**

Admit that the public participated in the redistricting process in South Carolina by providing testimony to the Redistricting Ad Hoc Committee throughout the process.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Mr. Scott ADMITS that members of the public provided testimony to the Redistricting Ad Hoc Committee but DENIES that the public was permitted to participate meaningfully in the

redistricting process, and further DENIES that this participation means that any input from any member of the public was actually incorporated into any enacted maps.

**SPECIFIC RESPONSE OF SC NAACP:**

SC NAACP ADMITS that members of the public provided testimony to the Redistricting Ad Hoc Committee, including the SC NAACP, but DENIES that the public was permitted to participate meaningfully in the redistricting process, and further DENIES that this participation means that any input from any Chief member of the public was actually incorporated into any enacted maps.

**REQUEST NO. 37:**

Admit that an Equal Protection Clause analysis remains the same irrespective of the race burdened or benefitted by a particular statute, law, or decision.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not a lawyer.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires legal knowledge to truthfully admit or deny the request.

**REQUEST NO. 38:**

Admit that the maps submitted by SC NAACP prioritized race over traditional race-neutral considerations – such as compactness, contiguity, and respect for political subdivisions or communities.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not familiar with the undefined terms in this request such as "prioritized race" or "traditional race-neutral considerations" or "compactness, contiguity, and respect for political subdivisions or communities." Further, Mr. Scott is not familiar with the maps submitted by SC NAACP, and he is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:** DENY.

**REQUEST NO. 39:**

Admit that failure to maximize the number of majority-minority districts does not give rise to a violation of § 2 of the Voting Rights Act.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because this request does not define what a "majority-minority" district is or what it means to "maximize the number of majority-minority districts" and he is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because this request does not define what a "majority-minority" district is or what it means to "maximize the number of majority-minority districts" and it requires legal and expert knowledge to respond.

**REQUEST NO. 40:**

Admit the redistricting plan enacted by H. 4493 increases the number of majority-minority House Districts as compared to if the prior enacted map had been used with the most recent Decennial Census P.L. 94-171 Redistricting Data.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because this request does not define what "majority-minority" is/means, he is not familiar with the prior enacted map or the recent Decennial Census P.L. 94-171 Redistricting Data, , he is not a lawyer or an expert familiar with the intricacies of redistricting and developing maps

**SPECIFIC RESPONSE OF SC NAACP:**

The SC NAACP ADMITS that the recently enacted House maps have twenty-one (21)districts in which Black voters comprise the majority of House districts than the House plan proposed by the SC NAACP during the redistricting process but the Enacted plan has fewer districts overall that will allow Black voters the change to elect their preferred candidates than the SC NAACP proposed map.  Duchin Expert Report at 8.

**REQUEST NO. 41:**

Admit the redistricting plan enacted by H. 4493 provides for thirty (30) House Districts with a BVAP of 38% or greater.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because this request does not indicate what racial category is used to compute the BVAP indicated by this request, he is not familiar with the BVAP of each House District in the plan enacted by H. 4493, and he is not an attorney or expert or otherwise in possession of

knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because House Defendants have not defined the term "BVAP" and so it is vague and ambiguous. The SC NAACP is willing to meet and confer regarding House Defendants' understanding of "BVAP."

**REQUEST NO. 42:**

Admit the redistricting plan enacted by H. 4493 limits the overall range of deviation from the ideal population to less than five percent, or a relative deviation in excess of plus or minus two and one-half percent for each South Carolina House District.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not familiar with the overall range of deviation or the relative deviation for each South Carolina House District.

**SPECIFIC RESPONSE OF SC NAACP:**

. SC NAACP ADMITS that the redistricting plan enacted by H. 4493 limits the overall range of deviation from the ideal population to 4.99%, or a relative deviation of 2.49% to 2.50& for each South Carolina House District. *See* Duchin Expert Report at 8.

**REQUEST NO. 43:**

Admit the redistricting plan enacted by H. 4493 is comprised of House Districts

35

with contiguous territory when accepting that contiguity by water does not render the territory noncontiguous.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because this request does not define "contiguous" or "noncontiguous" or what "contiguity by water" means He is not a lawyer or expert familiar with the intricacies of redistricting and developing maps.

**SPECIFIC RESPONSE OF SC NAACP:**

SC NAACP ADMITS that, under Section 5 of the *2021 Guidelines and Criteria for Congressional and Legislative Redistricting*, House Districts are required to have contiguous territory when accepting that contiguity by water does not render the territory noncontiguous. *See* Duchin Expert Report at 6.

**REQUEST NO. 44:**

Admit that the U.S. Supreme Court has not created a 10% maximum population deviation standard, below which all redistricting decisions are deemed constitutional.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th

36

Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not a lawyer or expert familiar with the intricacies of redistricting and developing maps.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires legal knowledge and familiarity with the intricacies of redistricting and developing maps to truthfully admit or deny the request.

**REQUEST NO. 45:**

Admit that voters are not limited to being part of only one community of interest.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because this request does not define what a "community of interest" is. Further, he is not a lawyer or expert familiar with the intricacies of redistricting and developing maps.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because this request does not define what a "community of interest" is.

Further, this request requires legal knowledge and familiarity with the intricacies of redistricting and developing maps to truthfully admit or deny the request.

**REQUEST NO. 46:**

Admit that separating a group of voters who share a community of interest is not necessarily indicative of intentional dilution of the group's voting strength.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because this request does not define what a "community of interest" is. Further, he is not a lawyer or expert familiar with the intricacies of redistricting and developing maps.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because this request does not define what a "community of interest" is. Further, this request requires legal knowledge and familiarity with the intricacies of redistricting and developing maps to truthfully admit or deny the request.

