# Exhibit 10

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>        Plaintiffs,<br><br>        v.<br><br>THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>        Defendants. | Case No. 3-21-cv-03302-JMC-TJH-RMG<br><br>**PLAINTIFF TAIWAN SCOTT'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANTS JAMES H. LUCAS, CHRIS MURPHY, AND WALLACE H. JORDAN's FIRST SET OF INTERROGATORIES TO PLAINTIFF TAIWAN SCOTT** |

Pursuant to Rules 26 and 33 of the Federal Rule of Civil Procedure, Plaintiff Taiwan Scott hereby objects and responds to Defendants James H. Lucas, Chris Murphy, and Wallace H. Jordan's ("House Defendants") First Set of Interrogatories (the "Interrogatories").

## PRELIMINARY STATEMENT

Collectively, Plaintiff's objections contained herein and in the forthcoming substantive responses ("Objections and Responses") are based on information reasonably available to Plaintiff at this time. Plaintiff reserves the right to amend and/or supplement his Objections and Responses based on new information obtained in discovery or otherwise in the course of this action.

Information contained in any Objections and Response pursuant to these Interrogatories is not an admission or acknowledgement by Plaintiff that such information is relevant to any claim or defense in this action; is without prejudice to Plaintiff's right to contend at any trial or in any other proceeding, in this action or otherwise, that such information is inadmissible, irrelevant, immaterial, or not the proper basis for discovery; and is without prejudice to or waiver of any objection to any future use of such information.

Specific objections to each separate Interrogatory are made below. Additionally, Plaintiff makes certain continuing objections to the Interrogatories, also listed below ("Continuing Objections"). These Continuing Objections, including with respect to the definitions and instructions, are incorporated by reference into all of the responses made with respect to each separate Interrogatory. Plaintiff's response to each individual Interrogatory is submitted without prejudice to, and without in any respect waiving, any Continuing Objections not expressly set forth in that response. Accordingly, the inclusion of any specific objection in any response below is neither intended as, nor shall in any way be deemed, a waiver of any Continuing

Objection or of any other specific objection made herein or that may be asserted at a later date.

Plaintiffs submit these Amended Interrogatory Responses after engaging House Defendants in good faith during meet and confers that took place on March 4, 2022 and March 7, 2022.

## CONTINUING OBJECTIONS

Plaintiff incorporates each of the following Continuing Objections in its response to each Interrogatory. In addition to these Continuing Objections, Plaintiff may also state specific objections to Interrogatories where appropriate, including objections that are not generally applicable to all the Interrogatories. By setting forth such specific objections, Plaintiff does not intend to limit or restrict its Continuing Objections.

1. Plaintiff objects to each Interrogatory to the extent it imposes on Plaintiff any obligations that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any applicable order of the Court.

2. Plaintiff objects to each Definition, Instruction, or Interrogatory to the extent it seeks production of documents or information subject to the attorney-client privilege, the work-product protection doctrine, or any other applicable privilege, rule, doctrine, or immunity, whether created by statute or common law. Each Interrogatory has been read to exclude discovery of such privileged information. Inadvertent production of any such information does not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information or document, nor does inadvertent production waive the right of Plaintiff to object to the use of any such information in any proceeding.

3. Plaintiff objects to each Interrogatory to the extent it seeks information that is not relevant to any party's claims or defenses. *See* Rule 26(b)(1).

4.     Plaintiff objects to each Interrogatory to the extent it is not proportional to the needs of the case, "considering the importance of the issues at stake in the action . . . the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Rule 26(b)(1).

5.     Plaintiff objects to each Interrogatory to the extent it seeks discovery of electronically stored information that is not reasonably accessible due to undue burden or cost, in violation of Rule 26(b)(2)(B).

6.     Plaintiff objects to each Interrogatory to the extent that it seeks information that is outside Plaintiff's knowledge, possession, custody, or control.

7.     Plaintiff objects to each Interrogatory to the extent it seeks a legal conclusion or requires Plaintiff to formulate a legal conclusion to fully respond.

**CONTINUING OBJECTIONS TO HOUSE DEFENDANTS' INSTRUCTIONS**

1.     Plaintiff objects to Instructions 1-10 to the extent they impose on Plaintiff any obligations that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any applicable Order of the Court or agreement between the parties.

2.     Plaintiff objects to Instructions 2, 5, 6 on the ground that they purport to impose obligations that are inconsistent with or beyond those imposed by Federal Rule of Civil Procedure 33.

