# Exhibit E

| | |
|---|---|
| **From:** | Diamaduros, Konstantine P |
| **To:** | Hindley, John; Hollingsworth, Jennifer J.; Pergament, Adam |
| **Cc:** | zzz.External.MMoore@nexsenpruet.com; Leah Aden; Colarusso, Gina; zzz.External.jcusick@naacpldf.org; Freedman, John A.; zzz.External.strivedi@aclu.org; zzz.External.chris@boroughsbryant.com; zzz.External.acepedaderieux@aclu.org; zzz.External.achaney@aclusc.org; zzz.External.aingram@naacpldf.org; zzz.External.sosaki@aclu.org; Mathias, Andrew A.; zzz.External.Mparente@nexsenpruet.com; Barber, Hamilton B.; Wilkins, William W. |
| **Subject:** | RE: Follow Up to March 14 Meet and Confer |
| **Date:** | Friday, March 18, 2022 3:47:18 PM |

External E-mail

Mr. Hindley,

We are in receipt of your most recent e-mail circulated late Tuesday evening, March 15, which you describe as "memorializ[ing] our discussion" from the March 14 meet and confer. Regardless of whether Plaintiffs' counsel "strongly disagrees" with House Defendants, as we have informed you, the similar purported summary emails that were unilaterally drafted by Plaintiffs' counsel on March 5 and 11 and submitted under your name include misstatements and mischaracterizations in the description of issues and positions taken by House Defendants during our meet and confer discussions. Indeed, you were promptly advised that we disagreed with several of the characterizations both times—by me on March 7 and by Jennifer on March 12. Despite us raising these concerns, we received yet another self-serving "summary" of our discussions from our March 14, 2022 meet and confer. All four members of our team who attended that meet and confer take issue with multiple aspects of your "summary," as it again omits important details and context from our lengthy discussion of various issues—though we do recognize that your most recent "summary" contains fewer mischaracterizations than your March 5 and 11 missives.

To reiterate what Jennifer stated during our last discussion, we see no benefit in trying to parse words at this stage. Accordingly, we decline to engage in further unproductive back-and-forth with you or your team via lengthy emails on these issues, as it is a waste of time for everyone involved. Instead, House Defendants will focus on pressing forward with our discovery obligations as agreed to at the time the joint request to stay was presented to the Panel. Please be advised that from this point forward, House Defendants reserve the right to (and are prepared to) retain a court reporter for any future meet and confers regarding discovery-related issues so that we can avoid this sort of unproductive back-and-forth about what was or was not said during these lengthy discussions. In addition, House Defendants will not respond to any future "summaries" of these discussions received from Plaintiffs' counsel, regardless of whether they contain misstatements or mischaracterizations. We will simply rely on the transcripts and reserve the right to raise any issues we may have with any future characterizations or summaries that Plaintiffs' counsel may choose to put in front of the Court. To be clear, the point-by-point discussion below will be the last time we address these types of discovery-related "summaries" with you via this type of back-and-forth.

As relates to Plaintiffs' production and discovery responses, House Defendants offer the following:

Based on the representations of Plaintiffs' counsel during the meet and confer discussions, Plaintiff Scott did a self-collection of his own documents (including ESI) without the use of

any search terms or other directives regarding the scope of his obligations in response to House Defendants' discovery requests. House Defendants do not believe the process described by Plaintiffs' counsel was sufficient under the applicable rules, but given Plaintiff Scott's abandonment of any challenge to the House Districts, House Defendants do not presently intend to pursue any relief before the Panel with respect to Plaintiff Scott's deficient collection efforts.

Plaintiff Scott's privilege log contains a number of entries that do not support his withholding of documents for the reasons stated in those entries. Although Plaintiffs' counsel has represented that certain changes would be made, and that some documents would be removed from the log and produced, as of this writing Plaintiff Scott has neither produced an amended privilege log nor the downgraded documents at issue. As we have stated during our meet and confer discussions, we continue to disagree about other privilege assertions that we understand Plaintiff Scott intends to maintain on his amended privilege log.

- Plaintiffs' counsel stated only four SC NAACP custodian .PST boxes were collected for discovery, those being SC NAACP's president (**but not including brendacmurph@gmail.com**), two administrative assistants, and a general office manager box, which were searched and reviewed by a third party vendor at the direction of counsel using search terms discussed below.

