# Exhibit F

| | |
|---|---|
| **From:** | Hindley, John |
| **To:** | "JHollingsworth@nexsenpruet.com" |
| **Cc:** | "MMoore@nexsenpruet.com"; Leah Aden; Colarusso, Gina; Pergament, Adam; zzz.External.jcusick@naacpldf.org; Freedman, John A.; zzz.External.strivedi@aclu.org; zzz.External.chris@boroughsbryant.com; "Adriel I. Cepeda Derieux"; zzz.External.achaney@aclusc.org; Antonio Ingram; zzz.External.sosaki@aclu.org; "AMathias@nexsenpruet.com"; "KDiamaduros@nexsenpruet.com"; zzz.External.Mparente@nexsenpruet.com; "HBarber@nexsenpruet.com"; "BWilkins@nexsenpruet.com" |
| **Subject:** | Meet and Confer Follow Up |
| **Date:** | Saturday, March 5, 2022 11:12:06 PM |

Dear Ms. Hollingsworth:

Thank you for discussing with us the status of House Defendants' document collection and production efforts. This email summarizes the issues discussed with regard to House Defendants' document collection and production. If you believe that any of the points below are incorrect, please let us know immediately. Thank you.

- House Defendants stated that they do not plan on making additional document productions but that there may be further productions when House Defendants review and supplement their privilege logs.
- Identification of certain documents relating to paragraphs 4 and 7 on page three of Ms. Hollingsworth's February 4, 2022 letter. House Defendants stated that they would provide Bates numbers to assist Plaintiffs in identifying these documents. Please provide those.
- House Defendants' search terms. House Defendants stated that they will share with Plaintiffs at the March 7 meeting the search terms that were applied to House Defendants' custodian files. We look forward to seeing those search terms – for sake of efficiency it would be helpful to see the search terms in advance of our meeting on Monday.
- House Defendant's custodial productions for Patrick Dennis, Emma Dean, Thomas Hauger, Jason Elliott, Jimmy Hinson, Jay Jordan, Jay Lucas, Chris Murphy, and Weston Newton.
    - House Defendants stated that they searched these custodians' work email accounts but not their work computers. Plaintiffs request that House Defendants search those custodians' work computers (and any other work-issued device or account) for responsive materials or explain why their work computers (or other work-issued devices or accounts) do not contain responsive materials. If House Defendants do not agree to do so, please let us know right away.
    - House Defendants stated that they did not search these custodians personal email accounts, their personal devices, texts, instant messages, other messaging services (like WhatsApp). Plaintiffs' position is that if any of the above custodians have used any of those accounts/devices/means of communication to conduct work or communicate in relation to any work, House Defendants must collect the relevant accounts/devices/means of communication, and search and produce responsive, non-privileged materials that they locate. If House Defendants disagree, please let us know right away.
- Date parameters applied to House Defendants' document collection. House Defendants stated that they collected documents back to January 2021 and through the adoption of H. 4993, but that they will confirm the accurate date range at the March 7 meeting. We look forward to your response on March 7.
- Communications to and from attorneys at Nexsen Pruet. Counsel for House Defendants

- stated that they reviewed Nexsen Pruet databases for responsive documents. Counsel also stated that they have conducted a review to ensure that responsive communications are either produced or included in a privilege log.
- House Defendants' third-party communications. Counsel for House Defendants stated that they do not believe any consultants were retained by the House Defendants. To be clear, Plaintiffs seek communications with third parties and organizations regardless of whether they were retained as consultants. Plaintiffs asked about any third-party communications with organizations such as the Republican State Leadership Conference, the National Republican Redistricting Trust, and the Republican National Committee.
- House Defendants' Attorney Client Privilege and Attorney Work Product Doctrine Claims. House Defendants are reviewing the documents and communications withheld on the basis of attorney-client privilege and the attorney work product doctrine and will provide an additional privilege log by the end of next week (Friday, March 11, 2022). Counsel for House Defendants stated that they will likely produce additional communications and documents after their review.
- Constituent emails. Counsel for House Defendants stated that they produced all constituent emails sent to the House Defendants regarding redistricting and further stated that it has not and will not produce such constituent emails for each member of the House. <u>Please confirm whether House Defendants will produce constituent emails or other written communications sent directly to the House Defendants, the members of the Ad Hoc Redistricting Committee, and any staffers that were involved in redistricting (as opposed to those sent to the broader distlist for SC Redistricting). If House Defendants believe that they have already produced such communications, please confirm.</u>

Best,

_____

John Hindley
Associate

Arnold & Porter
601 Massachusetts Ave., NW
Washington | District of Columbia 20001-3743
T: +1 202.942.5796
John.Hindley@arnoldporter.com | www.arnoldporter.com