# Exhibit G

| | |
|---|---|
| **From:** | Hindley, John |
| **To:** | "Hollingsworth, Jennifer J."; Pergament, Adam; zzz.External.KDiamaduros@nexsenpruet.com |
| **Cc:** | zzz.External.MMoore@nexsenpruet.com; "Leah Aden"; Colarusso, Gina; zzz.External.jcusick@naacpldf.org; Freedman, John A.; zzz.External.strivedi@aclu.org; zzz.External.chris@boroughsbryant.com; zzz.External.acepedaderieux@aclu.org; zzz.External.achaney@aclusc.org; zzz.External.aingram@naacpldf.org; zzz.External.sosaki@aclu.org; "Mathias, Andrew A."; zzz.External.Mparente@nexsenpruet.com; "Barber, Hamilton B."; "Wilkins, William W." |
| **Subject:** | Follow Up to March 14 Meet and Confer |
| **Date:** | Tuesday, March 15, 2022 10:54:45 PM |

Counsel:

Thank you for Monday's meet and confer call. This email is to memorialize our discussion. We strongly disagree with the suggestion that Plaintiffs' prior emails were inconsistent with or contrary to the substance of our discussions. Plaintiffs have and will continue to communicate with Defendants in good faith, and in as clear and accurate manner as possible. In each of our notes, we have invited Defendants to let us know if they believe that any points are incorrect. As previously, we ask that you let us know if you believe any of the points below are incorrect.

Plaintiffs' production and discovery responses

- RFPs and document productions.
    - Plaintiffs produced SC NAACP emails on March 11. Plaintiffs anticipate producing additional emails withheld from the March 11 production, but, given the need for redactions, Plaintiffs will produce those materials on a rolling basis. We expect the next production will take place on March 18.
    - Defendants have requested that SC NAACP produce documents from President Brenda Murphy's Gmail account. Plaintiffs have taken that request under advisement and will revert this week.
    - Defendants also requested that SC NAACP produce documents for other individuals who served as committee chairs or otherwise appeared on the redistricting coalition minutes. We will revert, but our understanding has been that the only individuals whose email is contained in SC NAACP's systems are Ms. Murphy and certain administrative assistants.

- Privilege log.
    - Plaintiffs have agreed to produce documents corresponding with entries 5, 6, 70-72.
    - As to the remainder of entries that Defendants challenged in their motion to compel [entries 14, 15, 35, 36, 67-69], we previously advised that Plaintiffs would be updating the privilege log to make clear that the claim is work product, not attorney-client privilege, as Mr. Scott shared with a non-adversary a paragraph of the draft complaint. We understand that notwithstanding that explanation, Defendants intend to stand by their challenge to those entries. Plaintiffs intend to address the issue in response to Defendants' motion to compel.
    - At Defendants' request, Plaintiffs are continuing to review our privilege log in full. Plaintiffs are preparing an updated privilege log that captures both the materials withheld to date, including those produced on March 11, as well as those that are noted above.

- <u>Purported privilege waiver.</u>  We understand that the parties have reached impasse.  Plaintiffs intend to address the issue in response to Defendants' motion to compel.

- <u>Interrogatories.</u>  We understand from our call that you intend to continue discussions with Chris Bryant as to Interrogatory No. 4 concerning SC NAACP members, but that you otherwise are standing down from your motion to compel as it relates to interrogatories.

- <u>RFAs.</u>  We understand that Defendants intend to clarify the RFAs that are still at issue for purposes of their motion to compel.  We would appreciate if you would provide that clarity as soon as possible and please let us know if you think it would be productive to discuss any of the RFAs.

- <u>Status Report to Court.</u>  We understand that Defendants intend to prepare and to file Thursday a status report that explains the issues that have been resolved and/or the issues that remain open with regard to the Defendants' motion to compel.  Plaintiffs request that the report be a joint submission – we were not clear if that is what you intended all along.  We ask that you provide a draft of the report tomorrow, so that Plaintiffs have time to review and propose any needed revisions to the report.  Plaintiffs plan to update the Court on issues concerning Defendants' discovery as part of the joint status report.

<u>Defendants' production and discovery responses</u>

- <u>Defendant's Document Collection</u>
    - We understand that you received consent from all but one of the Ad Hoc Redistricting Committee members to collect and produce the PST files from their legislative email accounts.  Please let us know if that outstanding committee member consented to the collection of his email.
    - We understand that you have conferred with House Defendants (and perhaps certain other custodians) concerning their personal email accounts, text messages, and instant messages.  Plaintiffs remain concerned by the lack of clarity – and absence of any written representations – as to which custodians you have conferred with regarding the existence of such communications and what representations you are making about the existence or lack of existence of such materials for each.  Absent such clarity, Plaintiffs will have no option but to seek relief from the Court.  Further, notwithstanding that House Defendants' production reflects that Defendants (and other legislators) used their personal emails in relation to redistricting, we understand your position is that collection of documents from Defendants' personal email accounts is not warranted.  We presume that the parties are at impasse on that issue and will proceed accordingly.
    - You stated during our call that you do not have possession, custody, or control of the personal emails, text messages, and instant messages of legislators who are not named in the lawsuit.
    - We understand from last two calls that your team did not collect or search the entirety of the hard drives of the House Defendants or other custodians but rather relied on a self-collection of legislative computers.  We understand that House Defendants are not

willing to conduct a further search of computers of the named defendants or other custodians.

- Search Terms
    - In prior correspondence, Plaintiffs expressed concern that the search terms used by Defendants are too narrow to capture documents responsive to Plaintiffs' requests and those the Court ordered produced. Plaintiffs suggested additional search terms to be applied to House Defendants' document collections. On our call, counsel for House Defendants stated that the search terms suggested by Plaintiffs would hit on too many documents. We requested that House Defendants confirm if that is the case by running a hit report. We understand that House Defendants are willing to run a hit report on at least some terms (but perhaps not all). We ask that House Defendants share with Plaintiffs a hit report showing the hits for all proposed additional search terms. Plaintiffs are willing to consider and/or propose revisions to the proposed terms to ensure that Defendants' review is not unduly burdensome.
    - House Defendants suggested that applying additional search terms would be duplicative. In Plaintiffs' counsel's experience, that is not the case as previously reviewed documents that hit on new terms need not be re-reviewed, provided that the initial review parameters were not unduly narrow. Further, as we understand it, House Defendants have not conducted a review of the newly collected PST files from the committee members.

- Privilege Log
    - Plaintiffs appreciate House Defendants' work in narrowing the amount of privilege claims in their amended privilege log. Nevertheless, Plaintiffs believe that the House Defendants' have failed to meet their burden in demonstrating an entitlement to the attorney-client privilege or the work product doctrine privilege for all of its purported assertions. Plaintiffs will send their challenges to House Defendants' privilege claims in separate correspondence.

- Additional Document Production
    - During our meet and confers, House Defendants committed on making additional productions of documents, including those that were taken off their previous privilege logs. During our March 14 meet and confer, House Defendants stated that it planned on producing additional documents by the end of the day on Thursday, March 17. Please let us know if that timeline does not still hold.

Please let us know if you have any questions.

Best,

_____

John Hindley
Associate

Arnold & Porter
601 Massachusetts Ave., NW

Washington | District of Columbia 20001-3743
T: +1 202.942.5796
John.Hindley@arnoldporter.com | www.arnoldporter.com