# Exhibit H

| | |
|---|---|
| **From:** | Hindley, John |
| **To:** | "Hollingsworth, Jennifer J."; Pergament, Adam; zzz.External.KDiamaduros@nexsenpruet.com |
| **Cc:** | zzz.External.MMoore@nexsenpruet.com; Leah Aden; Colarusso, Gina; zzz.External.jcusick@naacpldf.org; Freedman, John A.; zzz.External.strivedi@aclu.org; zzz.External.chris@boroughsbryant.com; zzz.External.acepedaderieux@aclu.org; zzz.External.achaney@aclusc.org; zzz.External.aingram@naacpldf.org; zzz.External.sosaki@aclu.org; Mathias, Andrew A.; zzz.External.Mparente@nexsenpruet.com; Barber, Hamilton B.; Wilkins, William W. |
| **Subject:** | RE: Meet and Confer Follow Up |
| **Date:** | Friday, March 11, 2022 9:19:57 AM |
| **Attachments:** | image001.png |

Ms. Hollingsworth:

Thank you for participating in the meet and confer on Monday. This email is to memorialize our discussion and highlight key issues from Plaintiffs' perspective. We appreciate your continued emphasis on collaboration in the discovery process. Given that you postponed our meet and confer scheduled for today, we ask that you be prepared on Monday to discuss the issues raised below, in particular those concerning the nature of Defendants' searches of electronic materials for documents the Court ordered produced in its February 10, 2022 order .

Plaintiffs' production and discovery responses

- RFPs and document productions. During our call, we provided a detailed description of Plaintiffs' process (both Mr. Scott and SC NAACP) for collecting, reviewing, and producing documents in response to Defendants' RFP. We also clarified with regard to several RFPs identified in your motion (e.g., RFP Nos. 13-21) that Plaintiffs have not and will not withhold documents from our production of electronic solely because they are responsive to those RFPs. We advised that we would amend our RFPs to reflect that. We asked Defendants to identify any remaining issues with Plaintiffs' responses or process for production, and Defendants identified none. As noted, Plaintiffs' will be producing electronic materials for SC NAACP tomorrow, and may produce additional materials in conjunction with the privilege review process.
- Privilege log. We addressed each of the specific entries identified in your Motion to Compel. With regard to entries concerning communications between Mr. Scott and Don Brashear [entries 14, 15, 35, 36, 67-69], we advised that we would be amending the log to reflect that the correspondence (draft language of the Complaint) is work product, but not subject to attorney-client privilege. With regard to the entries concerning materials from 2018, we confirmed that we would be producing documents underlying entries 5 and 70, and that we would revert on entries 6, 71, and 72. We confirm that we will produce the documents underlying entries 6, 71, and 72 as well. Apart from the entries you identified in your Motion to Compel, you asked us to review our privilege log more generally, and to consider updating the log as a whole. We took that request under advisement, and we are reviewing the log with your request in mind.
- Purported privilege waiver. With regard to the waiver argument in your motion to compel, we explained that the document cited in support of your argument does not contain any privileged material, and therefore the predicate for a waiver – disclosure of privileged information – was not present. You did not state a view to the contrary. You asked us to confirm if there was an attorney-client relationship between LDF and ACLU on the one hand, and SC NAACP, on the other, which we confirmed.

