# Exhibit I

South Carolina State Conference of the NAACP, et al. v. McMaster, et al.
Case No. 3:21-cv-03302-JMC-TJH-RMG
Amended Privilege Log of House Defendants

| Line Number | Control Number | Privilege Type | Date | Email From | Email To | Email CC | Title | Privilege Description | Privilege Challenged Basis |
|---|---|---|---|---|---|---|---|---|---|
| 1 | REL00004081 | Work Product | 11/5/2021 | | | | Map Room Schedule 2021.xlsx | Confidential spreadsheet created and maintained by legal counsel containing attorney thoughts and impressions of redistricting process. | This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. *Bethune-Hill v. Va State Bd. of Election*, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting *Hickman v. Taylor*, 329 U,S, 508-10 (1947)); *see* Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are *prepared in anticipation of litigation or for trial* by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.* (internal edits omitted) (quoting *Baldus v. Brennan*, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. *Nat't Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perry*, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 2 | REL00011529 | Attorney-Client Communication | 11/10/2021 | Joseph S. "Joe" Daning | Emma Dean | Joseph S. "Joe" Daning | Amendment for House Dist. 92 | Confidential request from legislator to staff counsel for legal assistance with drafting amendment to legislation. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346 (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, Hosue Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). |
| 3 | REL00011642 | Attorney-Client Communication; Work Product | 11/9/2021 | Emma Dean | Neal Collins | | FW: PRIVILEGED & CONFIDENTIAL - Talking Points and Primer | Confidential email from attorney to client conveying legal advice and supporting documentation regarding public hearings. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346 (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, Hosue Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). The latter would not be protected by the attorney client privilege. *Id.* This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. Bethune-Hill v. Va State Bd. of Election, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting Hickman v. Taylor, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." Id. (internal edits omitted) (quoting Baldus v. Brennan, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. Nat't Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." Perez v. Perry, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 4 | REL00011642.0001 | Attorney-Client Communication; Work Product | 11/9/2021 | | | | 11.9.2021 Meeting Talking Points.pdf | Attorney's confidential work product containing mental impressions, opinions, and legal advice regarding public hearings. | Same |
| 5 | REL00011642.0002 | Attorney-Client Communication; Work Product | 11/9/2021 | | | | 11.9.2021 Law Primer.pdf | Attorney's confidential legal research on redistricting law and attorney mental impressions on the same to client in preparation of public hearing. | Same |

**South Carolina State Conference of the NAACP, et al. v. McMaster, et al.**
**Case No. 3:21-cv-03302-JMC-TJH-RMG**
**Amended Privilege Log of House Defendants**

| Line Number | Control Number | Privilege Type | Date | Email From | Email To | Email CC | Title | Privilege Description | Privilege Challenged Basis |
|---|---|---|---|---|---|---|---|---|---|
| 6 | REL00011643 | Attorney-Client Communication; Work Product | 11/9/2021 | Emma Dean | Jason Elliot | | FW: PRIVILEGED & CONFIDENTIAL - Talking Points and Primer | Confidential email from attorney to client conveying legal advice and supporting documentation regarding public hearings. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346 (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). The latter would not be protected by the attorney client privilege. *Id.* This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. *Bethune-Hill v. Va State Bd. of Election*, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting *Hickman v. Taylor*, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." Id. (internal edits omitted) (quoting Baldus v. Brennan, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. Nat'l Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." Perez v. Perry, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 7 | REL00011643.0001 | Attorney-Client Communication; Work Product | 11/9/2021 | | | | 11.9.2021 Meeting Talking Points.pdf | Attorney's confidential work product containing mental impressions, opinions, and legal advice regarding public hearings. | Same |
| 8 | REL00011643.0002 | Attorney-Client Communication; Work Product | 11/9/2021 | | | | 11.9.2021 Law Primer.pdf | Attorney's confidential legal research on redistricting law and attorney mental impressions on the same to client in preparation of public hearing. | Same |
| 9 | REL00011644 | Attorney-Client Communication; Work Product | 11/9/2021 | Emma Dean | Weston Newton | | FW: PRIVILEGED & CONFIDENTIAL - Talking Points and Primer | Confidential email from attorney to client conveying legal advice and supporting documentation regarding public hearings. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346 (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, Hosue Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). The latter would not be protected by the attorney client privilege. *Id.* This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. *Bethune-Hill v. Va State Bd. of Election*, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting *Hickman v. Taylor*, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." Id. (internal edits omitted) (quoting Baldus v. Brennan, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. Nat'l Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." Perez v. Perry, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 10 | REL00011644.0001 | Attorney-Client Communication; Work Product | 11/9/2021 | | | | 11.9.2021 Meeting Talking Points.pdf | Attorney's confidential work product containing mental impressions, opinions, and legal advice regarding public hearings. | Same |
| 11 | REL00011644.0002 | Attorney-Client Communication; Work Product | 11/9/2021 | | | | 11.9.2021 Law Primer.pdf | Attorney's confidential legal research on redistricting law and attorney mental impressions on the same to client in preparation of public hearing. | Same |
| 12 | REL00011645 | Work Product | 11/10/2021 | Emma Dean | Jason Elliot | | FW: Privileged and Confidential - Public Submissions | Confidential email from attorney to client conveying legal advice and supporting documentation regarding public map submissions and public hearings. | This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. *Bethune-Hill v. Va State Bd. of Election*, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting *Hickman v. Taylor*, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are *prepared in anticipation of litigation or for trial* by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.* (internal edits omitted) (quoting *Baldus v. Brennan*, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. *Nat'l Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perry*, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 13 | REL00011645.0001 | Work Product | 11/10/2021 | | | | LOWV Map.PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 14 | REL00011645.0002 | Work Product | 11/10/2021 | | | | Michael Roberts Map.PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 15 | REL00011645.0003 | Work Product | 11/10/2021 | | | | NAACP Map.PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |

