# Appendix A

# CONTINUING INSUFFICIENT / IMPROPER RESPONSES

PLAINTIFFS' AMENDED OBJECTIONS AND ANSWERS TO HOUSE DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION

REQUEST NO. 12: Admit that SC NAACP has not identified an individual member or constituent that currently resides in each of the Challenged Districts in the Amended Complaint.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Mr. Scott ADMITS that the Amended Complaint in this action does not identify specific names of members of the SC NAACP that currently reside in each of the Challenged Districts but lacks sufficient information to truthfully admit or deny the request to the extent it requires him to make a judgment about whether federal pleading standards have met because he lacks familiarity with the federal pleading standards.

**SPECIFIC RESPONSE OF SC NAACP:**

SC NAACP ADMITS that the Amended Complaint in this action does not identify the specific names of members of the SC NAACP that currently reside in each of the Challenged Districts but DENIES that the SC NAACP lacks members in any of the Challenged Districts—SC NAACP does have members that are registered voters in each of the Challenged Districts—and DENIES that federal pleading standards require the identification of such individuals.

REQUEST NO. 13: Admit that the allegations of the Amended Complaint do not identify any individual person who lives in each of the Challenged Districts.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Mr. Scott ADMITS that the Amended Complaint in this action does not identify the specific names of individuals who live in each of the Challenged Districts but lacks sufficient information to truthfully admit or deny the request to the extent it requires him to make a judgment about whether federal pleading standards have met because he lacks familiarity with the federal pleading standards.

**SPECIFIC RESPONSE OF SC NAACP:**

SC NAACP ADMITS that the Amended Complaint in this action does not identify the

specific names of individuals who live in each of the Challenged Districts but DENIES that the SC NAACP lacks members in any of the Challenged Districts—SC NAACP does have members that are registered voters in each of the Challenged Districts—and that federal pleading standards require the identification of such individuals.

REQUEST NO. 15: Admit that an opportunity district in which Black voters would have the ability to influence elections could occur when BVAP < 30%.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object on the ground that House Defendants have not defined the term "opportunity district" and so it is vague and ambiguous. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted). Plaintiffs further respond that whether a district provides an ability of Black voters to elect or otherwise influence elections for House districts is fact-specific and entails more conditions than the Black voting-age population of a district such as information about the voting patterns of the electorate.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not an attorney and expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires legal or expert knowledge.

REQUEST NO. 17: Admit that the House Defendants provided race-neutral explanations in its Motion to Dismiss, ECF No. 91, for actions the Plaintiffs allege in the Amended Complaint were predominately based on race.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not a lawyer or an expert. From a lay person's perspective, Mr. Scott ADMITS that House Defendants provided some explanations in its Motion to Dismiss, ECF No. 91, for why Challenged Districts were drawn but otherwise DENIES that any such post-hoc explanations bear on the House Defendants' intent in enacting H. 4493 or otherwise bear on the validity of the Plaintiffs' claims in this action.

**SPECIFIC RESPONSE OF SC NAACP:**

From a lay person's perspective, the SC NAACP ADMITS that House Defendants-provided some explanations in its Motion to Dismiss, ECF No. 91, for why Challenged Districts were drawn but otherwise DENIES that any such post-hoc explanations that were not contemporaneously discussed in public sessions of the legislature bear on the House Defendants' intent in enacting H. 4493 or otherwise bear on the validity of the Plaintiffs' claims in this action. Beyond a lay person's perspective, the SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires legal and expert information and knowledge.

REQUEST NO. 19: Admit that factors, such as geography, may make a voting district appear irregularly shaped.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object on the ground that the undefined terms "geography" and "irregularly shaped" are vague and ambiguous.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires legal and expert knowledge.

REQUEST NO. 21: Admit that a voting district's bizarre shape can arise from a "political motivation."

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object on the ground that the undefined terms "bizarre shape" and "political motivation" is vague and ambiguous.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because of the undefined terms in the request and because he is not a lawyer or an expert knowledgeable about the intricacies of developing maps and the redistricting process.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit

3

or deny the request because of the undefined terms in the request and because this request requires legal knowledge and familiarity with the intricacies of redistricting and developing maps to truthfully admit or deny the request.

REQUEST NO. 23: Admit that a voting district that has had its BVAP decreased through the redistricting process has not necessarily been "cracked."

