# Appendix B

# CONTINUING INSUFFICIENT / IMPROPER RESPONSES

PLAINTIFFS' AMENDED OBJECTIONS AND ANSWERS TO HOUSE DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

REQUEST NO. 2: All non-privileged documents or other information referenced or reviewed in the preparation of the answers to the House Defendants' First Set of Interrogatories, or otherwise relied upon by you or your attorneys in answering House Defendants' First Set of Interrogatories.

> **RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs object to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.
>
> Subject to and without waiving the foregoing objections, Plaintiffs agree to produce any documents referenced in their responses to House Defendants' interrogatories.

REQUEST NO. 3: All non-privileged documents and communications, whether written, electronically stored or recorded (including audio), in your possession, custody, or control related to any claim or defense in this case.

> **RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll non-privileged documents" related to "any claim or defense in this case." Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request to the extent it is duplicative of other Requests. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.
>
> Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022.

REQUEST NO. 4: All written or recorded statements or affidavits, including drafts thereof, from persons who are known or believed to be witnesses to the facts of this case.

> **RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce statements or affidavits from witnesses or potential witnesses without regard to the subject matter of this case. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.
>
> **SPECIFIC RESPONSE OF TAIWAN SCOTT**: Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents that constitute recorded statements or affidavits for persons he knows or believes to be witnesses to the facts of this case, so he does not have documents to produce in response to this Request.
>
> **SPECIFIC RESPONSE OF SC NAACP**: Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022.

REQUEST NO. 6: Copies of all files in Plaintiffs' possession, custody, or control used in or generated by any GIS, statistics, programming, or word-processing software or web application (i.e. Maptitude, ArcGIS, R, SPSS, Microsoft Excel, Python, Microsoft Word, Dave's Redistricting) to analyze or draw or in analyzing or drawing maps related to South Carolina house or congressional districts including, but not limited to, files containing or consisting of maps, macros, vector or raster data; voter or election data; or layers, labels, or settings files (to include themes or styles).

> **RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "all files" used or generated to analyze or draw maps related to South Carolina districts. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

> Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and the specific information sought by House Defendants beyond what is sought in other Requests and beyond what Plaintiffs have otherwise agreed to produce.

REQUEST NO. 10: All documents and communications related to the current redistricting cycle and/or your claims in this case between you and any member of South Carolina House of Representatives, including but not limited to emails, text messages, social media communications, and other written or electronically stored correspondence.

> **RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents and communications" related to the current redistricting cycle and/or any claim or defense in this case between Plaintiffs and any member of South Carolina House of Representatives. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.
>
> **SPECIFIC RESPONSE OF TAIWAN SCOTT**: Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents reflecting communications between SC NAACP and any member of the South Carolina House of Representatives related to the current redistricting cycle, so he does not have documents to produce in response to this Request.
>
> **SPECIFIC RESPONSE OF SC NAACP**: Subject to and without waiving the foregoing objections, in addition to SC NAACP's productions of redistricting and other files on February 3, 2022 and March 1, 2022, SC NAACP directs Defendants to its continuing production of non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022.

REQUEST NO. 11: All non-privileged documents and communications between you and any third party related to any claims or defenses in this case, or any relief you seek in this case.

> **RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll non-privileged documents and communications" with third parties related to "any claim or defense in this case, or any relief you seek in this case." Plaintiffs object to this Request to the extent it seeks information protected

3

from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiffs refer Defendants to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022. Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and the specific information sought by House Defendants beyond what is sought in other Requests and beyond what Plaintiffs have otherwise produced and agreed to produce.

REQUEST NO. 12: All documents and communications related to the first cause of action in your Amended Complaint (Racial Gerrymandering in Violation of the Fourteenth Amendment).

**RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" related to the first cause of action in the First Amended Complaint. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g., Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, relevant documents in support of Plaintiffs' first cause of action in its First Amended Complaint have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022. Relevant documents can also be found in Plaintiffs' expert reports and expert rebuttal reports that have been disclosed.

REQUEST NO. 13: All documents and communications related to the second cause of action in your Amended Complaint (Intentional Discrimination in Violation of the Fourteenth and Fifteenth Amendments of the U.S. Constitution).

**RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.  Plaintiffs object to this Request on the ground that it is duplicative, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce ""[a]ll documents" related to the second cause of action in the First Amended Complaint.  Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond.  Plaintiffs object to this Request on the ground that it constitutes improper contention discovery.  See, e.g., Martinez v. First Class Interiors of Naples, LLC, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted).  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.  Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control.  Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request.  Relevant documents in support of Plaintiffs' second cause of action in its First Amended Complaint have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession.  Relevant documents can also be found in Plaintiffs' expert reports and rebuttal expert reports that have been disclosed.

REQUEST NO. 16: All documents and communications supporting your allegation that H. 4493 was motivated by a discriminatory purpose. (See, e.g., Am. Compl. at ¶ 4).

**RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.  Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting the allegation that H. 4493 was motivated by a discriminatory purpose.  Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond.  Plaintiffs object to this Request on the ground that it constitutes improper contention discovery.

5

*See, e.g., Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request. Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022. Among others, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that H. 4493 was motivated by a discriminatory purpose have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Relevant documents can also be found in Plaintiffs' expert reports and expert rebuttal reports that have been disclosed.

REQUEST NO. 17: All documents and communications supporting your allegation that the Challenged Districts in H. 4493 were adopted with a racially discriminatory intent to discriminate against Black voters. (See, e.g., Am. Compl. at ¶ 170).

**RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is duplicative, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting the allegation that the Challenged Districts were adopted with a racially discriminatory intent. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g., Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with

6

reasonable particularity each item or category of items to be inspected.") (quotation marks and citations
omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this request as duplicative of Request No. 16. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request. Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022. Among others, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that the Challenged Districts in H. 4493 were adopted with a racially discriminatory intent to discriminate against Black voters have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Relevant documents can also be found in Plaintiffs' expert reports and expert rebuttal reports that have been disclosed.

REQUEST NO. 18: All documents and communications supporting your allegation that H. 4493 will have a discriminatory impact on Black South Carolinians. (See, e.g., Am. Compl. at ¶ 171).

**RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is duplicative, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting the allegation that H. 4493 will have a discriminatory impact on Black South Carolinians. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g., Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request

7

on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request. Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022. Among others, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that H. 4493 will have a discriminatory impact on Black South Carolinians have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Relevant documents can also be found in Plaintiffs' expert reports, particularly the expert reports of Dr. Moon Duchin, Dr. Kosuke Imai, Dr. Joseph Bagley, Dr. Baodong Liu, and Dr. Jordan Ragusa, that have been disclosed and in expert rebuttal reports that have been disclosed.

REQUEST NO. 19: For each Challenged District, produce all documents and communications supporting your allegation that the House Defendants used race as the predominant factor in creating the Challenged District. (See, e.g., Am. Compl. at ¶ 4).

**RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is duplicative, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce for "each Challenged District" "all documents" supporting the allegation that House Defendants used race as the predominant factor in creating the Challenged District. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. See, e.g., Martinez v. First Class Interiors of Naples, LLC, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

> Subject to and without waiving the foregoing objections, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request. Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022. Among others, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that the House Defendants used race as the predominant factor in creating the Challenged District have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Relevant documents can also be found in Plaintiffs' expert reports and expert rebuttal reports that have been disclosed.

REQUEST NO. 20: For each Challenged District, produce all documents and communications supporting your allegation that the race predominated over traditional redistricting principles, such as compactness, contiguity, and respect for political subdivisions or communities. (See, e.g., Am. Compl. at ¶ 164).

> **RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is duplicative, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce for "each Challenged District" "all documents" supporting the allegation that race predominated over traditional redistricting principles. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. See, e.g., Martinez v. First Class Interiors of Naples, LLC, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

> Subject to and without waiving the foregoing objections, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request. Relevant documents in support of Plaintiffs' allegation in its First Amended Complaint

9

that race predominated over traditional redistricting principles, such as compactness, contiguity, and respect for political subdivisions or communities have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Relevant documents can also be found in Plaintiffs' expert reports, particularly the expert reports of Dr. Moon Duchin, Dr. Kosuke Imai, and Dr. Jordan Ragusa, and expert rebuttal reports that have been disclosed.

