# Exhibit 1

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| South Carolina State Conference of the NAACP, et al <br> *Plaintiff* <br> v. <br> Henry D. McMaster, et al. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 3:21-cv-03302-JMC-TJH-RMG <br> ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: American Civil Liberties Union Foundation
c/o Somil B. Trivedi, Esq. and Allen Chaney, Esq.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Nexsen Pruet, LLC <br> 1230 Main Street, Suite 700 <br> Columbia, SC 29201 | Date and Time: <br> 02/12/2022 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/02/2022

*CLERK OF COURT*

OR _____

*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* James Lucas, Chris Murphy, and Wallace Jordan _____, who issues or requests this subpoena, are:

Mark Moore, mmoore@nexsenpruet.com, 803-771-8900

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:21-cv-03302-JMC-TJH-RMG

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

*Subpoena to Produce Documents, Information, or Objects
to the American Civil Liberties Union*

## DEFINITIONS

As used herein, the following terms shall have the following meanings:

1. The term "ALL" means any and all.

2. The terms "AND" and "OR" shall be construed disjunctively or conjunctively to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of each request.

3. The term "CHALLENGED DISTRICTS" refers to South Carolina House Districts 7, 8, 9, 11, 41, 43, 51, 54, 55, 57, 59, 60, 63, 67, 70, 72, 73, 74, 75, 76, 77 ,78, 79, 90, 91, 93, 101, and 105 in H. 4493 as identified and defined in Paragraph 9 of the Amended Complaint (ECF No. 84).

4. The terms "COMMUNICATION" and "COMMUNICATIONS" shall mean all meetings, interviews, conversations, conferences, discussions, correspondence, messages, telegrams, telefax, electronic mail, mailgrams, and all oral, written, and electronic expressions or other occurrences whereby thoughts, opinions, information, or data are transmitted between two or more persons.

5. The term "CONCERN" or "CONCERNING" means discussing, constituting, evidencing, reflecting, incorporating, effecting, including, or otherwise pertaining or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request. Requests for "documents concerning" any subject matter include documents concerning communications regarding that subject matter.

6. The term "DEFENDANTS" means Henry D. McMaster, Governor of South Carolina; Thomas C. Alexander, President of the Senate; Luke A. Rankin, Chairman of the Senate Judiciary Committee; James H. Lucas, Speaker of the House of Representatives; Chris Murphy, Chairman of the House of Representatives Judiciary Committee; Wallace H. Jordan, Chairman of the House of Representatives Redistricting Ad Hoc Committee; Howard Knapp, interim Executive Director of the South Carolina State Election Commission; and John Wells (Chair), Joanne Day, Clifford J. Edler, Linda McCall, and Scott Moseley, members of the South Carolina Election Commission.

7. The terms "DOCUMENT" and "DOCUMENTS" shall be interpreted in the broadest possible sense and shall be construed to the full extent of Fed. R. Civ. P. 34, and shall include every original and every non-identical copy of any original of all mechanically written, handwritten, typed or printed material, electronically stored data, microfilm, microfiche, sound recordings, films, photographs, videotapes, slides, and other physical objects or tangible things of every kind and description containing stored information, including but not limited to, transcripts, letters, correspondence, notes, memoranda,

tapes, records, telegrams, electronic mail, facsimiles, periodicals, pamphlets, brochures, circulars, advertisements, leaflets, reports, research studies, test data, working papers, drawings, maps, sketches, diagrams, blueprints, graphs, charts, diaries, logs, manuals, agreements, contracts, rough drafts, analyses, ledgers, inventories, financial information, bank records, receipts, books of account, understandings, minutes of meetings, minute books, resolutions, assignments, computer printouts, purchase orders, invoices, bills of lading, written memoranda or notes of oral communications, and any other tangible thing of whatever nature. These terms also include preliminary drafts or revisions or copies of any such document if the copy is in any way different from the original, now in your possession, custody or control, or in the possession, custody or control of your advisors, agents, employees, servants, representatives, trustees, counsel or other persons acting or purporting to act on your behalf.

