# Exhibit 3

# NEXSEN|PRUET

**Mark C. Moore**
Member

March 14, 2022

## VIA ELECTRONIC MAIL

Matt.jones@wilmerhale.com
Matthew T. Jones
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006

Re:     *S.C. State Conf. of the NAACP v. Alexander et al., No. 3:21-cv-03302-JMC-TJH-RMG (D.S.C.)*

Dear Mr. Jones:

Thank you for your letter of March 6, 2022 outlining your objections on behalf of the American Civil Liberties Union Foundation ("ACLU") and the NAACP Legal Defense and Education Fund, Inc. ("NAACP LDF") in response to the subpoenas served by my clients: Representative Lucas, in his official capacity as Speaker of the House of Representatives; Representative Murphy, in his official capacity as Chairman of the House of Representatives Judiciary Committee; and Representative Jordan, in his official capacity as Chairman of the House of Representatives Redistricting Ad Hoc Committee (the "House Defendants") in the above referenced litigation.

At the outset, we'd like to be clear on one point—the subpoenas at issue are directed to the organizational entities (not the attorneys who *voluntarily* accepted service on behalf of those entities) and the information requested in the subpoenas is directly relevant to the subject matter of this litigation. And while we are appreciative of the time spent and effort made in your discussion of the objections, we were taken aback by your stated position that House Defendants should withdraw the subpoenas. While we are willing to have a full and frank discussion with you about scope and open to meaningful engagement on specific provisions to modify in the subpoenas, we do not agree to withdraw them.

Since your first contact on behalf of the subpoenaed entities, it appears to us that you have been closely appraised of ongoing developments in the litigation through some source—and presumably that source is one or more counsels of record for Plaintiff,

Austin

Charleston

Charlotte

**Columbia**

Greensboro

Greenville

Bluffton / Hilton Head

Myrtle Beach

Raleigh

1230 Main Street
Suite 700 (29201)
PO BOX 2426
Columbia, SC  29202
www.nexsenpruet.com

**T** (803) 540-2146
**F** 803.727.1458
**E** MMoore@nexsenpruet.com
Nexsen Pruet, LLC
**Attorneys and Counselors at Law**

Matthew T. Jones
March 14, 2022
Page 2


The South Carolina State Conference of the NAACP ("SC NAACP"). As you know, several of these lawyers are simultaneously serving as counsel of record in the above-referenced matter and as representatives for the subpoenaed entities that are your clients—and the discovery positions taken by SC NAACP in this litigation bear directly on the propriety of our subpoenas and undercut the positions set forth in your letter.

Moreover, your suggestion that relevance is viewed only from the lens of one party's position is untenable and unsupported. While this action centers on SC NAACP's challenge to a handful of the recently enacted South Carolina House Districts, it is not the case that only conceivably relevant information is solely in the possession of the legislative Defendants. While we do not disagree that Plaintiffs bear the burden of proving claims of racial gerrymandering and intentional racial discrimination, House Defendants (and the Court) are not limited to only evidence on those two claims, and House Defendants are well within their rights to conduct discovery on the veracity and substance of SC NAACP's allegations in the case.

Indeed, far from "private parties" whose actions or communications "have no bearing on the claims before the Court" as stated in your letter, the subpoenaed entities have been and continue to be actively engaged in instigating, perpetuating, funding, and directing this action against the South Carolina Legislature. Frankly, it appears that the associational plaintiff in this case is a straw man for a national coalition of public interest groups that are spearheading these claims. Respectfully, you cannot tenably present your clients as virtual strangers to this dispute while simultaneously voicing concerns at the perceived audacity to subpoena documents and information "from opposing counsel" in the litigation—which of course they do not. And to the extent that relationships between the organizational entities and persons participating as counsel for SC NAACP present a conundrum here, it is of your clients' own making—and does not constitute a reason to curtail our clients' discovery rights.

