# Exhibit 4

| | |
|---|---|
| **From:** | Diamaduros, Konstantine P |
| **To:** | Hindley, John; Hollingsworth, Jennifer J. |
| **Cc:** | Moore, Mark C.; Leah Aden; Colarusso, Gina; Pergament, Adam; jcusick@naacpldf.org; Freedman, John A.; strivedi@aclu.org; chris@boroughsbryant.com; acepedaderieux@aclu.org; achaney@aclusc.org; Antonio Ingram; sosaki@aclu.org; Mathias, Andrew A.; Parente, Michael A.; Barber, Hamilton B.; Wilkins, William W. |
| **Subject:** | RE: Meet and Confer Follow Up [IWOV-NPCOL1.FID2240915] |
| **Date:** | Monday, March 7, 2022 8:01:24 AM |

John:

We are in receipt of your Saturday evening email and, while you have not correctly characterized our positions in certain respects, we look forward to discussing and, if necessary, clarifying those positions with your team during our meet and confer later today. Most of the issues that you raise were first raised by Plaintiffs during the call we initiated on Friday, March 4—while our concerns about the deficiencies in Plaintiffs' responses have been known to your team for weeks. We feel compelled to note that at this stage, we have produced 102,025 pages of discovery to Plaintiffs, while Plaintiffs have only produced 1,170 pages to us (516 by SC NAACP and 654 by Plaintiff Scott). In addition, Plaintiffs have produced copies/duplicates of multiple documents in their productions, so the actual page count for "de-duped" pages of documents produced by Plaintiffs is lower than 1,170.

Accordingly, during today's meet and confer call, we first intend to discuss the deficiencies within Plaintiffs' discovery responses as detailed in prior correspondence and then again in the motion to compel we filed weeks ago—and we expect Plaintiffs to be prepared to discuss each of the issues we raised in that motion. We also expect Plaintiffs to be prepared to address in detail their document collection efforts. To the extent Plaintiffs believe the House is required to search for and produce documents in locations other than those we have already identified, please be prepared to provide specifics with respect to what Plaintiffs are seeking, as well as authority in support of Plaintiffs' positions so that we may appropriately consider those positions.

In addition, since I do not believe you (and possibly others on your team) were present during the February 15, 2022 status conference with the Court, we note that Judge Gergel indicated during the conference that the Court expects the parties to work cooperatively to resolve as many discovery issues as possible before filing motions or otherwise bringing discovery-related issues to the Court's attention. We intend to follow the Court's suggestion and assume Plaintiffs are committed to doing so as well. We look forward to discussing many (if not most of) the outstanding issues during today's call in the hopes of narrowing the issues that ultimately must be resolved by the Court. It is certainly possible that both parties may agree to make other productions as we attempt to work through our issues in good faith.

Best,

**Konstantine P Diamaduros**
Associate
Nexsen Pruet, LLC
104 South Main Street, Suite 900
Greenville, SC 29601

Post Office Box 10648 (29603)
T: 864.282.1173, F: 864.282.1177
KDiamaduros@nexsenpruet.com

*www.nexsenpruet.com*



---

**From:** Hindley, John <John.Hindley@arnoldporter.com>
**Sent:** Saturday, March 5, 2022 11:12 PM
**To:** Hollingsworth, Jennifer J. <JHollingsworth@nexsenpruet.com>
**Cc:** Moore, Mark C. <MMoore@nexsenpruet.com>; Leah Aden <laden@naacpldf.org>; Colarusso, Gina <Gina.Colarusso@arnoldporter.com>; Pergament, Adam <Adam.Pergament@arnoldporter.com>; jcusick@naacpldf.org; Freedman, John A. <John.Freedman@arnoldporter.com>; strivedi@aclu.org; chris@boroughsbryant.com; acepedaderieux@aclu.org; achaney@aclusc.org; Antonio Ingram <aingram@naacpldf.org>; sosaki@aclu.org; Mathias, Andrew A. <AMathias@nexsenpruet.com>; Diamaduros, Konstantine P <KDiamaduros@nexsenpruet.com>; Parente, Michael A. <MParente@nexsenpruet.com>; Barber, Hamilton B. <HBarber@nexsenpruet.com>; Wilkins, William W. <BWilkins@nexsenpruet.com>
**Subject:** Meet and Confer Follow Up

{EXTERNAL EMAIL}

Dear Ms. Hollingsworth:

Thank you for discussing with us the status of House Defendants' document collection and production efforts. This email summarizes the issues discussed with regard to House Defendants' document collection and production. If you believe that any of the points below are incorrect, please let us know immediately. Thank you.

