# Exhibit A
## (February 14, 2022 Production Letter)

# NEXSEN PRUET

Jennifer J. Hollingsworth
Member
Admitted in SC

February 14, 2022

**VIA ELECTRONIC MAIL ONLY**

Christopher J. Bryant, Esq.
Boroughs Bryant, LLC
1122 Lady Street, Ste. 208
chris@boroughsbryant.com

   Re:  South Carolina State Conference of the NAACP, et al., v.
      Alexander, *et al.*
      Case No. 3:21-cv-03302-JMC-TJH-RMG

Dear Chris,

On behalf of our clients James H. Lucas, in his official capacity as Speaker of the House of Representatives, Chris Murphy, in his official capacity as Chairman of the House of Representatives Judiciary Committee, and Wallace H. Jordan, in his official capacity as Chairman of the House of Representatives Redistricting Ad Hoc Committee (collectively, the "House Defendants"), this letter serves to address the production of documents and information that have occurred to date and are forthcoming following Judge Childs' Order of February 10, 2022 (ECF No. 153).

As you are aware, the House Defendants have made seven (7) productions to Plaintiffs since January 25, 2022, generally comprised of the following categories of information as requested in Plaintiffs' discovery requests:

  First: Emails from the Redistricting@SCHouse.gov account
  (1,852 documents Bates labeled SC_HOUSE_0000001-0010047)

  Second: Documents and information from the House Redistricting websites from the 2001, 2011, and 2021 redistricting cycles
  (2,362 documents Bates labeled SC_HOUSE_0010047-0035735)

  Third: Legislative manuals dating to 1980 as requested in Plaintiffs' Request for Production No. 3

Austin
Charleston
Charlotte
**Columbia**
Greensboro
Greenville
Bluffton / Hilton Head
Myrtle Beach
Raleigh

1230 Main Street
Suite 700 (29201)
PO BOX 2426
Columbia, SC 29202
www.nexsenpruet.com

T (803) 540-2112
F (803) 727-1446
E JHollingsworth@nexsenpruet.com
Nexsen Pruet, LLC
**Attorneys and Counselors at Law**

(158 documents Bates labeled SC_HOUSE_0035736-0061491)

Fourth: Videos of public hearings and files from the South Carolina Election Commission
(32 documents Bates labeled SC_HOUSE_0061492-0061523)

Fifth: Documents and information related to public hearings of the House Redistricting Ad Hoc Committee
(91 documents Bates labeled SC_HOUSE_0061524-0062043)

Sixth: Emails, documents and information of legislators and legislative counsel related to the 2021 redistricting cycle and the development, design and/or revision of H. 4493 and the House Districts adopted therein
(Custodians: Rep. Lucas, Rep. Murphy, Rep. Jordan, General Counsel Dennis, Chief Counsel to House Judiciary Committee Dean)
(2,031 documents Bates labeled SC_HOUSE_0062044-0091616)

Seventh: Emails, documents and information that compromise the files of House Defendants' expert witnesses: Brunell, Trende, and Woodard.
(245 documents Bates labeled SC_HOUSE_0091233-0092808)

With regard to the categories of documents, communications and information that would "broadly address the issue of discriminatory intent in the present redistricting cycle" as identified in the February 10 Order, despite Plaintiffs not undertaking any effort to meet and confer on the scope of Plaintiffs' requests, I offer the following observations and information in accordance with that Order:

1. House Defendants remain amenable to presenting the House witnesses for deposition prior to the close of the discovery period.

2. House Defendants' Eighth Production accompanies this letter and produces the 259 draft maps of House Districts prepared by House Members prior to the enactment of H. 4493, as well as the 236 population data worksheets that accompanied draft maps. These documents were maintained at the House in the Map Room in printed form and are identified as Item Numbers 1 through 495 on the Privilege Log of House Defendants. The Bates range is SC_HOUSE_0091617-0091232.

Separately, we are finalizing for production to Plaintiffs the electronic versions of maps and related data created during the course of the development, design and/or revision of H. 4493. While we expect it may take another 24 hours to

finalize the production set, we can make the electronic files themselves available for your review this afternoon in the interim.

3. House Defendants are unclear what documents the Court or Plaintiffs may consider to be related "in any manner to the intent" behind any proposed design and/or revisions of H. 4493 or any Challenged District in Plaintiffs' Second Amended Complaint, but we believe the productions through today comport with the expectations of this item.

4. House Defendants have produced documents related to any racially polarized voting analysis generated during the development, design and/or revision of H. 4493 that are not protected by attorney/client privilege and/or the work product doctrine.

5. House Defendants have previously provided the information sought by this item in answers to Plaintiffs' interrogatories.

6. House Defendants have previously provided documents produced and/or provided by persons not legislators or staff which relate to the development, design and/or revision of H. 4493.

7. House Defendants are unclear what the Court would consider to fall in this category of "documents which address any changes in districts from the existing House Plan to H. 4493;" however, as of today's date House Defendants have produced the responsive documents known to House Defendants, including those identified as legislatively privileged on House Defendants' Privilege Log, and have only withheld those documents that are attorney/client privileged and/or work product.

In addition to the foregoing, we are producing emails and attachments that were identified as legislatively privileged on House Defendants' Privilege Log, these are marked CONFIDENTIAL and Bates labeled SC_HOUSE_0092809-0093043. As you know, the production of draft maps and legislatively privileged documents and communications is over the strong objection of House Defendants and solely as a result of the Court's Order on Plaintiffs' Motion to Compel. These productions and disclosures are made with full reservation of House Defendants' rights to address the discovery rulings on appeal and do not represent a waiver of any rights in this proceeding or future proceedings on the issue of legislative privilege.

Christopher J. Bryant, Esq.
February 14, 2022
Page 4

Finally, please be sure that any counsel that have appeared on behalf of Plaintiffs since entry of the Consent Confidentiality Order (ECF No. 123) familiarize themselves with the restrictions and obligations on the part of counsel and the parties as relate to documents marked CONFIDENTIAL.

Please let me know if you'd like to review the electronic map room files this afternoon.

Very truly yours,

Jennifer J. Hollingsworth

cc:     Counsel of Record