# Exhibit C
**(Plaintiffs' Subpoenas)**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| S.C. State Conference of the NAACP, et. al, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:21-cv-03302-JMC-TJH-RMG |
| Thomas C. Alexander, et. al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Wm. Weston J. Newton, South Carolina State Representative

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached.

| Place: Boroughs Bryant LLC 1122 Lady St., Ste. 208 Columbia, SC 29201 | Date and Time: 03/31/2022 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      03/17/2022

          *CLERK OF COURT*
                                        OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
South Carolina State Conference of the NAACP, Taiwan Scott _____ , who issues or requests this subpoena, are:
Christopher Bryant, tel.: (843) 779-5444, chris@boroughsbryant.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:21-cv-03302-JMC-TJH-RMG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **ATTACHMENT**

### **SUBPOENA FOR PRODUCTION OF DOCUMENTS DIRECTED TO WM. WESTON J. NEWTON, SOUTH CAROLINA STATE REPRESENTATIVE**

For a statement of your obligation in producing documents under this subpoena see Rule 45(e), and (g) of the Federal Rules of Civil Procedure ("Rule"), which appear on the final page of the subpoena. Documents should be produced on or before March 30, 2022. To make arrangements for electronic production, contact Christopher Bryant, Boroughs Bryant LLC, 1122 Lady St., Ste. 208, Columbia, SC 29201, tel.: (843) 779-5444, chris@boroughsbryant.com. The production should be made pursuant to the Definitions and Instructions below.

### **DEFINITIONS**

As used herein, the following terms have the following meanings:

1.   "ALL," "ANY," and "EACH" shall each be construed as encompassing any and all.

2.    "AND" and "OR" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

3.   "CHALLENGED DISTRICTS" means South Carolina House of Representative Districts 7, 8, 9, 11, 41, 43, 51, 54, 55, 57, 59, 60, 63, 67, 70, 72, 73, 74, 75, 76, 77, 78, 79, 90, 91, 93, 101, 105.

4.   "COMMITTEES" refers to the 24-member South Carolina House of Representatives Judiciary Committee chaired by Representative Christopher J. Murphy; the 7-member South Carolina House of Representatives Judiciary Redistricting Ad Hoc Committee chaired by Rep. Wallace H. Jordan, Jr.; the 22-member South Carolina Senate Judiciary Committee chaired by Senator Luke A. Rankin; and the 7-member South Carolina Senate Judiciary Redistricting Subcommittee chaired by Senator Rankin.

5.    "COMMITTEE MEMBERS" refers to any person involved in the duties of the committees, purports to act on the Committees' behalf or any person or entity acting or purporting to act on the Committees' behalf or subject to the Committees' control or is involved in the redistricting work of the committees related to H. 4493.

6.    "COMMUNICATIONS" means the transmittal of information of any kind by and/or through any means, including, but not limited to, emails, email attachments, calendar invitations, PowerPoint presentations, written reports, letters, and the like.

7.    "DISTRICTS BORDERING THE CHALLENGED DISTRICTS" mean South Carolina House of Representative Districts that border in whole or in part the Challenged Districts.

8.    "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and the same in scope as the term "document" as used in Rule 34 and the phrase "writings and recordings" as defined by Rule 1001 of the Federal Rules of Evidence, and includes without limitation any kind of written, typewritten, printed, graphic, or recorded material whatsoever, including without limitation notes, text messages, emails, electronic mail, public or private posts on Facebook, Instagram, or other social media platforms, public or private electronic messages sent via messaging applications or platforms including but not limited to Facebook Messenger, Signal, Slack, Parler or other such platforms, memoranda, letters, reports, studies, electronic mail messages, telegrams, publications, contracts, manuals, business plans, proposals, licenses, drawings, designs, data sheets, diaries, logs, specifications, brochures, product or service descriptions, periodicals, schematics, blueprints, recordings, summaries, pamphlets, books, prospectuses, interoffice and intra office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meeting minutes, databases,

electronic files, software, transcriptions of recordings, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, hotel charges, receipts, freight bills, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records. This shall include all non-identical copies, no matter how prepared; all drafts prepared in connection with such documents, whether used or not; and any deleted or erased documents that may be retrieved from hard drives, floppy disks, electronic back-up files, or any other back-up systems, regardless of location, together with all attachments thereto or enclosures therewith, in your possession, custody or control or any of your attorneys, employees, agents, or representatives.

a.  "DOCUMENT" or "DOCUMENTS" shall include Electronically Stored Information. "ELECTRONICALLY STORED INFORMATION" means electronically stored data on magnetic or optical storage media (including but not limited to hard drives, backup tapes, Jaz and zip drives, floppy disks, CD-ROMs and DVD-ROMs) as an "active" file or files (readily readable by one or more computer applications or forensics software), any electronic files saved as a backup, any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data), and slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and/or RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data), text messages and emails located on any mainframe, server, desktop, or portable device, including cell phones.

9.   "H. 4493" refers to House Bill 4493 as ratified by the South Carolina General Assembly on December 9, 2021, and signed by the Governor of South Carolina on December 10, 2021, and refers to the bill as a whole and/or to any provision thereof.

10.  "MAP ROOM" refers to the virtual and physical room and the process for the development, design, and and/or revisions of proposed and draft state House legislative redistricting maps, H. 4493, and predecessor maps (as defined below) by the South Carolina General Assembly.

11.  "PERSON" means any natural person or any legal entity, including, but not limited to, any business or governmental entity or association.

12.  "PREDECESSOR MAPS" means any previous South Carolina House of Representative redistricting map in whole or in part that were considered, created, developed, and/or proposed by the South Carolina General Assembly.

13.  "RACIALLY POLARIZED" means that there is a consistent relationship between the race of the voter and the way in which the voter votes. It means that "black voters and white voters vote differently." *Thornburg v. Gingles*, 478 U.S. 30, 53, n.21 (1986).

14.   "RELATED TO," "CONCERNING," or "INCLUDING" shall be construed in the broadest sense to mean referring to, describing, reflecting, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, analyzing, constituting, and/or evidencing, in any manner, whether directly or indirectly, the subject matter of the Request.

15.  "THIRD PARTIES" refers to but is not limited to persons and entities who are political consultants, Republican and Democrat party officials, South Carolina state officials,

lobbyists, members of the public, and legislative aides not in the employment of Defendants.

16.  "VOTERS OF COLOR" means anyone who is Black, Hispanic/Latinx, Asian American, or is a member of any other racial minority group, who is eligible or could be eligible to vote.

## INSTRUCTIONS

1.  The responsive documents should be produced in the manner prescribed by the Rules and any applicable laws or rules.

2.  Under Rule 34(b)(2)(B) & (C), if any part of the Request is objected to, the reason for the objection should be stated with particularity. If an objection is made to part of any item or category set forth in a request, that part should be specified. Any ground not stated will be waived.

3.  If, in responding to this request, You encounter any ambiguities when construing a request or definition, set forth in Your response what you find ambiguous and the construction You used in responding.

4.  Each request for production and subparagraphs or subdivisions thereof shall be construed independently, and no request shall be construed as creating a limitation upon any other request.

5.  The documents produced in response to these requests are all responsive documents in your possession, custody, or control, or known to be available to you, regardless of whether such documents are possessed directly by you or your agents, advisors, employees, representatives, attorneys, consultants, successors-in-interest, or other persons or entities acting on your behalf or subject to your control, and whether they are maintained at any of

your locations, offices, archives, or in any other location (including back-up tapes or electronic mail) or with any persons related in any way to you.

6.      Any reference in these document requests to an individual includes any and all agents, advisors, employees, representatives, attorneys, successors-in-interest, and all other persons or entities acting on his, her, or its behalf or under his, her, or its control.

