# NEXSEN PRUET

Jennifer J. Hollingsworth
Member
Admitted in SC

April 8, 2022

**VIA ELECTRONIC FILING**

The Honorable Margaret B. Seymour
The Honorable Toby J. Heytens
The Honorable Richard M. Gergel

        Re:    *S.C. State Conf. of the NAACP and Taiwan Scott v. Alexander, et al.*
                *Docket No. 3:21-cv-03302-MBS-TJH-RMG (D.S.C.)*

Dear Judge Seymour, Judge Heytens and Judge Gergel:

Pursuant to this Panel's Text Order of April 7, 2022 (ECF No. 215), Defendants James H. Lucas (in his official capacity as Speaker of the South Carolina House of Representatives), Chris Murphy (in his official capacity as Chairman of the South Carolina House of Representatives Judiciary Committee), and Wallace H. Jordan (in his official as Chairman of the South Carolina House of Representatives Redistricting Ad Hoc Committee) (collectively, the "House Defendants"), submit the amended privilege log (**Exhibit A**) that was served on Plaintiffs The South Carolina State Conference of the NAACP ("SC NAACP") and Taiwan Scott (collectively "Plaintiffs") on April 1, 2022 (**Exhibit B**). Service of the amended privilege log was in conjunction with House Defendants' Eleventh Production of Documents to Plaintiffs in this case (**Exhibit C**).

As noted in the Text Order, House Defendants detailed in their response to Plaintiffs' Motion to Enforce (ECF No. 198) the additional steps they were already taking to ensure completeness of their discovery efforts, which included the collection, review and production of documents and communications for additional document custodians, expanding the number of search terms used for all custodians, and further refining their privilege log. ECF No. 202 at 7-8. In addition to serving the promised privilege log, on April 1 House Defendants also produced "documents and information from the e-mail accounts of the six remaining members of the House Redistricting Ad Hoc Committee (Rep. Bamberg, Rep. Bernstein, Rep. Collins, Rep. Elliot, Rep. Henegan, and Rep. Newton), as well as documents and information from the earlier e-mail custodians including as a result of the additional search terms." Exhibit C.

Austin
Charleston
Charlotte
**Columbia**
Greensboro
Greenville
Bluffton / Hilton Head
Myrtle Beach
Raleigh

1230 Main Street
Suite 700 (29201)
PO BOX 2426
Columbia, SC 29202
www.nexsenpruet.com

**T** 803.540.2112
**F** 803.727.1446
**E** JHollingsworth@nexsenpruet.com
Nexsen Pruet, LLC
**Attorneys and Counselors at Law**

April 8, 2022
Page 2

So that the Panel has all of the relevant exemplars at hand, the only privilege logs produced by Plaintiffs to date are included as **Exhibit D** (SC NAACP's privilege log) and **Exhibit E** (Scott's privilege log), which were served on February 11, 2022. Despite repeated representations during the recent meet and confer consultations [1] and additional document productions, neither Plaintiff has revised, refined or supplemented their privilege log to date.

House Defendants have been diligent in their continuing effort to narrowly tailor privilege assertions in accordance with case law and the rules of discovery. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 108 (2009) ("We readily acknowledge the importance of the attorney-client privilege, which is one of the oldest recognized privileges for confidential communications.") (internal quotations omitted). Demonstrated at Exhibit A, House Defendants' amended privilege log sets forth the specific basis for assertion of attorney client-privilege and/or attorney work product protection for the remaining enumerated items. House Defendants have endeavored in good faith to make detailed descriptions of the basis for the claim sufficient to allow for assessment of the claim without compromising the privilege. Fed. R. Civ. P. 26(b)(5)(A). If the Panel needs any additional information from House Defendants in response to the Text Order, please let us know.

With highest regards,

Jennifer J. Hollingsworth

cc:     All Counsel of Record

---

[1] Plaintiffs' discovery counsel's "summary" of the March 14 conference included the following: "At Defendants' request, Plaintiffs are continuing to review our privilege log in full. Plaintiffs are preparing an updated privilege log that captures both the materials withheld to date, including those produced on March 11, as well as those that are noted above." *See* ECF 194-4 at 1.