**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>        Plaintiffs,<br><br>        v.<br><br>THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>        Defendants. | **Case No. 3-21-cv-03302-MBS-TJH-RMG**<br><br>**THREE-JUDGE PANEL**<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEFING IN RESPONSE TO HOUSE DEFENDANTS' AMENDED PRIVILEGE LOG** |

## INTRODUCTION

Plaintiffs, the South Carolina State Conference of the National Association for the Advancement of Colored People ("SC NAACP") and Mr. Taiwan Scott, submit this response, as directed by the Court's April 8, 2022 Text Order (ECF 217), to House Defendants' Second Amended Privilege log that was served on Plaintiffs on April 1, 2022.[1]  Plaintiffs attached their challenges to House Defendants' amended privilege log.  *See* **Exhibit A**.

While the revised privilege log has narrowed the contested issues because House Defendants no longer assert privilege as to 39 documents, it is apparent that House Defendants have not sustained their burden to show that the remaining 55 documents and communications are privileged.   In particular, House Defendants still inappropriately assert privilege where the elements needed to establish attorney-client or work product privilege are not met.  Plaintiffs respectfully ask the Court to conduct an *in camera* review of the remaining 55 entries in House Defendants' amended privilege log to determine if documents and communications are properly being withheld on the basis of the attorney client or attorney work product privileges.

## ARGUMENT

House Defendants still fail to meet their burden to show they are entitled either the attorney client or work product privileges.[2]  They have failed to provide additional information and detail to substantiate that they continue to withhold the remaining documents on a legitimate basis.

---

[1] House Defendants served their initial privilege log on February 9, 2022.  *See* ECF 145-1.  After the Court ordered House Defendants to produce documents being withheld on the basis of the legislative privilege (ECF 153), House Defendants served an amended privilege log on March 13, 2022.

[2] With regard to the 39 documents where House Defendants no longer assert a privilege, Plaintiffs note that these materials have not yet been produced; upon production of these materials,  Plaintiffs agree those documents will no longer be in dispute.

2

3:21-cv-03302-MBS-TJH-RMG    Date Filed 04/11/22    Entry Number 218    Page 3 of 8

The changes House Defendants made to their privilege descriptions are largely cosmetic. For example, for Log No. 1, which is an email with two privileged attachments (Logs Nos. 2 and 3), the revised log reflects that House Defendants no longer assert work product but still withhold it on the basis of attorney-client privilege. House Defendants now refer to Ms. Emma Dean as "staff counsel" instead of "attorney" and Rep. Collins as a legislator "client." The description now says that Ms. Dean is "forwarding" (not "conveying") "legal advice and attorney work product in advance of redistricting hearing." The previous log only referenced unspecified "public hearings."

Log No. 1 is representative of the insignificant changes made to the remaining descriptions in the privilege log. Swapping "staff counsel" for "attorney" and adding the word "client" after "legislator" are not magic words that would establish an attorney-client relationship between lawyers employed by the Legislature (such as Ms. Dean and Mr. Patrick Dennis) and the members of the legislature. Similar changes were made to Log entries Nos. 1-10, 19, 28, 37-55. As Plaintiffs argued in their motion, House Defendants have not put forward any evidence establishing an attorney client relationship. *See* ECF 198 at 19-20. This lack of evidence is fatal to House Defendants' privilege assertions. *See In re Grand Jury Subpoena*, 542 F. App'x 252, 254 (4th Cir. 2013) (listing elements of privilege); *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (describing "classic test for application").

