Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | REL00011642 | 11/9/2021 | Email | Emma Dean | Neal Collins | | FW: PRIVILEGED & CONFIDENTIAL - Talking Points and Primer | Attorney-Client Communication | Communication from staff counsel to legislator client forwarding legal advice and attorney work product in advance of redistricting hearing. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice.  *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.*In re Grand Jury Subpoena*, 542 F. App'x 252, 254 (4th Cir. 2013).  House Defendants failed to establish that the withheld communication was for the purpose of obtaining, providing, or soliciting legal advice. Counsel could be providing other types of non-legal advice, such as on legislative procedure or political advice, i.e., where they are "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346. |
| 2 | REL00011642.0001 | 11/9/2021 | Attach | | | | 11.9.2021 Meeting Talking Points.pdf | Work Product | Attorney work product containing mental impressions, opinions, and legal advice for legislator clients. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice.  *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.In re Grand Jury Subpoena, 542 F. App'x 252, 254 (4th Cir. 2013). This document is not attorney work product.  It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation.  *Bethune-Hill*, 114 F. Supp. 3d at 348 (quoting *Hickman v. Taylo*r, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.* (internal edits omitted) (quoting *Baldus v. Brennan*, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)).  The "redistricting process" is a quintessential legislative function even though it occurs every 10 years.  As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation.  *Nat't Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co*., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perr*y, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---------|---------------|------|-------------|-----------|----------|----------|----------------|----------------|----------------------|---------------------------|
| 3 | REL00011642.0002 | 11/9/2021 | Attach | | | | 11.9.2021 Law Primer.pdf | Work Product | Attorney work product containing mental impressions, opinions, and legal advice for legislator clients. | Same |
| 4 | REL00011643 | 11/9/2021 | Email | Emma Dean | Jason Elliot | | FW: PRIVILEGED & CONFIDENTIAL - Talking Points and Primer | Attorney-Client Communication | Communication from staff counsel to legislator client forwarding legal advice and attorney work product in advance of redistricting hearing. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.*In re Grand Jury Subpoena*, 542 F. App'x 252, 254 (4th Cir. 2013). House Defendants failed to establish that the withheld communication was for the purpose of obtaining, providing, or soliciting legal advice. Counsel could be providing other types of non-legal advice, such as on legislative procedure or political advice, i.e., where they are "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346. |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---|---|---|---|---|---|---|---|---|---|---|
| 5 | REL00011643.0001 | 11/9/2021 | Attach | | | | 11.9.2021 Meeting Talking Points.pdf | Work Product | Attorney work product containing mental impressions, opinions, and legal advice for legislator clients. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.In re Grand Jury Subpoena, 542 F. App'x 252, 254 (4th Cir. 2013). This document is not attorney work product.  It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. *Bethune-Hill*, 114 F. Supp. 3d at 348 (quoting *Hickman v. Taylor*, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.*  (internal edits omitted) (quoting *Baldus v. Brennan*, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)).  The "redistricting process" is a quintessential legislative function even though it occurs every 10 years.  As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation.  *Nat't Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perry*, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 6 | REL00011643.0002 | 11/9/2021 | Attach | | | | 11.9.2021 Law Primer.pdf | Work Product | Attorney work product containing mental impressions, opinions, and legal advice for legislator clients. | Same |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---|---|---|---|---|---|---|---|---|---|---|
| 7 | REL00011644 | 11/9/2021 | Email | Emma Dean | Weston Newton | | FW: PRIVILEGED & CONFIDENTIAL - Talking Points and Primer | Attorney-Client Communication | Communication from staff counsel to legislator client forwarding legal advice and attorney work product in advance of redistricting hearing. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.*In re Grand Jury Subpoena*, 542 F. App'x 252, 254 (4th Cir. 2013).  House Defendants failed to establish that the withheld communication was for the purpose of obtaining, providing, or soliciting legal advice. Counsel could be providing other types of non-legal advice, such as on legislative procedure or political advice, i.e., where they are "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346. |
