# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>       Plaintiffs,<br><br>    v.<br><br>THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>       Defendants. | **Case No. 3-21-cv-03302-MBS-TJH-RMG**<br><br>**THREE-JUDGE PANEL**<br><br>**PLAINTIFFS' MOTION REGARDING ONGOING NONCOMPLIANCE WITH THE COURT'S DISCOVERY ORDERS** |

## INTRODUCTION

Trial in this case is scheduled for May 16, and yet House Defendants are in violation of two Court Orders compelling production of documents the Court has held are "highly relevant to the intentional discrimination claims at the heart of the complaint." ECF 153. On February 10, 2022, the Court ordered House Defendants to produce several categories of documents by 5:00 PM on February 14, 2022. *See* ECF 153, at 18. The Court observed that, with regard to communications between and among legislators, staffers, and third parties, "no other evidence would be as probative of an unlawful legislative motive as potential direct or circumstantial evidence." ECF 153. That was two and a half months ago. When House Defendants failed to comply with the Court's February 10 Order by, among other things, refusing to search their personal emails, texts, instant messages, or social media of key legislators, staff, and agents, Plaintiffs filed a motion to enforce the Court's February 10 Order. On April 13, 2022, the Court ordered House Defendants to produce specific documents covered by the February 10 Order by April 19, 2022. ECF No. 221. Another 10 days have passed, and the House Defendants still have not complied with the Court's February 10 and April 13 Orders. Notwithstanding defense counsel's representation at the April 26 hearing that such materials had been collected, and despite counsel having committed to produce them "well before" depositions recommenced, that deadline has passed. Indeed, earlier today, Plaintiffs had to proceed with a deposition without these materials.

House Defendants' ongoing failure to comply with the Court's Orders, as well as their ongoing failure to abide by their basic obligations under Rule 26, up to the eve of trial has prejudiced and continues to prejudice Plaintiffs. The limited productions of correspondence made to date reflect that many legislators routinely engaged in discussions about the redistricting process

2

on their personal emails rather than their official government email accounts, and the dearth of substantive communications conducted on official government email accounts about the revised maps appears to reflect a concerted effort to evade discovery of their true process and motive; for example, to date, there has been no production of any communications between any legislators and staff and the mapdrawing consultant legislative leadership hired in June 2021 or earlier. *See* Ex. 1 (June 29, 2021 email).

The ongoing failure to make this production has interfered with trial preparation; Plaintiffs had to prepare and serve their Local Rule 26.07 exhibit list last evening without having received these materials. Plaintiffs have now had to take the depositions of five legislators and their staff, including Defendant Jordan, without these materials; at least some of these depositions may need to be reopened. It prejudices Plaintiffs' ability to schedule and prepare for next week's depositions, which include Speaker Lucas and Chairman Murphy, as well as their key staff. And being forced to ligate this issue for the third time prejudicially has taken away time that Plaintiffs would otherwise be using to prepare for trial. Plaintiffs therefore request that the Court enforce its prior orders compelling production and impose an appropriate remedy for House Defendants' dilatory

conduct and refusal to comply with their obligation to produce discovery the Court has now twice ordered produced.[1]

## BACKGROUND

### A.     The Court's February 10 Order Compelling Production

On February 2, 2022, Plaintiffs filed their Motion to Compel Production of Documents and Information Requested from House Defendants. *See* ECF 119. The Motion was precipitated by House Defendants' broad invocation of the legislative privilege to prevent Plaintiffs from obtaining relevant material about Plaintiffs' allegations that House Defendants engaged in racial gerrymandering and intentional vote dilution of South Carolina's state house districts with the passage of House Bill 4493 ("H. 4493"). *See id.* House Defendants opposed Plaintiffs' Motion and asserted privileged over "all documents, information, and communications exchanged throughout the entire redistricting process, from its inception to the adoption of H. 4493." ECF 153 at 4 (quoting ECF 119).

On February 10, 2022, the Court granted Plaintiffs' Motion to Compel in part, holding that Plaintiffs were entitled to several categories of discovery, including "[a]ll documents which relate in any manner to the intent behind any proposed design and/or revision of the H. 4493 or any individual district referenced in Plaintiffs' Amended Complaint." *Id.* at 17. The Court ordered House Defendants to produce documents in all categories by 5:00 PM on February 14, 2022. *See id.* at 18.

---

[1] Pursuant to Local Rule 7.02, Plaintiffs state that the Parties, prior to this filing, met and conferred in good faith, including on April 26 and April 27. The Parties were unable to resolve the issues raised in this motion.

