# Exhibit E

National Office
40 Rector Street, 5th Floor
New York, NY 10006

T 212.965.2200
F 212.226.7592

www.naacpldf.org

Washington, D.C. Office
700 14th Street N.W., Suite 600
Washington, D.C. 20005

T 202.682.1300
F 202.682.1312



*By Electronic Mail*

April 15, 2022

Mark C. Moore
Nexsen Pruet, LLC
1230 Main Street, Suite 700
Columbia, SC 29201

      **Re:   Follow-Up Discussion Regarding Discovery in *S.C. State Conf. of the NAACP, et al. v. Alexander, et al.*, No. 3:21-cv-03302-MBS-TJH-RMG (D.S.C.)**

Dear Mr. Moore:

      On behalf of Plaintiffs' Counsel, I write to follow up about a discovery issue that was recently been brought to our attention during a deposition in the above-captioned case. Members of the Plaintiffs' Counsel team subsequently discussed this issue with you yesterday morning.

      As we shared, Plaintiffs' Counsel first learned of Nexsen Pruet's involvement in the 2021 map-drawing process for the South Carolina House of Representatives legislative districts on Wednesday, April 13. During Representative Jordan's April 13 deposition, for example, he testified that the House Redistricting Ad Hoc Committee relied on Nexsen Pruet attorneys during the 2021 map-drawing process, including to assist them with assessing and analyzing proposed state House legislative maps.[1] Mr. Newton testified to similar information during his deposition on Wednesday. During our subsequent meeting with you yesterday, you then disclosed, for the first time, Nexsen Pruet's involvement in the 2021 map-drawing process, consistent with Representative Jordan's and Representative Newton's testimony, though you declined to discuss the full scope of that involvement.

      We are surprised to learn of this information just nine days before the scheduled close of discovery. To date, the responses that House Defendants provided on January 24 to Plaintiffs' discovery requests—requests served on January 7—do not identify *any* Nexsen Pruet attorneys or staff as being involved in the 2021 map-drawing process. Nor does the House Defendants' privilege logs. As just one example, Plaintiffs have sought "the name and, if known, the address and telephone number of each individual involved and their role in considering, creating, developing, drafting, and proposing the maps adopted in H. 4493 and all Predecessor Maps." In response to this interrogatory, House

---

[1] We anticipate receiving expedited rough draft transcripts of Representatives Jordan's deposition, and that of Representative Newton, during this upcoming weekend. Representative Newton was also deposed on April 13.

Defendants have identified the names of House members, "map room staff employed by the House," and "House and staff counsel" as the only people involved in the consideration, development, drafting, and proposing of maps adopted in H. 4493 and all predecessor maps. House Defendants have never supplemented these responses, and Representative Jordan testified that he does not intend to as of April 13. Based on Representative Jordan's sworn deposition testimony, we would have expected House Defendants' discovery responses to have included the identification of Nexsen Pruet attorneys and any staff for at least Plaintiffs' First Set of Interrogatories 1, 8, 9, and 15.

Significantly, since Plaintiffs served their discovery requests, on February 10, the Court ordered that Plaintiffs are entitled to, among other related categories of discovery, any "documents produced and/or provided by persons *not legislators or staff which relate to the development, design and/or revision of H. 4493*." ECF No. 153 at 17 (emphasis added). Yet, based on our review of House Defendants' privilege logs, no entries include communications, documents, data, reports, analyses, and any other materials sent from Nexsen Pruet to House Defendants during the 2021 map-drawing process. And, at a minimum, Plaintiffs' First Set of Requests for Production 2, 3, 4, 6, 11, and 13 seek these categories of documents.

During our discussion yesterday morning, you agreed to review House Defendants' discovery responses and privilege logs again to determine whether you will supplement them. Plaintiffs' Counsel appreciates this. Even with that review, however, we are concerned about how this failure to timely disclose another third party's role—counsel of record for House Defendants in this case—may have negatively impacted Plaintiffs' ability to conduct the discovery to which they are entitled to in this case. Based on Plaintiffs' claims that the challenged state House districts are racial gerrymanders and intentionally dilute Black voting strength, the choices about how these districts were drawn and which voters were included within or outside of all state House districts are central to this case. As the Court has acknowledged, what is at issue in this case is the intent of individual legislators and the House as a whole in the drawing of state House districts adopted in H. 4493. ECF No. No. 153 at 17.

We therefore request that you supplement House Defendants' discovery responses and privilege logs by 12:00 p.m. on Monday, April 18 to address any deficiencies that we have discussed and to ensure that those responses and privilege logs comply with the Court's orders in this case. At that time, Plaintiffs' Counsel will determine the necessary next steps. In light of these revelations, Plaintiffs also reserve rights to supplement their discovery requests, including noticing additional depositions and holding others open until House Defendants and their counsel have produced the full scope of relevant information.

We appreciate your time and attention on this urgent matter.

Sincerely,

/s/ *Leah C. Aden*
Leah C. Aden
John S. Cusick
Antonio Ingram

2

                               NAACP LEGAL DEFENSE &
                               EDUCATIONAL FUND, INC.
                               40 Rector St, 5th Floor
                               New York, NY 10006
                               Tel.: (212) 965-220
                               laden@naacpldf.org

Cc:    Jennifer Hollingsworth, Nexsen Pruet, LLC
         Andrew Mathias, Nexsen Pruet, LLC
         Chris Bryant, Boroughs Bryant
         Allen Chaney, American Civil Liberties Union ("ACLU") of South Carolina
         Somil Trivedi, ACLU
         John Freedman, Arnold & Porter