# Exhibit F
**(Supplemental Responses to Certain Interrogatories)**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. ELDER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina State Election Commission,<br><br>　　　　　　Defendants. | Case No. 3:21-cv-03302-MBS-TJH-RMG<br><br>**HOUSE DEFENDANTS JAMES H. LUCAS, CHRIS MURPHY, AND WALLACE H. JORDAN'S FIRST SUPPLEMENTAL ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES REGARDING HOUSE PLAN** |

1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants James H. Lucas, in his official capacity as Speaker of the House of Representatives, Chris Murphy, in his official capacity as Chairman of the House of Representatives Judiciary Committee, and Wallace H. Jordan, Chairman of the House of Representatives Redistricting Ad Hoc Committee, (collectively, the "**House Defendants**"), subject to the General Objections set forth below, hereby supplement their answers to Plaintiffs' First Set of Interrogatories to Defendants ("**Interrogatories**"):

## INTRODUCTION

1. By this response submitted hereto, House Defendants do not waive the legislative privilege or immunity, the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege. Further, any and all inadvertent disclosure of such information, previously or in the future, shall not be deemed a waiver of the legislative privilege, the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

2. House Defendants base their responses upon (1) a reasonable search of facilities and files that could reasonably be expected to contain responsive information, and (2) inquiries of House Defendants' staff and/or representatives who could reasonably be expected to possess responsive information.

3. House Defendants respond to these Interrogatories with their current knowledge; however, the subject matter of these Interrogatories is under continuing investigation. House Defendants expressly reserve the right to use or rely upon information not submitted in response to these Interrogatories if they uncover such information during the course of their ongoing investigation. House Defendants reserve the right to supplement their responses to the extent any information they uncover in the course of their investigation is responsive to these Interrogatories.

4. House Defendants have performed a diligent search and made reasonable inquiry to locate information in their possession, custody, or control in an effort to fully respond to these Interrogatories. Plaintiffs should not construe House Defendants' responses as a representation that House Defendants have examined each and every document in their possession in connection with this response.

## GENERAL OBJECTIONS

1. House Defendants object to Interrogatories to the extent that they seek information protected from disclosure by applicable privilege or protection, including without limitation, the legislative privilege, the attorney-client privilege, and/or the work-product doctrine.

2. House Defendants object to Interrogatories insofar as they seek information concerning matters unrelated to the subject matter of this lawsuit, on the grounds that they are overly broad, unduly burdensome, they purport to command House Defendants to provide information in a manner not proportional to the needs of this case, and because they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3. House Defendants object to Interrogatories as not proportional to the needs of this case insofar as they implicate information, documents, and communications spanning over a more than 30-year period.

4. House Defendants object to Interrogatories to the extent that they seek information in a form inconsistent with the discovery process, including without limitation, information that is already within Plaintiffs' possession, custody, or control.

5. House Defendants object to Interrogatories to the extent they purport to impose obligations on House Defendants that are greater than or inconsistent with House Defendants'

discovery-related obligations as set forth in applicable procedural rules governing discovery in this action.

6.  House Defendants object to the definition of "predecessor maps" as overly broad and unduly burdensome to the extent such definition includes "any previous South Carolina House of Representatives redistricting map in whole or in part that were considered, created, developed, and/or proposed by Defendants." House Defendants further object to the definition to the extent it seeks disclosure of information that is privileged and not subject to disclosure.

7.  House Defendants object to the definition of "you," "your," or "defendants" to the extent such definition includes "agents, advisors, employees, representatives, officers, consultants, contractors, or any person or entity acting or purporting to act on Defendants' behalf or subject to Defendants' control" without regard to whether such individual acted within the scope of his or her relationship with House Defendants. Such definition is overly broad, unduly burdensome, vague, ambiguous, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence in this action. For purposes of responding to these Interrogatories, House Defendants will assume such definition includes only individuals or entities acting in their non-privileged capacities as House Defendants' agents.

8.  House Defendants object to the definition of "document" or "documents" to the extent such definitions include "electronically stored information" and to the extent such definition includes any "deleted" but recoverable electronic files and "slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and/or RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data)" as overly broad, unduly burdensome, vague,

4

ambiguous, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence in this action.

9. House Defendants object to Interrogatories insofar as they seek confidential information of House Defendants that is unrelated to the claims and defenses in this action and that, if disclosed, could irreparably harm House Defendants.

10. These General Objections are applicable to each of the following responses, and failure to repeat an objection in response to a specific Interrogatory shall not be deemed a waiver of the objection. Further, when House Defendants specifically repeat one or more of these General Objections in response to a specific Interrogatory, such specific response is not a waiver of these General Objections.

Subject to and without waiving these General Objections, and subject to and without waiving the specific objections noted below, House Defendants supplement their answers to Plaintiffs' First Set of Interrogatories as follows:

## INTERROGATORIES

### INTERROGATORY NO. 1.

Identify all persons in your office(s) involved in any evaluation, compilation, collection of data, estimate, report, study, or analysis concerning voting patterns, their behavior, demographic trends, or practices by race or ethnicity in South Carolina, created or dated from January 1, 2021 to the present.

