# Exhibit G
## (Supplemental Responses to Certain Requests for Production)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>     Plaintiffs,<br><br> vs.<br><br>THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. ELDER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina State Election Commission,<br><br>     Defendants. | Case No.  3:21-cv-03302-MBS-TJH-RMG<br><br><br><br>**HOUSE DEFENDANTS JAMES H. LUCAS, CHRIS MURPHY, AND WALLACE H. JORDAN'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING HOUSE PLAN** |

1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants James H. Lucas, in his official capacity as Speaker of the House of Representatives, Chris Murphy, in his official capacity as Chairman of the House of Representatives Judiciary Committee, and Wallace H. Jordan, Chairman of the House of Representatives Redistricting Ad Hoc Committee, (collectively, the "**House Defendants**"), subject to the General Objections set forth below, hereby supplement their response to Plaintiffs' First Requests for Production of Documents to Defendants ("**Requests**"):

## INTRODUCTION

1.     By this response submitted hereto, House Defendants do not waive the legislative privilege or immunity, the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity. Further, any and all inadvertent disclosure of such information, previously or in the future, shall not be deemed a waiver of the legislative privilege, the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

2.     House Defendants base their responses upon (1) a reasonable search of facilities and files that could reasonably be expected to contain responsive documents, and (2) inquiries of House Defendants' staff and/or representatives who could reasonably be expected to possess responsive documents.

3.     House Defendants respond to these Requests with their current knowledge; however, the subject matter of these Requests is under continuing investigation. House Defendants expressly reserve the right to use or rely upon documents not produced in response to these Requests if they uncover such documents during the course of their ongoing investigation. House

Defendants reserve the right to supplement their responses to the extent any documents they uncover in the course of their investigation are responsive to these Requests.

4. House Defendants have performed a diligent search and made reasonable inquiry to locate documents in their possession, custody, or control in an effort to fully respond to these Requests. Plaintiffs should not construe House Defendants' responses as a representation that House Defendants have examined each and every document in their possession in connection with this response.

## **GENERAL OBJECTIONS**

1. House Defendants object to Plaintiffs' Requests to the extent that they seek information protected from disclosure by applicable privilege or protection, including without limitation, the legislative privilege or immunity, the attorney/client privilege, and/or the work-product doctrine.

2. House Defendants object to Plaintiffs' Requests insofar as they seek information concerning matters unrelated to the subject matter of this lawsuit, on the grounds that they are overly broad, unduly burdensome, they purport to command House Defendants to produce documents in a manner not proportional to the needs of this case, and because they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3. House Defendants object to Plaintiffs' Requests as not proportional to the needs of this case insofar as they implicate documents and communications spanning over a more than 30-year period.

4. House Defendants object to Plaintiffs' Requests to the extent that they seek information in a form inconsistent with the discovery process, including without limitation, information that is already within Plaintiffs' possession, custody, or control.

5. House Defendants object to Plaintiffs' Requests to the extent they purport to impose obligations on House Defendants that are greater than or inconsistent with House Defendants' discovery-related obligations as set forth in applicable procedural rules governing discovery in this action.

6. House Defendants object to the definition of "predecessor maps" as overly broad and unduly burdensome to the extent such definition includes "any previous South Carolina House of Representatives redistricting map in whole or in part that were considered, created, developed, and/or proposed by Defendants."

7. House Defendants object to the definition of "third parties" to the extent such definition is limitless and, as such, is overly broad, unduly burdensome, vague, ambiguous, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence in this action.

8. House Defendants object to the definition of "you," "your," or "defendants" to the extent such definition includes "agents, advisors, employees, representatives, officers, consultants, contractors, or any person or entity acting or purporting to act on Defendants' behalf or subject to Defendants' control" without regard to whether such individual acted within the scope of his or her relationship with House Defendants. Such definition is overly broad, unduly burdensome, vague, ambiguous, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence in this action. For purposes of responding to these Requests,

House Defendants will assume such definition includes only individuals or entities acting in their non-privileged capacities as House Defendants' agents.

