**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>Defendants. | Civil Action No. 3:21-cv-03302-MBS-TJH-RMG<br><br>**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION REGARDING "ONGOING NONCOMPLIANCE WITH THE COURT'S DISCOVERY ORDERS"** |

Defendants James H. Lucas (in his official capacity as Speaker of the South Carolina House of Representatives), Chris Murphy (in his official capacity as Chairman of the South Carolina House of Representatives Judiciary Committee), and Wallace H. Jordan (in his official capacity as Chairman of the South Carolina House of Representatives Redistricting Ad Hoc Committee) (collectively, the "**House Defendants**"), by and through undersigned counsel, hereby file this

response in opposition to Plaintiffs' Motion captioned "Motion Regarding Ongoing Noncompliance with the Court's Discovery Orders" (ECF No. 247) ("**Motion**").

### RESPONSE TO INTRODUCTION

In yet another discovery-related motion, Plaintiffs bring another "sideshow" in front of the Panel despite the Panel very recently voicing concerns about the efficacy of such disputes. (*See* Tr. from Apr. 12, 2022 Hearing at 14:16-17, attached as ***Exhibit A*** ("[W]e're spending a lot of time on what I regard as kind of sideshow issues.")). Even more concerning is the fact that Plaintiffs' lead discovery team ***continues*** to make misrepresentations to the Panel despite repeated warnings about such conduct by House Defendants' counsel, which the Panel has now observed first-hand on two separate occasions. (*See, e.g.,* ***Ex. A*** at 59:6-60:9 (a member of the Panel appearing to recognize that Plaintiffs' discovery counsel was misquoting Jennifer Hollingsworth during the April 12, 2022 telephonic hearing on two other discovery-related motions filed by Plaintiffs); Tr. from Apr. 26, 2022 telephonic status conference, attached as ***Exhibit B*** at 13:16-14:10 (Plaintiffs' discovery counsel representing to the Panel that an issue related to the adequacy of Plaintiff SC NAACP's email collection was "[n]ews to [him]" that was "[n]ot previously raised [and] not met and conferred on," despite the fact that (as counsel for House Defendants promptly pointed out to the Panel) the issue had already been raised and that "a number of the folks on [Plaintiffs'] side [were] well aware of the issue");[1] *see also* ECF No. 198-5 (counsel for House

---

[1] While counsel for House Defendants did not point this out to the Panel at the April 26, 2022 status conference (as we were not expecting the response outlined above), we feel required to note that on April 18, 2022, House Defendants sent a four-page letter to ***all*** of Plaintiffs' counsel of record, which raised detailed concerns about this very issue. (*See* House Defendants' Apr. 18, 2022 Discovery Letter, attached as ***Exhibit C***). Indeed, Plaintiffs' spokesperson who represented that this issue was "news" to him was one of the lawyers who received this letter. Moreover, this issue was also discussed during the Parties' March 14, 2022 meet and confer. At least five of Plaintiffs' counsel were present during that meet and confer, including two attorneys from

Defendants admonishing Plaintiffs' discovery counsel about repeated misrepresentations and mischaracterizations contained in self-serving "summaries" that Plaintiffs' discovery counsel continued to draft and send after the conclusion of the Parties' meet and confers, which ultimately resulted in counsel for House Defendants retaining a court reporter for an April 14, 2022 meet and confer)).

Plaintiffs' most recent misrepresentation stems from a statement from House Defendants' counsel during the April 26, 2022 telephonic status conference, where counsel stated that House Defendants would produce the documents at issue in this Motion "***well before any deposition takes place that might be affected by those productions*** and well before the discovery deadline." (*See* ***Ex. B*** at 18:13-15) (emphasis added). Just hours after that status conference, House Defendants' counsel reiterated this commitment during a meet and confer discussion with Plaintiffs' counsel,[2] and it was clear that Plaintiffs' local counsel understood House Defendants' representation regarding when these communications would be produced. Three days later, Plaintiffs filed their Motion with representations that stand in stark contrast from the commitment actually made by House Defendants' counsel. (*See* ECF No. 247 at 2 ("Notwithstanding defense counsel's representation at the April 26 hearing that such materials had been collected, ***and despite counsel having committed to produce them 'well before' depositions recommenced***, that deadline has passed.") (emphasis added); *see also* ECF No. 247 at 7 ("At the April 26, 2022 status conference, House Defendants acknowledged that they have not produced documents that the Court ordered

---

Plaintiffs' lead discovery team—both of whom were from the same law firm as their discovery spokesperson at the April 26, 2022 status conference.

