# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>      Plaintiffs,<br><br>      v.<br><br>THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>      Defendants. | **Case No. 3-21-cv-03302-MBS-TJH-RMG**<br><br>**THREE-JUDGE PANEL**<br><br>**PLAINTIFFS' OPPOSITION TO HOUSE DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS (ECF 248)** |

## INTRODUCTION

The Court should reject House Defendants' motion to compel, ECF 248 ("Motion"), for two reasons. ECF 248.  First, the documents House Defendants seek are irrelevant, which they raised before the Court only after Plaintiffs raised deficiencies in Defendants' collection and production efforts and this Court granted, in part, Plaintiffs' motion to compel. ECF 221.  As the Court inquired during the April 12, 2022 hearing, "[W]hat's even relevant that the plaintiffs would know that's particularly relevant to this case?"  ECF 224, Apr. 12, 2022 Hr'g Tr. at 30:19-21. Plaintiffs have posed the same question during meet and confers and have never received a response beyond a statement that discovery is a two-way street, without regard to proportionality or relevance.  Second, despite the fact that the documents House Defendants seek are irrelevant, Plaintiffs, in good faith, anticipate producing most of what House Defendants have requested by the close of discovery, in accordance with the Panel's guidance at the April 26 conference. Plaintiffs told House Defendants at the Parties' April 27, 2022 meet-and-confer that Plaintiffs will produce most of the documents House Defendants requested.  Defendants nonetheless filed a motion to compel, because Plaintiffs confirmed "they intended to file their own motion to compel." Mot. at 1.  For these reasons, the Court should deny House Defendants' motion in full.

## BACKGROUND

To date, between Plaintiffs the South Carolina State Conference of the NAACP (SC NAACP) and Mr. Taiwan Scott, Plaintiffs have produced 907 documents totaling close to 4,000 pages and twenty-five video recordings of Reapportionment Committee meetings that total more than 30 hours.  The sources of those documents include President Brenda Murphy's SC NAACP email account (BMurphy@scnaacp.org); the SC NAACP email accounts of the State Conference's office manager, Ms. Amber Brooks (abrooks@scnaacp.org), and the scofficemgr@scnaacp.org

2

account; and the hard copy files from the SC NAACP. Plaintiffs' document production includes documents that were downgraded from their privilege log and the documents ordered to be produced by the Court.

These collection efforts have put a significant strain on Plaintiff SC NAACP, which is a voluntary, civil rights organization with limited staff, that is run primarily by civic volunteers. Nevertheless, following questions that the House Defendants, having deposed Ms. Murphy twice (for over 10 hours), raised on April 18 and during the April 27 meet and confer, Plaintiffs have agreed to search the files of the relevant administrative assistant, Ms. Shirley Able and will be producing documents from the account of the SC NAACP's other office manager, Ms. Amelia Glisson (aglisson@scnaacp.org). Plaintiffs' counsel mistakenly believed that those emails had been collected and produced. During the April 27 meet-and-confer, Plaintiffs advised House Defendants that neither of other administrative assistants were likely to have responsive materials: Ms. Laurie Gregory was hired less than a month ago and has not been able to access her SC NAACP email account; and Ms. Priscilla Smith did not assist President Murphy on matters relating to redistricting. Dr. Eloise Fomby-Denson worked for the organization for less than two weeks and she never received an SC NAACP email account.

As to Executive Committee members, who are volunteers and not employed by Plaintiff SC NAACP. They do not have SC NAACP email accounts and Plaintiff SC NAACP does not have possession, custody, or control of their personal emails. These specific requests from House Defendants have been particularly burdensome on the members of the Executive Committee given that House Defendants waited until the eve of trial to request documents from these individuals despite the fact that they have been aware of the Executive Committee's existence for months. For instance, President Murphy was asked questions about the Executive Committee during her

