# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into effective as of the later of the signatures set forth below ("Effective Date"), by and between the parties hereto, The South Carolina State Conference of the NAACP ("Plaintiff SC NAACP"), on the one hand, and James Lucas (in his official capacity as Speaker of the South Carolina House of Representatives),[1] Chris Murphy (in his official capacity as Chairman of the South Carolina House of Representatives Judiciary Committee), and Wallace H. Jordan (in his official capacity as Chairman of the South Carolina House of Representatives Redistricting Ad Hoc Committee) (collectively, "House Defendants"), on the other hand. Plaintiff and House Defendants may be collectively referred to herein as the "Parties," and individually as a "Party."

## RECITALS

WHEREAS, on or about October 12, 2021, Plaintiff SC NAACP and Taiwan Scott ("Plaintiff Scott") (collectively, "Plaintiffs") filed a Complaint against Henry D. McMaster, in his official capacity as Governor of South Carolina ("Governor"); Harvey Peeler, in his official capacity as President of the Senate, Luke A. Rankin, in his official capacity as Chairman of the Senate Judiciary Committee (collectively, "Senate Defendants"); House Defendants; and Howard Knapp, in his official capacity as interim Executive Director of the South Carolina State Election Commission, John Wells, JoAnne Day, Clifford J. Edler, Linda McCall, and Scott Moseley, in their official capacities as members of the South Carolina State Election Commission (collectively, "Election Commission Defendants");

WHEREAS, on or about December 23, 2021, Plaintiffs filed an Amended Complaint against the Governor, Senate Defendants,[2] House Defendants, and Election Commission Defendants;

WHEREAS, on or about February 10, 2022, Plaintiffs filed a Second Amended Complaint against Senate Defendants, House Defendants, and Election Commission Defendants;

WHEREAS, as of the Effective Date, the Second Amended Complaint remains pending in the case styled *The South Carolina State Conference of the NAACP, et al. v. Thomas C. Alexander, et al.*, Case No. 3:21-cv-03302-MBS-TJH-RMG (the "Action");

WHEREAS, the Governor is no longer a party to the Action and, therefore, is not a party to this Agreement;

WHEREAS, the South Carolina House of Representatives may be referred to as the "House";

---

[1] James Lucas, by signing this Agreement in his official capacity as Speaker of the House, binds the office of Speaker of the House regardless of who holds that office.

[2] Beginning with the Amended Complaint, Thomas C. Alexander, in his official capacity, was substituted for Harvey Peeler as President of the Senate.

WHEREAS, in the Second Amended Complaint, Plaintiff SC NAACP alleges two claims challenging certain House districts enacted in Act No. 117, Acts and Joint Resolutions, 2021-2022 ("House Plan"). Specifically, Plaintiff SC NAACP alleges that the House Plan constitutes a racial gerrymander in violation of the Fourteenth Amendment of the United States Constitution ("Count One"), and also that the House Plan intentionally discriminates on the basis of race in violation of the Fourteenth and Fifteenth Amendments of the United States Constitution ("Count Two");

WHEREAS, Plaintiff Scott is not challenging the House Plan and, therefore, is not a party to Count One or Count Two. Plaintiff Scott has only joined Plaintiff SC NAACP in challenging certain Congressional districts enacted in S.865 ("Congressional Plan"). Therefore, Plaintiff Scott is not a party to this Agreement resolving Count One and Count Two, both of which relate only to the House Plan;

WHEREAS, Plaintiff SC NAACP's claims related to the House Plan are disputed and denied in their entirety. The Parties recognize and acknowledge that this Agreement is the result of a compromise of disputed claims and is not and shall never at any time or for any purpose be construed as an admission of liability or wrongdoing by any Defendant, the State of South Carolina, or any other person or entity. House Defendants expressly deny any wrongdoing and specifically disclaim any liability to Plaintiff SC NAACP or to any other person or entity with respect to Count One and Count Two. The Parties agree that this Agreement is not evidence of any unlawful or wrongful conduct by any Defendant, the State of South Carolina, or any other person or entity. The Parties further agree that this Agreement shall not be admissible into evidence, except to enforce its terms, and that neither House Defendants nor Plaintiff SC NAACP will seek to admit it into evidence, in any judicial or other proceeding, to prove that any Defendant, the State of South Carolina, or any other person or entity engaged in any unlawful or wrongful conduct;

