UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| The South Carolina State Conference Of the NAACP, | ) ) ) | Civil Action No.: 3:21-cv-03302-MBS-TJH-RMG |
| and | ) ) | |
| Taiwan Scott, on behalf of himself and all Other similarly situated persons, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| Vs. | ) ) | **ELECTION DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT** |
| **Thomas C. Alexander,** in his official capacity as President of the Senate; **Luke A. Rankin**, in his official capacity as Chairman of the Senate Judiciary; **James H. Lucas**, in his official capacity as Speaker of the House of Representatives, **Chris Murphy**, in his official capacity as Chair of the House of Representatives Judicial Committee; **Wallace H. Jordan**, in his official capacity as Chair of the House of Representatives Elections Law Subcommittee; **Howard Knapp**, in his official capacity as Interim Executive Director of the South Carolina State Election Commission; **John Wells, JoAnne Day, Clifford J. Edler, Linda McCall and Scott Moseley**, in their official capacity as member of the South Carolina State Election Commission, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendants, Howard Knapp, in his official capacity as Executive Director[1] of the South

Carolina State Election Commission ("Election Commission"), and John Wells, JoAnne Day,

_____

[1] Although Howard Knapp is named in the Third Amended Complaint as the "Interim" Executive Director of the Election Commission and he formerly had the interim designation, on

Clifford Edler, Linda McCall, and Scott Moseley, in their official capacities as members of the Election Commission, (herein collectively referred to as "Election Defendants") hereby answer the Third Amended Complaint by denying each and every allegation not hereinafter specifically admitted or otherwise qualified and demanding strict proof thereof, and further respond as follows:

### FOR A FIRST DEFENSE
### INTRODUCTION

1.      Paragraphs 1 through 3 (including the footnote to Paragraph 2) do not contain allegations against these Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the timing of the South Carolina General Assembly's redistricting process, the purported motivations of the legislators who enacted redistricting legislation, and the motivations of Plaintiffs in bringing this lawsuit. To the extent Paragraphs 1 through 3 contain allegations against any Election Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 1 through 3 contain allegations about any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

2.      Paragraph 4 does not contain allegations against these Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about Senate Bill 865 ("S. 865") and the purported motivations of the legislators who enacted it. Election Defendants crave reference to the responsibilities and duties of the General Assembly set forth in the Constitution of South Carolina and the South Carolina Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations.  To the extent Paragraph 4 contains allegations against any Election Defendants to which a response is

January 27, 2022, the Election Commission hired Mr. Knapp as the agency's permanent Executive Director of the agency.

required, the allegations are denied. To the extent Paragraph 4 contains allegations about any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

3.      Paragraphs 5 and 6 do not contain allegations against these Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about Senate Bill 865 ("S. 865") and allegations about the purported motivations of the legislators who enacted it. Election Defendants crave reference to the text of S. 865 itself and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations.  To the extent Paragraphs 5 and 6 contain allegations against any Election Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 5 and 6 contain allegations about any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

4.      Paragraph 7 (including the footnote contained therein) does not contain allegations against these Election Defendants requiring a response, but generalized statements, editorial comments, and opinions about S. 865, and allegations about the way the legislators who enacted that bill used race as a factor in drawing the lines, the motivation and intent of these legislators, and legal conclusions about this process violating the Voting Rights Act of 1965 ("VRA"). Election Defendants crave reference to the text of S. 865, the district lines themselves, the VRA, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations.  To the extent Paragraph 7 contains allegations against any Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 7 contains

allegations about any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

5.     Paragraph 8 does not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about the enacted Congressional map, by using the example of the racial makeup in reapportioned CD 1 and CD 6, and allegations about the motivations and intent of legislators in how these lines were drawn. Election Defendants crave reference to the text of the legislation enacting the Congressional plan and the Congressional Districts themselves, the underlying Census data, the VRA, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraph 8 is construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraph 8 is construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

6.     Paragraph 9 does not contain allegations against these Election Defendants requiring a response, but generalized statements, editorial comments, and opinions about the Challenged Congressional Districts, the use of race as a factor in drawing the lines, the motivation and intent of these legislators, and legal conclusions about this process violating the VRA. Election Defendants crave reference to the text of the legislation enacting the Congressional plan and the Congressional Districts themselves, the underlying Census data, the VRA, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraph 9 contains allegations against any Election Defendants

to which a response is required, the allegations are denied. To the extent Paragraph 9 contains allegations about any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

