IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>   Plaintiffs,<br><br> v.<br><br>THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>   Defendants. | **Case No. 3-21-cv-03302-MBS-TJH-RMG**<br><br>**THREE-JUDGE PANEL**<br><br>**ATTORNEYS' EYES ONLY ORDER** |

## ATTORNEYS' EYES ONLY ORDER

Plaintiffs, the South Carolina State Conference of the National Association for the Advancement of Colored People ("SC NAACP") and Mr. Taiwan Scott; House Defendants, James H. Lucas, Chris Murphy, Wallace H. Jordan; Senate Defendants, Thomas Alexander and Luke A. Rankin; and Election Commission Defendants, Howard Knapp, John Wells, JoAnne Day, Clifford J. Edler, Linda McCall, and Scott Moseley, by their respective counsel, jointly stipulate to the entry of this Attorneys' Eyes Only Order ("AEO Order"). As required by the Court in its April 13, 2022 Order ("Order") (ECF No. 221), and to protect materials entitled to be kept confidential,[1] the

---

[1] This AEO Order is intended to supplement the February 3, 2022 Consent Confidentiality Order (ECF No. 123) for purposes of Plaintiffs' challenge against the South Carolina congressional map,

- 1 -

parties agree that the documents "related to establishing organizational standing of Plaintiff [SC NAACP]" (Order 2, ECF No. 221) will only be disclosed and/or disseminated in the following manner:

**1.    SCOPE.**

Plaintiffs may provide certain responsive data, documents, and information in response to Section 1 of the Order (Order 2, ECF No. 221). All materials produced or adduced per this section shall be subject to this AEO Order concerning Confidential Information as defined below. This AEO Order is subject to the Federal Rules of Civil Procedure.

**2.    CONFIDENTIAL INFORMATION.**

As used in this Order, "Confidential Information" means information and/or documents designated as "NAACP - ATTORNEYS' EYES ONLY - SUBJECT TO AEO ORDER" by the producing Plaintiffs that is provided to comply with the AEO Order's mandate to produce for "attorneys' eyes only" confidential, private and/or proprietary information relating to organizational standing, *e.g.,* membership information.

**A.    Procedure.**

A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "NAACP - ATTORNEYS' EYES ONLY - SUBJECT TO AEO ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this AEO Order, the term "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "NAACP - ATTORNEYS' EYES ONLY - SUBJECT TO AEO ORDER" shall be applied prior to or at the time that the documents are produced or disclosed. Any copies made of any documents marked "NAACP - ATTORNEYS' EYES ONLY - SUBJECT TO AEO ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

---

only as to documents "related to establishing organizational standing of Plaintiff [SC NAACP]." (ECF No. 221). This AEO Order does not supersede or affect the February 3, 2022 Consent Confidentiality Order in any way and does not apply to any documents that have been or may be designated as "CONFIDENTIAL" under that Order.

      **B.**    **Inadvertent Failure to Designate.**

An inadvertent failure to designate a document as Confidential Information does not waive the right to subsequently so designate the document.

      **C.**    **Inspection of Materials Prior to Production.**

In the event that documents, materials or other information related to the AEO Order are made subject to inspection prior to their production, no marking of those materials need be made by the producing party at the time of that inspection. For purposes of such an inspection, all materials related to the AEO Order made available for the inspection shall be considered Confidential Information and subject to this AEO Order at the time of the inspection. Thereafter, if any materials subject to that inspection are produced and the producing party wishes those materials to be considered Confidential Information under this AEO Order, the producing party shall so designate them in accordance with the procedures set forth in this AEO Order.

      **D.**    **Certification by Counsel or Party.**

The designation of materials as Confidential Information is a certification by an attorney that the document contains Confidential Information as defined in this AEO Order.

**3.**    **PROTECTION OF CONFIDENTIAL MATERIAL.**

      **A.**    **General Protections.**

Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph 3(b) for any purpose whatsoever other than in this litigation, which includes any appeal thereof. Defendants and their counsel shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in paragraph 5 below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information: (1) Counsel for the parties and employees of counsel who have responsibility for the action and (2) the Court and its personnel under seal. Except as agreed to by Plaintiff SC NAACP, Defendants' counsel shall not reproduce the original documents or confidential information contained therein.

      **B.**    **Control of Documents.**

Counsel for the Defendants shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

**4.**    **FILING OF CONFIDENTIAL INFORMATION.**

This AEO Order does not, standing alone, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a

motion, brief or other submission to the Court must comply with federal law and this District's Local Civil Rules.

5. **CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a receiving party is served with a subpoena or an order issued in other litigation or regulatory or criminal investigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform, in writing, the person or entity that caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this AEO Order. In addition, the receiving party must deliver a copy of this AEO Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the issuing person or entity to the existence of this AEO Order and to afford the designating party in this case an opportunity to make attempts to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

6. **OBLIGATIONS UPON CONCLUSION OF LITIGATION.**

    A. **Order Continues in Force.**

Unless otherwise agreed upon or ordered, this AEO Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    B. **Obligations upon Conclusion of Litigation.**

Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the receiving party shall to the extent feasible return or destroy all materials considered Confidential Information under this AEO Order, including "copies" as defined above. The receiving party is under no obligation to return or destroy materials that are not reasonably

accessible. The subject documents shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party (i.e., attorney work product), that party elects to destroy the documents and certifies to the producing party that it has done so; or (4) to the extent retention is required by other laws, rules or regulations. The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information or Confidential Information contained in deposition transcripts or drafts or final expert reports.

      **C.    Retention of Work Product and One Set of Filed Documents.**

Notwithstanding the above requirements to return or destroy documents, counsel may retain: (1) attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this AEO Order. An attorney may use his or her own work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or otherwise violate this Order.

**7.    ORDER SUBJECT TO MODIFICATION.**

This AEO Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this AEO Order. The AEO Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

**8.    PERSONS BOUND.**

This AEO Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this AEO Order by its terms as well as their successors in interest.

      IT IS SO ORDERED.

This _____ day of _____, 2022.

                                                                                                                            _____
                                                                                                                            UNITED STATES DISTRICT COURT JUDGE