<u>SC NAACP v. McMaster, et al</u>

Case No.  3:21-cv-03302-MBS-TJH-RMG

# EXHIBIT B

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| **VANDROTH BACKUS, WILLIE HARRISON BROWN, CHARLESANN BUTTONE, BOOKER MANIGAULT, EDWARD MCKNIGHT, MOSES MIMS, JR, ROOSEVELT WALLACE**, and **WILLIAM G. WILDER**, on behalf of themselves and all other similarly situated persons, | Case No.: 3:11-cv-03120-HFF-MBS-PMD |
| Plaintiffs, | |
| **SENATOR DICK ELLIOTT** | |
| Intervener-Plaintiff, | **Order** |
| v. | |
| **THE STATE OF SOUTH CAROLINA, NIKKI R. HALEY**, in her capacity as Governor**, KEN ARD**, in his capacity as Lieutenant Governor**, GLENN F. MCCONNELL**, in his capacity as President Pro Tempore of the Senate and Chairman of the Senate Judiciary Committee**, ROBERT W. HARRELL, JR**, in his capacity as Speaker of the House of Representatives, **JAMES H. HARRISON,** in his capacity as Chairman of the House of Representatives' Judiciary Committee, **ALAN D. CLEMMONS**, in his capacity as Chairman of the House of Representatives' Elections Law Subcommittee, **MARCI ANDINO**, in her capacity as Executive Director of the Election Commission, **JOHN H. HUDGENS, III**, Chairman, **NICOLE S. WHITE, MARILYN BOWERS, MARK BENSON**, and **THOMAS WARING**, in their capacity as Commissioners of the Elections Commission, | |
| Defendants. | |

For the reasons set forth in Defendant McConnell's Motion to Quash and for a Limited Protective Order and Accompanying Memorandum of Points and Authorities, this Court hereby **GRANTS** Defendants McConnell and Harrell's motions.  Deposition topics 5, 12, and 14, which relate to the drafting of the redistricting plans, are quashed.  Deposition topic 13, which concerns communications involving legislators and their legislative agents, is also quashed.  Additionally, deposition topics 7 and 16 are quashed to the extent the questions involve communications between the Senate or the House and "private consultants or experts."

With respect to the remaining topics in Plaintiffs' Notice of Deposition, this Order prohibits Plaintiffs from inquiring into any matters protected by legislative privilege.  That means Plaintiffs are prohibited from asking any questions concerning communications or deliberations involving legislators or their agents regarding their motives in enacting legislation. *See Alexander v. Holden*, 66 F3d. 62, 68 n.4 (4th Cir. 1995) ("In *Berkley*, we suggested that council members may be privileged from testifying in federal district court regarding their motives in enacting legislation . . . .") (citing *Berkley v. Common Council of City of Charleston*, 63 F.3d 295, 303 n. 9 (4th Cir. 1995).

In their response, Plaintiffs argue that Defendants have waived any objection based on attorney client privilege or work product doctrine.  The Court disagrees that those privileges have been waived.

Subsequent to their response, the Court received a letter from Plaintiffs' counsel explaining that Plaintiffs anticipate opposing counsel may object to some or all of the questions put to the witnesses they are deposing on February 9, 2012 by asserting attorney-client privilege or work product doctrine.  Plaintiffs' request that the Court designate a member of the panel to

2

be available to speak via telephone to rule on any objection that may arise. The Court denies that request. This Order is sufficient guidance for the depositions. Any other disputes will be resolved by motion after the depositions.

**It is SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**February 8, 2011**
**Charleston, SC**

3