# Exhibit D

| | |
|---|---|
| **From:** | Gore, John M. |
| **To:** | Hindley, John; Rob Tyson |
| **Cc:** | Cynthia D. Nygord; Kenny, Stephen J.; Savannah Leyton; Lisle Traywick; La"Jessica Stringfellow; zzz.External.sosaki@aclu.org; Leah Aden; zzz.External.strivedi@aclu.org; zzz.External.aingram@naacpldf.org; zzz.External.jcusick@naacpldf.org; zzz.External.chris@boroughsbryant.com; Colarusso, Gina; zzz.External.acepedaderieux@aclu.org; zzz.External.achaney@aclusc.org; Hirschel, Andrew; Freedman, John A.; Crosland, Stewart; zzz.External.MMoore@nexsenpruet.com; Mathias, Andrew A.; Hollingsworth, Jennifer J.; zzz.External.Mparente@nexsenpruet.com |
| **Subject:** | RE: SC NAACP v. Alexander - Scheduling Meet and Confer |
| **Date:** | Friday, June 3, 2022 9:05:34 PM |
| **Attachments:** | image001.png |

External E-mail

Mr. Hindley:

Thank you for your email.

Expert deposition scheduling:  Thank you for this information.  We would like to schedule the depositions on the dates below.  Will you confirm these?
- Bagley: June 29
- Imai: July 26
- Duchin: July 14
- Ragusa: June 28
- Liu: July 12

Fact Deposition Scheduling:  On Tuesday's call, you agreed that it would be "reasonable" to conduct the depositions of Will Roberts, Andy Fiffick, and Paula Benson during the week of June 27.  While those depositions could take place that week, they would have to take place after the special session on June 28.  Those witnesses also are available on various dates in July.

This is the first time we have received your request to depose other fact witnesses.  We cannot commit to firm dates for any of those witnesses at this time and need additional information to understand your request.
- For one thing, the federal rules limit the number of depositions you can take.  We understand that you are also seeking to depose House witnesses and, therefore, are seeking to conduct depositions in excess of the limit.  Will you provide us a list of all witnesses you're planning to depose and an explanation as to how the number of depositions you plan to conduct complies with the rules?
- For another thing, you have not provided us a list of the topics you plan to address with a 30(b)(6) witness.  *See* Fed. R. Civ. P. 30(b)(6) (the party seeking the deposition "must describe with reasonable particularity the matters for examination").  We therefore cannot even begin to identify a deponent, let alone schedule a deposition.
- We disagree with your characterization that the parties have to "cram[] numerous depositions into a roughly two-week period" for several reasons.
  - In the first place, the discovery period runs until August 12, which provides plenty of time to conduct discovery on a reasonable schedule.
  - Moreover, you are subject to a limit on depositions, so there are not "numerous"

depositions still to be scheduled.

- Finally, we disagree that additional discovery requests will be "necessary" following the depositions.

- One reason that no additional discovery will be "necessary" is that your existing discovery requests already are overbroad and capture whatever information you think you may glean from depositions.

Search terms: On Tuesday's call, you agreed that a June 21 substantial completion date is "reasonable." Your assertion below that we "did not make a counter offer" on search terms is incorrect. Our position consistently has been, and remains, that the existing search terms we have applied—which are the same terms the House Defendants have applied—are more than adequate and reasonable to this case. In fact, as we have stated several times now, even those search terms are substantially overbroad as we are identifying a large volume of unresponsive material in our review of documents that hit on those terms.

Moreover, we have no obligation to apply search terms simply because you want us to. Instead, we are required only to undertake reasonable, appropriate, and proportionate efforts under the rules. And your request for additional search terms is premature; at a minimum, you should receive our forthcoming productions before you can determine whether there is any need for any reasonable search expansion.

In all events, as a courtesy, we have run a hit report on the additional search terms you propose below. Unfortunately, applying these terms would nearly double the size of our email review universe. The additional search terms are therefore unreasonable and not appropriate to the case, and we will not be applying them. We have proceeded in good faith on the search term issue and the attorney-client email logging issue below and anticipate that you will do the same here.

I have provided below both the number of documents that "hit" on your search terms and the total number of "family members" of such documents that would require our review. As you will see, this volume is simply too large to be reasonable and cannot be accommodated by June 21. Moreover, many of the terms you have suggested, like the county names, the names of advocacy organizations, and the reference to Section 2 are not specific to redistricting and will undoubtedly yield an overwhelming number of false hits.

- Census /3 map: **90/322**

- Deviation and (congress! or CD): **636/1,532**

- Reapportion! and (congress! or CD): **831/1,735**

- Split! and (congress! or CD): **1,371/2,660**

- "black voters" and (district! or congress! or CD or precinct! or line or vot!): **433/879**

- NAACP: **1,826/3,171**

- LWV or LWVSC or "the League" or "League of Women Voters" or "League of Women Voters of SC": **2,452/4,257**

- ACLU: **723/1,336**

- LDF or "Legal Defense Fund": **446/853**

- (Charleston or Beaufort or Richland or Florence or Orangeburg or Sumter or Columbia or "North Charleston" or "West Ashley" or Dorchester or Berkeley) /50 (vot! or line or district! or precinct!): **6,972/12,892**

- Dakota /3 foster: **76/108**

- Muscatel: **24/34**

- Heather /3 Harrison: **37/57**

- Sukovich: **230/441**

- Kincaid: **32/60**

- "Fair Lines America" or FLA: **1,176/3,553**

- "Magellan Strategies" or Magellan: **23/54**

- Section 2 and (congress! or CD or VRA or vot!): **1,588/4,640**

<u>Logging of attorney-client emails</u>: We remain disappointed that you insist on renegotiating our deal on logging attorney-client emails.  We had an agreement, not a "so-called" agreement, as your local counsel confirmed on the call.  Moreover, we are not aware of any legal requirement to log these emails; when we ask you to provide case law authority for your position, you acknowledged that you do not have any.

