IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS C. ALEXANDER, *et al.*, <br><br> Defendants. | Case No. 3:21-cv-03302- MBS-TJH-RMG <br><br> **THREE-JUDGE PANEL** |

**PLAINTIFFS' OPPOSITION TO SENATE DEFENDANTS' COMBINED
MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH**

**INTRODUCTION**

Senate Defendants filed a motion they concede is improper. They admit: "This Court previously rejected legislative claims raised by the House Defendants and supported by the Senate Defendants." ECF 282 ("Mot.") at 1. Neither the Senate nor the House Defendants pursued an appeal of this Court's ruling. That should end their attempt to relitigate this Court's February 10, 2022 Order ("February 10 Order"). Senate Defendants' non-substantive justification—to preserve a record for appeal—is inappropriate. Based on Plaintiffs' briefing and this Court's February 10, the Court should reject the Motion to Quash and the Motion for Protective Order and compel Senate Defendants to comply with their discovery obligations.

**BACKGROUND**

This Court already rejected the fully briefed arguments that Senate Defendants resurrect, and it should squarely rejected them again. As described in Plaintiffs' Motion to Compel, which Plaintiffs incorporate by reference, *see* ECF 283 at 2, 7, Senate Defendants claimed that legislative

privilege shields "legislators and their aides from compelled production of documents or of information or testimony 'concerning communications or deliberations involving legislators or their agents regarding their motives in enacting legislation.'" ECF 133. After considering those arguments, this Court concluded that various categories of legislative information were not shielded by privilege. *Id.* It rejected the "Defendants' broad conception of legislative privilege" and directed the Parties to "refer to this order to clarify the permissible scope of discovery . . . hereby limited to documents, communications, and information [] broadly address[ing] the issue of discriminatory intent in the present redistricting cycle, by individual legislators or the Legislature as a whole." *Id.* at 16-17. This Court reached this conclusion by relying on redistricting precedents from the Fourth Circuit, including *Bethune-Hill v. Virginia State Board of Elections*, 114 F. Supp. 3d 323 (E.D. Va. 2015) and *Benisek v. Lamone*, 263 F. Supp. 3d 551 (D. Md. 2017). *See id.* at 8-17. Both *Bethune-Hill* and *Benisek* went to the Supreme Court. In neither case did the Supreme Court suggest in any way that the lower court's privilege rulings were improper. *See generally Rucho v. Common Cause*, 139 S. Ct. 2484 (2019); *Benisek v. Lamone*, 138 S. Ct. 1942 (2018); *Bethune-Hill v. Va. State Bd. of Elections*, 137 S. Ct. 788 (2017). Consistent with this Court's instruction, Plaintiffs sought similar categories of documents to address the issue of discriminatory intent regarding their challenge to certain congressional districts.

With regard to depositions, before Senate Defendants' Motion, the Parties engaged in a month-long meet-and-confer process to narrow relevant discovery issues so they did not have to bring them again to this Court. In a May 19, 2022 letter, Plaintiffs proposed setting a date to depose, among others, Mr. Will Roberts, Senate Defendants' cartographer. ECF 283-1 at 5. In a follow up email before the Parties' May 24 meet-and-confer, Plaintiffs proposed eight different

dates to depose Mr. Roberts. In response, Senate Defendants said they could not "commit to make witnesses available on any of the particular dates requested" and suggested that the Parties wait to "depose fact witnesses once document productions have been completed." ECF 282-2 at 6. After the May 24 meet-and-confer, Plaintiffs made clear that they were unwilling to wait until the close of document production to depose witnesses. ECF 282-3 at 9. In a May 25 email, counsel for Senate Defendants said they were "open to discussing a schedule for fact depositions as part of the timeline for producing documents and a privilege log." *Id.* at 5.

The Parties conferred again on May 31. Plaintiffs made clear before the meeting that, in line with this Court's directions and local practice, depositions should proceed concurrently with document production. *Id.* at 3. In response, Senate Defendants said they would work with certain witnesses "to nail down their availability." ECF 283-4 at 9. Subsequently, Senate Defendants assured Plaintiffs, at both the May 31 meet and confer and in a follow up email, that they could make Mr. Roberts, Ms. Paula Benson, and Mr. Andy Fiffick available the week of June 27, *i.e.,* two to three weeks after the dates Plaintiffs had proposed. *Id.* at 5. After Plaintiffs reached out again, Senate Defendants then narrowed that assertion, making only Mr. Roberts available during the week of June 27. *Id.* at 2. On June 13, Plaintiffs noticed Mr. Roberts for a June 30 deposition. As of the date of this filing, Plaintiffs have noticed Ms. Benson's deposition for July 13 and are in the process of confirming Mr. Fiffick's deposition for July.

