# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, <br><br> and <br><br> TAIWAN SCOTT, on behalf of himself and all other similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission, <br><br> Defendants. | Case No. 3:21-cv-03302-MBS-TJH-RMG <br><br> **THREE-JUDGE PANEL** <br><br><br> **HOUSE DEFENDANTS' RESPONSE IN SUPPORT OF SENATE DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH** <br> **[ECF NO. 282]** |

Defendants James H. Lucas (in his official capacity as Speaker of the South Carolina House of Representatives[1]), Chris Murphy (in his official capacity as Chairman of the South Carolina

---

[1] On May 12, 2022, James H. Lucas stepped down as Speaker of the South Carolina House of Representatives. The current Speaker of the House is Representative G. Murrell Smith, Jr. House Defendants will either file or consent to a motion amending the caption to correct the named party.

House of Representatives Judiciary Committee), and Wallace H. Jordan (in his official capacity as Chairman of the South Carolina House of Representatives Redistricting Ad Hoc Committee) (collectively, the "**House Defendants**"), by and through their undersigned counsel, hereby respond in support of Senate Defendants' Combined Motion for Protective Order and Motion to Quash [ECF No. 282] (hereinafter "**Motion**"). House Defendants fully agree with the position taken by Senate Defendants as to the legislative privilege and hereby join in their Motion.

## BACKGROUND

On February 2, 2022, Plaintiffs moved to compel the production of documents and deposition testimony from House Defendants that are protected by the legislative privilege. [*See* ECF No. 119]. House Defendants filed a response opposing that Motion to Compel [*see* ECF No. 134 at 11-16] and Senate Defendants also joined in that opposition [*see* ECF No. 133]. On February 11, 2022, United States District Judge Michelle Childs (a former member of this panel) partially granted Plaintiffs' Motion to Compel and ruled that Plaintiffs were entitled to depositions of legislators and staff and document production related to the passage of H. 4493, which established new state House districts. [*See* ECF No. 153 at 17-18].

For the reasons stated in their Response to the February 2, 2022 Motion to Compel, House Defendants respectfully part company with Judge Child's February 11, 2022 Order. [*See* ECF No. 134 at 11-16]. Moreover, House Defendants fully agree with the arguments made by the Senate in their Motion for Protective Order and, therefore, join in that Motion for the reasons stated below. [*See* ECF No. 282 at 4-11].

## ARGUMENT

As noted above, House Defendants fully agree with those arguments made by the Senate Defendants in their Motion. [*See* ECF No. 282 at 4-11]. House Defendants have noted their

2

position on legislative privilege from their first Motion to Dismiss the First Amended Complaint back on January 6, 2022. [*See* ECF No. 91 at 11 n.10 ("House Defendants recognize and assert legislative privilege that protects the process of drawing new maps, and are not waiving this privilege…")]. House Defendants have also noted their objections based on legislative privilege during depositions and in their productions of documents. *See League of United Latin Am. Citizens v. Abbott*, No. EP21CV00259DCGJESJVB, 2022 WL 1570858, at *3 (W.D. Tex. May 18, 2022) ("Deponents may invoke legislative privilege in response to particular questions…"). As such, House Defendants have not waived their arguments as to legislative privilege in this case with respect to either the House or Congressional discovery. *Cf. Singleton v. Merrill*, No. 2:21-CV-1291-AMM, 2021 WL 5979516, at *7 (N.D. Ala. Dec. 16, 2021) (suggesting that legislative defendants who, among other things, participated in motions practice "without giving the slightest indication that they were participating in the litigation for the limited purpose of asserting legislative immunity," waived their legislative immunity and privilege.).

House Defendants respect, however, that this Panel may well issue an Order similar to the one issued by Judge Childs with respect to S. 865 and the Congressional portion of this litigation—however, as of that date, no such Order has been entered specifically addressing the scope of discovery as to the Congressional plan. Because Judge Child's Order of February 11, 2022 was directed at House Defendants and because they recognize a similar ruling for S. 865 may issue, House Defendants have complied with their discovery obligations in the Congressional litigation anticipating that such an order could issue and have begun making productions of House officials' emails and personal communications of legislators and staff ahead of their planned depositions. However, House Defendants have made these productions pursuant to the Panel's previous Orders [ECF Nos. 153 and 222] and have noted and intend to continue to note their general objection

based on legislative privilege in each production—as House Defendants in no way wish to waive any arguments relating to the scope of the legislative privilege. Therefore, House Defendants renew their objection based on legislative privilege with respect to the litigation concerning the constitutionality of S. 865, and therefore join in Senate Defendant's Motion for a Protective Order.[2]

## CONCLUSION

For the foregoing reasons, House Defendants respectfully join in Senate Defendants' Motion for a Protective Order.

*[signature page follows]*

---

[2] By Order dated June 17, 2022, the Panel shortened the response time for Reponses to the Senate's Motion for Protective Order [ECF No. 282] and Plaintiffs' Motion to Compel [ECF No. 283] directed to the Senate. [*See* ECF No. 285]. House Defendants, therefore, file their Response to the Senate's Motion for Protective Order; however, as the Plaintiffs' Motion to Compel is not addressed to the House Defendants and does not implicate their productions, House Defendants do not intend to file a Response to the Plaintiffs' Motion to Compel unless directed to do so by the Panel. Based on the positions articulated herein, however, House Defendants do not agree with the arguments made by Plaintiffs in their Motion to Compel.

4

Respectfully submitted,

s/ Mark C. Moore
Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Erica H. Wells (Fed. ID No. 13206)
Hamilton B. Barber (Fed. ID No. 13306)
Michael A. Parente (Fed. ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
EWells@nexsenpruet.com
HBarber@nexsenpruet.com
MParente@nexsenpruet.com

William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900
Greenville, SC 29601
Telephone: 864.370.2211
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Rhett D. Ricard (Fed. ID No. 13549)
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401
Telephone: 843.720.1707
RRicard@nexsenpruet.com

June 20, 2022
Columbia, South Carolina

*Attorneys for James H. Lucas, Chris Murphy, and Wallace H. Jordan*