**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS C. ALEXANDER, *et al.*,<br><br>Defendants. | Case No. 3:21-cv-03302-MBS-TJH-RMG<br><br>**SENATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL** |

Plaintiffs' motion to compel production (Dkt. No. 283) rests on a series of omissions, misstatements, and misrepresentations.  At the threshold, Plaintiffs fail to inform the Court that their motion is untimely and, thus, should be "denied" on that basis alone.  *Cricket Store 17, LLC v. City of Columbia*, 97 F. Supp. 3d 737, 766 (D.S.C. 2015).  In particular, Plaintiffs waited 43 days "after receipt of the [Senate Defendants'] response" to their requests for production—more than *double* the amount of time provided by the Court's rules—before raising any objection to it. D.S.C. Loc. Civ. R. 37.01(A).  Even now, Plaintiffs have offered "no explanation for [their] tardiness," let alone an "acceptable explanation" sufficient to save their motion from denial. *Cricket Store 17, LLC*, 97 F. Supp. 3d at 766.

Regrettably, Plaintiffs' misrepresentation of the record and failure to comply with the Court's rules do not end there.  Plaintiffs neglect to inform the Court that during the parties' May 31, 2022, meet-and-confer, the Senate Defendants offered to follow the protocol for searching personal email accounts that this Court approved in the House Plan litigation.  Under that protocol, counsel for the Senate Defendants would review the tens of thousands of documents collected from the identified document custodians, determine whether the Senate Defendants "may have sent or received information relating to [Congressional] reapportionment on personal email accounts,"

1

and, if so, facilitate their self-collection of potentially responsive personal emails and execution of certifications in the form the Court approved. Dkt. No. 221 at 3. The Senate Defendants have already implemented this protocol: both Defendant Senator Luke Rankin and the Senate Judiciary Committee chief of staff, Andrew Fiffick, have certified that they "have delivered to South Carolina Senate counsel all emails, texts messages, and instant messages relating in any way to the South Carolina Congressional Redistricting Plan adopted in the 2021-2022 legislative session." Ex. A ¶ 2; Ex. B ¶ 2.

Following the May 31, 2022, meet-and-confer, Plaintiffs *never* raised, much less objected to, the Senate Defendants' adherence to the Court's approved approach for collecting and reviewing emails from personal accounts. Indeed, Plaintiffs did not mention the issue in their June 2, 2022 email to counsel. *See* Dkt. No. 283-3. They also did not raise it during the June 15, 2022 call regarding legislative privilege that the Senate Defendants' counsel initiated. *See* Dkt. No. 282 at 2 n.1. Instead, they filed their motion that evening, without "confer[ing] or attempt[ing] to confer with opposing counsel . . . to resolve the matter." D.S.C. Loc. Civ. R. 7.02. Had they complied with the Court's rules, they would have learned that their motion to compel is moot because the Senate Defendants are already implementing the Court's approved protocol. *See* Ex. A; Ex. B.

Even if Plaintiffs could overcome their serial violations of the Court's rules, their motion still should be denied. Plaintiffs' motion asks the Court to *depart* from its prior order and to impose a freestanding obligation on counsel to search personal email accounts. The motion thus not only contravenes the Court's prior order and the governing case law, but also strays beyond the requirements of the federal rules and, in fact, potentially imperils the attorney-client privilege held by individuals not involved in this litigation. *See* Fed. R. Civ. P. 26(b)(1) (discovery extends only

2

to "non-privileged" material and must be "proportional to the needs of the case"). Thus, the Court should deny Plaintiffs' request regarding personal email accounts if it reaches the merits.

Finally, the Court should also reject Plaintiffs' arguments on legislative privilege if it reaches them. Plaintiffs are simply incorrect that the law-of-the-case doctrine applies here because Judge Childs's prior order did not address the Congressional Plan litigation, the discovery demanded here, or the new arguments that the Senate Defendants have raised. And as the Senate Defendants have explained, legislative privilege shields the Senate Defendants and their staff from the discovery Plaintiffs seek. Indeed, during the prior redistricting litigation ten years ago, the Court upheld the General Assembly's identical legislative privilege claims—but neither Judge Childs's prior order in the House Plan litigation nor Plaintiffs' motion so much as mentions the *Backus* order. *See, e.g.*, *Backus v. South Carolina*, No. 3:11-cv-03120 (D.S.C. Feb. 8, 2012) ("*Backus* Order") (Dkt. No. 282-2). The Court should deny Plaintiffs' untimely and unmeritorious motion.

