SC NAACP, et al v. ALEXANDER, et al

CA No.:  3:21-cv-03302-MBS-TJH-RMG

# EXHIBIT C

*Senate Defendants Opposition to Plaintiffs' Motion to Compel*

Plaintiffs' First Requests for Production to Defendants

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>Defendants. | Case No. 3-21-cv-03302-JMC-TJH-RMG<br><br>**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS REGARDING THE CONGRESSIONAL MAP**<br><br>**THREE-JUDGE PANEL** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Rule") and any discovery orders to be entered by this Court, Plaintiffs South Carolina State Conference of the NAACP and Taiwan Scott (collectively, "Plaintiffs"), hereby request that Thomas C. Alexander, in his official capacity as President of the Senate; Luke A. Rankin, in his official capacity as Chairman of the Senate Judiciary Committee; James H. Lucas, in his official capacity as Speaker of the House of Representatives; Chris Murphy, in his official capacity as Chairman of the House

of Representatives Judiciary Committee; Wallace H. Jordan, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; Howard Knapp, in his official capacity as interim Executive Director of the South Carolina State Election Commission; and John Wells (Chair), Joanne Day, Clifford J Edler, Linda McCall, and Scott Moseley, in their official capacities as members of the South Carolina Election Commission (collectively, "Defendants") respond to Plaintiffs' requests regarding their claims challenging S. 865 within thirty (30) days of service. Though this is a joint request, each Defendant should separately conduct an independent review for responsive documents in their possession. Production can be made available to Plaintiffs on a rolling basis. Defendants are also requested to periodically update the production of the documentation requested herein through the time of this case under Rule 26.

**DEFINITIONS**

As used herein, the following terms have the following meanings:

1. "ALL," "ANY," and "EACH" shall each be construed as encompassing any and all.

2. "AND" and "OR" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the Request all responses that might otherwise be construed to be outside of its scope.

3. "CHALLENGED DISTRICTS" means South Carolina U.S. Congressional 1, 2, and 5.

4. "COMMITTEES" refers to the 24-member South Carolina House of Representatives Judiciary Committee chaired by Representative Christopher J. Murphy; the 7-member South Carolina House of Representatives Judiciary Redistricting Ad Hoc Committee chaired by Rep. Wallace H. Jordan, Jr.; the 22-member South Carolina Senate Judiciary Committee chaired by Senator Luke A. Rankin; and the 7-member South Carolina Senate Judiciary Redistricting Subcommittee chaired by Senator Rankin.

5. "COMMITTEES MEMBERS" refers to any person involved in the duties of the committees, purports to act on the Committees' behalf or any person or entity acting or purporting to act on the Committees' behalf or subject to the Committees' control or is involved in the redistricting work of the committees related to S. 865.

6. "COMMUNICATIONS" means the transmittal of information of any kind by and/or through any means, including, but not limited to, emails, email attachments, calendar invitations, PowerPoint presentations, written reports, letters, and the like.

7. "DISTRICTS BORDERING THE CHALLENGED DISTRICTS" mean South Carolina Congressional Districts that border in whole or in part the Challenged Districts.

8. "DOCUMENT" or "DOCUMENTS" is defined to be synonymous in meaning and the same in scope as the term "document" as used in Rule 34 and the phrase "writings and recordings" as defined by Rule 1001 of the Federal Rules of Evidence, and includes without limitation any kind of written, typewritten, printed, graphic, or recorded material whatsoever, including without limitation notes, text messages, emails, electronic mail, public or private posts on Facebook, Instagram, or other social media platforms, public or private electronic messages sent via messaging applications or platforms including but not limited to Facebook Messenger, Signal, Slack, Parler or other such platforms, memoranda, letters, reports, studies, electronic mail messages, telegrams, publications, contracts, manuals, business plans, proposals, licenses, drawings, designs, data sheets, diaries, logs, specifications, brochures, product or service descriptions, periodicals, schematics, blueprints, recordings, summaries, pamphlets, books, prospectuses, interoffice and intra office communications, offers, notations of any sort of conversations, working papers, applications, permits, surveys, indices, telephone calls, meeting minutes, databases,

electronic files, software, transcriptions of recordings, computer tapes, diskettes, or other magnetic media, bank checks, vouchers, charge slips, invoices, expense account reports, hotel charges, receipts, freight bills, agreements, corporate resolutions, minutes, books, binders, accounts, photographs, and business records. This shall include all non-identical copies, no matter how prepared; all drafts prepared in connection with such documents, whether used or not; and any deleted or erased documents that may be retrieved from hard drives, floppy disks, electronic back-up files, or any other back-up systems, regardless of location, together with all attachments thereto or enclosures therewith, in your possession, custody or control or any of your attorneys, employees, agents, or representatives.

