<u>SC NAACP, et al v. ALEXANDER</u>, et al

CA No.: 3:21-cv-03302-MBS-TJH-RMG

# EXHIBIT D

*Senate Defendants Opposition to*

*Plaintiffs' Motion to Compel*

Senate Defendants Responses to Plaintiffs' First Requests for Production to Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS C. ALEXANDER, *et al.*, <br><br> Defendants. | Case No. 3:21-cv-03302-MBS-TJH-RMG |

### SENATE DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS REGARDING THE CONGRESSIONAL MAP

Pursuant to Federal Rules of Civil Procedure 26 and 34, Thomas C. Alexander, in his official capacity as President of the Senate, and Luke A. Rankin, in his official capacity as Chairman of the Senate Judiciary Committee, (collectively, the "Senate Defendants") submit these objections and responses to Plaintiffs' First Request for Production of Documents to Defendants Regarding the Congressional Map served on March 7, 2022.

### GENERAL OBJECTIONS

1. Discovery is still ongoing. These Objections and Responses are based on the information currently available to the Senate Defendants, and the Senate Defendants reserve the right to alter, supplement, amend, or otherwise modify these objections in light of additional facts revealed through subsequent inquiry.

2. The Senate Defendants object to each and every request for production to the extent it seeks documents covered by the attorney-client privilege, the work-product doctrine, legislative privilege, or any other applicable privilege or immunity. Any inadvertent production or disclosure of privileged information or documents shall not be deemed a waiver of any applicable privilege.

1

The inadvertent production or disclosure, in these Objections and Responses or otherwise, of any privileged information or document shall not constitute or be deemed a waiver of any applicable privilege as to any other information or document. The Senate Defendants reserve the right not to disclose or produce privileged information or documents, except as redacted or in accordance with a protective order entered by the Court.

3.     The Senate Defendants object to each and every request for production to the extent it seeks confidential information or documents. Any inadvertent production or disclosure, in these Objections and Responses or otherwise, of any confidential information or document shall not constitute or be deemed a waiver of any applicable privilege or objection. The Senate Defendants reserve the right not to disclose or produce confidential information or documents, except as redacted or in accordance with a protective order entered by the Court.

4.     The Senate Defendants object to each and every request for production, including the Definitions and Instructions sections adopted by reference therein, to the extent that the request purports to impose obligations beyond those required by the Federal Rules or to the extent that it seeks information beyond that permitted by the Federal Rules.

5.     The Senate Defendants object to each and every request for production to the extent that the request seeks documents that are not relevant to any claims or defenses in the above-captioned case, which concerns the constitutionality of South Carolina's Congressional redistricting plan signed into law in S. 865 on January 26, 2022.

6.     The Senate Defendants object to each and every request for production to the extent that the request is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The requests for production are not proportional to the needs of the case because "the burden and expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Plaintiffs' requests are exceptionally broad and would require substantial resources to collect, review, and produce responsive documents. The burdens of the proposed discovery thus clearly outweigh any benefit.

7.  The Senate Defendants object to each and every request for production to the extent that the request (a) is vague or ambiguous; (b) is overly broad or unduly burdensome; (c) seeks documents that are not within the control of the Senate Defendants; or (d) seeks documents that are already available to the Plaintiffs from any other source, including publicly available sources.

8.  The Senate Defendants object to each and every request for "any" and "all" documents or communications "concerning" or "related to" a particular topic because identifying and collecting all documents containing any reference or relationship to a particular topic is unduly burdensome and disproportional to the needs of the case.

9.  The Senate Defendants object to each and every request for production to the extent that certain words and phrases are undefined and, thus, susceptible to multiple interpretations.

10. The Senate Defendants object to the requests for production without conceding the relevancy or admissibility of the information provided or documents produced, and without prejudice to any and all objections to the use of any information or document provided in these Objections and Responses.

11. The Senate Defendants' Objections shall not be construed as signifying agreement to Plaintiffs' characterization of any fact, circumstance, or legal obligation. The Senate Defendants object to each and every request for production to the extent it contains any express or implied allegation of fact or conclusion of law.

