IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS C. ALEXANDER, *et al.*,<br><br>Defendants. | Case No.  3:21-cv-03302-MBS-TJH-RMG<br><br>**REPLY IN SUPPORT OF SENATE DEFENDANTS' COMBINED MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH** |

Plaintiffs' opposition (Dkt. No 286) only underscores that the Court should grant the Senate Defendants' combined motion for protective order and motion to quash (Dkt. No. 282). Plaintiffs ignore the controlling case law, fail to even meaningfully engage the Senate Defendants' arguments, and grossly mischaracterize the record. Indeed, during the prior redistricting litigation ten years ago, the Court upheld the General Assembly's identical legislative privilege claims—but neither Plaintiffs' opposition nor Judge Childs's prior order in the House Plan litigation so much as mentions the *Backus* order. *See, e.g.*, *Backus v. South Carolina*, No. 3:11-cv-03120 (D.S.C. Feb. 8, 2012) ("*Backus* Order") (Dkt. No. 282-2). As explained more fully below, the Court should uphold the legislative privilege vital to the General Assembly's legislative functioning and independence and grant the combined motion.

**RESPONSE TO PLAINTIFFS' INTRODUCTION AND BACKGROUND**

Plaintiffs' introduction and background are riddled with several errors. *First*, the Senate Defendants have *never* "concede[d]" that their combined motion "is improper." Dkt. No. 286 at 1. To the contrary, the Senate Defendants have demonstrated both that their legislative privilege claims are meritorious under the controlling case law and that Judge Childs's prior ruling "was limited to" "legislative privilege claims raised by the House Defendants and supported by the

1

Senate Defendants" in the earlier litigation "regarding the South Carolina House redistricting plan enacted as part of H. 4993." Dkt. No. 282 at 1–2; *see also id.* at 3–11.

*Second*, Plaintiffs fault the Senate Defendants for not "pursu[ing] an appeal of" Judge Childs's ruling on legislative privilege in the House Plan litigation. Dkt. No. 286 at 1. But, of course, that ruling was directed at the House Defendants; it did not direct the Senate Defendants to do anything. The Senate Defendants therefore suffered no "concrete and particularized injury" from the order and lacked standing to appeal it. *Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1950 (2019). Moreover, an interlocutory order overruling a privilege claim ordinarily is not appealable until after final judgment, *see Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009), and there is no final judgment in the House Plan litigation because Plaintiffs and the House Defendants settled it.

*Third*, Plaintiffs grossly misstate the facts surrounding the scheduling of depositions in this matter. The Senate Defendants have proceeded in good faith to accommodate Plaintiffs' various—and changing—scheduling requests. While Plaintiffs initially asked to conduct depositions while document discovery was ongoing, Plaintiffs' counsel agreed during the May 31, 2022, meet-and-confer that the Senate Defendants' proposal to schedule the depositions of Will Roberts, Andy Fiffick, and Paula Benson during the week of June 27 is "reasonable." Dkt. No. 283-4 at 2. As the Senate Defendants explained, those witnesses could not be made available until after the General Assembly's June 28 special session. *See id.* That left June 29, June 30, and July 1 to conduct those depositions "during the week of June 27." *Id.*

Thus, Plaintiffs are flatly wrong when they suggest that the Senate Defendants "ma[de] only Mr. Roberts available during the week of June 27." Dkt. No. 286 at 2. In fact, on Friday, June 17, 2022—hours before Plaintiffs filed their charged opposition—counsel for the Senate

2

Defendants made Mr. Fiffick available for a deposition on July 1.  *See* Gore-Cepeda Derieux-Cusick Email at 1 (Ex. A).  And Plaintiffs' suggestion that the Senate Defendants did something improper to cause the scheduling of Ms. Benson's deposition on July 13, *see* Dkt. No. 286 at 2, is equally false.  The reason for that date is that *Plaintiffs' counsel* deposing Ms. Benson requested it because he "will no longer be available" during the week of June 27.  Gore-Cepeda Derieux-Cusick Email at 5 (Ex. A).  Thus, all the Senate Defendants did was accommodate Plaintiffs' counsel's scheduling requests; they did not "narrow[]" Mr. Fiffick's or Ms. Benson's availability for a deposition.  Dkt. No. 286 at 2.

