**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, <br><br> and <br><br> TAIWAN SCOTT, on behalf of himself and all other similarly situated persons, <br><br><center>Plaintiffs,</center><br><br><center>v.</center><br><br> THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. ELDER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina State Election Commission, <br><br><center>Defendants.</center> | Case No.  3:21-cv-03302-MBS-TJH-RMG <br><br><br><br><br><br><br> **ANSWER TO THIRD AMENDED COMPLAINT BY HOUSE DEFENDANTS JAMES H. LUCAS, CHRIS MURPHY AND WALLACE H. JORDAN** |

Speaker of the South Carolina House of Representatives James H. Lucas, Chairman of the

South Carolina House of Representatives Judiciary Committee Chris Murphy, and Chairman of

the South Carolina House of Representatives Redistricting Ad Hoc Committee Wallace H. Jordan, in their official capacities (collectively, the "**House Defendants**") hereby answer and otherwise respond to the Third Amended Complaint for Injunctive and Declaratory Relief (ECF No. 267) ("**Third Amended Complaint**") filed by the South Carolina State Conference of the NAACP ("**SC NAACP**") and Taiwan Scott (collectively, the "**Plaintiffs**"). Except as expressly and specifically admitted, qualified, or explained herein below, the House Defendants deny each and every allegation (in each and every paragraph, image, and footnote) in the Third Amended Complaint and demand strict proof thereof. With respect to the numbered paragraphs of the Third Amended Complaint, the House Defendants respond as follows:

<u>**FOR A FIRST DEFENSE**</u>

<u>**INTRODUCTION**</u>

1.    Paragraphs 1 and 2 of the Third Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraphs 1 and 2 contain factual allegations to which a response is necessary, the House Defendants deny the allegations. Footnote 1 of the Third Amended Complaint does not require a response from the House Defendants. To the extent Footnote 1 is deemed to require a response, the House Defendants deny the allegations.

2.    Paragraph 3 of the Third Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, generalizations about complex issues, and mischaracterizations of both law and fact with regard to the redistricting process in South Carolina since Congress enacted the Voting Rights Act of 1965 ("**VRA**") and the need for judicial review.

To the extent that Paragraph 3 contains factual allegations to which a response is necessary, the House Defendants deny the allegations.

3.      Paragraph 4 of the Third Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. Other than the single uncontroverted fact that Senate Bill 865 ("**S. 865**") enacted congressional districts, the House Defendants deny the factual allegations in Paragraph 4 to which a response is necessary.

4.      Paragraph 5 of the Third Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. The House Defendants deny the factual allegations in Paragraph 5 to which a response is necessary.

5.      Paragraph 6 of the Third Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. Other than the fact that alternative congressional maps were proposed to the Legislature, the House Defendants deny the factual allegations in Paragraph 6 to which a response is necessary.

6.      Paragraph 7 of the Third Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. Responding to Paragraph 7, the House Defendants admit the consideration of race in drawing district lines may be permitted to ensure compliance with Section 2 of the VRA. As to the remaining factual allegations in Paragraph 7 to which a response is necessary, the House Defendants deny the allegations. To the extent Footnote 2 is deemed to require a response, the House Defendants deny any uncited allegations and crave reference to any cited cases and denies any allegations or mischaracterizations inconsistent therewith.

7.     The factual allegations in Paragraph 8 are denied.

8.     Paragraphs 9 and 10 of the Third Amended Complaint consist of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraphs 9 and 10 contain factual allegations to which a response is necessary, the House Defendants deny the allegations.

9.     Paragraph 11 of the Third Amended Complaint consists of legal conclusions, arguments, and unwarranted inferences about complex issues. To the extent Paragraph 11 contains factual allegations to which a response is necessary, the House Defendants deny the allegations.

