**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS C. ALEXANDER, *et al.*, <br><br> Defendants. | Case No.  3:21-cv-03302-MBS-TJH-RMG |

## SENATE DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT

Thomas C. Alexander, in his official capacity as President of the Senate, and Luke A. Rankin, in his official capacity as Chairman of the Senate Judiciary Committee, (collectively, the "Senate Defendants"), respectfully answer Plaintiffs' Third Amended Complaint For Injunctive And Declaratory Relief (ECF 267).  Any allegation in the Third Amended Complaint not explicitly responded to in this Answer is hereby denied.

### INTRODUCTION

1.      The Senate Defendants deny the allegations in Paragraph 1.

2.      The Senate Defendants admit that Plaintiffs have previously amended their complaint.  The Senate Defendants deny the remaining allegations in Paragraph 2.

3.      The Senate Defendants admit that South Carolina has made important progress with respect to voting rights over the past 50 years.  The Senate Defendants deny the remaining allegations in Paragraph 3.

4.      The Senate Defendants deny the allegations in Paragraph 4.

5.      The Senate Defendants deny the allegations in Paragraph 5.

6.    The Senate Defendants admit that various alternative maps were proposed to the Legislature that would not "lock[] in" the Republican majority's advantage in six of the seven Congressional districts.  The Senate Defendants deny the remaining allegations in Paragraph 6.

7.    Paragraph 7 states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 7.

8.    The Senate Defendants deny the allegations in Paragraph 8.

9.    The Senate Defendants deny the allegations in Paragraph 9.

10.    The Senate Defendants deny the allegations in Paragraph 10.

11.    The Senate Defendants deny the allegations in Paragraph 11.

## PARTIES

12.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore deny them.

13.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and therefore deny them.

14.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and therefore deny them.

15.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and therefore deny them.

16.    The Senate Defendants deny that any House or Congressional districts are racially gerrymandered or intentionally diluted.  The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16 and therefore deny them.

17.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and therefore deny them.

18.     The Senate Defendants deny the allegations in Paragraph 18.

19.     The Senate Defendants admit that Defendant Alexander is the President of the South Carolina Senate and that Plaintiffs purport to sue him in his official capacity. Paragraph 19 otherwise states legal conclusions to which no response is required; to the extent a response is required, the Senate Defendants deny these allegations.

20.     The Senate Defendants admit that Defendant Rankin is the Chairman of the Senate Judiciary Committee and that Plaintiffs purport to sue him in his official capacity. Paragraph 20 otherwise states legal conclusions to which no response is required; to the extent a response is required, the Senate Defendants deny these allegations.

21.     The Senate Defendants admit that Defendant Lucas is the Speaker of the South Carolina House of Representatives and that Plaintiffs purport to sue him in his official capacity. Paragraph 21 otherwise states legal conclusions to which no response is required; to the extent a response is required, the Senate Defendants deny these allegations.

22.     The Senate Defendants admit that Defendant Murphy is the Chairman of the Judiciary Committee of the House of Representatives and that Plaintiffs purport to sue him in his official capacity. Paragraph 22 otherwise states legal conclusions to which no response is required; to the extent a response is required, the Senate Defendants deny these allegations.

23.     The Senate Defendants admit that Defendant Jordan is the Chairman of the Election Laws Subcommittee of the House of Representatives and that Plaintiffs purport to sue him in his official capacity. Paragraph 23 otherwise states legal conclusions to which no response is required; to the extent a response is required, the Senate Defendants deny these allegations.

24.     The Senate Defendants admit that Defendant Knapp is the interim Executive Director of the South Carolina State Election Commission and that Plaintiffs purport to sue him in

his official capacity.  Paragraph 24 otherwise states legal conclusions to which no response is required; to the extent a response is required, the Senate Defendants deny these allegations.

25.     The Senate Defendants admit that Defendants Wells, Day, Edler, McCall, and Moseley are members of the South Carolina State Election Commission and that Plaintiffs purport to sue them in their official capacity.  Paragraph 25 otherwise states legal conclusions to which no response is required; to the extent a response is required, the Senate Defendants deny these allegations.

