**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, <br><br> and <br><br> TAIWAN SCOTT, on behalf of himself and all other similarly situated persons, <br><br>               Plaintiffs, <br><br>     v. <br><br> THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission, <br><br>               Defendants. | Case No. 3:21-cv-03302-MGL-TJH-RMG <br><br> **THREE-JUDGE PANEL** <br><br><br> **MOTION FOR LEAVE TO SUBMIT DEPOSITION MATERIALS FOR *IN CAMERA* REVIEW** |

James H. Lucas (in his official capacity as Speaker of the South Carolina House of Representatives), Chris Murphy (in his official capacity as Chairman of the South Carolina House of Representatives Judiciary Committee), and Wallace H. Jordan (in his official capacity as Chairman of the South Carolina House of Representatives Redistricting Ad Hoc Committee)

1

(collectively, the "**House Defendants**"), by and through their undersigned counsel and with the consent of Senate Defendants and Election Commission Defendants, respectfully request that this Panel grant them leave to submit the exhibits associated with their upcoming Motion for Order Confirming Confidentiality Designations directly to the Panel for *in camera* review. [*See* ECF No. 123 at ¶ 6(a)(2)]. As detailed below, Plaintiffs oppose the relief requested in this Motion.

The grounds for this Motion are that later today, House Defendants will be filing a "Motion for Order Confirming Confidentiality Designations of Deposition Transcripts and Exhibits," which will request that the Panel confirm tranches of confidentiality designations that Plaintiffs have challenged within nine different deposition transcripts.[1] Specifically, Plaintiffs have challenged over 150 separate confidentiality designations within these transcripts, as well as the confidentiality designations associated with 70 exhibits to these transcripts. House Defendants respectfully submit that filing each portion of the challenged testimony, as well as each challenged exhibit, under seal[2] on the public docket would be unduly burdensome to counsel, the Clerk's Office and this Panel. Accordingly, good cause exists for granting the instant Motion.

---

[1] House Defendants submit that it is both efficient and appropriate to provide the relevant transcripts in their entirely to the Panel so that the Panel can consider the designated portions of these transcripts and exhibits in context. In aggregate, these depositions contain over 1,700 pages of testimony, exclusive of supporting exhibits.

[2] As House Defendants seek to keep these documents and transcript excerpts confidential, they are appropriate for *in camera* review—and so if they were filed on the public docket, they would have to be filed under seal. The Panel has previously directed the parties to file documents for an *in camera* review. [*See* ECF No. 221 at 2 (directing the delivery to the Panel of documents listed on the parties' privilege logs for an *in camera* review)]. On April 15, 2022, both the Plaintiffs and House Defendants submitted letters on PACER [ECF Nos. 223 and 226], followed by *ex parte* emails to the Panel with the documents at issue. However, the documents at issue on those privilege logs were not nearly as voluminous as these deposition transcripts and exhibits, and therefore they could be emailed to Chambers. The file size of the current documents at issue would prohibit transmission by email and would be extremely burdensome on the Panel if they were filed under seal.

Prior to filing this Motion, and in accordance with Local Civil Rule 7.02 (D.S.C.), counsel for House Defendants conferred with counsel for Plaintiffs, Senate Defendants, and Election Commission Defendants, and counsel for the Senate Defendants and Election Commission Defendants have confirmed that those parties consent to the relief requested herein.

Astonishingly, counsel for Plaintiffs have taken the position that Plaintiffs will not consent to the filing of these materials in any manner other than a ***public*** filing on the docket.[3] This position is in direct violation of the Confidentiality Order, specifically Paragraphs 6(a) and 8(c). [ECF No. 123 at ¶ 6(a) ("In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: . . . (2) where appropriate (e.g. in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; . . ."); *see also id.* at ¶ 8(c)(3)[4] (providing that notwithstanding a challenge to confidentiality designations, all material previously designated as confidential shall continue to be treated as such until the

---

[3] Counsel for House Defendants first raised this issue during a telephone call on Friday, July 29, 2022 with a representative of Plaintiffs' counsel. On that call, House Defendants' counsel was informed that House Defendants' counsel could expect to hear from Plaintiffs' counsel's lead spokesperson on this issue later that day. No such communication occurred, so House Defendants' counsel inquired and was told to expect a call from Plaintiffs' counsel's spokesperson on the morning of August 1, 2022. Plaintiffs' counsel's lead spokesperson then sent an email asking if the matter could wait until Tuesday, August 2, 2022; however, House Defendants' counsel responded that the issue could not wait as the deadline for House Defendants to move for an Order confirming certain confidentiality designations was today, August 1, 2022. House Defendants then circulated a proposed consent Motion prior to the expected 10:30 a.m. call with Plaintiffs' lead spokesperson. During that call, Plaintiffs' counsel advised that Plaintiffs would not consent to an *in camera* review of the relevant transcripts and exhibits, as they believed these documents should be filed on the public docket. As noted earlier, this position does not comport with the express provisions of the existing Confidentiality Order, which tracks this District's form order and was issued with the consent of all parties. Despite raising this issue with Plaintiffs' counsel, they have stood by their position that these materials should be filed publicly on the docket.

[4] Paragraphs 8(c)(1) and (2) are not at issue because House Defendants have not withdrawn their confidentiality designations and will be timely moving for an Order confirming the designations.

Court rules that the documents should no longer be designated as confidential); *Flaherty-Ortega v. Horry Cnty., S.C.*, No. CV 1:21-2866-RMG-SVH, 2021 WL 5495362 (D.S.C. Nov. 23, 2021) (interpreting a confidentiality order containing nearly identical provisions); *Bowen v. Adidas Am., Inc.*, No. CV 3:18-3118-JFA, 2021 WL 7367117, at *1 (D.S.C. June 7, 2021) (materials were submitted to the Court for *in camera* review in conjunction with the defendant's motion seeking to confirm confidentiality designations)].

Based on the foregoing, House Defendants respectfully request that the Panel grant them leave to submit these deposition materials directly[5] to the Panel for *in camera* review after their Motion for Order Confirming Confidentiality Designations of Deposition Transcripts and Exhibits is filed. House Defendants also respectfully request that the Court issue an Order directing Plaintiffs to file an expedited response to this Motion.

*[signature page follows]*

---

[5] House Defendants intend to hand deliver separate flash drives to Judge Lewis's and Judge Gergel's Chambers in South Carolina, and also intend to mail a flash drive to Judge Heytens's Chambers in Virginia containing .zip files of the transcripts and the challenged exhibits. House Defendants respectfully submit that this suggested procedure will be the most efficient method of delivering these materials to the Panel. If the Panel has a different preference, House Defendants will of course proceed as instructed by the Panel.

Respectfully submitted,

s/ Mark C. Moore
Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Hamilton B. Barber (Fed. ID No. 13306)
Michael A. Parente (Fed. ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
HBarber@nexsenpruet.com
MParente@nexsenpruet.com

William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900
Greenville, SC 29601
Telephone: 864.370.2211
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Rhett D. Ricard (Fed. ID No. 13549)
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401
Telephone: 843.720.1707
RRicard@nexsenpruet.com

August 1, 2022                    *Attorneys for James H. Lucas, Chris Murphy,*
Columbia, South Carolina         *and Wallace H. Jordan*

5