**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP,<br><br>and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>Defendants. | Case No. 3:21-cv-03302-MGL-TJH-RMG<br><br>**THREE-JUDGE PANEL**<br><br>**HOUSE DEFENDANTS' MOTION FOR ORDER CONFIRMING CONFIDENTIALITY DESIGNATIONS OF DEPOSITION TRANSCRIPTS AND EXHIBITS** |

Defendants James H. Lucas (in his official capacity as Speaker of the South Carolina House of Representatives), Chris Murphy (in his official capacity as Chairman of the South Carolina House of Representatives Judiciary Committee), and Wallace H. Jordan (in his official capacity as Chairman of the South Carolina House of Representatives Redistricting Ad Hoc Committee)

1

(collectively, the "**House Defendants**"), by and through their undersigned counsel, hereby move to confirm confidentiality designations pursuant to Paragraph 8(b) of the Consent Confidentiality Order [ECF No. 123].

## PROCEDURAL BACKGROUND

On February 3, 2022, the Honorable J. Michelle Childs, a former member of this Panel, entered a Consent Confidentiality Order (hereinafter "**Confidentiality Order**") on agreement of the parties "for the purpose of facilitating discovery." [ECF No. 123 at ¶ 11]. Since the entry of the Confidentiality Order, Plaintiffs and House Defendants have engaged in document discovery and taken numerous depositions. Document discovery began in January of this year. Both parties have designated documents as confidential. In fact, Plaintiffs have designated as confidential all but one document from their productions. Until the challenges referenced herein, no confidentiality designations have been challenged by any party.[1]

Pursuant to the Confidentiality Order, House Defendants made confidentiality designations upon receipt of the official deposition transcripts of House members and staff. On May 11, 2022, which was within five days of House Defendants' receipt of the official transcripts, House Defendants sent two letters to Plaintiffs' counsel that contained confidentiality designations for the transcripts of Chairman Murphy's and Thomas Hauger's depositions related to the House

---

[1] Plaintiffs appear to have a novel view of the Confidentiality Order. They have not challenged a single "CONFIDENTIAL" designation on a document, but now challenge the confidentiality designations of certain documents only after Plaintiffs' counsel introduced them as exhibits in depositions. They also challenge the confidentiality designations of the related deposition transcripts, but do not challenge the confidentiality designations of other, related documents. They appear to believe that just because a document has been ruled to be discoverable and related to the legislative process, it is not confidential. That is not the case and not the proper process under the Confidentiality Order. This is all despite the fact that Plaintiffs marked all but one document they produced as "CONFIDENTIAL" (none of which have yet been challenged), but then failed to provide any confidentiality designations for any of the depositions conducted thus far by other parties of witnesses aligned with the Plaintiffs.

2

district litigation. Late on Friday, May 13, 2022, Plaintiffs' counsel responded with two letters challenging nearly all the confidentiality designations made by House Defendants.[2] On Monday, May 16, 2022, the first business day after receiving the letters from Plaintiffs' counsel, House Defendants responded and set forth their interpretation of the Confidentiality Order and related law, including why their designations (if not the entire deposition transcripts) should remain confidential. House Defendants also proposed a meet and confer on the issue. On May 17, 2022, House Defendants sent two additional letters containing confidentiality designations for the transcripts of Speaker Lucas's and Emma Dean's depositions related to the House district litigation. Plaintiffs' counsel responded with similar challenges to those designations. Again, Plaintiffs' counsel never objected to a confidentiality designation for any of the documents in House Defendants' productions, let alone the ones Plaintiffs' counsel chose to use as exhibits in the relevant depositions.

On May 18, 2022, House Defendants and Plaintiffs entered into a joint stipulation and agreed "that the five-day deadline to move for an Order confirming confidentiality designations, as provided for in Paragraph 8(b) of the Confidentiality Order [ECF No. 123], shall be tolled while the legislative process related to the enactment of the Settlement Maps remains ongoing." [ECF No. 270 at 2]. The joint stipulation was valid until the "enactment of the Settlement Maps or July 31, 2022, whichever [was] earlier." *Id.* The Settlement Maps were signed into law by Governor McMaster on June 17, 2022 and were enacted in Act No. 226 on June 28, 2022.

