**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

|  |  |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS C. ALEXANDER, *et al.*, <br><br> Defendants. | Case No.  3:21-cv-03302-MGL-TJH-RMG <br><br> **THREE-JUDGE PANEL** |

**PLAINTIFFS' RESPONSE TO HOUSE DEFENDANTS' MOTION**
**FOR ORDER CONFIRMING CONFIDENTIALITY DESIGNATIONS**
**OF DEPOSITION TRANSCRIPTS AND EXHIBITS**

House Defendants continue to try to keep relevant evidence about redistricting hidden from the public, including the very voters that redistricting will impact.  Their latest motions (ECF Nos. 313 & 314)—to confirm certain confidentiality designations related to deposition testimony and underlying exhibits, and force in-camera review of relevant documents—fail to address this Circuit's governing standards for confidentiality, with the concomitant requirements to file documents under seal and bar the public from the courtroom.  These matters are addressed at length in Plaintiffs' August 3, 2022 opposition (ECF No. 316) to House and Senate Defendants' recent motion, which is incorporated by reference.   House Defendants make four arguments that are either inappropriate or overbroad.

*First*, House Defendants spend several pages complaining that Plaintiffs did not object to certain confidentiality designations when the relevant documents were first produced.  ECF No. 314 at 1–6.  But the Confidentiality Order is clear: "Challenges to the confidentiality of documents

may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation." ECF No. 123 at 7. And with respect to almost every relevant deponent, Plaintiffs objected within a week of House Defendants' designations, or (in the case of State House map depositions) when the relevant discovery stay expired.

*Second*, House Defendants again argue that legislative privilege can shield certain information from the public. ECF No. 314 at 8-12. Not only has the court ruled on this issue multiple times, but House Defendants repeat the arguments in their recently-filed Motion for Confidentiality Order Specific to Legislative Privilege. ECF No. 308. Accordingly, Plaintiffs direct the court to their response to that motion, which details why the public's right to access to the courts—and the burden and harms of a constantly opening and closing trial to account for a closed record—which militate against confidentiality. ECF No. 316.[1]

*Third*, House Defendants claim confidentiality over "Legal Material" raised in certain depositions. ECF No. 304 at 14–16. They claim that the confidentiality stems from South Carolina's statutory FOIA law which precludes public disclosure of work product and attorney-client communications. *Id.* at 14 (citing S.C. Code Ann. § 30-4-40(a)(7)). In other words, House Defendants argue that if a piece of testimony is privileged, it is also confidential. But, even assuming the South Carolina FOIA creates such a protection in this case, none of the discussions at issue covered privileged information. Rather, they mainly address the roles of certain individuals during the mapmaking process. Indeed, in every instance but one, House Defendants did not contemporaneously object to the question or answer on privilege grounds during the deposition. Nor did House Defendants subsequently seek a protective order over those questions

---

[1] Plaintiffs' Response to House Defendants earlier confidentiality motion also disposes of their inapposite South Carolina FOIA argument with respect to legislative privilege.

and answers, as required under Local Rule 30.04(C). Therefore, any non-existent privilege is waived.[2] Similarly, if exhibits were used as part of those questions, House Defendants produced those exhibits themselves, thereby waiving any privilege as well. This backdoor, *post-hoc* attempt to claim privilege over certain testimony and documents is inappropriate.

*Fourth*, House Defendants claim that certain "Personal Material" is confidential. ECF 314 at 12–14. To the limited extent that the designations cover email addresses, personal health information, and the names of private individuals, Plaintiffs have no objection to such information remaining confidential.[3] But the remaining designations implicate no privacy interests whatsoever. These documents fall in the following categories:

- Discussions of text messages and emails clearly related to redistricting (which this Court concluded were discoverable and House Defendants produced *with redactions for relevance already applied*): Newton Congressional Dep. Tr. 69:9–12, 122:4 – 134:4; Chris Murphy House Dep. Tr. 201:20 – 267:11, 276:3 – 280:5, 283:11 – 284:7, 293:22 – 24; Lucas House Dep. Tr. 213:2-214:24; Lucas Congressional Dep. Tr. 54:14–55:13, 116:24–120:13, 120:20–121:3.

