IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, <br><br> and <br><br> TAIWAN SCOTT, on behalf of himself and all other similarly situated persons, <br><br>      Plaintiffs, <br><br>   v. <br><br> THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission, <br><br>      Defendants. | Case No. 3:21-cv-03302-MGL-TJH-RMG <br><br> **THREE-JUDGE PANEL** <br><br><br> **HOUSE DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION FOR ORDER CONFIRMING CONFIDENTIALITY DESIGNATIONS** |

  Defendants James H. Lucas (in his official capacity as Speaker of the South Carolina House

of Representatives[1]), Chris Murphy (in his official capacity as Chairman of the South Carolina

---

[1] On May 12, 2022, James H. Lucas stepped down as Speaker of the South Carolina House of Representatives. The current Speaker of the House is Representative G. Murrell Smith, Jr.

House of Representatives Judiciary Committee), and Wallace H. Jordan (in his official capacity as Chairman of the South Carolina House of Representatives Redistricting Ad Hoc Committee) (collectively, the "**House Defendants**"), by and through their undersigned counsel, hereby reply to Plaintiffs' response in opposition (ECF No. 319) ("**Response**") to House Defendants' Motion for Order Confirming Confidentiality Designations of Deposition Transcripts and Exhibits (ECF No. 314) ("**Motion**").

## ARGUMENT

### A.     Procedures Under the Confidentiality Order

In their Response, Plaintiffs begin by conspicuously omitting portions of the Confidentiality Order (ECF No. 123) that contradict their positions. (ECF No. 319 at 1-2). Plaintiffs initially note that "the Confidentiality Order is clear" when attempting to justify their delay in objecting to House Defendants' confidentiality designations, yet they completely fail to acknowledge (much less address) the procedures set forth in the Confidentiality Order – which they consented to – when accusing House Defendants of trying to "force in-camera review of relevant documents." *Id.* at 1. Indeed, Paragraph 6(a)(2) clearly sets forth the procedure applicable to the instant Motion: "In the event a party seeks to file any material that is subject to protection under this Order with the court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure including: . . . (2) where appropriate (*e.g.* in relation to discovery . . . motions), submitting the documents for in camera review . . ." (ECF No. 123 at 4).[2] It is particularly telling that after House Defendants made this point in their Motion for

---

[2] Subsections (1) and (3) to Paragraph 6(a) are inapplicable here because Plaintiffs have not consented to House Defendants filing redacted documents, and seeking to file the documents at issue under seal is unnecessary because notwithstanding the burden associated with filing the voluminous materials at issue under seal, "the preceding measures" (e.g., submitting the documents solely for *in camera* review) are adequate. *Id.* at 4-5.

2

Leave to Submit Deposition Materials for In Camera Review (ECF No. 313 at 3), Plaintiffs backtracked on their opposition[3] to this request and now "take no position" on it—presumably because Plaintiffs now recognize that the requested procedure is clearly set forth in a court order that Plaintiffs themselves consented to. Respectfully, House Defendants request that the Panel follow the procedures set forth in the Confidentiality Order and proceed to review the materials at issue *in camera* because there is no better way for the Panel to efficiently address the issues raised in House Defendants' Motion.

### B. Materials Protected From Public Disclosure by Legislative Privilege and the South Carolina FOIA

In an apparent and unfortunate effort to sow confusion, engage in misdirection, and attempt to distract from the weaknesses in their arguments, Plaintiffs again resort to conflating the issues of discoverability, admissibility, and confidentiality with respect to materials covered by legislative privilege, all of which are also protected from public disclosure by statute. *See* S.C. Code Ann. § 30-4-40. Regarding legislative privilege, Plaintiffs simply "direct the court to [a previously-filed] response" that was wrought with bluster, exaggeration, and alarmist tactics notwithstanding the fact that Plaintiffs themselves have designated nearly every document they have produced as confidential. (ECF No. 319 at 2). Indeed, Plaintiffs fail to offer any substantive response to House Defendants' arguments on this issue, nor do they cite to any authority suggesting that these materials, which are also protected from public disclosure by statute, should be given no

---

[3] As noted in House Defendants' Motion for Leave to Submit Deposition Materials for *In Camera* Review, Plaintiffs initially took the position that they would not consent to the filing of the materials at issue in any manner other than a ***public*** filing on the docket (ECF No. 313 at 3)—a position that directly violated the express terms of the Confidentiality Order. It is unfortunate that Plaintiffs continue to engage in gamesmanship rather than engage directly on the applicable law with respect to confidentiality designations.

confidentiality protections whatsoever after being pierced to some degree.[4] In contrast, House Defendants have cited to multiple redistricting cases, which Plaintiffs completely failed to address, supporting the position that legislatively privileged materials are still entitled to confidentiality protections despite being discoverable.[5] Simply put, this issue should be decided on the law without regard to Plaintiffs' scare tactics.

