# Exhibit C

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

THE SOUTH CAROLINA STATE
CONFERENCE OF THE NAACP, and

TAIWAN SCOTT, on behalf of himself and
all other similarly situated persons,

          Plaintiffs,

      v.

THOMAS C. ALEXANDER, in his official
capacity as President of the Senate; LUKE A.
RANKIN, in his official capacity as
Chairman of the Senate Judiciary Committee;
JAMES H. LUCAS, in his official capacity as
Speaker of the House of Representatives;
CHRIS MURPHY, in his official capacity as
Chairman of the House of Representatives
Judiciary Committee; WALLACE H.
JORDAN, in his official capacity as
Chairman of the House of Representatives
Elections Law Subcommittee; HOWARD
KNAPP, in his official capacity as interim
Executive Director of the South Carolina
State Election Commission; JOHN WELLS,
Chair, JOANNE DAY, CLIFFORD J.
EDLER, LINDA MCCALL, and SCOTT
MOSELEY, in their official capacities as
members of the South Carolina Election
Commission,

          Defendants.

Case No. 3-21-cv-03302-MBS-
TJH-RMG

**PLAINTIFF THE SOUTH
CAROLINA STATE
CONFERENCE OF THE NAACP'S
OBJECTIONS AND RESPONSES
TO SENATE DEFENDANTS'
FIRST SET OF
INTERROGATORIES RE
CONGRESSIONAL MAP**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the South Carolina State Conference of the NAACP ("SC NAACP" or "Plaintiff") hereby objects and responds to the First Set of Interrogatories (the "Interrogatories") by Defendants Thomas C. Alexander and Luke Rankin ("Senate Defendants").

## PRELIMINARY STATEMENT

Plaintiff's objections and responses contained herein ("Objections and Responses") are based on information reasonably available to Plaintiff at this time. Plaintiff reserves the right to amend and/or supplement its Objections and Responses based on new information obtained in discovery or otherwise during this action.

Information contained in any Objections and Responses pursuant to these Interrogatories is not an admission or acknowledgement by Plaintiff that such information is relevant to any claim or defense in this action; is without prejudice to Plaintiff's right to contend at any trial or in any other proceeding, in this action or otherwise, that such information is inadmissible, irrelevant, immaterial, or not the proper basis for discovery; and is without prejudice to or waiver of any objection to any future use of such information.

Specific objections to each separate Interrogatory are made below. Additionally, Plaintiff makes certain continuing objections to the Interrogatories, also listed below ("Continuing Objections"). These Continuing Objections, including with respect to the definitions and instructions, are incorporated by reference into all the responses made with respect to each separate Interrogatory. Plaintiff's response to each individual Interrogatory is submitted without prejudice to, and without in any respect waiving, any Continuing Objections not expressly set forth in that response. Accordingly, the inclusion of any specific objection in any response

2

below is neither intended as, nor shall in any way be deemed, a waiver of any Continuing

Objection or of any other specific objection made herein or that may be asserted at a later date.

## CONTINUING OBJECTIONS

Plaintiff incorporates each of the following Continuing Objections in its response to each

Interrogatory.  In addition to these Continuing Objections, Plaintiff may also state specific

objections to Interrogatories where appropriate, including objections that are not generally

applicable to all the Interrogatories.  By setting forth such specific objections, Plaintiff does not

intend to limit or restrict its Continuing Objections.

1.      Plaintiff objects to each Interrogatory to the extent it imposes on Plaintiff any

obligations that are inconsistent with or beyond those imposed by the Federal Rules of Civil

Procedure, the Local Rules, or any applicable order of the Court.

2.      Plaintiff objects to each Definition, Instruction, or Interrogatory to the extent it

seeks production of documents or information subject to the attorney-client privilege, the work-

product protection doctrine, or any other applicable privilege, rule, doctrine, or immunity,

whether created by statute or common law.  Each Interrogatory has been read to exclude

discovery of such privileged information.  Inadvertent production of any such information does

not constitute a waiver of any privilege or any other ground for objecting to discovery with

respect to such information or document, nor does inadvertent production waive the right of

Plaintiff to object to the use of any such information in any proceeding.

3.      Plaintiff objects to each Interrogatory to the extent it seeks information that is not

relevant to any party's claims or defenses.  *See* Rule 26(b)(1).

4.      Plaintiff objects to each Interrogatory to the extent it is not proportional to the

needs of the case, "considering the importance of the issues at stake in the action . . . the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Rule 26(b)(1).

5.      Plaintiff objects to each Interrogatory to the extent it seeks discovery of electronically stored information that is not reasonably accessible due to undue burden or cost, in violation of Rule 26(b)(2)(B).

6.      Plaintiff objects to each Interrogatory to the extent that it seeks information that is outside Plaintiff's knowledge, possession, custody, or control.

7.      Plaintiff objects to each Interrogatory to the extent it seeks a legal conclusion or requires Plaintiff to formulate a legal conclusion to fully respond.

## CONTINUING OBJECTIONS TO INSTRUCTIONS

1.      Plaintiff objects to Instructions 1-4 and 6 to the extent they impose on Plaintiff any obligations that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, or any applicable Order of the Court or agreement between the parties.

2.      Plaintiff objects to Instruction 5 to the extent it imposes on Plaintiff any obligations that are inconsistent with or beyond those imposed by the Federal Rules of Civil Procedure.