**REQUEST NO. 47:**

Admit that the voting population in South Carolina is one in which race and political affiliation are highly correlated.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object on the ground that the undefined term "highly correlated" is vague and ambiguous.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

From a lay perspective, the SC NAACP ADMITS that there is a history that explains why certain racial groups align with certain political parties, Black voters typically vote for candidates from the Democratic party, there is a perception that Black voters typically support Democratic candidates, there are elections in which white voters fail to vote for Black candidates in any meaningful numbers regardless of their political affiliation. Otherwise, after reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires legal and expert knowledge.

**REQUEST NO. 48:**

Admit that incumbency protection can be a legitimate factor in districting.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a

39

legal conclusion.  *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not a lawyer or expert familiar with the intricacies of redistricting and developing maps.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires legal knowledge and familiarity with the intricacies of redistricting and developing maps to truthfully admit or deny the request. The SC NAACP is aware that incumbent legislators may develop maps to protect their ability to be re-elected.

**REQUEST NO. 49:**

Admit that the intent of a single legislator is not properly imputed to the entire South Carolina Legislature.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion.  *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of

law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not a lawyer.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires familiarity legal knowledge to truthfully admit or deny the request.

**REQUEST NO. 50:**

Admit that the U.S. Census Bureau's release of Decennial Census P.L. 94-171 Redistricting Data was delayed by several months due, in part, to the COVID-19 pandemic.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not familiar with the specific extent of delays in the release Decennial Census P.L. 94-171 Redistricting Data or the causes of such delays.

**SPECIFIC RESPONSE OF SC NAACP:**

The SC NAACP ADMITS that the Census Bureau released data later than in previous decades due in part to delays associated with the pandemic, but also attempts by the previous administration to not count all people in the decennial census, as well as underfund the decennial Census count, and the House Defendants delay in its consideration of the map. The SC NAACP

41

DENIES that the delay in the Census Bureau's data release justifies the redistricting process or the resulting maps.

**REQUEST NO. 51:**

Admit that the U.S. Census Bureau released the Decennial Census P.L. 94-171 Redistricting Data in its final format on September 16, 2021.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

ADMIT.

**SPECIFIC RESPONSE OF SC NAACP:**

ADMIT. The SC NAACP admits that the Census Bureau did release two forms of data that included information about the racial makeup of South Carolina's population later than expected for various reasons such as the pandemic, but also attempts by the previous administration to not count all people in the decennial census, as well as underfund the decennial Census count.

**REQUEST NO. 52:**

Admit that the federal district court in the District of South Carolina rejected racial discrimination claims asserted as to South Carolina's state legislative and congressional redistricting plans put in place by enactment of the legislation comprising Act No. 72 of 2011 and Act No. 75 of 2011.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing

42

Objections to Definitions and the Continuing Objections to Instructions, set forth above.
Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a
legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th
Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries
admissions regarding purely factual matters or the application of law to facts, but not matters of
law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or
deny the request because he is not a lawyer. The decision in any such cases is the best indicator
of the court's view of the legality of those plans.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit
or deny the request because it requires  familiarity legal knowledge to truthfully admit or deny
the request. The decision in any such cases is the best indicator of the court's view of the legality
of those plans.

**REQUEST NO. 53:**

Admit that in 2012 the federal district court in the District of South Carolina
concluded, and the U.S. Supreme Court affirmed, that South Carolina's state legislative and
congressional redistricting plans were constitutional.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing
Objections to Definitions and the Continuing Objections to Instructions, set forth above.
Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a

legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not a lawyer. The decision in any such cases is the best indicator of the court's view of the legality of those plans.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires  familiarity legal knowledge to truthfully admit or deny the request. The decision in any such cases is the best indicator of the court's view of the legality of those plans.

**REQUEST NO. 54:**

Admit that there is no express language showing discriminatory intent within the text of H. 4493.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not familiar with the full text of H. 4493.  Mr. Scott further lacks

44

the legal knowledge to truthfully admit or deny the request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires familiarity with the full text of Act No. 117 of 2021. The SC NAACP further lacks the legal knowledge to truthfully admit or deny the request.

**REQUEST NO. 55:**

Admit that there is no express language showing discriminatory intent within the text of Act No. 117 of 2021.

**OBJECTION:**

Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not familiar with the full text of Act No. 117 of 2021.  Mr. Scott further lacks the legal knowledge to truthfully admit or deny the request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires  familiarity with the full text of Act No. 117 of 2021. The SC NAACP further lacks the legal knowledge to truthfully admit or deny the request.

Dated: March 11, 2022

Respectfully submitted,

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Adriel I. Cepeda Derieux**
Samantha Osaki**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Adam Pergament**
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com

*Motion for admission Pro Hac Vice
forthcoming
**Admitted Pro Hac Vice*

/s/ Christopher J. Bryant
Christopher J. Bryant, Fed. ID 12538
BOROUGHS BRYANT, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Jeffrey A. Fuisz**
Paula Ramer**
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

*Counsel for Plaintiffs the South Carolina
Conference of the NAACP and Taiwan Scott*

46

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes*
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

\* Motion for admission *Pro Hac Vice*
forthcoming
\*\* Admitted *Pro Hac Vice*

*Counsel for Plaintiff the South Carolina
Conference of the NAACP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 11, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

<u>/s/ *Christopher Bryant*</u>
Christopher Bryant