3.     Plaintiff objects to Instruction 7 to the extent that it purports to impose upon Plaintiffs any obligations that are broader than or inconsistent with the Federal Rules or any Order of this Court. Plaintiffs will log privileged documents in accordance with their obligations

4

under the Federal Rules or agreement between the parties

      4.     Plaintiff objects to the definitions in Instruction 9 to the extent they render each Interrogatory irrelevant, vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case.

### CONTINUING OBJECTIONS TO HOUSE DEFENDANTS' DEFINITIONS

By submitting these Objections and Responses, Plaintiff does not adopt House Defendants' purported definition of words and phrases contained in the Instructions to House Defendants' Interrogatories. Plaintiff interprets all words contained in the Interrogatories in accordance with their ordinary and customary meanings.

      1.     Plaintiff objects to the definitions "you", "your", and "Scott" on the ground that they are overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiff to respond on behalf of "all other similarly situated persons, any representatives, consultants, accountants, and attorneys or anyone purporting to act on Scott's behalf, including any person who served in any such capacity at any time during the relevant time period where specified." Plaintiff objects to the definitions of "you", "your", and "Scott" on the ground that they purport to require Plaintiff to produce information outside his knowledge, possession, custody, or control. Plaintiff objects to the definitions of "you", "your", and "Scott" to the extent they purport to request information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. For purposes of these Objections and Responses, Plaintiff responds only on his own behalf.

# INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person who you believe has knowledge of facts relevant to any of the allegations in the Complaint or any of the defenses raised by the House Defendants, and describe in detail your understanding of the facts of which they have knowledge.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiff to identify "each person who you believe has knowledge of facts relevant to any of the allegations" in the Complaint or any of the defenses raised by House Defendants, and to "describe in detail" the facts of which he has knowledge. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiff objects to this Interrogatory on the ground that it seeks information that is outside Plaintiff's knowledge, possession, custody, or control. Discovery is ongoing and this Interrogatory seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Mr. Scott answers as follows:

Mr. Scott refers House Defendants to, and incorporates by reference, Plaintiffs' initial disclosures. Persons who may have knowledge of facts relevant to Plaintiffs' allegations or House Defendants' defenses include:

      1.    Individuals and subchapters identified as Plaintiffs in this action and

6

       individuals and subchapters affiliated with Plaintiffs SC NAACP and Taiwan Scott who have general knowledge or information regarding (i) South Carolina's redistricting process and the state's history of redistricting; and (ii) South Carolina's voting population, including voting patterns and demographics, including, and who maybe contacted through Plaintiffs' undersigned counsel, including:

       a.    Executive leadership of the South Carolina State Conference of the NAACP, including Brenda Murphy, President; and

       b.    Taiwan Scott.

2.    Individuals identified as Defendants in this action, who have general knowledge or information regarding (i) South Carolina's redistricting process and the state's history of redistricting; and (ii) South Carolina's voting population, including voting patterns and demographics, including, and who maybe contacted through Plaintiffs' undersigned counsel:

       a.    Henry D. McMaster, in his official capacity as Governor of South Carolina;

       b.    Thomas C. Alexander, in his official capacity as Chairman of the Senate Judiciary Committee;

       c.    Luke A. Rankin, in his official capacity as Chairman of the Senate Judiciary Committee;

       d.    Representative James H. Lucas, in his official capacity as Speaker of the South Carolina House of Representatives;

       e.    Chris Murphy, in his official capacity as Chairman of the South Carlina House of Representatives Judiciary Committee;

       f.    Representative Wallace H. Jordon, in his official capacity as Chairman of the South Carolina House of Representatives Elections Law Subcommittee;

       g.    Howard Knapp, in his official capacity as interim Executive Director of the South Carolina State Election Commission;

       h.    John Wells in his official capacity as a member of the South Carolina State Election Commission;

       i.    Joanne Day in her official capacity as a member of the South Carolina State Election Commission;

       j.    Clifford J. Edler in his official capacity as member of the South Carolina State Election Commission;

       k.    Linda McCall in her official capacity as a member of the South Carolina State Election Commission; and

       l.    Scott Moseley in his official capacity as member of the South Carolina State Election Commission.

3. Members of the South Carolina State House of Representatives, 223 Blatt Building, 1105 Pendleton Street, Columbia, SC 29201, who may have information regarding the South Carolina redistricting process and the South Carolina voting population, including, but not limited to:

   a. Representative Justin T. Bamberg;

   b. Representative Beth E. Bernstein;

   c. Representative Wendy C. Brawley;

   d. Representative Neal A. Collins;

   e. Representative Jason Elliot;

   f. Representative Jerry N. Govan, Jr.;

   g. Representative John Richard C. King;

   h. Representative Patricia Moore Henegan; and

   i. Representative Wm. Weston J. Newton.