As it relates to discovery requests directed toward Plaintiff SC NAACP, Plaintiffs' counsel specified that only information or documents created or received by SC NAACP's president and two employees are subject to discovery. And, as to President Murphy, Plaintiffs' counsel has taken the position that only her SC NAACP email account is subject to discovery. You suggest in your March 15 email that "the only individuals whose email is contained in SC NAACP's systems are Ms. Murphy and certain administrative assistants," as if employment is a prerequisite to determining whether information is subject to discovery. That is not the law. Moreover, the positions taken by Plaintiffs' counsel have given us the impression that Plaintiffs believe that SC NAACP is only obligated to collect documents and information that are in its employees' "possession" or "custody," regardless of whether additional relevant documents or information are within SC NAACP's "control." Put simply, we are certain that you know Rule 34 requires more diligence with respect to Plaintiffs' document collection and production efforts.

House Defendants are not aware of any authority, nor have Plaintiffs offered any, to support the position that SC NAACP's discovery obligations under the Federal Rules of Civil Procedure are limited in the manner suggested by Plaintiffs' Counsel. In fact, and in stark contrast to the position Plaintiffs have taken related to their own document collection and production obligations, Plaintiffs' counsel have expressly stated that House Defendants are "expect[ed] to collect materials from <u>all</u> relevant email accounts, devices, and other electronic sources, not merely official work emails. To the extent any of those do not contain relevant materials, we expect House Defendants to certify as much on a custodian-by-custodian basis." The glaring inconsistency between these two positions is troubling, to say the least.

- o As an aside, Plaintiffs' counsel's vague reference to proportionality when discussing this contradiction during our meet and confers is misplaced. Indeed, Rule 26(b)'s discussion of proportionality does not protect some parties from the cost or burden of discovery while exposing others to greater costs/burdens in the same case. Instead, the Rule assesses proportionality of discovery requests "by 'considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Machinery Solutions, Inc. v. Doosan Infracore Am. Corp.*, 323 F.R.D. 522, 526 (D.S.C. 2018) (quoting Fed. R. Civ. P. 26(b)(1)). As Judge Childs explained in *Machinery Solutions*, "[t]he scope of discovery permitted by Rule 26 is designed to provide a party with information reasonably necessary to afford a fair opportunity to develop its case." *Id.* House Defendants are entitled to the same opportunity as Plaintiffs to develop their case. Moreover, given the army of lawyers working on Plaintiffs' behalf, including the vast amount of resources at their collective disposal, the notion that Plaintiffs should not be expected to fully and completely participate in the same level of discovery as House Defendants is inconceivable. Such a notion is especially confounding when considering how House Defendants have been barraged with Plaintiffs' ever-increasing discovery demands in the recent weeks.

-

Perhaps most important is that Plaintiff SC NAACP's position on its discovery obligations is inconsistent with its discovery responses, particularly including but not limited to its response to Interrogatory No. 1. That response specifies that "Executive leadership of the South Carolina State Conference of the NAACP, including Brenda Murphy, President" are persons that Plaintiff SC NAACP believes have knowledge of facts relevant to any of the allegations in the Complaint or any of the defenses raised by the House Defendants. In addition, when responding to multiple other Interrogatories, Plaintiff SC NAACP states that "feedback from organizational leadership like executive members and/or Branch presidents" of the SC NAACP was obtained during material parts of the underlying redistricting process, making it apparent that those individuals would be custodians for purposes of SC NAACP's discovery obligations. *See e.g.* Int. Nos. 2, 3, and 5. The previously produced minutes of the SC NAACP Reapportionment Committee also contain direct evidence of persons acting in their capacity as members/representatives of SC NAACP, all of whom are likely to have relevant, non-privileged information that should be collected and produced to House Defendants.

-

In accordance with the Federal Rules of Civil Procedure, Plaintiffs must produce ***all*** relevant, non-privileged items that are in Plaintiff SC NAACP's possession, custody, or control, including those in the possession, custody, ***or control*** of its Executive Leadership and relevant Branch Presidents, regardless of whether these individuals are employees or members of the SC NAACP. **House Defendants are unaware of any authority that allows an associational plaintiff to withhold or refuse to collect responsive, non-privileged, relevant items or**

**information in the possession, custody or control of its members (particularly those in positions of leadership) simply because the members are not employed.**

- Plaintiffs' counsel confirmed that they did not request or require Plaintiffs to turn over any devices to counsel or any third party vendor for the purposes of collecting or searching for discoverable information. Instead, our notes from the March 7 meet and confer reflect that Plaintiffs' counsel represented that President Murphy (1) "had some emails that were coextensive with her .PST file"; (2) informed counsel that "she does not use her [personal] computer for work issues"; and (3) "confirmed nothing [relevant] on her computers and same is true with her cell phone." Plaintiffs' counsel further stated that it is not their position that any custodian in the case needs to conduct a search of all devices and accounts, but that if there are any materials that exist in those locations, they should be collected and produced.