- Interrogatories to Mr. Scott.
    - With regard to Interrogatory No. 5, we explained that Defendants' Motion to Compel misread the response and that Mr. Scott had not personally engaged in any of the communications requested. You did not raise any continuing concern with the response.
    - With regard to Interrogatory No. 6, we explained that we were unable to construe the interrogatory ("Describe in detail your involvement with the identification of claims and development of allegations as set forth in your Complaint") as seeking information other than work product. You stated that whether or not Mr. Scott had any involvement in the identification of claims was not itself work product. Although the interrogatory did not ask whether Mr. Scott had involvement in the identification of claims or development of allegations in the Complaint, we took under advisement your request that we amend the response. Without waiver of any objections, Plaintiffs will provide an updated response to Interrogatory No. 6 to Mr. Scott that answers the threshold question you raised on our call.
    - With regard to Interrogatory No. 9, you stated your view that the response was not sufficient. We asked you to provide more information on what you would like to see, and you did not provide any. We asked if you would like Mr. Scott to provide a longer answer, and you stated you were unable to say. Although we lack guidance, Plaintiffs will provide an updated response to Interrogatory No. 9 as to Mr. Scott.
- Interrogatories to SC NAACP.
    - With regard to Interrogatory No. 4, we explained our view that based on Supreme Court precedent, there is no reasonable justification for the Defendants' request for member lists. You stated your disagreement. Although we disagree on what the law requires, in the spirit of cooperation, and without waiver of any objection, as part of their amended responses Plaintiffs will provide an amended response to Interrogatory No. 4 to SC NAACP that provides additional information sufficient to demonstrate SC NAACP that based on members' locations and voter registration status, SC NAACP has standing to assert claims as to each of the Challenged Districts. To be clear, SC NAACP will not provide the names or addresses of its members.
    - With regard to Interrogatory No. 5, we explained that the request was overbroad. You clarified that you do not seek information on every encounter with every SC NAACP member who resides in every Challenged District, but, rather, you seek information on the alleged harms to SC NAACP members as outlined in the Complaint. With that clarification, we took under advisement your request that Plaintiffs amend the response. We confirm that Plaintiffs will provide an amended response to Interrogatory No. 5 to SC NAACP.
    - With regard to Interrogatory No. 9, you clarified that the maps referenced in the interrogatory were the maps of Anderson in the Amended Complaint. With that information, we agreed that we would revert on providing an amended response to Interrogatory No. 9 to SC NAACP.
- RFAs. During our call, we explained that many of the RFAs call for legal conclusions and proposed that, at a minimum, we work to narrow the set of RFAs in dispute. We explained, for example, RFA No. 52 ("Admit that the federal district court in the District of South Carolina rejected racial discrimination claims asserted as to South Carolina's state legislative and

> congressional redistricting plans put in place by enactment of the legislation comprising Act No. 72 of 2011 and Act No. 75 of 2011") and RFA No. 53 ("Admit that in 2012 the federal district court in the District of South Carolina concluded, and the U.S. Supreme Court affirmed, that South Carolina's state legislative and congressional redistricting plans were constitutional") clearly seek legal conclusions, that the existence of legal decisions does not require RFAs, that Plaintiffs are not required to endorse Defendants' description of cases, and that notwithstanding any admission or denial, the Court is the arbiter of the law.  You expressed your disagreement with that view, but suggested the Parties revisit the issue at our next meet and confer.

Plaintiffs will be prepared to discuss the above issues in our meet and confer on Monday morning.

Based on the above, Plaintiffs believe the substantial majority of issues Defendants raised in their Motion to Compel do not require the Court's attention.  Nonetheless, despite your stated interest in resolving issues collaboratively and Plaintiffs' multiple requests that you withdraw the motion, Defendants have not withdrawn the motion.  As we have requested previously on multiple occasions, and out of respect of the Court's time and attention, we request that you withdraw your motion to compel.  Please advise if you will withdraw the motion.  If Defendants are unwilling to withdraw the motion, Plaintiffs will file an opposition no later than 24 hours after the 10-day abeyance period identified in the parties' joint status report.

\*\*\*

Defendants' production and discovery responses

During our call, with regards to what process counsel for House Defendants went through to collect responsive documents, you said that you will be providing a narrative describing that process.

Plaintiffs continue to have concerns that Defendants' collection of materials from custodians' work email accounts, and the limited materials collected from hard drives is not sufficient to comply with the Court's order, in particular given the dearth of documents in Defendants' productions reflecting communications among relevant parties concerning the House maps.