**South Carolina State Conference of the NAACP, et al. v. McMaster, et al.**
**Case No. 3:21-cv-03302-JMC-TJH-RMG**
**Amended Privilege Log of House Defendants**

| Line Number | Control Number | Privilege Type | Date | Email From | Email To | Email CC | Title | Privilege Description | Privilege Challenged Basis |
|---|---|---|---|---|---|---|---|---|---|
| 16 | REL00011645.0004 | Work Product | 11/10/2021 | | | | Erica Sampson Map (HD-4).PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 17 | REL00011645.0005 | Work Product | 11/10/2021 | | | | Jeni Atchley (HD-5).PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 18 | REL00011645.0006 | Work Product | 11/10/2021 | | | | John Kraljevich (HD-6).PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 19 | REL00011645.0007 | Work Product | 11/10/2021 | | | | Kevin Eckert Map (HD-7).PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 20 | REL00011645.0008 | Work Product | 11/10/2021 | | | | Statistical Comparison.pdf | Confidential document created in anticipation of litigation by attorney summarizing public submissions with attorney mental impressions and opinions. | Same |
| 21 | REL00011646 | Work Product | 11/10/2021 | Emma Dean | Neal Collins | | FW: Privileged and Confidential - Public Submissions | Confidential email from attorney to client conveying legal advice and supporting documentation regarding public map submissions and public hearings. | Same |
| 22 | REL00011646.0001 | Work Product | 11/10/2021 | | | | LOWV Map.PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 23 | REL00011646.0002 | Work Product | 11/10/2021 | | | | Michael Roberts Map.PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 24 | REL00011646.0003 | Work Product | 11/10/2021 | | | | NAACP Map.PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 25 | REL00011646.0004 | Work Product | 11/10/2021 | | | | Erica Sampson Map (HD-4).PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 26 | REL00011646.0005 | Work Product | 11/10/2021 | | | | Jeni Atchley (HD-5).PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 27 | REL00011646.0006 | Work Product | 11/10/2021 | | | | John Kraljevich (HD-6).PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 28 | REL00011646.0007 | Work Product | 11/10/2021 | | | | Kevin Eckert Map (HD-7).PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 29 | REL00011646.0008 | Work Product | 11/10/2021 | | | | Statistical Comparison.pdf | Confidential document created in anticipation of litigation by attorney summarizing public submissions with attorney mental impressions and opinions. | Same |
| 30 | REL00011647 | Work Product | 11/10/2021 | Emma Dean | Weston Newton | | Privileged and Confidential - Public Submissions | Confidential email from attorney to client conveying legal advice and supporting documentation regarding public map submissions and public hearings. | Same |
| 31 | REL00011647.0001 | Work Product | 11/10/2021 | | | | Statistical Comparison.pdf | Confidential document created in anticipation of litigation by attorney summarizing public submissions with attorney mental impressions and opinions. | Same |
| 32 | REL00011647.0002 | Work Product | 11/10/2021 | | | | Michael Roberts Map.PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 33 | REL00011647.0003 | Work Product | 11/10/2021 | | | | NAACP Map.PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 34 | REL00011647.0004 | Work Product | 11/10/2021 | | | | Erica Sampson Map (HD-4).PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 35 | REL00011647.0005 | Work Product | 11/10/2021 | | | | Jeni Atchley (HD-5).PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 36 | REL00011647.0006 | Work Product | 11/10/2021 | | | | John Kraljevich (HD-6).PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 37 | REL00011647.0007 | Work Product | 11/10/2021 | | | | Kevin Eckert Map (HD-7).PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 38 | REL00011647.0008 | Work Product | 11/10/2021 | | | | LOWV Map.PNG | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 39 | REL00011661 | Attorney-Client Communication | 9/3/2021 | Emma Dean | Chris Murphy | | Attorney Communication Privileged | Confidential communication from attorney to client with draft work product response to public letter for client's review. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill* , 114 F. Supp. 3d at 346 (quoting *United States v. Jones* , 696 F.2d 1069, 1072 (4th Cir. 1982)).  House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator.  Further, Hosue Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice.  *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.* , 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017).  The latter would not be protected by the attorney client privilege.  *Id.* |