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because the request has several undefined terms such as "BVAP" and "cracked." Further, Mr. Scott he is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because the request has several undefined terms such as "BVAP" and "cracked." Further, a response to this request requires legal and expert knowledge.

REQUEST NO. 24: Admit that a voting district that has had its BVAP increased through the redistricting process has not necessarily been "packed."

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because the request has several undefined terms such as "BVAP" and "packed." Further, Mr. Scott is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

> After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because the request has several undefined terms such as "BVAP" and "packed." Further, a response to this request requires legal and expert knowledge.

REQUEST NO. 26: Admit that a voting district with a supermajority BVAP has not necessarily been "packed" by virtue of its supermajority BVAP.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted). Plaintiffs also object to the Request on the ground that the term "supermajority" is vague and ambiguous.

### SPECIFIC RESPONSE OF TAIWAN SCOTT:

> After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because there are several undefined terms such as a "supermajority BVAP" and "packed." Further, Mr. Scott is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

### SPECIFIC RESPONSE OF SC NAACP:

> After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because the request has several undefined terms such as "supermajority BVAP" and "packed." Further, a response to this request requires legal and expert knowledge.

REQUEST NO. 27: Admit that evidence that Black voters constitute even a supermajority in one district while amounting to less than a plurality in a neighboring district will not, by itself, suffice to prove that South Carolina considerations of race predominated the drawing of the district lines when the evidence also shows a high correlation between race and party preference.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that the hypothetical "evidence that Black voters constitute even a supermajority in one district while amounting to less than a plurality in a neighboring district" is vague and ambiguous. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

### SPECIFIC RESPONSE OF TAIWAN SCOTT:

> After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or

deny the request because there are several undefined terms such as "supermajority" and "plurality" and "high correlation" and "race predominated" and "considerations of race." Further, Mr. Scott is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because there are several undefined terms such as "supermajority" and "plurality" and "high correlation" and "race predominated" and "considerations of race." Further, this request requires legal and expert knowledge to respond.

REQUEST NO. 28: Admit that White voters have the right to not have their votes intentionally diluted.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

ADMIT. To the extent the request suggests that, in order to comply with the Constitution and other laws, that any people or groups must have their votes intentionally diluted, Mr. Scott DENIES.

**SPECIFIC RESPONSE OF SC NAACP:**

ADMIT. To the extent the request suggests that, in order to comply with the U.S. Constitution and other laws, that any people or groups must have their votes intentionally diluted, the SC NAACP DENIES.

REQUEST NO. 29: Admit that Hispanic voters have the right to not have their votes intentionally diluted.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

ADMIT. To the extent the request suggests that, in order to comply with the U.S. Constitution and other laws, that any people or groups must have their votes intentionally diluted, Mr. Scott DENIES.

**SPECIFIC RESPONSE OF SC NAACP:**

ADMIT. To the extent the request suggests that, in order to comply with the U.S. Constitution and other laws, that any people or groups must have their votes intentionally diluted, Mr. Scott DENIES.

REQUEST NO. 30: Admit that the Redistricting Ad Hoc Committee and the Judiciary Committee provided at least 24-hours' notice before conducting each and every redistricting-related hearing and meeting in 2021.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not familiar with the schedule of redistricting process.

**SPECIFIC RESPONSE OF SC NAACP:**

SC NAACP ADMITS that the Redistricting Ad Hoc Committee and the Judiciary Committee provided at least 24-hours' notice (barely) before conducting each and every redistricting-related hearing and meeting in 2021 but DENIES that this was meaningful or sufficient time to comprise testimony and evaluate maps in that timeframe.

REQUEST NO. 31: Admit that the allegations of the Amended Complaint do not specifically identify any individual Plaintiff (i.e., a person) who has been personally subjected to a racial classification in each of the Challenged Districts.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request to the extent that the term "racial classification" is vague, ambiguous, and requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because there are several undefined terms such as a "racial classification." Further, Mr. Scott is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

7

**SPECIFIC RESPONSE OF SC NAACP:**

SC NAACP ADMITS that the Amended Complaint in this action does not identify the specific names of individuals who have been "personally subjected to a racial classification in each of the Challenged Districts" but DENIES that federal pleading standards require the Amended Complaint to identify such individuals.