REQUEST NO. 21: Produce all documents and communications supporting your allegation that Black voters were either "packed" or "cracked" for the purpose of diluting their vote in each of the Challenged Districts. (See, e.g., Am. Compl. at ¶¶ 4-5).

> **RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is duplicative, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "all documents" supporting the allegation that Black voters were either "packed" or "cracked" for the purpose of diluting their vote in each of the Challenged Districts. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g., Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.
>
> Subject to and without waiving the foregoing objections, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request. Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022. Among others, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint that Black voters were either "packed" or "cracked" for the purpose of diluting their vote in each of the Challenged Districts have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to,

10

and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Relevant documents can also be found in Plaintiffs' expert reports and expert rebuttal reports that have been disclosed.

REQUEST NO. 22: All documents and communications evidencing and demonstrating one or more of your members and constituents would have individual standing to bring your claims in each and evidence Challenged District. (See Am. Compl. at ¶¶ 16-18).

> **RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" demonstrating that on or more members and constituents would have individual standing to bring your claims in each Challenged District. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g., Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.
>
> Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and information SC NAACP is willing to provide concerning its members consistent with NAACP v. Alabama, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly). Information responsive to this Request can be found in the First Amended Complaint, ECF 84 ¶¶ 16-18; Plaintiffs further refer Defendants to SC NAACP's amended objections and responses to Defendants' First Set of Interrogatories, Interrogatory Nos. 4 and 5.

REQUEST NO. 23: All documents and communications supporting your allegation that your members and constituents currently live in each and every Challenged District. (See Am. Compl. at ¶ 18).

> **RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions,

11

set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting the allegation that SC NAACP's members and constituents currently live in each Challenged District. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g., Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this request as duplicative of Request No. 22. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and information SC NAACP is willing to provide concerning its members consistent with NAACP v. Alabama, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly). Plaintiffs also refer Defendants to SC NAACP's amended objections and responses to Defendants' First Set of Interrogatories, Interrogatory Nos. 4 and 5.

REQUEST NO. 24: All documents and communications supporting your allegation that your members include registered voters in each and every Challenged District. (See Am. Compl. at ¶ 18).

**RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" supporting the allegation that SC NAACP members include registered voters in each Challenged District. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. See, e.g., Martinez v. First Class Interiors of Naples, LLC, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or

protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and information SC NAACP is willing to provide concerning its members consistent with NAACP v. Alabama, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly). Plaintiffs also refer Defendants to SC NAACP's amended objections and responses to Defendants' First Set of Interrogatories, Interrogatory Nos. 4 and 5.

REQUEST NO. 25: All documents and communications supporting your allegation that your members have been or will continue to be harmed by H. 4493. (See Am. Compl. at ¶ 18).

**RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is duplicative, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents supporting your allegation that SC NAACP members have been or will be harmed by H. 4493. Plaintiffs object to this Request on the ground that it requires Plaintiffs to formulate a legal conclusion to respond. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g., Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs have not withheld and will not withhold production of any document they have agreed to produce in response to other Requests solely on the ground that such document is responsive to this Request. Plaintiffs refer Defendants to the materials produced by Defendants in this case, and to the documents produced by the SC NAACP on February 3, 2022, March 1, 2022, and on a rolling basis from the non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022. Among others, relevant documents in support of Plaintiffs' allegation in its First Amended Complaint

13

that our members have been or will continue to be harmed by H. 4493 have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession. Relevant documents can also be found in Plaintiffs' expert reports and expert rebuttal reports that have been disclosed.

REQUEST NO. 26: All documents and communications establishing the identity and residential address of each of your members who currently lives in any of the Challenged Districts. (See, e.g., Am. Compl. at ¶ 18).