8. The terms "IDENTIFY" or "STATE THE IDENTITY OF" shall mean to state all dates, names of all persons with knowledge, descriptions of the knowledge of each person, and descriptions of all documents relating to your response. In addition:

    a. In the case of meetings or communications, to state the date of the communication or meeting, and all persons present.

    b. In the case of invoices or payments, to state the invoice amounts, invoice dates, payment amounts, payment dates, descriptions of services performed, credits relating to the invoice or payment, and any amendments, modifications, revisions or recalculations of any invoices or payments.

    c. In the case of a person, to state the full name; home and business address and telephone numbers; employer or business affiliation; and occupation and business position held.

    d. In the case of a company, to state the name; if incorporated, the place of incorporation; the principal place of business; and the identity of the person(s) having knowledge of the matter with respect to which the company is named.

    e. In the case of a partnership, to state its principal address and the name and resident address of each general partner.

    f. In the case of a document, to state the identity of the person(s) who prepared it; the sender and all recipients; the title or a description of the general nature of the subject matter, the date of preparation; the date and manner of distribution and publication; the location of each copy; the bates-number(s) (if applicable); the identity of the present custodian; and the identity of the person(s) who can identify it.

    g. In the case of an act or event, to state a complete description of the act or event; when it occurred; where it occurred; the identity of the person(s) performing said act (or omission); the identity of all persons who have knowledge, information or belief about the act; when the act, event, or omission first became known; the

circumstances; the manner in which such knowledge was first obtained; and the documents or other writings which memorialize the instance.

9. The terms "PERSON" and "PERSONS" include without limitation, natural persons, corporations, associations, unincorporated associations, partnerships, and any other governmental or non-governmental entity

10. The terms "RELATE TO," "RELATED TO," "RELATING TO," and "CONCERNING" shall mean mentioning, comprising, consisting, indicating, describing, reflecting, referring, evidencing, regarding, pertaining to, showing, discussing, connected with, memorializing or involving in any way whatsoever the subject matter of the request, including having a legal, factual or logical connection, relationship, correlation, or association with the subject matter of the request. A document may "relate to" an individual or entity without specifically mentioning or discussing that individual or entity by name.

11. The terms "REPRESENTATIVE" and "REPRESENTATIVES" mean a present and former director, officer, employee, agent, attorney, accountant, or any other person acting on behalf of the designated person.

12. The terms "YOU" or "YOUR" refer to the American Civil Liberties Union, its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys or anyone purporting to act on the American Civil Liberties Union's behalf, including any person who served in any such capacity at any time during the relevant time period where specified.

## TIME PERIOD

Unless otherwise specified in an individual document request, this Subpoena seeks documents and information prepared, sent, provided, received, in possession during, or relating to, the period from January 1, 2021 through the date of trial or disposition of this action (the "RELEVANT PERIOD"), or relating to the RELEVANT PERIOD whenever prepared.

## DOCUMENTS TO BE PRODUCED

1. ALL COMMUNICATIONS with The South Carolina State Conference of the NAACP, the NAACP Legal Defense Fund, Inc., the League of Women Voters of South Carolina, and the League of Women Voters or any related organization or entity and their REPRESENTATIVES RELATED TO redistricting in South Carolina.

2. ALL COMMUNICATIONS regarding the CHALLENGED DISTRICTS.

3. ALL COMMUNICATIONS with national, regional, state, or local branches of the NAACP RELATED TO redistricting in South Carolina.

4. ALL COMMUNICATIONS with national, regional, state, or local partisan or political groups RELATED TO redistricting in South Carolina.

3

5. ALL reports, analyses, statistics, or other DOCUMENTS RELATED TO redistricting in South Carolina.

6. ALL COMMUNICATIONS with John Ruoff or ALL other experts, consultants, mapmakers, or any other person involved in analyzing, evaluating, criticizing, or otherwise discussing any map involved in the redistricting process in South Carolina.

7. ALL COMMUNICATIONS with John Ruoff or ALL other experts, consultants, mapmakers, or any other person involved in creating the plan YOU submitted to the House Redistricting Website.