If your client has not already provided them to you, we hope that you will obtain copies of the 2021 SC NAACP Reapportionment Committee Meeting Agendas and Minutes produced in discovery, as these documents clearly demonstrate the active participation of your clients in the pursuit and investigation of the claims that lie at the heart of this case against my clients. Again, the fact that certain individuals have placed themselves in the position of both fact witness and legal counsel is not reason for the subpoenas to be withdrawn.

You should also be aware that during a meet and confer last week, we were told by SC NAACP's counsel that individual participants representing your clients at the Reapportionment Committee Meetings detailed in the above referenced minutes (several of whom are opposing counsel in this action) were not disclosing privileged information when discussing legal strategy and attorney mental impressions and opinions as participants and representatives of your clients prior to and following the

Matthew T. Jones
March 14, 2022
Page 3

filing of this action. Consequently, the documents and information underlying these activities and communications on behalf of your clients are not privileged and confidential—and there is no privilege basis on which to refuse compliance. Quite simply, your clients cannot eat their cake and have it too. Our position is that if there is privilege, there has been a waiver—but if no privilege, then there no barrier to production. In either event, your clients must comply with the lawful subpoenas.

A few related points also bear mention. The few documents produced to us to date by SC NAACP, demonstrate that your clients are in possession of the information that is relevant and necessary to House Defendants' defense of this case. By instigating, pursuing, funding and directing this litigation, your clients are privy to and have discoverable information—and House Defendants are entitled to ascertain facts and information in their possession, such as the identity of the map drawer that drew the maps submitted during the redistricting cycle and prior statements as to the existence of proportional representation within the House Districts. Moreover, the only "record" on which Plaintiffs base much of the claimed inadequacy by House Defendants is a record manufactured by the ACLU and LDF, comprised of self-serving letters and boilerplate testimony presented by various representatives of your clients, including but not limited to, counsel of record for SC NAACP.

Finally, in response to your attempted invocation of associational privilege, federal courts in this circuit have *not* widely adopted associational privilege as a ground for overcoming a Rule 45 subpoena. For example, a district court in this circuit recently found an associational privilege argument to quash a subpoena was "without merit." *Sines v. Kessler*, No. 3:17-CV-00072, 2019 WL 691788, at *3 (W.D. Va. Feb. 19, 2019). The court reasoned that the subpoenas did "not seek information courts have previously found covered by the First Amendment's associational privilege, such as the identities of rank and file members of an advocacy organization, mailing lists and lists of conference attendees, contributor lists, or past political activities of the members of an organization." *Id.* (citing *Sexual Minorities of Uganda v. Lively*, No. 3:12-30051, 2015 WL 4750931, at *3 (D. Mass. Aug. 10, 2015) (internal quotations omitted). To be clear, the subpoenas are not asking for the identity of each and every member of the NAACP LDF or the ACLU. The subpoenas seek very specific information about the very subject matter of this litigation, including the identity of the map drawer that prepared the maps submitted on behalf of SC NAACP and others during the redistricting cycle. The subpoenas do not delve into any of the areas that the courts have listed that may be covered by a First Amendment protection.

When viewed in light of the significant, serious, and unsupported allegations made against House Defendants, we adamantly disagree that the subpoenas are unreasonable, overly broad, unduly burdensome or expensive, are non-proportional to the needs of the case, or being used for any improper purpose. To the contrary, the subpoenas seek documents and information from a very limited time-frame, related to the singular

Matthew T. Jones
March 14, 2022
Page 4

activity of redistricting in one state. It is not unduly burdensome or expensive for the ACLU or LDF, as the creative forces behind this very case with dozens of attorneys from multiple major law firms and clear access to significant resources, to conduct a search of documents and communications from this time period for responsive information as sought in the subpoenas.

If you have specific objections or concerns with respect to the subpoenas, we are more than willing to discuss those and may well agree to reasonable modifications. However, we cannot agree to your request that we withdraw the subpoenas. We look forward to discussing these issues with you further on Tuesday.

Yours Truly,

Mark C. Moore

MCM/lls