- House Defendants stated that they do not plan on making additional document productions but that there may be further productions when House Defendants review and supplement their privilege logs.
- Identification of certain documents relating to paragraphs 4 and 7 on page three of Ms. Hollingsworth's February 4, 2022 letter. House Defendants stated that they would provide Bates numbers to assist Plaintiffs in identifying these documents. <u>Please provide those.</u>
- House Defendants' search terms. House Defendants stated that they will share with Plaintiffs at the March 7 meeting the search terms that were applied to House Defendants' custodian files. <u>We look forward to seeing those search terms – for sake of efficiency it would be helpful to see the search terms in advance of our meeting on Monday.</u>
- House Defendant's custodial productions for Patrick Dennis, Emma Dean, Thomas Hauger, Jason Elliott, Jimmy Hinson, Jay Jordan, Jay Lucas, Chris Murphy, and Weston Newton.
    - House Defendants stated that they searched these custodians' work email accounts but not their work computers. <u>Plaintiffs request that House Defendants search those</u>

    - custodians' work computers (and any other work-issued device or account) for <u>responsive materials or explain why their work computers (or other work-issued devices or accounts) do not contain responsive materials.  If House Defendants do not agree to do so, please let us know right away.</u>
    - House Defendants stated that they did not search these custodians personal email accounts, their personal devices, texts, instant messages, other messaging services (like WhatsApp).  Plaintiffs' position is that if any of the above custodians have used any of those accounts/devices/means of communication to conduct work or communicate in relation to any work, House Defendants must collect the relevant accounts/devices/means of communication, and search and produce responsive, non-privileged materials that they locate.  <u>If House Defendants disagree, please let us know right away.</u>
- Date parameters applied to House Defendants' document collection.  House Defendants stated that they collected documents back to January 2021 and through the adoption of H. 4993, but that they will confirm the accurate date range at the March 7 meeting.  <u>We look forward to your response on March 7.</u>
- Communications to and from attorneys at Nexsen Pruet.  Counsel for House Defendants stated that they reviewed Nexsen Pruet databases for responsive documents.  Counsel also stated that they have conducted a review to ensure that responsive communications are either produced or included in a privilege log.
- House Defendants' third-party communications.  Counsel for House Defendants stated that they do not believe any consultants were retained by the House Defendants.  To be clear, Plaintiffs seek communications with third parties and organizations regardless of whether they were retained as consultants.  Plaintiffs asked about any third-party communications with organizations such as the Republican State Leadership Conference, the National Republican Redistricting Trust, and the Republican National Committee.
- House Defendants' Attorney Client Privilege and Attorney Work Product Doctrine Claims.  House Defendants are reviewing the documents and communications withheld on the basis of attorney-client privilege and the attorney work product doctrine and will provide an additional privilege log by the end of next week (Friday, March 11, 2022).  Counsel for House Defendants stated that they will likely produce additional communications and documents after their review.
- Constituent emails. Counsel for House Defendants stated that they produced all constituent emails sent to the House Defendants regarding redistricting and further stated that it has not and will not produce such constituent emails for each member of the House.  <u>Please confirm whether House Defendants will produce constituent emails or other written communications sent directly to the House Defendants, the members of the Ad Hoc Redistricting Committee, and any staffers that were involved in redistricting (as opposed to those sent to the broader distlist for SC Redistricting).  If House Defendants believe that they have already produced such communications, please confirm.</u>

Best,

_____

John Hindley

Associate

Arnold & Porter

601 Massachusetts Ave., NW

Washington | District of Columbia 20001-3743

T: +1 202.942.5796

John.Hindley@arnoldporter.com | www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com