7.      Any reference in these document requests to any corporation, partnership, association, governmental entity or agency, or other entity includes the present and former officers, executives, partners, directors, trustees, employees, agents, representatives, attorneys, accountants and all other persons acting or purporting to act on behalf of such corporation, partnership, association, agency, or entity and any of their parent corporations, holding companies, subsidiaries, affiliates, divisions, departments, predecessors, and/or successors-in-interest.

8.      Where a request calls for information that is not available to you in the form requested, but is available in another form or can be obtained, in whole or in part, from other data in your possession or control, you must so state and either supply the information requested in the form in which it is available, or supply the data from which the information requested can be obtained.

9.      In addition to the responsive document, you shall produce all non-identical copies, including all drafts, of each responsive document.

10.     If any requested document is not or cannot be produced in full, you shall produce it to extent possible, indicating what document or portion of such document is not or cannot be produced and the reason why it is not or cannot be produced.

11.     Each document produced must include all attachments and enclosures.

12.    Documents attached to each other shall not be separated.

13.    Documents not otherwise responsive to a request for production shall be produced if such documents refer to, concern, or explain the documents called for by any request for production and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

14.    In accordance with Rule 34(b), all documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the requests and identify the name of the person from whose files the documents were produced.

15.    Each request shall be responded to separately. Nevertheless, a document that is responsive to more than one request may be produced for one request and incorporated by reference in another response, provided that the relevant, corresponding portion is so labeled or marked.

16.    If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court. Any reference in these document requests to an individual includes any and all agents, advisors, employees, representatives, attorneys, successors-in-interest, and all other persons or entities acting on his, her, or its behalf or under his, her, or its control.

17.    No part of a document request shall be left unanswered because an objection is interposed to another part of the document request. If you object to any document request or sub-part

thereof, state with specificity your objection and all grounds therefore. Any ground not stated will be waived.

18.    All documents are to be produced in electronic form. Documents produced electronically should be produced in native format with all metadata intact. to the extent documents can be accurately represented in black and white, they should be produced in single-page Tagged Image File Format ("TIFF"), together with any related field-delimited load files (e.g., Concordance DAT, CSV, OPT, LOG). Each TIFF document shall be produced with an image load file in standard Opticon (*.log) format that reflects the parent / child relationship and also includes the beginning Bates number; ending Bates number; beginning Attachment Bates number; ending Attaching Bates number; custodian; date sent (for email messages); date modified (for email and non-email messages) where information is available; author (for email and non-email messages); and subject (for email messages). The TIFF images shall also be accompanied by extracted text or, for those files that do not have extracted text upon being processed (such as hard copy documents), optical character recognition ("OCR") text data; such extracted text or OCR text data shall be provided in document level form and named after the TIFF image. Documents that contain redactions shall be OCR'd after the redaction is applied to the image, and the OCR will be produced in place of extracted text at the document level.

19.    If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any request, then in response to each such request you shall:

    a.    produce all documents and information available to you without undertaking what you contend to be an unreasonable burden; and

b.  set forth the particular grounds on which you contend that additional efforts to obtain such documents and information would be unduly burdensome.

20.  If any document is withheld, in whole or in part, under any claim of privilege, including without limitation, the work-product doctrine, attorney-client privilege, deliberative process privilege, or investigative or law enforcement privilege, your answer should provide the following information in a single log:

a.  the type of document;

b.  the date of the document;

c.  the names of its author(s) or preparer(s) and an identification by employment and title of each such person;

d.  the name of each person who was sent or furnished with, received, viewed, or has had custody of the document or a copy thereof together with an identification of each such person;

e.  its title and reference, if any;

f.  a description of the document sufficient to identify it without revealing the information for which privilege is claimed;

g.  the type of privilege asserted;

h.  a description of the subject matter of the document in sufficient detail to allow the Court to adjudicate the validity of the claim for privilege; and

i. the paragraph of this request to which the document relates.

21.  Any requests propounded in the disjunctive shall be read as if propounded in the conjunctive and vice versa. Any request propounded in the singular shall be read as if

propounded in the plural and vice versa. Any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa.

22.     These document requests cover the period from January 1, 2021 to the present, unless otherwise indicated in the request itself. The document requests set forth below encompass all documents and information concerning this period, even though dated, prepared, generated, or received prior to this period.

23.     These document requests are continuing in nature and require further and supplemental production if additional documents are acquired and located following the time of the initial production, to the fullest extent under the Rules and any applicable laws or rules.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1**:

All documents and communications concerning the districts adopted in H. 4493 and Predecessor Maps, including but not limited to all communications with and documents or data provided to, considered, or relied upon by persons who drew, reviewed, approved, or adopted the determination to draw districts as reflected in H. 4493 and Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 2:**

All maps, draft maps, memoranda, reports, analyses, correspondence, or other documents concerning the drawing of the districts adopted in H. 4493 and Predecessor Maps. This request includes, but is not limited to, documents concerning the Racially Polarized voting in the South Carolina electorate, state legislative districts, the role of race in drawing districts, and correspondence between or among You, individuals on any Committee, any map drawers, experts, legislators, members of the South Carolina Legislature, or anyone else concerning the drawing of the districts or any draft maps of the districts considered but not adopted.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications sufficient to show any and all criteria used in drawing and approving the district lines, contours, limits, or boundaries included in the districts adopted in H. 4493 or the Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 4:**

All transcripts, minutes, notes, or other documents concerning any meetings of Committees and any in connection with or in furtherance the adoption of H. 4493 or the Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning the rationale(s) or purpose(s) behind the Challenged Districts and Districts Bordering the Challenged Districts adopted in H. 4493 and any Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications concerning statements in support of or opposition to H. 4493 and any Predecessor Maps, including in support of or opposition to any proposed amendments.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications concerning the impact or potential impact of H. 4493 and any Predecessor Maps on voters of color.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications regarding any concerns, complaints, or comments about the procedure and transparency of the Committees' redistricting process used in the considerations and deliberations regarding H. 4493 and all Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications between You and other individuals, including members of the South Carolina General Assembly and their staff or employees, and organizations and third parties, including the National Republican Redistricting Trust and Fair Lines America, regarding H. 4493, Predecessor Maps, and redistricting in South Carolina.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications between You and other individuals, including members of the South Carolina General Assembly and their staff or employees and third parties, concerning the Map Room regarding H. 4493 and all Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning the Map Room and redistricting in South Carolina.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning oral and written testimony, public comments, and other documents submitted before, during, or after any South Carolina legislative hearing, any Committee meetings, and any House or Senate floor review of H. 4493 and Predecessor Maps.

[SIGNATURE ON FOLLOWING PAGE]

Dated: March 16, 2022

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Adriel I. Cepeda Derieux**
Samantha Osaki**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Adam Pergament**
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com


*Motion for admission Pro Hac Vice*
*forthcoming*
***Admitted Pro Hac Vice*

Respectfully submitted,

/s/ Christopher J. Bryant
Christopher J. Bryant, Fed. ID 12538
BOROUGHS BRYANT, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Jeffrey A. Fuisz**
Paula Ramer**
ARNOLD & PORTER KAYE SCHOLER
LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER
LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

*Counsel for Plaintiffs the South Carolina*
*Conference of the NAACP and Taiwan Scott*

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes*
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

* Motion for admission *Pro Hac Vice*
forthcoming
** Admitted *Pro Hac Vice*

*Counsel for Plaintiff the South Carolina
Conference of the NAACP*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 17, 2022, a true and correct copy of the foregoing was

served on all counsel of record by electronic mail.