Moreover, the changes to the privilege log do not demonstrate that counsel was providing, or being solicited for, legal advice.[3] For example, Log No. 45 is an email from Rep. Beth Bernstein

---

[3] House Defendants continue to withhold documents that were created for the purpose of responding to "media inquiries" (Log Nos. 50-51) which are plainly not covered by the attorney client or attorney work product privileges. *See In re Signet Jewelers Ltd. Secs. Litig.*, 332 F.R.D. 131, 136 (S.D.N.Y 2019) (finding communications between party and public relations firms not covered by privilege); *Lauth Group, Inc. v. Grasso*, No. 1:07-cv-0972-SEB-TAB, 2008 WL

to Ms. Dean, Reps. Henegan, Bamberg, Jordan, and Newton; and copying Mr. Roland Franklin, Ms. Linda Anderson, Reps. Collins, Hinson, and Elliot being withheld on the basis of the attorney client privilege. That document is described as a "[c]ommunication from legislator to staff counsel requesting legal counsel address questions related to redistricting." Plaintiffs still do not know if the communication was for the purpose of soliciting legal advice or simply a request for information. In addition, Log No. 46, which Plaintiffs addressed in its opening brief, *see* ECF 198 at 20, still appears to be a communication soliciting *legislative* guidance rather than legal advice. The same is true for Log Nos. 1, 4, 7, 10, 19, 37, 39, 41, 43, 45-49, 55. Again, communications that are not for the purpose of soliciting, obtaining, or providing legal advice cannot be withheld and must be produced. *See Jones*, 696 F.2d at 1072.

Finally, House Defendants continue to withhold documents as "attorney work product" that were not made in anticipation of litigation but rather over the ordinary course of legislation.[4] For example, in Log Nos. 2, 5, 8, Ms. Dean appears to have drafted "talking points" for members of the Ad Hoc Redistricting Committee in advance of a November 9, 2021 redistricting hearing. Though these "taking points" contain "mental impressions, opinions, and legal advice for legislator

---

926631, at *4 (S.D. Ind. Apr. 4, 2008) (quoting *City of Springfield v. Rexnord Corp.*, 196 F.R.D. 7, 9 (D. Mass. 2000)) ("[D]ocuments prepared by the defendants' attorneys 'in anticipation of media inquiries' were not protected by the attorney-client privilege.").

[4] In Log Nos. 11-18, 20-27, and 29-36, House Defendants continue to withhold documents that appear to be analyses of maps submitted from members of the public, including the SC NAACP. The description for these documents are "[c]onfidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation." These were made not in anticipation for litigation because, as plaintiffs explained in its opening brief (ECF 198 at 22-23), (a) Ms. Dean never served as litigation counsel for the members of the Ad Hoc Redistricting Committee and (b) these documents would have been created irrespective of this lawsuit. Analyzing maps submitted by the public is a customary practice of the redistricting process and therefore they are byproducts of the legislative process.

clients," they were not made in anticipation of litigation.  The talking points were made in the ordinary course of legislation given that they were made *for a redistricting hearing*.  The same observation also applies to Log Nos. 2-3, 5-6, 8-9, 11-18, 20-36, 38, 40, 42, 44, 47-54.  As such, there is no basis to withhold these documents on the basis of the attorney work product privilege. *See Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323, 348 (E.D. Va. 2015).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court conduct an *in camera* review of the remaining entries in House Defendants' privilege log (Log Nos. 1-55) to determine whether documents and communications are properly being withheld from Plaintiffs on the basis of the attorney client communication privilege and the work product doctrine privilege.

Dated: April 11, 2022

Respectfully submitted,

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Adriel I. Cepeda Derieux**
Samantha Osaki**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Adam Pergament**
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com

*Motion for admission Pro Hac Vice
forthcoming
**Admitted Pro Hac Vice*

/s/ *Christopher J. Bryant*
Christopher J. Bryant, Fed. ID 12538
BOROUGHS BRYANT, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Jeffrey A. Fuisz**
Paula Ramer**
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

*Counsel for Plaintiffs the South Carolina
Conference of the NAACP and Taiwan Scott*

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes*
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

* Motion for admission *Pro Hac Vice*
forthcoming
** Admitted *Pro Hac Vice*

*Counsel for Plaintiff the South Carolina
Conference of the NAACP*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 11, 2022, a true and correct copy of the foregoing was

served on all counsel of record by electronic mail.

<u>/s/ *Christopher Bryant*</u>
Christopher Bryant