| 8 | REL00011644.0 001 | 11/9/2021 | Attach | | | | 11.9.2021 Meeting Talking Points.pdf | Work Product | Attorney work product containing mental impressions, opinions, and legal advice for legislator clients. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.In re Grand Jury Subpoena, 542 F. App'x 252, 254 (4th Cir. 2013). This document is not attorney work product.  It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation.  *Bethune-Hill*, 114 F. Supp. 3d at 348 (quoting *Hickman v. Taylo*r, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.* (internal edits omitted) (quoting *Baldus v. Brennan*, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)).  The "redistricting process" is a quintessential legislative function even though it occurs every 10 years.  As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. *Nat'l Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co*., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perr*y, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citations omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---------|----------------|------|-------------|------------|----------|----------|----------------|----------------|----------------------|----------------------------|
| 9 | REL00011644.0002 | 11/9/2021 | Attach | | | | 11.9.2021 Law Primer.pdf | Work Product | Attorney work product containing mental impressions, opinions, and legal advice for legislator clients. | Same |
| 10 | REL00011645 | 11/10/2021 | Email | Emma Dean | Jason Elliot | | FW: Privileged and Confidential - Public Submissions | Attorney-Client Communication | Communication from staff counsel to legislator client forwarding legal advice and attorney work product in advance of public hearings. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice.  *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.*In re Grand Jury Subpoena*, 542 F. App'x 252, 254 (4th Cir. 2013).  House Defendants failed to establish that the withheld communication was for the purpose of obtaining, providing, or soliciting legal advice. Counsel could be providing other types of non-legal advice, such as on legislative procedure or political advice, i.e., where they are "acting as a lawyer." *Bethune-Hill* , 114 F. Supp. 3d at 346. |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---|---|---|---|---|---|---|---|---|---|---|
| 11 | REL00011645.0001 | 11/10/2021 | Attach | | | | LOWV Map.PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.In re Grand Jury Subpoena, 542 F. App'x 252, 254 (4th Cir. 2013). This document is not attorney work product.  It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. *Bethune-Hill*, 114 F. Supp. 3d at 348 (quoting *Hickman v. Taylor*, 329 U.S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative.").  Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.*  (internal edits omitted) (quoting *Baldus v. Brennan*, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)).  The "redistricting process" is a quintessential legislative function even though it occurs every 10 years.  As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. *Nat't Union fire Ins. Co. of Pittsburg v. Murray Sheet Metal Co*., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perry*, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 12 | REL00011645.0002 | 11/10/2021 | Attach | | | | Michael Roberts Map.PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---------|----------------|------|-------------|------------|----------|----------|----------------|----------------|----------------------|----------------------------|
| 13 | REL00011645.0003 | 11/10/2021 | Attach | | | | NAACP Map.PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 14 | REL00011645.0004 | 11/10/2021 | Attach | | | | Erica Sampson Map (HD-4).PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 15 | REL00011645.0005 | 11/10/2021 | Attach | | | | Jeni Atchley (HD-5).PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 16 | REL00011645.0006 | 11/10/2021 | Attach | | | | John Kraljevich (HD-6).PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---|---|---|---|---|---|---|---|---|---|---|
| 17 | REL00011645.0007 | 11/10/2021 | Attach | | | | Kevin Eckert Map (HD-7).PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 18 | REL00011645.0008 | 11/10/2021 | Attach | | | | Statistical Comparison.pdf | Work Product | Confidential document created in anticipation of litigation by attorney summarizing public submissions with attorney mental impressions and opinions. | Same |
| 19 | REL00011646 | 11/10/2021 | Email | Emma Dean | Neal Collins | | FW: Privileged and Confidential - Public Submissions | Attorney-Client Communication | Communication from staff counsel to legislator client forwarding legal advice and attorney work product in advance of public hearings. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice.  *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.*In re Grand Jury Subpoena*, 542 F. App'x 252, 254 (4th Cir. 2013).  House Defendants failed to establish that the withheld communication was for the purpose of obtaining, providing, or soliciting legal advice. Counsel could be providing other types of non-legal advice, such as on legislative procedure or political advice, i.e., where they are "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346. |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---------|----------------|------|-------------|------------|----------|----------|----------------|----------------|----------------------|----------------------------|