### B.     The Court's April 13 Order

After multiple meet and confers about the scant number of communications House Defendants had produced about the map process during which House Defendants disclosed that they had limited their collection efforts to the governmental email accounts of the named defendants and key staff, on March 23, 2022, Plaintiffs filed a motion to enforce the Court's February 10 Order, explaining among other things that House Defendants failed to conduct a reasonable search for documents that the Court ordered produced. *See* ECF No. 198 at 5-9. The incompleteness of the House Defendants' production was evident from the *de minimis* productions from custodians who were centrally involved in the drawing of maps and the passage of H. 4493, and from the House Defendants' decision to limit their collection efforts to official email addresses, without searching personal emails, texts, instant messages, social media, or devices, notwithstanding their acknowledgement that the House Defendants' custodians used non-governmental accounts for work for redistricting purposes. *See id.* The House Defendants' failure to collect and produce documents from non-governmental accounts was all the more inexplicable. given the House Defendants' repeated assertions that they expected a litigation challenge from the outset of the redistricting process.    Indeed, House Defendants later confirmed that people used non-work communications methods *See, e.g.*, House Defs.' Resp. in Opp. to Pls.' Mot. to Enforce Feb. 10, 2022 Court Order, ECF No. 202 at 24 ("House Defendants very reasonably anticipated litigation over this redistricting plan early on from these very Plaintiffs, clearly forewarned by the lengthy accusatory letters that first appeared on August 9, 2021, before any of the public hearings even began.").

The Court heard argument on Plaintiffs' Motion to Enforce on April 12. In particular, when the Parties argued over the production of legislators' personal emails and communications,

the Court was clear when it said: "[I]f it's related to reapportionment, y'all have been producing communications relating to reapportionment, I presume. Just produce the stuff." Apr. 12, 2022 Hr'g Tr. at 35:16-19; *see id.* at 36:2-5 ("If it would include -- those requests include information relevant to the reapportionment, you've got to produce it, not start saying only as it relates to intent."). When Defendants suggested that the Ad Hoc Committee members would have to consent to producing their personal emails and communications, the Court reject House Defendants' suggestion: "This is potentially relevant information . . . All this sort of obstruction, you know, it's not getting us anywhere. We need to get on with whatever information they've got, let's get it out there." *Id.* at 36:21-37:1. Most importantly, the Court succinctly stated, "Y'all need to produce it. The problem is most of the relevant knowledge your clients have, not the plaintiffs. They don't know much. They're trying to discover it. That's what discovery is. The defendants have most of the relevant knowledge. . . . Just produce it. Let's get it over with." *Id.* at 38:6-13.

On April 13, the Court issued a preliminary order on pending motions. *See* ECF 221. The Court explained: "The Panel will soon issue a comprehensive order addressing the numerous issues raised by these motions but felt it necessary to document in this Order certain rulings and directed action by the parties that must be accomplished in the immediate future to allow timely completion of discovery in advance of the commencement of the trial on the House Plan on May 16, 2022." ECF 221.

Among other things, the Court ordered: "House Defendants are directed to obtain from named House Defendants and members of the Ad Hoc Committee on Redistricting all such communications regarding House redistricting and to produce those communications to Plaintiffs that are not subject to privilege claims on or before April 19, 2022," and that each of those legislators sign a certification "under penalty of perjury stating that they have searched their

6

personal accounts and devices and have produced all communications relating to House reapportionment." *See id.* At the April 26, 2022 status conference, House Defendants acknowledged that they have not produced documents that the Court ordered produced on April 13 and committed to the Court that they would produce documents subject to the Court's Orders before relevant depositions take place. House Defendants did not give any justification for their lack of compliance or self-serving timeline.

Although defense counsel represented at the April 26 conference that these materials had been collected and the certifications had been prepared, *see* April 26 Hr'g Tr. 18, it is April 29, and House Defendants still have not complied.

On April 27, the parties met and conferred about Defendants' compliance with the court orders. During that Meet and Confer, Plaintiffs pressed House Defendants on when they would produce the documents they were ordered to produce by the Court on *two* occasions. With discovery closing in a week, House Defendants declined to provide a definitive date on when they would produce the personal communications and emails of the House Defendants and members of the Ad Hoc Redistricting Committee, beyond a vague representation that they would "aim" to produce certain communications before the commencement of depositions.

As of the filing of this motion, Plaintiffs have taken the depositions of five legislative witnesses (including Defendant Jordan) without the benefit of this production, including Thomas Hauger (the chief internal mapmaker) earlier today, resulting in these depositions having to be held open. Depositions of other key legislators are scheduled for next week, including Speaker Lucas on Tuesday. Additionally, Plaintiffs had to prepare and serve their Local Rule 26.07 exhibit list last night without having received these materials.