**ANSWER: House Defendants object to this Interrogatory on the grounds that it is overbroad, vague, confusing, compound, and without definitions for key terms. House Defendants further object on the basis the Interrogatory requests information that is protected by legislative privilege, attorney/client privilege, and the work-product doctrine.**

**Subject to and without waiving the foregoing objections, and specifically without waiver of any privilege provided by law, to the extent the Interrogatory asks for persons in the House of Representatives involved in any evaluation of demographic trends from January 1, 2021 to present, presumably relevant information includes identification of all persons that utilized the map room during the 2021 redistricting cycle, which included every current Representative of the House of Representatives with the exception of J. Todd Rutherford and Kirkman Finlay III. Names and contact information for all House Members is readily accessible at https://www.scstatehouse.gov/member.php?chamber=H. Further answering subject to the foregoing objections and assumptions, persons that utilized the map rom also included map room staff employed by the House, including Thomas Hauger, Sarah Grace Williamson, Joleigh "Eliza" Deguit, Megan Goyak, Daniel Ingley, and Sebastian Bass, as well as House and staff counsel.**

**SUPPLEMENTAL ANSWER: Subject to and without waiving the foregoing objections and specifically without waiver of the protections afforded the attorney-client relationship, House Defendants further answer that undersigned counsel's engagement and scope of representation included legal service and advice concerning voting patterns or practices in South Carolina during the time period of January 1, 2021 through the enactment of H. 4493. In addition, House Defendants have previously disclosed that Thomas Brunell assisted in the evaluation of voting patterns and practices in South Carolina and he is available through undersigned counsel. To the extent Plaintiffs would demand House Defendants identify any non-testifying consulting experts in answer to this Interrogatory, House Defendants object pursuant to Federal Rule of Civil Procedure 26(b)(4)(D).**

**INTERROGATORY NO. 8.**

Please provide the name and, if known, the address and telephone number of each individual involved and their role in considering, creating, developing, drafting, and proposing the maps adopted in H. 4493 and all Predecessor Maps.

**ANSWER: Subject to House Defendants' General Objection No. 6, House Defendants direct Plaintiffs to the response to Interrogatory No. 1. Further answering and specifically without waiving any privileges and immunities available by law, the identified House Members each participated in the redistricting process by working in the map room on one or more House Districts prior to approval of the maps adopted in H. 4493 by the Redistricting Ad Hoc Committee, the Judiciary Committee and the House of Representatives.**

**SUPPLEMENTAL ANSWER: Subject to and without waiving the foregoing objections and specifically without waiver of the protections afforded the attorney-client relationship, House Defendants further answer that the undersigned were engaged as outside counsel to House Defendants and the Redistricting Ad Hoc Committee for purposes of assisting with the 2021 redistricting cycle. To the extent the overbroad language of the Interrogatory seeking "each individual involved and their role in considering . . . maps adopted in H. 4493" would include such outside counsel's representation, their names, addresses, and telephone numbers are set forth in the signature blocks below.**

**INTERROGATORY NO. 15.**

Describe the process through which You answered questions that were raised in writing, public hearings, or private meetings by members of the public or South Carolina General Assembly members for districts adopted in H. 4493 and Predecessor Maps.

**ANSWER:** House Defendants object to this Interrogatory on the grounds that it is vague and unclear as written. Subject to this objection and General Objection No. 6, and specifically without waiving any privileges and immunities available by law, one or more House Defendants and/or other members of the Redistricting Ad Hoc Committee at times addressed questions during the public hearings and meetings of the Ad Hoc Committee, the Judiciary Committee, and the House of Representatives' sessions, and further provided several letters in response to written demands for information made by a coalition of public interest groups that included Plaintiff SC NAACP. House Defendants also from time to time would have had conversations in person or by telephone by other House Members that may have involved questions raised.

**SUPPLEMENTAL ANSWER:** Subject to and without waiving the foregoing objections and specifically without waiver of the protections afforded the attorney-client relationship, House Defendants further answer that the undersigned counsel for the House Defendants and the Redistricting Ad Hoc Committee provided relevant legal services and advice and work product to their clients.

Respectfully submitted,

*s/ Mark C. Moore*

Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Erica H. Wells (Fed. ID No. 13206)
Hamilton B. Barber (Fed. ID No. 13306)
Michael A. Parente (Fed. ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
EWells@nexsenpruet.com
HBarber@nexsenpruet.com
MParente@nexsenpruet.com

William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900
Greenville, SC 29601
Telephone: 864.370.2211
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Rhett D. Ricard (Fed. ID No. 13549)
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401
Telephone: 843.720.1707
RRicard@nexsenpruet.com

May 2, 2022
Columbia, South Carolina

*Attorneys for James H. Lucas, Chris Murphy, and Wallace H. Jordan*

9

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 2, 2022, a true and correct copy of ***House Defendants' First Supplemental Answers to Plaintiffs' First Set of Interrogatories to Defendants*** was served on all counsel of record by electronic filing with the Court.

                                        *s/ Mark C. Moore*
                                        Mark C. Moore
                                        Nexsen Pruet, LLC