9. House Defendants object to the definition of "document" or "documents" to the extent such definition includes "electronically stored information" and to the extent such definition includes any "deleted" but recoverable electronic files and "slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and/or RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data)" as overly broad, unduly burdensome, vague, ambiguous, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence in this action.

10. House Defendants object to Plaintiffs' Requests insofar as they seek confidential information of House Defendants that is unrelated to the claims and defenses in this action and that, if disclosed, could irreparably harm House Defendants.

11. These General Objections are applicable to each of the following responses and objections, and failure to repeat an objection in response to a specific Request shall not be deemed a waiver of the objection. Further, when House Defendants specifically repeat one or more of these General Objections in response to a specific Request, such specific response is not a waiver of these General Objections.

Subject to and without waiving these General Objections, and subject to and without waiving the specific objections noted below, House Defendants supplement their responses to Plaintiffs' Requests as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications concerning the districts adopted in H. 4493 and Predecessor Maps, including but not limited to all communications with and documents or data provided to, considered, or relied upon by persons who drew, reviewed, approved, or adopted the determination to draw districts as reflected in H. 4493 and Predecessor Maps.

**RESPONSE:** **House Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and purports to command House Defendants to produce documents in a manner not proportional to the needs of this case or that are outside the possession, custody, or control of House Defendants or are publicly or equally available to Plaintiffs. House Defendants further object on the basis that this Request seeks the production of documents protected from disclosure by legislative privilege, attorney/client privilege, and the work product doctrine. Subject to and without waiving the foregoing objections, and pending a determination by the Court as to the application and scope of the privileges applicable to this proceeding, House Defendants direct Plaintiffs to the South Carolina House of Representatives 2021 Redistricting Website (the "Redistricting Website") at https://redistricting.schouse.gov/ where non-privileged documents responsive to this Request are electronically available, and House Defendants produce simultaneous herewith documents and communications sent and received via the Redistricting Website and the House Redistricting e-mail account, marked SC_HOUSE_000001-SC_HOUSE_0010047. House Defendants are continuing to process documents and information for production to Plaintiffs in response to this and other Requests.**

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the foregoing objections and specifically without waiver of the protections afforded the attorney-client relationship, House Defendants refer Plaintiffs to the documents produced by House Defendants to date, which include the documents produced pursuant to the Court's February 10, 2022 (ECF No. 153) and April 27, 2022 (ECF No. 244) Orders concerning, in part, the applicability of House Defendants' privilege assertions. Relevant documents can also be found among SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the Ad Hoc Committee related to the current redistricting cycle, which has also been produced to Plaintiffs in this case.

**REQUEST FOR PRODUCTION NO. 3:**

All maps, draft maps, memoranda, reports, analyses, correspondence, or other documents concerning the drawing of the districts adopted in H. 4493 and Predecessor Maps. This Request includes, but is not limited to, documents concerning the racial polarization in the South Carolina electorate, state legislative districts, the role of race in drawing districts, and correspondence between or among you, individuals on the committee, any map drawers, experts, legislators, members of the South Carolina Legislature, or anyone else concerning the drawing of the districts or any draft maps of the districts considered but not adopted.

**RESPONSE: House Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and purports to command House Defendants to produce documents in a manner not proportional to the needs of this case or that are outside the possession, custody, or control of House Defendants or are publicly or equally available to Plaintiffs. House Defendants further object on the basis that this Request seeks the**

**production of documents protected from disclosure by legislative privilege, attorney/client privilege, and the work product doctrine. Subject to and without waiving the foregoing objections, and pending a determination by the Court as to the application and scope of the privileges applicable to this proceeding, House Defendants direct Plaintiffs to the Redistricting Website at https://redistricting.schouse.gov/ where non-privileged documents responsive to this Request are electronically available, including all public map submissions at https://redistricting.schouse.gov/publicsubmissions.html, and House Defendants produce simultaneous herewith documents and communications sent and received via the Redistricting Website and the House Redistricting e-mail account, marked SC_HOUSE_000001-SC_HOUSE_0010047, which includes documents responsive to this Request. House Defendants are continuing to process documents and information for production to Plaintiffs on a rolling basis.**