[2]     Two lawyers from Plaintiffs' lead discovery team attended this meet and confer.

3

produced on April 13 *and committed to the Court that they would produce documents subject to the Court's Orders before relevant depositions take place*.") (emphasis added)).

Simply put, the only "inexcusable," "gravely serious" issue before the Panel, (*see* ECF No. 247 at 8), is whether House Defendants should continue to have to contend with such misrepresentations and omissions in the midst of their trial preparation. Such conduct is not only wasteful of the Parties' time, but is also wasteful of this Panel's time.[3] House Defendants respectfully submit that the Panel should hold Plaintiffs' discovery counsel to task for their conduct in a way that deters them from continuing to misquote, misrepresent, or otherwise mischaracterize the representations of House Defendants' counsel.

## ARGUMENT

### I. House Defendants Have Complied With This Court's Orders.

House Defendants first note that they are confounded as to how Plaintiffs' counsel may in good faith represent to the Panel that House Defendants have failed to comply with *multiple* court orders, especially after Judge Gergel recently commended House Defendants' production efforts related to the Panel's February 10, 2022 Order. (*See* ***Ex. A*** at 37:7-9 ("Y'all's response to our [February 10, 2022] order was *excellent*. I mean, *I've got to say, y'all really jumped at it. And we appreciate that*.") (emphasis added)). That notwithstanding, it bears repeating that House Defendants' counsel represented that House Defendants would produce the documents at issue in this Motion "*well before any deposition takes place that might be affected by those productions* and well before the discovery deadline." (***Ex. B*** at 18:13-15). That is exactly what House

---

[3] An additional example of Plaintiffs' written bluster is the unsupported accusation that "the dearth of substantive communications conducted on official government email accounts about the revised maps appears to reflect a concerted effort to evade discovery of [House Defendants'] true process and motive . . ." (ECF No. 247 at 3).

4

Defendants have done.[4]

On April 30, 2022, House Defendants produced personal email correspondence and text messages from Chairmen Wallace Jordan and Chris Murphy, as well as Representatives Justin Bamberg, Beth Bernstein, Neal Collins, and Weston Newton. (*See* Apr. 30, 2022 Prod. Ltr., attached as ***Exhibit D*** ("The production is being made pursuant to the Panel's April 13, 2022 Order (ECF No. 222) directing the production of communications such as personal email accounts and text messages.")).[5] This production is consistent with counsel's representation that House Defendants would produce these communications "well before any deposition takes place that might be affected by those productions," as (of the aforementioned individuals) only Speaker Lucas, Chairman Murphy, and Representative Collins are being deposed this week. In addition,

---

[4] The April 19, 2022 deadline for completion noted in the Panel's April 13, 2022 Order (ECF No. 221 at 3) is no longer the operative deadline for compliance, as first a member of the Panel extended that deadline for completion during a discussion with the Parties related to settlement discussions, and then Plaintiffs' local counsel further agreed to an extension of the deadline for production. In addition, as detailed in the body of this Motion, we respectfully submit that during the April 26, 2022 status conference, the Panel agreed to move this deadline as discussed above.