February 4 deposition, *see, e.g.*, **Exhibit A**, B. Murphy Dep. Tr. (Feb. 4, 2022) at 186:15-21 ("Q. Who is Attorney Charles Boykin? A. He's a member of the executive committee. Q. Of what? A. I identified him previously. He is -- he's a member of the South Carolina State Conference executive committee."), and House Defendants received documents describing the Executive Committee, *see* **Exhibit B**, SCNAACP_000001-SCNAACP_000088 (Bylaws for Units of the NAACP), and documents containing the identity and contact information of Executive Committee members, *see* **Exhibit C**, SCNAACP_000089-SCNAACP_000093 (June 21, 2021 Reapportionment Committee Meeting Minutes), on February 3, 2022. House Defendants' last minute request, despite being well aware of the existence of the Executive Committee, seems designed to do little more than distract Plaintiffs from trial preparation. Nevertheless, Plaintiffs have obtained the consent of Mr. Henry Griffin, Mr. Greg Neal, Mr. Steve Love, Mr. Charles Boykin, and Ms. Elizabeth Kilgore, to searching their personal email accounts for redistricting-related emails. Plaintiffs have not yet received consent from Dr. Fomby-Denson. Plaintiffs are working diligently to collect these documents based on the current discovery schedule to have them ready to produce if ordered by the Court. It is worth reiterating, notwithstanding the late timing of House Defendants raising this issue, that none of these volunteers' emails is at all relevant to the core question in this case: whether the challenged House districts enacted via H. 4493 are unconstitutional.

## ARGUMENT

The Court should deny House Defendants' motion because (i) the materials House Defendants seek are irrelevant to any claim or defense but nonetheless (ii) Plaintiff SC NAACP is diligently working to collect and produce, in good faith, the documents that House Defendants

have requested that are in its possession, custody, or control, as well as the additional emails from Executive Committee members who have agreed to produce emails voluntarily.

## I.     THE DOCUMENTS HOUSE DEFENDANTS SEEK ARE IRRELEVANT

Federal Rule of Civil Procedure 26 provides the general rule regarding the scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In the context of redistricting, where the plaintiffs are challenging district lines as the basis that they were drawn in a racially discriminatory manner, Plaintiffs will have to put on evidence that the House Defendants "subordinated" permissible redistricting factors to "racial considerations" through direct and circumstantial evidence of legislative intent. Order and Op., ECF 161, at 7 (quoting *Cooper v. Harris*, 137 S. Ct. 1455, 1464 (2017)). Once the plaintiff meets its evidentiary burden, the burden "shifts to the State to prove that its race-based sorting of voters serves a 'compelling interest' and is 'narrowly tailored' to that end." *Id.* (quoting *Cooper*, 137 S. Ct. at 1464).

Nothing from Plaintiffs—besides evidence relating to the issue of standing, which House Defendants' Motion does not seek[1]—will assist in proving any claim or defense at trial. Nothing in Plaintiffs' possession will assist House Defendants in demonstrating that the map they passed in H. 4493 serves a "compelling interest" and is "narrowly tailored." Nor will anything in Plaintiffs' possession disprove that the map passed in H. 4493 was drawn in a racially discriminatory way. At no point during this litigation, including in any discovery motion, meet-

---

[1] On April 15, 2022, Plaintiffs provided House Defendants a list identifying individual members of SC NAACP who live in the House districts that are challenged in this lawsuit as required by the Court's April 13, 2022 Order, ECF 221. *See* **Exhibit D**.

and-confer, or hearing, have House Defendants articulated how communications and documents from NAACP administrative staff or volunteer Executive Committee members would be relevant in meeting its evidentiary burden. Instead, they continue to treat discovery as a game of tit-for-tat, rather than a search for the truth of their maps as is evidenced by the timing of them raising this issue before the Court only after Plaintiffs raised issues with Defendants' collections and productions, which ultimately were the subject of two orders compelling production from House Defendants.

House Defendants seem to specifically request maps drafted by ACLU demographers, sent to President Murphy's Gmail account and forwarded to SC NAACP branch presidents, that were created before Plaintiff SC NAACP submitted its proposed map to the Ad Hoc Redistricting Committee. *See* ECF 248 at 7. House Defendants contend that they "have not received *any* maps from the SC NAACP." *Id.* (emphasis in original). That is demonstrably untrue: *House Defendants are in possession of the map the SC NAACP submitted during the redistricting process*. Indeed, House Defendants have produced the SC NAACP map in litigation, *see* **Exhibit E**, SC_HOUSE_0008117-120,[2] asked Ms. Murphy about it at her February 4, 2022 deposition, *see, e.g.*, **Exhibit A**, B. Murphy Dep. at 165:11-166:3, posted it on their redistricting internet site,[3] and have placed three copies of the NAACP map on their draft exhibit list as Defense Exhibits 77, 196 & 290.

---

[2] Moreover, House Defendants received SC NAACP's maps in Plaintiffs' production. *See* **Exhibit F**, SCOTT_000144-SCOTT_000147.

[3] The NAACP map is available at https://redistricting.schouse.gov/docs/plans/naacp/NAACP%20State%20House%20Submission%201%20Map.pdf (last visited Apr. 30, 2022).