WHEREAS, the Parties agree that they shall each bear their own attorneys' fees and costs associated with Count One and Count Two;

WHEREAS, pursuant to settlement negotiations, the Parties have reached an agreement and desire to resolve Count One and Count Two and to enter into a complete, final, and binding settlement and release of Count One and Count Two;

WHEREAS, by executing this Agreement, the Parties desire to fully and finally settle Count One and Count Two, up to and including the date of the execution of this Agreement. The Parties take no position on, and this Agreement does not address or resolve, Plaintiffs' separate challenges and remaining claims in the Second Amended Complaint related to the Congressional Plan;

WHEREAS, the Parties agree that the agreed-upon maps associated with this Agreement are attached as *Exhibit A* and referred to as the "Settlement Maps";

WHEREAS, The Parties agree that the Settlement Maps will apply to all House elections beginning in 2024 and thereafter, and shall remain in effect unless or until superseded by future redistricting legislation. Any special election for the House held between the Effective Date of this Agreement and the November 2024 general election will be conducted based on the plan in effect

for the November 2022 general election adopted by Act No. 117, Acts and Joint Resolutions, 2021-2022;

WHEREAS, the Parties further declare and represent that no promise, inducement, or agreement, other than herein expressed, have been made to others, and that this Agreement contains the entire agreement between the Parties hereto, and that the terms of this Agreement are contractual and not a mere recital;

NOW, THEREFORE, in consideration for the mutual promises, covenants, agreements, and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. **Accuracy of Recitals**. The Parties acknowledge and agree that the foregoing Recitals are true and correct and form the basis for this Agreement.

2. **Enactment of the Settlement Maps**. The Parties agree that House Defendants shall amend H.1024 as soon as practicable so as to include the Settlement Maps in H.1024. It is anticipated that H.1024 will pass the Senate and be delivered to the Governor for signature on or before May 12, 2022. Thereafter, the Governor will have until May 17, 2022 to sign and enact H.1024 into law. Upon enactment, House Defendants' obligations under this Paragraph are satisfied.[3] The Parties agree that this Paragraph is a material term of the Agreement.

3. **Release by Plaintiff SC NAACP**. Plaintiff SC NAACP, on behalf of itself and each of its agents, employees, members, heirs, successors, and assigns (collectively, the "Releasing Parties"), do hereby irrevocably and unconditionally forever release, waive, discharge, and covenant not to sue House Defendants or any of House Defendants' employees, members, principals, agents, successors, and assigns, whether past, present or future (collectively, the "Released Parties"), of and from any and all actions, causes of actions at law or in equity, charges, complaints, contracts, liabilities, obligations, penalties, claims, demands, premises, reimbursements, costs, losses, debts, expenses, attorneys' fees, damages, indemnities, and claims of any kind or nature arising out of Count One or Count Two which any of the Releasing Parties now have, ever had, or hereafter can, shall, or may have against any of the Released Parties for and upon, or by reason of any damage, harm, loss, or injury, now existing or hereafter arising out of or relating in any way to the House Plan or which was asserted or could have been asserted in Count One or Count Two against any of the Released Parties occurring or arising at any time on or before the Effective Date of this Agreement. This waiver and release specifically includes, but is not limited to, any and all rights, causes of action, and claims relating to the House Plan, as well as any and all rights, causes of action, and claims arising out of or relating in any way to the House Plan and all facts, issues, and disputes that were raised, or could have been raised in Count One or Count Two, arising out of and/or relating to the House Plan. **This release, waiver, discharge, and**

---

[3] The Parties recognize the reality of the political process and, therefore, agree that the Settlement Maps may be modified, provided, however, that any modifications to the Settlement Maps must be consented to in writing by Plaintiff SC NAACP.