7.  Paragraph 10 does not contain allegations against these Election Defendants requiring a response, but generalized statements, editorial comments, and opinions about S. 865, the legislative process and alternative proposals, the way the legislators who enacted these bills used race as a factor in drawing the lines, and the motivation and intent of these legislators. Election Defendants crave reference to the text of S. 865, the district lines themselves, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations.  To the extent Paragraph 10 contains allegations against any Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 10 contains allegations about any other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

8.  Paragraphs 11 does not contain allegations against these Election Defendants requiring a response, but legal conclusions about the Challenged Congressional Districts violating the Fourteenth and Fifteenth Amendments to the U.S. Constitution, and opinions about what this Court must do as a result. Election Defendants crave reference to the challenged Congressional District lines themselves, the relevant provisions of the U.S. Constitution, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations.  To the extent Paragraph 11 contains allegations against any Election Defendants to which a response is required, the allegations are denied. To the extent Paragraph 11 contains allegations about any

other person or entity, Election Defendants lack information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

## PARTIES

9.      Responding to Paragraphs 12 through 23, the Election Defendants incorporate by reference their responses to Paragraphs 14 through 28 of the First Amended Complaint, contained in Paragraphs 7 through 9 of the Election Defendants' Answer to the First Amended Complaint filed on January 6, 2022, and their responses to Paragraphs 17 through 28 of the Second Amended Complaint contained in Paragraph 11 of the Election Defendants' Answer to Plaintiffs' Second Amended Complaint  filed February 24, 2022.  To the extent there are any remaining allegations in Paragraphs 12 through 23 which this response does not address and to which a further response is required, the allegations are denied.

10.      Paragraph 24 is admitted to the extent that it alleges Howard Knapp is the Executive Director of the Election Commission, although he is no longer the interim director. The Election Defendants further admit that the Election Commission's duties and responsibilities are set forth in Title 7, S.C. Code Ann. §§ 7-3-10, *et seq*., and Defendant Knapp is required to carry out the Executive Director's duties under § 7-13-45. Election Defendants crave reference to the requirements of the above statutes and all other provisions of Title 7 of the South Carolina Code, denying any inconsistent allegations. To the extent a further response is required, the allegations are denied.

11.      Paragraph 25 is admitted to the extent that John Wells, JoAnne Day, Clifford J. Edler, Linda McCall, and Scott Moseley are members of the Election Commission and are charged with the powers and duties set forth in Title 7 of the South Carolina Code. Election Defendants

crave reference to Title 7 and their powers and duties contained therein, and deny any inconsistent allegations. To the extent a further response is required, the allegations are denied.

## JURISDICTION AND VENUE

12.     Paragraph 26 states a legal conclusion which does not require a response.  Election Defendants crave reference to the Fourteenth and Fifteenth Amendments to the Constitution of the United States.

13.     Paragraph 27 states a legal conclusion which does not require a response.  Election Defendants crave reference to 28 U.S.C. §§ 1331, 1343(3) and (4), 2201, 2202, and 2284, as well as 42 U.S.C. §§ 1981, 1983 and 1988. Subject to and notwithstanding this, Election Defendants do not contest the subject matter jurisdiction of this Court.

14.     Paragraph 28 states a legal conclusion which does not require a response.  Election Defendants crave reference to 28 U.S.C. § 2284(a).  Subject to and notwithstanding this, Election Defendants admit that a three judge panel has been appointed.

15.     Paragraph 29 states a legal conclusion which does not require a response. Defendants crave reference to 28 U.S.C. § 1391(b) and § 2284. Subject to and notwithstanding this, Election Defendants admit that venue is proper in the U.S. District Court for the District of South Carolina, Columbia Division. Election Defendants would further state that venue in the U.S. District Court for the District of South Carolina, Charleston Division, is neither proper nor convenient.

16.     Paragraph 30 states a legal conclusion which does not require a response. Subject to and notwithstanding this, Election Defendants admit that the Court has personal jurisdiction over the defendants in their official capacities.

## STATEMENT OF FACTS

17.     Except for the first three words, the allegations contained in the first sentence of Paragraph 31 are admitted.  The characterization in the first three words of the first sentence is denied.  The second sentence of Paragraph 31 requires no response.

18.     To the extent the unnumbered subheading between Paragraph 31 and Paragraph 32 is deemed to require a response, these Election Defendants deny the allegations.