In all events, we will not be logging any litigation-related emails involving counsel since those emails are not responsive to your requests in any event.  We also have already begun our review using our search terms and decline your request to apply additional search terms to attorney-client emails.  Subject to that understanding, we can agree to change the cutoff date for the logging of these emails to January 20, 2022, the date that the Senate passed the Congressional Plan.

We view this as a significant good-faith move by our side and expect that it will be reciprocated with similar good faith from your side on other discovery issues.

Thanks,
John

**JONES DAY® - One Firm Worldwide®**
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
Office +1.202.879.3930

**From:** Hindley, John <John.Hindley@arnoldporter.com>
**Sent:** Thursday, June 2, 2022 12:23 PM
**To:** Rob Tyson <rtyson@robinsongray.com>
**Cc:** Gore, John M. <jmgore@jonesday.com>; Cynthia D. Nygord <cnygord@robinsongray.com>; Kenny, Stephen J. <skenny@jonesday.com>; Savannah Leyton <sleyton@robinsongray.com>; Lisle Traywick <ltraywick@robinsongray.com>; La'Jessica Stringfellow <lstringfellow@robinsongray.com>; sosaki@aclu.org; Leah Aden <laden@naacpldf.org>; strivedi@aclu.org; aingram@naacpldf.org; jcusick@naacpldf.org; chris@boroughsbryant.com; Colarusso, Gina <Gina.Colarusso@arnoldporter.com>; acepedaderieux@aclu.org; achaney@aclusc.org; Hirschel, Andrew <Andrew.Hirschel@arnoldporter.com>; Freedman, John A. <John.Freedman@arnoldporter.com>; Crosland, Stewart <scrosland@jonesday.com>; MMoore@nexsenpruet.com; Mathias, Andrew A. <AMathias@nexsenpruet.com>; Hollingsworth, Jennifer J. <JHollingsworth@nexsenpruet.com>; Mparente@nexsenpruet.com
**Subject:** RE: SC NAACP v. Alexander - Scheduling Meet and Confer

**\*\* External mail \*\***

Mr. Gore and Mr. Tyson:

We write to follow-up on a handful of discovery issues.  We would appreciate responses by COB tomorrow, so that we can move forward with scheduling and any motion to compel, if necessary.

<u>Expert deposition scheduling</u>

Let us know which of the following dates work for you:

- Bagley: June 29 as the preference but July 5, 6, 11, and 12 work
- Imai: week of July 25 as a possibility because he's traveling out of country
- Duchin: June 16 as the preference but other dates like July 13-15 could work
- Ragusa: June 28, 30, or July 1
- Liu: June 14 as the preference but July 12 works too

<u>Fact deposition scheduling</u>

We're still considering your offer to make Mr. Fiffick, Mr. Roberts, and Ms. Benson available the week of June 27.  One issue with scheduling additional depositions beginning on or after July 5 is that doing so only leaves a handful of business days to consider serving additional discovery requests based on information learned from those depositions.  That is because we would need to serve these requests at least 30 days before the August 12 discovery deadline to allow for objections and responses. Therefore, would the Senate Defendants be willing to give us (1) firm dates for Sens. Rankin, Peeler, Alexander; other Senate staff that you represent for the purposes of this litigation, including Maura Baker, Madison Fault, and John Breedon; and the 30(b)(6) deposition before July 10th, and/or (2) a stipulation to make the response/objection period to discovery requests shorter?

Perhaps from 30 days to 20 days?  If these are not possible, we're concerned that the parties will be unnecessarily cramming numerous depositions into a roughly two-week period for no reason and Plaintiffs won't have sufficient time to serve any discovery requests that are necessary based on information obtained through these depositions because they are being scheduled so late.

<u>Search Terms</u>

You state in your May 27 email that you have "not taken a definitive position on search terms" and, at our meet and confer, that Plaintiffs' proposed search terms nearly doubled the amount of documents Senate Defendants had to review.  Senate Defendants, however, did not make a counter offer as to search terms.  You suggested that the term "section 2" caused the high amount of hits. Plaintiffs asked whether you could provide a hit report reflecting Senate Defendants burden.  You stated that you would take it under advisement but that you considered it work product.  Plaintiffs offered to assist in lessening the burden on Senate Defendants.  Without a hit report, however, Plaintiffs attempts at adjusting the search terms is like shooting in the dark.  Below is a revised list of search terms.  Unless Senate Defendants provide a hit report or provide a definitive counteroffer, Plaintiffs insist that Senate Defendants apply at least these additional search terms.  We believe that they strike an appropriate balance.

- Census /3 map

- Deviation and (congress! or CD)

- Reapportion! and (congress! or CD)

- Split! and (congress! or CD)

- "black voters" and (district! or congress! or CD or precinct! or line or vot!)

- NAACP

- LWV or LWVSC or "the League" or "League of Women Voters" or "League of Women Voters of SC"

- ACLU

- LDF or "Legal Defense Fund"

- (Charleston or Beaufort or Richland or Florence or Orangeburg or Sumter or Columbia or "North Charleston" or "West Ashley" or Dorchester or Berkeley) /50 (vot! or line or district! or precinct!)

- Dakota /3 foster

- Muscatel

- Heather /3 Harrison

- Sukovich

- Kincaid

- "Fair Lines America" or FLA

- "Magellan Strategies" or Magellan

- Section 2 and (congress! or CD or VRA or vot!)

<u>Logging attorney-client emails</u>

At our meet-and-confer, you said you were still considering our updated agreement regarding attorney-client emails; namely, moving the cutoff to the date of congressional map passage plus applying the search terms we ultimately agree upon.  Please let us know if you agree or have a counterproposal.  If neither, we'll have to move to compel the review, logging, and/or production of that universe of documents.