Now, after what Plaintiffs believed was a good faith meet-and-confer process, Senate Defendants come to this Court one week before the date when they committed to complete document production, and two weeks before Mr. Roberts's deposition. Although Senate Defendants have repeatedly—and wrongly—asserted their right to ignore the February 10 Order as to documents, at no point during the Parties' discussions did they raise legislative privilege to

block deposition testimony. Nor did they preview this Motion. If either were to have happened, Plaintiffs would have taken steps to resolve any of those concerns at an earlier point. Counsel only brought the Motion to Plaintiffs' attention two days ago, stating that he planned to bring the legislative privilege issue before the Court, conceding that it would be primarily to preserve a record. There was no attempt to resolve the substantive issue. Having checked the Rule 7.02 box, the Motion was on file an hour later.

## ARGUMENT

### I. Senate Defendants' Arguments are Foreclosed by the Law of the Case Doctrine

By its own admission, the Senate Defendants' Motion raises the same arguments that this Court rejected in the February 10 Order. Mot. at 1. Plaintiffs therefore incorporate their prior arguments by reference, *see* ECF 283 at 4-10, that Senate Defendants' positions are foreclosed by the law of the case doctrine. As Plaintiffs noted, *see id.*, the February 10 Order, where this Court held that the legislative privilege must yield and ordered the disclosure of evidence "which broadly addresses the issue of discriminatory intent in the present redistricting cycle, by individual legislators or the Legislature as a whole," is the law of the case. ECF 153 at 15-17. The claims and key issues relating to S. 865—most importantly, legislators' intent—are the same. Plaintiffs tailored their discovery requests to seek similar categories of information that cannot be withheld based on the February 10 Order. Senate Defendants should similarly produce relevant discovery. ECF 283 at 9-10 (quoting ECF 153 at 17).

### II. The Legislative Privilege is Qualified as the Court Recognized in its February 10, 2022 Order

As Senate Defendants correctly note, the Court previously rejected their claim that the legislative privilege is absolute. *See* ECF at 153 at 8-11. *United States v. Gillock* squarely rejected Senate Defendants' position. *Id.* (quoting *United States v. Gillock*, 445 U.S. 360, 373 (1980))

("'[W]here important federal interests are at stake,' principles of comity which would ordinarily require federal courts to uphold state legislative privileges, must yield."). Senate Defendants offer no reasons—nor could they—for this Court to depart from its prior ruling. *See also* ECF at 283 at 4-7. As Plaintiffs made clear in their pending motion, which Plaintiffs incorporate by reference, *see* ECF 283 at 5-6, no intervening case law changes this fact; rather, recent decisions in cases raising similar claims have also permitted some legislative discovery.

### III.     Senate Defendants Ask the Court to Apply the Incorrect Standard

Senate Defendants claim this Court should require Plaintiffs to demonstrate "substantial need" for documents, material, and information "including that the item likely constitutes important evidence and that its substantial equivalent is not available through other means." ECF 282. This standard is incorrect and should be rejected.

First, Senate Defendants cite dicta in *Village of Arlington Heights v. Metropolitan House Development Corp.* to support their proposition that obtaining discovery from a legislator should be rare. *Id.* The Supreme Court's passing reference to when a decisionmaker can go on the stand was not necessary to its holding. *See Arlington Heights*, 429 U.S. at 268 & n.18. Second, Senate Defendants cite a number of out-of-circuit decisions. *See id.* at 5-6 (collecting cases). By contrast, in its February 10 Order, the Court correctly noted that the Supreme Court's decision in *Gillock* governs. ECF 153 at 8. *Gillock* directly held that legislative privilege can be pierced when important federal interests are at stake. 445 U.S. at 373.[1] Subsequently, courts in this circuit, including this Court, have applied the five-factor analysis under *Benisek* and *Bethune-Hill*. *Id.* As a result, the Court already applied the correct standard in its February 10 Order.