## BACKGROUND

Plaintiffs served their first requests for production on the Senate Defendants on March 7, 2022. *See* Ex. C. The Senate Defendants timely responded to those requests on April 6, 2022. *See* Ex. D. That response asserted objections based upon legislative privilege, scope, proportionality, and undue burden. *See id.* Plaintiffs did not object to the Senate Defendants' response until May 19, 2022, 43 days after receiving it. *See* Dkt. No. 283-1. The Senate Defendants pointed out to Plaintiffs that their objections were untimely. *See* Dkt. No. 283-2 at 1.

Nonetheless, and subject to Plaintiffs' tardiness, the Senate Defendants engaged in good-faith negotiations to resolve any discovery disputes. In emails sent on May 25, 2022, and May 27, 2022, counsel for the Senate Defendants told counsel for Plaintiffs that he would provide "a proposal on a timeline and approach to the document production, privilege log, and personal email

3

issues" at the parties' May 31, 2022, meet-and-confer.  Dkt. No. 283-4 at 13; *see also id.* at 8.  At the May 31, 2022, meet-and-confer, counsel for the Senate Defendants stated that they (i) would target June 21, 2022, as a date for substantial completion of document production; (ii) could make available for depositions during the week of June 27, 2022, the three Senate staffers who Plaintiffs had asked to depose; and (iii) would adhere to the protocol the Court approved in the House Plan litigation for searches of personal email accounts.

Plaintiffs' counsel agreed at the meet-and-confer that the proposed timelines for document productions and depositions were "reasonable."  *Id.* at 2–3.  The Senate Defendants have fulfilled their end of the deal.  As of June 21, 2022, they have substantially completed their document production and produced more than 9,500 documents to Plaintiffs.  They also offered to make Will Roberts, Andy Fiffick, and Paula Benson—the three Senate staffers Plaintiffs have sought to depose—available for depositions the week of June 27, 2022.  *See* Gore/Cepeda Derieux/Cusick Email (Ex. E).

Plaintiffs did not raise any objection to the Senate Defendants' adherence to the Court's approved protocol for personal email accounts after the May 31, 2022, meet-and-confer.  They did not mention the issue in their June 2, 2022, email.  *See id.* at 5–7.  They also did not raise the issue in the June 15, 2022, call regarding legislative privilege that counsel for the Senate Defendants initiated.  *See* Dkt. No. 282 at 2 n.1.  Plaintiffs instead filed their motion to compel on June 15, 2022.  *See* Dkt. No 283.

## ARGUMENT

The Court should deny Plaintiffs' motion to compel because the motion is untimely, Plaintiffs failed to comply with the Court's rules, and, in all events, Plaintiffs' contentions fail as a matter of law and fact.

## I.   THE COURT SHOULD DENY PLAINTIFFS' MOTION AS UNTIMELY.

In this district, "[m]otions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed," unless "counsel are actively engaged in attempts to resolve the discovery dispute." D.S.C. Loc. Civ. R. 37.01(A). The Senate Defendants served their responses to Plaintiffs' requests for production on April 6, 2022. *See* Ex. D. Plaintiffs then waited 43 days—more than *double* the amount of time provided in Local Rule 37.01(A)—before raising any objection to the Senate Defendants' "discovery response." D.S.C. Loc. Civ. R. 37.01(A). The parties were not "engaged" in any discussions or efforts to resolve disputes regarding discovery in the Congressional Plan litigation during that time. *Id.* Accordingly, Plaintiffs' June 15, 2022, motion to compel is untimely. *See id.*