a. "DOCUMENT" or "DOCUMENTS" shall include Electronically Stored Information. "ELECTRONICALLY STORED INFORMATION" means electronically stored data on magnetic or optical storage media (including but not limited to hard drives, backup tapes, Jaz and zip drives, floppy disks, CD-ROMs and DVD-ROMs) as an "active" file or files (readily readable by one or more computer applications or forensics software), any electronic files saved as a backup, any "deleted" but recoverable electronic files on said media; any electronic file fragments (files that have been deleted and partially overwritten with new data), and slack (data fragments stored randomly from random access memory [RAM] on a hard drive during the normal operation of a computer [file slack and/or RAM slack] or residual data left on the hard drive after new data has overwritten some but not all of previously stored data), text messages and emails located on any mainframe, server, desktop, or portable device, including cell phones.

9. "S. 865" refers to Senate Bill 865 as ratified by the South Carolina General Assembly on January 26, 2022 and signed by the Governor of South Carolina on the same day, and refers to the bill as a whole and/or to any provision thereof.

10. "MAP ROOM" refers to the virtual and physical room and the process for the development, design, and and/or revisions of proposed and draft Congressional redistricting maps, S. 865, and predecessor maps (as defined below) by the South Carolina General Assembly.

11. "PERSON" means any natural person or any legal entity, including, but not limited to, any business or governmental entity or association.

12. "PREDECESSOR MAPS" means any previous South Carolina House Congressional redistricting map in whole or in part that were considered, created, developed, and/or proposed by Defendants.

13. "RACIALLY POLARIZED" means that there is a consistent relationship between the race of the voter and the way in which the voter votes. It means that "black voters and white voters vote differently." *Thornburg v. Gingles*, 478 U.S. 30, 53, n.21 (1986).

14. "RELATED TO," "CONCERNING," or "INCLUDING" shall be construed in the broadest sense to mean referring to, describing, reflecting, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, analyzing, constituting, and/or evidencing, in any manner, whether directly or indirectly, the subject matter of the Request.

15. "SECTION 5" or "PRECLEARANCE" refers to that part of the Voting Rights Act, 52 U.S.C. § 10304 and the related federal regulations, which formerly required the State of South Carolina to submit all of its voting related changes to the United States Department

of Justice or to a three-judge federal district court in Washington, D.C. for review before those changes could take effect.

16. "THIRD PARTIES" refers to but is not limited to persons and entities who are political consultants, Republican and Democrat party officials, South Carolina state officials, lobbyists, members of the public, and legislative aides not in the employment of Defendants.

17. "VOTERS OF COLOR" means anyone who is Black, Hispanic/Latinx, Asian American, or is a member of any other racial minority group, who is eligible or could be eligible to vote.

18. "VOTING RIGHTS ACT" or "VRA" refers to the Voting Rights Act, 52 U.S.C. § 10301 et seq.

19. "YOU," "YOUR," or "DEFENDANTS" refers to Defendants and includes any of Defendants' agents, advisors, employees, representatives, officers, consultants, contractors, or any person or entity acting or purporting to act on Defendants' behalf or subject to Defendants' control.

## INSTRUCTIONS

1. The responsive documents should be produced in the manner prescribed by the Rules and in accordance with the ESI Protocols in the Parties' Joint Supplemental Rule 26(f) Report, ECF No. 182.

2. Under Rule 34(b)(2)(B) & (C), if any part of the Request is objected to, the reason for the objection should be stated with particularity. If an objection is made to part of any item or category set forth in a request, that part should be specified. Any ground not stated will be waived.

6

3.  If, in responding to this request, You encounter any ambiguities when construing a request or definition, set forth in Your response what you find ambiguous and the construction You used in responding.

4.  Each request for production and subparagraphs or subdivisions thereof shall be construed independently, and no request shall be construed as creating a limitation upon any other request.

5.  The documents produced in response to these requests are all responsive documents in your possession, custody, or control, or known to be available to you, regardless of whether such documents are possessed directly by you or your agents, advisors, employees, representatives, attorneys, consultants, successors-in-interest, or other persons or entities acting on your behalf or subject to your control, and whether they are maintained at any of your locations, offices, archives, or in any other location (including back-up tapes or electronic mail) or with any persons related in any way to you.

6.  Any reference in these document requests to an individual includes any and all agents, advisors, employees, representatives, attorneys, successors-in-interest, and all other persons or entities acting on his, her, or its behalf or under his, her, or its control.

7.  Any reference in these document requests to any corporation, partnership, association, governmental entity or agency, or other entity includes the present and former officers, executives, partners, directors, trustees, employees, agents, representatives, attorneys, accountants and all other persons acting or purporting to act on behalf of such corporation, partnership, association, agency, or entity and any of their parent corporations, holding companies, subsidiaries, affiliates, divisions, departments, predecessors, and/or successors-in-interest.