12.  The Senate Defendants object to the requests for production to the extent that they instruct the Senate Defendants to produce documents in, or to convert documents into, any particular format.

13.  These General Objections are applicable to each of the following responses and objections, and failure to repeat an objection in response to a specific request for production shall not be deemed a waiver of the objection.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

*All documents, communications, maps, memoranda, expert reports or analyses, Racially Polarized voting analyses, or other documents and communications related to South Carolina's submission of state legislative maps in the 1990, 2000, and 2010 redistricting cycles for Preclearance review pursuant to Section 5 of the Voting Rights Act. This Request includes, but is not limited to, any correspondence with the U.S. Department of Justice for the 1990, 2000, and 2010 redistricting cycles.*

**RESPONSE:**

The Senate Defendants object to Request No. 1 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege.  The Senate Defendants object to Request No. 1 because it is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case given that it seeks over four decades of limitless information when the U.S. Department of Justice precleared the General Assembly's three redistricting plans just last cycle.  Moreover, information related to past submissions of "state legislative maps" are not relevant to Congressional redistricting.  The Senate Defendants also object to Request No. 1 to the extent it seeks documents and information readily available from other sources, including publicly available sources.

Subject to and without waiving the foregoing objections, the Senate Defendants direct Plaintiffs to the Archives page on the South Carolina Senate 2021 Redistricting Website

("Redistricting Website") at https://redistricting.scsenate.gov/archives.html, where non-privileged documents related to past redistricting cycles are electronically available.

**REQUEST NO. 2:**

*All documents and communications concerning the districts adopted in S. 865 and Predecessor Maps, including but not limited to all communications with and documents or data provided to, considered, or relied upon by persons who drew, reviewed, approved, or adopted the determination to draw districts as reflected in S. 865 and Predecessor Maps.*

**RESPONSE:**

The Senate Defendants object to Request No. 2 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Request No. 2 because it is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants also object to Request No. 2 to the extent it seeks documents and information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request. The Senate Defendants also direct Plaintiffs to the Redistricting Website, where non-privileged documents responsive to this Request are electronically available.

**REQUEST NO. 3:**

*All maps, draft maps, memoranda, reports, analyses, correspondence, or other documents concerning the drawing of the districts adopted in S. 865 and Predecessor Maps. This request includes, but is not limited to, documents concerning the racial polarization in the South Carolina electorate, state legislative districts, the role of race in drawing districts, and correspondence between or among You, individuals on any Committee, any map drawers, experts, legislators, members of the South Carolina Legislature, or anyone else concerning the drawing of the districts or any draft maps of the districts considered but not adopted.*

**RESPONSE:**

The Senate Defendants object to Request No. 3 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Request No. 3 because it is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants also object to Request No. 3 to the extent it seeks documents and information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website. Moreover, documents concerning "state legislative districts" are not relevant to Congressional redistricting.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request. The Senate Defendants also direct Plaintiffs to the Redistricting Website, where non-privileged documents responsive to this Request are electronically available.

**REQUEST NO. 4:**

*All documents and communications sufficient to show any and all criteria used in drawing and approving the district lines, contours, limits, or boundaries included in the districts adopted in S 865 or the Predecessor Maps.*

**RESPONSE:**

The Senate Defendants object to Request No. 4 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Request No. 4 because it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants also object to Request No. 4 to the extent it seeks documents and information readily available from

6

other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants direct Plaintiffs to the 2021 Senate Redistricting Guidelines, which are publicly available on the Redistricting Website at https://redistricting.scsenate.gov/docs/Senate%20Redistricting%20Guidelines%20Adopted%209-17-21.DOCX.

**REQUEST NO. 5:**

*All transcripts, minutes, notes, or other documents concerning any meetings of Committees and any in connection with or in furtherance [of] the adoption of S. 865 or the Predecessor Maps.*

**RESPONSE:**

The Senate Defendants object to Request No. 5 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Request No. 5 because it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants also object to Request No. 5 to the extent it seeks documents and information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request. The Senate Defendants also direct Plaintiffs to the public hearings section of the Redistricting Website at https://redistricting.scsenate.gov/meetinginfo.html and the Video Archives section of the Senate Judiciary Committee website at https://www.scstatehouse.gov/CommitteeInfo/senatejudiciary.php for non-privileged documents

and information responsive to this Request, including recordings, transcripts, and notices and agendas for meetings of committees in connection with the adoption of S. 865.