Plaintiffs' inability to speak to the Court and defense counsel with a coherent and consistent voice may stem from the fact that twenty-three counsel of record have appeared for Plaintiffs in this matter.  *See id.* at 8–9.  It appears that there is not a lead counsel among this cadre; thus, one attorney for Plaintiffs often does not know what position another attorney has taken.  Indeed, often Plaintiffs' national counsel tries to take positions that directly undermine what Plaintiffs' local counsel has represented to the Senate Defendants' counsel in good faith.  But whatever its source, the disarray of Plaintiffs' cadre of counsel has distorted their statements to the Court, unduly complicated communication and cooperation among counsel for the various parties, and impeded the advancement of this important case toward resolution.

*Fourth*, Plaintiffs' counsel recite the Senate Defendants' good-faith effort to schedule Mr. Roberts's deposition, *see id.* at 3–4, and imply that this effort to accommodate Plaintiffs and their counsel undercuts the Senate Defendants' legislative privilege claims.  Nothing could be further from the truth.  The Senate Defendants raised their legislative privilege claims in their discovery responses, but Plaintiffs waited 43 days—more than *double* the amount of time provided by the Court's local rules—before raising any objection to those responses.  *See* Dkt. No. 282 at 2; D.S.C.

3

Local Civ. R. 37.01(A). Plaintiffs therefore have waived their objection to the Senate Defendants' legislative privilege claims. *See Cricket Store 17, LLC v. City of Columbia*, 97 F. Supp. 3d 737, 766 (D.S.C. 2015); *see also* Sen. Defs.' Opp. To Pls.' Motion To Compel (filed June 23, 2022).

Moreover, the Senate Defendants have consistently maintained that they would "take all necessary and appropriate steps to preserve their claim of legislative privilege." Dkt. No. 282-2 at 2. In fact, on the June 15, 2022, call that the Senate Defendants' counsel initiated, Plaintiffs' counsel agreed—contrary to the assertion in Plaintiffs' opposition—that counsel could not "resolve [each other's] concerns," Dkt. No. 286 at 4, but instead that the Senate Defendants' legislative privilege claims warranted the Court's involvement. Finally, the Senate Defendants have moved to quash Plaintiffs' notice of deposition of Mr. Roberts only to the extent Plaintiffs seek to question him on matters protected by legislative privilege; they have not moved to quash his deposition in its entirety. *See* Dkt. No. 282. In sum, the Senate Defendants' efforts to accommodate Plaintiffs' counsel's changing scheduling requests did not foreclose them from maintaining their legislative privilege claims before or even during Mr. Roberts's—or any other witness's— deposition. *See* Gore-Cepeda Derieux-Cusick Email at 1 (Ex. A).

## ARGUMENT

The Court should grant the Senate Defendants' combined motion because legislative privilege and controlling precedent shield them and their staff members from Plaintiffs' discovery requests. *See* "*Backus* Order" (Dkt. No. 282-2). Plaintiffs wholly fail to rebut the Senate Defendants' arguments.

### I.     THE LAW-OF-THE-CASE DOCTRINE IS INAPPLICABLE HERE.

Rather than grappling with the Senate Defendants' arguments on the merits, Plaintiffs primarily contend that they "are foreclosed by the law of the case doctrine." Dkt. No. 286 at 4 (incorporating Dkt. No. 283 at 4–10); *see* Dkt. No. 286 at 5–7. According to Plaintiffs, Judge

4

Childs's order on the House Defendants' legislative privilege claim in the House Plan litigation is "law of the case" that vitiates the Senate Defendants' legislative privilege in this Congressional Plan litigation. Dkt. No. 286 at 4. But as Plaintiffs' own lead case explains, the law-of-the-case doctrine generally applies "once the decision of an *appellate* court establishes the law of the case," *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) (emphasis added), and "sensibly does not bar a district court from reconsidering its own rulings in a case," particularly its own evidentiary rulings, *Brown v. Slenker*, 197 F. Supp. 2d 497, 504 (E.D. Va. 2002); *see United States v. Lentz*, 384 F. Supp. 2d 934, 939 (E.D. Va. 2005) (even a coordinate court's evidentiary rulings "clear[ly] … are not entitled to binding effect, unlike most rulings issued by a superior court").