## PARTIES

10.     Paragraphs 12 through 14 of the Third Amended Complaint contain assertions about the SC NAACP's background, mission, structure, and membership and do not contain allegations against the House Defendants requiring a response. To the extent Paragraphs 12 through 14 are construed to include factual allegations to which a response is required, the House Defendants deny the allegations upon information and belief that "[t]he South Carolina State Conference of the NAACP" is a South Carolina nonprofit, nonpartisan membership organization, and the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the background, mission, structure, and membership of the SC NAACP. In all other regards, the allegations of Paragraphs 12 through 14 are denied.

11.     Paragraph 15 of the Third Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraph 15 contains factual allegations to which a response is necessary regarding where persons who are not parties to this proceeding currently reside, the House

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. As to the remaining allegations in Paragraph 15, the allegations are denied.

12.     Paragraph 16 of the Third Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraph 16 of the Third Amended Complaint contains factual allegations to which a response is necessary, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

13.     Paragraph 17 of the Third Amended Complaint describes the background of the Plaintiff Taiwan Scott. The House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Third Amended Complaint.

14.     The factual allegations in Paragraph 18 are denied.

15.     Paragraphs 19 through 25 of the Third Amended Complaint contain legal conclusions about whether various defendants to this action sued in their official capacity are proper defendants. Responding individually to Paragraph 23, Defendant Wallace H. Jordan is the Chairman of the Redistricting Ad Hoc Committee (the "**Ad Hoc Committee**"). To the extent any remaining allegations in Paragraphs 19 through 25 are construed to make allegations against any of the House Defendants to which a response is required, the House Defendants crave reference to the cited constitutional and statutory provision(s) and S. 865, and deny any allegations or mischaracterizations inconsistent therewith. To the extent any further response is required, the allegations are denied.

**JURISDICTION AND VENUE**

16.     Paragraph 26 of the Third Amended Complaint asserts a legal conclusion regarding the constitutional basis of this action to which a response is not required. To the extent a response is deemed to be required, the allegations are denied.

17.     Paragraph 27 of the Third Amended Complaint asserts a legal conclusion regarding subject matter jurisdiction and does not require a response. To the extent a response is deemed to be required, the allegations are denied.

18.     Paragraph 28 of the Third Amended Complaint asserts a legal conclusion regarding the appointment of a three-judge panel and does not require a response. To the extent a response is deemed to be required, the allegations are denied.

19.     Paragraph 29 of the Third Amended Complaint asserts a legal conclusion on venue and does not require a response. To the extent a response is deemed to be required, the allegations are denied.

20.     Paragraph 30 of the Third Amended Complaint asserts legal conclusions on personal jurisdiction and do not require a response. To the extent a response is deemed to be required, the allegations are denied.

**STATEMENT OF FACTS**

21.     Paragraph 31 of the Third Amended Complaint is admitted to the extent it alleges that on January 26, 2022, Governor McMaster signed into law S. 865. As to the remaining allegations in Paragraph 31, the House Defendants deny the allegations.

22.     To the extent the unnumbered subheading between Paragraph 31 and Paragraph 32 of the Third Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

23.     Paragraph 32 of the Third Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. The House Defendants deny the factual allegation in Paragraph 32 that "S. 865 is the latest iteration of South Carolina's long pattern of official acts of racial discrimination including its enactment of various discriminatory voting rules that deny and abridge the voting rights of Black South Carolinians." As to any remaining factual allegations in Paragraph 32 to which a response is necessary, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Footnotes 3, 4, and 5 of the Third Amended Complaint do not require a response from the House Defendants. To the extent Footnotes 3, 4, and 5 are deemed to require a response, the House Defendants crave reference to the cited cases and publications and deny any allegations or mischaracterizations inconsistent therewith.

24.     To the extent that Paragraph 33 of the Third Amended Complaint contains factual allegations to which a response is necessary, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

25.     Paragraph 34 of the Third Amended Complaint consists of arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent Paragraph 34 contains factual allegations to which a response is necessary, the House Defendants deny the allegations.