## JURISDICTION AND VENUE

26.     Paragraph 26 states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 26.

27.     Paragraph 27 states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 27.

28.     Paragraph 28 states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 28.

29.     Paragraph 29 states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 29.

30.     Paragraph 30 states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 30.

## STATEMENT OF FACTS

31.     The Senate Defendants admit that Governor McMaster signed S. 865 into law on January 26, 2022 and further admit that S. 865 redistricted South Carolina's Congressional districts.  The Senate Defendants deny any remaining allegations in Paragraph 31.

32.     The Senate Defendants acknowledge that racial discrimination occurred in South Carolina in the past but deny that this remote history is relevant to S. 865.  The Senate Defendants therefore deny the allegations in Paragraph 32.

33.     The Senate Defendants acknowledge that racial discrimination occurred in South Carolina in the past but deny that this remote history is relevant to S. 865.  The Senate Defendants therefore deny the allegations in Paragraph 33.

34.     Paragraph 34 states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 34.

35.     The Department of Justice objections referenced in Paragraph 35 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny that those objections are relevant to S. 865 and deny the allegations in Paragraph 35.

36.     The Department of Justice objections and prior lawsuits referenced in Paragraph 36 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny that those objections and prior lawsuits are relevant to S. 865 and deny the allegations in Paragraph 36.

37.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and therefore deny them.

38.     The prior lawsuits referenced in Paragraph 38 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny that those prior lawsuits are relevant to S. 865 and deny the allegations in Paragraph 38.

39.    The prior lawsuit referenced in Paragraph 39 speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny that this prior lawsuit is relevant to S. 865 and deny the allegations in Paragraph 39.

40.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and therefore deny them.

41.    The guidelines referenced in Paragraph 41 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 41 inconsistent with those guidelines.

42.    The guidelines referenced in Paragraph 42 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 42 inconsistent with those guidelines.

43.    The guidelines referenced in Paragraph 43 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 43 inconsistent with those guidelines.

44.    The guidelines referenced in Paragraph 44 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 44 inconsistent with those guidelines.

45.    The guidelines referenced in Paragraph 45 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 45 inconsistent with those guidelines.

46.    The guidelines referenced in Paragraph 46 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 46 inconsistent with those guidelines.

47.     The guidelines referenced in Paragraph 47 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 47 inconsistent with those guidelines.

48.     The guidelines referenced in Paragraph 48 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 48 inconsistent with those guidelines.

49.     The guidelines referenced in Paragraph 49 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 49 inconsistent with those guidelines.

50.     The Senate Defendants admit the allegations in Paragraph 50.

51.     The guidelines referenced in Paragraph 51 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 51 inconsistent with those guidelines.

52.     The guidelines referenced in Paragraph 52 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 52 inconsistent with those guidelines.

53.     The guidelines referenced in Paragraph 53 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 53 inconsistent with those guidelines.

54.     The guidelines referenced in Paragraph 54 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 54 inconsistent with those guidelines.

55.     The guidelines referenced in Paragraph 55 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 55 inconsistent with those guidelines.

56.     The guidelines referenced in Paragraph 56 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 56 inconsistent with those guidelines.

57.     The guidelines referenced in Paragraph 57 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 57 inconsistent with those guidelines.

58.     The guidelines referenced in Paragraph 58 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 58 inconsistent with those guidelines.

59.     The guidelines referenced in Paragraph 59 speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 59 inconsistent with those guidelines.

60.     The Senate Defendants deny the allegations in Paragraph 60.

61.     The Senate Defendants deny the allegations in Paragraph 61.

62.     The Senate Defendants deny the allegations in Paragraph 62

63.     The Senate Defendants deny the allegations in Paragraph 63.

64.     The Senate Defendants deny the allegations in Paragraph 64.

65.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 and therefore deny them.

66.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 and therefore deny them.