---

[2] House Defendants remain puzzled as to why Plaintiffs' counsel insist on challenging confidentiality designations for depositions related to the House Districts enacted in Act No. 117. As this Panel is aware, Plaintiffs are no longer challenging those House Districts. And, as the parties are currently engaged in discovery on the Challenged Congressional Districts, Plaintiffs have the opportunity to take additional depositions relevant to the Congressional plan if they so choose.

3

Then, late in the afternoon on July 1, 2022, Plaintiffs' counsel sent an email purporting to provide written notice of challenges to House Defendants' confidentiality designations. With this email, Plaintiffs' counsel attempted to start the clock on the five-day time period for House Defendants to move for an Order confirming the confidentiality designations and told House Defendants' counsel that the "ball is in your court." House Defendants disputed that this email constituted proper written notice and questioned the timing of this email, which was sent on the eve of the July 4th holiday weekend. Plaintiffs' counsel agreed to toll House Defendants' deadline to move for an Order and further agreed to discuss the matter.

Counsel for House Defendants and Plaintiffs participated in a meet and confer on July 8, 2022, but were unable to resolve their differences on this issue. During this meet and confer, Plaintiffs' counsel suggested that the public should have access to all of the depositions and documents that deal with the legislative process. House Defendants strongly disagreed and sent a follow-up letter to Plaintiffs' counsel on July 11, 2022, which detailed the positions outlined in this Motion and requested that Plaintiffs withdraw their challenges to House Defendants' confidentiality designations. It appears that Plaintiffs' counsel views this Court's ruling allowing for the discovery of documents and information that would otherwise be subject to legislative privilege[3] as conclusively resolving a separate and distinct issue—namely, whether these normally privileged documents and information related thereto should remain confidential despite the fact that the Court has only allowed an intrusion into that privilege for the limited purposes addressed in the Court's Order concerning legislative privilege.[4]

---

[3] *See* ECF No. 153.

[4] On July 26, 2022, House Defendants and Senate Defendants, with the consent of the Election Defendants, jointly moved for a separate Confidentiality Order [ECF No. 308] that expressly covers legislatively privileged materials, including the depositions and exhibits with

On July 11, 2022 and July 21, 2022, House Defendants sent additional letters regarding the depositions of Speaker Lucas, Chairman Murphy, Representative Newton, and Emma Dean. All parties participated in a meet and confer on July 22, 2022, but Plaintiffs' counsel remained unwilling to withdraw their challenges to the confidentiality designations of both the deposition transcripts and exhibits, apparently remaining steadfast in their belief that if they can discover legislatively privileged documents and information, then such documents and information are entitled to no protection at all. Plaintiffs agreed to toll the five-day deadline associated with the instant Motion until August 1, 2022, and while House Defendants attempted to avoid judicial intervention on the issue of confidentiality designations, they are now compelled to file this Motion because Plaintiffs continue to challenge these confidentiality designations.

As noted above, Plaintiffs have not challenged any of House Defendants' confidentiality designations associated with the production of documents. Instead, they have taken the position that because the documents were either introduced as exhibits or discussed during a deposition, they lose their confidential status and related protection, and the portions of transcripts in which they are discussed are *per se* non-confidential. Obviously, the introduction or discussion of confidential material in a deposition does not render the material non-confidential. In addition, the Court's prior ruling on legislative privilege does not vitiate the confidential status of all documents produced by House Defendants and all related testimony elicited from witnesses. Put simply, the positions taken by Plaintiffs that necessitated the filing of this Motion are wasteful of both counsels' and the Court's resources at a time when all of the parties are attempting to complete

---

confidentiality designations at issue in this Motion. While briefing has not yet concluded on that Motion, the Panel has ordered an expedited response from Plaintiffs. If the Panel ultimately issues a separate Confidentiality Order covering legislatively privileged materials, many (if not most) of the designations at issue herein would also be covered by that Order.