- Entire underlying exhibits or even mere references to exhibits or individual words in deposition transcript indices: Newton Congressional Dep. Tr. Exhibits 4 and 5; Chris Murphy House Dep. Tr. Index pages 19, 21, and 22, Exhibit 13; Chris Murphy

---

[2] In the other instance, counsel instructed the witness not to answer, "if he knows," and the witness answered that he did not know. Counsel did not renew the objection. Chris Murphy House Dep. Tr. 268:12–270:25.

[3] These designations are: Newton Congressional Dep. Tr. 20:1, 69:9–12, 92:19–25, 97:11–13, 122:4 – 134:4, 134:4–10, 192:19 –193:20, 196:19–20, 197:19–21, 201:3–4, 206:25–207:1, 207:8–208:17; Chris Murphy House Dep. Tr. 5:14–24, 47:8–49:20, 54:19, 62:8; Chris Murphy Congressional :Dep. Tr. 5:8–17, 38:21–24, 40:5–15, 41:6–43:16, 84:5–87:15, 99:21–100:10.

Congressional Dep. Tr. 109:18–22; Lucas Congressional Dep. Tr. Index page 13, Exhibit 16; Lucas House Dep. Tr. 213:2–214:24, Index page 21; Hauger Congressional Dep. Exhibit 3.

- Chris Murphy's entire House deposition transcript, which would make witness examination and impeachment unnecessarily difficult: Chris Murphy Congressional Dep. Tr. Exhibit 2.

The vast majority of these designations for so-called "personal privacy" are merely relevant discussions about congressional redistricting, a matter of public concern, and documents that are unhelpful or embarrassing to House Defendants. Put mildly, this is not a ground to hide such discussions from the public. *Singletary v. Wells Fargo Wachovia Mortg. Corp.*, CV 2:11-0484-RMG-BM, 2012 WL 13000539, at *4 (D.S.C. Oct. 11, 2012) (rejecting request to seal deposition testimony in racial discrimination case that may be "embarrassing or humiliating" because it does not "overcome the common law presumption" in favor of access to courts); *see also Bethune-Hill v. Virginia State Bd. of Elections*, 141 F. Supp. 3d 505, 556 (E.D. Va. 2015), *aff'd in part, vacated in part*, 137 S. Ct. 788, 197 L. Ed. 2d 85 (2017) (citing to trial testimony from legislator in redistricting case following rejected legislative privilege assertion).

## CONCLUSION

These motions represent two more of numerous requests by the House Defendants to try to litigate this case in secret. Discovery cutoff in this case is in ten days, and trial is six weeks away. The motions should be denied.

Plaintiffs take no position on Defendants' request that the Court review all of these materials *in camera* (ECF No. 303). If the Court considers it necessary to conduct *in camera* review, Plaintiffs respectfully request additional briefing and/or a hearing to discuss each

4

designation and their basis for objecting to the confidentiality designation.

*[signature pages follow]*

Dated: August 3, 2022

Respectfully submitted,

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Santino Coleman*** Fed. ID. 11914
Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Adriel I. Cepeda Derieux**
Samantha Osaki**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com

*Motion for admission Pro Hac Vice
forthcoming*
**Admitted Pro Hac Vice*
***Mailing address only (working remotely
from South Carolina)*

/s/ Allen Chaney
Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Christopher J. Bryant, Fed. ID 12538
BOROUGHS BRYANT, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

Jeffrey A. Fuisz**
Paula Ramer**
Andrew R. Hirschel**
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

*Counsel for Plaintiffs the South Carolina
Conference of the NAACP and Taiwan Scott*

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes**
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

*Motion for admission Pro Hac Vice
forthcoming or pending
** Admitted Pro Hac Vice


*Counsel for Plaintiff the South Carolina
Conference of the NAACP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 9, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

<u>/s/ Allen Chaney</u>
Allen Chaney