As to the South Carolina FOIA, Plaintiffs' conflate the issue of confidentiality *vis-à-vis* privilege in relation to protections afforded by that statute. (ECF No. 319 at 2-3). In accusing House Defendants of trying to "backdoor" a privilege claim over certain testimony and documents (*Id.* at 3), Plaintiffs (perhaps intentionally) misconstrue House Defendants' argument and ignore the difference between legal material related to the attorney-client relationship and privileged material covered by the attorney-client privilege or the work product doctrine. S.C. Code Ann. § 30-4-40(a)(7) specifically exempts from disclosure "[c]orrespondence or work products of legal counsel for a public body and any other materials that would violate attorney-client *relationships*." (emphasis added).[6] Of course, all materials that fall under the "attorney-client relationship" are not

---

[4] *See* ECF No. 153 at 16 (United States Circuit Judge J. Michelle Childs (a former member of this Panel) recognizing that communications between staff and legislators are "particularly sensitive").

[5] *See* ECF No. 317 at 6 (citing *League of United Latin Am. Citizens v. Abbott*, No. EP21CV00259DCGJESJVB, 2022 WL 1570858, at *3 (W.D. Tex. May 18, 2022); *League of United Latin Am. Citizens v. Abbott*, No. 22-50407, 2022 WL 2713263, at *2 (5th Cir. May 20, 2022); *Veasey v. Perry*, No. 2:13-CV-193, 2014 WL 1340077, at *3 (S.D. Tex. Apr. 3, 2014); *Comm. for a Fair & Balanced Map v. Illinois State Bd. of Elections*, No. 11 C 5065, 2011 WL 4837508, at *9 (N.D. Ill. Oct. 12, 2011)). Plaintiffs' Response fails to acknowledge or attempt to distinguish these cases, and Plaintiffs have failed to provide the Panel with a single case where a federal court ordered the discovery of legislatively privileged materials while also ruling that such materials should not be afforded confidential treatment or otherwise treated with special care.

[6] It is well settled in South Carolina that "[t]he cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature," and "it is not the court's place to change the meaning of a clear and unambiguous statute." *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (S.C. 2000). Thus, the Panel should presume that if the legislature wanted this subsection to apply only

necessarily attorney-client *privileged*. For example, materials such as engagement letters, fee agreements, or routine communications may be non-privileged, but they are still part of the attorney-client relationship. Thus, Plaintiffs' argument that House Defendants have somehow waived a "non-existent privilege" by failing to contemporaneously object during depositions or seek a protective order after depositions concluded completely misses the mark. (ECF No. 319 at 2-3). Because House Defendants' confidentiality designations in this regard all relate to materials that are covered by the attorney-client *relationship*, all such designations are proper.

In addition, House Defendants take issue with the following mischaracterization: "House Defendants did not contemporaneously object to the question or answer on privilege grounds during the deposition. Nor did House Defendants subsequently seek a protective order over those questions and answers, as required under Local Rule 30.04(C)." (ECF No. 319 at 2-3). To the contrary, House Defendants repeatedly objected to the form of questions that touched on legislative privilege and also put on the record (several times) House Defendants' standing objection to questioning that touched on information covered by legislative privilege—another fact that was conspicuously omitted from Plaintiffs' Response. *See, e.g.,* Dean House Tr. at 97:21-98:2; Dean Congressional Tr. at 20:24-21:5; Hauger Congressional Tr. at 26:13-18; Murphy Congressional Tr. at 12:2-13:4; Newton Congressional Tr. at 16:24-17:21. Moreover, Plaintiffs' suggestion that House Defendants should have objected on privilege grounds, instructed their witnesses not to answer, and subsequently moved for a protective order on questions related to legislative privilege is misguided.

---

to attorney-client *privileged* materials, they would have specified as much.