3.      Plaintiff objects to Instruction 6 to the extent that it purport to impose upon Plaintiff any obligations that are broader than or inconsistent with the Federal Rules of Civil Procedure or any Order of this Court.  Plaintiff will log privileged documents in accordance with

its obligations under the Federal Rules or agreement between the parties.

## CONTINUING OBJECTIONS TO DEFINITIONS

By submitting these Objections and Responses, Plaintiff does not adopt Senate Defendants' purported definition of words and phrases contained in the Instructions to Senate Defendants' Interrogatories. Plaintiff interprets all words contained in the Requests in accordance with their ordinary and customary meanings.

1.      Plaintiff objects to the definitions of "SC NAAP," you," and "your" on the ground that they are overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they purport to require Plaintiff SC NAACP to respond on behalf of "any agents, employees, representatives, or other persons acting or purporting to act on its behalf." Plaintiff objects to the definitions of "SC NAACP," "you," and "your" to the extent they purport to require Plaintiff to reveal information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. For purposes of these Objections and Responses, Plaintiff SC NAACP responds only on its own behalf.

2.      Plaintiff objects to the definition of "relating to" on the ground that it renders the Requests overly broad, unduly burdensome, and not proportional to the needs of the case.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify by name each person who you believe has knowledge of facts that demonstrate or corroborate your allegations in the Second Amended Complaint regarding the Challenged Congressional Districts or that support or tend to support the defenses raised by the Senate Defendants, and describe in detail your understanding of the facts of which each person has knowledge.

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiff to identify "each person who you believe has knowledge of facts that demonstrate or corroborate your allegations in the Second Amended Complaint regarding the Challenged Congressional Districts or that support or tend to support the defenses raised by the Senate Defendants," and to "describe in detail" the facts of which they have knowledge. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, SC NAACP answers as follows:

SC NAACP refers Senate Defendants to, and incorporates by reference, Plaintiffs' initial disclosures served on Senate Defendants on March 29, 2022. SC NAACP identifies the following individuals who may have information with respect to SC NAACP's claims in this

6

action concerning the Challenged Congressional Districts:

1. Individuals identified as Defendants in this action, including:

   a. Thomas C. Alexander, in his official capacity as Chairman of the Senate Judiciary Committee;

   b. Rep. James H. Lucas, in his official capacity as Speaker of the South Carolina House of Representatives;

   c. Chris Murphy, in his official capacity as Chairman of the South Carlina House of Representatives Judiciary Committee;

   d. Rep. Wallace H. Jordon, in his official capacity as Chairman of the South Carolina House of Representatives Elections Law Subcommittee;

   e. Howard Knapp, in his official capacity as interim Executive Director of the South Carolina State Election Commission;

   f. John Wells, in his official capacity as a member of the South Carolina State Election Commission;

   g. Joanne Day, in her official capacity as a member of the South Carolina State Election Commission;

   h. Clifford J. Elder, in his official capacity as a member of the South Carolina State Election Commission;

   i. Linda McCall, in her official capacity as a member of the South Carolina State Election Commission; and

   j. Scott Moseley, in his official capacity as a member of the South Carolina State Election Commission.

2. Members of the South Carolina State House of Representatives who may have information regarding the South Carolina redistricting process and South Carolina's voting population, including, but not limited to:

   a. Representative Justin T. Bamberg;

   b. Representative Beth E. Bernstein;

   c. Representative Wendy C. Brawley;

   d. Representative Gilda Cobb-Hunter;

7

    e.   Representative Neal A. Collins;

    f.   Representative Jason Elliot;

    g.   Representative Jerry N. Govan;

    h.   Representative John Richard C. King;

    i.   Representative Patricia Moore Henegan;

    j.   Representative Annie McDaniel;

    k.   Representative Wm. Weston J. Newton; and

    a.   Representative Spencer Wetmore.

3.   Staff members for the South Carolina State House of Representatives, including but not limited to, staff members for the Judiciary Committee and Elections Law Subcommittee who may have information regarding: (i) the 2020 South Carolina redistricting process; (ii) South Carolina's history of redistricting; (iii) the Congressional map(s) drawn for the South Carolina State House of Representatives; and (iv) South Carolina's voting population, including their voting patterns and demographics, racially polarized voting, including, but not limited to:

    b.   Sebastian Bass;

    c.   Emma Dean;

    d.   Joleigh "Eliza" Deguit;

    e.   Patrick Dennis;

    f.   Megan Goyak;

    g.   Thomas Hauger;

    h.   Daniel Ingley; and

    i.   Sarah Grace Williamson.

4.   Members of the South Carolina State Senate who may have information regarding the South Carolina redistricting process and South Carolina's voting population, including, but not limited to:

    a.   Senator Richard A. Harpootlian;

8

    b.  Senator Brad Hutto;

    c.  Senator Marlon Kimpson;

    d.  Senator Shane R. Martin;

    e.  Senator A. Shane Massey;

    f.  Senator Bright Matthews;

    g.  Senator Harvey S. Peeler, Jr.;

    h.  Senator Luke A. Rankin;

    i.  Senator Ronnie A. Sabb; and

    j.  Senator Scott Talley.