4. Staff members for the South Carolina State House of Representatives, including but not limited to, staff members for the Judiciary Committee, Elections Law Subcommittee, and House Redistricting Ad Hoc Committee who may have information regarding: (i) the 2020 South Carolina redistricting process; (ii) South Carolina's history of redistricting; (iii) the district map drawn for the South Carolina State House of Representatives; and (iv) South Carolina's voting population, including, but not limited to:

   a. Patrick Dennis, General Counsel/Chief of Staff to Speaker Lucas

   b. Emma Dean, Chief Counsel to the House Judiciary Committee

   c. Thomas Hauger, Jimmy Hinson, Ashley Harwell-Beach, Sarah Grace Williamson, Joleigh "Eliza" Deguit, Megan Goyak, Daniel Ingley, Charles Reid, Linda Anderson, Haley Mottel, and Sebastian Bass

5. Third-party organizations focused on redistricting, including their members, employees, and agents, who may have information regarding the redistricting process in South Carolina, including, but not limited to:

   a. Adam Kincaid, Executive Director, the National Republican Redistricting Trust, 1750 Tysons Boulevard, Suite 1500, McLean, VA, 22102, (703) 245-8020;

   b. Lynn Teague, Vice President for Issues and Action, League of Women Voters of South Carolina, PO Box 845, Columbia, SC 29202, (803) 556-9802; and

   c. Frank Rainwater, Executive Director, South Carolina Revenue and Fiscal Affairs Office, 100 Assembly Street, Rembert Dennis

Building, Suite 421, Columbia, SC 29201, (803) 734-3793.

6. Expert witnesses, who have information regarding the manner in which the House district map was drawn and the voting population within each drawn district, identified or to be identified pursuant to the Court's Scheduling Order regarding expert discovery.

7. Any other witnesses identified by any party in this litigation in initial disclosures or in any other discovery responses.

Mr. Scott should be contacted through counsel for Plaintiffs in this action.

Mr. Scott is no longer alleging that South Carolina's U.S. Congressional Districts are malapportioned in violation of the First and Fourteenth Amendments of the U.S. Constitution under Count Three of Plaintiff's Second Amended Complaint. As a result, Mr. Scott will not identify any person who may have knowledge of the facts relevant Count Three.

Mr. Scott is not serving as a plaintiff alleging that certain South Carolina House Districts are racially gerrymandered in violation of the Fourteenth Amendment of the U.S. Constitution or that H. 4493 was enacted with a discriminatory intent in violation of the Fourteenth and Fifteenth Amendments of the U.S. Constitution.

Plaintiff reserves the right to amend and/or supplement his response to this Interrogatory.

**INTERROGATORY NO. 2:**

Identify in which House District you resided prior to the enactment of H. 4493 and in which House District you reside now, following the enactment of H. 4493.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff object to this Interrogatory on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiff to identify "each person that assisted or participated in the drafting, review or editing of

9

the letters submitted to one or more of the House Defendants during the 2021 redistricting cycle on which you are a signatory party" and to "describe in detail the manner of assistance or participation." Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Mr. Scott answers as follows:

Prior to and following the enactment of H. 4493, Mr. Scott has resided in House District 123.

Plaintiff reserves the right to amend and/or supplement his response to this Interrogatory.

**INTERROGATORY NO. 3:**

Identify all elections that you have voted in since 2010.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff object to this Interrogatory on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiff to identify "all" elections that he has voted in since 2010. Plaintiff objects to this Interrogatory on the ground that the information is available to the House Defendants from sources other than Plaintiffs, such as the South Carolina Election Commission, for which responding to the Interrogatories would be more convenient, less expensive, or less burdensome than responding would be for Plaintiffs.

Subject to and without waiving the foregoing objections, Mr. Scott answers as follows:

Mr. Scott has voted in the majority of statewide elections since 2010. Among others, in

recent elections, Mr. Scott has voted in elections for the South Carolina House and Senate, U.S. House of Representatives and Senate, and President, as week as various local elections.

Plaintiff reserves the right to amend and/or supplement his response to this Interrogatory.