- While House Defendants agree with the above position, we are concerned that the representations made on behalf of President Murphy are inconsistent and contrary to the record developed in this case; which as House Defendants pointed out during the March 14 meet and confer, include the widespread public dissemination of President Murphy's SC NAACP contact information, including her personal email account ([brendacmurph@gmail.com](brendacmurph@gmail.com)). Notably, that personal email account is identified as both a recipient **and sender** of communications identified on Plaintiff Scott's privilege log. To date, Plaintiffs' counsel have not agreed to search this email account for discoverable ESI, but as of March 15 they have "taken that request under advisement." We reiterate our position that Plaintiff SC NAACP is required to produce relevant, responsive, non-privileged ESI that is in the possession, custody, or control of its Executive Leadership and/or Branch Presidents, including ESI that is maintained in these individuals' non-SC NAACP email accounts. These individuals should include, but not be limited to, the Co-Chairs of SC NAACP's Reapportionment Committee and the Branch Presidents for those areas contained within the Challenged Districts.

- As you correctly note in your most recent email, we are at an impasse on the issue of privilege waiver by Plaintiff SC NAACP. It appears we are also at an impasse on other issues encompassed by House Defendants' Motion to Compel, including Plaintiffs' responses to House Defendants' Requests for Admission, the privileges asserted by Plaintiffs' on their existing privilege logs, the overall sufficiency of Plaintiffs' privilege logs, and the overall sufficiency of Plaintiff SC NAACP's written discovery responses and document collection efforts. Despite the fact that we are unable to reach an agreement on those issues, we appreciate the extensive time and effort that all have devoted to discussing them in a good faith attempt to reach common ground. As we noted during our last meet and confer, in the spirit of compromise, House Defendants will not pursue their Motion to Compel as to Plaintiffs' interrogatory responses any further (with the caveat, as you noted, regarding Interrogatory No. 4), though we still believe that Plaintiffs' amended responses are deficient.

Regarding your discussion of House Defendants' productions and discovery responses, we find it difficult to formulate appropriate responses when Plaintiffs have yet to identify in a formal letter any

perceived deficiencies within House Defendants' productions or discovery responses. To the extent Plaintiffs believe House Defendants' written responses are deficient, the deadline for Plaintiffs to move to compel further written responses has come and gone. Indeed, House Defendants served their written responses on January 24, 2022, and under Local Civil Rule 37.01(A), "[m]otions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed . . ." The deadline for any such motion by Plaintiffs was February 14, 2022, and as you know, Plaintiffs elected to move to compel only on the issue of legislative privilege. Moreover, while the Local Civil Rule does provide that the deadline may be extended if counsel are actively engaged in attempts to resolve the dispute, it also states that any such extension "shall be confirmed in writing." Because Plaintiffs have sought no such extension of time with respect to House Defendants' written responses, any motion to compel further written responses would be time-barred. As to House Defendants' rolling document productions, to the extent Plaintiffs believe those productions are deficient, we request that Plaintiffs' counsel identify any perceived deficiencies in a formal letter prior to filing any discovery-related motions. Formal letters setting forth perceived deficiencies would be far more useful than these "summary" emails, especially when considering that these "summaries" are truncated (and largely self-serving) assertions of communications that spanned several hours of back-and-forth discussion. That said, we will respond to your points as best as we are able:

 House Defendants have obtained consent from all of the Redistricting Ad Hoc Committee Members. Their email accounts have been collected by LSA and provided to our e-discovery team to process for review. That review is underway. We would note, however, that our team is very frustrated that House Defendants have undertaken this endeavor at the request and insistence of Plaintiffs, then after assurance that all but one remaining member custodian had been secured, Plaintiffs served subpoenas on several of those document custodians. These tactics are unwelcome and unproductive. Plaintiffs' counsel will hear further from House Defendants on those subpoenas in the coming days.