- For each custodian, we expect House Defendants' counsel to collect materials from <u>all</u> relevant email accounts, devices, and other electronic sources, not merely official work emails.  To the extent any of those do not contain relevant materials, we expect House Defendants to certify as much on a custodian-by-custodian basis.
- You noted on our call you did not do a forensic collection of materials from any custodian's hard drive, but, rather, that any materials produced from a hard drive were self-collected by the relevant custodians.  Plaintiffs view is that a reasonable search in accordance with the Court's order requires that counsel ensure a comprehensive collection of materials, rather than relying on the individual Defendants and other custodians to pick materials to provide.

We asked that you confirm if House Defendants will designate as custodians for document production each member of the Ad Hoc Committee, not only the named Defendants.  Please advise on Monday if you will agree to produce documents for all members of the Ad Hoc Committee.

You shared with us the search terms that were applied to your document collection. That list is below. Please let us know if there is anything inaccurate below.

- "ad hoc committee"
- "Black Voting age population"
- "majority minority"
- preclear*
- "voting rights act"
- "bvap"
- "census" /3 map*
- collapse
- combine
- crack!
- deviation
- district!
- gerrymander!
- map /3 room
- pack!
- population
- reapportion!
- redistrict!

Based on our review, Plaintiffs believe the search terms used by Defendants is too narrow to capture documents responsive to Plaintiffs' requests and those the Court ordered produced. Plaintiffs request that Defendants apply the additional terms below:

- compact!
- "communit! of color"
- "communit! of interest"
- COI
- split!
- "racially polarized vot!"
- RPV
- "bloc voting"
- "racial bloc voting"
- Criteria
- "House criteria"
- "Black voters"
- Orangeburg
- Richland
- Sumter
- Anderson
- Chester
- Dillon
- Horry
- Florence

    Williamsburg
- NAACP
- LWV
- LWVSC
- ACLU
- LDF
- "young democrats of south Carolina"
- YDSC
- "York County Democratic Party"
- "Michael Roberts"
- "republican national committee"
- RNC
- "Republican State Leadership Committee"
- RSLC
- "National Republican Redistricting Trust"
- NRRT
- Govan
- Johnson
- Cobb-Hunter
- Brawley
- "Jermaine Johnson"

Please let us know if you have any questions.

Best,

---

**From:** Hollingsworth, Jennifer J. <JHollingsworth@nexsenpruet.com>
**Sent:** Thursday, March 10, 2022 9:36 AM
**To:** Pergament, Adam <Adam.Pergament@arnoldporter.com>; zzz.External.KDiamaduros@nexsenpruet.com <KDiamaduros@nexsenpruet.com>; Hindley, John <John.Hindley@arnoldporter.com>
**Cc:** zzz.External.MMoore@nexsenpruet.com <MMoore@nexsenpruet.com>; Leah Aden <laden@naacpldf.org>; Colarusso, Gina <Gina.Colarusso@arnoldporter.com>; zzz.External.jcusick@naacpldf.org <jcusick@naacpldf.org>; Freedman, John A. <John.Freedman@arnoldporter.com>; zzz.External.strivedi@aclu.org <strivedi@aclu.org>; zzz.External.chris@boroughsbryant.com <chris@boroughsbryant.com>; zzz.External.acepedaderieux@aclu.org <acepedaderieux@aclu.org>; zzz.External.achaney@aclusc.org <achaney@aclusc.org>; zzz.External.aingram@naacpldf.org <aingram@naacpldf.org>; zzz.External.sosaki@aclu.org <sosaki@aclu.org>; Mathias, Andrew A. <AMathias@nexsenpruet.com>; zzz.External.Mparente@nexsenpruet.com <Mparente@nexsenpruet.com>; Barber, Hamilton B. <HBarber@nexsenpruet.com>; Wilkins, William W. <BWilkins@nexsenpruet.com>
**Subject:** RE: Meet and Confer Follow Up [IWOV-NPCOL1.FID2240915]

<span style="border:1px solid red">External E-mail</span>

Good morning,

We are scheduled to have a follow up discussion on discovery matters later this morning at 11:00am, but it may be a better use of our time and allow for a more productive dialogue to move the call to tomorrow afternoon or Monday morning. I have not seen Plaintiffs' production of additional emails or updated privilege log that Mr. Pergament mentioned during last Monday's call and we would like to have an opportunity to review those materials before we talk again. We are also working on our updated privilege log and still expect to have that circulated tomorrow as previously discussed.