South Carolina State Conference of the NAACP, et al. v. McMaster, et al.
Case No. 3:21-cv-03302-JMC-TJH-RMG
Amended Privilege Log of House Defendants

| Line Number | Control Number | Privilege Type | Date | Email From | Email To | Email CC | Title | Privilege Description | Privilege Challenged Basis |
|---|---|---|---|---|---|---|---|---|---|
| 40 | REL00011661.0003 | Work Product | 9/3/2021 | | | | Draft Letter from Ch. Murphy 9.3.21.docx | Attachment to attorney communication to client with draft work product response to public letter for client's review. | This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. *Bethune-Hill v. Va State Bd. of Election*, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting *Hickman v. Taylor*, 329 U,S, 508-10 (1947)); *see* Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are *prepared in anticipation of litigation or for trial* by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.* (internal edits omitted) (quoting *Baldus v. Brennan*, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. *Nat'l Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perry*, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 41 | REL00011667 | Attorney-Client Communication | 9/27/2021 | Emma Dean | Jay Jordan | | Sept 28 contact talking points | Confidential communication between attorney and client providing legal advice for public meeting. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346 (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, Hosue Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). |
| 42 | REL00011667.0001 | Attorney-Client Communication; Work Product | 9/27/2021 | | | | Sept 28 contact talking points.docx | Attachment from attorney with document providing attorney mental impressions/opinions and legal advice for public meeting. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346 (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). Hosue Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. Bethune-Hill v. Va State Bd. of Election, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting Hickman v. Taylor, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." Id. (internal edits omitted) (quoting Baldus v. Brennan, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. Nat'l Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." Perez v. Perry, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 43 | REL00011670 | Attorney-Client Communication | 10/8/2021 | Emma Dean | Chris Murphy | | Atty client communication | Confidential communication from attorney to client with draft work product response to public letter for review. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346 (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, Hosue Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). |
| 44 | REL00011670.0001 | Attorney-Client Communication | 10/8/2021 | | | | Proposed Response to September Letter.DOCX | Attachment to attorney communication to client with draft work product for client's review. | Same |

4

**South Carolina State Conference of the NAACP, et al. v. McMaster, et al.**
**Case No. 3:21-cv-03302-JMC-TJH-RMG**
**Amended Privilege Log of House Defendants**