REQUEST NO. 32: Admit that the House Defendants considerations of race are not prohibited in redistricting decisions.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

ADMIT that House Defendants can be race conscious in redistricting decisions. The SC NAACP DENIES that the House Defendants considered race during the redistricting cycle in a way that was constitutional or lawful.

REQUEST NO. 33: Admit that the Redistricting Ad Hoc Committee accepted input from the public through electronic and hard copy means.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not familiar with the input that the Redistricting Ad Hoc Committee accepted.

**SPECIFIC RESPONSE OF SC NAACP:**

SC NAACP DENIES that accepting input from the public through electronic and hard copies means allowed the redistricting process to be sufficient.

REQUEST NO. 35: Admit that SC NAACP participated in the redistricting process in South Carolina by providing testimony to the Redistricting Ad Hoc Committee.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the

8

Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Mr. Scott lacks knowledge and familiarity to respond to whether the SC NAACP provided testimony to the Redistricting Ad Hoc Committee.

**SPECIFIC RESPONSE OF SC NAACP:**

SC NAACP ADMITS that its President provided testimony to the Redistricting Ad Hoc Committee but DENIES that SC NAACP was permitted to participate meaningfully in the redistricting process., and further DENIES that this participation means that any input from the SC NAACP or any other member of the public was actually incorporated into any enacted maps.

REQUEST NO. 36: Admit that the public participated in the redistricting process in South Carolina by providing testimony to the Redistricting Ad Hoc Committee throughout the process.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

Mr. Scott ADMITS that members of the public provided testimony to the Redistricting Ad Hoc Committee but DENIES that the public was permitted to participate meaningfully in the redistricting process, and further DENIES that this participation means that any input from any member of the public was actually incorporated into any enacted maps.

**SPECIFIC RESPONSE OF SC NAACP:**

SC NAACP ADMITS that members of the public provided testimony to the Redistricting Ad Hoc Committee, including the SC NAACP, but DENIES that the public was permitted to participate meaningfully in the redistricting process, and further DENIES that this participation means that any input from any Chief member of the public was actually incorporated into any enacted maps.

REQUEST NO. 40: Admit the redistricting plan enacted by H. 4493 increases the number of majority-minority House Districts as compared to if the prior enacted map had been used with the most recent Decennial Census P.L. 94-171 Redistricting Data.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because this request does not define what "majority-minority" is/means, he is not familiar with the prior enacted map or the recent Decennial Census P.L. 94-171 Redistricting Data, he is not a lawyer or an expert familiar with the intricacies of redistricting and developing maps

**SPECIFIC RESPONSE OF SC NAACP:**

The SC NAACP ADMITS that the recently enacted House maps have twenty-one (21) districts in which Black voters comprise the majority of House districts than the House plan proposed by the SC NAACP during the redistricting process but the Enacted plan has fewer districts overall that will allow Black voters the change to elect their preferred candidates than the SC NAACP proposed map. Duchin Expert Report at 8.

REQUEST NO. 41: Admit the redistricting plan enacted by H. 4493 provides for thirty (30) House Districts with a BVAP of 38% or greater.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because this request does not indicate what racial category is used to compute the BVAP indicated by this request, he is not familiar with the BVAP of each House District in the plan enacted by H. 4493, and he is not an attorney or expert or otherwise in possession of knowledge concerning the Request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because House Defendants have not defined the term "BVAP" and so it is vague and ambiguous. The SC NAACP is willing to meet and confer regarding House Defendants' understanding of "BVAP."

REQUEST NO. 43: Admit the redistricting plan enacted by H. 4493 is comprised of House Districts with contiguous territory when accepting that contiguity by water does not render the territory noncontiguous.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because this request does not define "contiguous" or "noncontiguous" or

what "contiguity by water" means He is not a lawyer or expert familiar with the intricacies of redistricting and developing maps.

**SPECIFIC RESPONSE OF SC NAACP:**

SC NAACP ADMITS that, under Section 5 of the *2021 Guidelines and Criteria for Congressional and Legislative Redistricting*, House Districts are required to have contiguous territory when accepting that contiguity by water does not render the territory noncontiguous. *See* Duchin Expert Report at 6.