> **RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents" establishing the identity and residential address of each SC NAACP member who currently lives in any of the Challenged Districts. Plaintiffs object to this Request on the ground that it constitutes improper contention discovery. *See, e.g., Martinez v. First Class Interiors of Naples, LLC*, No. 3:18-CV-00583, 2020 WL 7027504, at *6 (M.D. Tenn. Nov. 30, 2020) ("Requests for production that simply plug a pleading's allegations into boilerplate requests can be almost mindlessly generated, and can be used to impose great burdens on opponents, and do not meet Rule 34's requirement that requests describe with reasonable particularity each item or category of items to be inspected.") (quotation marks and citations omitted). Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiffs object to this Request on the ground that it seeks information that is outside Plaintiffs' knowledge, possession, custody, or control. Discovery is ongoing and this Request seeks information that is in the possession, custody, or control of the House Defendants.
>
> Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and information SC NAACP is willing to provide concerning its members consistent with NAACP v. Alabama, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization
> 34engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly). Plaintiffs also refer Defendants to SC NAACP's amended objections and responses to Defendants' First Set of Interrogatories, Interrogatory Nos. 4 and 5.

REQUEST NO. 32: All documents and communications evidencing the specific factors considered by Plaintiff SC NAACP while developing the maps submitted to the House Redistricting Ad Hoc Committee and proposed in your Amended Complaint.

> **RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions,

14

set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents and communications" related to the factors considered by SC NAACP while developing maps submitted to the House Redistricting Ad Hoc Committee and proposed in the First Amended Complaint. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT**: Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents and communications evidencing the specific factors considered by Plaintiff SC NAACP while developing the maps submitted to the House Redistricting Ad Hoc Committee and proposed in your First Amended Complaint.

**SPECIFIC RESPONSE OF SC NAACP**: Subject to and without waiving the foregoing objections, in addition to SC NAACP's productions of redistricting and other files on February 3, 2022 and March 1, 2022, SC NAACP directs Defendants to its continuing production of non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022. The SC NAACP considered the factors laid out in the 2021 Guidelines and Criteria for Congressional and Legislative Redistricting adopted by the House Redistricting Ad Hoc Committee, see https://redistricting.schouse.gov/docs/2021%20Redistricting%20Guidelines.pdf.

REQUEST NO. 33: All documents and communications evidencing a prioritization of any specific factor(s) considered by you while developing the maps submitted to the House Redistricting Ad Hoc Committee and proposed in your Amended Complaint.

**RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is duplicative, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll documents and communications" related to the prioritization of factors considered by SC NAACP while developing maps submitted to the House Redistricting Ad Hoc Committee and proposed in the First Amended Complaint. Plaintiffs object to this request as duplicative of Request No. 32. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT**: Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents regarding factors considered by Plaintiff SC NAACP while developing the maps submitted to the House Redistricting Ad Hoc Committee and proposed in the First Amended Complaint.

>**SPECIFIC RESPONSE OF SC NAACP**: Subject to and without waiving the foregoing objections, in addition to SC NAACP's productions of redistricting and other files on February 3, 2022 and March 1, 2022, SC NAACP directs Defendants to its continuing production of non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022.  Relevant documents evidencing the factors considered by the SC NAACP while developing the maps submitted to the House Redistricting Ad Hoc Committee and proposed in Plaintiffs' Amended Complaint. have already been provided by the SC NAACP and can be found in the SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the House of Representatives related to the current redistricting cycle and therefore are already in House Defendants' possession.

REQUEST NO. 34: All drafts of maps drawn by you or at your direction or request for any and all South Carolina House and Congressional Districts in the last twelve (12) months.

>**RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.  Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll drafts of maps" drawn by Plaintiffs or at their request for any South Carolina House and Congressional districts in the last 12 months. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

>**SPECIFIC RESPONSE OF TAIWAN SCOTT**: Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents that reflect maps drawn by him or at his direction for South Carolina House and Congressional Districts in the last 12 months, so he does not have documents to produce in response to this Request.

>**SPECIFIC RESPONSE OF SC NAACP**: Subject to and without waiving the foregoing objections, in addition to SC NAACP's productions of redistricting and other files on February 3, 2022 and March 1, 2022, SC NAACP directs Defendants to its continuing production of non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022.

REQUEST NO. 36: All documents and communications sent by you to SC NAACP members regarding the current redistricting cycle and/or the claims set forth in the First Amended Complaint. This request includes but is not limited to communications published, posted, or otherwise transmitted electronically via the Internet.