8. ALL draft or alternative versions of the plan YOU submitted to the House Redistricting Website.

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| South Carolina State Conference of the NAACP, et al <br> *Plaintiff* <br> v. <br> Henry D. McMaster, et al. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 3:21-cv-03302-JMC-TJH-RMG <br> ) <br> ) <br> ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: NAACP Legal Defense and Education Fund, Inc.
c/o Leah C. Aden, Esq.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Nexsen Pruet, LLC <br> 1230 Main Street, Suite 700 <br> Columbia, SC 29201 | Date and Time: <br> 02/12/2022 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/02/2022

*CLERK OF COURT*

OR

_____      _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* James Lucas, Chris Murphy, and Wallace Jordan _____, who issues or requests this subpoena, are:

Mark Moore, mmoore@nexsenpruet.com, 803-771-8900

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:21-cv-03302-JMC-TJH-RMG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                                                 *Server's signature*

                                                 *Printed name and title*

                                                 *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

*Subpoena to Produce Documents, Information, or Objects
to the NAACP Legal Defense Fund, Inc.*

## DEFINITIONS

As used herein, the following terms shall have the following meanings:

1. The term "ALL" means any and all.

2. The terms "AND" and "OR" shall be construed disjunctively or conjunctively to bring within the scope of each request all responses which otherwise might be construed to be outside the scope of each request.

3. The term "CHALLENGED DISTRICTS" refers to South Carolina House Districts 7, 8, 9, 11, 41, 43, 51, 54, 55, 57, 59, 60, 63, 67, 70, 72, 73, 74, 75, 76, 77, 78, 79, 90, 91, 93, 101, and 105 in H. 4493 as identified and defined in Paragraph 9 of the Amended Complaint (ECF No. 84).

4. The terms "COMMUNICATION" and "COMMUNICATIONS" shall mean all meetings, interviews, conversations, conferences, discussions, correspondence, messages, telegrams, telefax, electronic mail, mailgrams, and all oral, written, and electronic expressions or other occurrences whereby thoughts, opinions, information, or data are transmitted between two or more persons.

5. The term "CONCERN" or "CONCERNING" means discussing, constituting, evidencing, reflecting, incorporating, effecting, including, or otherwise pertaining or relating to, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request. Requests for "documents concerning" any subject matter include documents concerning communications regarding that subject matter.

6. The term "DEFENDANTS" means Henry D. McMaster, Governor of South Carolina; Thomas C. Alexander, President of the Senate; Luke A. Rankin, Chairman of the Senate Judiciary Committee; James H. Lucas, Speaker of the House of Representatives; Chris Murphy, Chairman of the House of Representatives Judiciary Committee; Wallace H. Jordan, Chairman of the House of Representatives Redistricting Ad Hoc Committee; Howard Knapp, interim Executive Director of the South Carolina State Election Commission; and John Wells (Chair), Joanne Day, Clifford J. Edler, Linda McCall, and Scott Moseley, members of the South Carolina Election Commission.

7. The terms "DOCUMENT" and "DOCUMENTS" shall be interpreted in the broadest possible sense and shall be construed to the full extent of Fed. R. Civ. P. 34, and shall include every original and every non-identical copy of any original of all mechanically written, handwritten, typed or printed material, electronically stored data, microfilm, microfiche, sound recordings, films, photographs, videotapes, slides, and other physical objects or tangible things of every kind and description containing stored information, including but not limited to, transcripts, letters, correspondence, notes, memoranda,

tapes, records, telegrams, electronic mail, facsimiles, periodicals, pamphlets, brochures, circulars, advertisements, leaflets, reports, research studies, test data, working papers, drawings, maps, sketches, diagrams, blueprints, graphs, charts, diaries, logs, manuals, agreements, contracts, rough drafts, analyses, ledgers, inventories, financial information, bank records, receipts, books of account, understandings, minutes of meetings, minute books, resolutions, assignments, computer printouts, purchase orders, invoices, bills of lading, written memoranda or notes of oral communications, and any other tangible thing of whatever nature. These terms also include preliminary drafts or revisions or copies of any such document if the copy is in any way different from the original, now in your possession, custody or control, or in the possession, custody or control of your advisors, agents, employees, servants, representatives, trustees, counsel or other persons acting or purporting to act on your behalf.