<u>/s/ *Christopher Bryant*</u>
Christopher Bryant

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of South Carolina

| | |
|---|---|
| S.C. State Conference of the NAACP, et. al, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:21-cv-03302-JMC-TJH-RMG |
| Thomas C. Alexander, et. al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                     Justin T. Bamberg, South Carolina State Representative

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached.

| Place: Boroughs Bryant LLC<br> 1122 Lady St., Ste. 208<br> Columbia, SC 29201 | Date and Time:<br><br>03/31/2022 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/17/2022

|  CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
South Carolina State Conference of the NAACP, Taiwan Scott _____ , who issues or requests this subpoena, are:
Christopher Bryant, tel.: (843) 779-5444, chris@boroughsbryant.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-03302-JMC-TJH-RMG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT

## SUBPOENA FOR PRODUCTION OF DOCUMENTS DIRECTED TO
## JUSTIN T. BAMBERG, SOUTH CAROLINA STATE REPRESENTATIVE

For a statement of your obligation in producing documents under this subpoena see Rule 45(e), and (g) of the Federal Rules of Civil Procedure ("Rule"), which appear on the final page of the subpoena. Documents should be produced on or before March 30, 2022. To make arrangements for electronic production, contact Christopher Bryant, Boroughs Bryant LLC, 1122 Lady St., Ste. 208, Columbia, SC 29201, tel.: (843) 779-5444, chris@boroughsbryant.com. The production should be made pursuant to the Definitions and Instructions below.

## DEFINITIONS

As used herein, the following terms have the following meanings:

1. "ALL," "ANY," and "EACH" shall each be construed as encompassing any and all.

2. "AND" and "OR" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

3. "CHALLENGED DISTRICTS" means South Carolina House of Representative Districts 7, 8, 9, 11, 41, 43, 51, 54, 55, 57, 59, 60, 63, 67, 70, 72, 73, 74, 75, 76, 77, 78, 79, 90, 91, 93, 101, 105.

4. "COMMITTEES" refers to the 24-member South Carolina House of Representatives Judiciary Committee chaired by Representative Christopher J. Murphy; the 7-member South Carolina House of Representatives Judiciary Redistricting Ad Hoc Committee chaired by Rep. Wallace H. Jordan, Jr.; the 22-member South Carolina Senate Judiciary Committee chaired by Senator Luke A. Rankin; and the 7-member South Carolina Senate Judiciary Redistricting Subcommittee chaired by Senator Rankin.

5.  "COMMITTEE MEMBERS" refers to any person involved in the duties of the committees, purports to act on the Committees' behalf or any person or entity acting or purporting to act on the Committees' behalf or subject to the Committees' control or is involved in the redistricting work of the committees related to H. 4493.

6.  "COMMUNICATIONS" means the transmittal of information of any kind by and/or through any means, including, but not limited to, emails, email attachments, calendar invitations, PowerPoint presentations, written reports, letters, and the like.

7.  "DISTRICTS BORDERING THE CHALLENGED DISTRICTS" mean South Carolina House of Representative Districts that border in whole or in part the Challenged Districts.

8.  "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and the same in scope as the term "document" as used in Rule 34 and the phrase "writings and recordings" as defined by Rule 1001 of the Federal Rules of Evidence, and includes without limitation any kind of written, typewritten, printed, graphic, or recorded material whatsoever, including without limitation notes, text messages, emails, electronic mail, public or private posts on Facebook, Instagram, or other social media platforms, public or private electronic messages sent via messaging applications or platforms including but not limited to Facebook Messenger, Signal, Slack, Parler or other such platforms, memoranda, letters, reports, studies, electronic mail messages, telegrams, publications, contracts, manuals, business plans, proposals, licenses, drawings, designs, data sheets, diaries, logs, specifications, brochures, product or service descriptions, periodicals, schematics, blueprints, recordings, summaries, pamphlets, books, prospectuses, interoffice and intra office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meeting minutes, databases,

electronic files, software, transcriptions of recordings, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, hotel charges, receipts, freight bills, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records. This shall include all non-identical copies, no matter how prepared; all drafts prepared in connection with such documents, whether used or not; and any deleted or erased documents that may be retrieved from hard drives, floppy disks, electronic back-up files, or any other back-up systems, regardless of location, together with all attachments thereto or enclosures therewith, in your possession, custody or control or any of your attorneys, employees, agents, or representatives.

a.  "DOCUMENT" or "DOCUMENTS" shall include Electronically Stored Information. "ELECTRONICALLY STORED INFORMATION" means electronically stored data on magnetic or optical storage media (including but not limited to hard drives, backup tapes, Jaz and zip drives, floppy disks, CD-ROMs and DVD-ROMs) as an "active" file or files (readily readable by one or more computer applications or forensics software), any electronic files saved as a backup, any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data), and slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and/or RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data), text messages and emails located on any mainframe, server, desktop, or portable device, including cell phones.

9.      "H. 4493" refers to House Bill 4493 as ratified by the South Carolina General Assembly on December 9, 2021, and signed by the Governor of South Carolina on December 10, 2021, and refers to the bill as a whole and/or to any provision thereof.

10.     "MAP ROOM" refers to the virtual and physical room and the process for the development, design, and and/or revisions of proposed and draft state House legislative redistricting maps, H. 4493, and predecessor maps (as defined below) by the South Carolina General Assembly.

11.     "PERSON" means any natural person or any legal entity, including, but not limited to, any business or governmental entity or association.

12.     "PREDECESSOR MAPS" means any previous South Carolina House of Representative redistricting map in whole or in part that were considered, created, developed, and/or proposed by the South Carolina General Assembly.

13.     "RACIALLY POLARIZED" means that there is a consistent relationship between the race of the voter and the way in which the voter votes. It means that "black voters and white voters vote differently." *Thornburg v. Gingles*, 478 U.S. 30, 53, n.21 (1986).

14.      "RELATED TO," "CONCERNING," or "INCLUDING" shall be construed in the broadest sense to mean referring to, describing, reflecting, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, analyzing, constituting, and/or evidencing, in any manner, whether directly or indirectly, the subject matter of the Request.

15.     "THIRD PARTIES" refers to but is not limited to persons and entities who are political consultants, Republican and Democrat party officials, South Carolina state officials,

lobbyists, members of the public, and legislative aides not in the employment of Defendants.

16. "VOTERS OF COLOR" means anyone who is Black, Hispanic/Latinx, Asian American, or is a member of any other racial minority group, who is eligible or could be eligible to vote.

## INSTRUCTIONS

1. The responsive documents should be produced in the manner prescribed by the Rules and any applicable laws or rules.

2. Under Rule 34(b)(2)(B) & (C), if any part of the Request is objected to, the reason for the objection should be stated with particularity. If an objection is made to part of any item or category set forth in a request, that part should be specified. Any ground not stated will be waived.

3. If, in responding to this request, You encounter any ambiguities when construing a request or definition, set forth in Your response what you find ambiguous and the construction You used in responding.

4. Each request for production and subparagraphs or subdivisions thereof shall be construed independently, and no request shall be construed as creating a limitation upon any other request.

5. The documents produced in response to these requests are all responsive documents in your possession, custody, or control, or known to be available to you, regardless of whether such documents are possessed directly by you or your agents, advisors, employees, representatives, attorneys, consultants, successors-in-interest, or other persons or entities acting on your behalf or subject to your control, and whether they are maintained at any of

your locations, offices, archives, or in any other location (including back-up tapes or electronic mail) or with any persons related in any way to you.

6. Any reference in these document requests to an individual includes any and all agents, advisors, employees, representatives, attorneys, successors-in-interest, and all other persons or entities acting on his, her, or its behalf or under his, her, or its control.