| 20 | REL00011646.0 001 | 11/10/2021 | Attach | | | | LOWV Map.PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y*., 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.In re Grand Jury Subpoena, 542 F. App'x 252, 254 (4th Cir. 2013). This document is not attorney work product.  It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. *Bethune-Hill*, 114 F. Supp. 3d at 348 (quoting *Hickman v. Taylor*, 329 U.S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative.").  Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.*  (internal edits omitted) (quoting *Baldus v. Brennan* , 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)).  The "redistricting process" is a quintessential legislative function even though it occurs every 10 years.  As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. *Nat't Union fire Ins. Co. of Pittsburg v. Murray Sheet Metal Co*., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perry*, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 21 | REL00011646.0 002 | 11/10/2021 | Attach | | | | Michael Roberts Map.PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---------|----------------|------|-------------|------------|----------|----------|----------------|----------------|----------------------|----------------------------|
| 22 | REL00011646.0003 | 11/10/2021 | Attach | | | | NAACP Map.PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 23 | REL00011646.0004 | 11/10/2021 | Attach | | | | Erica Sampson Map (HD-4).PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 24 | REL00011646.0005 | 11/10/2021 | Attach | | | | Jeni Atchley (HD-5).PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 25 | REL00011646.0006 | 11/10/2021 | Attach | | | | John Kraljevich (HD-6).PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---------|----------------|------|-------------|------------|----------|----------|----------------|----------------|-----------------------|----------------------------|
| 26 | REL00011646.0007 | 11/10/2021 | Attach | | | | Kevin Eckert Map (HD-7).PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 27 | REL00011646.0008 | 11/10/2021 | Attach | | | | Statistical Comparison.pdf | Work Product | Confidential document created in anticipation of litigation by attorney summarizing public submissions with attorney mental impressions and opinions. | Same |
| 28 | REL00011647 | 11/10/2021 | Email | Emma Dean | Weston Newton | | Privileged and Confidential - Public Submissions | Work Product | Communication from staff counsel to legislator client forwarding legal advice and attorney work product in advance of public hearings. | Same |
| 29 | REL00011647.0001 | 11/10/2021 | Attach | | | | Statistical Comparison.pdf | Work Product | Confidential document created in anticipation of litigation by attorney summarizing public submissions with attorney mental impressions and opinions. | Same |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---------|---------------|------|-------------|-----------|----------|----------|----------------|----------------|----------------------|---------------------------|
| 30 | REL00011647.0 002 | 11/10/2021 | Attach | | | | Michael Roberts Map.PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 31 | REL00011647.0 003 | 11/10/2021 | Attach | | | | NAACP Map.PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 32 | REL00011647.0 004 | 11/10/2021 | Attach | | | | Erica Sampson Map (HD-4).PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 33 | REL00011647.0 005 | 11/10/2021 | Attach | | | | Jeni Atchley (HD-5).PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---|---|---|---|---|---|---|---|---|---|---|
| 34 | REL00011647.0006 | 11/10/2021 | Attach | | | | John Kraljevich (HD-6).PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 35 | REL00011647.0007 | 11/10/2021 | Attach | | | | Kevin Eckert Map (HD-7).PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 36 | REL00011647.0008 | 11/10/2021 | Attach | | | | LOWV Map.PNG | Work Product | Confidential image of publicly submitted maps created by attorney with overlays to convey legal advice in preparation of litigation. | Same |
| 37 | REL00011661 | 9/3/2021 | Email | Emma Dean | Chris Murphy | | Attorney Communication Privileged | Attorney-Client Communication | Communication from staff counsel to legislator client with draft work product response for client review. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice.  *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.*In re Grand Jury Subpoena*, 542 F. App'x 252, 254 (4th Cir. 2013).  House Defendants failed to establish that the withheld communication was for the purpose of obtaining, providing, or soliciting legal advice. Counsel could be providing other types of non-legal advice, such as on legislative procedure or political advice, i.e., where they are "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346. |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---------|----------------|------|-------------|------------|----------|----------|----------------|----------------|----------------------|----------------------------|