## **ARGUMENT**

At any stage of a litigation, noncompliance with a Court's orders is inexcusable. Here, there has been repeated noncompliance concerning communications of key legislators and staff which the Court recognized on February 10 are "highly relevant to the intentional discrimination claims at the heard of the complaint, because the Legislature's decision making process itself is the case." ECF 153 at 12. The fact that the dilatory conduct has continued through fact discovery, notwithstanding two prior court orders, up to the point where it has interfered with Plaintiffs' trial preparations is gravely serious.

The federal rules provide remedies for such a situation. Among other things, Federal Rule of Civil Procedure 37 permits parties to move for an order compelling discovery after the movant "has in good faith conferred or attempted to confer with the person or party failing to make . . . discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). An order pursuant to Rule 37 is appropriate where a party "fails to produce documents." *Id.* (a)(3)(iv). An order granting a motion to enforce the Court's prior order pursuant to Rule 37 rests within the sound discretion of the Court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995). As detailed in Plaintiffs' prior motions (ECF 119 & 198), Plaintiffs have tried, repeatedly, to meet and confer about this issue, including as recently as April 27, when defense counsel, particularly Mr. Moore, berated and harassed Plaintiffs' counsel. This Court previously granted both a motion to compel, ECF 153, and a motion to enforce its order compelling production, ECF 221.

Rule 37 provides that if a party "fails to obey an order to provide or permit discovery," the court "may issue further just orders." Such orders may include, among other things, "directing that the matters embraced in the order or other designated facts be taken as established for purposes

of the action, as the prevailing party claims," Rule 37(b)(2)(A)(i); "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," Rule 37(b)(2(A)(ii); "staying further proceedings until the order is obeyed," Rule 37(b)(2(A)(iv); or rendering a default judgment against the disobedient party Rule 37(b)(2)(A)(vi).

Plaintiffs respectfully submit that while any of the measures under Rule 37 could be considered, relief under Rule 37(b)(2)(A)(i) and (b)(2)(A)(ii) would be just under the circumstances: the House Defendants' conduct in concealing and then withholding their communications about the redistricting process—evidence that the Court has said is "highly relevant to the intentional discrimination claims at the heart of the complaint"—certainly leave the impression that the House Defendants are trying to hide something. That obstruction is relevant to their intent for purposes of the Court's assessment of these claims. *See generally Vill. of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252, 266 (1977) ("Determining whether invidious discriminatory purpose was a motivating factor demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available.").

The Court's second order issued two weeks ago—after the first order issued over two months ago—and the House Defendants' deadline for compliance was 10 days ago. *See id.* Nonetheless, House Defendants have not produced a single communication conducted on private emails or texts that the Court ordered produced by April 19, nor provided any certifications concerning the searches that the Court ordered take place. Neither have the House Defendants identified for Plaintiffs what materials will be produced for each of their custodians. Plaintiffs have had to take five legislator depositions without the benefit of these documents, and the delay has interfered with the preparation of the five depositions scheduled for next week. And this delay

has fundamentally interfered with Plaintiffs' trial presentation, including the inability to review and assess these materials before Plaintiffs had to prepare and serve their trial exhibit list last night.

At this juncture, the Court can and should take notice of this dilatory conduct, and how it bears on the Court's conclusions about House Defendants' intent and true motivations in enacting H.4493.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter a "just order" under Rule 37(b) to remedy House Defendants' failure to comply with two prior orders to produce documents the Court previously noted found were "highly relevant to the intentional discrimination claims at the heart of the complaint." ECF 153.

Dated: April 29, 2022

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Adriel I. Cepeda Derieux**
Samantha Osaki**

Respectfully submitted,

*/s/ Allen Chaney*
Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org


Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

Christopher J. Bryant, Fed. ID 12538
BOROUGHS BRYANT, LLC

AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Adam Pergament**
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com


*  *Motion for admission Pro Hac Vice forthcoming*
** *Admitted Pro Hac Vice*

1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com


Jeffrey A. Fuisz**
Paula Ramer**
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

*Counsel for Plaintiffs the South Carolina Conference of the NAACP and Taiwan Scott*

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes*
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

* Motion for admission *Pro Hac Vice* forthcoming
** Admitted *Pro Hac Vice*

*Counsel for Plaintiff the South Carolina Conference of the NAACP*

11

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 29, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

/s/ *Allen Chaney*
Allen Chaney