**<u>SUPPLEMENTAL RESPONSE:</u> Subject to and without waiving the foregoing objections and specifically without waiver of the protections afforded the attorney-client relationship, House Defendants refer Plaintiffs to the documents produced by House Defendants to date, which include the documents produced pursuant to the Court's February 10, 2022 (ECF No. 153) and April 27, 2022 (ECF No. 244) Orders concerning, in part, the applicability of House Defendants' privilege assertions. Relevant documents can also be found among SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the Ad Hoc Committee related to the current redistricting cycle, which has also been produced to Plaintiffs in this case.**

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications provided to or relied upon by (a) any expert who Defendants intend to call to testify in this matter; or (b) any consultant, advisory, or other individual who provided advice or consultation concerning, or participated in the drawing, evaluation, or analysis of, the districts adopted in H. 4493 or Predecessor Maps.

**RESPONSE: House Defendants object to the extent this Request on the basis that it seeks the production of documents or information that is not subject to disclosure under Fed. R. Civ. P. 26(b) and/or is protected by legislative privilege, the attorney/client privilege, or the work-product doctrine. Subject to and without waiving the foregoing objections, and pending a determination by the Court as to the application and scope of the privileges applicable to this proceeding, House Defendants direct Plaintiffs to the Redistricting Website at https://redistricting.schouse.gov/ and the relevant public information available there. In addition to the production made herewith, House Defendants are continuing to process documents and information for production to Plaintiffs on a rolling basis.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections and specifically without waiver of the protections afforded the attorney-client relationship, House Defendants refer Plaintiffs to the documents produced by House Defendants on February 14, 2022. Relevant documents can also be found in House Defendants' expert reports and rebuttal expert reports that have been disclosed. To the extent this Request would demand disclosure of documents and information within the files of House Defendants' legal counsel or non-testifying expert, House Defendants reiterate their**

objections on the basis of attorney-client privilege, the work product doctrine, and Federal Rule of Civil Procedure 26(b)(4)(D).

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning the rationale(s) or purpose(s) behind the Challenged Districts and Districts Bordering the Challenged Districts adopted in H. 4493 and any Predecessor Maps.

**RESPONSE:** House Defendants object to the extent this Request seeks the production of documents or information that is not subject to disclosure under Fed. R. Civ. P. 26(b) and/or is protected by legislative privilege, the attorney/client privilege, or the work-product doctrine. Subject to and without waiving the foregoing objections, and pending a determination by the Court as to the application and scope of the privileges applicable to this proceeding, House Defendants direct Plaintiffs to the following non-privileged documents responsive to this Request already in Plaintiffs' possession or equally available to Plaintiffs: House Defendants' Motion to Dismiss (ECF No. 91), House Defendants' Answer (ECF No. 92), and documents and information on the Redistricting Website, including the public hearings section at https://redistricting.schouse.gov/publichearing.html, benchmark house district demographics data at https://redistricting.schouse.gov/docs/StateHouseDistrictsPredraw.xlsx, and the South Carolina Legislature Video Archives at https://www.scstatehouse.gov/video/archives.php. Responsive documents may also be found in the production made herewith, Bates labeled SC_HOUSE_000001-SC_HOUSE_0010047, and additional documents and information are being processed for production to Plaintiffs on a rolling basis.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the foregoing objections and specifically without waiver of the protections afforded the attorney-client relationship, House Defendants refer Plaintiffs to the documents produced by House Defendants to date, which include the documents produced pursuant to the Court's February 10, 2022 (ECF No. 153) and April 27, 2022 (ECF No. 244) Orders concerning, in part, the applicability of House Defendants' privilege assertions.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning statements support of or opposition to H. 4493 and any Predecessor Maps, including in support of or opposition to any proposed amendments.