[5] House Defendants produced no responsive personal communications from Speaker Lucas because no such communications exist. Furthermore, House Defendants collected personal communications from Representative Jason Elliott on April 30, 2022, but are still in the process of preparing those for production. Responsive personal communications from Representative Elliott will be produced as soon as possible this week, but the timing of that production will not prejudice Plaintiffs because they have not scheduled a deposition for Representative Elliott. As to Representative Pat Henegan, House Defendants are engaged in discussions with Plaintiffs' local counsel concerning whether Plaintiffs require a production from her due to the fact that the only responsive documents she has located relate to scheduling issues and she has been distracted in recent weeks based on a close relative's serious health issues. Nevertheless, as discussed with Plaintiff's local Representative Henegan completed an initial review of her communications earlier this month, recently completed a supplemental review at the request of counsel and will produce any arguably responsive documents at the request of Plaintiff's local counsel. As noted in discussions with Plaintiff's local counsel, the only responsive documents she has identified related to the scheduling of public hearings and/or meetings of the Ad Hoc redistricting committee. As noted earlier, Plaintiffs' Motion completely ignores the fact of the ongoing settlement discussions between the Parties and the effect of those discussions on discovery.

House Defendants are in possession of certifications from all of these individuals as required by the Panel's April 13, 2022 Order. (*See* ECF Nos. 221, 221-1). Accordingly, because House Defendants are in compliance with this Court's Orders, Plaintiffs are not entitled to an Order under Federal Rule of Civil Procedure 37(b).

## II.  Plaintiffs Have Not Been Prejudiced.

Without any real substance or concrete evidence, Plaintiffs baldly assert that the timing of House Defendants' production has prejudiced Plaintiffs in several respects. Plaintiffs first argue that they "had to proceed with a deposition [of Thomas Hauger] without these materials," (ECF No. 247 at 2), yet they provide no evidence of actual prejudice.[6] Indeed, notwithstanding that the communications at issue are irrelevant to Mr. Hauger's deposition, Plaintiffs never asked Mr. Hauger about these materials. (*See also* **Ex. A** at 57:25-59:5 (a member of the Panel instructing Plaintiffs to take depositions and actually ask the witnesses questions related to the discovery Plaintiffs seek)). Plaintiffs' cries of prejudice fall flat as the production was made more than two days prior to any arguably affected deposition, which is consistent with the agreement the Parties have been operating under.

Plaintiffs' also vaguely argue, again without any evidentiary support, that "[t]he ongoing failure to make this production has interfered with trial preparation; Plaintiffs had to prepare and serve their Local Rule 26.07 exhibit list last evening without having received the materials." *Id.* at 3.[7] This argument is curious, especially when considering that Local Rule 26.07 does not apply to

---

[6]     Plaintiffs' Motion also fails to inform the Panel that the only deposition that occurred last week was that of Mr. Hauger, who is not a legislator and was never a party to any of the communications at issue in Plaintiffs' Motion.

[7]     The only party that has been prejudiced by an "ongoing failure" to produce documents is House Defendants. As discussed in detail in House Defendants' Second Motion to Compel Production of Documents (ECF No. 248), SC NAACP President Brenda Murphy has now sat for

an action like this one where the Parties are not submitting pretrial briefs. (*See* Local Civ. R. 26.07 (". . . unless otherwise ordered by the court, attorneys for each side shall meet at least seven (7) days ***prior to the date set for submission for pretrial briefs*** for the purpose of marking and exchanging all exhibits intended to be used at trial . . .") (emphasis added). Moreover, Plaintiffs' 11:46 p.m. disclosure of a Local Rule 26.07 exhibit list, which occurred without any prior notice to House Defendants on the evening before this Motion was filed, calls into question Plaintiffs' true motive behind the timing of that disclosure.[8]

Next, Plaintiffs argue that they have "had to take the depositions of five legislators and their staff, including Defendant Jordan, without these materials; at least some of these depositions may need to be reopened." (ECF No. 247 at 3). Again, aside from speculative assertions, Plaintiffs have presented the Panel with no concrete evidence of prejudice, and their April 29, 2022 representation that they have "had to take the depositions of five legislators" is simply incorrect. To date, the only legislators Plaintiffs have directly deposed are Chairman Jordan and Representative Newton, both on April 13[9]—almost two weeks before the April 26, 2022 status

---

deposition multiple times, yet Plaintiffs still have not produced communications from her personal email account.