More importantly, the map submitted by Plaintiff SC NAACP has no relevance to this case. House Defendants know this. During the April 12 hearing, House Defendants were admonished for seeking maps drafted by Plaintiffs because those "maps aren't the subject of this litigation." ECF 224 at 19:19. At trial, House Defendants will be "try[ing] the maps of the House plan" and not "everybody else's maps." *Id.* at 19:21-22. Attempting to ascertain *Plaintiff SC NAACP's* intent when drafting the map that it ultimately submitted to the Ad Hoc Redistricting Committee has even less bearing on the question of whether House Defendants had racially discriminatory intent when they drafted the map contained in H. 4493. Therefore, the Court should deny House Defendants' motion to compel as to Plaintiff SC NAACP's draft maps.

## II. PLAINTIFFS ANTICIPATE PRODUCING MOST OF THE OTHER DOCUMENTS REQUESTED BY HOUSE DEFENDANTS, DESPITE THOSE DOCUMENTS ALSO BEING IRRELEVANT

As explained above, notwithstanding the irrelevancy of the materials, consistent with the Panel's guidance and the commitment of Plaintiffs' counsel at the April 26 conference that the Parties should produce materials relevant to the House redistricting in their possession, custody, and control, Plaintiffs agreed during the April 27 meet and confer and are in the process of collecting and producing non-privileged documents from President Murphy's personal Gmail account and the SC NAACP account of Ms. Murphy's administrative assistant, Ms. Able. Notwithstanding the distraction from trial preparation, Plaintiffs have nothing to hide, and accordingly, plaintiffs are working diligently to produce these documents by the close of discovery. Plaintiffs anticipate producing these documents by the close of discovery. As to the specific documents requested by House Defendants, Plaintiff SC NAACP are investigating the existence of the requested materials and, if the materials exist, plan on producing them by the close of discovery. Plaintiffs can represent, however, that the continuing legal education program on

7

redistricting that took place at the Annual Conference was not recorded. Therefore, Plaintiffs cannot produce the recording of that program.

House Defendants' motion to compel seeks unspecified relief concerning production of documents from members of Plaintiff SC NAACP's Executive Committee, citing "roughly 26" individual members and identifying two of them.[4] Plaintiff SC NAACP has advised House Defendants repeatedly that its Executive Committee members, who are volunteers, do not have "official" email addresses and that SC NAACP does not have possession, custody, or control Executive Committee members' personal email accounts. House Defendants' motion does not assert otherwise, let alone contain any support for such a position. Plaintiff SC NAACP has advised House Defendants that certain Executive Committee members have agreed to produce documents from their personal email accounts, and that Plaintiffs are working with those individuals to collect and produce them.

Plaintiffs have represented to House Defendants that they are in the process of producing the materials that House Defendants have requested that are in SC NAACP's possession, custody, or control, and that Plaintiffs are working to collect and produce emails from the personal accounts of Executive Committee members who have consented to such production. As a result, and for the reasons above, the Court should deny House Defendants' motion.

---

[4] At a meet-and-confer on April 27, 2022, House Defendants also demanded that Plaintiff SC NAACP collect and produce documents in the possession of each of the 70 individual NAACP branches throughout South Carolina. *See also* Mot. at 3 (citing meet and confer correspondence). Plaintiff SC NAACP opposes Defendants' motion to the extent it seeks production of documents in the possession of individual branches or Branch Presidents, which, even if they were relevant—and they are not—are not in the possession, custody, or control of Plaintiff SC NAACP.

## **CONCLUSION**

For the reasons stated above, House Defendants' motion to compel should be denied.

Dated: May 2, 2022

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Adriel I. Cepeda Derieux**
Samantha Osaki**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Adam Pergament**
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com

*Motion for admission Pro Hac Vice forthcoming*
**Admitted Pro Hac Vice*
Janette M. Louard*

Respectfully submitted,

Christopher J. Bryant, Fed. ID 12538
BOROUGHS BRYANT, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

*/s/ Allen Chaney*
Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Jeffrey A. Fuisz**
Paula Ramer**
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

*Counsel for Plaintiffs the South Carolina Conference of the NAACP and Taiwan Scott*

10

Anthony P. Ashton*
Anna Kathryn Barnes*
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

* Motion for admission *Pro Hac Vice*
forthcoming
** Admitted *Pro Hac Vice*

*Counsel for Plaintiff the South Carolina
Conference of the NAACP*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

*/s/ Allen Chaney*
Allen Chaney