**covenant not to sue extends and applies to, and also covers and includes, all unknown, unforeseen, unanticipated and unsuspected injuries, damages, losses, and liabilities, and the consequences thereof, as well as those now disclosed and known to exist relative to the House Plan or which were raised or could have been raised in Count One or Count Two related to the House Plan, occurring or arising on or before the Effective Date**. The provisions of any state, federal, local, or territorial law or statute providing in substance that releases shall not extend to claims, demands, injuries or damages which are unknown or unsuspected to exist at the time to the person executing such releases are hereby expressly waived by the Releasing Parties. Notwithstanding the foregoing, this release shall not apply to the duties and obligations of the Parties contained in this Agreement. If House Defendants fail to comply with their obligations as set forth in Paragraph 2, this release shall be null and void.

4. **Count One and Count Two**. As soon as practicable after this Agreement is signed by all Parties, but under no circumstances later than 24 hours after signed by all Parties, Plaintiff SC NAACP agrees to file a stipulation amending the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15 ("Stipulation"), and a Third Amended Complaint shall be attached to the Stipulation. The Third Amended Complaint shall not include Count One and Count Two related to the House Plan, but shall not affect or amend, in any way, Plaintiffs' separate challenges and remaining claims related to the Congressional Plan.

5. **Refiling or Further Amendment**. In the event that H.1024 is enacted as contemplated by Paragraph 2 above, then Plaintiff SC NAACP does not have the right to refile Count One or Count Two, or to further amend the operative Complaint to reallege Count One or Count Two, and the release contemplated by Paragraph 3 above shall remain in full force and effect. In the event that the Settlement Maps are not enacted as contemplated by Paragraph 2 above, Plaintiff SC NAACP shall have the right to refile Count One or Count Two, or to further amend the operative Complaint to reallege Count One and Count Two, provided, however, that the Parties agree to engage in good faith negotiations regarding the enactment of the Settlement Maps through a separate legislative vehicle prior to Plaintiff SC NAACP refiling or further amending the operative Compliant to reallege Count One and Count Two. In the event that the Settlement Maps are not enacted as contemplated by Paragraph 2 above, and provided that the Parties are unable to reach a further agreement after engaging in good faith negotiations as contemplated herein, House Defendants agree not to oppose Plaintiff SC NAACP's motion to further amend the operative Complaint to reallege Count One and Count Two and will provide written consent that Plaintiff SC NAACP has good cause to amend for that purpose.

6. *Purcell*. In the event Plaintiff SC NAACP refiles or further amends the operative Complaint to reallege Count One and Count Two as provided in Paragraph 5 above, House Defendants agree not to raise *Purcell, et al. v. Gonzalez, et al.*, 549 U.S. 1 (2006) or otherwise argue that the presiding court cannot enter 2024 relief sought by Plaintiff SC NAACP because such relief would come too close to the election, provided, however, that Plaintiff SC NAACP refiles or further amends the operative Complaint to reallege Count One and Count Two by December 31, 2022. In the event that relief is obtained at trial of an action filed by Plaintiff SC NAACP prior to December 31, 2022, the Parties agree not to seek a stay.

7. **Discovery**. The Parties agree that document production and noticed depositions related exclusively to the House Plan shall cease as of the Effective Date. The Parties hereby withdraw, without prejudice, all discovery related motions that the Panel has not yet ruled upon (ECF Nos. 247, 248, 249, and 250). Nothing in this Agreement is intended to affect the Parties' rights or obligations with regard to the Congressional Plan. In the event Plaintiff SC NAACP refiles or further amends the operative Complaint to reallege Count One and Count Two as contemplated by Paragraph 5, the Parties agree that document production, compliance with discovery orders, and depositions that were either noticed, left open, or may need to be re-opened before the Effective Date shall continue as of the date Plaintiff SC NAACP refiles or further amends the operative Complaint to reallege Count One and Count Two.

8. **The Panel**. In the event Plaintiff SC NAACP refiles or further amends the operative Complaint to reallege Count One and Count Two as a result of House Defendants' failure to comply with their obligations set forth in Paragraph 2, the Parties agree to jointly request that the same Panel, comprised of The Honorable Toby J. Heytens, The Honorable Margaret B. Seymour, and The Honorable Richard M. Gergel, be appointed to preside over Plaintiff SC NAACP's refiled or further amended action.