19.     Paragraphs 32 through 39 (including the footnotes contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about complex, non-justiciable issues and historical events, with citations to periodicals, USDOJ guidance, and numerous federal court decisions. Election Defendants crave reference to the VRA, all federal court decisions and other source material referenced therein, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations.  To the extent Paragraphs 32 through 39 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 32 through 39 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

20.     To the extent the unnumbered subheadings between Paragraph 39 and Paragraph 40 are deemed to require a response, these Election Defendants deny the allegations.

21.     Paragraphs 40 through 49 (including the footnote contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, legal conclusions, and opinions about guidelines issued by the S.C. House Redistricting Ad Hoc Committee. Election Defendants crave reference to the Committee's guidelines themselves, other

public information on the House redistricting process set forth at https://redistricting.schouse.gov, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 40 through 49 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 40 through 49 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

22.     To the extent the unnumbered subheading between Paragraph 49 and Paragraph 50 is deemed to require a response, these Election Defendants deny the allegations.

23.     Paragraphs 50 through 59 (including the footnote contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, legal conclusions, and opinions about guidelines and criteria issued by the S.C. Senate Judiciary Redistricting Subcommittee. Election Defendants crave reference to the public information on the Senate redistricting process set forth at https://redistricting.scsenate.gov, the U.S. Constitution, the VRA, the cited federal court decisions, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution of South Carolina and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 50 through 59 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 50 through 59 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

24.     To the extent the unnumbered subheading between Paragraph 59 and Paragraph 60 is deemed to require a response, these Election Defendants deny the allegations.

25.     Paragraphs 60 through 141 (including the footnotes contained therein) do not contain allegations against Election Defendants requiring a response, but generalized statements, legal conclusions, and opinions about activities of the General Assembly, the S.C. Legislative Process for Redistricting, H. 4493, S. 865, and obligations under the U.S. Constitution and the VRA. Election Defendants crave reference to the text of S. 865 itself, the public information on the House and Senate redistricting process set forth at https://redistricting.schouse.gov and https://redistricting.scsenate.gov, the U.S. Constitution, the VRA, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 60 through 141 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 60 through 141 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

26.     Upon information and belief, the allegations of Paragraph 142 are admitted, except the first three words, which are denied.

27.     To the extent the unnumbered subheading between Paragraph 142 and Paragraph 143 is deemed to require a response, these Election Defendants deny the allegations.

28.     Paragraphs 143 through 159 do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions about the enacted Congressional Districts, including their composition by race, and the Districts' compliance with the VRA. Election Defendants crave reference to the Census data, the text of the Congressional

Plan itself, the VRA, and the responsibilities and duties of the General Assembly set forth in the

S.C. Constitution and S.C. Code of Laws regarding reapportionment, denying any inconsistent

allegations or characterizations. With respect to all Tables and/or Figures contained within

Paragraphs 143 through 159, Election Defendants lack knowledge sufficient to confirm their

accuracy, and therefore deny same. To the extent Paragraphs 143 through 159 are construed to

make allegations against Election Defendants requiring a response, the allegations are denied. To

the extent Paragraphs 143 through 159 are construed to make allegations against any other

defendant, person, or entity, Election Defendants lack knowledge and information sufficient to

form a conclusion and they are denied.

## CAUSES OF ACTION

### COUNT ONE
### S. 865's violations of the Fourteenth Amendment
### of the U.S. Constitution and 42 U.S.C §1983
### (Racial Gerrymandering)

29.    Responding to Paragraph 160, Election Defendants reallege and incorporate herein

all prior responses to the paragraphs of the Third Amended Complaint.

30.    Responding to Paragraph 161 and 162, Election Defendants crave reference to the

Fourteenth Amendment to the U.S. Constitution, denying any inconsistent allegations or

characterizations.

31.    Paragraphs 163 through 167 do not contain allegations against Election Defendants

requiring a response, but generalized statements, editorial comments, opinions, and legal

conclusions about Plaintiffs' claims that race was used as the predominant factor in drawing the

Challenged Congressional Districts, which is reflected in S. 865, that these districts violate the

Fourteenth Amendment to the U.S. Constitution, and Plaintiffs' entitlement to injunctive relief.