Regards,
John

---

**From:** Rob Tyson <rtyson@robinsongray.com>
**Sent:** Wednesday, June 1, 2022 8:34 PM
**To:** Hindley, John <John.Hindley@arnoldporter.com>
**Cc:** Gore, John M. <jmgore@jonesday.com>; Cynthia D. Nygord <cnygord@robinsongray.com>; Kenny, Stephen J. <skenny@jonesday.com>; Savannah Leyton <sleyton@robinsongray.com>; Lisle Traywick <ltraywick@robinsongray.com>; La'Jessica Stringfellow <lstringfellow@robinsongray.com>; zzz.External.sosaki@aclu.org <sosaki@aclu.org>; Leah Aden <laden@naacpldf.org>; zzz.External.strivedi@aclu.org <strivedi@aclu.org>; zzz.External.aingram@naacpldf.org <aingram@naacpldf.org>; zzz.External.jcusick@naacpldf.org <jcusick@naacpldf.org>; zzz.External.chris@boroughsbryant.com <chris@boroughsbryant.com>; Colarusso, Gina <Gina.Colarusso@arnoldporter.com>; zzz.External.acepedaderieux@aclu.org <acepedaderieux@aclu.org>; zzz.External.achaney@aclusc.org <achaney@aclusc.org>; Hirschel, Andrew <Andrew.Hirschel@arnoldporter.com>; Freedman, John A. <John.Freedman@arnoldporter.com>; Crosland, Stewart <scrosland@jonesday.com>; zzz.External.MMoore@nexsenpruet.com <MMoore@nexsenpruet.com>; Mathias, Andrew A. <AMathias@nexsenpruet.com>; Hollingsworth, Jennifer J. <JHollingsworth@nexsenpruet.com>; zzz.External.Mparente@nexsenpruet.com <Mparente@nexsenpruet.com>
**Subject:** Re: SC NAACP v. Alexander - Scheduling Meet and Confer

External E-mail

Mr. Hindley, On yesterday's call, you said you would send us the dates your experts are available. As we mentioned, we'd like to move forward scheduling them. Look forward to getting them. Tks. Rob

Sent from my iPhone

On May 27, 2022, at 1:42 PM, Hindley, John <John.Hindley@arnoldporter.com> wrote:

Mr. Gore:

Plaintiffs are available from 1-2 and 3-5 on Tuesday.  Please let us know if any of those times work for you.

Best,
John Hindley

---

**From:** Gore, John M. <jmgore@jonesday.com>
**Sent:** Friday, May 27, 2022 12:35 PM
**To:** Hindley, John <John.Hindley@arnoldporter.com>; cnygord@robinsongray.com; rtyson@robinsongray.com; Kenny, Stephen J. <skenny@jonesday.com>; sleyton@robinsongray.com; ltraywick@robinsongray.com; lstringfellow@robinsongray.com
**Cc:** zzz.External.sosaki@aclu.org <sosaki@aclu.org>; Leah Aden <laden@naacpldf.org>; zzz.External.strivedi@aclu.org <strivedi@aclu.org>; zzz.External.aingram@naacpldf.org <aingram@naacpldf.org>; zzz.External.jcusick@naacpldf.org <jcusick@naacpldf.org>; zzz.External.chris@boroughsbryant.com <chris@boroughsbryant.com>; Colarusso, Gina <Gina.Colarusso@arnoldporter.com>; zzz.External.acepedaderieux@aclu.org <acepedaderieux@aclu.org>; zzz.External.achaney@aclusc.org <achaney@aclusc.org>; Hirschel, Andrew <Andrew.Hirschel@arnoldporter.com>; Freedman, John A. <John.Freedman@arnoldporter.com>; Crosland, Stewart <scrosland@jonesday.com>; zzz.External.MMoore@nexsenpruet.com <MMoore@nexsenpruet.com>; Mathias, Andrew A. <amathias@nexsenpruet.com>; Hollingsworth, Jennifer J. <JHollingsworth@nexsenpruet.com>; zzz.External.Mparente@nexsenpruet.com <Mparente@nexsenpruet.com>
**Subject:** RE: SC NAACP v. Alexander - Scheduling Meet and Confer

External E-mail

Mr. Hindley:

Thanks for your response.  Unfortunately, I now have an emergency hearing in another matter on Tuesday morning.  Will you advise on your team's availability on Tuesday afternoon or Wednesday?

We look forward to sharing our proposal on a timeline for document production, privilege logs, and personal email searches.

Your email contains two material inaccuracies.  First, we did not "refuse to consider a substantial completion date" for document productions.  To the contrary, we *agreed* to

consider a substantial completion date, which is why we are proposing a timeline.

Second, your statement about logging attorney-client communications is, candidly, revisionist history. We have checked with our team, who confirmed that we already have a deal in place to cut off logging of attorney-client communications with outside counsel as of October 12, 2021, the date plaintiffs filed their original complaint. You are trying to back out of that deal.

We disagree with several other points in your email, as we will discuss at the meet-and-confer. For now, two require responses.

Document Production/Search Terms: Contrary to what you say below, we are not at an "impasse" on this issue since we have not taken a definitive position on it. In all events, as we have explained, we have used the same search terms that the House Defendants have used in the Congressional Plan litigation. We already have produced plans and emails from "parties and counsel who submitted proposed maps during the redistricting process" and will produce any more such emails that we locate and are responsive to your discovery requests.

The issue of additional search terms is premature and unripe since productions are ongoing. In any event, as we noted below, we will provide additional information regarding your search terms at the meet-and-confer.

Depositions: Your citation to Judge Gergel's statement on the record proves our point that fact depositions should not proceed until anticipated document discovery is completed. Judge Gergel said it is appropriate to ask witnesses about personal email use in depositions, not that depositions should proceed before anticipated and forthcoming document productions have been completed. We will not agree to hold depositions open because you insist on taking depositions before receiving document productions that you know are coming.

We also are working with the witnesses you have requested to nail down their availability. A significant complication is the General Assembly's special session, which is scheduled for June and is placing heavy demands on Senate staff. Our proposal will lay out an appropriate timeline for those depositions, which will avoid any need for "11th-hour motions practice."