---

[1] The Court also rejected Senate Defendants' attempt to distinguish and limit the Supreme Court's holding in *Gillock*. *See* ECF 153 at 9-11.

Even if Senate Defendants' standard is the correct one, which it is not, Plaintiffs met it. Senate Defendants suggest that Plaintiffs must prove that evidence from legislators constitute "important evidence" and that "substantial equivalent is not available through other means." Mot. at 5. But this Court already held that "[t]he evidence sought by Plaintiffs is highly relevant to the intentional discrimination claims at the heart of the complaint, because the Legislature's 'decision making process itself is the case'" *See*, *e.g.*, ECF 153 at 12 (quoting *Bethune-Hill*, 114 F. Supp. 3d at 339); *Baldus v. Brennan*, No. 11–CV–562, 2011 WL 6122542, at *1 (E.D. Wis. 2011) ("[P]roof of a legislative body's discriminatory intent is relevant and extremely important as direct evidence in" redistricting cases.). The evidence goes to Defendants' intent in passing S. 865. Documents, data, and information in Senate Defendants' possession, and the deposition of members of the legislature and legislative staff, are crucial.

Second, the Court already held that substantially equivalent evidence is not available through other means. It concluded "no other evidence would be as probative of an unlawful legislative motive as potential direct or circumstantial evidence which could be obtained through the disclosure of the requested legislative materials." *Id.* at 13. That makes sense. This Court's reasoning underscores that the ability to collect and review documents is not "a substitute for the ability to depose a witness and obtain direct evidence of motive and intent, thus avoiding the potential ambiguity of circumstantial evidence." *Id.* at 13-14 (quoting *Benisek*, 241 F. Supp. at 576). Plaintiffs are entitled to discovery even under the Senate Defendants' more "stringent" standard. Mot. at 5.

### IV.   The Five-Factor Test the Court Applied in its February 10, 2022 Order Still Weighs in Plaintiffs' Favor

Plaintiffs incorporate by reference their prior arguments that the five-factor analysis weighs in favor of disclosure. *See* ECF 119 at 9-15; ECF 283 at 7-10. The Court already decided that

"each factor weighs in favor of at least some degree of disclosure" when it ordered House Defendants "to produce requested documents, communications, and information which are relevant to the broad issue of legislative motivation." ECF 153 at 16-17. The same reasoning applies to Senate Defendants and evidence relevant to the legislative motive behind the drafting and passage of S. 865.

## V. Senate Defendants and Their Staff Should be Deposed About Their Decision-making

Again, Senate Defendants attempt to have this Court apply a more stringent standard before it allows Plaintiffs to depose Senate Defendants and their staff. But the Court has already granted Plaintiffs relief when it allowed "[d]epositions of all legislators, staff (including Map Room staff) and consultants involved in the development, design and/or revisions H. 4493." ECF 153 at 17. The Court came to that decision after applying *Gillock* and *Bethune-Hill*. *Id.* at 8-17. Plaintiffs seek similar discovery through depositions of legislators, staff, and consultants involved in the development, design and/or revisions to S. 865, the congressional map. As a result, Plaintiffs met the appropriate standard and the Court should deny Senate Defendants motion to quash Mr. Roberts's subpoena.

## CONCLUSION

For the foregoing reasons, the Court should deny Senate Defendants' combined motion.

Dated: June 17, 2022

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Santino Coleman*** Fed. ID. 11914
Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
scoleman@naacpldf.org
Adriel I. Cepeda Derieux**
Samantha Osaki**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com

*Motion for admission Pro Hac Vice forthcoming*
*\*\* Admitted Pro Hac Vice*
*\*\*\* Mailing address only (working remotely from South Carolina)*

Respectfully submitted,

/s/ Christopher J. Bryant
Christopher J. Bryant, Fed. ID 12538
BOROUGHS BRYANT, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Jeffrey A. Fuisz**
Paula Ramer**
Andrew Hirschel*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

*Counsel for Plaintiffs the South Carolina Conference of the NAACP and Taiwan Scott*

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes**
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

* Motion for admission *Pro Hac Vice*
forthcoming or pending
** Admitted *Pro Hac Vice*

*Counsel for Plaintiff the South Carolina
Conference of the NAACP*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

/s/ *Christopher Bryant*
Christopher Bryant