Even now, Plaintiffs have not acknowledged, much less offered "any explanation for," their "motion's tardiness." *Cricket Store 17, LLC*, 97 F. Supp. 3d at 766. Moreover, any complaint about "a crush of work" on counsel in this or other matters is not "an acceptable explanation for [the motion's] tardiness," *id.*, particularly since Plaintiffs' motion lists twenty-three counsel of record in the signature block, *see* Dkt. No. 283 at 12–13. To that end, Plaintiffs likewise find no solace in arguing they were focused on simultaneously litigating and trying to settle the House Plan litigation. Arnold & Porter has focused primarily on discovery, and the Senate Defendants have clarified they had no role in settlement discussions of the House Plan litigation. Regardless of who was in charge of discovery for the Congressional Plan litigation, Plaintiffs have a platoon of lawyers at their disposal, and they could have easily divvied up discovery tasks. They did not.

The Court should therefore deny Plaintiffs' motion as untimely because they do not and cannot show excusable neglect. *See Cricket Store 17, LLC*, 97 F. Supp. 3d at 766.

## II. THE COURT SHOULD DENY PLAINTIFFS' MOTION TO COMPEL FREESTANDING SEARCHES OF PERSONAL EMAIL ACCOUNTS.

Even if Plaintiffs could overcome the untimeliness of their motion, the Court still should deny Plaintiffs' request to compel freestanding searches of personal email accounts. In the first place, Plaintiffs failed to comply with the Court's pre-filing conferral requirement. Moreover, on the merits, Plaintiffs ask the Court for relief that strays far beyond the Court's prior order, the governing case law, and the federal discovery rules.

### A. Plaintiffs Failed To Comply With Local Rule 7.02.

In this district, "all motions shall contain an affirmation by the movant's counsel that prior to filing the motion he or she conferred or attempted to confer with opposing counsel and attempted in good faith to resolve the matter contained in the motion." D.S.C. Local Civ. Rule 7.02. Plaintiffs, however, failed to confer with counsel in good faith on their request that the Court order freestanding searches of personal email accounts. Indeed, as explained, the Senate Defendants stated that they would adhere to the Court's approved protocol at the May 31, 2022, meet-and-confer—and Plaintiffs *never* objected to that approach in their June 2, 2022, email, during the June 15, 2022, call regarding legislative privilege initiated by the Senate Defendants' counsel, or at any other point after the meet-and-confer. *See supra* pp. 3–4.

Plaintiffs do not seriously argue that they complied with Rule 7.02 with respect to this aspect of their motion. Instead, they assert vaguely that they "have satisfied their Local Rule 7.02 requirement through multiple written communications and phone conferences." Dkt. No. 283 at 3 n.2. Had Plaintiffs in fact properly complied with Rule 7.02, they would have learned that there was no need to file their motion. *See* Ex. A; Ex. B. Plaintiffs' failure to confer in good faith regarding their request alone warrants its denial. *See* D.S.C. Local Civ. Rule 7.02; *Waters at*

*Mongolia Bay, Inc. v. Vaughn & Melton Consulting Engineers, Inc.*, No. 2:20-cv-2546, 2021 WL 5890847, *1 (D.S.C. May 10, 2021).

**B.    Plaintiffs Offer No Basis For The Court To Require The Senate Defendants To Conduct Freestanding Searches Of Personal Email Accounts.**

Plaintiffs' motion also fails on the merits.  At the threshold, the motion is moot because the Senate Defendants already are complying with the Court's approved protocol related to personal email accounts.  *See* Ex. A; Ex. B.

Moreover, Plaintiffs offer no basis for the Court to depart from its approved protocol and to order freestanding searches of personal email accounts.  Plaintiffs' cited cases are inapposite because none involved a court ordering a defendant to search personal email accounts under Federal Rule of Civil Procedure 26, much less to do so in the absence of evidence that personal email accounts were used to conduct official business.  *See, e.g.*, *Advantage Insp. Int'l, LLC v. Sumner*, No. 6:06-3466-HMH, 2007 WL 2973518, *4 (D.S.C. Oct. 9, 2007) (cited at Dkt. No. 283 at 11); *StoreWorks Techs. v. Aurus, Inc.*, No. 19-cv-1527(HB), 2020 WL 12442099, at *3 (D. Minn. Dec. 23, 2020) (cited at Dkt. No. 283 at 11); *Green v. McClendon*, 262 F.R.D. 284, 290 (S.D.N.Y. 2009) (cited at Dkt. No. 283 at 12); *Tarlton v. Cumberland Cty. Correctional Facility*, 192 F.R.D. 165, 170 (D.N.J. 2000) (cited at Dkt. No. 283 at 12); *Brennan Ctr. for Justice v. U.S. Dep't of Just.*, 377 F. Supp. 3d 428, 436 (S.D.N.Y. 2019) (cited at Dkt. No. 283 at 12).