7

8. Where a request calls for information that is not available to you in the form requested, but is available in another form or can be obtained, in whole or in part, from other data in your possession or control, you must so state and either supply the information requested in the form in which it is available, or supply the data from which the information requested can be obtained.

9. In addition to the responsive document, you shall produce all non-identical copies, including all drafts, of each responsive document.

10. If any requested document is not or cannot be produced in full, you shall produce it to extent possible, indicating what document or portion of such document is not or cannot be produced and the reason why it is not or cannot be produced.

11. Each document produced must include all attachments and enclosures.

12. Documents attached to each other shall not be separated.

13. Documents not otherwise responsive to a request for production shall be produced if such documents refer to, concern, or explain the documents called for by any request for production and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents.

14. In accordance with Rule 34(b), all documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the requests and identify the name of the person from whose files the documents were produced.

15. Each request shall be responded to separately. Nevertheless, a document that is responsive to more than one request may be produced for one request and incorporated by reference

in another response, provided that the relevant, corresponding portion is so labeled or marked.

16. If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, the document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of this lawsuit or unless otherwise permitted by the Court. Any reference in these document requests to an individual includes any and all agents, advisors, employees, representatives, attorneys, successors-in-interest, and all other persons or entities acting on his, her, or its behalf or under his, her, or its control.

17. No part of a document request shall be left unanswered because an objection is interposed to another part of the document request. If you object to any document request or sub-part thereof, state with specificity your objection and all grounds therefore. Any ground not stated will be waived.

18. If you contend that it would be unduly burdensome to obtain and provide all of the documents called for in response to any request, then in response to each such request you shall:

    a. produce all documents and information available to you without undertaking what you contend to be an unreasonable burden; and

    b. set forth the particular grounds on which you contend that additional efforts to obtain such documents and information would be unduly burdensome.

19. If any document is withheld, in whole or in part, under any claim of privilege, including without limitation, the work-product doctrine, attorney-client privilege, deliberative

process privilege, or investigative or law enforcement privilege, your answer should provide the following information in a single log:

    a. the type of document;

    b. the date of the document;

    c. the names of its author(s) or preparer(s) and an identification by employment and title of each such person;

    d. the name of each person who was sent or furnished with, received, viewed, or has had custody of the document or a copy thereof together with an identification of each such person;

    e. its title and reference, if any;

    f. a description of the document sufficient to identify it without revealing the information for which privilege is claimed;

    g. the type of privilege asserted;

    h. a description of the subject matter of the document in sufficient detail to allow the Court to adjudicate the validity of the claim for privilege; and

    i. the paragraph of this request to which the document relates.

20. Any requests propounded in the disjunctive shall be read as if propounded in the conjunctive and vice versa. Any request propounded in the singular shall be read as if propounded in the plural and vice versa. Any request propounded in the present tense shall also be read as if propounded in the past tense and vice versa.

21. These document requests cover the period from January 1, 2021 to the present, unless otherwise indicated in the request itself. The document requests set forth below encompass

        all documents and information concerning this period, even though dated, prepared, generated, or received prior to this period.

22.     These document requests are continuing in nature. Pursuant to Rule 26(e), you are under a continuing duty to supplement the production with documents obtained subsequent to the preparation and service of a response to each Request. Supplemental responses shall be served and additional documents shall be made available promptly upon discovery of such information.

### DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:**

        All documents, communications, maps, memoranda, expert reports or analyses, Racially Polarized voting analyses, or other documents and communications related to South Carolina's submission of state legislative maps in the 1990, 2000, and 2010 redistricting cycles for Preclearance review pursuant to Section 5 of the Voting Rights Act. This Request includes, but is not limited to, any correspondence with the U.S. Department of Justice for the 1990, 2000, and 2010 redistricting cycles.

**REQUEST FOR PRODUCTION NO. 2**:

        All documents and communications concerning the districts adopted in S. 865 and Predecessor Maps, including but not limited to all communications with and documents or data provided to, considered, or relied upon by persons who drew, reviewed, approved, or adopted the determination to draw districts as reflected in S. 865 and Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 3:**

        All maps, draft maps, memoranda, reports, analyses, correspondence, or other documents concerning the drawing of the districts adopted in S. 865 and Predecessor Maps. This request

includes, but is not limited to, documents concerning the racial polarization in the South Carolina electorate, state legislative districts, the role of race in drawing districts, and correspondence between or among You, individuals on any Committee, any map drawers, experts, legislators, members of the South Carolina Legislature, or anyone else concerning the drawing of the districts or any draft maps of the districts considered but not adopted.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications sufficient to show any and all criteria used in drawing and approving the district lines, contours, limits, or boundaries included in the districts adopted in S. 865 or the Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 5:**