**REQUEST NO. 6:**

*All documents and communications provided to or relied upon by (a) any expert who Defendants intend to call to testify in this matter; or (b) any consultant, advisory, or other individual who provided advice or consultation concerning, or participated in the drawing, evaluation, or analysis of, the districts adopted in S. 865 or Predecessor Maps.*

**RESPONSE:**

The Senate Defendants object to Request No. 6 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Request No. 6 because it is irrelevant and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request. The Senate Defendants also direct Plaintiffs to the Redistricting Website, where non-privileged documents responsive to this Request are electronically available.

**REQUEST NO. 7:**

*An electronic copy in .csv or other machine-readable tabular file format (such as .txt) of precinct-level counts of voter registration data broken down by race and ethnicity—as well as voter turnout data broken down by race and ethnicity—for every general and primary election in every year between 2008 and 2020, using the same categories as are in the South Carolina voter file. See Voter History Statistics for Recent SC Elections, https://www.scvotes.gov/data/voter-history.html.*

**RESPONSE:**

The Senate Defendants object to Request No. 7 because it seeks documents that are not within the control of the Senate Defendants and/or that are already available to the Plaintiffs from other sources, including publicly available sources such as the ones identified by Plaintiffs. The Senate Defendants also object to Request No. 7 because it is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants further object

8

to Request No. 7 to the extent it seeks documents that are in Plaintiffs' custody, possession, or control, including documents already produced in this litigation in response to prior discovery requests by Plaintiffs.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request.

**REQUEST NO. 8:**

*An electronic copy in .shp or other machine-readable file format (such as .gpkg) of precinct shapefiles from the time of every general and primary election between 2008 and 2020.*

**RESPONSE:**

The Senate Defendants object to Request No. 8 because it seeks documents that are not within the control of the Senate Defendants and/or that are already available to the Plaintiffs from other sources, including publicly available sources. The Senate Defendants also object to Request No. 8 because it is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants further object to Request No. 8 to the extent it seeks documents that are in Plaintiffs' custody, possession, or control, including documents already produced in this litigation in response to prior discovery requests by Plaintiffs.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request.

**REQUEST NO. 9:**

*An electronic copy in .csv or other machine-readable tabular file format (such as .txt) of South Carolina's statewide voter registration database, at the time of every general and primary election between 2008 and 2020, that includes the following information about each and every active and inactive registered voter in the State of South Carolina:*

- *Unique voter identification number*
- *Status (e.g., Active, Inactive)*
- *Race and/or ethnicity*
- *Date of registration*
- *County of residence*
- *Residence address*

9

- *Census Block IDs in 2020 and 2010*
- *State House District*
    - *Vote history, including for each election from January 1, 2008 through the present.*
    - *The date of the election.*
    - *The type of election (e.g., federal Democratic or Republican primary, federal general, federal special, state primary, state general, state special, local primary, local general, local special, etc.).*
    - *Whether the voter cast a ballot in the election.*
    - *The party identification of the voter.*

**RESPONSE:**

The Senate Defendants object to Request No. 9 because it seeks documents that are not within the control of the Senate Defendants and/or that are already available to the Plaintiffs from other sources, including publicly available sources. The Senate Defendants also object to Request No. 9 because it is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants further object to Request No. 9 to the extent it seeks documents that are in Plaintiffs' custody, possession, or control, including documents already produced in this litigation in response to prior discovery requests by Plaintiffs.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request.