Indeed, "[i]nterlocutory orders" like this Court's prior order "remain open to trial court reconsiderations, and do not constitute the law of the case." *Culler v. S.C. Elec. & Gas Co.*, No. 3:02-cv-2803-17, 2004 WL 7332848, at *1 (D.S.C. June 3, 2004) (quoting *Plotkin v. Lehman*, 178 F.3d 1285 (4th Cir. 1999) (unpublished)); *see also Winchester Homes, Inc. v. Osmose Wood Preserving, Inc.*, 37 F.3d 1053, 1059 n.8 (4th Cir. 1994) ("[I]t requires a final judgment to sustain the application of the rule of the law of the case." (quoting *United States v. U. S. Smelting Ref. & Min. Co.*, 339 U.S. 186, 199 (1950)); *Keepseagle v. Perdue*, 856 F.3d 1039, 1048 (D.C. Cir. 2017) ("[T]he law-of-the-case-doctrine 'does not apply to interlocutory orders . . . for they can always be reconsidered and modified by a district court prior to entry of a final judgment.'" (quoting *First Union Nat. Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 620 (8th Cir. 2007))); *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210 (5th Cir. 2010) (similar).[1]

---

[1] District courts in the Fourth Circuit commonly adhere to this rule. *See, e.g.*, *Culler*, 2004 WL 7332848, at *1; *Pike v. Wells Fargo Bank, N.A.*, No. 7:20-cv-00219, 2022 WL 1196694, at *5 (E.D.N.C. Apr. 21, 2022); *Morrow v. Navy Fed. Credit Union*, No. 1:21-cv-00722, 2021 WL 5757396, at *3 (E.D. Va. Oct. 27, 2021); *Bison Res. Corp. v. Antero Res. Corp.*, No. 1:16CV107, 2018 WL 4558474, at *3 (N.D.W. Va. Sept. 21, 2018); *Arrow Enter. Computing Sols., Inc. v.*

In any event, even if the doctrine generally extends to a court's own interlocutory orders, it is well-established that the doctrine applies only to questions that were "actually decided" or "decided by necessary implication." *Nurse v. A Better Choice Case Mgmt., LLC*, No. 9:21-cv-00455, 2021 WL 3088047, at *3 n.5 (D.S.C. July 22, 2021) (quoting *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988)). The doctrine "does not apply to 'questions which might have been decided but were not.'" *Id.*; *see Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979); *Kozel v. Kozel*, 299 F. Supp. 3d 737, 747 (D.S.C. 2018); *see also Rani E. M. v. Saul*, No. 18-cv-2171, 2019 WL 4536457, at *6 (D. Md. Sept. 19, 2019) (refusing to apply the doctrine to issues that "had not [been] decided previously"); *Yesudian ex rel. U.S. v. Howard Univ.*, 270 F.3d 969, 972 (D.C. Cir. 2001) (similar).

Here, Judge Childs's order addressed only the discovery requests and the House Defendants' objections in the House Plan litigation, not the Senate Defendants' legislative privilege assertion in this Congressional Plan litigation. *See* Dkt. No. 153 at 17–18 (ordering the "House Defendants" alone to provide certain discovery concerning "H. 4493"); Dkt. No. 283 at 7 (acknowledging that the Court previously addressed only discovery concerning "H. 4493"); *see also Graves v. Lioi*, 930 F.3d 307, 318 (4th Cir. 2019) ("[T]he law-of-the-case doctrine … acknowledges that different facts will lead to a different legal analysis to which the doctrine cannot apply."). Moreover, Judge Childs's order did not address—let alone decide—many of the arguments advanced by the Senate Defendants' combined motion, specifically that (1) any