26.     Paragraph 35 of the Third Amended Complaint consists of arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraph 35 contains factual allegations to which a response is necessary, the House Defendants deny the allegations.  Footnote 6 of the Third Amended Complaint does not require a response from the House Defendants. To the extent Footnote 6 is deemed to require a response, the House

Defendants crave reference to the cited website, publication, and statute and deny any allegations or mischaracterizations inconsistent therewith.

27.     Paragraph 36 of the Third Amended Complaint consists of arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraph 36 contains factual allegations to which a response is necessary, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

28.     Paragraph 37 of the Third Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. Paragraph 37 also contains allegations regarding persons or entities that are not parties to this proceeding. To the extent that Paragraph 37 contains factual allegations to which a response is necessary, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Footnote 7 of the Third Amended Complaint does not require a response from the House Defendants. To the extent Footnote 7 is deemed to require a response, the House Defendants crave reference to the cited case and denies any allegations or mischaracterizations inconsistent therewith.

29.     Paragraph 38 of the Third Amended Complaint consists of mischaracterizations regarding the S.C. redistricting process since Congress enacted the VRA and the need for judicial review. To the extent that Paragraph 38 is construed to allege there was a *need* for judicial review of South Carolina's redistricting maps for the last five redistricting cycles, the House Defendants crave reference to the cited cases and deny any allegations or mischaracterizations inconsistent therewith. Otherwise, the House Defendants deny the allegations in Paragraph 38.

30.     Paragraph 39 of the Third Amended Complaint consists of a mischaracterization of judicial precedent by quotation from *Burton on Behalf of Republican Party v. Sheheen*, 793

F. Supp. 1329, 1337 (D.S.C. 1992), *vacated sub nom. Statewide Reapportionment Advisory Comm. v. Theodore*, 508 U.S. 968 (1993), and *vacated sub nom. Campbell v. Theodore*, 508 U.S. 968 (1993), in that Plaintiffs fail to acknowledge or reference the attendant Footnote 11, which reads: "In respect to the reapportionment of the House of Representatives, South Carolina's General Assembly is one of those which has faithfully complied with its constitutional obligations." *Id.* (quoting *O'Shields v. McNair*, 254 F. Supp. 708, 717 (D.S.C. 1966)). In this and all other respects, the House Defendants crave reference to the cited case law and deny any allegations or mischaracterizations inconsistent therewith. To the extent that Paragraph 39 contains factual allegations to which a response is necessary, the House Defendants deny the allegations.

31.     To the extent the unnumbered subheadings between Paragraph 39 and Paragraph 40 of the Third Amended Complaint are deemed to require a response, the House Defendants deny the allegations.

32.     Responding to Paragraph 40 of the Third Amended Complaint, the House Defendants admit the Ad Hoc Committee adopted redistricting guidelines on August 3, 2021, and that the guidelines and criteria were adopted without holding a separate public hearing in advance of their adoption. The remaining allegations in Paragraph 40 are denied. Footnote 8 of the Third Amended Complaint does not require a response from the House Defendants. To the extent Footnote 8 is deemed to require a response, the House Defendants crave reference to the cited redistricting guidelines and criteria document and deny any allegations or mischaracterizations inconsistent therewith.

33.     Paragraphs 41 through 49 of the Third Amended Complaint purport to restate the 2021 Guidelines and Criteria for Congressional and Legislative Redistricting (the "**redistricting guidelines**"), adopted by the Ad Hoc Committee on August 3, 2021. In response to the allegations

in Paragraphs 41 through 49, the House Defendants crave reference to the adopted redistricting guidelines and deny any allegations or mischaracterizations inconsistent therewith.