67.     The Senate Defendants deny the allegations in Paragraph 67.

68.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 and therefore deny them.

69.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 and therefore deny them.

70.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 and therefore deny them.

71.     The Senate Defendants admit that the Senate Subcommittee actively solicited members of the public to submit proposed Congressional maps as part of the General Assembly's open, fair, and transparent redistricting process.  The Senate Defendants deny any remaining allegations in Paragraph 71.

72.     The Senate Defendants admit that the Senate Subcommittee received public testimony on proposed Congressional maps as part of the General Assembly's open, fair, and transparent redistricting process.  That testimony speaks for itself and does not require a response. Paragraph 72 also states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 72.

73.     The testimony referenced in Paragraph 73 speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 73.

74.     Any motion approved by the Senate Subcommittee is a matter of public record that speaks for itself, and no response is required.  To the extent a response is required, the Senate

Defendants deny any allegations in Paragraph 74 inconsistent with the Senate Subcommittee's approval of the motion.

75.     The press statement referenced in Paragraph 75 speaks for itself and does not require a response.   To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 75 inconsistent with the press statement.

76.     The Senate Defendants admit that the Senate Subcommittee received public testimony on proposed Congressional maps as part of the General Assembly's open, fair, and transparent redistricting process.  That testimony speaks for itself and does not require a response. The description of the proposed Congressional map referenced in Paragraph 76 speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny any allegations in Paragraph 76 inconsistent with the testimony and description.

77.      The statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 77.

78.     Public testimony speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 78.

79.     The statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 79.

80.     Public testimony speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 80.

81.     Legislative history speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 81.

82.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 and therefore deny them.

83.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 and therefore deny them.

84.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84 and therefore deny them.

85.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 and therefore deny them.

86.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 and therefore deny them.

87.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 and therefore deny them.

88.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 and therefore deny them.

89.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89 and therefore deny them.

90.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 and therefore deny them.

91.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91 and therefore deny them.

92.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 and therefore deny them.

93.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 and therefore deny them.

94.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 and therefore deny them.

95.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 and therefore deny them.

96.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96 and therefore deny them.

97.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 and therefore deny them.

98.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 and therefore deny them.

99.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 and therefore deny them.

100.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 and therefore deny them.

101.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 and therefore deny them.

102.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 and therefore deny them.

103.     The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 and therefore deny them.

104.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104 and therefore deny them.

105.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105 and therefore deny them.

106.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106 and therefore deny them.

107.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107 and therefore deny them.

108.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108 and therefore deny them.

109.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109 and therefore deny them.

110.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 and therefore deny them.

111.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 and therefore deny them.

112.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112 and therefore deny them.

113.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113 and therefore deny them.

114.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114 and therefore deny them.

115.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115 and therefore deny them.

116.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116 and therefore deny them.

117.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117 and therefore deny them.

118.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118 and therefore deny them.

119.    Legislative history and statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 119.

120.    Public testimony speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 120.

121.    Public testimony speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 121.

122.    Legislative history speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 122.

123.    Public testimony speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 123.

124.    Public testimony and legislative history speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 124.

125.    Statements of public officials speak for themselves and do not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 125.

126.    Statements of public officials speak for themselves and do not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 126.

127.    Statements of public officials speak for themselves and do not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 127.

128.    Statements of public officials speak for themselves and do not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 128.

129.    Legislative history speaks for itself and does not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 129.

130.    Legislative history and statements of public officials speak for themselves and do not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 130.

131.    Legislative history and statements of public officials speak for themselves and do not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 131.

132.    Legislative history and statements of public officials speak for themselves and do not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 132.

133.    Legislative history and statements of public officials speak for themselves and do not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 133.

134.    Legislative history and statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 134.

135.    Legislative history and statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 135.

136.    Legislative history and statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 136.

137.    Legislative history speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 137.

138.    Legislative history and statements of public officials speak for themselves and do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 138.