5

discovery and to prepare for a quickly approaching trial—particularly when the issues addressed herein have nothing to do with the admissibility of the documents and testimony at issue.[5]

### ARGUMENT

On February 10, 2022, this Court ordered House Defendants to produce documents that would otherwise be subject to the legislative privilege. [ECF No. 153]. The Court reasoned that because Plaintiffs had alleged violations of constitutional rights, and because legislatively privileged information was relevant for Plaintiffs to prove their case, Plaintiffs were entitled to discover material that was otherwise legislatively privileged. *See id.* (citing *Bethune-Hill v. Va. State Bd. Of Elections*, 114 F. Supp. 3d 323, 337 (E.D. Va. 2015) (the application of the "*Bethune-Hill* factors" weighed in favor of compelled disclosure of otherwise legislatively privileged documents for the purposes of discovery). While that ruling is significant, it does not alter state statutes concerning the confidential nature of the documents at issue. Moreover, it did not strip the confidential status from documents that were produced by House Defendants and appropriately designated as confidential—specifically, documents and testimony subject to the South Carolina Freedom of Information Act (S.C. Code Ann. § 30-4-10 *et al.*, hereinafter **"South Carolina FOIA"**).

**A. House Defendants' Confidentiality Designations Are Proper Under the Confidentiality Order and Are Exempt from Disclosure Under the South Carolina FOIA.**

House Defendants maintain that all of their confidentiality designations associated with the depositions of Speaker Lucas, Chairman Murphy, Representative Newton, Ms. Dean, and Mr.

---

[5] During their meet and confers, the parties discussed the possibility of jointly agreeing to delay any litigation related to confidentiality designations until after the upcoming trial given the truncated schedule and the limited time period between the close of discovery and the beginning of trial. Plaintiffs ultimately declined to agree to this proposal. However, House Defendants have no objection to the Court staying briefing on these issues until after the conclusion of trial.

Hauger are proper under the Confidentiality Order. [ECF No. 123]. Paragraph 3 of the Confidentiality Order specifies when documents may be designated as confidential and allows a party to "designate documents as confidential but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, . . ." among other things. *Id.* at ¶ 3. As House Defendants' counsel explained during multiple meet and confer sessions and in letters to Plaintiffs' counsel, the South Carolina FOIA provides the right to inspect or copy public records, subject to specific exceptions that are exempted from disclosure. These statutory exemptions include the following:

1. **Legislative material** including memoranda, correspondence, and working papers in the possession of individual members of the General Assembly or their immediate staffs;
2. **Personal material** including information of a personal nature where the public disclosure thereof would constitute unreasonable invasion of personal privacy; and
3. **Legal material** including correspondence or work products of legal counsel and any other material that would violate attorney-client relationships.

*See* S.C. Code Ann. § 30-4-40 (setting forth matters exempt from disclosure).

These exemptions "allow public agencies the discretion to withhold exempted materials from public disclosure." *Burton v. York Cnty. Sheriff's Dep't*, 358 S.C. 339, 348, 594 S.E.2d 888, 893 (Ct. App. 2004). The "determination of whether documents or portions thereof are exempt from the FOIA must be made on a case-by-case basis." *Id.* (citing *City of Columbia v. ACLU*, 323 S.C. 384, 475 S.E.2d 747 (1996); *Newberry Publ'g Co. v. Newberry County Comm'n on Alcohol & Drug Abuse*, 308 S.C. 352, 417 S.E.2d 870 (1992)).

After carefully reviewing each deposition transcript and the related exhibits, House Defendants made confidentiality designations on a case-by-case basis. Because the portions of

deposition transcripts[6] and exhibits that were designated as confidential each fit within one of these three statutory exemptions, the designations are all proper and should be confirmed.

### a. Legislative Material

First, the South Carolina FOIA expressly exempts from disclosure "[m]emoranda, correspondence, and working papers in the possession of individual members of the General Assembly or their immediate staffs . . . ." S.C. Code Ann. § 30-4-40(a)(8). This would include the internal emails and files from House members and their staff, all of which were designated as confidential. Furthermore, these documents are also protected by legislative privilege and were only produced as a result of this Court's Order. *See* ECF No. 153. The fact that the Panel held that these documents were discoverable is not tantamount to a ruling that the documents are entitled to no protection at all. In fact, the Court's February 10, 2022 Order [ECF No. 153] (which was incorporated into the Panel's July 8, 2022 Order) specifically noted that the "court must be wary of any intrusion which subjects legislators to unnecessary and burdensome disclosure requirements and detracts from their representative functions." [ECF No. 153 at 15]. Thus, while such legislatively privileged material may be discoverable, it is nonetheless confidential. Indeed, any use of these depositions or the related exhibits outside of this litigation would constitute an unnecessary intrusion into the legislative process.