When each of these depositions took place, House Defendants were well aware of the Panel's ruling on the issue of *discoverability* related to materials covered by legislative privilege. Indeed, the Panel had already ruled that these materials were discoverable prior to the depositions in question. For Plaintiffs to now suggest that despite those rulings, House Defendants should have instructed House members and staff to refuse to answer questions related to legislative privilege and filed multiple motions for protective orders, thus burdening this Panel with unnecessary work and requiring either suspended or sequential depositions of those House members and staff, is at best misguided. House Defendants believe that taking such an approach would have flown in the face of this Panel's rulings and been violative (rather than compliant) with the local rules of this Court. Moreover, to suggest that by taking appropriate steps to comply with the rulings of this Panel with respect to legislative privilege, House Defendants have somehow waived the right to argue for the confidential treatment of materials covered by the South Carolina FOIA and legislative privilege, borders on the absurd. This Panel should reject Plaintiffs' unsupported positions in this regard.

### C.     Sensitive Personal Information

Plaintiffs begin their final argument by withdrawing some of their challenges related to "email addresses, personal health information, and the names of private individuals." (ECF No. 319 at 3). Despite two meet and confer discussions on the issue of confidentiality designations, this is the first time Plaintiffs have informed House Defendants that they do not intend to challenge these designations. Moreover, if Plaintiffs are no longer challenging confidentiality designations related to this type of sensitive personal information, then their third footnote is incomplete because it only lists testimony excerpts when there are also exhibits that contain this type of sensitive personal information as well. In addition, Plaintiffs' third bullet point is not accurate. *Id.*

6

at 4. Although House Defendants initially designated Chris Murphy's entire House deposition transcript as confidential, they later followed up with specific designations—another fact that Plaintiffs failed to mention in their Response. Finally, as to Plaintiffs' statement that these challenged materials are relevant to congressional redistricting, Plaintiffs have failed to articulate how any of the materials from the House portion of this litigation – which has been settled – would be relevant to or admissible in the trial on the Congressional portion of this litigation. Indeed, Plaintiffs' apparent desire to publicly reveal materials that they believe are "unhelpful or embarrassing to House Defendants" does not trump the Federal Rules related to relevance and admissibility. *Id.* And, perhaps more importantly, such a tactic will almost certainly hinder Plaintiffs' desire for more transparency in future redistricting cycles.[7]

## CONCLUSION

Based on the foregoing, House Defendants respectfully request that the Panel issue an Order confirming the confidentiality designations set forth in House Defendants' Motion (ECF No. 314).

*[Signature Page Follows]*

---

[7] To reiterate one of the primary concerns that House Defendants and Senate Defendants have both raised, the interest in keeping the material at issue confidential stems from a potential chilling effect on future legislative processes surrounding redistricting. *See* ECF Nos. 308, 314, and 317.

|  |  |
|---|---|
|  | Respectfully submitted,<br><br>s/ Mark C. Moore<br>Mark C. Moore (Fed. ID No. 4956)<br>Jennifer J. Hollingsworth (Fed. ID No. 11704)<br>Hamilton B. Barber (Fed. ID No. 13306)<br>Michael A. Parente (Fed. ID No. 13358)<br>NEXSEN PRUET, LLC<br>1230 Main Street, Suite 700<br>Columbia, SC 29201<br>Telephone: 803.771.8900<br>MMoore@nexsenpruet.com<br>JHollingsworth@nexsenpruet.com<br>HBarber@nexsenpruet.com<br>MParente@nexsenpruet.com<br><br>William W. Wilkins (Fed. ID No. 4662)<br>Andrew A. Mathias (Fed. ID No. 10166)<br>Konstantine P. Diamaduros (Fed. ID No. 12368)<br>NEXSEN PRUET, LLC<br>104 S. Main Street, Suite 900<br>Greenville, SC 29601<br>Telephone: 864.370.2211<br>BWilkins@nexsenpruet.com<br>AMathias@nexsenpruet.com<br>KDiamaduros@nexsenpruet.com<br><br>Rhett D. Ricard (Fed. ID No. 13549)<br>NEXSEN PRUET, LLC<br>205 King Street, Suite 400<br>Charleston, SC 29401<br>Telephone: 843.720.1707<br>RRicard@nexsenpruet.com |
| August 11, 2022<br>Columbia, South Carolina | *Attorneys for House Defendants* |