5. Staff members for the South Carolina State Senate, including but not limited to, staff members for the Senate Judiciary Committee who may have information regarding: (i) the 2020 South Carolina redistricting process; (ii) South Carolina's history of redistricting; (iii) the Congressional map(s) drawn for the South Carolina U.S. Congressional Districts; and (iv) South Carolina's voting population, including their voting patterns and demographics, racially polarized voting, including, but not limited to:

    a.  Paula Benson, Assistant Director of Research and Senior Staff Attorney;

    b.  Andy Fiffick, Chief of Staff and Director of Research; and

    c.  Will Roberts, Committee Research Staff/Cartographer.

6. Members of the U.S. House of Representatives from South Carolina including:

    a.  Rep. James E. "Jim" Clyburn

    b.  Rep. Addison Graves "Joe" Wilson

7. Third-party individuals and organizations focused on redistricting, including their members, employees, and agents, who may have information on the redistricting process in South Carolina, including, but not limited to:

    a.  Adam Kincaid, Executive Director, the National Republican Redistricting Trust, 1750 Tysons Boulevard, Suite 1500, McLean, VA 22102, (703) 245-8020.

9

    b. R. Joseph Oppermann, Oppermann Law Firm, LLC, 1100 Blackman Rd., Pendleton, SC 29670, (864) 260-4048.

    c. Lynn Teague, Vice President for Issues and Action, League of Women Voters of South Carolina, P.O. Box 8453, Columbia, SC 29202, (803) 556-9802.

    d. Dr. John Ruoff, Principal, The Ruoff Group, 6170 Crabtree Road, Columbia, SC 29206.

8. Expert witnesses, who have information regarding the manner in which South Carolina's congressional map was drawn and the voting population within each drawn district, are to be identified pursuant to the Court's Scheduling Order regarding expert discovery.

9. Individuals identified by any Defendant in the initial disclosures.

10. Individuals and subchapters identified as Plaintiffs in this action and individuals and subchapters affiliated with Plaintiffs SC NAACP and Taiwan Scott who have general knowledge or information regarding (i) South Carolina's redistricting process and the state's history of redistricting; and (ii) South Carolina's voting population, including voting patterns and demographics, and who may be contacted through Plaintiffs' undersigned counsel:

    a. Executive leadership of the South Carolina State Conference of the NAACP, including Brenda Murphy, President; and

    b. Taiwan Scott.

President Murphy should be contacted through counsel for Plaintiffs in this action.

SC NAACP further states that Defendants (and their employees, agents, and representatives) and all other witnesses who have been previously identified in this action have knowledge of facts with respect to this lawsuit, including Sean Trende whom Defendants' disclosed as an expert in this congressional part of the case, pursuant to the Court's scheduling order.

Plaintiff reserves the right to amend and/or supplement its response to this Interrogatory.

10

**INTERROGATORY NO. 2:**

Identify all persons or entities acting or purportedly acting on your behalf (yourself included) who supplied information that helped you respond to these Interrogatories or who helped draft any responses to these Interrogatories and identify all related documents.

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff objects to this Interrogatory on the ground that it is irrelevant, overly broad, vague and ambiguous, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiff to "[i]dentify all persons or entities acting or purportedly acting on your behalf" who "who supplied information that helped you respond to these Interrogatories or who helped draft any responses to these Interrogatories and identify all related documents." Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, SC NAACP answers as follows: Working with counsel, SC NAACP President, Brenda Murphy, supplied information that helped in the response to these Interrogatories. SC NAACP is willing to meet and confer with Senate Defendants regarding this Interrogatory.

**INTERROGATORY NO. 3:**

Identify by name all members of SC NAACP who you allege are harmed by the Congressional Plan and state in which Congressional District each such member resides.

11

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff objects to this Interrogatory on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiff to "[i]dentify by name all members of SC NAACP who you allege are harmed by the Congressional Plan and state in which Congressional District each such member resides." SC NAACP further objects to this Interrogatory to the extent it seeks disclosure of the identity of its membership or volunteers that is protected by *NAACP v. Alabama*, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly), or that otherwise infringes upon SC NAACP's or its members' or volunteers' right to privacy, assembly, and/or freedom of association under federal, state, and any other applicable laws. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, SC NAACP refers Senate Defendants to, and incorporates by reference, its response to Interrogatory No. 4.

**INTERROGATORY NO. 4:**

Identify by name all members through whom SC NAACP claims standing to challenge the Challenged Congressional Districts and state in which Congressional District each such

member resides.

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff objects to this Interrogatory on the ground that it is irrelevant, overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiff to "[i]dentify by name all members through whom SC NAACP claims standing to challenge the Challenged Congressional Districts and state in which Congressional District each such member resides." SC NAACP further objects to this Interrogatory to the extent it seeks disclosure of the identity of its membership or volunteers that is protected by *NAACP v. Alabama*, 357 U.S. 449 (1958) (holding, inter alia, that "[c]ompelled disclosure of membership in an organization engaged in advocacy of particular beliefs" violates the constitutional right to freedom of assembly), or that otherwise infringes upon SC NAACP's or its members' or volunteers' right to privacy under federal, state, and any other applicable laws. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, SC NAACP answers as follows:

The NAACP has a long history of being the target of racist attacks as a result of its advocacy for Black people and its fight against segregation and white supremacy both in South Carolina and across the South. After its successful role in advocating for policy change that resulted in the landmark decision of *Brown v. Board of Education*, the NAACP faced persecution