**INTERROGATORY NO. 4:**

Describe in detail how your right to associate had been infringed upon by the actions of the House Defendants.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff object to this Interrogatory on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiff objects to this Interrogatory on the ground that it seeks information that is outside Plaintiff's knowledge, possession, custody, or control. Plaintiff objects to this Interrogatory to the extent it seeks a legal conclusion rather than facts. Discovery is ongoing and this Interrogatory seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Mr. Scott answers as follows:

Mr. Scott is no longer alleging that South Carolina's U.S. Congressional Districts are malapportioned in violation of his rights under the First and Fourteenth Amendments of the U.S. Constitution under Count Three of Plaintiffs' Second Amended Complaint. Under the operative complaint, Mr. Scott alleges that South Carolina's U.S. Congressional Districts racially gerrymandered and intentionally discriminatory in violation of the Fourteenth and Fifteenth

Amendments. As a result, this claim is moot and Mr. Scott will not be providing a response to this Interrogatory.

**INTERROGATORY NO. 5:**

Describe in detail all communications you have had with any other party, consultant, expert, technical advisor, or other similar person connected in any way to this litigation regarding redistricting matters in South Carolina.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff objects to this Interrogatory on the ground that the undefined terms "consultant, expert, technical advisor, or other similar person" render this Interrogatory vague, overly broad, unduly burdensome, and not proportional to the needs of the case.

Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiff will not describe any communications protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Mr. Scott answers as follows:

Mr. Scott does not recall any communications with any consultant, expert, or technical advisor that he personally engaged in regarding redistricting matters in South Carolina.

Plaintiff reserves the right to amend and/or supplement his response to this Interrogatory.

**INTERROGATORY NO. 6:**

Describe in detail your involvement with the identification of claims and development of allegations as set forth in your Complaint.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff object to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Mr. Scott answers as follows:

Mr. Scott was involved in the identification of claims and development of allegations set forth in the Complaint. Mr. Scott will not disclose the content of his involvement as that information is subject to work product protection and his communications with counsel are subject to attorney-client privilege.

**INTERROGATORY NO. 7:**

Describe in detail your involvement the proposed House District plan submitted by the SC NAACP.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff object to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiff to

"[d]escribe in detail our involvement the proposed House District plan submitted by the SC NAACP." Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Mr. Scott answers as follows:

Mr. Scott had no involvement in the proposed House District plan submitted by the SC NAACP.

**INTERROGATORY NO. 8:**

Describe in detail your relationship with the SC NAACP.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff object to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiff to "[d]escribe in detail your relationship with the SC NAACP." Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Mr. Scott answers as follows:

Mr. Scott is a co-Plaintiff with SC NAACP in this action. Mr. Scott is not a member of the SC NAACP or otherwise affiliated with the organization.

**INTERROGATORY NO. 9:**

Describe in detail how you came to be a named Plaintiff in this case.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff object to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff objects to this Interrogatory on the ground that it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiff will not describe any communications protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Mr. Scott answers as follows:

Mr. Scott resides in newly formed CD 1. Mr. Scott and members of his family, who have lived in Hilton Head for seven generations, are Gullah people, descendants of West African people who were enslaved and forcibly brought to America's southeastern coast, including South Carolina's coastal plain and Beaufort Sea Islands. While living and contributing to South Carolina in a myriad of ways, Black South Carolinians, including Gullah community members like Mr. Scott, have endured discrimination and other harms relating to taxation, heirs' property, land seizures, highway construction, lack of business and development opportunities, and many other issues. During the course of the redistricting process, based on his experiences with past discrimination at the hands of South Carolina officials and private actors, Mr. Scott became concerned that the redistricting process would harm him and other Black voters, that the Legislature used race as the predominant factor motivating its decisions to place a significant number of voters, like Mr. Scott, within or outside of the Challenged Congressional Districts, and that the congressional map that is intentionally designed to dilute Black voting power in South Carolina. Based on these concerns, and based on his communications with counsel, which

15

are privileged, Mr. Scott decided to become a named Plaintiff in this case.

16

Dated: March 11, 2022

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Adriel I. Cepeda Derieux**
Samantha Osaki**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Adam Pergament**
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com

*Motion for admission Pro Hac Vice
forthcoming*
***Admitted Pro Hac Vice*

Respectfully submitted,

/s/ Christopher J. Bryant
Christopher J. Bryant, Fed. ID 12538
BOROUGHS BRYANT, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Jeffrey A. Fuisz**
Paula Ramer**
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

*Counsel for Plaintiffs the South Carolina
Conference of the NAACP and Taiwan Scott*

17

Janette M. Louard\*
Anthony P. Ashton\*
Anna Kathryn Barnes\*
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

\* Motion for admission *Pro Hac Vice*
forthcoming
\*\* Admitted *Pro Hac Vice*

*Counsel for Plaintiff the South Carolina Conference of the NAACP*

18

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

/s/ *Christopher Bryant*
Christopher Bryant