 Regarding Plaintiffs' demand that House Defendants apply additional search terms to the custodian accounts already produced, as well as the additional accounts being reviewed, we first note that there was no advance agreement on search terms, nor did the parties' Joint Rule 26(f) Report contemplate sharing or establishing search terms for discovery. Moreover, neither party's discovery requests identified search terms to be used for the purpose of responding to discovery.

 According to our notes, Plaintiffs' counsel identified the following search terms as being used in reviewing for potential production the four email accounts associated with Plaintiff SC NAACP: redistrict!, district!, congress, house, senate, vot!, census, gerrymander!, legislature, "ad hoc committee". This list is significantly shorter than the search terms utilized by House Defendants during their document review, which were: redistrict*, reapportion*, census w/3 map*, district*, "ad hoc committee," population, deviation, gerrymander*, pack*, crack*, "majority-minority", BVAP, "black voting age population", "map room", combine OR collapse, "voting rights act", preclear*.

On March 11, after House Defendants shared the 18 search terms utilized in their document review, Plaintiffs requested that the documents be re-reviewed **with an additional 41 search terms**. Plaintiffs' suggested additional search terms included a number of very common terms, such as county names and names of sitting legislators. More troubling is the fact that **not one** of these 41 suggested additional search terms was utilized by Plaintiffs' counsel during the review of SC NAACP's emails. To be clear, we believe Plaintiffs' request is excessive, unduly burdensome, and unwarranted. That being said, in an effort to demonstrate our continuing good faith efforts to reach common ground where appropriate, we will not reject Plaintiffs' request out of hand. Instead, we have modified the suggested list to include additional terms that might have some limited relevance to the scope as defined by the Court's February 13, 2022 Order. To that end, House Defendants agree to add the following search terms to all custodian accounts, including those already processed, and will produce (to the extent they have not already been produced) responsive, non-privileged documents that are identified as a result of adding these additional search terms:

- compact*
- communit* w/3 (interest OR color)
- COI
- split* w/3 (precinct* or communit*)
- Criteria w/3 (House OR District*)
- rac* w/3 vot*
- "Black voters"
- NAACP
- LWV
- LWVSC
- ACLU
- LDF
- "Young Democrats of South Carolina"
- YDSC
- "York County Democratic Party"
- "Michael Roberts"
- "Republican National Committee"
- RNC

- o "Republican State Leadership Committee"

- o RSLC

- o "National Republican Redistricting Trust"

- o NRRT

As to the collection of hard drives for the named House Defendants, who by the way have desktop computers in their House offices, there is no reason for House Defendants to undertake the burden or impose the inconvenience of such a collection because there is no relevant information to collect. Similar to President Murphy, throughout the redistricting process during the time period at issue, those individuals did not download, save, or store documents/information to the hard drive or other files/folders on their desktop computers. Moreover, any documents or information related to the redistricting cycle would have been captured in the .PST files that have already been collected and reviewed for production.

Regarding the collection of personal email accounts or devices for the named House Defendants or any other custodians, this is where Plaintiffs' "summaries" are most lacking and disingenuous. As we explained during our most recent meet and confer, Plaintiffs have yet to identify *any* authority in support of Plaintiffs' tardy demands for the personal accounts and devices of any legislative defendant, much less non-party legislators or employees. Moreover, wholly omitted from your "summary" is the fact that we voiced very serious concerns about the demand that such personal accounts and devices be surrendered. As we explained, all three named House Defendants are practicing lawyers, and their non-House email accounts and personal cell phones are the devices they use for their law practices. Plaintiffs' demand in this regard presents a serious and substantial infringement on the rights of these lawyers' clients, whose right to confidentiality and privilege is not one to be waived by the named House Defendants. That being said, this demand by Plaintiff also presents very thorny ethical issues for these practicing lawyers.

Frankly, it is also peculiar that Plaintiffs present House Defendants with these demands (1) while specifically refusing to collect discoverable information from identified members of the SC NAACP who are lawyers and attendees of the reapportionment committee meetings, and (2) while also conceding that neither Mr. Scott nor any member of the associational Plaintiff was requested or required to turn over any personal devices for discovery review.