I propose tomorrow at 2pm or Monday at 10am as alternative times to consider convening the call. I think Monday morning makes the most sense to allow for productions to occur, but welcome your thoughts.

Thank you,
Jennifer


**Jennifer J. Hollingsworth**
Member
Nexsen Pruet, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
T: (803) 540-2112, F: (803) 727-1446
JHollingsworth@nexsenpruet.com

*www.nexsenpruet.com*

NEXSEN PRUET

---

**From:** Pergament, Adam <Adam.Pergament@arnoldporter.com>
**Sent:** Monday, March 7, 2022 4:13 PM
**To:** Diamaduros, Konstantine P <KDiamaduros@nexsenpruet.com>; Hindley, John <John.Hindley@arnoldporter.com>; Hollingsworth, Jennifer J. <JHollingsworth@nexsenpruet.com>
**Cc:** Moore, Mark C. <MMoore@nexsenpruet.com>; Leah Aden <laden@naacpldf.org>; Colarusso, Gina <Gina.Colarusso@arnoldporter.com>; jcusick@naacpldf.org; Freedman, John A. <John.Freedman@arnoldporter.com>; strivedi@aclu.org; chris@boroughsbryant.com; acepedaderieux@aclu.org; achaney@aclusc.org; Antonio Ingram <aingram@naacpldf.org>; sosaki@aclu.org; Mathias, Andrew A. <AMathias@nexsenpruet.com>; Parente, Michael A. <MParente@nexsenpruet.com>; Barber, Hamilton B. <HBarber@nexsenpruet.com>; Wilkins, William W. <BWilkins@nexsenpruet.com>
**Subject:** RE: Meet and Confer Follow Up [IWOV-NPCOL1.FID2240915]

{EXTERNAL EMAIL}

Good afternoon all,

We appreciate House Defendants' offer last week to prepare a draft of the status report due to the court today, but we still have not seen a draft. We understood that one would be circulated "promptly" after our 11am call finished – can you please advise on status? Thank you.

---

**From:** Diamaduros, Konstantine P <KDiamaduros@nexsenpruet.com>
**Sent:** Monday, March 7, 2022 8:01 AM
**To:** Hindley, John <John.Hindley@arnoldporter.com>; Hollingsworth, Jennifer J. <JHollingsworth@nexsenpruet.com>
**Cc:** zzz.External.MMoore@nexsenpruet.com <MMoore@nexsenpruet.com>; Leah Aden <laden@naacpldf.org>; Colarusso, Gina <Gina.Colarusso@arnoldporter.com>; Pergament, Adam <Adam.Pergament@arnoldporter.com>; zzz.External.jcusick@naacpldf.org <jcusick@naacpldf.org>; Freedman, John A. <John.Freedman@arnoldporter.com>; zzz.External.strivedi@aclu.org <strivedi@aclu.org>; zzz.External.chris@boroughsbryant.com <chris@boroughsbryant.com>; zzz.External.acepedaderieux@aclu.org <acepedaderieux@aclu.org>; zzz.External.achaney@aclusc.org <achaney@aclusc.org>; Antonio Ingram <aingram@naacpldf.org>; zzz.External.sosaki@aclu.org <sosaki@aclu.org>; Mathias, Andrew A. <AMathias@nexsenpruet.com>; zzz.External.Mparente@nexsenpruet.com <Mparente@nexsenpruet.com>; Barber, Hamilton B. <HBarber@nexsenpruet.com>; Wilkins, William W. <BWilkins@nexsenpruet.com>
**Subject:** RE: Meet and Confer Follow Up [IWOV-NPCOL1.FID2240915]