| Line Number | Control Number | Privilege Type | Date | Email From | Email To | Email CC | Title | Privilege Description | Privilege Challenged Basis |
|---|---|---|---|---|---|---|---|---|---|
| 45 | REL00019575 | Work Product | 12/1/2021 | Emma Dean | Ashley Harwell-Beach | | Amendment | Confidential communication between staff counsel regarding legislative drafting of amendments. | This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. *Bethune-Hill v. Va State Bd. of Election*, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting *Hickman v. Taylor*, 329 U,S, 508-10 (1947)); *see* Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product protection is a qualified privilege for "documents and tangible things that are *prepared in anticipation of litigation or for trial* by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.* (internal edits omitted) (quoting *Baldus v. Brennan*, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. *Nat'l Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perry*, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 46 | REL00019575.0001 | Attorney-Client Communication; Work Product | 12/1/2021 | | | | 12.1 Draft Language.docx | Attachment to communication between staff counsel with draft amendment language. | Same |
| 47 | REL00019618 | Work Product | 12/8/2021 | Emma Dean | Ashley Harwell-Beach | | Compare Result 5 | Confidential communication between staff counsel regarding legislative drafting and change in versions of legislation. | This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. *Bethune-Hill v. Va State Bd. of Election*, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting *Hickman v. Taylor*, 329 U,S, 508-10 (1947)); *see* Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product protection is a qualified privilege for "documents and tangible things that are *prepared in anticipation of litigation or for trial* by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.* (internal edits omitted) (quoting *Baldus v. Brennan*, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. *Nat'l Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perry*, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 48 | REL00019618.0001 | Work Product | 12/8/2021 | | | | Compare Result 5.docx | Attachment to communication between staff counsel regarding legislative drafting showing changes in legislation language. | Same |
| 49 | REL00019630 | Work Product | 12/8/2021 | Emma Dean | Ashley Harwell-Beach | | Re: Redistricting Act | Confidential communication between staff counsel regarding legislative drafting. | Same |
| 50 | REL00019630.0001 | Work Product | 12/8/2021 | | | | 4493AHB21.pdf | Attachment to communication between staff counsel regarding legislative | Same |
| 51 | REL00019984 | Attorney-Client Communication | 11/11/2021 | Jason Elliott | Emma Dean | | District 31 | Confidential communication from legislator to staff counsel requesting legal advice and attorney opinion for redistricting efforts related to District 31. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346 (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, Hosue Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). The latter would not be protected by the attorney client privilege. *Id.* |
| 52 | REL00020087 | Attorney-Client Communication | 11/15/2021 | Beth Bernstein | Emma Dean; Patricia Henegan; Justin Bamberg; Wallace Jordan; Weston Newton | Jimmy Hinson; Roland Franklin; Linda Anderson; Neal Collins; Jason Elliot | Redistricting | Confidential communication from legislator to staff counsel requesting answers to legal questions related to redistricting. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346 (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, Hosue Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). The latter would not be protected by the attorney client privilege. *Id.* |

South Carolina State Conference of the NAACP, et al. v. McMaster, et al.
Case No. 3:21-cv-03302-JMC-TJH-RMG
Amended Privilege Log of House Defendants