REQUEST NO. 45: Admit that voters are not limited to being part of only one community of interest.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because this request does not define what a "community of interest" is. Further, he is not a lawyer or expert familiar with the intricacies of redistricting and developing maps.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because this request does not define what a "community of interest" is. Further, this request requires legal knowledge and familiarity with the intricacies of redistricting and developing maps to truthfully admit or deny the request.

REQUEST NO. 46: Admit that separating a group of voters who share a community of interest is not necessarily indicative of intentional dilution of the group's voting strength.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because this request does not define what a "community of interest" is. Further, he is not a lawyer or expert familiar with the intricacies of redistricting and developing maps.

11

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because this request does not define what a "community of interest" is. Further, this request requires legal knowledge and familiarity with the intricacies of redistricting and developing maps to truthfully admit or deny the request.

REQUEST NO. 48: Admit that incumbency protection can be a legitimate factor in districting.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not a lawyer or expert familiar with the intricacies of redistricting and developing maps.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires legal knowledge and familiarity with the intricacies of redistricting and developing maps to truthfully admit or deny the request. The SC NAACP is aware that incumbent legislators may develop maps to protect their ability to be re-elected.

REQUEST NO. 50: Admit that the U.S. Census Bureau's release of Decennial Census P.L. 94-171 Redistricting Data was delayed by several months due, in part, to the COVID-19 pandemic.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not familiar with the specific extent of delays in the release Decennial Census P.L. 94-171 Redistricting Data or the causes of such delays.

**SPECIFIC RESPONSE OF SC NAACP:**

The SC NAACP ADMITS that the Census Bureau released data later than in previous decades due in part to delays associated with the pandemic, but also attempts by the

> previous administration to not count all people in the decennial census, as well as underfund the decennial Census count, and the House Defendants delay in its consideration of the map. The SC NAACP DENIES that the delay in the Census Bureau's data release justifies the redistricting process or the resulting maps.

REQUEST NO. 52: Admit that the federal district court in the District of South Carolina rejected racial discrimination claims asserted as to South Carolina's state legislative and congressional redistricting plans put in place by enactment of the legislation comprising Act No. 72 of 2011 and Act No. 75 of 2011.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted).

### SPECIFIC RESPONSE OF TAIWAN SCOTT:

> After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not a lawyer. The decision in any such cases is the best indicator of the court's view of the legality of those plans.

### SPECIFIC RESPONSE OF SC NAACP:

> After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires familiarity legal knowledge to truthfully admit or deny the request. The decision in any such cases is the best indicator of the court's view of the legality of those plans.

REQUEST NO. 53: Admit that in 2012 the federal district court in the District of South Carolina concluded, and the U.S. Supreme Court affirmed, that South Carolina's state legislative and congressional redistricting plans were constitutional.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it requests that Plaintiffs admit the truth of a legal conclusion. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005) ("Under Rule 36, the parties to litigation may request from their adversaries admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citations omitted) .

### SPECIFIC RESPONSE OF TAIWAN SCOTT:

> After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not a lawyer. The decision in any such cases is the best indicator of the court's view of the legality of those plans.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires familiarity legal knowledge to truthfully admit or deny the request. The decision in any such cases is the best indicator of the court's view of the legality of those plans.

REQUEST NO. 54: Admit that there is no express language showing discriminatory intent within the text of H. 4493.

**OBJECTION:** Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not familiar with the full text of H. 4493. Mr. Scott further lacks the legal knowledge to truthfully admit or deny the request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires familiarity with the full text of Act No. 117 of 2021. The SC NAACP further lacks the legal knowledge to truthfully admit or deny the request.

REQUEST NO. 55: Admit that there is no express language showing discriminatory intent within the text of Act No. 117 of 2021.

**OBJECTION**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

**SPECIFIC RESPONSE OF TAIWAN SCOTT:**

After reasonable inquiry, Mr. Scott lacks sufficient information to truthfully admit or deny the request because he is not familiar with the full text of Act No. 117 of 2021. Mr. Scott further lacks the legal knowledge to truthfully admit or deny the request.

**SPECIFIC RESPONSE OF SC NAACP:**

After reasonable inquiry, the SC NAACP lacks sufficient information to truthfully admit or deny the request because it requires familiarity with the full text of Act No. 117 of 2021. The SC NAACP further lacks the legal knowledge to truthfully admit or deny the request.