>**RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.  Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports

16

to require Plaintiffs to produce "[a]ll documents and communications" sent by Plaintiffs to SC NAACP members regarding the current redistricting cycle and/or the claims in the First Amended Complaint. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT**: Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents that reflect communications sent by him to SC NAACP members regarding the current redistricting cycle, so he does not have documents to produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP**: Subject to and without waiving the foregoing objections, Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and information SC NAACP is willing to provide concerning its members consistent with NAACP v. Alabama, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly). In addition to SC NAACP's productions of redistricting and other files on February 3, 2022 and March 1, 2022, SC NAACP directs Defendants to its continuing production of non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022.

REQUEST NO. 37: All organizational documents for the SC NAACP, specifically including documents evidencing registration with the South Carolina Secretary of State and identifying the relationship, if any, with the National Association for the Advancement of Colored People ("NAACP").

**RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll organizational documents." Plaintiffs object to this Request on the ground that the undefined term "organizational documents" is vague and ambiguous, rendering this Request overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT**: Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged organizational documents for the SC NAACP, so he does not have documents to produce in response to this Request.

**SPECIFIC RESPONSE OF SC NAACP**: Subject to and without waiving the foregoing objections, SC NAACP will search for and will produce non-privileged documents, if

any, sufficient to show SC NAACP's organizational structure, its SC NAACP registration with the South Carolina Secretary of State, and its relationship with the NAACP. Plaintiffs agree to meet and confer with House Defendants concerning the scope of this Request and information SC NAACP is willing to provide concerning its members consistent with NAACP v. Alabama, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly).

REQUEST NO. 38: A copy of the fee agreements you have with any and all counsel who have appeared in this litigation on your behalf.

>**RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll fee agreements you have with any and all counsel who have appeared in this litigation." Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

REQUEST NO. 42: A copy of all RPV analyses for South Carolina created, reviewed, considered or referenced by you in the last twelve (12) months, including any drafts. For versions for which native format files exist, the native files should be produced without alteration of modification.

>**RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll RPV analyses" for South Carolina in the last 12 months. Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.
>
>**SPECIFIC RESPONSE OF TAIWAN SCOTT**: Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any non-privileged documents that constitute RPV analyses, so he does not have documents to produce in response to this Request.
>
>**SPECIFIC RESPONSE OF SC NAACP**: Subject to and without waiving the foregoing objections, in addition to SC NAACP's productions of redistricting and other files on February 3, 2022 and March 1, 2022, SC NAACP directs Defendants to its continuing production of non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022. SC NAACP also directs Defendants to the expert report and rebuttal report of Baodong Liu which has been disclosed.

REQUEST NO. 43: A copy of all correspondence and documents or other information you sent to or received from any of the following organizations and/or its representatives that in any way reference, refer to or relate to the 2021 redistricting cycle in South Carolina and/or your claims in this case:

    i.    League of Women Voters of South Carolina;
    ii.    South Carolina Progressive Network;
    iii.    NAACP Legal Defense and Educational Fund;
    iv.    South Carolina Appleseed Legal Justice Center;
    v.    American Civil Liberties Union;
    vi.    American Civil Liberties Union of South Carolina;
    vii.    South Carolina State Conference of the NAACP;
    viii.    South Carolina Legislative Black Caucus; and
    ix.    Democratic National Committee

**RESPONSE**: Plaintiffs incorporate by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.  Plaintiffs object to this Request on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiffs to produce "[a]ll correspondence and documents" sent to or received from 9 organizations and their representatives.  Plaintiffs object to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

**SPECIFIC RESPONSE OF TAIWAN SCOTT**: Subject to and without waiving the foregoing objections, Mr. Scott states that he does not have possession of any documents related to the redistricting cycle at issue in this case and files in the possession of its President and will produce non-privileged correspondence, if any, with the above-referenced organizations relating to the 2021 redistricting cycle in South Carolina.

**SPECIFIC RESPONSE OF SC NAACP**: Subject to and without waiving the foregoing objections, in addition to SC NAACP's productions of redistricting and other files on February 3, 2022 and March 1, 2022, SC NAACP directs Defendants to its continuing production of non-privileged electronic materials resulting from the custodian and search term parameters disclosed to Defendants on March 7, 2022.