8. The terms "IDENTIFY" or "STATE THE IDENTITY OF" shall mean to state all dates, names of all persons with knowledge, descriptions of the knowledge of each person, and descriptions of all documents relating to your response. In addition:

   a. In the case of meetings or communications, to state the date of the communication or meeting, and all persons present.

   b. In the case of invoices or payments, to state the invoice amounts, invoice dates, payment amounts, payment dates, descriptions of services performed, credits relating to the invoice or payment, and any amendments, modifications, revisions or recalculations of any invoices or payments.

   c. In the case of a person, to state the full name; home and business address and telephone numbers; employer or business affiliation; and occupation and business position held.

   d. In the case of a company, to state the name; if incorporated, the place of incorporation; the principal place of business; and the identity of the person(s) having knowledge of the matter with respect to which the company is named.

   e. In the case of a partnership, to state its principal address and the name and resident address of each general partner.

   f. In the case of a document, to state the identity of the person(s) who prepared it; the sender and all recipients; the title or a description of the general nature of the subject matter, the date of preparation; the date and manner of distribution and publication; the location of each copy; the bates-number(s) (if applicable); the identity of the present custodian; and the identity of the person(s) who can identify it.

   g. In the case of an act or event, to state a complete description of the act or event; when it occurred; where it occurred; the identity of the person(s) performing said act (or omission); the identity of all persons who have knowledge, information or belief about the act; when the act, event, or omission first became known; the

circumstances; the manner in which such knowledge was first obtained; and the documents or other writings which memorialize the instance.

9. The terms "PERSON" and "PERSONS" include without limitation, natural persons, corporations, associations, unincorporated associations, partnerships, and any other governmental or non-governmental entity.

10. The terms "RELATE TO," "RELATED TO," "RELATING TO," and "CONCERNING" shall mean mentioning, comprising, consisting, indicating, describing, reflecting, referring, evidencing, regarding, pertaining to, showing, discussing, connected with, memorializing or involving in any way whatsoever the subject matter of the request, including having a legal, factual or logical connection, relationship, correlation, or association with the subject matter of the request.  A document may "relate to" an individual or entity without specifically mentioning or discussing that individual or entity by name.

11. The terms "REPRESENTATIVE" and "REPRESENTATIVES" mean a present and former director, officer, employee, agent, attorney, accountant, or any other person acting on behalf of the designated person.

12. The terms "YOU" or "YOUR" refer to the NAACP Legal Defense Fund, Inc., its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys or anyone purporting to act on the NAACP Legal Defense Fund, Inc. behalf, including any person who served in any such capacity at any time during the relevant time period where specified.

## TIME PERIOD

Unless otherwise specified in an individual document request, this Subpoena seeks documents and information prepared, sent, provided, received, in possession during, or relating to, the period from January 1, 2021 through the date of trial or disposition of this action (the "RELEVANT PERIOD"), or relating to the RELEVANT PERIOD whenever prepared.

## DOCUMENTS TO BE PRODUCED

1. ALL COMMUNICATIONS with The South Carolina State Conference of the NAACP, the League of Women Voters of South Carolina, the League of Women Voters, and the American Civil Liberties Union or any related organization or entity and their REPRESENTATIVES RELATED TO redistricting in South Carolina.

2. ALL COMMUNICATIONS regarding the CHALLENGED DISTRICTS.

3. ALL COMMUNICATIONS with national, regional, state, or local branches of the NAACP RELATED TO redistricting in South Carolina.

4. ALL COMMUNICATIONS with national, regional, state, or local partisan or political groups RELATED TO redistricting in South Carolina.

5. ALL reports, analyses, statistics, or other DOCUMENTS RELATED TO redistricting in South Carolina.

6. ALL COMMUNICATIONS with John Ruoff or ALL other experts, consultants, mapmakers, or any other person involved in analyzing, evaluating, criticizing, or otherwise discussing any map involved in the redistricting process in South Carolina.

7. ALL COMMUNICATIONS with John Ruoff or ALL other experts, consultants, mapmakers, or any other person involved in creating the plan YOU submitted to the House Redistricting Website.

8. ALL draft or alternative versions of the plan YOU submitted to the House Redistricting Website.