7. Any reference in these document requests to any corporation, partnership, association, governmental entity or agency, or other entity includes the present and former officers, executives, partners, directors, trustees, employees, agents, representatives, attorneys, accountants and all other persons acting or purporting to act on behalf of such corporation, partnership, association, agency, or entity and any of their parent corporations, holding companies, subsidiaries, affiliates, divisions, departments, predecessors, and/or successors-in-interest.

8. Where a request calls for information that is not available to you in the form requested, but is available in another form or can be obtained, in whole or in part, from other data in your possession or control, you must so state and either supply the information requested in the form in which it is available, or supply the data from which the information requested can be obtained.

9. In addition to the responsive document, you shall produce all non-identical copies, including all drafts, of each responsive document.

10. If any requested document is not or cannot be produced in full, you shall produce it to extent possible, indicating what document or portion of such document is not or cannot be produced and the reason why it is not or cannot be produced.

11. Each document produced must include all attachments and enclosures.

12.    Documents attached to each other shall not be separated.

13.    Documents not otherwise responsive to a request for production shall be produced if such documents refer to, concern, or explain the documents called for by any request for production and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

14.    In accordance with Rule 34(b), all documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the requests and identify the name of the person from whose files the documents were produced.

15.    Each request shall be responded to separately. Nevertheless, a document that is responsive to more than one request may be produced for one request and incorporated by reference in another response, provided that the relevant, corresponding portion is so labeled or marked.

16.    If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court. Any reference in these document requests to an individual includes any and all agents, advisors, employees, representatives, attorneys, successors-in-interest, and all other persons or entities acting on his, her, or its behalf or under his, her, or its control.

17.    No part of a document request shall be left unanswered because an objection is interposed to another part of the document request. If you object to any document request or sub-part

thereof, state with specificity your objection and all grounds therefore. Any ground not stated will be waived.

18.  All documents are to be produced in electronic form. Documents produced electronically should be produced in native format with all metadata intact. to the extent documents can be accurately represented in black and white, they should be produced in single-page Tagged Image File Format ("TIFF"), together with any related field-delimited load files (e.g., Concordance DAT, CSV, OPT, LOG). Each TIFF document shall be produced with an image load file in standard Opticon (*.log) format that reflects the parent / child relationship and also includes the beginning Bates number; ending Bates number; beginning Attachment Bates number; ending Attaching Bates number; custodian; date sent (for email messages); date modified (for email and non-email messages) where information is available; author (for email and non-email messages); and subject (for email messages). The TIFF images shall also be accompanied by extracted text or, for those files that do not have extracted text upon being processed (such as hard copy documents), optical character recognition ("OCR") text data; such extracted text or OCR text data shall be provided in document level form and named after the TIFF image. Documents that contain redactions shall be OCR'd after the redaction is applied to the image, and the OCR will be produced in place of extracted text at the document level.

19.  If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any request, then in response to each such request you shall:

     a.  produce all documents and information available to you without undertaking what you contend to be an unreasonable burden; and

  b. set forth the particular grounds on which you contend that additional efforts to obtain such documents and information would be unduly burdensome.

20. If any document is withheld, in whole or in part, under any claim of privilege, including without limitation, the work-product doctrine, attorney-client privilege, deliberative process privilege, or investigative or law enforcement privilege, your answer should provide the following information in a single log:

  a. the type of document;

  b. the date of the document;

  c. the names of its author(s) or preparer(s) and an identification by employment and title of each such person;

  d. the name of each person who was sent or furnished with, received, viewed, or has had custody of the document or a copy thereof together with an identification of each such person;

  e. its title and reference, if any;

  f. a description of the document sufficient to identify it without revealing the information for which privilege is claimed;

  g. the type of privilege asserted;

  h. a description of the subject matter of the document in sufficient detail to allow the Court to adjudicate the validity of the claim for privilege; and

  i. the paragraph of this request to which the document relates.

21. Any requests propounded in the disjunctive shall be read as if propounded in the conjunctive and vice versa. Any request propounded in the singular shall be read as if

propounded in the plural and vice versa. Any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa.

22. These document requests cover the period from January 1, 2021 to the present, unless otherwise indicated in the request itself. The document requests set forth below encompass all documents and information concerning this period, even though dated, prepared, generated, or received prior to this period.

23. These document requests are continuing in nature and require further and supplemental production if additional documents are acquired and located following the time of the initial production, to the fullest extent under the Rules and any applicable laws or rules.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1**:

All documents and communications concerning the districts adopted in H. 4493 and Predecessor Maps, including but not limited to all communications with and documents or data provided to, considered, or relied upon by persons who drew, reviewed, approved, or adopted the determination to draw districts as reflected in H. 4493 and Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 2:**

All maps, draft maps, memoranda, reports, analyses, correspondence, or other documents concerning the drawing of the districts adopted in H. 4493 and Predecessor Maps. This request includes, but is not limited to, documents concerning the Racially Polarized voting in the South Carolina electorate, state legislative districts, the role of race in drawing districts, and correspondence between or among You, individuals on any Committee, any map drawers, experts, legislators, members of the South Carolina Legislature, or anyone else concerning the drawing of the districts or any draft maps of the districts considered but not adopted.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications sufficient to show any and all criteria used in drawing and approving the district lines, contours, limits, or boundaries included in the districts adopted in H. 4493 or the Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 4:**

All transcripts, minutes, notes, or other documents concerning any meetings of Committees and any in connection with or in furtherance the adoption of H. 4493 or the Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning the rationale(s) or purpose(s) behind the Challenged Districts and Districts Bordering the Challenged Districts adopted in H. 4493 and any Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications concerning statements in support of or opposition to H. 4493 and any Predecessor Maps, including in support of or opposition to any proposed amendments.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications concerning the impact or potential impact of H. 4493 and any Predecessor Maps on voters of color.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications regarding any concerns, complaints, or comments about the procedure and transparency of the Committees' redistricting process used in the considerations and deliberations regarding H. 4493 and all Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications between You and other individuals, including members of the South Carolina General Assembly and their staff or employees, and organizations and third parties, including the National Republican Redistricting Trust and Fair Lines America, regarding H. 4493, Predecessor Maps, and redistricting in South Carolina.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications between You and other individuals, including members of the South Carolina General Assembly and their staff or employees and third parties, concerning the Map Room regarding H. 4493 and all Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning the Map Room and redistricting in South Carolina.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning oral and written testimony, public comments, and other documents submitted before, during, or after any South Carolina legislative hearing, any Committee meetings, and any House or Senate floor review of H. 4493 and Predecessor Maps.

[SIGNATURE ON FOLLOWING PAGE]

Dated: March 16, 2022

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Adriel I. Cepeda Derieux**
Samantha Osaki**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Adam Pergament**
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com


*_Motion for admission Pro Hac Vice
forthcoming_
**_Admitted Pro Hac Vice_

Respectfully submitted,

/s/ Christopher J. Bryant
Christopher J. Bryant, Fed. ID 12538
BOROUGHS BRYANT, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Jeffrey A. Fuisz**
Paula Ramer**
ARNOLD & PORTER KAYE SCHOLER
LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER
LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

_Counsel for Plaintiffs the South Carolina
Conference of the NAACP and Taiwan Scott_

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes*
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

* Motion for admission *Pro Hac Vice*
forthcoming
** Admitted *Pro Hac Vice*

*Counsel for Plaintiff the South Carolina
Conference of the NAACP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 17, 2022, a true and correct copy of the foregoing was

served on all counsel of record by electronic mail.