| 38 | REL00011661.0003 | 9/3/2021 | Attach | | | | Draft Letter from Ch. Murphy 9.3.21.docx | Work Product | Draft work product response for client review. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice.  *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.In re Grand Jury Subpoena, 542 F. App'x 252, 254 (4th Cir. 2013). This document is not attorney work product.  It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation.  *Bethune-Hill*, 114 F. Supp. 3d at 348 (quoting *Hickman v. Taylor*, 329 U.S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative.").  Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.*  (internal edits omitted) (quoting *Baldus v. Brennan*, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)).  The "redistricting process" is a quintessential legislative function even though it occurs every 10 years.  As a result, the "driving force behind the preparation of" this document" is for legislation, not litigation. *Nat't Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co*., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perry*, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 39 | REL00011667 | 9/27/2021 | Email | Emma Dean | Jay Jordan | | Sept 28 contact talking points | Attorney-Client Communication | Communication from staff counsel to legislator client with draft work product response for client review. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice.  *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.In re Grand Jury Subpoena, 542 F. App'x 252, 254 (4th Cir. 2013).  House Defendants failed to establish that the withheld communication was for the purpose of obtaining, providing, or soliciting legal advice. Counsel could be providing other types of non-legal advice, such as on legislative procedure or political advice, i.e., where they are "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346. |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---------|----------------|------|-------------|-----------|----------|----------|----------------|----------------|----------------------|----------------------------|
| 40 | REL00011667.0001 | 9/27/2021 | Attach | | | | Sept 28 contact talking points.docx | Work Product | Attorney's mental impressions/opinions provided to client in preparation for meeting. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.In re Grand Jury Subpoena, 542 F. App'x 252, 254 (4th Cir. 2013). This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. *Bethune-Hill*, 114 F. Supp. 3d at 348 (quoting *Hickman v. Taylor*, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.* (internal edits omitted) (quoting *Baldus v. Brennan*, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "driving force behind the preparation of" this document" is for legislation, not litigation. *Nat't Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perry*, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 41 | REL00011670 | 10/8/2021 | Email | Emma Dean | Chris Murphy | | Atty client communication | Attorney-Client Communication | Communication from staff counsel to legislator client with draft work product response for review. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.In re Grand Jury Subpoena, 542 F. App'x 252, 254 (4th Cir. 2013). House Defendants failed to establish that the withheld communication was for the purpose of obtaining, providing, or soliciting legal advice. Counsel could be providing other types of non-legal advice, such as on legislative procedure or political advice, i.e., where they are "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346. |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---|---|---|---|---|---|---|---|---|---|---|
| 42 | REL00011670.0001 | 10/8/2021 | Attach | | | | Proposed Response to September Letter.DOCX | Work Product | Draft work product response for client review. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.In re Grand Jury Subpoena, 542 F. App'x 252, 254 (4th Cir. 2013). This document is not attorney work product.  It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. *Bethune-Hill*, 114 F. Supp. 3d at 348 (quoting *Hickman v. Taylor*, 329 U.S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.* (internal edits omitted) (quoting *Baldus v. Brennan*, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)).  The "redistricting process" is a quintessential legislative function even though it occurs every 10 years.  As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. *Nat't Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perry*, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 43 | REL00021323 | 9/3/2021 | Email | Emma Dean | Chris Murphy | | Attorney Communication Privileged | Attorney-Client Communication | Communication from staff counsel to legislator client with draft work product response for review. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.In re Grand Jury Subpoena, 542 F. App'x 252, 254 (4th Cir. 2013).  House Defendants failed to establish that the withheld communication was for the purpose of obtaining, providing, or soliciting legal advice. Counsel could be providing other types of non-legal advice, such as on legislative procedure or political advice, i.e., where they are "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346. |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---|---|---|---|---|---|---|---|---|---|---|