**RESPONSE: House Defendants object to the extent this Request seeks the production of documents or information that is not subject to disclosure under Fed. R. Civ. P. 26(b) and/or is protected by legislative privilege, the attorney/client privilege, or the work-product doctrine. Subject to and without waiving the foregoing objections, and pending a determination by the Court as to the application and scope of the privileges applicable to this proceeding, House Defendants direct Plaintiffs to the following non-privileged documents responsive to this Request already in Plaintiffs' possession or equally available to Plaintiffs: House Defendants' Motion to Dismiss (ECF No. 91), House Defendants' Answer (ECF No. 92), and documents and information on the Redistricting Website, including the public hearings section at https://redistricting.schouse.gov/publichearing.html, benchmark house district demographics data at https://redistricting.schouse.gov/docs/StateHouseDistrictsPredraw.xlsx, and the South**

Carolina Legislature Video Archives at https://www.scstatehouse.gov/video/archives.php. House Defendants further produce simultaneous herewith documents and communications sent and received via the Redistricting Website and the House Redistricting e-mail account, marked SC_HOUSE_000001-SC_HOUSE_0010047, which includes documents responsive to this Request. House Defendants are continuing to process documents and information for production to Plaintiffs on a rolling basis.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving the foregoing objections and specifically without waiver of the protections afforded the attorney-client relationship, House Defendants refer Plaintiffs to the documents produced by House Defendants to date, which include the documents produced pursuant to the Court's February 10, 2022 (ECF No. 153) and April 27, 2022 (ECF No. 244) Orders concerning, in part, the applicability of House Defendants' privilege assertions. Relevant documents can also be found among SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the Ad Hoc Committee related to the current redistricting cycle, which has also been produced to Plaintiffs in this case.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications concerning the impact or potential impact of H. 4493 and any Predecessor Maps on voters of color.

**RESPONSE:** House Defendants object to the extent this Request seeks the production of documents or information that is not subject to disclosure under Fed. R. Civ. P. 26(b) and/or is protected by legislative privilege, the attorney/client privilege, or the work-product doctrine. Subject to and without waiving the foregoing objections, and pending a

**determination by the Court as to the application and scope of the privileges applicable to this proceeding, House Defendants direct Plaintiffs to the following non-privileged documents responsive to this Request already in Plaintiffs' possession or equally available to Plaintiffs: House Defendants' Motion to Dismiss (ECF No. 91), House Defendants' Answer (ECF No. 92), and documents and information on the Redistricting Website, including the public hearings section at https://redistricting.schouse.gov/publichearing.html, benchmark house district demographics data at https://redistricting.schouse.gov/docs/StateHouseDistrictsPredraw.xlsx, and the South Carolina Legislature Video Archives at https://www.scstatehouse.gov/video/archives.php. House Defendants further produce simultaneous herewith documents and communications sent and received via the Redistricting Website and the House Redistricting e-mail account, marked SC_HOUSE_000001-SC_HOUSE_0010047, which includes documents responsive to this Request. House Defendants are continuing to process documents and information for production to Plaintiffs on a rolling basis.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections and specifically without waiver of the protections afforded the attorney-client relationship, House Defendants refer Plaintiffs to the documents produced by House Defendants to date, which include the documents produced pursuant to the Court's February 10, 2022 (ECF No. 153) and April 27, 2022 (ECF No. 244) Orders concerning, in part, the applicability of House Defendants' privilege assertions. Relevant documents can also be found among SC NAACP's comments, letters, and maps that were submitted to, and its**

13

**testimony before, the Ad Hoc Committee related to the current redistricting cycle, which has also been produced to Plaintiffs in this case.**

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications concerning any survey results, databases, estimates, or statistics regarding racial or ethnic group affiliation or identification among South Carolina voters in the Challenged Districts and Districts Bordering the Challenged Districts.