[8]   Prior to the filing of this Motion, House Defendants produced their own draft exhibit list to Plaintiffs on April 29, 2022, along with an email explaining their views as to the applicability of Local Rule 26.07. In that email, House Defendants also offered to engage in a meet and confer regarding these exhibit lists. To date, Plaintiffs' counsel has failed to respond to that email or to seek to schedule the anticipated meet and confer, and Plaintiffs' Motion fails to disclose the existence of this correspondence to the Panel. (*See* April 29, 2022 Email from M. Moore to L. Aden, attached as ***Exhibit E***). Moreover, as noted in that correspondence, if the deadlines for Local Rule 26.07 are in place, Plaintiffs have failed to comply with Local Rule 26.07(C).

[9]   These two depositions were the first depositions directly noticed by Plaintiffs in this case other than the depositions of House Defendants' experts. After House Defendants noticed the depositions of Representatives John King and Wendy Brawley (both of whom were identified by Plaintiffs in their initial disclosures as persons who Plaintiffs believed would be in the possession of discoverable evidence), Plaintiffs cross-noticed those depositions. Representative Brawley was deposed on April 1, 2022, and Representative King was deposed on April 13, 2022. Neither of

conference.[10] Three others are scheduled to take place this week (Speaker Lucas on May 3; Chairman Murphy on May 4; and Representative Collins on May 4). Furthermore, as noted above, Plaintiffs have had these communications in their possession since Saturday, as evidenced by the fact that they provided several of them as possible exhibits for the deposition of Emma Dean earlier today. It is also telling that Plaintiffs have not cited to any deposition testimony that would demonstrate how they were prejudiced due to the timing of House Defendants' production.[11]

Lastly, Plaintiffs argue that "[i]t prejudices Plaintiffs' ability to schedule and prepare for next week's depositions, which include Speaker Lucas and Chairman Murphy, as well as their key staff. And being forced to ligate [sic] this issue for the third time prejudicially has taken away time that Plaintiffs would otherwise be using to prepare for trial." *Id.* Given House Defendants' April 30, 2022 production, this argument is at best moot. House Defendants' April 30, 2022 production was consistent with counsel's representation (i.e., that House Defendants would produce the documents "well before any deposition takes place that might be affected by those productions

---

these representatives were on the Ad Hoc Redistricting Committee, and Plaintiffs have not sought any document collections or productions from either of them.

[10] Earlier today, Plaintiffs asked House Defendants to agree to reopen the depositions of Chairman Jordan and Representative Newton. House Defendants will agree to Plaintiffs' request so long as Plaintiffs agree that their questioning will be limited to questions related to documents House Defendants' produced after the conclusion of their April 13 depositions.

[11] In addition, Plaintiffs accusation that "House Defendants did not give any justification for their lack of compliance or self-serving timeline" is likewise misplaced. This statement completely ignores the fact that House Defendants have been working tirelessly through these discovery issues in good faith while simultaneously engaging in trial preparation and extensive efforts to settle this case, which the Parties are still attempting to do as of this filing. Put simply, Plaintiffs' attempt to cast House Defendants in a dilatory light is nothing short of ridiculous.

8

and well before the discovery deadline.").[12] Accordingly, the Panel should find that all of Plaintiffs' claims related to prejudice are without merit.

## **CONCLUSION**

Based on the foregoing, House Defendants respectfully submit that the Panel should deny Plaintiffs' Motion and award House Defendants such other relief as the Court deems just and proper.

*[SIGNATURE PAGE FOLLOWS]*

---

[12] On this issue, House Defendants submit that the production of Chairman Murphy's and Representative Collins's communications four days before their depositions gives Plaintiffs more than enough time to review and analyze the very small universe of documents in advance of those depositions.

9

Respectfully submitted,

*/s/ Mark C. Moore*
Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Erica H. Wells (Fed. ID No. 13206)
Hamilton B. Barber (Fed. ID No. 13306)
Michael A. Parente (Fed. ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
EWells@nexsenpruet.com
HBarber@nexsenpruet.com
MParente@nexsenpruet.com

William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900
Greenville, SC 29601
Telephone: 864.370.2211
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Rhett D. Ricard (Fed. ID No. 13549)
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401
Telephone: 843.720.1707
RRicard@nexsenpruet.com

May 2, 2022
Columbia, South Carolina

*Attorneys for James H. Lucas, Chris Murphy, and Wallace H. Jordan*