9. **Litigation Hold; Evidence Preservation**. The Parties agree that they are aware of their respective legal obligations related to the preservation of evidence. The Parties agree that this preservation obligation extends to all documents, data, and any other tangible or electronically stored information that could become a source of discovery and evidence in this dispute, including but not limited to all written communications, electronic communications, voicemails, receipts, financial records, emails, text messages, iMessages, Facebook messages, or other social media communications concerning or in any way related to the House Plan. The Parties agree that any destruction, concealment, or loss of such documents, data, or information (including, without limitation, emails, text messages, or other electronic communications) will be considered spoliation of evidence. The Parties further agree that these obligations also extend to any of their respective agents, employees, members, representatives, advisors and counsel. The Parties recognize that the failure to comply with their legal obligations related to the preservation of evidence may result in the imposition of severe sanctions by a court of competent jurisdiction. The Parties agree to preserve all evidence as set forth herein until such a time as Count One and Count Two have been finally and conclusively resolved, whether by adjudication or the enactment of H.1024 as contemplated by Paragraph 2.

10. **Attorneys' Fees and Costs**. The Parties agree that they shall each bear their own attorneys' fees and costs associated with Count One and Count Two.

11. **Compromise; Non-Admission**. The Parties agree that this Agreement represents a compromise settlement of disputed claims and that nothing in this Agreement is intended to be, nor shall it be construed as, an admission of wrongdoing by either Party.

12. **Consultation with Counsel**. Each Party has had the opportunity to be fully and completely represented by counsel of his, her, or its own choosing in the negotiation and drafting of this Agreement. Accordingly, the Parties agree that any rule of construction of contract resolving any ambiguities against the drafting Party shall not apply to this Agreement.

Furthermore, each Party acknowledges reading the entire document, understanding its terms and effects, and that this Agreement is being signed freely and voluntarily.

13. **Headings**. The Parties acknowledge and agree that the section, paragraph, and/or subparagraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

14. **Severability**. The Parties agree that, except for terms contained in Paragraph 2, if any particular paragraphs, subparagraphs, phrases, words, or other portions of this Agreement are determined by a court of competent jurisdiction to be invalid or unenforceable as written, then they shall be modified as necessary to comport with the reasonable intent and expectations of the Parties, and such modification shall not affect the remaining provisions of this Agreement, or if they cannot be modified to be made valid or enforceable, then they shall be severed from this Agreement, and all remaining terms and provisions shall remain enforceable.

15. **Entire Agreement**. The Parties understand and agree that this Agreement constitutes the sole, complete, and entire agreement between and among the Parties with respect to the matters addressed herein and supersedes all prior oral or written agreements and/or negotiations with respect to the matters addressed herein.

16. **Modification**. This Agreement shall not be modified, altered, or changed except by a writing signed by the Parties.

17. **Choice of Law**. This Agreement shall be governed by the laws of the State of South Carolina.

18. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. An electronic signature shall be deemed an original. Alternatively, the Parties expressly understand and agree, and each of the Parties represents, covenants, and warrants that this Agreement may be, for convenience, executed in duplicate originals, each of which contains the entire agreement of the Parties and is intended to be and is as valid as its counterpart original.

19. **Assignment**. This Agreement shall be binding upon and inure to the benefit of the assigns, successors, heirs, executors, and administrators of the Parties.

[SIGNATURE PAGE FOLLOW]

**IN WITNESS WHEREOF**, the undersigned Parties have executed this Agreement as of the date written below.

PLAINTIFF SC NAACP

**Signed:**

_____

**By:** Brenda C. Murphy

**Its:** President

**Date:** May 5, 2022

**HOUSE DEFENDANTS**

**Signed:**

_[signature]_____

**By:** James H. Lucas

**Its:** Speaker of the House of Representatives

**Date:** May 5, 2022

**Signed:**

_[signature]_____

**By:** Chris Murphy

**Its:** Chairman of the Judiciary Committee

**Date:** May 5, 2022

**Signed:**

_[signature]_____

**By:** Wallace H. Jordan

**Its:** Chairman of Redistricting Ad Hoc Committee

**Date:** May 5, 2022

DEFENDANTS' COUNSEL:

_[signature]_
ANDREW A. MATHIAS
MAY 5/2022

Page 7 of 7

## EXHIBIT A – "The Settlement Maps"

### Richland/Kershaw



Page **1** of **3**

## Orangeburg



Dillon/Horry