Election Defendants crave reference to the Fourteenth Amendment to the U.S. Constitution, the

text of S. 865, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution of South Carolina and S.C. Code of Laws regarding reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 163 through 167 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 163 through 167 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

## COUNT TWO
### S. 865's violations of the Fourteenth and Fifteenth Amendments of the U.S. Constitution and 42 U.S.C §1983 (Intentional Discrimination)

32.    Responding to Paragraph 168, Election Defendants reallege and incorporate herein all prior responses to the paragraphs of the Third Amended Complaint.

33.    Responding to Paragraph 169, Election Defendants crave reference to the Fourteenth and Fifteenth Amendments to the U.S. Constitution, denying any inconsistent allegations or characterizations.

34.    Paragraphs 170 through 173 do not contain allegations against Election Defendants requiring a response, but generalized statements, editorial comments, opinions, and legal conclusions about Plaintiffs' claims that race was used as the predominant factor in drawing the Challenged Congressional Districts, which is reflected in S. 865, that these districts violate the Fourteenth and Fifteenth Amendments to the U.S. Constitution, and Plaintiffs' entitlement to injunctive relief. Election Defendants crave reference to the Fourteenth and Fifteenth Amendments to the U.S. Constitution, the text of S. 865, and the responsibilities and duties of the General Assembly set forth in the S.C. Constitution of South Carolina and S.C. Code of Laws regarding

reapportionment, denying any inconsistent allegations or characterizations. To the extent Paragraphs 170 through 173 are construed to make allegations against Election Defendants requiring a response, the allegations are denied. To the extent Paragraphs 170 through 173 are construed to make allegations against any other defendant, person, or entity, Election Defendants lack knowledge and information sufficient to form a conclusion and they are denied.

## RELIEF REQUESTED

35.     The unnumbered Paragraph beginning with WHEREFORE (including all subparts) does not require a response. To the extent a response is deemed to be required, Election Defendants deny that Plaintiffs are entitled to the relief listed in subpart iii (enjoining elections), and subpart vii (changing election-related deadlines), and subpart x (awarding attorneys' fees, expenses, and or costs).

## FOR A SECOND DEFENSE

36.      Plaintiffs' Third Amended Complaint and each and every cause of action therein fails to state a claim on which relief may be granted.

## FOR A THIRD DEFENSE

37.     Plaintiffs' Third Amended Complaint seeks relief that Election Defendants lack legal power or authority to effectuate.

## FOR A FOURTH DEFENSE

38.     Plaintiffs' Third Amended Complaint presents non-justiciable, political questions.

## FOR A FIFTH DEFENSE

39.     Plaintiffs' Third Amended Complaint alleges no acts by any of the Election Defendants whatsoever.

## FOR A SIXTH DEFENSE

40.    One or more of the Plaintiffs lack standing to bring this action.

## FOR A SEVENTH DEFENSE

41.    For reasons set forth in the Fourth and Sixth Defenses, the Third Amended Complaint fails to state a claim constituting a case or controversy within the meaning of U.S. Const., Article III.

## FOR AN EIGHTH DEFENSE

42.    In the captions to Counts One and Two of the Third Amended Complaint, Plaintiffs cite to 42 U.S.C §1983, but make no allegations stating a claim for relief under 42 U.S.C §1983 against the Election Defendants.

43.    To the extent the Third Amended Complaint alleges a §1983 violation against them, the Election Defendants neither violated Plaintiffs' Constitutional rights nor took any action under color of state law.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Howard Knapp, in his official capacity as Executive Director of the South Carolina State Election Commission, and John Wells, JoAnne Day, Clifford Edler, Linda McCall, and Scott Moseley, in their official capacities as members of the South Carolina State Election Commission, respectfully demand that judgment be entered in their favor and that Plaintiffs' Third Amended Complaint be dismissed in its entirety with prejudice, together with such other and further relief as the Court finds to be just and proper.

s/ *Jane W. Trinkley*
M. Elizabeth Crum (Fed. Bar #372)
Jane Trinkley (Fed. Bar #4143)
Michael R. Burchstead (Fed. Bar #102967)
**BURR & FORMAN LLP**
Post Office Box 11390
Columbia, SC  29211
Telephone:  (803) 799-9800

Facsimile:  (803) 753-3278


Thomas W. Nicholson
tnicholson@elections.sc.gov
**South Carolina State Election Commission**
1122 Lady St., 5th Floor,
Columbia, SC. 29250
Telephone: (803) 734-9060
Facsimile:   (803) 734-9366

*Attorneys for Election Defendants*

May 18, 2022
Columbia, SC