There is no reason for you to court unnecessary motions practice by noticing depositions without coordinating with us. The panel will not look favorably on unilateral notices when it has encouraged you to work with us.

Finally, we note that you have not responded with availability for your expert witnesses on the deposition dates we proposed.

We look forward to the meet-and-confer.

Best,
John

John M. Gore
Partner
**JONES DAY® - One Firm Worldwide®**
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
Office +1.202.879.3930

---

**From:** Hindley, John <John.Hindley@arnoldporter.com>
**Sent:** Friday, May 27, 2022 9:32 AM
**To:** Gore, John M. <jmgore@jonesday.com>; cnygord@robinsongray.com;
rtyson@robinsongray.com; Kenny, Stephen J. <skenny@jonesday.com>;
sleyton@robinsongray.com; ltraywick@robinsongray.com;
lstringfellow@robinsongray.com
**Cc:** sosaki@aclu.org; Leah Aden <laden@naacpldf.org>; strivedi@aclu.org;
aingram@naacpldf.org; jcusick@naacpldf.org; chris@boroughsbryant.com; Colarusso,
Gina <Gina.Colarusso@arnoldporter.com>; acepedaderieux@aclu.org;
achaney@aclusc.org; Hirschel, Andrew <Andrew.Hirschel@arnoldporter.com>;
Freedman, John A. <John.Freedman@arnoldporter.com>; Crosland, Stewart
<scrosland@jonesday.com>; MMoore@nexsenpruet.com; Mathias, Andrew A.
<amathias@nexsenpruet.com>; Hollingsworth, Jennifer J.
<JHollingsworth@nexsenpruet.com>; Mparente@nexsenpruet.com
**Subject:** RE: SC NAACP v. Alexander - Scheduling Meet and Confer

**\*\* External mail \*\***

Mr. Gore:

Thank you for your email and clarifications.  Plaintiffs are available Tuesday morning at
10am EST to meet and confer.  Please advise if that time works for Senate Defendants.

Document Production/Search Terms

We appreciate that you are formulating a timeline for document production, privilege
logs, and personal emails.  We look forward to your proposal.

Plaintiffs strongly disagree with your assertion that your search terms are
"appropriate" for this case.  As reflected in our May 24 email, your search terms do not
include frequently used redistricting-related terms (i.e., reapportionment, deviation,
split, and census), relevant counties and geographic areas, possibly relevant third
parties involved in the mapmaking process, and parties and counsel who submitted
proposed maps during the redistricting process.  Furthermore, your assertion that
Judge Gergel said that parties are not obligated to search geographic terms is not

accurate.  As you can see in the April 12, 2022 hearing transcript (pp. 45-51), the Court urged counsel for Plaintiffs and House Defendants to come up with an accommodation as to county searches through the use of a "hit report" and different search term configurations.  That is what Plaintiffs and House Defendants did.  House Defendants provided a hit report on April 28, 2022 using the search terms configurations that Plaintiffs provided.  The search terms Plaintiffs provided had connectors that limited the number of possibly irrelevant documents House Defendants would have to review and produce.  Plaintiffs hoped that Plaintiffs and Senate Defendants could come to a similar agreement.  Unless counsel proposes alternative configurations to the search terms contained in Plaintiffs' May 24 email, it appears that the parties have reached an impasse on this issue.

Privilege Log

Plaintiffs were not suggesting that there was an exception to the attorney-client privilege.  Plaintiffs were attempting to reach an accommodation to lessen the burden on both Parties in logging privileged communications and documents.  Under Plaintiffs' proposal, similar to the agreement reached with the House Defendants, both Parties would neither have to log privilege communications and documents that were created after the passage of the congressional map nor communications and documents that are exclusively related to litigation strategy.  If this or a similar arrangement does not work for Senate Defendants, the Parties can proceed with logging all relevant, privileged communications and documents.

Non-Party Senators

You state that counsel for Senate Defendants "are not authorized to accept service of subpoenas on their behalf." As a follow up question, is counsel for Senate Defendants attempting to obtain authorization? Otherwise, Plaintiffs will plan on serving third-party subpoenas directly to non-party members of the Senate Redistricting Subcommittee.

Interrogatories

 You state that Senate Defendants "will not be amending our interrogatory responses." We are at an impasse on this issue.

Depositions

Plaintiffs continue to strongly disagree with your assertion that fact depositions have to wait until the competition of document production.  Your assertion is particularly concerning given that Senate Defendants refused to consider a substantial completion date at our Monday meet and confer.  Taking depositions in the midst of document production as part of the discovery process is local practice.  As Judge Gergel said during the April 12 hearing, "Take their depositions and ask them, Did you communicate in private emails? If they did, request them." (Apr. 12, 2022 Hr'g Tr. 58:1-3).  Conducting depositions during document production lessens the likelihood that the

th

Parties will have to engage in 11 -hour motions practice to obtain relevant documents that were previously uncollected. In your May 25 email, you state that no dates the week of June 6 work for Mr. Fiffick, Mr. Roberts, and Ms. Benson because counsel and witnesses are unavailable. Can you please provide availability for these depositions for the week of June 13? In the absence of Senate Defendants providing dates, Plaintiffs plan to notice and proceed with the depositions. Plaintiffs are willing to schedule expert depositions so long as Senate Defendants schedule fact depositions during the same time frame.