Plaintiffs' failure to cite such authority is unsurprising.  In suits such as this one challenging a defendant's actions in an official, professional, or employee capacity, federal courts do not require searches of a document custodian's personal email accounts for potentially responsive information absent—or sometimes even upon—a showing that the custodian used such accounts to conduct official or professional business.  *See, e.g.*, *Ultravision Technologies, LLC v. GoVision, LLC*, No. 2:18-cv-00100, 2020 WL 10692709, *2 (E.D. Tex. Aug. 28, 2020) ("Absent evidence

of Ultavision business being conducted from Matthew Foster's personal email account, compelling production is inappropriate and the Court **DENIES** the request to compel production from Matthew Foster's personal email account."); *Matthew Enters., Inc. v. Chrysler Group, Inc.*, No. 13-cv-04236, 2015 WL 8482256 (N.D. Cal. Dec. 10, 2015) (declining to order employer to conduct searches of employees' personal email accounts despite evidence that employees used such accounts for work).

That is precisely the approach that this Court adopted in the House Plan litigation. During discovery in the House Plan litigation, counsel for the House Defendants "agreed" to collect and produce responsive emails from the official "legislative email accounts of" document custodians, including "the named House Defendants and members of the Ad Hoc Committee on Redistricting." Dkt. No. 221 at 3. During their review of those emails, House Defendants' counsel saw evidence of "sporadic use of [House Defendants'] personal email accounts to receive redistricting-related communications." Dkt. No. 202 at 11. The House Defendants "were transparent in producing such information (without redactions) in discovery." *Id.* House Defendants also "informed" the Court of such use. Dkt. No. 221 at 3; *see also* Dkt. No. 202 at 11. On that basis, the Court concluded that "legislators may have used" personal email accounts in connection with the House redistricting and "directed" the House Defendants to obtain and produce any responsive emails from the custodians' personal accounts. Dkt. No. 221 at 3.

At the same time, the Court recognized that searches of personal email accounts, text messages, and instant messages are intrusive and can implicate privacy and other important considerations. *See id.* It therefore permitted the affected legislators to conduct searches on their own, to turn over potentially responsive materials to House Defendants' counsel, and to sign a certification attesting that they had done so. *See id.*; *see also* Dkt. No. 221-1. This approach is

sound: many legislators, including Senator Rankin, "are practicing lawyers with busy law practices," Dkt. No. 202 at 11, so directing counsel of record in this case to collect and search through legislators' personal email accounts could jeopardize the attorney-client privilege held by legislators' clients.

The Senate Defendants offered to follow, and have followed, the Court's approved protocol in the Congressional Plan litigation. Counsel for the Senate Defendants interviewed the identified custodians, including regarding any use of personal email accounts to send or receive information related to the Congressional redistricting process. At the time of the Senate Defendants' May 20, 2022, letter, they "were not aware of any evidence that they received or sent information relating to Congressional redistricting on personal email accounts" and, therefore, "ha[d] not searched, and d[id] not intend to search, any personal email accounts at th[at] time." Dkt. No. 283-2 at 5. Nonetheless, in the interest of providing a comprehensive review and production to Plaintiffs, counsel for the Senate Defendants has reviewed tens of thousands of documents collected from the custodians, including for evidence of use of personal email accounts. Counsel has identified no such use by most of the custodians and only sporadic use by two custodians, Senator Rankin and Mr. Fiffick. Counsel therefore facilitated Senator Rankin's and Mr. Fiffick's collection of any potentially responsive emails from their personal accounts, transmission of such emails to counsel, and execution of the certifications in the form approved by the Court. *See* Ex. A; Ex. B. In other words, the Senate Defendants have collected, and are reviewing, emails from personal accounts for every custodian with respect to whom the discovery record shows use of such accounts in connection with Congressional redistricting.