All transcripts, minutes, notes, or other documents concerning any meetings of Committees and any in connection with or in furtherance the adoption of S. 865 or the Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 6**:

All documents and communications provided to or relied upon by (a) any expert who Defendants intend to call to testify in this matter; or (b) any consultant, advisory, or other individual who provided advice or consultation concerning, or participated in the drawing, evaluation, or analysis of, the districts adopted in S. 865 or Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 7**:

An electronic copy in .csv or other machine-readable tabular file format (such as .txt) of precinct-level counts of voter registration data broken down by race and ethnicity—as well as voter turnout data broken down by race and ethnicity—for every general and primary election in every year between 2008 and 2020, using the same categories as are in the South Carolina voter file. *See* Voter History Statistics for Recent SC Elections, https://www.scvotes.gov/data/voter-history.html.

**REQUEST FOR PRODUCTION NO. 8**:

An electronic copy in .shp or other machine-readable file format (such as .gpkg) of precinct shapefiles from the time of every general and primary election between 2008 and 2020.

**REQUEST FOR PRODUCTION NO. 9:**

An electronic copy in .csv or other machine-readable tabular file format (such as .txt) of South Carolina's statewide voter registration database, at the time of every general and primary election between 2008 and 2020, that includes the following information about each and every active and inactive registered voter in the State of South Carolina:

- Unique voter identification number
- Status (e.g., Active, Inactive)
- Race and/or ethnicity
- Date of registration
- County of residence
- Residence address
- Census Block IDs in 2020 and 2010
- State House District
    - Vote History, including, for each election from January 1, 2008 through the present.
    - The date of the election.
    - The type of election (e.g., federal Democratic or Republican primary, federal general, federal special, state primary, state general, state special, local primary, local general, local special, etc.).
    - Whether the voter cast a ballot in the election.

13

- o   The party identification of the voter.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and any data in .csv or other machine-readable tabular file format (such as .txt) detailing the specific communities of interest—including geographic identifiers of those communities of interest that line up with Census IDs, such as 2020 and/or 2010 Census Blocks—relied upon by Defendants and any other member of the South Carolina Assembly, including the member's staff or employees, related to S. 865, predecessor maps, and/or redistricting in South Carolina.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and communications concerning the rationale(s) or purpose(s) behind the Challenged Districts and Districts Bordering the Challenged Districts adopted in S. 865 and any Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and communications concerning statements in support of or opposition to S. 865 and any Predecessor Maps, including in support of or opposition to any proposed amendments.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and communications concerning the impact or potential impact of S. 865 and any Predecessor Maps on voters of color.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications concerning any survey results, databases, estimates, or statistics regarding racial or ethnic group affiliation or identification among South Carolina voters in the Challenged Districts and Districts Bordering the Challenged Districts.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications concerning any survey results, databases, estimates, or statistics regarding racial or ethnic group affiliation or identification regarding partisan or political affiliation among South Carolina voters.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and communications concerning any concerns, complaints, or comments about the procedure and transparency of the Committees redistricting process used in the considerations and deliberations regarding S. 865 and all Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications between You and other individuals, including members of the South Carolina General Assembly and their staff or employees, and organizations and third parties, including the National Republican Redistricting Trust and Fair Lines America, regarding to S. 865, Predecessor Maps, and redistricting in South Carolina.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications between You and other individuals, including members of the South Carolina General Assembly and their staff or employees, concerning the Map Room regarding S. 865 and all Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 19:**

All documents and communications between You and third parties concerning the Map Room regarding S. 865 and all Predecessor Maps.

**REQUEST FOR PRODUCTION NO. 20:**

All documents and communications concerning the Map Room and redistricting in South Carolina.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications concerning oral and written testimony, public comments, and other documents submitted before, during, or after any South Carolina legislative hearing, any Committee meetings, and any House or Senate floor review of S. 865 and Predecessor Maps.

[SIGNATURE ON FOLLOWING PAGE]

Dated: March 7, 2022

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Adriel I. Cepeda Derieux**
Samantha Osaki**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Adam Pergament**
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com


*Motion for admission Pro Hac Vice
forthcoming*
*\*\* Admitted Pro Hac Vice*

Respectfully submitted,

/s/ Christopher J. Bryant
Christopher J. Bryant, Fed. ID 12538
BOROUGHS BRYANT, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Jeffrey A. Fuisz**
Paula Ramer**
ARNOLD & PORTER KAYE SCHOLER
LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER
LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

*Counsel for Plaintiffs the South Carolina
Conference of the NAACP and Taiwan Scott*

17

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes*
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

* Motion for admission *Pro Hac Vice*
forthcoming
** Admitted *Pro Hac Vice*

*Counsel for Plaintiff the South Carolina
Conference of the NAACP*

18

**CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

/s/ *Christopher Bryant*
Christopher Bryant