**REQUEST NO. 10:**

*All documents and any data in .csv or other machine-readable tabular file format (such as .txt) detailing the specific communities of interest—including geographic identifiers of those communities of interest that line up with Census IDs, such as 2020 and/or 2010 Census Blocks—relied upon by Defendants and any other members of the South Carolina Assembly, including the member's staff or employees, related to S. 865, predecessor maps, and/or redistricting in South Carolina.*

**RESPONSE:**

The Senate Defendants object to Request No. 10 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Request No. 10 because it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants also

10

object to Request No. 10 to the extent it seeks documents and information readily available from other sources, including publicly available sources such as documents on the Redistricting Website. The Senate Defendants further object to Request No. 10 on the ground that it purports to require the Senate Defendants to produce data that is equally available to Plaintiffs in the form of shapefile and tabulated data maintained by the United States Census Bureau. The Senate Defendants object to Request No. 10 to the extent it seeks documents that are in Plaintiffs' custody, possession, or control, including documents already produced in this litigation in response to prior discovery requests by Plaintiffs.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request. Subject to and without waiving the foregoing objections, the Senate Defendants also direct Plaintiffs to the block equivalency file related to S. 865, which is electronically available to Plaintiffs on the Redistricting Website at https://redistricting.scsenate.gov/docs/proposals/hp2sa1/House%20Plan%202%20Senate%20Amendment%201%20Block%20Eq.xlsx.

**REQUEST NO. 11:**

*All documents and communications concerning the rationale(s) or purpose(s) behind the Challenged Districts and Districts Bordering the Challenged Districts adopted in S. 865 and any Predecessor Maps.*

**OBJECTION:**

The Senate Defendants object to Request No. 11 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Request No. 11 because it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants also object to Request No. 11 to the extent it seeks documents and information readily available from

11

other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request. The Senate Defendants also direct Plaintiffs to the following non-privileged documents responsive to this Request already in Plaintiffs' possession or equally available to Plaintiffs: Senate Defendants' Motion to Dismiss Counts III & IV (ECF No. 178), Senate Defendants' Answer (ECF No. 179), documents and information on the Redistricting Website—including the public hearings section at https://redistricting.scsenate.gov/meetinginfo.html, benchmark Congressional district demographics data at https://redistricting.scsenate.gov/planproposal.html, and the Redistricting Guidelines at https://redistricting.scsenate.gov/docs/Senate%20Redistricting%20Guidelines%20Adopted%209-17-21.DOCX—as well as the Senate Judiciary Committee Video Archives at https://www.scstatehouse.gov/CommitteeInfo/senatejudiciary.php and the South Carolina Legislature Video Archives at https://www.scstatehouse.gov/video/archives.php.

**REQUEST NO. 12:**

All documents and communications concerning statements in support of or opposition to S. 865 and any Predecessor Maps, including in support of or opposition to any proposed amendments.

**RESPONSE:**

The Senate Defendants object to Request No. 12 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Request No. 12 because it is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants also object to Request No. 12 to the extent it seeks documents and information readily

12

available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request. The Senate Defendants direct Plaintiffs to the following non-privileged documents responsive to this Request already in Plaintiffs' possession or equally available to Plaintiffs: Senate Defendants' Motion to Dismiss Counts III & IV (ECF No. 178), Senate Defendants' Answer (ECF No. 179), documents and information on the Redistricting Website, including the public hearings section at https://redistricting.scsenate.gov/meetinginfo.html, the Senate Judiciary Committee Video Archives at https://www.scstatehouse.gov/CommitteeInfo/senatejudiciary.php, and the South Carolina Legislature Video Archives at https://www.scstatehouse.gov/video/archives.php.

**REQUEST NO. 13:**

*All documents and communications concerning the impact or potential impact of S. 865 and any Predecessor Maps on voters of color.*

**RESPONSE:**

The Senate Defendants object to Request No. 13 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Request No. 13 because it is irrelevant and not proportional to the needs of the case. The Senate Defendants also object to Request No. 13 to the extent it seeks documents and information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request and direct Plaintiffs to the responses to Request Nos. 11 & 12.

**REQUEST NO. 14:**

*All documents and communications concerning any survey results, databases, estimates, or statistics regarding racial or ethnic group affiliation or identification among South Carolina voters in the Challenged Districts and Districts Bordering the Challenged Districts.*

**OBJECTION:**

The Senate Defendants object to Request No. 14 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Request No. 14 because it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants also object to Request No. 14 to the extent it seeks documents and information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request and direct Plaintiffs to the responses to Request Nos. 11–13.