---

*BlueAlly, LLC*, No. 5:15-cv-00037, 2017 WL 876266, at *2 (E.D.N.C. Mar. 3, 2017); *Chaplick v. Mao*, No. 13-cv-02070, 2016 WL 4516061, at *3 (D. Md. Aug. 25, 2016); *Columbia Gas Transmission, LLC v. Ott*, 984 F. Supp. 2d 508, 523 (E.D. Va. 2013); *LeGrande v. Aluminum Co. of Am.*, No. 1:05-cv-00376, 2007 WL 1452969, at *2 (M.D.N.C. May 17, 2007); *Presley v. City of Charlottesville*, No. 05-cv-00010, 2007 WL 1303010, at *1 (W.D. Va. May 3, 2007).

qualified legislative privilege is subject to a stringent necessity standard that Plaintiffs have not satisfied, Dkt. No. 282 at 5–8; (2) even the five-factor test, as applied to the requested discovery, favors upholding legislative privilege, *id.* at 8; and (3) the Senate Defendants may not be deposed because this case does not present an "extraordinary instance," *id.* at 9–11. The law-of-the-case doctrine therefore is inapplicable to those issues now. *See Nurse*, 2021 WL 3088047, at *3 n.5; *Quern*, 440 U.S. at 347 n.18; *see also Kozel*, 299 F. Supp. 3d at 747–48 (holding that the doctrine did not apply to a particular argument that was not "raise[d]" and "examine[d]" earlier). And, in all events, the Court's prior ruling on legislative privilege was "clearly erroneous and would work a manifest injustice," Dkt. No. 283 at 4; *see infra* Sections II–V, exempting it from the law-of-the-case doctrine on that basis as well.

Finally, Plaintiffs muse that the Senate Defendants "do not get a second bite at the apple" because "collateral estoppel would clearly apply" "[if] this were a new case against Senate Defendants" rather than a continuation of the earlier proceeding. Dkt. No. 283 at 7 & n.5. That is incorrect: Plaintiffs' prior motion on legislative privilege sought relief only against the House Defendants, not the Senate Defendants, so Judge Childs's order did not "actually determine[]" any issue against the Senate Defendants. *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004) (cited at Dkt. No. 283 at 7 n.5). Moreover, as noted above, Judge Childs's order was not a final judgment, and no final judgment was rendered in the House Plan litigation because Plaintiffs and the House Defendants settled it. And, of course, this is not a "new case," as Plaintiffs acknowledge, and the Senate Defendants do not seek a "second bite." The Court has never ruled on whether the Senate Defendants' Congressional Plan materials at issue here are privileged. The law-of-the-case doctrine has no bearing on the Senate Defendants' combined motion—which the

Court should grant on the merits because, as discussed further below, legislative privilege and controlling case law shield the Senate Defendants from the discovery Plaintiffs seek.

## II. ABSOLUTE LEGISLATIVE PRIVILEGE PROTECTS AGAINST THE DISCOVERY PLAINTIFFS SEEK.

Apart from insisting that this Court's "prior ruling" governs as law of the case, Dkt. No. 286 at 4–5, Plaintiffs barely respond to the Senate Defendants' argument that legislative privilege is absolute in this context, *see* Dkt. No. 282 at 4; Dkt. No. 133 at 1–7. Plaintiffs cite *United States v. Gillock*, 445 U.S. 360 (1980), but as the Senate Defendants have explained, *Gillock* does not control here. *See* Dkt. No. 133 at 5. The Court should uphold the Senate Defendants' absolute legislative privilege. *See Backus* Order (Dkt. No. 282-2).

## III. EVEN IF LEGISLATIVE PRIVILEGE IS QUALIFIED, IT IS SUBJECT TO A STRINGENT NECESSITY STANDARD THAT PLAINTIFFS HAVE NOT SATISFIED.