34.    To the extent the unnumbered subheading between Paragraph 49 and Paragraph 50 of the Third Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

35.    Paragraphs 50 through 59 of the Third Amended Complaint do not contain factual allegations directed to the House Defendants requiring a response, but do contain generalized assertions and characterizations about the South Carolina Senate's legislative process for congressional and state legislative redistricting. To the extent Paragraphs 50 through 59 are construed to contain allegations directed to the House Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 50 through 59 contain allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Footnote 9 of the Third Amended Complaint does not require a response from the House Defendants. To the extent Footnote 9 is deemed to require a response, the House Defendants crave reference to the cited website and document and deny any allegations or mischaracterizations inconsistent therewith.

36.    To the extent the unnumbered subheadings between Paragraph 59 and Paragraph 60 of the Third Amended Complaint are deemed to require a response, the House Defendants deny the allegations.

37.    Paragraph 60 of the Third Amended Complaint is denied.

38.    Paragraphs 61 and 62 of the Third Amended Complaint do not contain factual allegations directed to the House Defendants requiring a response, but do contain generalized

assertions and characterizations about the timing of the South Carolina Senate's legislative process for congressional and state legislative redistricting. To the extent Paragraphs 61 and 62 are construed to contain allegations directed to the House Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 61 and 62 contain allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Footnotes 10 and 11 of the Third Amended Complaint do not require a response from the House Defendants. To the extent Footnotes 10 and 11 are deemed to require a response, the House Defendants crave reference to the cited website and letter and deny any allegations or mischaracterizations inconsistent therewith.

39.     In response to Paragraphs 63 and 64 of the Third Amended Complaint, the House Defendants crave reference to the identified letters for what matters were raised and how the issues were conveyed, and further state that much of the writings are legal posturing and mischaracterization of judicial precedent. Further answering the allegations, the House Defendants deny that the redistricting process was not transparent and that it lacked opportunities for meaningful public participation, as the contrary is evidenced by Plaintiff SC NAACP's own participation throughout. In all other regards, the allegations of Paragraphs 63 and 64 are denied. Footnotes 12 and 13 of the Third Amended Complaint do not require a response from the House Defendants. To the extent Footnotes 12 and 13 are deemed to require a response, the House Defendants crave reference to the cited letters and deny any allegations or mischaracterizations inconsistent therewith.

40.     Paragraphs 65 and 66 of the Third Amended Complaint consist of arguments, unverifiable assumptions, and mischaracterizations of fact. The House Defendants admit only so

much of the allegations as may be construed to allege that the Ad Hoc Committee held numerous public hearings throughout the State over several weeks, two of which (on September 28 and October 4) provided for remote participation and virtual testimony. As to the remaining allegations in Paragraphs 65 and 66, the House Defendants deny the allegations. Footnote 14 of the Third Amended Complaint does not require a response from the House Defendants. To the extent Footnote 14 is deemed to require a response, the House Defendants crave reference to the cited website and deny any allegations or mischaracterizations inconsistent therewith.

41.     Paragraph 67 of the Third Amended Complaint does not contain factual allegations directed to the House Defendants requiring a response, but does contain generalized assertions and characterizations about the timing of the South Carolina Senate's legislative process for congressional and state legislative redistricting. To the extent Paragraph 67 is construed to contain allegations directed to the House Defendants to which a response is required, the allegations are denied. To the extent Paragraph 67 contains allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

42.     In response to Paragraphs 68 and 69 of the Third Amended Complaint, the House Defendants crave reference to the identified letters for what matters were raised and how the issues were conveyed, and further state that much of the writing in the letter submitted to the House Defendants is regurgitation of the earlier legal posturing and mischaracterization of judicial precedent. Further answering the allegations, the House Defendants deny that the plans submitted "corrected for population disparities . . ., among other considerations and requirements that complied with the House Redistricting Committee's . . . criteria and the U.S. Constitution and other federal law." To the extent Paragraphs 68 and 69 contain allegations about another defendant

or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. In all other regards, the allegations of Paragraphs 68 and 69 are denied. Footnote 15 of the Third Amended Complaint does not require a response from the House Defendants. To the extent Footnote 15 is deemed to require a response, the House Defendants crave reference to the cited letters and deny any allegations or mischaracterizations inconsistent therewith.