139.    Legislative history speaks for itself and does not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 139.

140.    The Senate Defendants admit the allegations in Paragraph 140.

141.    The Senate Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 141 and therefore deny them.

142.    The Senate Defendants admit the allegations in Paragraph 142.

143.    The Senate Defendants admit that population growth and shifts in South Carolina required adopting a new Congressional redistricting plan following the belated release of the

results of the 2020 U.S. Census.   The Senate Defendants deny any remaining allegations in Paragraph 143.

144.     The legislative history of S. 865 speaks for itself and does not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 144.

145.     The legislative history of S. 865 speaks for itself and does not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 145.

146.     The legislative history of S. 865 speaks for itself and does not require a response. To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 146.

147.     The Senate Defendants admit that S. 865 corrects for population deviations while also seeking to preserve the cores of existing districts.  The Senate Defendants deny the remaining allegations in Paragraph 147.

148.     The Senate Defendants deny the allegations in Paragraph 148.

149.     The BVAP of CD 6 speaks for itself and does not require a response.  The Senate Defendants admit that CD 6 "may still be an effective district for Black voters."  The Senate Defendants deny the remaining allegations in Paragraph 149.

150.     The Senate Defendants deny the allegations in Paragraph 150.

151.     The Senate Defendants deny the allegations in Paragraph 151.

152.     The Senate Defendants admit that both CD 1 and CD 6 contain parts of Charleston. The Senate Defendants deny the remaining allegations in Paragraph 152.

153.     The Senate Defendants deny the allegations in Paragraph 153.

154.     The Senate Defendants admit that Plaintiff South Carolina NAACP proposed two Congressional plans to the Legislature.   The referenced plans speak for themselves and do not

require a response.  To the extent a response is required, the allegations are denied.  The Senate

Defendants deny the remaining allegations in Paragraph 154.

155.    The Senate Defendants deny the allegations in Paragraph 155.

156.    The Senate Defendants deny the allegations in Paragraph 156.

157.    The Senate Defendants deny the allegations in Paragraph 157.

158.    The Senate Defendants deny the allegations in Paragraph 158.

159.    The Senate Defendants deny the allegations in Paragraph 159.

**CAUSES OF ACTION**

**COUNT ONE**

160.    The Senate Defendants incorporate their responses to the preceding paragraphs and

the paragraphs below.

161.    The Fourteenth Amendment of the U.S. Constitution speaks for itself and does not

require a response.  To the extent a response is required, the Senate Defendants deny that Plaintiffs

are entitled to any relief.

162.    Paragraph 162 states legal conclusions that do not require a response.  To the extent

a response is required, the Senate Defendants deny the allegations in Paragraph 162.

163.    The Senate Defendants deny the allegations in Paragraph 163.

164.    The Senate Defendants deny the allegations in Paragraph 164.

165.    The Senate Defendants deny the allegations in Paragraph 165.

166.    The Senate Defendants deny the allegations in Paragraph 166.

167.    The Senate Defendants deny the allegations in Paragraph 167 and deny that

Plaintiffs are entitled to any relief.

## COUNT TWO

168.    The Senate Defendants incorporate their responses to the preceding paragraphs and the paragraphs below.

169.    Paragraph 169 states legal conclusions that do not require a response.  To the extent a response is required, the Senate Defendants deny the allegations in Paragraph 169.

170.    The Senate Defendants deny the allegations in Paragraph 170.

171.    The Senate Defendants deny the allegations in Paragraph 171.

172.    The Senate Defendants deny the allegations in Paragraph 172.

173.    The Senate Defendants deny the allegations in Paragraph 173 and deny that Plaintiffs are entitled to any relief.

## RELIEF REQUESTED

The Senate Defendants deny that Plaintiffs are entitled to the relief requested.

i.      The Senate Defendants deny the allegations in Paragraph i and deny that Plaintiffs are entitled to relief.

ii.     The Senate Defendants deny the allegations in Paragraph ii and deny that Plaintiffs are entitled to relief.