The Confidentiality Order also covers research, development, or commercial information. While the Confidentiality Order does not expressly cover legislative information, House Defendants submit that this language, which is normally used in the business context, is directly

---

[6] Further, deposition transcripts are not public documents that are part of the public process. Legislators and staff sat for depositions based on this Panel's Orders regarding legislative privilege. [ECF Nos. 153 and 299]. The deposition transcripts themselves were then ordered by counsel at substantial cost. These transcripts remain in the possession of counsel and, therefore, should not be publicized.

8

analogous to materials that would be covered by legislative privilege in the legislative context.

During the depositions of legislators and staff, Plaintiffs' counsel extensively questioned deponents about the legislative process and introduced numerous exhibits that contained confidential markings because they are internal legislative documents.[7] Plaintiffs' counsel inquired about conversations between and among House members, including Speaker Lucas, Chairman Jordan, Chairman Murphy, and the members of the Redistricting Ad Hoc Committee and between House Members and legislative staff, including Patrick Dennis, Emma Dean, and Thomas Hauger. Among the questions asked and areas explored were the development of the Redistricting Ad Hoc Committee's criteria and guidelines, map room policies and procedures, the internal map room process, and discussions surrounding the legislative process. This is internal legislative correspondence between individual members, between members and staff, and between legislative staff.

In addition, the exhibits that have been marked confidential are memoranda and working papers of the House members and their legislative staff. These documents are not publicly available documents and would not be available under a South Carolina FOIA request. Such documents include internal House emails between House members and staff, legislators' notes,

---

[7] As noted above, given the positions taken by Plaintiffs during multiple meet and confers, House Defendants and Senate Defendants, with the consent of the Election Defendants, jointly moved for a separate Confidentiality Order on July 26, 2022 [ECF No. 308]. The proposed Confidentiality Order expressly covers legislatively privileged materials, including depositions of legislators and legislative staff and documents that were produced pursuant to the Orders [ECF Nos. 153 and 299] requiring the disclosure of legislatively privileged materials. The Court has directed Plaintiffs to file a response to that Motion by August 3, 2022. If the Court grants that Motion and issues the proposed Confidentiality Order, then House Defendants will immediately invoke the protections of that Order by designating the vast majority of materials challenged herein as confidential under that Confidentiality Order as well. And, while Plaintiffs could then conceivably challenge some portion of those designations, such a process may well eliminate a substantial portion of the challenged designations and obviate the need for the laborious review of all of the transcripts and documents that are at issue in this Motion.

personal text message and email communications, and other internal documents that Plaintiffs have only received as a result of the Panel's Orders. [ECF Nos. 153 and 299]. These documents are protected from disclosure under the South Carolina FOIA and are, therefore, properly designated as confidential under the current Confidentiality Order. [ECF No. 123].

While House Defendants have reviewed each of these designations and made individualized determinations, it would be incredibly burdensome on the Court and House Defendants to explain each individual designation through briefing. Therefore, in light of the sheer volume of Plaintiffs' challenges, House Defendants have categorized each confidentiality designation under one of the statutory exemptions discussed above. House Defendants also request leave to discuss certain designations that might be at issue during oral argument after the Panel has had the opportunity to conduct an *in camera* review of the designated material.

The following confidentiality designations[8] are statutorily exempt because they each constitute correspondence, working papers, or memoranda of House members and legislative staff:

- Emma Dean (House)
    - Exhibits 3, 4, and 8-13
    - 148:21 – 153:8, 163:4 – 211:3, 217:21 – 228:4, 234:23 – 254:21, 257:5 – 272:18
- Emma Dean (Congressional)
    - Exhibits 1, 3-6, and 8-9
    - 20:10-23, 25:10 – 34:24, 37:2 – 40:4, 55:23 – 60:22, 62:21 – 68:21; 70:10 – 80:14; 83:14 – 86:22, 89:17 – 95:15, 96:21 – 101:15, 108:25 – 111:16, 112:10 – 120:10
  - Weston Newton (Congressional)
    - 27:15 – 30:21, 34:3–21, 70:14 – 73:10, 75:24 – 76:1, 76:23 – 77:15, 80:25 – 81:13, 97:2–7, 134:24 – 136:16, 153:11–17, 164:23–24, 166:24 – 167:12, 190:15-22

---

[8] The transcripts and exhibits at issue will be submitted to the Panel for an *in camera* review. Due to the size of the files containing the transcripts and exhibits, House Defendants intend to submit the files to Chambers on a flash drive. As explained in House Defendants' Motion for Leave to Submit Deposition Materials for *In Camera* Review, [ECF No. 313], House Defendants intend to hand deliver separate flash drives to Judge Lewis and Judge Gergel, and mail one to Judge Heytens. If the Panel has a different preference, House Defendants will of course proceed as instructed by the Panel. House Defendants do, however, believe their suggested method of delivery will be the most efficient way to provide this voluminous material to the Panel for *in camera* review.