13

as South Carolina attempted to "resist" desegregation. The State of South Carolina retaliated against the NAACP and "orchestrated the effective banishment of the organization . . . using old laws aimed to combat the Ku Klux Klan and other white supremacist groups and using alterations of old barratry and champerty laws." Bagley Expert Report (1.24.22) at 5. In furtherance of its goal to undermine and weaken the mission of the NAACP, the state of South Carolina "called on the NAACP to produce membership rolls." *Id.* The NAACP refused to follow the state's directive "knowing that this would form the basis for economic reprisal." *Id.* at 5-6. As a result of the NAACP's refusal to produce membership rolls, the state of South Carolina, "charged the organization with being a foreign corporation that had not met the requirements for doing business in the state as such and had been instead soliciting plaintiffs." *Id.* at 6. Due to this, "[a] state court imposed a fine that the organization could not hope to pay and refused it the administrative means to rectify the situation even if it could." *Id.*

In light of similar actions taken by other states, the Supreme Court held in *NAACP v. Alabama* that "[c]ompell[ing] [the] disclosure of membership in an organization engaged in advocacy of particular beliefs" would violate the NAACP's constitutional right to freedom of assembly. 357 U.S. 449, 462 (1958). Furthermore, in her deposition President Murphy described her current fears of economic and social reprisals being levied against members of the SC NAACP if their names are disclosed. Murphy Dep. 239:8-19. Due to this present fear and disconcerting history of retaliation against the NAACP by state of South Carolina, Senate Defendants' predecessors, vis-à-vis having possession of the names of the NAACP's members and constituents, the NAACP declines to provide a list of its members and constituencies to the Senate Defendants at this time.

14

Moreover, consistent with the Second Amended Complaint, the SC NAACP is a statewide nonprofit, nonpartisan membership civil rights organization.  It has 77 branches of adult members across South Carolina, including at least one branch in each of the state's 46 counties.[1]  Together, the South Carolina NAACP has more than 13,000 members across all 46 counties, who are predominantly but not exclusively Black people.  Its membership also includes other racial and ethnic minority residents, as well white South Carolinians.  Congressional District 1 comprises all of Berkeley and Beaufort Counties and pieces of Jasper, Colleton, Charleston, and Dorchester Counties.  Congressional District 2 comprises the entirety of Aiken, Barnwell, and Lexington Counties and pieces of Orangeburg and Richland Counties.  Congressional District 5 includes all of Cherokee, York, Union, Chester, Lancaster, Fairfield, Kershaw, and Lee Counties and pieces of Spartanburg County along the CD 5 and CD 4 boundary and Sumter County along the CD 5 and CD 6 boundary.  The SC NAACP's members include at least one registered voter in each of the Challenged Districts (Congressional Districts 1, 2, and 5).

Subject to and without waiving the foregoing objections, SC NAACP answers as follows: Consistent with the Court's April 13, 2022 Order, ECF No. 221, Plaintiff agrees to produce the names and home addresses of one ore more members of the NAACP for each of the Challenged

---

[1] The SC NAACP is a "statewide political caucus" that "the purpose of endorsing candidates for political office who will be responsible to the needs of the blacks and other minorities and poor people." *Ala. Legislative Black Caucus v. Alabama*, 575 U.S. 254, 269-70 (2015) (citations, internal quotations, internal edits omitted).  These statements "support an inference that the organization has members in all of the State's majority-minority districts, other things being equal, which is sufficient to meet the Conference's burden of establishing standing. That is to say, it seems highly likely that a 'statewide' organization with members in 'almost every county,' the purpose of which is to help 'blacks and other minorities and poor people,' will have members in each majority-minority district." *Id.* at 270.

15

Districts, subject to entry of a confidentiality order providing for "attorneys eyes only treatment consistent with the AEO Order the Court entered on April 18, 2022, ECF No. 227.

Plaintiff reserves the right to amend and/or supplement its response to this Interrogatory.

**INTERROGATORY NO. 5:**

Describe in detail how you became aware of your members who were allegedly harmed by the Challenged Congressional Districts.

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff objects to this Interrogatory on the ground that it is irrelevant, overly broad, vague and ambiguous, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiff to describe in detail "how you became aware of your members who were allegedly harmed" by the Challenged Congressional Districts. Plaintiff objects to this Interrogatory as duplicative of Interrogatory Nos. 4 and 6.

Subject to and without waiving the foregoing objections, SC NAACP refers Senate Defendants to, and incorporates by reference, its response to Interrogatory Nos. 4 and 6.

**INTERROGATORY NO. 6:**

Describe in detail each conversation, discussion, communication, correspondence, meeting, call, conference, or other similar encounter you have had with each of your members and/or constituents who you allege are harmed by the Congressional Plan or through whom you claim standing to challenge the Challenged Districts.

16

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff objects to this Interrogatory on the ground that it is irrelevant, overly broad, unduly burdensome, duplicative of Senate Defendants' Requests for Production of Documents, and not proportional to the needs of the case to the extent it purports to require Plaintiff to "[d]escribe in detail each conversation, discussion, communication, correspondence, meeting, call, conference, or other similar encounter you have had with each of your members and/or constituents who you allege are harmed by the Congressional Plan," including without regard to the subject matter of this action. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, SC NAACP answers as follows:

As part of its organizational mission and regular functions, the SC NAACP regularly communicates and meets with its organizational executive leadership, leadership of its Branches, members, and constituents to discuss a variety of issues that impact Black people and other people who have been historically discriminated against—by government and private entities— and continue to be discriminated against into the present in South Carolina. These communications involve issues of education, housing, health care access, political participation, police reform, business development, transportation and infrastructure access, access to land ownership, and more.