Finally, we would like to raise an issue that has just come to our attention this afternoon, and only as a result as our continued good faith consultations with outside counsel for NAACP Legal Defense Fund and the American Civil Liberties Union about our subpoenas to those organizations. Specifically, we were just informed for the first time that Plaintiff SC NAACP has been in possession of **more than a dozen** videotaped recordings of public meetings held by SC NAACP during and regarding the 2021 redistricting process. While we appreciate that outside counsel for those entities

is preparing those recordings for production, it is exceedingly problematic that this highly relevant and discoverable information has **never** been identified or disclosed by Plaintiffs. Particularly given the repeated focus on the Reapportionment Committee Meetings and including the asserted non-privileged nature of its attorneys' participation at those meetings, not once has Plaintiff SC NAACP identified these recordings in its discovery responses. **We look forward to the immediate receipt of all these recordings.**

Should you have any other questions following your review of this message, please let me know.

**Konstantine P Diamaduros**
Associate
Nexsen Pruet, LLC
104 South Main Street, Suite 900
Greenville, SC 29601
Post Office Box 10648 (29603)
T: 864.282.1173, F: 864.282.1177
KDiamaduros@nexsenpruet.com

*www.nexsenpruet.com*



**From:** Hindley, John <John.Hindley@arnoldporter.com>
**Sent:** Tuesday, March 15, 2022 10:55 PM
**To:** Hollingsworth, Jennifer J. <JHollingsworth@nexsenpruet.com>; Pergament, Adam <Adam.Pergament@arnoldporter.com>; Diamaduros, Konstantine P <KDiamaduros@nexsenpruet.com>
**Cc:** Moore, Mark C. <MMoore@nexsenpruet.com>; Leah Aden <laden@naacpldf.org>; Colarusso, Gina <Gina.Colarusso@arnoldporter.com>; jcusick@naacpldf.org; Freedman, John A. <John.Freedman@arnoldporter.com>; strivedi@aclu.org; chris@boroughsbryant.com; acepedaderieux@aclu.org; achaney@aclusc.org; aingram@naacpldf.org; sosaki@aclu.org; Mathias, Andrew A. <AMathias@nexsenpruet.com>; Parente, Michael A. <MParente@nexsenpruet.com>; Barber, Hamilton B. <HBarber@nexsenpruet.com>; Wilkins, William W. <BWilkins@nexsenpruet.com>
**Subject:** Follow Up to March 14 Meet and Confer

{EXTERNAL EMAIL}

Counsel:

Thank you for Monday's meet and confer call. This email is to memorialize our discussion. We strongly disagree with the suggestion that Plaintiffs' prior emails were inconsistent with or contrary to the substance of our discussions. Plaintiffs have and will continue to communicate with Defendants in good faith, and in as clear and accurate manner as possible. In each of our notes, we

have invited Defendants to let us know if they believe that any points are incorrect. As previously, we ask that you let us know if you believe any of the points below are incorrect.

<u>Plaintiffs' production and discovery responses</u>

- <u>RFPs and document productions.</u>
    - Plaintiffs produced SC NAACP emails on March 11. Plaintiffs anticipate producing additional emails withheld from the March 11 production, but, given the need for redactions, Plaintiffs will produce those materials on a rolling basis. We expect the next production will take place on March 18.
    - Defendants have requested that SC NAACP produce documents from President Brenda Murphy's Gmail account. Plaintiffs have taken that request under advisement and will revert this week.
    - Defendants also requested that SC NAACP produce documents for other individuals who served as committee chairs or otherwise appeared on the redistricting coalition minutes. We will revert, but our understanding has been that the only individuals whose email is contained in SC NAACP's systems are Ms. Murphy and certain administrative assistants.

- <u>Privilege log.</u>
    - Plaintiffs have agreed to produce documents corresponding with entries 5, 6, 70-72.
    - As to the remainder of entries that Defendants challenged in their motion to compel [entries 14, 15, 35, 36, 67-69], we previously advised that Plaintiffs would be updating the privilege log to make clear that the claim is work product, not attorney-client privilege, as Mr. Scott shared with a non-adversary a paragraph of the draft complaint. We understand that notwithstanding that explanation, Defendants intend to stand by their challenge to those entries. Plaintiffs intend to address the issue in response to Defendants' motion to compel.
    - At Defendants' request, Plaintiffs are continuing to review our privilege log in full. Plaintiffs are preparing an updated privilege log that captures both the materials withheld to date, including those produced on March 11, as well as those that are noted above.

- <u>Purported privilege waiver.</u> We understand that the parties have reached impasse. Plaintiffs intend to address the issue in response to Defendants' motion to compel.

- <u>Interrogatories.</u> We understand from our call that you intend to continue discussions with Chris Bryant as to Interrogatory No. 4 concerning SC NAACP members, but that you otherwise are standing down from your motion to compel as it relates to interrogatories.