<span style="border:1px solid red">External E-mail</span>

John:

We are in receipt of your Saturday evening email and, while you have not correctly characterized our positions in certain respects, we look forward to discussing and, if necessary, clarifying those positions with your team during our meet and confer later today. Most of the issues that you raise were first raised by Plaintiffs during the call we initiated on Friday, March 4—while our concerns about the deficiencies in Plaintiffs' responses have been known to your team for weeks. We feel compelled to note that at this stage, we have produced 102,025 pages of discovery to Plaintiffs, while Plaintiffs have only produced 1,170 pages to us (516 by SC NAACP and 654 by Plaintiff Scott). In addition, Plaintiffs have produced copies/duplicates of multiple documents in their productions, so the actual page count for "de-duped" pages of documents produced by Plaintiffs is lower than 1,170.

Accordingly, during today's meet and confer call, we first intend to discuss the deficiencies within Plaintiffs' discovery responses as detailed in prior correspondence and then again in the motion to compel we filed weeks ago—and we expect Plaintiffs to be prepared to discuss each of the issues we raised in that motion. We also expect Plaintiffs to be prepared to address in detail their document collection efforts. To the extent Plaintiffs believe the House is required to search for and produce

documents in locations other than those we have already identified, please be prepared to provide specifics with respect to what Plaintiffs are seeking, as well as authority in support of Plaintiffs' positions so that we may appropriately consider those positions.

In addition, since I do not believe you (and possibly others on your team) were present during the February 15, 2022 status conference with the Court, we note that Judge Gergel indicated during the conference that the Court expects the parties to work cooperatively to resolve as many discovery issues as possible before filing motions or otherwise bringing discovery-related issues to the Court's attention. We intend to follow the Court's suggestion and assume Plaintiffs are committed to doing so as well. We look forward to discussing many (if not most of) the outstanding issues during today's call in the hopes of narrowing the issues that ultimately must be resolved by the Court. It is certainly possible that both parties may agree to make other productions as we attempt to work through our issues in good faith.

Best,


**Konstantine P Diamaduros**
Associate
Nexsen Pruet, LLC
104 South Main Street, Suite 900
Greenville, SC 29601
Post Office Box 10648 (29603)
T: 864.282.1173, F: 864.282.1177
KDiamaduros@nexsenpruet.com

*www.nexsenpruet.com*

NEXSEN | PRUET

---

**From:** Hindley, John <John.Hindley@arnoldporter.com>
**Sent:** Saturday, March 5, 2022 11:12 PM
**To:** Hollingsworth, Jennifer J. <JHollingsworth@nexsenpruet.com>
**Cc:** Moore, Mark C. <MMoore@nexsenpruet.com>; Leah Aden <laden@naacpldf.org>; Colarusso, Gina <Gina.Colarusso@arnoldporter.com>; Pergament, Adam <Adam.Pergament@arnoldporter.com>; jcusick@naacpldf.org; Freedman, John A. <John.Freedman@arnoldporter.com>; strivedi@aclu.org; chris@boroughsbryant.com; acepedaderieux@aclu.org; achaney@aclusc.org; Antonio Ingram <aingram@naacpldf.org>; sosaki@aclu.org; Mathias, Andrew A. <AMathias@nexsenpruet.com>; Diamaduros, Konstantine P <KDiamaduros@nexsenpruet.com>; Parente, Michael A. <MParente@nexsenpruet.com>; Barber, Hamilton B. <HBarber@nexsenpruet.com>; Wilkins, William W. <BWilkins@nexsenpruet.com>
**Subject:** Meet and Confer Follow Up


{EXTERNAL EMAIL}


Dear Ms. Hollingsworth:

Thank you for discussing with us the status of House Defendants' document collection and production efforts. This email summarizes the issues discussed with regard to House Defendants' document collection and production. If you believe that any of the points below are incorrect, please let us know immediately. Thank you.