| Line Number | Control Number | Privilege Type | Date | Email From | Email To | Email CC | Title | Privilege Description | Privilege Challenged Basis |
|---|---|---|---|---|---|---|---|---|---|
| 53 | REL00020355 | Attorney-Client Communication | 9/24/2021 | Chris Murphy | Emma Dean | | Re: Updated draft | Confidential communication from client to attorney regarding changes to draft document related to map room procedures. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." Bethune-Hill, 114 F. Supp. 3d at 346 (quoting United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, Hosue Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. Citizens Union of City of N.Y. v.Att'y Gen. of N.Y., 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). |
| 54 | REL00020441 | Work Product | 10/1/2021 | copier@scstatehouse.gov | Emma Dean | | Scanned image from MX-6070N | Scan transmission for staff counsel file. | This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. Bethune-Hill v. Va State Bd. of Election, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting Hickman v. Taylor, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." Id. (internal edits omitted) (quoting Baldus v. Brennan, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. Nat't Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." Perez v. Perry, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). In addition, House Defendants have the burden of demonstrating that the work product prvilege applies. Bethune-Hill, 114 F. Supp. 3d at 347. There is insufficient information to support a attorney work product privilege claim. |
| 55 | REL00020441.0001 | Work Product | 10/1/2021 | | | | BL302Copier_20211001_143826.pdf | Scan for staff counsel file (scan of Row 1 on this Log). | This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. Bethune-Hill v. Va State Bd. of Election, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting Hickman v. Taylor, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." Id. (internal edits omitted) (quoting Baldus v. Brennan, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. Nat't Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." Perez v. Perry, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 56 | REL00020453 | Work Product | 10/1/2021 | copier@scstatehouse.gov | Emma Dean | | Scanned image from MX-6070N | Scan transmission for staff counsel file. | This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. Bethune-Hill v. Va State Bd. of Election, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting Hickman v. Taylor, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." Id. (internal edits omitted) (quoting Baldus v. Brennan, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. Nat't Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." Perez v. Perry, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). In addition, House Defendants have the burden of demonstrating that the work product prvilege applies. Bethune-Hill, 114 F. Supp. 3d at 347. There is insufficient information to support a attorney work product privilege claim. |
| 57 | REL00020453.0001 | Work Product | 10/1/2021 | | | | BL302Copier_20211001_162239.pdf | Scan for staff counsel file (scan of Row 1 on this Log). | This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. Bethune-Hill v. Va State Bd. of Election, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting Hickman v. Taylor, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." Id. (internal edits omitted) (quoting Baldus v. Brennan, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. Nat't Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." Perez v. Perry, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 58 | REL00020716 | Attorney-Client Communication | 11/18/2021 | Elizabeth Taylor | Vic Dabney | Emma Dean; Jimmy Hinson | RE: Amendment to the Redistricting Plan. | Confidential communication from legislator to legislative council with questions regarding draft map and legislative process with response from legislative council to staff attorneys. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." Bethune-Hill, 114 F. Supp. 3d at 346 (quoting United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, Hosue Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. Citizens Union of City of N.Y. v.Att'y Gen. of N.Y., 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). |
| 59 | REL00020759 | Attorney-Client Communication | 11/29/2021 | Mark Smith | Emma Dean | Patrick Dennis | Re: Letter from Chairman Murphy | Confidential communication from legislator to staff counsel with questions regarding draft map and legislative process. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." Bethune-Hill, 114 F. Supp. 3d at 346 (quoting United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, Hosue Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. Citizens Union of City of N.Y. v.Att'y Gen. of N.Y., 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). |