<u>/s/ *Christopher Bryant*</u>
Christopher Bryant

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of South Carolina

| | |
|---|---|
| S.C. State Conference of the NAACP, et. al, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:21-cv-03302-JMC-TJH-RMG |
| Thomas C. Alexander, et. al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:　　　　　　Jason Elliott, South Carolina State Representative

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached.

| Place: Boroughs Bryant LLC　1122 Lady St., Ste. 208　Columbia, SC 29201 | Date and Time:　　03/31/2022 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

　　　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:　　03/17/2022

　　　　　　　　　　*CLERK OF COURT*
　　　　　　　　　　　　　　　　　　　OR

_____　　　_____
*Signature of Clerk or Deputy Clerk*　　　　　*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
South Carolina State Conference of the NAACP, Taiwan Scott _____ , who issues or requests this subpoena, are:
Christopher Bryant, tel.: (843) 779-5444, chris@boroughsbryant.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:21-cv-03302-JMC-TJH-RMG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT

## SUBPOENA FOR PRODUCTION OF DOCUMENTS DIRECTED TO JASON ELLIOTT, SOUTH CAROLINA STATE REPRESENTATIVE

For a statement of your obligation in producing documents under this subpoena see Rule 45(e), and (g) of the Federal Rules of Civil Procedure ("Rule"), which appear on the final page of the subpoena. Documents should be produced on or before March 30, 2022.  To make arrangements for electronic production, contact Christopher Bryant, Boroughs Bryant LLC, 1122 Lady St., Ste. 208, Columbia, SC 29201, tel.: (843) 779-5444, chris@boroughsbryant.com. The production should be made pursuant to the Definitions and Instructions below.

## DEFINITIONS

As used herein, the following terms have the following meanings:

1.  "ALL," "ANY," and "EACH" shall each be construed as encompassing any and all.

2.   "AND" and "OR" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

3.  "CHALLENGED DISTRICTS" means South Carolina House of Representative Districts 7, 8, 9, 11, 41, 43, 51, 54, 55, 57, 59, 60, 63, 67, 70, 72, 73, 74, 75, 76, 77, 78, 79, 90, 91, 93, 101, 105.

4.  "COMMITTEES" refers to the 24-member South Carolina House of Representatives Judiciary Committee chaired by Representative Christopher J. Murphy; the 7-member South Carolina House of Representatives Judiciary Redistricting Ad Hoc Committee chaired by Rep. Wallace H. Jordan, Jr.; the 22-member South Carolina Senate Judiciary Committee chaired by Senator Luke A. Rankin; and the 7-member South Carolina Senate Judiciary Redistricting Subcommittee chaired by Senator Rankin.

5.    "COMMITTEE MEMBERS" refers to any person involved in the duties of the committees, purports to act on the Committees' behalf or any person or entity acting or purporting to act on the Committees' behalf or subject to the Committees' control or is involved in the redistricting work of the committees related to H. 4493.

6.    "COMMUNICATIONS" means the transmittal of information of any kind by and/or through any means, including, but not limited to, emails, email attachments, calendar invitations, PowerPoint presentations, written reports, letters, and the like.

7.    "DISTRICTS BORDERING THE CHALLENGED DISTRICTS" mean South Carolina House of Representative Districts that border in whole or in part the Challenged Districts.

8.    "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and the same in scope as the term "document" as used in Rule 34 and the phrase "writings and recordings" as defined by Rule 1001 of the Federal Rules of Evidence, and includes without limitation any kind of written, typewritten, printed, graphic, or recorded material whatsoever, including without limitation notes, text messages, emails, electronic mail, public or private posts on Facebook, Instagram, or other social media platforms, public or private electronic messages sent via messaging applications or platforms including but not limited to Facebook Messenger, Signal, Slack, Parler or other such platforms, memoranda, letters, reports, studies, electronic mail messages, telegrams, publications, contracts, manuals, business plans, proposals, licenses, drawings, designs, data sheets, diaries, logs, specifications, brochures, product or service descriptions, periodicals, schematics, blueprints, recordings, summaries, pamphlets, books, prospectuses, interoffice and intra office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meeting minutes, databases,

electronic files, software, transcriptions of recordings, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, hotel charges, receipts, freight bills, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records. This shall include all non-identical copies, no matter how prepared; all drafts prepared in connection with such documents, whether used or not; and any deleted or erased documents that may be retrieved from hard drives, floppy disks, electronic back-up files, or any other back-up systems, regardless of location, together with all attachments thereto or enclosures therewith, in your possession, custody or control or any of your attorneys, employees, agents, or representatives.

a. "DOCUMENT" or "DOCUMENTS" shall include Electronically Stored Information. "ELECTRONICALLY STORED INFORMATION" means electronically stored data on magnetic or optical storage media (including but not limited to hard drives, backup tapes, Jaz and zip drives, floppy disks, CD-ROMs and DVD-ROMs) as an "active" file or files (readily readable by one or more computer applications or forensics software), any electronic files saved as a backup, any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data), and slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and/or RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data), text messages and emails located on any mainframe, server, desktop, or portable device, including cell phones.

9.    "H. 4493" refers to House Bill 4493 as ratified by the South Carolina General Assembly on December 9, 2021, and signed by the Governor of South Carolina on December 10, 2021, and refers to the bill as a whole and/or to any provision thereof.

10.    "MAP ROOM" refers to the virtual and physical room and the process for the development, design, and and/or revisions of proposed and draft state House legislative redistricting maps, H. 4493, and predecessor maps (as defined below) by the South Carolina General Assembly.

11.    "PERSON" means any natural person or any legal entity, including, but not limited to, any business or governmental entity or association.

12.    "PREDECESSOR MAPS" means any previous South Carolina House of Representative redistricting map in whole or in part that were considered, created, developed, and/or proposed by the South Carolina General Assembly.

13.    "RACIALLY POLARIZED" means that there is a consistent relationship between the race of the voter and the way in which the voter votes. It means that "black voters and white voters vote differently." *Thornburg v. Gingles*, 478 U.S. 30, 53, n.21 (1986).

14.     "RELATED TO," "CONCERNING," or "INCLUDING" shall be construed in the broadest sense to mean referring to, describing, reflecting, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, analyzing, constituting, and/or evidencing, in any manner, whether directly or indirectly, the subject matter of the Request.

15.    "THIRD PARTIES" refers to but is not limited to persons and entities who are political consultants, Republican and Democrat party officials, South Carolina state officials,

lobbyists, members of the public, and legislative aides not in the employment of Defendants.

16. "VOTERS OF COLOR" means anyone who is Black, Hispanic/Latinx, Asian American, or is a member of any other racial minority group, who is eligible or could be eligible to vote.

## **INSTRUCTIONS**

1. The responsive documents should be produced in the manner prescribed by the Rules and any applicable laws or rules.

2. Under Rule 34(b)(2)(B) & (C), if any part of the Request is objected to, the reason for the objection should be stated with particularity. If an objection is made to part of any item or category set forth in a request, that part should be specified. Any ground not stated will be waived.

3. If, in responding to this request, You encounter any ambiguities when construing a request or definition, set forth in Your response what you find ambiguous and the construction You used in responding.

4. Each request for production and subparagraphs or subdivisions thereof shall be construed independently, and no request shall be construed as creating a limitation upon any other request.

5. The documents produced in response to these requests are all responsive documents in your possession, custody, or control, or known to be available to you, regardless of whether such documents are possessed directly by you or your agents, advisors, employees, representatives, attorneys, consultants, successors-in-interest, or other persons or entities acting on your behalf or subject to your control, and whether they are maintained at any of

your locations, offices, archives, or in any other location (including back-up tapes or electronic mail) or with any persons related in any way to you.

6.      Any reference in these document requests to an individual includes any and all agents, advisors, employees, representatives, attorneys, successors-in-interest, and all other persons or entities acting on his, her, or its behalf or under his, her, or its control.