| 44 | REL00021323.0003 | 9/3/2021 | Attach | | | | Draft Letter from Ch. Murphy 9.3.21.docx | Work Product | Draft work product response for client review. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.In re Grand Jury Subpoena, 542 F. App'x 252, 254 (4th Cir. 2013). This document is not attorney work product.  It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. *Bethune-Hill*, 114 F. Supp. 3d at 348 (quoting *Hickman v. Taylor*, 329 U.S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.* (internal edits omitted) (quoting *Baldus v. Brennan*, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)).  The "redistricting process" is a quintessential legislative function even though it occurs every 10 years.  As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. *Nat't Union fire Ins. Co. of Pittsburg v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perry*, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 45 | REL00020087 | 11/15/2021 | Email | Beth Bernstein | Emma Dean; Patricia Henegan;Justin Bamberg; Wallace Jordan; Weston Newton | Jimmy Hinson; Roland Franklin; Linda Anderson; Neal Collins; Jason Elliot | Redistricting | Attorney-Client Communication | Communication from legislator to staff counsel requesting legal counsel address questions related to redistricting. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.In re Grand Jury Subpoena, 542 F. App'x 252, 254 (4th Cir. 2013).  House Defendants failed to establish that the withheld communication was for the purpose of obtaining, providing, or soliciting legal advice. Counsel could be providing other types of non-legal advice, such as on legislative procedure or political advice, i.e., where they are "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346. |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---|---|---|---|---|---|---|---|---|---|---|
| 46 | REL00020355 | 9/24/2021 | Email | Chris Murphy | Emma Dean | | Re: Updated draft | Attorney-Client Communication | Communication from legislator client to staff counsel regarding draft document. | Same |
| 47 | REL00028185 | 9/21/2021 | Email | Patrick Dennis | Jay Lucas; Patrick Dennis; Haley Mottel | | Sine Die Adjournment | Attorney-Client Communication; Work Product | Communication between staff counsel to legislator client conveying legal advice, mental impressions, and opinions regarding legislative procedure. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.*In re Grand Jury Subpoena*, 542 F. App'x 252, 254 (4th Cir. 2013). House Defendants failed to establish that the withheld communication was for the purpose of obtaining, providing, or soliciting legal advice. Counsel could be providing other types of non-legal advice, such as on legislative procedure or political advice, i.e., where they are "acting as a lawyer." *Bethune-Hill*, 114 F. Supp. 3d at 346. This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. Bethune-Hill, 114 F. Supp. 3d at 348 (quoting Hickman v. Taylor, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." Id. (internal edits omitted) (quoting Baldus v. Brennan, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. Nat'l Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." Perez v. Perry, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citations omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---|---|---|---|---|---|---|---|---|---|---|
| 48 | REL00028205 | 9/28/2021 | Email | Patrick Dennis | Rep. Bill Taylor | | Fwd: Sine Die Adjourment | Attorney-Client Communication; Work Product | Communication between staff counsel to legislator client conveying legal advice, mental impressions, and opinions regarding legislative procedure. | Same |
| 49 | REL00028206 | 9/28/2021 | Email | Patrick Dennis | Rep. Bill Taylor | | FW: Sine Die Adjourment | Attorney-Client Communication; Work Product | Communication between staff counsel to legislator client conveying legal advice, mental impressions, and opinions regarding legislative procedure. | Same |

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---------|----------------|------|-------------|------------|----------|----------|----------------|----------------|----------------------|----------------------------|
| 50 | REL00028277 | 10/15/2021 | Email | Patrick Dennis | Nicolette Walters | | RE: Zak Koeske Qs | Work Product | Communication from staff counsel to staff with attorney's mental impressions and opinions for media inquiry. | An attorney client relationship does not exist among the individuals in the email. The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.In re Grand Jury Subpoena, 542 F. App'x 252, 254 (4th Cir. 2013). This document is not attorney work product. It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. *Bethune-Hill*, 114 F. Supp. 3d at 348 (quoting *Hickman v. Taylo*r, 329 U,S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.* (internal edits omitted) (quoting *Baldus v. Brennan*, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)). The "redistricting process" is a quintessential legislative function even though it occurs every 10 years. As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. *Nat't Union fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perr*y, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision.").Further, entries involving media inquiries (Log nos. 81, 82, 90) are flatly not covered by the attorney client privilege. *See In re Signet Jewelers Ltd. Secs. Litig*., 332 F.R.D. 131, 136 (S.D.N.Y 2019]; *Lauth Group, Inc. v. Grasso*, No. 1:07-cv-0972-SEB-TAB, 2008 WL 926631, at *4 (S.D. Ind. Apr. 4, 2008) (quoting *City of Springfield v. Rexnord Corp*., 196 F.R.D. 7, 9 (D. Mass. 2000)) |