**RESPONSE: House Defendants object to the extent this Request seeks the production of documents or information that is not subject to disclosure under Fed. R. Civ. P. 26(b) and/or is protected by legislative privilege, the attorney/client privilege, or the work-product doctrine. Subject to and without waiving the foregoing objections, and pending a determination by the Court as to the application and scope of the privileges applicable to this proceeding, House Defendants direct Plaintiffs to the answers and production in response to the foregoing Requests Nos. 11, 12, 13 & 14.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections and specifically without waiver of the protections afforded the attorney-client relationship, House Defendants refer Plaintiffs to the documents produced by House Defendants to date, which include the documents produced pursuant to the Court's February 10, 2022 (ECF No. 153) and April 27, 2022 (ECF No. 244) Orders concerning, in part, the applicability of House Defendants' privilege assertions. Relevant documents can also be found among SC NAACP's comments, letters, and maps that were submitted to, and its testimony before, the Ad Hoc Committee related to the current redistricting cycle, which has also been produced to Plaintiffs in this case.**

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications between You and other individuals, including members of the South Carolina General Assembly and their staff or employees, and organizations and third parties related to H. 4493, Predecessor Maps, and redistricting in South Carolina.

**RESPONSE: House Defendants produce herewith all documents and communications received through the Redistricting Website and sent or received via the Redistricting e-mail address, and is compiling for production any other documents or communications received at any public hearing or meeting of the Redistricting Ad Hoc Committee, which would include documents responsive to this Request. House Defendants object to this Request to the extent it seeks the production of documents or information that is not subject to disclosure under Fed. R. Civ. P. 26(b) and/or is protected by legislative privilege, the attorney/client privilege, or the work-product doctrine. Pending a determination by the Court as to the application and scope of the privileges applicable to this proceeding, all responsive non-privileged documents have been or are being processed in order to be produced.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections and specifically without waiver of the protections afforded the attorney-client relationship, House Defendants refer Plaintiffs to the documents produced by House Defendants to date, which include the documents produced pursuant to the Court's February 10, 2022 (ECF No. 153) and April 27, 2022 (ECF No. 244) Orders concerning, in part, the applicability of House Defendants' privilege assertions. Relevant documents can also be found among SC NAACP's comments, letters, and maps that were submitted to, and its**

testimony before, the Ad Hoc Committee related to the current redistricting cycle, which has also been produced to Plaintiffs in this case.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications between You and other individuals, including members of the South Carolina General Assembly and their staff or employees, concerning the Map Room.

**RESPONSE: House Defendants have produced or are processing for production documents and communications related to the operation and scheduling of the Map Room. House Defendants object to this Request to the extent it seeks the production of documents or information that is not subject to disclosure under Fed. R. Civ. P. 26(b) and/or is protected by legislative privilege, the attorney/client privilege, or the work-product doctrine. Pending a determination by the Court as to the application and scope of the privileges applicable to this proceeding, all responsive non-privileged documents have been or are being processed in order to be produced.**

**SUPPLEMENTAL RESPONSE: Subject to and without waiving the foregoing objections and specifically without waiver of the protections afforded the attorney-client relationship, House Defendants refer Plaintiffs to the documents produced by House Defendants to date, which include the documents produced pursuant to the Court's February 10, 2022 (ECF No. 153) and April 27, 2022 (ECF No. 244) Orders concerning, in part, the applicability of House Defendants' privilege assertions.**

        Respectfully submitted,

        *s/ Mark C. Moore*

Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Erica H. Wells (Fed. ID No. 13206)
Hamilton B. Barber (Fed. ID No. 13306)
Michael A. Parente (Fed. ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
EWells@nexsenpruet.com
HBarber@nexsenpruet.com
MParente@nexsenpruet.com

William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900
Greenville, SC 29601
Telephone: 864.370.2211
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Rhett D. Ricard (Fed. ID No. 13549)
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401
Telephone: 843.720.1707
RRicard@nexsenpruet.com

May 2, 2022
Columbia, South Carolina

*Attorneys for James H. Lucas, Chris Murphy, and Wallace H. Jordan*

17

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2022, a true and correct copy of ***House Defendants' First Supplemental Responses to Plaintiffs' First Requests for Production of Documents to Defendants*** was served on all counsel of record by electronic filing with the Court.

          *s/ Mark C. Moore*
          Mark C. Moore
          Nexsen Pruet, LLC