Plaintiffs look forward to Tuesday's meet and confer

Regards,
John Hindley

---

**From:** Gore, John M. <jmgore@jonesday.com>
**Sent:** Wednesday, May 25, 2022 7:55 PM
**To:** Hindley, John <John.Hindley@arnoldporter.com>; cnygord@robinsongray.com; rtyson@robinsongray.com; Kenny, Stephen J. <skenny@jonesday.com>; sleyton@robinsongray.com; ltraywick@robinsongray.com; lstringfellow@robinsongray.com
**Cc:** zzz.External.sosaki@aclu.org <sosaki@aclu.org>; Leah Aden <laden@naacpldf.org>; zzz.External.strivedi@aclu.org <strivedi@aclu.org>; zzz.External.aingram@naacpldf.org <aingram@naacpldf.org>; zzz.External.jcusick@naacpldf.org <jcusick@naacpldf.org>; zzz.External.chris@boroughsbryant.com <chris@boroughsbryant.com>; Colarusso, Gina <Gina.Colarusso@arnoldporter.com>; zzz.External.acepedaderieux@aclu.org <acepedaderieux@aclu.org>; zzz.External.achaney@aclusc.org <achaney@aclusc.org>; Hirschel, Andrew <Andrew.Hirschel@arnoldporter.com>; Freedman, John A. <John.Freedman@arnoldporter.com>; Crosland, Stewart <scrosland@jonesday.com>; zzz.External.MMoore@nexsenpruet.com <MMoore@nexsenpruet.com>; Mathias, Andrew A. <amathias@nexsenpruet.com>; Hollingsworth, Jennifer J. <JHollingsworth@nexsenpruet.com>; zzz.External.Mparente@nexsenpruet.com <Mparente@nexsenpruet.com>
**Subject:** RE: SC NAACP v. Alexander - Scheduling Meet and Confer

External E-mail

Dear Mr. Hindley:

Thank you for your email. We are still looking into the issues you raise but provide the preliminary responses below based upon the information currently available to us. We reserve the right to amend or supplement these responses.

We also believe that another meet-and-confer on these issues would be productive. Our team is available on Tuesday morning, May 31, after the holiday weekend. Will you advise us on your team's availability?

Please note that I have also added House Defendants' counsel to this response.

Document Production, Privilege Log, And Personal Emails: We understand that the search terms we already have applied are broader than the search terms used in the House Plan litigation.  We also understand that our search terms are the same search terms that the House Defendants have used in the Congressional Plan litigation.  Accordingly, we maintain that those search terms are appropriate and that no further search terms are needed in this case.

The additional search terms you propose below are overbroad and not proportional to the needs of the case.  For example, virtually every piece of proposed legislation includes a "Section 2," so we anticipate that that term would generate a large number of unresponsive hits.  Similarly, the NAACP and ACLU are active in a variety of legislative arenas, not just redistricting, so searching by those terms also would generate a large number of unresponsive hits.  And Judge Gergel already has made clear that there is no obligation to search for county names for the same reason.

Nonetheless, we are looking into the effect of your proposed terms on the size of our review universe.  We will be prepared to discuss that further on the meet-and-confer.

We also are formulating a proposal on a timeline and approach to the document production, privilege log, and personal email issues.  We will be prepared to discuss that further on the meet-and-confer.

Finally, you asked that attorney-client "communications and documents relating to the redistricting process" be logged if they are "dated on or before the passage of the congressional map."  You appear to believe that there is an exception to attorney-client privilege for such documents and communications, even when they were made in anticipation of litigation.  **Prior to our meet-and-confer, please provide any cases that recognize this exception to the attorney-client privilege so we can assess them with our client.**

Text Messages: Your email states that counsel has "collected text messages between custodians that relate to redistricting."  That is not accurate.  Counsel has collected text messages between custodians that may relate to redistricting and the issues in this case.

Other Senators/Miscellaneous: Your email states that we said we "would not accept service of subpoenas" for other members of the Redistricting Subcommittee.  That is not accurate.  We instead said that we are not authorized to accept service of subpoenas on their behalf.

Moreover, your discovery requests are limited in scope to the Senate Defendants and their staff.  They are not broad enough to encompass other members of the Senate or

the Redistricting Subcommittee.

<u>Interrogatories</u>: As your email indicates, we already have identified in writing individuals who were involved in the redistricting process.  Therefore, we will not be amending our interrogatory responses.

<u>Depositions</u>:  For two main reasons, the week of June 6 does not work for depositions of Mr. Fiffick, Mr. Roberts, and Ms. Benson.  First, counsel and witnesses are unavailable.  Second, fact depositions should not proceed until the anticipated document productions are complete.

Your proposed solution of producing only documents for each deponent is unfortunately unworkable.  As your email notes, we are currently reviewing a large collection universe to identify responsive documents.  Moreover, documents may be relevant to more than one custodian or witness, which we can only ascertain through a thorough review.

We are committed to continuing to move the case forward.  We are open to discussing a schedule for fact depositions as part of the timeline for producing documents and a privilege log (see above).  We also believe that, as we explained both in our letter and on the call, the most efficient way forward is to hold expert depositions first because those depositions do not turn on the forthcoming document productions.

We are available to take depositions of Plaintiffs' experts on the following dates. Please let us know your side's availability:
- Imai, Duchin, Liu: June 13, 14, 16, 23, 24, or 27 or July 11-15
- Ragusa: June 15, 16, 28, 29, 30, or July 1.
- Bagley: June 27, 28, 29, and 30 or July 5, 6, 11, and 12

Thanks,
John

John M. Gore
Partner
**JONES DAY® - One Firm Worldwide®**
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
Office +1.202.879.3930

---

**From:** Hindley, John <John.Hindley@arnoldporter.com>
**Sent:** Tuesday, May 24, 2022 10:18 AM
**To:** Gore, John M. <jmgore@jonesday.com>; cnygord@robinsongray.com; rtyson@robinsongray.com; Kenny, Stephen J. <skenny@jonesday.com>; sleyton@robinsongray.com; ltraywick@robinsongray.com; lstringfellow@robinsongray.com
**Cc:** sosaki@aclu.org; Leah Aden <laden@naacpldf.org>; strivedi@aclu.org;

aingram@naacpldf.org; jcusick@naacpldf.org; chris@boroughsbryant.com; Colarusso,
Gina <Gina.Colarusso@arnoldporter.com>; acepedaderieux@aclu.org;
achaney@aclusc.org; Hirschel, Andrew <Andrew.Hirschel@arnoldporter.com>;
Freedman, John A. <John.Freedman@arnoldporter.com>; Crosland, Stewart
<scrosland@jonesday.com>
**Subject:** RE: SC NAACP v. Alexander - Scheduling Meet and Confer

 ** External mail **

Mr. Gore:

Thank you for participating in yesterday's productive meet and confer.  This email
serves to memorialize our discussion and summarize the status of certain discovery
issues.  If you believe that any of the points below are incorrect or inaccurate, please
let us know immediately.