Plaintiffs offer no serious argument that the Senate Defendants' adherence to the Court's approved protocol is not reasonable, appropriate, and "proportional to the needs of the case." Fed.

R. Civ. P. 26(b)(1). Plaintiffs hurl the false accusations that the Senate Defendants have "failed to make reasonable inquiries of their clients and their client's agents whether responsive materials exist" and "thus far refused to collect—much less search, review, and produce—documents from the custodians' personal email accounts." Dkt. No. 283 at 10. Plaintiffs' counsel knows better because the Senate Defendants stated on the May 31, 2022, meet-and-confer that they would do precisely that. And the Senate Defendants would have been more than willing to provide Plaintiffs an update on that effort had they requested one—but instead, they forged ahead with filing their (untimely) motion without conferring with counsel. *See supra* Part II.A.

Plaintiffs also cast aspersions on counsel with the baseless allegations that "counsel has not asked Senate Defendants to review their personal emails to verify whether or not this is true," "they remain unwilling to sign any certifications of that fact," and that counsel "has not made inquiries of any other Senators, Senate staff, or key aides." Dkt. No. 283 at 11. Once again, these allegations are all false, as the attached certifications of Senator Rankin and Mr. Fiffick establish. *See* Ex. A; Ex. B.

Finally, Plaintiffs imply that the Senate Defendants "have also refused to allow Plaintiffs to begin deposing relevant parties . . . until late June and July." Dkt. No. 283 at 11. This is revisionist history. The Senate Defendants' counsel has worked cooperatively with Plaintiffs' counsel to schedule depositions in this matter. The Senate Defendants explained to Plaintiffs' counsel that they could not make available the three Senate staffers Plaintiffs wish to depose until after the General Assembly's special session on June 28. Plaintiffs' counsel agreed that this approach is "reasonable." Dkt. No. 283-4 at 2. And Plaintiffs' counsel has requested that one of the Senate staffer depositions take place during the week of July 11, which the Senate Defendants have accommodated. *See* Gore/Cepeda Derieux/Cusick Email at 5 (Ex. E).

The Court should deny Plaintiffs' motion.

### III. THE COURT SHOULD DENY PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS PROTECTED BY LEGISLATIVE PRIVILEGE.

If the Court reaches the merits of Plaintiffs' request to vitiate legislative privilege, *see* Dkt. No. 283 at 4–10, it should deny the request. Plaintiffs' contention that the law-of-the-case doctrine applies to Judge Childs's prior order is incorrect, and the legislative privilege shields the Senate Defendants and their agents from the discovery Plaintiffs seek.

#### A. The Law-Of-The Case Doctrine Is Inapplicable Here.

Plaintiffs' first argument for vitiating legislative privilege is that Judge Childs's order on legislative privilege in the House Plan litigation is "law of the case" in this Congressional Plan litigation. Dkt. No. 283 at 4–7. But as Plaintiffs' own lead case explains, the law-of-the-case doctrine generally applies "once the decision of an *appellate* court establishes the law of the case," *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) (emphasis added), and "sensibly does not bar a district court from reconsidering its own rulings in a case," particularly its own evidentiary rulings, *Brown v. Slenker*, 197 F. Supp. 2d 497, 504 (E.D. Va. 2002); *see United States v. Lentz*, 384 F. Supp. 2d 934, 939 (E.D. Va. 2005) (even a coordinate court's evidentiary rulings "clear[ly] … are not entitled to binding effect, unlike most rulings issued by a superior court"). Indeed, "[i]nterlocutory orders … remain open to trial court reconsiderations, and do not constitute the law of the case." *Culler v. S.C. Elec. & Gas Co.*, No. 3:02-cv-2803-17, 2004 WL 7332848, at *1 (D.S.C. June 3, 2004) (quoting *Plotkin v. Lehman*, 178 F.3d 1285 (4th Cir. 1999) (unpublished)); *see Winchester Homes, Inc. v. Osmose Wood Preserving, Inc.*, 37 F.3d 1053, 1059 n.8 (4th Cir. 1994) ("[I]t requires a final judgment to sustain the application of the rule of the law of the case." (quoting *United States v. U. S. Smelting Ref. & Min. Co.*, 339 U.S. 186, 199 (1950)); *Keepseagle v. Perdue*, 856 F.3d 1039, 1048 (D.C. Cir. 2017) ("[T]he law-of-the-case-doctrine