**REQUEST NO. 15:**

*All documents and communications concerning any survey results, databases, estimates, or statistics regarding racial or ethnic group affiliation or identification regarding partisan or political affiliation among South Carolina voters.*

**RESPONSE:**

The Senate Defendants object to Request No. 15 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Request No. 15 because it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants also

object to Request No. 15 to the extent it seeks documents and information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request and direct Plaintiffs to the responses to Request Nos. 11–14.

**REQUEST NO. 16:**

*All documents and communications concerning any concerns, complaints, or comments about the procedure and transparency of the Committees' redistricting process used in the considerations and deliberations regarding S. 865 and all Predecessor Maps.*

**OBJECTION:**

The Senate Defendants object to Request No. 16 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Request No. 16 because it is irrelevant and not proportional to the needs of the case. The Senate Defendants also object to Request No. 16 to the extent it seeks documents and information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website. The Senate Defendants further object to Request No. 16 to the extent it seeks information or documents already in Plaintiffs' possession given that Plaintiffs, their representatives, and others with whom they coordinated drafted and submitted the documents and communications requested to manufacture those meritless issues in this lawsuit.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request and direct Plaintiffs to the responses to Request Nos. 11–15.

**REQUEST NO. 17:**

*All documents and communications between You and other individuals, including members of the South Carolina General Assembly and their staff or employees, and organizations and third parties, including the National Republican Redistricting Trust and Fair Lines America, regarding S. 865, Predecessor Maps, and redistricting in South Carolina.*

**RESPONSE:**

The Senate Defendants object to Request No. 17 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Request No. 17 because it is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants also object to Request No. 17 to the extent it seeks documents and information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request and direct Plaintiffs to the responses to Request Nos. 11–16.

**REQUEST NO. 18:**

*All documents and communications between You and other individuals, including members of the South Carolina General Assembly and their staff or employees, concerning the Map Room regarding S. 865 and all Predecessor Maps.*

**RESPONSE:**

The Senate Defendants object to Request No. 18 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Request No. 18 because it is irrelevant, vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants also object to Request No. 18 to the extent it seeks documents and

16

information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request and direct Plaintiffs to the responses to Request Nos. 11–17.

**REQUEST NO. 19:**

*All documents and communications between You and third parties concerning the Map Room regarding S. 865 and all Predecessor Maps.*

**OBJECTION:**

The Senate Defendants object to Request No. 19 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Request No. 19 because it is irrelevant, overbroad, vague, ambiguous, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants also object to Request No. 19 to the extent it seeks documents and information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request and direct Plaintiffs to the responses to Request Nos. 11–18.

**REQUEST NO. 20:**

*All documents and communications concerning the Map Room and redistricting in South Carolina.*

17

**RESPONSE:**

The Senate Defendants object to Request No. 20 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Request No. 20 because it is irrelevant, vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants also object to Request No. 20 to the extent it seeks documents and information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request and direct Plaintiffs to the responses to Request Nos. 11–19.

**REQUEST NO. 21:**

*All documents and communications concerning oral and written testimony, public comments, and other documents submitted before, during, or after any South Carolina legislative hearing, any Committee meetings, and any House or Senate floor review of S. 865 and Predecessor Maps.*

**RESPONSE:**

The Senate Defendants object to Request No. 21 because the request seeks documents and communications protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Request No. 21 because it is irrelevant, overbroad, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants also object to Request No. 21 to the extent it seeks documents and information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants agree to produce non-privileged documents in their possession that are responsive to this Request and direct Plaintiffs to the responses to Request Nos. 11–20.

April 6, 2022                                               Respectfully submitted,

/s/Robert E. Tyson Jr.
Robert E. Tyson, Jr. (7815)
Vordman Carlisle Traywick, III (12483)
La'Jessica Stringfellow (13006)
ROBINSON GRAY STEPP & LAFFITTE, LLC
1310 Gadsden Street
Post Office Box 11449 (29211)
Columbia, South Carolina 29201
(803) 929-1400
rtyson@robinsongray.com
ltraywick@robinsongray.com
lstringfellow@robinsongray.com

John M. Gore (admitted *pro hac vice*)
Stephen J. Kenny (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
skenny@jonesday.com

*Counsel for Senate Defendants*