Plaintiffs also muster little response to the Senate Defendants' argument that any qualified legislative privilege is subject to a stringent necessity standard. Indeed, Plaintiffs wholly ignore that numerous analogous privileges are subject to similar heightened standards. *See* Dkt. No. 282 at 6–7. And Plaintiffs fail to rebut that a stringent standard is mandated by *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), which instructed that legislators may be required to testify only in "extraordinary instances" and even then legislative privilege should "frequently" bar the testimony. *Id.* at 268; *see* Dkt. No. 282 at 5–7. Plaintiffs dismiss these instructions as mere "dicta" and "passing reference[s]," but the Supreme Court disagrees. It has repeatedly recognized that *Arlington Heights* "set forth the framework" that "courts should look to for guidance" in suits challenging redistricting and other legislative decisions under the Equal Protection Clause. *Reno v. Bossier Par. Sch. Bd.*, 520 U.S. 471, 488–89 (1997) (collecting cases). There is no basis for Plaintiffs' cavalier dismissal of this precedent.

8

Moreover, contrary to Plaintiffs' suggestion, *see* Dkt. No. 286 at 5, *Gillock* did not reject a stringent standard nor adopt the five-factor test for analyzing legislative privilege.

At bottom, Plaintiffs fail to undermine the Senate Defendants' showing that any qualified privilege yields only if Plaintiffs satisfy a stringent necessity standard by "showing that (1) they have a specific, substantial need for the document, material, or information sought, including that the item likely constitutes important evidence and that its substantial equivalent is not available through other means; and (2) this need outweighs the critical legislative interests protected by the privilege." Dkt. No. 282 at 5. Plaintiffs have not satisfied, and cannot satisfy, that standard. Plaintiffs principally claim that this Court has "already" held that Plaintiffs have met the standard here, Dkt. No. 286 at 6, but that is incorrect. As discussed above, the law-of-the case doctrine does not apply to the Senate Defendants' arguments regarding the stringent standard. *See supra* Section I. Indeed, this Court has never addressed whether legislative privilege is subject to the stringent standard invoked by the Senate Defendants—let alone whether the standard is satisfied as to the specific discovery requests here. *See id.*

Additionally, Plaintiffs have not even attempted to make the required evidentiary showing. *See* Dkt. No. 282 at 5. Their opposition simply asserts that the requested discovery is "crucial" to the alleged discrimination claim because it "goes to Defendants' intent," and that the discovery is "not available through other means" because other evidence would not be as probative. Dkt. No. 286 at 6. But statements in briefs are "not evidence," nor are the allegations in Plaintiffs' Third Amended Complaint. *Ferris v. Accuscribe Transcription Servs., LLC*, No. 2:07-cv-3281, 2010 WL 360689, at *5 n.11 (D.S.C. Jan. 26, 2010) (R&R) (collecting cases); *see Couch v. Jabe*, 679 F.3d 197, 203 (4th Cir. 2012); *Cox v. Duke Energy, Inc.*, 176 F. Supp. 3d 530, 535 (D.S.C. 2016), *aff'd*, 876 F.3d 625 (4th Cir. 2017). Having failed to come forward with any evidence supporting

9

their intrusive discovery requests, Plaintiffs have not made the required showing. *See Wilson v. S.C. Dep't of Lab., Licensing, & Regul.*, No. 3:12-cv-1750, 2014 WL 4954684, at *7 (D.S.C. Sept. 26, 2014) (holding that allegations "ha[d] not made any showing"); *Sims v. Rushton*, No. 6:07-cv-1667, 2008 WL 2178590, at *9 (D.S.C. May 22, 2008) (similar).

But even if the statements in Plaintiffs' brief could be credited as evidence, they remain insufficient to carry Plaintiffs' heavy burden. Regardless whether this case hinges on the General Assembly's "decision making process" and the requested discovery "goes to Defendants' intent," Dkt. No. 286 at 6, Plaintiffs have not demonstrated that any specific material requested from the Senate Defendants is likely to constitute "important evidence," *i.e.*, evidence establishing a constitutional violation, Dkt. No. 282 at 5. Indeed, as the Senate Defendants explained without rebuttal, Plaintiffs have not even alleged that the Senate Defendants individually harbored impermissible motivations, much less demonstrated that the requested discovery is likely to establish that the General Assembly violated the Constitution. *See id.* at 7–8. Nor have Plaintiffs shown that their need for the requested discovery "outweighs the critical legislative interests protected by the privilege." *Id.* at 5. They instead ignore these issues and thus concede them. *See* Dkt. No. 286 at 6; *Parkins by & through Turner v. South Carolina*, No. 7:21-cv-2641, 2022 WL 524895, at *8 n.8 (D.S.C. Feb. 22, 2022) (collecting cases). They therefore have failed to make the demanding showing required to defeat even a qualified legislative privilege.