43.     Paragraph 70 of the Third Amended Complaint is admitted to the extent that Plaintiffs allege that an RPV analysis may demonstrate racially polarized voting patterns. For the remaining allegations in Paragraph 70, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, as there are many reasons other than lack of white cross-over voting that could cause Black voter-supported candidates to be defeated.

44.     Paragraphs 71 through 81 of the Third Amended Complaint do not contain factual allegations directed to the House Defendants requiring a response, but do contain generalized assertions and characterizations about the timing of the South Carolina Senate's legislative process for congressional redistricting. To the extent Paragraphs 71 through 81 are construed to contain allegations directed to the House Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 71 through 81 contain allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. Footnote 16 of the Third Amended Complaint does not require a response from the House Defendants. To the extent Footnote 16 is deemed to require a response, the House Defendants crave reference to the cited cases and deny any allegations or mischaracterizations inconsistent therewith.

45.     Paragraph 82 of the Third Amended Complaint is admitted only to the extent the allegations may be construed to allege that the Congressional House Staff Plan was released on December 13, 2021, and the public was made aware on December 13, 2021, of a noon December 16, 2021 Ad Hoc Committee meeting. In all other regards, the allegations are denied.

46.     Paragraph 83 of the Third Amended Complaint is admitted only to the extent it alleges the Ad Hoc Committee received public comment on December 16, 2021. For the remaining allegations in Paragraph 83, the House Defendants crave reference to the public record of testimony from that December 16 public meeting available at https://www.scstatehouse.gov/video/archives.php and deny any allegations or mischaracterizations inconsistent therewith.

47.     Paragraph 84 of the Third Amended Complaint is admitted.

48.     Paragraphs 85 through 90 of the Third Amended Complaint is admitted only to the extent it alleges the Ad Hoc Committee received public testimony on December 29, 2021. For the remaining allegations in Paragraphs 85 through 90, the House Defendants crave reference to the public record of testimony from that December 29 public meeting available at https://www.scstatehouse.gov/video/archives.php and deny any allegations or mischaracterizations inconsistent therewith.

49.     Paragraph 91 of the Third Amended Complaint is admitted.

50.     Paragraphs 92 through 101 of the Third Amended Complaint is admitted only to the extent it alleges the Ad Hoc Committee and House Judiciary Committee considered congressional maps on January 10, 2022. For the remaining allegations in Paragraphs 92 through 101, the House Defendants crave reference to the public record of testimony from those January

10 public meetings available at https://www.scstatehouse.gov/video/archives.php and deny any allegations or mischaracterizations inconsistent therewith.

51.     Paragraph 102 of the Third Amended Complaint does not contain factual allegations directed to the House Defendants requiring a response, but do contain generalized assertions about the timing of the South Carolina Senate's legislative process for congressional redistricting. To the extent Paragraph 102 is construed to contain allegations directed to the House Defendants to which a response is required, the allegations are denied. To the extent Paragraph 102 contains allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

52.     Paragraphs 103 through 117 of the Third Amended Complaint are denied.

53.     Paragraph 118 of the Third Amended Complaint is admitted.

54.     Paragraphs 119 through 140 of the Third Amended Complaint do not contain factual allegations directed to the House Defendants requiring a response, but do contain generalized assertions and characterizations about the timing of the South Carolina Senate's legislative process for congressional redistricting. To the extent Paragraphs 119 through 140 are construed to contain allegations directed to the House Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 119 through 140 contain allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

55.     Paragraph 141 of the Third Amended Complaint is admitted.

56.     Paragraph 142 of the Third Amended Complaint is denied.

57.     To the extent the unnumbered subheading between Paragraph 142 and Paragraph 143 of the Third Amended Complaint is deemed to require a response, the House Defendants deny the allegations.