iii.    The Senate Defendants deny the allegations in Paragraph iii and deny that Plaintiffs are entitled to relief.

iv.     The Senate Defendants deny the allegations in Paragraph iv and deny that Plaintiffs are entitled to relief.

v.      The Senate Defendants deny the allegations in Paragraph v and deny that Plaintiffs are entitled to relief.

vi.     The Senate Defendants deny the allegations in Paragraph vi and deny that Plaintiffs are entitled to relief.

vii.       The Senate Defendants deny the allegations in Paragraph vii and deny that Plaintiffs are entitled to relief.

viii.      The Senate Defendants deny the allegations in Paragraph viii and deny that Plaintiffs are entitled to relief.

ix.       The Senate Defendants deny the allegations in Paragraph ix and deny that Plaintiffs are entitled to relief.

x.       The Senate Defendants deny the allegations in Paragraph x and deny that Plaintiffs are entitled to relief.

xi.       The Senate Defendants deny the allegations in Paragraph xi and deny that Plaintiffs are entitled to relief.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof, and while reserving the right to assert all applicable affirmative defenses supported in law and fact, the Senate Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

### SECOND AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to allege sufficient facts upon which a claim for relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert their claims in the Second Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join indispensable parties to this action.

## SEVENTH AFFIRMATIVE DEFENSE

The South Carolina General Assembly has primary jurisdiction to enact redistricting plans for the South Carolina House, South Carolina Senate, and South Carolina's delegation to the U.S. Congress. It is primarily the responsibility of the General Assembly, subject to the approval of the Governor, to redistrict or reapportion the Senate, House, and Congressional districts. Redistricting primarily is a matter for legislative consideration and determination, and judicial relief becomes appropriate only when a legislature fails to redistrict according to federal laws and constitutional requirements.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not ripe for the Court's adjudication.

## NINTH AFFIRMATIVE DEFENSE

The General Assembly did not improperly use race in drawing any district or in enacting any redistricting plan. The General Assembly may have been aware of race in drawing districts and redistricting plans, but such awareness does not violate the Constitution or law. *See Miller v. Johnson*, 515 U.S. 900 (1995). Race did not predominate in the drawing of any district or in the enactment of any redistricting plan. Any use of race in the drawing of any district or in the enactment of any redistricting plan was constitutional and/or justified by a state interest.

### TENTH AFFIRMATIVE DEFENSE

The General Assembly did not discriminate, intentionally or otherwise, against any voter or group of voters on any basis, including the basis of race, in drawing any district or enacting any redistricting plan.

### ELEVENTH AFFIRMATIVE DEFENSE

The General Assembly drew every district and enacted every redistricting plan in accordance with the U.S. Constitution and federal and state law, including traditional districting principles and the criteria and guidelines adopted by the South Carolina House and South Carolina Senate.

### <u>CONCLUSION</u>

The Senate Defendants respectfully request that the Court (1) dismiss Plaintiffs' claims with prejudice and enter judgment for Defendants; (2) deny Plaintiffs' prayer for relief; and (3) grant other such relief as the Court may deem proper.

July 13, 2022                                    Respectfully submitted,

                                                 */s/*Robert E. Tyson Jr.
                                                 Robert E. Tyson, Jr. (7815)
                                                 Vordman Carlisle Traywick, III (12483)
                                                 La'Jessica Stringfellow (13006)
                                                 ROBINSON GRAY STEPP & LAFFITTE, LLC
                                                 1310 Gadsden Street
                                                 Post Office Box 11449 (29211)
                                                 Columbia, South Carolina 29201
                                                 (803) 929-1400
                                                 rtyson@robinsongray.com
                                                 ltraywick@robinsongray.com
                                                 lstringfellow@robinsongray.com

                                                 John M. Gore (admitted *pro hac vice*)
                                                 Stephen J. Kenny (admitted *pro hac vice*)
                                                 JONES DAY
                                                 51 Louisiana Avenue, N.W.

Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
skenny@jonesday.com

*Counsel for Senate Defendants*