- Chris Murphy (House)
  - Exhibits 3, 5, and 15
  - 98:10 – 24, 102:5 – 9, 110:24, 121:18 – 123:13, 144:21 – 150:12, 271:18 – 274:2, 291:25 – 292:4, 292:12 – 15, 291:25 – 292:4, 292:12 – 15
- Chris Murphy (Congress)
  - Exhibits 1-3 and 6
  - 22:16 – 24:10, 24:18 – 25:17, 41:6 – 43:16, 50:11 – 51:21, 84:5 – 87:15, 109:18-22, 110:3
- Jay Lucas (House)
  - Exhibits 15, 16, 18, 19, 21, 22, 24, 25, 32, 34, 36, 37, and 42
  - 43:6-44:18, 60:9-61:14, 62:8-75:10, 116:1-119:22, 127:1-132:8, 136:17-139:6, 140:9-145:16, 152:18-156:14, 161:9-162:3, 164:2-165:13, 168:1-169:2, 175:5-179:3, 187:11-188:18, 199:4-199:24, 201:15-202:3, 206:14-207:16, 213:2-214:24, Index page 21
- Jay Lucas (Congressional)
  - Exhibits 13, 14, and 16
  - 18:3 – 19:22, 20:4 – 22:25, 23:17 – 34:25, 35:6 – 36:17, 39:11 – 40:7, 42:14 – 24, 46:13 – 21, 64:20 – 21, 71:20 – 23, 98:11 – 16, 101:8 – 101:15, 105:4 – 107:11, 108:11 – 18, 109:12 – 110:4, 110:8 – 111:7, 116:24 – 120:13, 120:20 – 121:3, 123:7 – 14, 123:20 – 124:6
  - Index page 13
- Thomas Hauger (House)
  - Exhibits 1, 2, 5, 7 – 16
  - 27:15 – 30:21, 36:3 – 37:17, 98:21 – 100:12, 106:8 – 106:21, 109:15 – 110:21, 111:9 – 112:23, 114:5 – 116:17, 132:6 – 141:4, 151:13 – 152:20, 157:12 – 158:13, 167:18 – 170:19
- Thomas Hauger (Congressional)
  - Exhibits 1, 3, 6 – 10
  - 21:7 – 29:8, 29:19 – 31:1, 32:2 – 35:18, 39:20-22, 42:4 – 49:25, 51:11 – 52:11, 55:24 – 57:6, 58:5 – 79:10, 80:1 – 81:9, 82:2 – 89:13, 89:25 – 94:1, 95:5-11, 99:5 – 118:13, 122:19 – 123:12, 126:9 – 129:14, 130:15 – 144:8

House Defendants note that if a newspaper sent a FOIA request to the South Carolina House of Representatives for the documents at issue (and/or for the portions of the transcripts specified above), the legislative privilege and South Carolina FOIA exemptions would apply. The House of Representatives would assert this FOIA exemption and refuse to comply with the newspaper's request because the underlying information, which is not part of the public record, is comprised of internal communications of legislators and staff.

11

While House Defendants respectfully disagree with the Panel's rulings on the discoverability of legislative privilege, the fact remains that Plaintiffs have received otherwise privileged documents and information through discovery strictly as a result of these rulings. In addition, while Plaintiffs also received other documents and information covered by the South Carolina FOIA exemptions (for example, personal information), that information is likewise not publicly available and Plaintiffs received it strictly because it is generally discoverable in litigation. That being said, given the South Carolina FOIA exemptions and the provisions of the existing Confidentiality Order, these documents are confidential and the testimony concerning them should be treated as such.