The SC NAACP is a membership organization with nearly 13,000 members across the

17

state of South Carolina.  As President Brenda Murphy testified during her February 4, 2022 deposition, members from across the state made known to the SC NAACP, through numerous meetings, as well as testimony before the South Carolina legislature their extensive concerns with both the redistricting process and the maps that were ultimately drawn.  Murphy Dep. 50:2-6, Feb. 4, 2022 ("[B]ecause of the concerns we heard from our membership throughout the state, it was something we watched very carefully in terms of how mapping was done and the concerns of our membership[.]"); *id.* 66:17-21 ("[W]e have presidents throughout the state of South Carolina . . . the presidents from those areas were the individuals that identified areas of concern and their membership.").

These meetings conducted primarily through Zoom provided opportunities for members of the SC NAACP to learn about the redistricting process, look through proposed and newly drawn maps, including those put forward by the SC NAACP during the legislative process and the enacted maps challenged here, and allow members to express their opinions and worries about how the districts in the enacted maps were drawn.  *Id.* 215:8-13, Feb. 4, 2022 (the SC NAACP "met with our members . . .[and] provided information . . . in order for them to be involved in the redistricting process"); *see also id.* 174:12-15 ("[T]here were meetings with presidents and leadership [of the SC NAACP] throughout the state of South Carolina" on redistricting."); *and id.* 71:1-4 ("[W]e coordinated . . . ongoing meetings. That is a standard practice for us. We met routinely.").  During these meetings President Murphy also received feedback from branch presidents about their concerns with the redistricting process.  Murphy Dep. 68:1-7.

Plaintiff reserves the right to amend and/or supplement its response to this Interrogatory.

18

**INTERROGATORY NO. 7:**

Identify by name every member of or candidate for the South Carolina General Assembly (House or Senate) and every staff member of the South Carolina General Assembly (House or Senate) with whom you have discussed, communicated, corresponded, or met regarding congressional redistricting in South Carolina under the 2020 Census results, the Congressional Plan, the Challenged Congressional Districts, or this case.

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiff to "[i]dentify by name every member of or candidate for the South Carolina General Assembly (House or Senate) and every staff member of the South Carolina General Assembly (House or Senate) with whom you have discussed, communicated, corresponded, or met regarding congressional redistricting in South Carolina under the 2020 Census results, the Congressional Plan, the Challenged Congressional Districts, or this case." Plaintiff objects to this Interrogatory as duplicative of RFP No. 3.

Subject to and without waiving the foregoing objections, SC NAACP answers as follows: Other than public submissions and testimony to the Senate Judiciary Redistricting Subcommittee and the House Redistricting Ad Hoc Committee concerning congressional redistricting, SC NAACP did not communicate with members of or candidates for the South Carolina General Assembly or staff members of the South Carolina General Assembly concerning congressional

redistricting in South Carolina under the 2020 Census results, the Congressional Plan, the

Challenged Congressional Districts, or this case.

**INTERROGATORY NO. 8:**

Describe in detail each conversation, discussion, communication, correspondence,

meeting, call, conference, or other similar encounter you have had with any member of or

candidate for the South Carolina General Assembly (House or Senate) or any staff member of

the South Carolina General Assembly (House or Senate) regarding congressional redistricting in

South Carolina under the 2020 Census results, the Congressional Plan, the Challenged

Congressional Districts, or this case.

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiff objects to this Interrogatory on the ground that it is overly broad, unduly burdensome,

and not proportional to the needs of the case to the extent it purports to require Plaintiff to

"[d]escribe in detail each conversation, discussion, communication, correspondence, meeting,

call, conference, or other similar encounter you have had with any member of or candidate for

the South Carolina General Assembly (House or Senate) or any staff member of the South

Carolina General Assembly (House or Senate) regarding congressional redistricting in South

Carolina under the 2020 Census results, the Congressional Plan, the Challenged Congressional

Districts, or this case."  Plaintiff objects to this Interrogatory as duplicative of RFP No. 3.

Subject to and without waiving the foregoing objections, SC NAACP refers Senate

Defendants to, and incorporates by reference, its response to Interrogatory No. 7.

**INTERROGATORY NO. 9:**

Identify every member of Congress, candidate for Congress, congressional staffer, or any national, state, or local political party or political party official with whom you have discussed, communicated, corresponded, or met regarding congressional redistricting in South Carolina under the 2020 Census results, the Congressional Plan, the Challenged Congressional Districts, or this case.

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiff to "[i]dentify every member of Congress, candidate for Congress, congressional staffer, or any national, state, or local political party or political party official with whom you have discussed, communicated, corresponded, or met regarding congressional redistricting in South Carolina under the 2020 Census results, the Congressional Plan, the Challenged Congressional Districts, or this case." Plaintiff objects to this Interrogatory as duplicative of RFP No. 4.