- <u>RFAs.</u> We understand that Defendants intend to clarify the RFAs that are still at issue for purposes of their motion to compel. We would appreciate if you would provide that clarity as soon as possible and please let us know if you think it would be productive to discuss any of the RFAs.

- <u>Status Report to Court.</u> We understand that Defendants intend to prepare and to file

Thursday a status report that explains the issues that have been resolved and/or the issues that remain open with regard to the Defendants' motion to compel. Plaintiffs request that the report be a joint submission – we were not clear if that is what you intended all along. We ask that you provide a draft of the report tomorrow, so that Plaintiffs have time to review and propose any needed revisions to the report. Plaintiffs plan to update the Court on issues concerning Defendants' discovery as part of the joint status report.

<u>Defendants' production and discovery responses</u>

- <u>Defendant's Document Collection</u>
    - We understand that you received consent from all but one of the Ad Hoc Redistricting Committee members to collect and produce the PST files from their legislative email accounts. Please let us know if that outstanding committee member consented to the collection of his email.
    - We understand that you have conferred with House Defendants (and perhaps certain other custodians) concerning their personal email accounts, text messages, and instant messages. Plaintiffs remain concerned by the lack of clarity – and absence of any written representations – as to which custodians you have conferred with regarding the existence of such communications and what representations you are making about the existence or lack of existence of such materials for each. Absent such clarity, Plaintiffs will have no option but to seek relief from the Court. Further, notwithstanding that House Defendants' production reflects that Defendants (and other legislators) used their personal emails in relation to redistricting, we understand your position is that collection of documents from Defendants' personal email accounts is not warranted. We presume that the parties are at impasse on that issue and will proceed accordingly.
    - You stated during our call that you do not have possession, custody, or control of the personal emails, text messages, and instant messages of legislators who are not named in the lawsuit.
    - We understand from last two calls that your team did not collect or search the entirety of the hard drives of the House Defendants or other custodians but rather relied on a self-collection of legislative computers. We understand that House Defendants are not willing to conduct a further search of computers of the named defendants or other custodians.

- <u>Search Terms</u>
    - In prior correspondence, Plaintiffs expressed concern that the search terms used by Defendants are too narrow to capture documents responsive to Plaintiffs' requests and those the Court ordered produced. Plaintiffs suggested additional search terms to be applied to House Defendants' document collections. On our call, counsel for House Defendants stated that the search terms suggested by Plaintiffs would hit on too many documents. We requested that House Defendants confirm if that is the case by running a hit report. We understand that House Defendants are willing to run a hit report on at least some terms (but perhaps not all). We ask that House Defendants share with Plaintiffs a hit report showing the hits for all proposed additional search

- terms. Plaintiffs are willing to consider and/or propose revisions to the proposed terms to ensure that Defendants' review is not unduly burdensome.
  - House Defendants suggested that applying additional search terms would be duplicative. In Plaintiffs' counsel's experience, that is not the case as previously reviewed documents that hit on new terms need not be re-reviewed, provided that the initial review parameters were not unduly narrow. Further, as we understand it, House Defendants have not conducted a review of the newly collected PST files from the committee members.

- Privilege Log
  - Plaintiffs appreciate House Defendants' work in narrowing the amount of privilege claims in their amended privilege log. Nevertheless, Plaintiffs believe that the House Defendants' have failed to meet their burden in demonstrating an entitlement to the attorney-client privilege or the work product doctrine privilege for all of its purported assertions. Plaintiffs will send their challenges to House Defendants' privilege claims in separate correspondence.

- Additional Document Production
  - During our meet and confers, House Defendants committed on making additional productions of documents, including those that were taken off their previous privilege logs. During our March 14 meet and confer, House Defendants stated that it planned on producing additional documents by the end of the day on Thursday, March 17. Please let us know if that timeline does not still hold.

Please let us know if you have any questions.

Best,

_____

John Hindley
Associate

Arnold & Porter
601 Massachusetts Ave., NW
Washington | District of Columbia 20001-3743
T: +1 202.942.5796
John.Hindley@arnoldporter.com | www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

*** FIRM CONFIDENTIAL COMMUNICATION *** This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Nexsen Pruet, LLC may collect personal information including your name, business name and other contact details, and IP address. If you have any questions, please contact Privacy@nexsenpruet.com.