- House Defendants stated that they do not plan on making additional document productions but that there may be further productions when House Defendants review and supplement their privilege logs.
- Identification of certain documents relating to paragraphs 4 and 7 on page three of Ms. Hollingsworth's February 4, 2022 letter. House Defendants stated that they would provide Bates numbers to assist Plaintiffs in identifying these documents. <u>Please provide those.</u>
- House Defendants' search terms. House Defendants stated that they will share with Plaintiffs at the March 7 meeting the search terms that were applied to House Defendants' custodian files. <u>We look forward to seeing those search terms – for sake of efficiency it would be helpful to see the search terms in advance of our meeting on Monday.</u>
- House Defendant's custodial productions for Patrick Dennis, Emma Dean, Thomas Hauger, Jason Elliott, Jimmy Hinson, Jay Jordan, Jay Lucas, Chris Murphy, and Weston Newton.
  - House Defendants stated that they searched these custodians' work email accounts but not their work computers. <u>Plaintiffs request that House Defendants search those custodians' work computers (and any other work-issued device or account) for responsive materials or explain why their work computers (or other work-issued devices or accounts) do not contain responsive materials. If House Defendants do not agree to do so, please let us know right away.</u>
  - House Defendants stated that they did not search these custodians personal email accounts, their personal devices, texts, instant messages, other messaging services (like WhatsApp). Plaintiffs' position is that if any of the above custodians have used any of those accounts/devices/means of communication to conduct work or communicate in relation to any work, House Defendants must collect the relevant accounts/devices/means of communication, and search and produce responsive, non-privileged materials that they locate. <u>If House Defendants disagree, please let us know right away.</u>
- Date parameters applied to House Defendants' document collection. House Defendants stated that they collected documents back to January 2021 and through the adoption of H. 4993, but that they will confirm the accurate date range at the March 7 meeting. <u>We look forward to your response on March 7.</u>
- Communications to and from attorneys at Nexsen Pruet. Counsel for House Defendants stated that they reviewed Nexsen Pruet databases for responsive documents. Counsel also stated that they have conducted a review to ensure that responsive communications are either produced or included in a privilege log.
- House Defendants' third-party communications. Counsel for House Defendants stated that they do not believe any consultants were retained by the House Defendants. To be clear, Plaintiffs seek communications with third parties and organizations regardless of whether they were retained as consultants. Plaintiffs asked about any third-party communications with organizations such as the Republican State Leadership Conference, the National

Republican Redistricting Trust, and the Republican National Committee.
- House Defendants' Attorney Client Privilege and Attorney Work Product Doctrine Claims. House Defendants are reviewing the documents and communications withheld on the basis of attorney-client privilege and the attorney work product doctrine and will provide an additional privilege log by the end of next week (Friday, March 11, 2022).  Counsel for House Defendants stated that they will likely produce additional communications and documents after their review.
- Constituent emails. Counsel for House Defendants stated that they produced all constituent emails sent to the House Defendants regarding redistricting and further stated that it has not and will not produce such constituent emails for each member of the House.  <u>Please confirm whether House Defendants will produce constituent emails or other written communications sent directly to the House Defendants, the members of the Ad Hoc Redistricting Committee, and any staffers that were involved in redistricting (as opposed to those sent to the broader distlist for SC Redistricting).  If House Defendants believe that they have already produced such communications, please confirm.</u>

Best,

_____

John Hindley

Associate

Arnold & Porter

601 Massachusetts Ave., NW

Washington | District of Columbia 20001-3743

T: +1 202.942.5796

John.Hindley@arnoldporter.com | www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

*** FIRM CONFIDENTIAL COMMUNICATION *** This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. If you reply to this message, Nexsen Pruet, LLC may collect personal information including your name, business name and other contact details, and IP address. If you have any questions, please contact Privacy@nexsenpruet.com.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com