South Carolina State Conference of the NAACP, et al. v. McMaster, et al.
Case No. 3:21-cv-03302-JMC-TJH-RMG
Amended Privilege Log of House Defendants

| Line Number | Control Number | Privilege Type | Date | Email From | Email To | Email CC | Title | Privilege Description | Privilege Challenged Basis |
|---|---|---|---|---|---|---|---|---|---|
| 60 | REL00020769 | Work Product | 11/29/2021 | Thomas Hauger | Ashley Harwell-Beach | Emma Dean | RE: Redistricting Jefferson Amendment | Confidential communication from legislative staff to staff counsel with questions regarding draft map and legislative process. | This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. *Bethune-Hill v. Va State Bd. of Election*, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting *Hickman v. Taylor*, 329 U,S, 508-10 (1947)); *see* Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are *prepared in anticipation of litigation or for trial* by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.* (internal edits omitted) (quoting *Baldus v. Brennan*, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. *Nat't Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perry*, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 61 | REL00020770 | Work Product | 11/29/2021 | Ashley Harwell-Beach | Thomas Hauger | Emma Dean | RE: Redistricting Jefferson Amendment | Confidential communication from staff counsel to legislative staff regarding draft map and legislative process. | Same |
| 62 | REL00020775 | Work Product | 11/30/2021 | Ashley Harwell-Beach | Thomas Hauger; Bonnie Huth | Emma Dean | RE: Floor Amendments | Confidential communication from staff counsel to legislative staff regarding draft map and legislative process. | Same |
| 63 | REL00020779 | Work Product | 11/30/2021 | Ashley Harwell-Beach | Thomas Hauger; Bonnie Huth | Emma Dean | RE: Floor Amendments | Confidential communication from staff counsel to legislative staff regarding draft map and legislative process. | Same |
| 64 | REL00020802 | Work Product | 11/30/2021 | Thomas Hauger | Ashley Harwell-Beach; Bonnie Huth | Emma Dean | RE: Floor Amendments | Confidential communication from legislative staff to staff counsel with questions regarding draft map and legislative process. | Same |
| 65 | REL00020808 | Work Product | 12/3/2021 | Paula Benson | Patrick Dennis; Emma Dean; Andy Fiffick | | Language for Redistricting | Confidential communication between staff attorneys for House and Senate regarding legislative language. | Same |
| 66 | REL00020808.0001 | Work Product | 12/3/2021 | | | | Language to Consider for SECTION 1 and for Litigation.docx | Confidential draft language shared with staff attorneys for House for review and comment. | Same |
| 67 | REL00020814 | Work Product | 12/5/2021 | Thomas Hauger | Ashley Harwell-Beach; Patrick Dennis; Emma Dean | | RE: Update to Murphy Amendment | Confidential communication from legislative staff to staff counsel with update on amendment. | Same |
| 68 | REL00020815 | Work Product | 12/5/2021 | Ashley Harwell-Beach | Thomas Hauger; Patrick Dennis; Emma Dean | | RE: Update to Murphy Amendment | Confidential communication from staff counsel to legislative staff responding to update about amendment. | Same |
| 69 | REL00020817 | Work Product | 12/6/2021 | Thomas Hauger | Ashley Harwell-Beach; Patrick Dennis; Emma Dean | | RE: Update to Murphy Amendment | Confidential communication from legislative staff to staff counsel with update on amendment. | Same |
| 70 | REL00020824 | Attorney-Client Communication | 12/6/2021 | Ashley Harwell-Beach | Thomas Hauger; Patrick Dennis; Emma Dean | | RE: Update to Murphy Amendment | Confidential communication from staff counsel to legislative staff responding to update about amendment. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346 (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, Hosue Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). The latter would not be protected by the attorney client privilege. *Id.* |
| 71 | REL00020927 | Work Product | 11/8/2021 | Ashley Harwell-Beach | Emma Dean | | Redistricting | Communication between staff counsel regarding internal process planning. | This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. *Bethune-Hill v. Va State Bd. of Election*, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting *Hickman v. Taylor*, 329 U,S, 508-10 (1947)); *see* Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are *prepared in anticipation of litigation or for trial* by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.* (internal edits omitted) (quoting *Baldus v. Brennan*, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. *Nat't Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perry*, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |

South Carolina State Conference of the NAACP, et al. v. McMaster, et al.
Case No. 3:21-cv-03302-JMC-TJH-RMG
Amended Privilege Log of House Defendants

| Line Number | Control Number | Privilege Type | Date | Email From | Email To | Email CC | Title | Privilege Description | Privilege Challenged Basis |
|---|---|---|---|---|---|---|---|---|---|
| 72 | REL00021323 | Attorney-Client Communication; Work Product | 9/3/2021 | Emma Dean | Chris Murphy | | Attorney Communication Privileged | Confidential communication from attorney to client with draft work product response to public letter for review. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." Bethune-Hill, 114 F. Supp. 3d at 346 (quoting United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. Citizens Union of City of N.Y. v.Att'y Gen. of N.Y., 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. Bethune-Hill v. Va State Bd. of Election, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting Hickman v. Taylor, 329 U.S. 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." Id. (internal edits omitted) (quoting Baldus v. Brennan, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. Nat'l Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." Perez v. Perry, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citations omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 73 | REL00021323.0003 | Attorney-Client Communication; Work Product | 9/3/2021 | | | | Draft Letter from Ch. Murphy 9.3.21.docx | Attachment to attorney communication to client with draft work product response to public letter for client's review. | Same |
| 74 | REL00021658 | Attorney-Client Communication | 7/19/2021 | Emma Dean | Chris Murphy | | RE: 7.21.21 Draft letter | Confidential communication from attorney to client with draft work product response to public letter for review. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." Bethune-Hill, 114 F. Supp. 3d at 346 (quoting United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. Citizens Union of City of N.Y. v.Att'y Gen. of N.Y., 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). |
| 75 | REL00023916 | Attorney-Client Communication | 7/20/2021 | Chris Murphy | Emma Dean | Patrick Dennis; Jay Jordan | Re: 7.21.21 Draft letter | Confidential communication from legislator to staff counsel with questions regarding draft map and legislative process. | Same |
| 76 | REL00027893 | Attorney-Client Communication | 8/10/2021 | Patrick Dennis | Richard Pearce | | '--- Untitled Document --- | Confidential communication between staff counsel regarding redistricting update. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." Bethune-Hill, 114 F. Supp. 3d at 346 (quoting United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. Citizens Union of City of N.Y. v.Att'y Gen. of N.Y., 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). The latter would not be protected by the attorney client privilege. Id. |
| 77 | REL00028185 | Attorney-Client Communication; Work Product | 9/21/2021 | Patrick Dennis | Jay Lucas; Patrick Dennis; Haley Mottel | | Sine Die Adjournment | Confidential communication between staff counsel and legislator with attorney legal advice, mental impressions, and opinions regarding legislative procedure. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." Bethune-Hill, 114 F. Supp. 3d at 346 (quoting United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. Citizens Union of City of N.Y. v.Att'y Gen. of N.Y., 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). The latter would not be protected by the attorney client privilege. Id. This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. Bethune-Hill v. Va State Bd. of Election, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting Hickman v. Taylor, 329 U.S. 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." Id. (internal edits omitted) (quoting Baldus v. Brennan, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. Nat'l Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." Perez v. Perry, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 78 | REL00028205 | Attorney-Client Communication | 9/28/2021 | Patrick Dennis | Rep. Bill Taylor | | Fwd: Sine Die Adjournment | Confidential communication between staff counsel and legislator with attorney legal advice, mental impressions, and opinions regarding legislative procedure. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." Bethune-Hill, 114 F. Supp. 3d at 346 (quoting United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. Citizens Union of City of N.Y. v.Att'y Gen. of N.Y., 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). The latter would not be protected by the attorney client privilege. Id. |
| 79 | REL00028206 | Attorney-Client Communication | 9/28/2021 | Patrick Dennis | Rep. Bill Taylor | | FW: Sine Die Adjournment | Confidential communication between staff counsel and legislator with attorney legal advice, mental impressions, and opinions regarding legislative procedure. | Same |