7.      Any reference in these document requests to any corporation, partnership, association, governmental entity or agency, or other entity includes the present and former officers, executives, partners, directors, trustees, employees, agents, representatives, attorneys, accountants and all other persons acting or purporting to act on behalf of such corporation, partnership, association, agency, or entity and any of their parent corporations, holding companies, subsidiaries, affiliates, divisions, departments, predecessors, and/or successors-in-interest.

8.      Where a request calls for information that is not available to you in the form requested, but is available in another form or can be obtained, in whole or in part, from other data in your possession or control, you must so state and either supply the information requested in the form in which it is available, or supply the data from which the information requested can be obtained.

9.      In addition to the responsive document, you shall produce all non-identical copies, including all drafts, of each responsive document.

10.     If any requested document is not or cannot be produced in full, you shall produce it to extent possible, indicating what document or portion of such document is not or cannot be produced and the reason why it is not or cannot be produced.

11.     Each document produced must include all attachments and enclosures.

12.     Documents attached to each other shall not be separated.

13.     Documents not otherwise responsive to a request for production shall be produced if such documents refer to, concern, or explain the documents called for by any request for production and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

14.     In accordance with Rule 34(b), all documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the requests and identify the name of the person from whose files the documents were produced.

15.     Each request shall be responded to separately. Nevertheless, a document that is responsive to more than one request may be produced for one request and incorporated by reference in another response, provided that the relevant, corresponding portion is so labeled or marked.

16.     If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court. Any reference in these document requests to an individual includes any and all agents, advisors, employees, representatives, attorneys, successors-in-interest, and all other persons or entities acting on his, her, or its behalf or under his, her, or its control.

17.     No part of a document request shall be left unanswered because an objection is interposed to another part of the document request. If you object to any document request or sub-part

thereof, state with specificity your objection and all grounds therefore. Any ground not stated will be waived.

18. All documents are to be produced in electronic form. Documents produced electronically should be produced in native format with all metadata intact. to the extent documents can be accurately represented in black and white, they should be produced in single-page Tagged Image File Format ("TIFF"), together with any related field-delimited load files (e.g., Concordance DAT, CSV, OPT, LOG). Each TIFF document shall be produced with an image load file in standard Opticon (*.log) format that reflects the parent / child relationship and also includes the beginning Bates number; ending Bates number; beginning Attachment Bates number; ending Attaching Bates number; custodian; date sent (for email messages); date modified (for email and non-email messages) where information is available; author (for email and non-email messages); and subject (for email messages). The TIFF images shall also be accompanied by extracted text or, for those files that do not have extracted text upon being processed (such as hard copy documents), optical character recognition ("OCR") text data; such extracted text or OCR text data shall be provided in document level form and named after the TIFF image. Documents that contain redactions shall be OCR'd after the redaction is applied to the image, and the OCR will be produced in place of extracted text at the document level.

19. If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any request, then in response to each such request you shall:

    a. produce all documents and information available to you without undertaking what you contend to be an unreasonable burden; and

      b.  set forth the particular grounds on which you contend that additional efforts to

      obtain such documents and information would be unduly burdensome.

20.    If any document is withheld, in whole or in part, under any claim of privilege, including

without limitation, the work-product doctrine, attorney-client privilege, deliberative

process privilege, or investigative or law enforcement privilege, your answer should

provide the following information in a single log:

      a.  the type of document;

      b.  the date of the document;

      c.  the names of its author(s) or preparer(s) and an identification by

      employment and title of each such person;

      d.  the name of each person who was sent or furnished with, received, viewed,

      or has had custody of the document or a copy thereof together with an

      identification of each such person;

      e.  its title and reference, if any;

      f.  a description of the document sufficient to identify it without revealing the

      information for which privilege is claimed;

      g.  the type of privilege asserted;

      h.  a description of the subject matter of the document in sufficient detail to

      allow the Court to adjudicate the validity of the claim for privilege; and

      i. the paragraph of this request to which the document relates.

21.    Any requests propounded in the disjunctive shall be read as if propounded in the

conjunctive and vice versa. Any request propounded in the singular shall be read as if

propounded in the plural and vice versa. Any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa.

22. These document requests cover the period from January 1, 2021 to the present, unless otherwise indicated in the request itself. The document requests set forth below encompass all documents and information concerning this period, even though dated, prepared, generated, or received prior to this period.

23. These document requests are continuing in nature and require further and supplemental production if additional documents are acquired and located following the time of the initial production, to the fullest extent under the Rules and any applicable laws or rules.

## <u>DOCUMENTS REQUESTED</u>

**<u>REQUEST FOR PRODUCTION NO. 1</u>:**

All documents and communications concerning the districts adopted in H. 4493 and Predecessor Maps, including but not limited to all communications with and documents or data provided to, considered, or relied upon by persons who drew, reviewed, approved, or adopted the determination to draw districts as reflected in H. 4493 and Predecessor Maps.

**<u>REQUEST FOR PRODUCTION NO. 2</u>:**

All maps, draft maps, memoranda, reports, analyses, correspondence, or other documents concerning the drawing of the districts adopted in H. 4493 and Predecessor Maps. This request includes, but is not limited to, documents concerning the Racially Polarized voting in the South Carolina electorate, state legislative districts, the role of race in drawing districts, and correspondence between or among You, individuals on any Committee, any map drawers, experts, legislators, members of the South Carolina Legislature, or anyone else concerning the drawing of the districts or any draft maps of the districts considered but not adopted.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications sufficient to show any and all criteria used in drawing and approving the district lines, contours, limits, or boundaries included in the districts adopted in H. 4493 or the Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 4:**

All transcripts, minutes, notes, or other documents concerning any meetings of Committees and any in connection with or in furtherance the adoption of H. 4493 or the Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning the rationale(s) or purpose(s) behind the Challenged Districts and Districts Bordering the Challenged Districts adopted in H. 4493 and any Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications concerning statements in support of or opposition to H. 4493 and any Predecessor Maps, including in support of or opposition to any proposed amendments.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications concerning the impact or potential impact of H. 4493 and any Predecessor Maps on voters of color.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications regarding any concerns, complaints, or comments about the procedure and transparency of the Committees' redistricting process used in the considerations and deliberations regarding H. 4493 and all Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications between You and other individuals, including members of the South Carolina General Assembly and their staff or employees, and organizations and third parties, including the National Republican Redistricting Trust and Fair Lines America, regarding H. 4493, Predecessor Maps, and redistricting in South Carolina.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications between You and other individuals, including members of the South Carolina General Assembly and their staff or employees and third parties, concerning the Map Room regarding H. 4493 and all Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning the Map Room and redistricting in South Carolina.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning oral and written testimony, public comments, and other documents submitted before, during, or after any South Carolina legislative hearing, any Committee meetings, and any House or Senate floor review of H. 4493 and Predecessor Maps.

[SIGNATURE ON FOLLOWING PAGE]

Dated: March 16, 2022

Respectfully submitted,

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Adriel I. Cepeda Derieux**
Samantha Osaki**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Adam Pergament**
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com

*Motion for admission Pro Hac Vice
forthcoming
**Admitted Pro Hac Vice*

/s/ Christopher J. Bryant
Christopher J. Bryant, Fed. ID 12538
BOROUGHS BRYANT, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Jeffrey A. Fuisz**
Paula Ramer**
ARNOLD & PORTER KAYE SCHOLER
LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER
LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

*Counsel for Plaintiffs the South Carolina
Conference of the NAACP and Taiwan Scott*

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes*
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

* Motion for admission *Pro Hac Vice*
forthcoming
** Admitted *Pro Hac Vice*

*Counsel for Plaintiff the South Carolina
Conference of the NAACP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 17, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

<u>/s/ *Christopher Bryant*</u>
Christopher Bryant

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| S.C. State Conference of the NAACP, et. al, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:21-cv-03302-JMC-TJH-RMG |
| Thomas C. Alexander, et. al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Neal A. Collins, South Carolina State Representative

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached

| Place: Boroughs Bryant LLC<br>  1122 Lady St., Ste. 208<br>  Columbia, SC 29201 | Date and Time:<br><br> 03/31/2022 12:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/17/2022

           *CLERK OF COURT*
                                              OR

_____              _____
  *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
South Carolina State Conference of the NAACP, Taiwan Scott _____ , who issues or requests this subpoena, are:
Christopher Bryant, tel.: (843) 779-5444, chris@boroughsbryant.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:21-cv-03302-JMC-TJH-RMG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT

## SUBPOENA FOR PRODUCTION OF DOCUMENTS DIRECTED TO
## NEAL A. COLLINS, SOUTH CAROLINA STATE REPRESENTATIVE

For a statement of your obligation in producing documents under this subpoena see Rule

45(e), and (g) of the Federal Rules of Civil Procedure ("Rule"), which appear on the final page

of the subpoena. Documents should be produced on or before March 30, 2022.  To make

arrangements for electronic production, contact Christopher Bryant, Boroughs Bryant LLC, 1122

Lady St., Ste. 208, Columbia, SC 29201, tel.: (843) 779-5444, chris@boroughsbryant.com. The

production should be made pursuant to the Definitions and Instructions below.

## DEFINITIONS

As used herein, the following terms have the following meanings:

1.    "ALL," "ANY," and "EACH" shall each be construed as encompassing any and all.

2.     "AND" and "OR" shall be construed either disjunctively or conjunctively, as necessary,

to bring within the scope of the Request all responses that might otherwise be construed to

be outside of its scope.

3.    "CHALLENGED DISTRICTS" means South Carolina House of Representative Districts

7, 8, 9, 11, 41, 43, 51, 54, 55, 57, 59, 60, 63, 67, 70, 72, 73, 74, 75, 76, 77, 78, 79, 90, 91,

93, 101, 105.

4.    "COMMITTEES" refers to the 24-member South Carolina House of Representatives

Judiciary Committee chaired by Representative Christopher J. Murphy; the 7-member

South Carolina House of Representatives Judiciary Redistricting Ad Hoc Committee

chaired by Rep. Wallace H. Jordan, Jr.; the 22-member South Carolina Senate Judiciary

Committee chaired by Senator Luke A. Rankin; and the 7-member South Carolina Senate

Judiciary Redistricting Subcommittee chaired by Senator Rankin.

5.    "COMMITTEE MEMBERS" refers to any person involved in the duties of the committees, purports to act on the Committees' behalf or any person or entity acting or purporting to act on the Committees' behalf or subject to the Committees' control or is involved in the redistricting work of the committees related to H. 4493.

6.    "COMMUNICATIONS" means the transmittal of information of any kind by and/or through any means, including, but not limited to, emails, email attachments, calendar invitations, PowerPoint presentations, written reports, letters, and the like.

7.    "DISTRICTS BORDERING THE CHALLENGED DISTRICTS" mean South Carolina House of Representative Districts that border in whole or in part the Challenged Districts.

8.    "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and the same in scope as the term "document" as used in Rule 34 and the phrase "writings and recordings" as defined by Rule 1001 of the Federal Rules of Evidence, and includes without limitation any kind of written, typewritten, printed, graphic, or recorded material whatsoever, including without limitation notes, text messages, emails, electronic mail, public or private posts on Facebook, Instagram, or other social media platforms, public or private electronic messages sent via messaging applications or platforms including but not limited to Facebook Messenger, Signal, Slack, Parler or other such platforms, memoranda, letters, reports, studies, electronic mail messages, telegrams, publications, contracts, manuals, business plans, proposals, licenses, drawings, designs, data sheets, diaries, logs, specifications, brochures, product or service descriptions, periodicals, schematics, blueprints, recordings, summaries, pamphlets, books, prospectuses, interoffice and intra office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meeting minutes, databases,

electronic files, software, transcriptions of recordings, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, hotel charges, receipts, freight bills, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records. This shall include all non-identical copies, no matter how prepared; all drafts prepared in connection with such documents, whether used or not; and any deleted or erased documents that may be retrieved from hard drives, floppy disks, electronic back-up files, or any other back-up systems, regardless of location, together with all attachments thereto or enclosures therewith, in your possession, custody or control or any of your attorneys, employees, agents, or representatives.

a.  "DOCUMENT" or "DOCUMENTS" shall include Electronically Stored Information. "ELECTRONICALLY STORED INFORMATION" means electronically stored data on magnetic or optical storage media (including but not limited to hard drives, backup tapes, Jaz and zip drives, floppy disks, CD-ROMs and DVD-ROMs) as an "active" file or files (readily readable by one or more computer applications or forensics software), any electronic files saved as a backup, any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data), and slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and/or RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data), text messages and emails located on any mainframe, server, desktop, or portable device, including cell phones.

9.    "H. 4493" refers to House Bill 4493 as ratified by the South Carolina General Assembly on December 9, 2021, and signed by the Governor of South Carolina on December 10, 2021, and refers to the bill as a whole and/or to any provision thereof.

10.    "MAP ROOM" refers to the virtual and physical room and the process for the development, design, and and/or revisions of proposed and draft state House legislative redistricting maps, H. 4493, and predecessor maps (as defined below) by the South Carolina General Assembly.

11.    "PERSON" means any natural person or any legal entity, including, but not limited to, any business or governmental entity or association.

12.    "PREDECESSOR MAPS" means any previous South Carolina House of Representative redistricting map in whole or in part that were considered, created, developed, and/or proposed by the South Carolina General Assembly.

13.    "RACIALLY POLARIZED" means that there is a consistent relationship between the race of the voter and the way in which the voter votes. It means that "black voters and white voters vote differently." *Thornburg v. Gingles*, 478 U.S. 30, 53, n.21 (1986).

14.    "RELATED TO," "CONCERNING," or "INCLUDING" shall be construed in the broadest sense to mean referring to, describing, reflecting, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, analyzing, constituting, and/or evidencing, in any manner, whether directly or indirectly, the subject matter of the Request.

15.    "THIRD PARTIES" refers to but is not limited to persons and entities who are political consultants, Republican and Democrat party officials, South Carolina state officials,

lobbyists, members of the public, and legislative aides not in the employment of Defendants.

16.     "VOTERS OF COLOR" means anyone who is Black, Hispanic/Latinx, Asian American, or is a member of any other racial minority group, who is eligible or could be eligible to vote.

## INSTRUCTIONS

1.      The responsive documents should be produced in the manner prescribed by the Rules and any applicable laws or rules.

2.      Under Rule 34(b)(2)(B) & (C), if any part of the Request is objected to, the reason for the objection should be stated with particularity. If an objection is made to part of any item or category set forth in a request, that part should be specified. Any ground not stated will be waived.

3.      If, in responding to this request, You encounter any ambiguities when construing a request or definition, set forth in Your response what you find ambiguous and the construction You used in responding.

4.      Each request for production and subparagraphs or subdivisions thereof shall be construed independently, and no request shall be construed as creating a limitation upon any other request.

5.      The documents produced in response to these requests are all responsive documents in your possession, custody, or control, or known to be available to you, regardless of whether such documents are possessed directly by you or your agents, advisors, employees, representatives, attorneys, consultants, successors-in-interest, or other persons or entities acting on your behalf or subject to your control, and whether they are maintained at any of

your locations, offices, archives, or in any other location (including back-up tapes or electronic mail) or with any persons related in any way to you.

6. Any reference in these document requests to an individual includes any and all agents, advisors, employees, representatives, attorneys, successors-in-interest, and all other persons or entities acting on his, her, or its behalf or under his, her, or its control.

7. Any reference in these document requests to any corporation, partnership, association, governmental entity or agency, or other entity includes the present and former officers, executives, partners, directors, trustees, employees, agents, representatives, attorneys, accountants and all other persons acting or purporting to act on behalf of such corporation, partnership, association, agency, or entity and any of their parent corporations, holding companies, subsidiaries, affiliates, divisions, departments, predecessors, and/or successors-in-interest.

8. Where a request calls for information that is not available to you in the form requested, but is available in another form or can be obtained, in whole or in part, from other data in your possession or control, you must so state and either supply the information requested in the form in which it is available, or supply the data from which the information requested can be obtained.

9. In addition to the responsive document, you shall produce all non-identical copies, including all drafts, of each responsive document.

10. If any requested document is not or cannot be produced in full, you shall produce it to extent possible, indicating what document or portion of such document is not or cannot be produced and the reason why it is not or cannot be produced.

11. Each document produced must include all attachments and enclosures.

12.   Documents attached to each other shall not be separated.

13.   Documents not otherwise responsive to a request for production shall be produced if such documents refer to, concern, or explain the documents called for by any request for production and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

14.   In accordance with Rule 34(b), all documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the requests and identify the name of the person from whose files the documents were produced.

15.   Each request shall be responded to separately. Nevertheless, a document that is responsive to more than one request may be produced for one request and incorporated by reference in another response, provided that the relevant, corresponding portion is so labeled or marked.

16.   If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court. Any reference in these document requests to an individual includes any and all agents, advisors, employees, representatives, attorneys, successors-in-interest, and all other persons or entities acting on his, her, or its behalf or under his, her, or its control.

17.   No part of a document request shall be left unanswered because an objection is interposed to another part of the document request. If you object to any document request or sub-part

thereof, state with specificity your objection and all grounds therefore. Any ground not stated will be waived.

18.    All documents are to be produced in electronic form. Documents produced electronically should be produced in native format with all metadata intact. to the extent documents can be accurately represented in black and white, they should be produced in single-page Tagged Image File Format ("TIFF"), together with any related field-delimited load files (e.g., Concordance DAT, CSV, OPT, LOG).  Each TIFF document shall be produced with an image load file in standard Opticon (*.log) format that reflects the parent / child relationship and also includes the beginning Bates number; ending Bates number; beginning Attachment Bates number; ending Attaching Bates number; custodian; date sent (for email messages); date modified (for email and non-email messages) where information is available; author (for email and non-email messages); and subject (for email messages). The TIFF images shall also be accompanied by extracted text or, for those files that do not have extracted text upon being processed (such as hard copy documents), optical character recognition ("OCR") text data; such extracted text or OCR text data shall be provided in document level form and named after the TIFF image.  Documents that contain redactions shall be OCR'd after the redaction is applied to the image, and the OCR will be produced in place of extracted text at the document level.

19.    If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any request, then in response to each such request you shall:

    a.    produce all documents and information available to you without undertaking what you contend to be an unreasonable burden; and

b. set forth the particular grounds on which you contend that additional efforts to obtain such documents and information would be unduly burdensome.

20. If any document is withheld, in whole or in part, under any claim of privilege, including without limitation, the work-product doctrine, attorney-client privilege, deliberative process privilege, or investigative or law enforcement privilege, your answer should provide the following information in a single log:

a. the type of document;

b. the date of the document;

c. the names of its author(s) or preparer(s) and an identification by employment and title of each such person;

d. the name of each person who was sent or furnished with, received, viewed, or has had custody of the document or a copy thereof together with an identification of each such person;

e. its title and reference, if any;

f. a description of the document sufficient to identify it without revealing the information for which privilege is claimed;

g. the type of privilege asserted;

h. a description of the subject matter of the document in sufficient detail to allow the Court to adjudicate the validity of the claim for privilege; and

i. the paragraph of this request to which the document relates.

21. Any requests propounded in the disjunctive shall be read as if propounded in the conjunctive and vice versa. Any request propounded in the singular shall be read as if

propounded in the plural and vice versa. Any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa.

22.    These document requests cover the period from January 1, 2021 to the present, unless otherwise indicated in the request itself. The document requests set forth below encompass all documents and information concerning this period, even though dated, prepared, generated, or received prior to this period.

23.    These document requests are continuing in nature and require further and supplemental production if additional documents are acquired and located following the time of the initial production, to the fullest extent under the Rules and any applicable laws or rules.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1**:

All documents and communications concerning the districts adopted in H. 4493 and Predecessor Maps, including but not limited to all communications with and documents or data provided to, considered, or relied upon by persons who drew, reviewed, approved, or adopted the determination to draw districts as reflected in H. 4493 and Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 2**:

All maps, draft maps, memoranda, reports, analyses, correspondence, or other documents concerning the drawing of the districts adopted in H. 4493 and Predecessor Maps. This request includes, but is not limited to, documents concerning the Racially Polarized voting in the South Carolina electorate, state legislative districts, the role of race in drawing districts, and correspondence between or among You, individuals on any Committee, any map drawers, experts, legislators, members of the South Carolina Legislature, or anyone else concerning the drawing of the districts or any draft maps of the districts considered but not adopted.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications sufficient to show any and all criteria used in drawing and approving the district lines, contours, limits, or boundaries included in the districts adopted in H. 4493 or the Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 4:**

All transcripts, minutes, notes, or other documents concerning any meetings of Committees and any in connection with or in furtherance the adoption of H. 4493 or the Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications concerning the rationale(s) or purpose(s) behind the Challenged Districts and Districts Bordering the Challenged Districts adopted in H. 4493 and any Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications concerning statements in support of or opposition to H. 4493 and any Predecessor Maps, including in support of or opposition to any proposed amendments.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications concerning the impact or potential impact of H. 4493 and any Predecessor Maps on voters of color.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications regarding any concerns, complaints, or comments about the procedure and transparency of the Committees' redistricting process used in the considerations and deliberations regarding H. 4493 and all Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications between You and other individuals, including members of the South Carolina General Assembly and their staff or employees, and organizations and third parties, including the National Republican Redistricting Trust and Fair Lines America, regarding H. 4493, Predecessor Maps, and redistricting in South Carolina.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications between You and other individuals, including members of the South Carolina General Assembly and their staff or employees and third parties, concerning the Map Room regarding H. 4493 and all Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning the Map Room and redistricting in South Carolina.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning oral and written testimony, public comments, and other documents submitted before, during, or after any South Carolina legislative hearing, any Committee meetings, and any House or Senate floor review of H. 4493 and Predecessor Maps.

[SIGNATURE ON FOLLOWING PAGE]

Dated: March 16, 2022

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Adriel I. Cepeda Derieux**
Samantha Osaki**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Adam Pergament**
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com


*Motion for admission Pro Hac Vice
forthcoming
**Admitted Pro Hac Vice

Respectfully submitted,

/s/ Christopher J. Bryant
Christopher J. Bryant, Fed. ID 12538
BOROUGHS BRYANT, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Jeffrey A. Fuisz**
Paula Ramer**
ARNOLD & PORTER KAYE SCHOLER
LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER
LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

*Counsel for Plaintiffs the South Carolina
Conference of the NAACP and Taiwan Scott*

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes*
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

* Motion for admission *Pro Hac Vice*
forthcoming
** Admitted *Pro Hac Vice*

*Counsel for Plaintiff the South Carolina
Conference of the NAACP*

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2022, a true and correct copy of the foregoing was

served on all counsel of record by electronic mail.

/s/ *Christopher Bryant*
Christopher Bryant