| 51 | REL00028278 | 10/15/2021 | Email | Patrick Dennis | Haley Mottel | | FW: Zak Koeske Qs | Work Product | Communication from staff counsel to staff with attorney's mental impressions and opinions for media inquiry. | Same |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1, 2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---------|----------------|------|-------------|------------|----------|----------|----------------|----------------|----------------------|----------------------------|
| 52 | REL00028413 | 11/17/2021 | Email | Patrick Dennis | Charles Reid | | RE: Speaker Lucas Calling the House into Statewide Session Beginning 2:00 pm, Wednesday, December 1, 2021 | Work Product | Communication between staff counsel with draft email language asking for attorney's mental impressions and opinion regarding legislative procedure. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice. *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.In re Grand Jury Subpoena, 542 F. App'x 252, 254 (4th Cir. 2013). This document is not attorney work product.  It was not draft in "ancipation of litigation" but over the "ordinary course of" legislation. *Bethune-Hill*, 114 F. Supp. 3d at 348 (quoting *Hickman v. Taylor*, 329 U.S, 508-10 (1947)); see Fed. R. Civ. P. 26(b)(3) (emphasis added) (the work product product protection is a qualified privilege for "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."). Courts have been clear that documents pertaining to legislation cannot be withheld on the basis of attorney work product because "the legislature could always have a reasonable belief that any of its enactments would result in litigation. That is the nature of the legislative process." *Id.* (internal edits omitted) (quoting *Baldus v. Brennan*, 2011 WL 6385645, at *2 (E.D. Wis. Dec. 20, 2011)).  The "redistricting process" is a quintessential legislative function even though it occurs every 10 years.  As a result, the "the driving force behind the preparation of" this document" is for legislation, not litigation. *Nat't Union fire Ins. Co. of Pittsburg v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). This would not include "buisness or technical advice or management decisions." *Perez v. Perry*, 2014 WL 3359324, at *1 (W.D. Tx. July 9, 2014) (citaions omitted); Rule 26 Advisory Comm.'s Notes to 1970 amendment ("Materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation purposes are not under the qualified immunity provided by this subdivision."). |
| 53 | REL00028439 | 11/23/2021 | Email | Patrick Dennis | Ashley Harwell-Beach;Charles Reid | | RE: Rules Committee - Special Order Redistricting | Work Product | Communication between staff counsel with attorney impressions and opinions on legislative process. | Same |
| 54 | REL00028440 | 11/23/2021 | Email | Patrick Dennis | Charles Reid; Ashley Harwell-Beach | | RE: Rules Committee - Special Order Redistricting | Work Product | Communication between staff counsel with attorney impressions and opinions on legislative process. | Same |

Plaintiffs' Objections to House Defendants'
Amended Privilege Log Produced April 1,
2022

| Log No. | Control Number | Date | Record Type | Email From | Email To | Email CC | Document Title | Privilege Type | Privilege Description | Privileged Challenge Basis |
|---------|----------------|------|-------------|------------|----------|----------|----------------|----------------|----------------------|----------------------------|
| 55 | REL00033189 | 10/14/2021 | Email | Roland Franklin | Chip Huggins | | Census Numbers | Attorney-Client Communication | Communication from staff counsel to legislator client to follow up on question about legal rights. | An attorney client relationship does not exist among the individuals in the email.  The attorney-client privilege is "narrowly construed" and only applies if, among other things, the person asserting the privilege is the client and the attorney is "acting as a lawyer." *Bethune-Hill v. Va. State Bd. of Elections* , 114 F. Supp. 3d 323 (E.D. Va. 2015) (quoting *United States v. Jones* , 696 F.2d 1069, 1072 (4th Cir. 1982)). House Defendants have not specified when they retained counsel for the litigation surrounding the House's passage of H. 4493, nor have they identified any South Carolina statute, bar ruling, legislative practice manual, or any other authority suggesting that counsel for a committee or the legislature can serve as the individual attorney for a legislator. Further, House Defendants fail to provide sufficient evidence to determine if this communication was for the predominate purpose of legal advice rather than policy advice.  *Citizens Union of City of N.Y. v.Att'y Gen. of N.Y.*, 269, F. Supp. 3d 124, 171 (S.D.N.Y. 2017). Further, House Defendants have failed to establish the "underlying facts" to demonstrate an attorney-client relationship.*In re Grand Jury Subpoena* , 542 F. App'x 252, 254 (4th Cir. 2013).  House Defendants failed to establish that the withheld communication was for the purpose of obtaining, providing, or soliciting legal advice. Counsel could be providing other types of non-legal advice, such as on legislative procedure or political advice, i.e., where they are "acting as a lawyer." *Bethune-Hill* , 114 F. Supp. 3d at 346. |