Document Production

Counsel for the Senate Defendants confirmed that they would be producing 2,500
documents initially. We have received those documents and are in the process of
uploading them.  We will let counsel know if we have any questions.  In addition,
counsel stated that they were in the process of reviewing approximately 50,000
additional documents and plan on making additional productions, although they could
not predict the number of productions or provide any sort of schedule for those
productions.  Plaintiffs noted that counsel's letter did not include search terms they
would like applied.  To balance Plaintiffs' need for evidence reflecting Senate
Defendants' intent when they drafted the map in S. 865 and counsel's desire to not
have to review a significant amount of irrelevant documents, Plaintiffs ask that counsel
for Senate Defendants apply the below search terms in addition to the terms contained
in your May 20 letter:

- Population and (congress! or CD)
- Census /3 map
- Deviation and (congress! or CD)
- Reapportion! and (congress! or CD)
- Split! and (congress! or DC)
- "black voters"
- NAACP
- LWV or LWVSC or "the League" or "League of Women Voters" or "League of
  Women Voters of SC"
- ACLU
- LDF or "Legal Defense Fund"
- (Charleston or Beaufort or Richland or Florence or Orangeburg or Sumter or
  Columbia or "North Charleston" or "West Ashley" or Dorchester or Berkeley) /50
  (vot! or line or district! or precinct!)

- Dakota /3 foster
- Muscatel
- Heather /3 Harrison
- Sukovich
- Kincaid
- "Fair Lines America" or FLA
- "Magellan Strategies" or Magellan
- Section 2

<u>Please let us know by close of business tomorrow if counsel agrees to applying the above search terms or if counsel proposes alternative configurations.</u>

Counsel also stated that they have not searched the official email accounts of non-named members of the Senate Redistricting Subcommittee (with the exception of Sen. Peeler) and have not asked, and do not intend to ask, for their consent to search their official email accounts.

Counsel also explained that "official text messages" are those that relate to official business/duties and not related to personal affairs.  Counsel for Senate Defendants are not searching text messages between custodians or their family/spouses.  Counsel has collected text messages exchanged between custodians that relate to redistricting.  Counsel confirmed that "official text messages" include messages sent on personal phones and do not necessarily refer only to text messages sent on a phone provided by the Senate to its members/staff.

As to personal emails, counsel stated that they have only collected materials from official email accounts.  It is Senate Defendants' position that, according to the Court's April 13 Order (ECF 221), they only have to search personal emails upon knowledge of evidence that those email accounts were used to send or receive official correspondence and counsel for Senate Defendants have not seen any such evidence.  Counsel stated that they have asked Senate Defendants if they used personal emails to conduct redistricting-related work and they said that they do not recall.  Plaintiffs disagree with counsel's position that counsel only has an obligation to search personal emails if defense counsel is aware of evidence that personal emails were used.  As discussed during today's call, Plaintiffs asked whether counsel would be amenable to having Senate Defendants and Mr. Peeler sign a certification that they did not conduct redistricting-related business over personal email.  Counsel stated that they would take it under advisement but reiterated their position that counsel does not have an obligation to search personal emails because counsel has not uncovered evidence that personal emails were used.  <u>Please let us know by close of business tomorrow if counsel will have Senate Defendants and Sen. Peeler sign a certification that they did not use personal emails to conduct redistricting-related business.</u>

<u>Interrogatories 1-3, 13</u>

Counsel confirmed that the individuals identified as custodians (Maura Baker, Paula Benson, Madison Faulk, Breedon John, and Grayson Morgan) were involved in the redistricting process. Counsel also stated that Ms. Baker and Ms. Faulk are staff attorneys. Ms. Baker had access to redistricting email account and Ms. Faulk oversaw legal interns. Ms. Benson is also a staff attorney. Mr. John and Mr. Morgan worked under Mr. Roberts and served as GIS map-drawing professionals. Counsel for Senate Defendants also confirmed that Ms. Baker, Ms. Benson, and Ms. Faulk were involved in drafting Senate Defendants' interrogatory responses.

Counsel did not commit to amending their interrogatory responses to include the above names but that they would take it under advisement. <u>Please let us know by close of business tomorrow if you plan on amending Senate Defendants' responses to Interrogatories 1-3 and 13 reflecting the information that was discussed at yesterday's meet and confer.</u>

<u>Interrogatories 4-8, 14-15</u>

Counsel stated that they do not plan on amending their responses to Interrogatories 4-8 and 14-15 in light of Plaintiffs' objections in their May 19 letter.

Senate Defendants' response to Interrogatory 14 asserted that Plaintiffs sought information that was protected by the attorney-client privilege. Plaintiffs asked counsel to explain this purported attorney-client relationship. Counsel stated that an attorney-client relationship existed between the client and in-house and outside counsel. Counsel advised that litigation counsel was involved in answering legal questions concerning redistricting during the redistricting process but that they were not involved in drawing or advising on maps.

<u>Privilege Log</u>

Counsel reiterated their position that they would produce a privilege log at the end of document production and that they would not agree to producing privilege logs on a rolling basis. Counsel further stated that they would not be open to producing a rolling privilege log despite House Defendants producing a rolling privilege log throughout the discovery process in Plaintiffs' challenge of the state house maps. Plaintiffs ask that counsel reconsider their position or else they will have to seek relief from the Court to compel the production of a rolling privilege log.

As to whether Senate Defendants will assert legislative privilege over certain documents, counsel did not rule that out. Senate Defendants are reserving the right to assert the legislative privilege in order to preserve their objection. Plaintiffs believe that the Court's February 10 order rejecting House Defendants' legislative privilege claims equally applies to the Senate Defendants and, therefore, are not entitled to the legislative privilege.

The Parties also discussed coming to an arrangement regarding the Parties' obligations to log certain attorney-client communications and documents.   The Parties agreed to go back and come up with a workable arrangement that meets the needs of both sides.  Plaintiffs recognize the burden of logging all litigation-related communications but also recognize that communications and documents related to the redistricting process, even if involving current counsel, should be logged or produced.  Therefore, Plaintiffs propose that the Parties log or produce attorney-client documents dated on or before the passage of the congressional map (January 21, 2022) that also hit on the search terms to which the parties agree.  Please let us know if Senate Defendants agree to this arrangement or would like an additional meet and confer on this issue.

<u>Depositions</u>

Counsel for Senate Defendants were also not amenable to holding depositions of fact witnesses until the completion of document production.  Plaintiffs explained that, consistent with the Court's instructions and local practice, depositions of at least some fact witnesses need to take place to ensure Plaintiffs can identify potential additional witnesses and areas where documents need to be collected and produced.  For example, depositions will afford Plaintiffs the opportunity to determine if witnesses used personal emails and cells numbers during the redistricting process which necessitate their search and collection.

The parties appear to have reached an impasse on scheduling depositions. Nevertheless, Plaintiffs remain open to scheduling depositions for Mr. Fiffick, Mr. Roberts, and Ms. Benson the week of June 6.  As Plaintiffs already shared on Friday, Plaintiffs are available for a deposition of Mr. Fiffick any day the week of June 6, as well as June 6, 7, 8, or 9 for one of Mr. Roberts.  And Plaintiffs reiterate their request to schedule Ms. Benson's for a day after Mr. Fiffick's.  Please let Plaintiffs know of their availability for the week of June 6.  In addition, Plaintiffs propose that, to lessen the likelihood that a deposition would have to re-open, Senate Defendants produce all relevant, non-privileged information for that particular custodian prior to the scheduled deposition, as was done in the state house case.  <u>Please let us know if counsel would be amendable to such an arrangement by the end of the week.</u>

<u>Miscellaneous</u>

Counsel for Senate Defendants stated that they represent the SC Senate Judiciary and Redistricting Subcommittee staff (including Mr. Fiffick, Mr. Roberts, Ms. Baker, Ms. Benson, Ms. Faulk, Mr. John, and Mr. Morgan) because Sen. Rankin is a named defendant, but that they do not represent the non-named members of the Redistricting Subcommittee (Sens. Campsen, Young, Sabb, Matthews, Talley, and Harpootlian) and would not accept service of subpoenas for those individuals.

Please let us know if you have any questions or recollections inconsistent with the above.

Regards,
John Hindley

---

**From:** Gore, John M. <jmgore@jonesday.com>
**Sent:** Friday, May 20, 2022 6:26 PM
**To:** Hindley, John <John.Hindley@arnoldporter.com>; cnygord@robinsongray.com;
rtyson@robinsongray.com; Kenny, Stephen J. <skenny@jonesday.com>;
sleyton@robinsongray.com; ltraywick@robinsongray.com;
lstringfellow@robinsongray.com
**Cc:** zzz.External.sosaki@aclu.org <sosaki@aclu.org>; Leah Aden <laden@naacpldf.org>;
zzz.External.strivedi@aclu.org <strivedi@aclu.org>; zzz.External.aingram@naacpldf.org
<aingram@naacpldf.org>; zzz.External.jcusick@naacpldf.org <jcusick@naacpldf.org>;
zzz.External.chris@boroughsbryant.com <chris@boroughsbryant.com>; Colarusso,
Gina <Gina.Colarusso@arnoldporter.com>; zzz.External.acepedaderieux@aclu.org
<acepedaderieux@aclu.org>; zzz.External.achaney@aclusc.org <achaney@aclusc.org>;
Hirschel, Andrew <Andrew.Hirschel@arnoldporter.com>; Freedman, John A.
<John.Freedman@arnoldporter.com>; Crosland, Stewart <scrosland@jonesday.com>
**Subject:** RE: SC NAACP v. Alexander - Scheduling Meet and Confer

External E-mail

Mr. Hindley:

You sent your letter at 4:45 pm yesterday and only after we requested that you outline
your concerns in writing. Your letter requested a response before Monday's meet-and-
confer. Your email below now demands a response today.

We trust that the tone of Monday's call will be more productive.

John

John M. Gore
Partner
**JONES DAY® - One Firm Worldwide®**
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Office +1.202.879.3930

---

**From:** Hindley, John <John.Hindley@arnoldporter.com>
**Sent:** Friday, May 20, 2022 2:52 PM
**To:** Gore, John M. <jmgore@jonesday.com>; cnygord@robinsongray.com;
rtyson@robinsongray.com; Kenny, Stephen J. <skenny@jonesday.com>;

sleyton@robinsongray.com; ltraywick@robinsongray.com;
lstringfellow@robinsongray.com
**Cc:** sosaki@aclu.org; Leah Aden <laden@naacpldf.org>; strivedi@aclu.org>;
aingram@naacpldf.org; jcusick@naacpldf.org; chris@boroughsbryant.com; Colarusso,
Gina <Gina.Colarusso@arnoldporter.com>; acepedaderieux@aclu.org;
achaney@aclusc.org; Hirschel, Andrew <Andrew.Hirschel@arnoldporter.com>;
Freedman, John A. <John.Freedman@arnoldporter.com>
**Subject:** RE: SC NAACP v. Alexander - Scheduling Meet and Confer

 ** External mail **

Mr. Gore:

Since Plaintiffs sent their May 19 letter regarding Senate Defendants' discovery
deficiencies, we have not received word as to whether Senate Defendants plan on
responding to that letter.  To ensure that the Parties have a productive meet and
confer and enough time to understand their respective positions, Plaintiffs expect a
response in writing by the close of business today.

Additionally, Plaintiffs would like to offer some dates for the depositions of Mr. Fifick,
Mr. Roberts, and Ms. Benson.  My colleague, Leah Aden, is available June 1, 2, 3, 6, 7, 8,
9, or 10 for the deposition of Mr. Fifick.  My other colleague, John Cusick, is available
June 1, 2, 3, 6, 7, 8, or 9 for the deposition of Mr. Roberts.  Plaintiffs would like to
schedule the deposition of Ms. Benson soon after Mr. Fifick's deposition.

Plaintiffs look forward to your response.

Regards,
John Hindley

---

**From:** Hindley, John
**Sent:** Thursday, May 19, 2022 4:43 PM
**To:** 'Gore, John M.' <jmgore@jonesday.com>; cnygord@robinsongray.com;
rtyson@robinsongray.com; Kenny, Stephen J. <skenny@jonesday.com>;
sleyton@robinsongray.com; ltraywick@robinsongray.com;
lstringfellow@robinsongray.com
**Cc:** zzz.External.sosaki@aclu.org <sosaki@aclu.org>; Leah Aden <laden@naacpldf.org>;
zzz.External.strivedi@aclu.org <strivedi@aclu.org>; zzz.External.aingram@naacpldf.org
<aingram@naacpldf.org>; zzz.External.jcusick@naacpldf.org <jcusick@naacpldf.org>;
zzz.External.chris@boroughsbryant.com <chris@boroughsbryant.com>; Colarusso,
Gina <Gina.Colarusso@arnoldporter.com>; zzz.External.acepedaderieux@aclu.org
<acepedaderieux@aclu.org>; zzz.External.achaney@aclusc.org <achaney@aclusc.org>;
Hirschel, Andrew <Andrew.Hirschel@arnoldporter.com>; Freedman, John A.
<John.Freedman@arnoldporter.com>

**Subject:** RE: SC NAACP v. Alexander - Scheduling Meet and Confer

Mr. Gore:

Please see the attached letter regarding Senate Defendants' deficient discovery.

Regards,
John Hindley

---

**From:** Gore, John M. <jmgore@jonesday.com>
**Sent:** Wednesday, May 18, 2022 6:20 PM
**To:** Hindley, John <John.Hindley@arnoldporter.com>; cnygord@robinsongray.com; rtyson@robinsongray.com; Kenny, Stephen J. <skenny@jonesday.com>; sleyton@robinsongray.com; ltraywick@robinsongray.com; lstringfellow@robinsongray.com
**Cc:** zzz.External.sosaki@aclu.org <sosaki@aclu.org>; Leah Aden <laden@naacpldf.org>; zzz.External.strivedi@aclu.org <strivedi@aclu.org>; zzz.External.aingram@naacpldf.org <aingram@naacpldf.org>; zzz.External.jcusick@naacpldf.org <jcusick@naacpldf.org>; zzz.External.chris@boroughsbryant.com <chris@boroughsbryant.com>; Colarusso, Gina <Gina.Colarusso@arnoldporter.com>; zzz.External.acepedaderieux@aclu.org <acepedaderieux@aclu.org>; zzz.External.achaney@aclusc.org <achaney@aclusc.org>; Hirschel, Andrew <Andrew.Hirschel@arnoldporter.com>; Freedman, John A. <John.Freedman@arnoldporter.com>
**Subject:** RE: SC NAACP v. Alexander - Scheduling Meet and Confer

> External E-mail

Mr. Hindley:

Thanks for reaching out.

Counsel for the Senate Defendants are available between 10 am and noon on Monday, May 23.

We request that, in advance of the meet-and-confer, you describe in writing any concerns regarding any alleged deficiencies in the Senate Defendants' discovery responses to date.  Providing this information in writing in advance both comports with local practice and will facilitate a more productive meet-and-confer discussion.

Thanks,
John

John M. Gore
Partner

**JONES DAY® - One Firm Worldwide®**
51 Louisiana Avenue, N.W.
Washington, D.C.  20001
Office +1.202.879.3930

---

**From:** Hindley, John <John.Hindley@arnoldporter.com>
**Sent:** Wednesday, May 18, 2022 3:09 PM
**To:** cnygord@robinsongray.com; rtyson@robinsongray.com; Kenny, Stephen J. <skenny@jonesday.com>; sleyton@robinsongray.com; ltraywick@robinsongray.com; lstringfellow@robinsongray.com; Gore, John M. <jmgore@jonesday.com>
**Cc:** sosaki@aclu.org; Leah Aden <laden@naacpldf.org>; strivedi@aclu.org; aingram@naacpldf.org; jcusick@naacpldf.org; chris@boroughsbryant.com; Colarusso, Gina <Gina.Colarusso@arnoldporter.com>; acepedaderieux@aclu.org; achaney@aclusc.org; Hirschel, Andrew <Andrew.Hirschel@arnoldporter.com>; Freedman, John A. <John.Freedman@arnoldporter.com>
**Subject:** SC NAACP v. Alexander - Scheduling Meet and Confer

** External mail **

Counsel:

Plaintiffs would like to schedule a meet and confer to discuss Senate Defendants' discovery thus far in this case.  In particular, Plaintiffs would like to discuss Senate Defendants' future document production, responses and objections to Plaintiffs' written discovery, privilege logs, and potential depositions.

Please let us know what times you are available on Friday (5/20) or Monday (5/23) for the meet and confer.  Plaintiffs will provide the dial-in information.

Regards,

_____

John Hindley
Associate | Bio

**Arnold & Porter**
601 Massachusetts Ave., NW
Washington,  DC 20001-3743
T: +1 202.942.5796
John.Hindley@arnoldporter.com
www.arnoldporter.com | LinkedIn | Twitter

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

---

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in

error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***