'does not apply to interlocutory orders . . . for they can always be reconsidered and modified by a district court prior to entry of a final judgment.'" (quoting *First Union Nat. Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 620 (8th Cir. 2007))); *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210 (5th Cir. 2010) (similar).[1]

In any event, even if the doctrine generally extends to a court's own interlocutory orders, it is well-established that "the law of the case applies only to issues that have actually been decided." *United States v. Bennerman*, 785 F. App'x 958, 963 (4th Cir. 2019) (unpublished) (citing *Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979)). The doctrine "does not apply to 'questions which might have been decided but were not.'" *Nurse v. A Better Choice Case Mgmt., LLC*, No. 9:21-cv-00455, 2021 WL 3088047, at *3 n.5 (D.S.C. July 22, 2021) (quoting *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988)); *see Kozel v. Kozel*, 299 F. Supp. 3d 737, 747 (D.S.C. 2018); *see also Rani E. M. v. Saul*, No. 18-cv-2171, 2019 WL 4536457, at *6 (D. Md. Sept. 19, 2019) (holding that the doctrine did not apply to issues that "had not [been] decided previously"); *Yesudian ex rel. U.S. v. Howard Univ.*, 270 F.3d 969, 972 (D.C. Cir. 2001) (similar). Here, Judge Childs's order addressed only the discovery requests and the House Defendants' objections in the House Plan litigation, not the Senate Defendants' legislative privilege assertion in this Congressional Plan litigation. *See* Dkt. No. 153. Moreover, Judge Childs's order did not

---

[1] District courts in the Fourth Circuit commonly adhere to this rule. *See, e,.g.*, *Culler*, 2004 WL 7332848, at *1; *Pike v. Wells Fargo Bank, N.A.*, No. 7:20-cv-00219, 2022 WL 1196694, at *5 (E.D.N.C. Apr. 21, 2022); *Morrow v. Navy Fed. Credit Union*, No. 1:21-cv-00722, 2021 WL 5757396, at *3 (E.D. Va. Oct. 27, 2021); *Bison Res. Corp. v. Antero Res. Corp.*, No. 1:16CV107, 2018 WL 4558474, at *3 (N.D.W. Va. Sept. 21, 2018); *Arrow Enter. Computing Sols., Inc. v. BlueAlly, LLC*, No. 5:15-cv-00037, 2017 WL 876266, at *2 (E.D.N.C. Mar. 3, 2017); *Chaplick v. Mao*, No. 13-cv-02070, 2016 WL 4516061, at *3 (D. Md. Aug. 25, 2016); *Columbia Gas Transmission, LLC v. Ott*, 984 F. Supp. 2d 508, 523 (E.D. Va. 2013); *LeGrande v. Aluminum Co. of Am.*, No. 1:05-cv-00376, 2007 WL 1452969, at *2 (M.D.N.C. May 17, 2007); *Presley v. City of Charlottesville*, No. 05-cv-00010, 2007 WL 1303010, at *1 (W.D. Va. May 3, 2007).

address many of the arguments advanced by the Senate Defendants' combined motion, specifically that (1) any qualified legislative privilege is subject to a stringent necessity standard that Plaintiffs have not satisfied, Dkt. No. 282 at 5–8; (2) even the five-factor test, as applied to the requested discovery, favors upholding legislative privilege, *id.* at 8; and (3) the Senate Defendants may not be deposed because this case does not present an "extraordinary instance," *id.* at 9–11.  The law-of-the-case doctrine therefore is inapplicable to those issues now.  *See Bennerman*, 785 F. App'x at 963; *Quern*, 440 U.S. at n.18; *Nurse*, 2021 WL 3088047, at *3 n.5; *see also Kozel*, 299 F. Supp. 3d at 747–48 (holding that the doctrine did not apply to a particular argument that was not "raise[d]" and "examine[d]" earlier).  And, in all events, the Judge Child's prior ruling on legislative privilege was "clearly erroneous and would work a manifest injustice," Dkt. No. 283 at 4; *see infra* Part III.B, exempting it from the law-of-the-case doctrine on that basis as well.

Finally, Plaintiffs muse that the Senate Defendants "do not get a second bite at the apple" because "collateral estoppel would clearly apply" "[if] this were a new case against Senate Defendants" rather than a continuation of the earlier proceeding.  Dkt. No. 283 at 7 & n.5.  That is incorrect: Plaintiffs' prior motion on legislative privilege sought relief only against the House Defendants, not the Senate Defendants, so the Court's order did not "actually determine[]" any issue against the Senate Defendants.  *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004) (cited at Dkt. No. 283 at 7 n.5).  Moreover, of course, this is not a "new case," as Plaintiffs acknowledge, and the Senate Defendants do not seek a "second bite."  The Court has never ruled on whether the Senate Defendants' Congressional Plan materials at issue here are privileged.  It should deny Plaintiffs' motion.

**B.    Legislative Privilege Shields The Senate Defendants From The Discovery Plaintiffs Seek.**

Plaintiffs' request to vitiate the Senate Defendants' legislative privilege also fails on the merits.  Indeed, during the prior redistricting litigation ten years ago, the Court upheld the General Assembly's identical legislative privilege claims—but neither Judge Childs's prior order in the House Plan litigation nor Plaintiffs' motion so much as mentions the *Backus* order, much less explains why it is no longer good law.  *See Backus* Order (Dkt. No. 282-2).  Moreover, as the Senate Defendants have explained in prior briefing, *see* Dkt. No. 133; Dkt. No. 282; Reply In Support Of Senate Defendants' Combined Motion (filed June 23, 2022), legislative privilege as construed by this Court and the authoritative decisions of the U.S. Supreme Court shields the Senate Defendants from the discovery Plaintiffs seek.  The Senate Defendants incorporate that prior briefing by reference here.

Finally, in all events, the relief Plaintiffs seek related to legislative privilege is overbroad and unwarranted here.  Plaintiffs appear to have copied-and-pasted from Judge Childs's legislative privilege order in the House Plan litigation, *see* Dkt. No. 283 at 9, but several of those provisions are inapplicable here.  For example, the Senate Defendants already have told Plaintiffs, both publicly and in discovery responses, that they did not perform any "racially polarized voting analysis" related to the Congressional Plan and that the "computer software utilized in" drawing the Congressional Plan is Maptitude.  *Id.* at 9.  And the Senate Defendants already have produced "a privilege log" for the documents covered by legislative privilege.  *See* Dkt. No. 282-3.

## CONCLUSION

The Court should deny Plaintiffs' motion to compel.

June 23, 2022                                Respectfully submitted,

                                            */s/*Robert E. Tyson Jr.
                                            Robert E. Tyson, Jr. (7815)
                                            Vordman Carlisle Traywick, III (12483)
                                            La'Jessica Stringfellow (13006)
                                            ROBINSON GRAY STEPP & LAFFITTE, LLC
                                            1310 Gadsden Street
                                            Post Office Box 11449 (29211)
                                            Columbia, South Carolina 29201
                                            (803) 929-1400
                                            rtyson@robinsongray.com
                                            ltraywick@robinsongray.com
                                            lstringfellow@robinsongray.com

                                            John M. Gore (admitted *pro hac vice*)
                                            Stephen J. Kenny (admitted *pro hac vice*)
                                            JONES DAY
                                            51 Louisiana Avenue, N.W.
                                            Washington, D.C. 20001
                                            Phone: (202) 879-3939
                                            Fax: (202) 626-1700
                                            jmgore@jonesday.com
                                            skenny@jonesday.com

                                            *Counsel for Senate Defendants*