### IV.  THE FIVE-FACTOR TEST IS INAPPLICABLE AND FAVORS UPHOLDING THE PRIVILEGE IN ANY EVENT.

The Court should grant the combined motion even if it analyzes legislative privilege under the five-factor test. Plaintiffs claim that the test favors them based on their "prior arguments" that the factors required the House Defendants to disclose certain information in the House Plan litigation. Dkt. No. 286 at 6–7. Although the Senate Defendants acknowledge that the Court

previously rejected the House Defendants' claims of legislative privilege as to certain information under the five-factor test, *see id.*, the Senate Defendants maintain that the factors favor upholding their legislative privilege as to the discovery at issue here and, thus, require granting the combined motion, *see* Dkt. No. 282 at 8; Dkt. No. 133 at 4–7.  Plaintiffs cannot simply cite a few cases, make a conclusory allegation, and call it a day.  Rather, they must apply the tests from the cases to show why a similar result is purportedly mandated here.  Because they did not even attempt to meet that burden, the Court should grant the Senate Defendants' motion.

## V. THE SENATE DEFENDANTS MAY NOT BE DEPOSED REGARDING THEIR DECISIONMAKING BECAUSE THIS CASE DOES NOT PRESENT AN "EXTRAORDINARY INSTANCE."

Finally, setting aside legislative privilege, Plaintiffs may not depose the Senate Defendants regarding their decisionmaking because they have not demonstrated that this case presents an "extraordinary instance," which requires a "strong showing of bad faith or improper behavior." Dkt. No. 282 at-9–10 (quoting *Arlington Heights*, 429 U.S. at 268 & n.18, and *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).  Plaintiffs do not dispute—and thus concede—that they must satisfy this standard, *see Parkins*, 2022 WL 524895, at *8 n.8, yet they do not even attempt to make the required showing, *see* Dkt. No. 286 at 7.  They instead fall back yet again on the law-of-the-case doctrine, asserting that Judge Childs "already" held that Plaintiffs met "the appropriate standard." *Id.*

As discussed above, however, the law-of-the-case doctrine does not apply here. *See supra* Section I.  Indeed, until now, no party has asked this Court to address whether an "extraordinary instance" showing is required to depose a legislator, and this Court has never considered—let alone ruled on—whether Plaintiffs have made the requisite "strong showing of bad faith or improper behavior."  Dkt. No. 282 at 9–10.  Thus, it is of no moment that Judge Childs "allowed '[d]epositions of all legislators … involved in the development, design and/or revisions H. 4493,'"

11

Dkt. No. 286 at 7 (quoting Dkt. No. 153 at 17), because she did not address the argument the Senate Defendants raise now.

Moreover, Plaintiffs plainly have not made the requisite showing, as they undisputedly "have not made *any* evidentiary showing—much less a *strong* showing—of bad faith or wrongdoing by the Senate Defendants," or anyone else for that matter. Dkt. No. 282 at 10–11. Plaintiffs therefore may not depose the Senate Defendants regarding their decisionmaking.

## CONCLUSION

The Court should grant the Senate Defendants' combined motion.

June 23, 2022                                Respectfully submitted,

/s/Robert E. Tyson Jr.
Robert E. Tyson, Jr. (7815)
Vordman Carlisle Traywick, III (12483)
La'Jessica Stringfellow (13006)
ROBINSON GRAY STEPP & LAFFITTE, LLC
1310 Gadsden Street
Post Office Box 11449 (29211)
Columbia, South Carolina 29201
(803) 929-1400
rtyson@robinsongray.com
ltraywick@robinsongray.com
lstringfellow@robinsongray.com

John M. Gore (admitted *pro hac vice*)
Stephen J. Kenny (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
skenny@jonesday.com

*Counsel for Senate Defendants*