58.     Paragraph 143 of the Third Amended Complaint is admitted.

59.     Paragraphs 144 through 147 of the Third Amended Complaint is admitted to the extent they could be construed to allege members of the public or legislators provided input to the House Defendants regarding congressional districts. To the extent the remaining factual allegations in Paragraphs 144 through 147 are construed to contain allegations directed to the House Defendants to which a response is required, the allegations are denied. To the extent Paragraphs 144 through 147 contain allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

60.     Paragraphs 148 through 153 of the Third Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraphs 148 through 153 contain factual allegations to which a response is necessary, the House Defendants deny the allegations. To the extent Paragraphs 148 through 153 contain allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

61.     To the extent the text and images between Paragraph 150 and Paragraph 151, between Paragraph 152 and Paragraph 153, and between Paragraph 153 and Paragraph 154 of the Third Amended Complaint are deemed to require a response, the House Defendants deny the allegations.

62.    Paragraph 154 of the Third Amended Complaint is admitted only to the extent the allegations may be construed to allege that two congressional map proposals submitted to the Ad Hoc Committee purported, in part, to have come from SC NAACP kept whole or split Charleston County. To the extent any further response is needed regarding those congressional map proposals, the House Defendants crave reference to those proposals and deny any allegations or mischaracterizations inconsistent therewith. To the extent Paragraph 154 contains allegations about another defendant or another person or entity that is not a party to these proceedings, the House Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations. In all other regards, the allegations are denied.

63.    Paragraphs 155 through 159 of the Third Amended Complaint consists of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraphs 155 through 159 contain factual allegations to which a response is necessary, the House Defendants deny the allegations.

### FURTHER ANSWERING AS TO CAUSES OF ACTION
**COUNT ONE (S. 865's violations of the Fourteenth Amendment of the U.S. Constitution;
U.S. Const. amend. XIV; 42 U.S.C §1983 (Racial Gerrymandering))**

64.    In response to Paragraph 160 of the Third Amended Complaint, the House Defendants repeat, re-allege, and incorporate by reference all the foregoing paragraphs as if fully set forth herein verbatim.

65.    Paragraph 161 of the Third Amended Complaint contains an excerpt of the Fourteenth Amendment of the U.S. Constitution. To the extent a response is necessary, the House Defendants crave reference to the cited constitutional amendment and deny any allegations or mischaracterizations inconsistent therewith.

66.     Paragraph 162 of the Third Amended Complaint consists of an imprecise recital of the law regarding racial classifications and the U.S. Constitution. To the extent a response is necessary, the allegations are denied.

67.     Paragraphs 163 through 165 of the Third Amended Complaint consist of legal conclusions and unsupported speculative conjecture. To the extent that Paragraphs 264 through 266 are construed to include factual allegations to which a response is necessary, the House Defendants deny the allegations.

68.     Paragraph 166 of the Third Amended Complaint consists of legal conclusions. To the extent that Paragraph 166 is construed to include factual allegations to which a response is necessary, the House Defendants deny the allegations.

69.     Paragraph 167 of the Third Amended Complaint is denied.

**COUNT TWO (S. 865's violations of the Fourteenth and Fifteenth Amendments of the U.S. Constitution; U.S. Const. amends. XIV and XV; 42 U.S.C §1983 (Intentional Discrimination))**

70.     In response to Paragraph 168 of the Third Amended Complaint, the House Defendants repeat, re-allege, and incorporate by reference all the foregoing paragraphs as if fully set forth herein verbatim.

71.     Paragraph 169 of the Third Amended Complaint consists of an imprecise recital of the law regarding the Fifteenth Amendment of the U.S. Constitution. To the extent a response is necessary, the allegations are denied.

72.     Paragraphs 170 through 172 of the Third Amended Complaint consist of legal conclusions, arguments, unwarranted inferences, editorial comments, and generalizations about complex issues. To the extent that Paragraphs 170 through 172 contain factual allegations to which

a response is necessary, the House Defendants deny the allegations and demand strict proof thereof.

73.    Paragraph 173 of the Third Amended Complaint is denied.

## **FURTHER ANSWERING AS TO THE RELIEF REQUESTED**

74.    The unnumbered Paragraph beginning with WHEREFORE does not require a response. To the extent a response is deemed to be required, the House Defendants deny that Plaintiffs are entitled to the relief listed in that Paragraph and specifically deny that Plaintiffs are entitled to attorneys' fees or costs from the House Defendants.

## **FOR A SECOND DEFENSE**

75.    Plaintiffs' Third Amended Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted for numerous reasons, including because the laws in question are constitutionally compliant, as the general assembly did not separate citizens into different voting districts on the basis of race absent sufficient justification or discriminate based on race.

## **FOR A THIRD DEFENSE**

76.    Plaintiffs' claim for injunctive and declaratory relief fails because they raise nonjusticiable political questions and seek relief that violates the doctrines of separation of powers, federalism, and comity. Moreover, partisan gerrymandering claims disguised as racial gerrymandering claims for the purpose of securing subject-matter jurisdiction in this Court are not subject to federal court review because they present nonjusticiable political questions.

## **FOR A FOURTH DEFENSE**

77.    Plaintiffs lack individual, organizational, associational, and representational standing to bring the instant action.

## FOR A FIFTH DEFENSE

78.     The House Defendants did not discriminate, intentionally or otherwise, against any voter or group of voters on any basis, including the basis of race, in drawing any district or enacting any redistricting plan.

## FOR A SIXTH DEFENSE

79.     Plaintiffs are not entitled to injunctive relief of any kind because they are not likely to succeed on the merits, they cannot demonstrate irreparable harm, the balance of the equities does not tip in their favor, and an injunction would not be in the public interest.

## FOR A SEVENTH DEFENSE

80.     The House Defendants are entitled to legislative privilege and legislative immunity and, as such, are shielded from any award of damages or prospective relief, and cannot be put to the burden of defending themselves.

## FOR AN EIGHTH DEFENSE

81.     Any consideration of race in drawing redistricting lines was to ensure compliance with Section 2 of the VRA.

## FOR A NINTH DEFENSE

82.     Plaintiffs cannot overcome the presumption that the legislative redistricting plan enacted by Act No. 118 was the result of a good faith effort by the House Defendants.

## FOR A TENTH DEFENSE

83.     Plaintiffs' causes of action and requested relief are improper as they request injunctions and other relief against S. 865, which is a bill, instead of against Act No. 118, which is a law.

## FOR AN ELEVENTH DEFENSE

84.     The House Defendants expressly adopt and incorporate by reference any and all applicable defenses asserted by other Defendants that are not otherwise specifically set forth herein.  The House Defendants expressly reserve the right to amend their Answer and assert any further affirmative defenses at such time and to the extent warranted before, during, or after discovery or based on their investigation of the case or other relevant factual developments, and they hereby give notice of their intent to do so at the appropriate time.

## DEMAND FOR JUDGMENT

**WHEREFORE,** having fully answered and otherwise responded to Plaintiffs' Third Amended Complaint, the House Defendants respectfully request that the Court dismiss Plaintiffs' Third Amended Complaint or otherwise deny the relief sought therein, enter judgment in Defendants' favor on all counts, and award the House Defendants and the remaining Defendants any relief that the Court deems equitable, just, and proper.

*[Signature page follows]*

Respectfully submitted,

/s/ Mark C. Moore
Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Hamilton B. Barber (Fed. ID No. 13306)
Michael A. Parente (Fed. ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
HBarber@nexsenpruet.com
MParente@nexsenpruet.com

William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900
Greenville, SC 29601
Telephone: 864.370.2211
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Rhett D. Ricard (Fed. ID No. 13549)
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401
Telephone: 843.720.1707
RRicard@nexsenpruet.com

*Attorneys for James H. Lucas, Chris Murphy,
and Wallace H. Jordan*

July 13, 2022
Columbia, South Carolina