### b. Personal Material

The South Carolina FOIA also exempts from disclosure "[i]nformation of a personal nature where the public disclosure thereof would constitute unreasonable invasion of personal privacy." S.C. Code Ann. § 30-4-40(a)(2). Because this exemption does not specifically list or define the types of records, reports, or other information that should be classified as personal or private information, general privacy principles must be applied, and the interest of the individual's privacy must be balanced against the interest of the public's need to know. *See Burton v. York Cnty. Sheriff's Dep't*, 358 S.C. 339, 352, 594 S.E.2d 888, 895 (Ct. App. 2004). The South Carolina Supreme Court has defined the "right to privacy" as the right of an individual to be left alone and to live a life free from unwarranted publicity. *Sloan v. South Carolina Dep't of Pub. Safety*, 355 S.C. 321, 586 S.E.2d 108 (2003).

The South Carolina Court of Appeals has held that information such as "home addresses, personal telephone numbers, and personal email addresses are '[i]nformation of a personal nature where the public disclosure thereof would constitute unreasonable invasion of personal privacy and are exempt from disclosure under section 30-4-40(a)(2).'" *Glassmeyer v. City of Columbia*,

414 S.C. 213, 223, 777 S.E.2d 835, 840 (Ct. App. 2015). Under this exemption, "the public body must determine whether the information requested is personal and whether disclosure would constitute an unreasonable invasion of personal privacy." *S.C. Lottery Comm'n v. Glassmeyer*, 433 S.C. 244, 251, 857 S.E.2d 889, 893 (2021). In addition, the "reason for requesting the information is important for the circuit court to consider in its determination of whether the exemption applies." *Id.* at 253, 857 S.E.2d at 894.

Among House Defendants' confidentiality designations is correspondence that includes personal email addresses, personal text messages, and other personal information. The disclosure of these documents and information would constitute an unreasonable invasion into the privacy of House members and their staff. In addition, House Defendants have designated portions of depositions that discuss personal health issues of certain House members. Notwithstanding that the Confidentiality Order specifically allows "sensitive personal information" to be designated as confidential, [ECF No. 123 at ¶ 3], such information is separately exempt from disclosure under this South Carolina FOIA provision.

Plaintiffs have also failed to provide an adequate explanation as to why they are seeking to strip confidentiality protections from documents and information that they already have access to through discovery, especially when considering that Plaintiffs have the ability to fully use the information for the purposes of this litigation at trial. Because Plaintiffs have not, and cannot, provide an adequate explanation, House Defendants' right to privacy outweighs Plaintiffs' desire to unjustifiably and unreasonably intrude into the privacy of House members and staff.

The following confidentiality designations should be confirmed because they each fall under this statutory exemption as information of a personal nature:

- Emma Dean (Congressional)
    - Exhibit 9 (contains names, emails, and phone numbers of members of the

- members of the public who signed up to testify at public hearings)
- Weston Newton (Congressional)
  - Exhibits 4 & 5
  - 20:1, 69:9–12, 92:19–25, 97:11–13, 122:4 – 134:4, 134:4–10, 192:19 – 193:20, 196:19–20, 197:19–21, 201:3–4, 206:25 – 207:1, 207:8 – 208:17
- Chris Murphy (House)
  - Exhibit 13
  - 5:14 – 24, 47:8 – 49:20, 54:19, 62:8, 201:20 – 267:11, 276:3 – 280:5, 283:11 – 284:7, 293:22 – 24, Index pages 19, 21, and 22
- Chris Murphy (Congress)
  - Exhibit 2
  - 5:8-17, 38:21-24, 40:5-15, 41:6 – 43:16, 84:5 – 87:15, 99:21 – 100:10, 109:18-22
- Jay Lucas (House)
  - Exhibit 11
  - 213:2-214:24, Index page 21
- Jay Lucas (Congressional)
  - Exhibit 16
  - 54:14 – 55:13, 116:24 – 120:13, 120:20 – 121:3
  - Index page 13
- Thomas Hauger (Congressional)
  - Exhibit 3

### c. Legal Material

Finally, House Defendants have designated as confidential portions of the depositions that include a series of questions where Plaintiffs' counsel attempted to improperly intrude into the attorney-client relationship by directly questioning witnesses about Nexsen Pruet's legal advice to their clients. House Defendants' counsel objected to nearly every question on this topic. These designations are proper because the South Carolina FOIA also expressly exempts from disclosure "[c]orrespondence or work products of legal counsel for a public body and any other material that would violate attorney-client relationships." S.C. Code Ann. § 30-4-40(a)(7). Public disclosure of such information discussed in depositions would violate the attorney-client relationship between House Defendants' and their counsel.

Plaintiffs have deposed Emma Dean, Chief Counsel to the House Judiciary Committee, in both the House district and Congressional district litigation. In that role, Ms. Dean is an attorney

14

to the Judiciary Committee and its subcommittees, including the House Redistricting Ad Hoc Committee. Thus, Ms. Dean provides legal advice to her clients that include Chairman Murphy, Chairman Jordan, and Representative Newton, each of whom have also been deposed.

During the depositions of legislators and staff attorneys, Plaintiffs' counsel attempted to inquire about the legal advice provided by staff attorneys and by outside counsel. In nearly every deposition conducted thus far, Plaintiffs' attorneys have inquired about communications between legislators, staff, and staff counsel, which includes Ms. Dean, Patrick Dennis (General Counsel to the House of Representatives), Roland Franklin (Assistant Chief Counsel to the Judiciary Committee), and James "Jimmy" Hinson (Assistant Chief Counsel to the Judiciary Committee). For example, Plaintiffs' counsel has asked nearly every deponent about legal analyses that were done in the redistricting process, how legal advice was given during the process, and who gave such legal advice.

While none of the deponents have waived the attorney-client privilege, Plaintiffs' counsel has attempted to inquire about privileged materials. For example, Ms. Dean was forced to assert privilege throughout her depositions as Plaintiffs' counsel asked about legal advice that Ms. Dean provided to her clients or privileged communications Ms. Dean had with the other staff attorneys or outside counsel. Such inquiries invade on the attorney-client relationship, and to publicize them would further violate that relationship.

Of course, such discussions between attorneys and their clients are of such a sensitive nature as there are privilege waiver concerns. Out of an abundance of caution and in order to avoid any waiver of privilege, House Defendants may need to address issues related to this category of information either in a sealed hearing, or if the Panel prefers, in a sealed memorandum after the Panel conducts its *in camera* review. Again, such communications between legislators and staff

15

attorneys are also likely legislatively privileged and, if the Panel issues a separate Confidentiality Order protecting such information [ECF No. 308], many if not most of these items would be covered by such an Order.

The following confidentiality designations should be confirmed because they each fall under this statutory exemption as correspondence or work product of legal counsel for a public body and any other material that would violate attorney-client relationships:

- Emma Dean (House)
    - 12:8 – 21:17, 97:6 – 107:25, 109:24 – 112:15, 122:7 – 125:8, 128:18 – 147:25
- Emma Dean (Congressional)
    - 43:25 – 45:18, 70:10 – 80:14, 83:14 – 86:22; 112:10 – 120:10
- Weston Newton (Congressional)
    - 40:9–24, 111:16 – 114:19
- Chris Murphy (House)
    - Exhibits 7-12 and 14 (Exhibit 14 has since been clawed back by House Defendants as outside the relevant time period and privileged)
    - 128:10 – 129:23, 140:8 – 18, 181:8 – 200:17, 268:12 – 270:25, 292:20 – 293:21; 293:25 – 294:4
- Chris Murphy (Congressional)
    - Exhibits 2, 3, and 6
    - 109:18-22
- Jay Lucas (House)
    - Exhibits 10, 11, and 22
    - 62:8-75:10
- Jay Lucas (Congressional)
    - Exhibit 15 (Exhibit 15 has since been clawed back by House Defendants as outside the relevant time period and privileged)
    - 115:21 – 116:23
- Thomas Hauger (House)
    - 65:14 – 66:23, 67:8 – 69:11, 145:6 – 146:3
- Thomas Hauger (Congressional)
    - Exhibits 1 & 4
    - 14:17 – 15:15, 16:1-13, 16:22 – 17:18

## CONCLUSION

Based on the foregoing, House Defendants respectfully request that this Panel confirm all of the confidentiality designations at issue because they are protected from disclosure by statute.

*[signature page follows]*

Respectfully submitted,

*s/ Mark C. Moore*
Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Hamilton B. Barber (Fed. ID No. 13306)
Michael A. Parente (Fed. ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
HBarber@nexsenpruet.com
MParente@nexsenpruet.com

William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900
Greenville, SC 29601
Telephone: 864.370.2211
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Rhett D. Ricard (Fed. ID No. 13549)
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401
Telephone: 843.720.1707
RRicard@nexsenpruet.com

August 1, 2022
Columbia, South Carolina                 *Attorneys for House Defendants*