Subject to and without waiving the foregoing objections, SC NAACP answers as follows: SC NAACP did not communicate with members of Congress, candidates for Congress, congressional staffers or any national political parties or officials regarding congressional redistricting in South Carolina under the 2020 Census results, the Congressional Plan, the Challenged Congressional Districts, or this case. SC NAACP is willing to meet and confer with Senate Defendants regarding the scope of this Interrogatory.

**INTERROGATORY NO. 10:**

Describe in each conversation, discussion, communication, correspondence, meeting, call, conference, or other similar encounter you have had with any member of Congress, candidate for Congress, congressional staffer, or any national, state, or local political party or political party official regarding the Congressional Plan, the Challenged Congressional Districts, or this case.

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiff to "[d]escribe in each conversation, discussion, communication, correspondence, meeting, call, conference, or other similar encounter you have had with any member of Congress, candidate for Congress, congressional staffer, or any national, state, or local political party or political party official regarding the Congressional Plan, the Challenged Congressional Districts, or this case.." Plaintiff objects to this Interrogatory as duplicative of RFP No. 4.

Subject to and without waiving the foregoing objections, SC NAACP refers Senate Defendants to, and incorporates by reference, its response to Interrogatory No. 9.

**INTERROGATORY NO. 11:**

State with specificity all reasons for your belief that considerations of race predominated in the development or enactment of the Challenged Congressional Districts by the Senate Defendants and identify all documents or information on which your belief is based.

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiff to "[s]tate with specificity all reasons for your belief that considerations of race predominated in the development or enactment of the Challenged Congressional Districts by the Senate Defendants and identify all documents or information on which your belief is based." Plaintiff objects t to this Interrogatory to the extent that the term "belief" is vague and undefined. Plaintiff objects to this Interrogatory on the ground that it seeks information that is outside Plaintiff's knowledge, possession, custody, or control, because it is in the possession, custody, or control of the Senate Defendants but has not been produced. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiff objects to this Interrogatory to the extent is calls for a legal conclusion.

Subject to and without waiving the foregoing objections, SC NAACP answers as follows:

SC NAACP refers Senate Defendants to the Second Amended Complaint and the expert reports submitted by Dr. Joseph Bagley, Dr. Moon Duchin, Dr. Kosuke Imai, Dr. Baodong Liu, and Dr. Jordan Ragusa, and any rebuttal reports disclosed by any of these experts on May 4, 2022, or supplemental reports thereafter in light of new information discovered.

| District | Second Am. Complaint | Expert Reports |
|----------|----------------------|----------------|
| CD 1 | ¶¶ 230-236, 239 | Duchin (4.11.22) Section 5.1 Imai (4.04.22) VI.A |

| | | Liu (4.06.22) Ragusa (4.11.22) |
|---|---|---|
| CD 2 | ¶¶ 237, 240 | Duchin (4.11.22) Section 5.2 Imai (4.04.22) VI.B Liu (4.06.22) Ragusa (4.11.22) |
| CD 5 | ¶¶ 240, 242 | Duchin (4.11.22) Section 5.3 Imai (4.04.22) VI.C Liu (4.06.22) Ragusa (4.11.22) |

Fact evidence and witness testimony will be disclosed consistent with the case scheduling order and at trial.

Plaintiff reserves the right to amend and/or supplement its response to this Interrogatory.

**INTERROGATORY NO. 12:**

State with specificity all reasons for your belief that traditional districting principles and/or the Criteria were subordinated to race in the development or enactment of the Challenged Congressional Districts by the Senate Defendants and identify all documents or information on which your belief is based.

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff object to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiff to "[s]tate with specificity all reasons for your belief that traditional districting principles and/or the Criteria were subordinated to race in the development or enactment of the Challenged Congressional Districts by the Senate Defendants and identify all documents or information on

24

which your belief is based." Plaintiff objects to this Interrogatory on the ground that it seeks information that is outside Plaintiff's knowledge, possession, custody, or control, because it is in the possession, custody, or control of the Senate Defendants but has not been produced. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiff objects to this Interrogatory to the extent is calls for a legal conclusion.

Subject to and without waiving the foregoing objections, SC NAACP answers as follows:

SC NAACP refers Senate Defendants to the Second Amended Complaint and the expert reports submitted by Dr. Joseph Bagley, Dr. Moon Duchin, Dr. Kosuke Imai, Dr. Baodong Liu, , and Dr. Jordan Ragusa, and any rebuttal reports disclosed by any of these experts on May 4, 2022, or supplemental reports thereafter in light of new information discovered.

| District | Second Am. Complaint | Expert Reports |
|---|---|---|
| CD 1 | ¶¶ 230-236, 239 | Duchin (4.11.22) Section 5.1 Imai (4.04.22) VI.A Liu (4.06.22) Ragusa (4.11.22) |
| CD 2 | ¶¶ 237, 240 | Duchin (4.11.22) Section 5.2 Imai (4.04.22) VI.B Liu (4.06.22) Ragusa (4.11.22) |
| CD 5 | ¶¶ 240, 242 | Duchin (4.11.22) Section 5.3 Imai (4.04.22) VI.C Liu (4.06.22) Ragusa (4.11.22) |

Fact evidence and witness testimony will be disclosed consistent with the case scheduling order and at trial.

Plaintiff reserves the right to amend and/or supplement its response to this Interrogatory.

**INTERROGATORY NO. 13:**

State with specificity the reasons for your belief that the Senate Defendants intentionally discriminated against you, your members, and/or your constituents on the basis of race in the development or enactment of the Challenged Congressional Districts and identify all documents or information on which your belief is based.

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it purports to require Plaintiff to "[s]tate with specificity the reasons for your belief that the Senate Defendants intentionally discriminated against you, your members, and/or your constituents on the basis of race in the development or enactment of the Challenged Congressional Districts and identify all documents or information on which your belief is based."  Plaintiff objects to this Interrogatory on the ground that it seeks information that is outside Plaintiff's knowledge, possession, custody, or control, because it is in the possession, custody, or control of the Senate Defendants but has not been produced.  Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.  Plaintiff objects to this Interrogatory to the extent is calls for a legal conclusion.

26

Subject to and without waiving the foregoing objections, SC NAACP refers Senate

Defendants to, and incorporates by reference, its response to Interrogatory Nos. 11 and 12.

**INTERROGATORY NO. 14:**

Set forth a list of maps, photographs, plats, sketches, or other prepared documents in your

possession that relate to any of the claims or defenses in the case.

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure

by the attorney-client privilege, the work product protection doctrine, or any other applicable

privilege or protection.

Subject to and without waiving the foregoing objections, SC NAACP refers Defendants

to the letter and maps submitted on October 8, 2021 to the Senate Judiciary Redistricting

Subcommittee and the House Redistricting Ad Hoc Committee.

Plaintiff reserves the right to amend and/or supplement its response to this Interrogatory.

**INTERROGATORY NO. 15:**

Identify and describe in detail the involvement of each and every person involved in

drawing or influencing, directly or indirectly, the location of the district lines for any proposed

congressional maps or plans you submitted or caused to be submitted to the Senate Judiciary

Redistricting Subcommittee.

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing

Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff objects to this Interrogatory to the extent it seeks information irrelevant to any claim or defense in the case. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, SC NAACP answers as follows: Counsel, staff and retained experts for SC NAACP, specifically LDF and ACLU, as well as certain SC NAACP Executive Committee members (Charles Boykin, Fomby Eloise Fomby-Denson, Marvin Neal, Steve Benjamin, Elizabeth Kilgore, Henry Griffin, Steve Love) were involved in the proposed congressional maps or plans that SC NAACP submitted to the Senate Judiciary Redistricting Subcommittee.

Plaintiff reserves the right to amend and/or supplement its response to this Interrogatory.

**INTERROGATORY NO. 16:**

Identify and describe in detail all of the districting principles and which of the Criteria were utilized by you or your map drawers to create any proposed congressional maps or plans you submitted or caused to be submitted to the Senate Defendants.

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product

protection doctrine, or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, SC NAACP answers as follows: The SC NAACP considered the following criteria when proposing congressional maps, including but not limited to: the U.S. Constitution; Voting Rights Act; 2020 Census data, including racial demographic and voting-age data; recent statewide and county-level voting patterns, including racially polarized voting patterns; how past and newly proposed districts may perform for voters; communities of interest and other redistricting principles like contiguity, compactness, and any incumbent protection; and, incorporation of community members' feedback; prior redistricting maps for South Carolina. In addition, the SC NAACP also considered its map with an awareness of South Carolina's long history and ongoing record of racial discrimination including with respect to political participation. But assessing and developing each district is a fact- and context-specific analysis of relevant factors. Answering further, Plaintiff refers Defendants to letters and maps submitted on October 8, 2021 to the Senate Judiciary Redistricting Subcommittee and the House Redistricting Ad Hoc Committee.

**INTERROGATORY NO. 17:**

Identify all individuals within the SC NAACP who may have discoverable hard copy documents and ESI in their possession, custody, or control, including the title held by each person, his or her function and duties, and applicable dates of service.

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above.

Subject to and without waiving the foregoing objections, SC NAACP answers as follows:

Plaintiff SC NAACP has identified the following individuals for whom SC NAACP has possession, custody, or control off hard copy documents or ESI that is reasonably likely to be relevant to this action during the time period specified in Instruction No. 1.

| Individual | Role |
| --- | --- |
| Brenda Murphy | President, SC NAACP |
| Shirley Able | Administrative Assistant |
| Amelia Glisson | Office Manager |
| Amber Brooks | Office Manager |

**INTERROGATORY NO. 18:**

For each person known to the parties or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

**RESPONSE:**

Plaintiff incorporates by reference the Continuing Objections, including the Continuing Objections to Definitions and the Continuing Objections to Instructions, set forth above. Plaintiff objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, vague and ambiguous, and not proportional to the needs of the case to the extent it purports to require Plaintiff to "set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness" for each person known to the parties or counsel to be a witness concerning the facts of the case. Plaintiff objects to this Interrogatory as

outside the scope of Rule 33 to the extent it purports to require Plaintiff to "provide a copy of any written or recorded statements taken from such witnesses." Plaintiff objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product protection doctrine, or any other applicable privilege or protection. Plaintiff objects to this Interrogatory on the ground that it seeks information that is outside of Plaintiff's knowledge, possession, custody, or control. Discovery is ongoing and this Interrogatory seeks information that is in the possession, custody, or control of Defendants.

Subject to and without waiving the foregoing objections, SC NAACP answers as follows: SC NAACP refers Senate Defendants to, and incorporates by reference, Plaintiffs' Second Amendment Complaint, Plaintiffs' initial disclosures served on Senate Defendants on March 29, 2022, Plaintiffs' response to Interrogatory No. 1, including:

1. Individuals identified as Defendants in this action, including:

   a. Thomas C. Alexander, in his official capacity as Chairman of the Senate Judiciary Committee;

   b. Rep. James H. Lucas, in his official capacity as Speaker of the South Carolina House of Representatives;

   c. Chris Murphy, in his official capacity as Chairman of the South Carlina House of Representatives Judiciary Committee;

   d. Rep. Wallace H. Jordon, in his official capacity as Chairman of the South Carolina House of Representatives Elections Law Subcommittee;

   e. Howard Knapp, in his official capacity as interim Executive Director of the South Carolina State Election Commission;

   f. John Wells, in his official capacity as a member of the South Carolina State Election Commission;

   g. Joanne Day, in her official capacity as a member of the South Carolina State Election Commission;

      h.   Clifford J. Elder, in his official capacity as a member of the South Carolina State Election Commission;

      i.   Linda McCall, in her official capacity as a member of the South Carolina State Election Commission; and

      j.   Scott Moseley, in his official capacity as a member of the South Carolina State Election Commission.

2. Members of the South Carolina State House of Representatives who may have information regarding the South Carolina redistricting process and South Carolina's voting population, including, but not limited to:

      a.   Representative Justin T. Bamberg;

      b.   Representative Beth E. Bernstein;

      c.   Representative Wendy C. Brawley;

      d.   Representative Gilda Cobb-Hunter;

      e.   Representative Neal A. Collins;

      f.   Representative Jason Elliot;

      g.   Representative Jerry N. Govan;

      h.   Representative John Richard C. King;

      i.   Representative Patricia Moore Henegan;

      j.   Representative Annie McDaniel;

      k.   Representative Wm. Weston J. Newton; and

      j.   Representative Spencer Wetmore.

3. Staff members for the South Carolina State House of Representatives, including but not limited to, staff members for the Judiciary Committee and Elections Law Subcommittee who may have information regarding: (i) the 2020 South Carolina redistricting process; (ii) South Carolina's history of redistricting; (iii) the Congressional map(s) drawn for the South Carolina State House of Representatives; and (iv) South Carolina's voting population, including their voting patterns and demographics, racially polarized voting, including, but not limited to:

      k.  Sebastian Bass;

      l.  Emma Dean;

      m.  Joleigh "Eliza" Deguit;

      n.  Patrick Dennis;

      o.  Megan Goyak;

      p.  Thomas Hauger;

      q.  Daniel Ingley; and

      r.  Sarah Grace Williamson.

4. Members of the South Carolina State Senate who may have information regarding the South Carolina redistricting process and South Carolina's voting population, including, but not limited to:

      a.  Senator Richard A. Harpootlian;

      b.  Senator Brad Hutto;

      c.  Senator Marlon Kimpson;

      d.  Senator Shane R. Martin;

      e.  Senator A. Shane Massey;

      f.  Senator Bright Matthews;

      g.  Senator Harvey S. Peeler, Jr.;

      h.  Senator Luke A. Rankin;

      i.  Senator Ronnie A. Sabb; and

      j.  Senator Scott Talley.

5. Staff members for the South Carolina State Senate, including but not limited to, staff members for the Senate Judiciary Committee who may have information regarding: (i) the 2020 South Carolina redistricting process; (ii) South Carolina's history of redistricting; (iii) the Congressional map(s) drawn for the South Carolina U.S. Congressional Districts; and (iv) South Carolina's voting population, including their voting patterns and demographics, racially polarized voting,

including, but not limited to:

    d.   Paula Benson, Assistant Director of Research and Senior Staff Attorney;

    e.   Andy Fiffick, Chief of Staff and Director of Research; and

    f.   Will Roberts, Committee Research Staff/Cartographer.

Answering further, Plaintiff refers Senate Defendants to the deposition transcripts of fact witnesses in this case and the expert reports of Dr. Joseph Bagley, Dr. Moon Duchin, Dr. Kosuke Imai, Dr. Baodong Liu, , and Dr. Jordan Ragusa, and any rebuttal reports disclosed by any of these experts on May 4, 2022, or supplemental reports thereafter in light of new information discovered.

Dated: May 4, 2022

Respectfully submitted,

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Adriel I. Cepeda Derieux**
Samantha Osaki**

/s/ Christopher J. Bryant
Christopher J. Bryant, Fed. ID 12538
BOROUGHS BRYANT, LLC
1122 Lady St., Ste. 208
Columbia, SC 29201
Tel.: (843) 779-5444
chris@boroughsbryant.com

Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953

34

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com

*Motion for admission Pro Hac Vice
forthcoming
** Admitted Pro Hac Vice

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes*
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

* Motion for admission Pro Hac Vice
forthcoming or pending
** Admitted Pro Hac Vice

Counsel for Plaintiff the South Carolina
Conference of the NAACP

Fax: (843) 720-1428
achaney@aclusc.org

Jeffrey A. Fuisz**
Paula Ramer**
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

Counsel for Plaintiffs the South Carolina
Conference of the NAACP and Taiwan Scott

35

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

/s/ *Christopher Bryant*
Christopher Bryant

36