South Carolina State Conference of the NAACP, et al. v. McMaster, et al.
Case No. 3:21-cv-03302-JMC-TJH-RMG
Amended Privilege Log of House Defendants

| Line Number | Control Number | Privilege Type | Date | Email From | Email To | Email CC | Title | Privilege Description | Privilege Challenged Basis |
|---|---|---|---|---|---|---|---|---|---|
| 80 | REL00028249 | Attorney-Client Communication | 10/12/2021 | Patrick Dennis | Jay Lucas; Haley Mottel | | Lawsuit Over South Carolina Redistricting Failures | Confidential communication from counsel regarding complaint and litigation process. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." Bethune-Hill, 114 F. Supp. 3d at 346 (quoting United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, Hosue Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. Citizens Union of City of N.Y. v.Att'y Gen. of N.Y., 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). The latter would not be protected by the attorney client privilege. Id. |
| 81 | REL00028277 | Attorney-Client Communication; Work Product | 10/15/2021 | Patrick Dennis | Nicolette Walters | | RE: Zak Koeske Qs | containing attorney's mental impressions and opinions regarding media questions. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." Bethune-Hill, 114 F. Supp. 3d at 346 (quoting United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, Hosue Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. Citizens Union of City of N.Y. v.Att'y Gen. of N.Y., 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). The latter would not be protected by the attorney client privilege. Id. This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. Bethune-Hill v. Va State Bd. of Election, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting Hickman v. Taylor, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." Id. (internal edits omitted) (quoting Baldus v. Brennan, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. Nat'l Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." Perez v. Perry, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). Further, entries involving media inquiries (Log nos. 81, 82, 90) are flatly not covered by the attorney client privilege. See In re Signet Jewelers Ltd. Secs. Litig., 332 F.R.D. 131, 136 (S.D.N.Y 2019); Lauth Group, Inc. v. Grasso, No. 1:07-cv-0972-SEB-TAB, 2008 WL 926631, at *4 (S.D. Ind. Apr. 4, 2008) (quoting City of Springfield v. Rexnord Corp., 196 F.R.D. 7, 9 (D. Mass. 2000)) |
| 82 | REL00028278 | Attorney-Client Communication; Work Product | 10/15/2021 | Patrick Dennis | Haley Mottel | | FW: Zak Koeske Qs | containing attorney's mental impressions and opinions regarding media questions. | Same |
| 83 | REL00028413 | Attorney-Client Communication; Work Product | 11/17/2021 | Patrick Dennis | Charles Reid | | RE: Speaker Lucas Calling the House into Statewide Session Beginning 2:00 pm, Wednesday, December 1, 2021 | Confidential communication between staff counsel with draft email language asking for attorney's mental impressions and opinion regarding legislative procedure. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." Bethune-Hill, 114 F. Supp. 3d at 346 (quoting United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. Citizens Union of City of N.Y. v.Att'y Gen. of N.Y., 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). The latter would not be protected by the attorney client privilege. Id. This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. Bethune-Hill v. Va State Bd. of Election, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting Hickman v. Taylor, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." Id. (internal edits omitted) (quoting Baldus v. Brennan, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. Nat'l Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." Perez v. Perry, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 84 | REL00028439 | Attorney-Client Communication; Work Product | 11/23/2021 | Patrick Dennis | Ashley Harwell-Beach; Charles Reid | | RE: Rules Committee - Special Order Redistricting | Confidential communication between staff counsel regarding legislative drafting. | Same |
| 85 | REL00028440 | Attorney-Client Communication; Work Product | 11/23/2021 | Patrick Dennis | Charles Reid; Ashley Harwell- Beach | | RE: Rules Committee - Special Order Redistricting | Confidential communication between staff counsel regarding legislative drafting. | Same |
| 86 | REL00028510 | Attorney-Client Communication; Work Product | 12/8/2021 | Patrick Dennis | Julia Foster | | '--- Untitled Document --- | Confidential communication between staff counsel regarding legislative drafting. | Same |
| 87 | REL00028510.0001 | Attorney-Client Communication; Work Product | 12/8/2021 | | | | 7524AHB21.pdf | Attachment to communication between staff counsel with draft legislative language. | Same |
| 88 | REL00028564 | Attorney-Client Communication; Work Product | 12/8/2021 | Patrick Dennis | Julia Foster | | FW: Special Order Draft | Confidential communication between staff counsel regarding legislative drafting. | Same |
| 89 | REL00028564.0001 | Attorney-Client Communication; Work Product | 12/8/2021 | | | | 7524AHB21.docx | Attachment to communication between staff counsel with draft legislative language. | Same |
| 90 | REL00029117 | Attorney-Client Communication | 7/19/2021 | Patrick Dennis | Charles Reid; Haley Mottel; Nicolette Walters | | RE: reapportionment expenses | Confidential communication among staff counsel and legislative staff regarding response to media request for information. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." Bethune-Hill, 114 F. Supp. 3d at 346 (quoting United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, Hosue Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. Citizens Union of City of N.Y. v.Att'y Gen. of N.Y., 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). The latter would not be protected by the attorney client privilege. Id. Further, entries involving media inquiries (Log nos. 81, 82, 90) are flatly not covered by the attorney client privilege. See In re Signet Jewelers Ltd. Secs. Litig., 332 F.R.D. 131, 136 (S.D.N.Y 2019); Lauth Group, Inc. v. Grasso, No. 1:07-cv-0972-SEB-TAB, 2008 WL 926631, at *4 (S.D. Ind. Apr. 4, 2008) (quoting City of Springfield v. Rexnord Corp., 196 F.R.D. 7, 9 (D. Mass. 2000)) |

**South Carolina State Conference of the NAACP, et al. v. McMaster, et al.**
**Case No. 3:21-cv-03302-JMC-TJH-RMG**
**Amended Privilege Log of House Defendants**

| Line Number | Control Number | Privilege Type | Date | Email From | Email To | Email CC | Title | Privilege Description | Privilege Challenged Basis |
|---|---|---|---|---|---|---|---|---|---|
| 91 | REL00029130 | Attorney-Client Communication | 7/23/2021 | Patrick Dennis | Charles Cannon; Gary Simrill | Patrick Dennis | DRAFT email about retreat | Confidential communication among staff counsel and legislator with draft notice to caucus members. | Same |
| 92 | REL00033189 | Attorney-Client Communication | 10/14/2021 | Roland Franklin | Chip Huggins | | Census Numbers | Confidential communication from staff counsel to legislator responding to inquiry about appeal rights. | Same |
| 93 | REL00034495 | Attorney-Client Communication; Work Product | 12/2/2021 | Ashley Harwell-Beach | Thomas Hauger | | RE: Brawley's Amendments | Confidential communication among legislative staff and staff counsel regarding legislative amendment process. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346 (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not produced a retainer stating that an attorney-client relationship exists between counsel and the legislator. Further, Hosue Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v. Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). The latter would not be protected by the attorney client privilege. Id. This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. Bethune-Hill. V. Va State Bd. of Election, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015) (quoting Hickman v. Taylor, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." Id. (internal edits omitted) (quoting Baldus v. Brennan, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintesssential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. Nat't Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." Perez v. Perry, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |