IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| The South Carolina State Conference of the NAACP, and Taiwan Scott, *on behalf of himself and all other similarly situated persons*, | )<br>)<br>)<br>) C/A No.: 3:21-cv-03302-TJH-MBS-RMG |
| Plaintiffs, | ) |
| v. | ) |
| Thomas C. Alexander, *in his official capacity as President of the Senate Judiciary Committee;* James H. Lucas, *in his official capacity as Speaker of the House of Representatives*; Chris Murphy, *in his official capacity as Chairman of the House of Representatives Judiciary Committee*; Wallace H. Jordan, *in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee*; Howard Knabb, *in his official capacity as interim Executive Director of the South Carolina State Election Commission*; John Wells, *Chair*, Joanne Day, Clifford J. Elder, Linda McCall, and Scott Moseley, *in their official capacities as members of the South Carolina State Election Commission*, | )<br>)<br>)<br>)<br>)<br>) **ORDER AND OPINION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

    Before the Panel is the House and Senate Defendants' ("Defendants") motion to strike Plaintiffs' second supplemental disclosures as untimely and to strike the supplemental expert report of Plaintiffs' expert, Moon Duchin, as improper. (Dkt. No. 321). For the following reasons, the Panel denies Defendants' motion and will issue a new scheduling order extending certain deadlines.

**<u>Background</u>**

1

Per the Third Amended Complaint ("TAC"), Plaintiffs challenge the composition of three of South Carolina's congressional districts for the U.S. House of Representatives (Districts 1, 2, and 5) as unconstitutional racial gerrymanders. *See* (Dkt. No. 267 at 38 *et seq.*). Plaintiffs allege that these districts were also drawn with an intentionally discriminatory intent. Senate Bill 865 ("S. 865") enacted the allegedly unlawful congressional map.

Germane to this matter are several deadlines articulated in the Panel's various scheduling orders along with certain stipulations concerning deadlines entered among the parties. Plaintiffs' expert reports were due April 11, 2022, and rebuttal reports May 4, 2022. (Dkt. Nos. 210; 261). The formal discovery deadline was August 12, 2022. (Dkt. No. 210). The parties stipulated to an extension of time to conduct additional depositions during the week of August 15, 2022. (Dkt. No. 307). The dispositive motion deadline was August 19, 2022. (Dkt. No. 210). A bench trial is set to commence in this matter on October 3, 2022. (Dkt. No. 305).

Pursuant to Federal Rule of Civil Procedure Rule 26(a)(1) and District of South Carolina Local Civil Rule 26.03(A)(1), (4), Plaintiffs served initial and first supplemental disclosures regarding the congressional redistricting map on March 29, 2022 and July 13, 2022, respectively. (Dkt. Nos. 326-8; 326-9). The disclosures identified "individuals and subchapters affiliated with" and the "Executive leadership" of Plaintiff SC NAACP as likely to have discoverable information Plaintiffs may use to support their challenge to the congressional redistricting map. On August 9, 2022, Plaintiffs served second supplemental disclosures regarding the congressional redistricting map that named seven additional witnesses. (Dkt. No. 326-10). Plaintiffs intend to call these witnesses to testify at trial. The witnesses include six SC NAACP President Branch members identified as: (1) Dorothy "Dot" Scott, President of the Charleston Branch NAACP; (2) Elizabeth R. Kilgore, President of the Sumter Branch NAACP; (3) Phillip Scott, President of the North

Charleston Branch NAACP; (4) Henry Griffin, President of the Upper Berkeley Branch NAACP and second Vice President of the State Conference; (5) Oveta Glover, President of the Columbia Branch; and James L. Felder, political action chair of the Columbia Branch. (Dkt. No. 326-10 at 4). The second supplemental disclosure names Anjene Davis, a resident of North Charleston, who lives in Congressional District ("CD") 6. (Dkt. Nos. 326-10 at 8; 326 at 7-8).

Plaintiffs' timely disclosed the expert report of Moon Duchin regarding South Carolina's Congressional Districts dated April 11, 2022. (Dkt. No. 326-1 at 5). On August 9, 2022, Plaintiffs served Duchin's supplemental expert report which analyzes the Jessamine Map, a draft "[c]ongressional plan created by the National Republican Redistricting Trust ["NRRT"] and conveyed to South Carolina officials for their consideration." (Dkt. No. 321-7). Plaintiffs contend the Jessamine Map files were produced by Defendants on July 5, 2022 in a set of "over 1,700 map files" where Plaintiffs could not discern who created or reviewed the file, or when it was generated. (Dkt. No. 326 at 4). Plaintiffs indicate they subpoenaed NRRT regarding these files. Plaintiffs indicate they were able to identify the Jessamine Map after receiving NRRT's production on July 29, 2022. (*Id.* at 2). Plaintiffs indicate they furnished the Jessamine Map files to Duchin shortly thereafter. (*Id.*).

On August 16, 2022, Defendants moved to strike Plaintiffs' second supplemental disclosures as untimely and to strike the supplemental expert report of Duchin as improper. (Dkt. No. 321). Plaintiffs filed a response in opposition. (Dkt. No. 326). Defendants filed a reply. (Dkt. No. 330). Defendants' motion is fully briefed and ripe for disposition.

## Legal Standard

Rule 37 of the Federal Rules of Civil Procedure provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use

3

that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Local Civil Rule 16.02(D)(2) provides that witnesses identified in the last twenty-eight days of the discovery period are presumed to be untimely identified, absent a showing of good cause.

"[T]he basic purpose of Rule 37(c)(1) [is] preventing surprise and prejudice to the opposing party." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 596 (4th Cir. 2003). Thus, the court has broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless. *Id.* at 597. "[I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a . . . court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id*.

## Analysis

Defendants move for the Panel to strike Plaintiffs' second supplemental disclosures as untimely under District of South Carolina Local Civil Rule16.02(D)(2) and preclude the testimony of the seven additional witnesses included therein due prejudice resulting from unfair surprise. In addition, Defendants move to strike the supplemental expert report of Duchin pursuant to Federal Rule of Civil Procedure 26 as new analysis that is not proper for a supplemental expert disclosure. (Dkt. No. 321 at 1-2). The Court will discuss each issue in turn.

1. **Plaintiffs' Second Supplemental Disclosures**

Defendants move to strike Plaintiffs' second supplemental disclosures as untimely pursuant to District of South Carolina Local Civil Rule 16.02(D)(2).  On August 9, 2022, Plaintiffs served second supplemental disclosures that identify seven additional witnesses.  Defendants argue the disclosure falls outside the "last twenty-eight (28) days of the discovery period" pursuant to Local Civil Rule 16.02(D)(2) and Plaintiffs cannot establish good cause for the delay.  (Dkt. No. 321 at 3).  Defendants primarily argue Plaintiffs cannot establish good cause because the majority of the witnesses were well-known to Plaintiffs months ago and Plaintiffs fail to offer a coherent explanation for the substance of the new witnesses' testimony.  (Dkt. No. 321 at 3-6).

Plaintiffs contend good cause exists for the delay because Plaintiffs had a duty to supplement disclosures pursuant to Federal Rule of Civil Procedure 26(e)(1)(A). (Dkt. No. 326 at 10).  Plaintiffs maintain their case has always contemplated calling fact witnesses to testify about the impact of alleged racially gerrymandered and intentionally dilutive congressional redistricting plans on various Black communities in South Carolina. (Dkt. No. 326 at 3, 11-12).    Plaintiffs' initial disclosures and first supplemental disclosures list "individuals and subchapters affiliated with" and the "Executive leadership" of Plaintiff SC NAACP who have general knowledge of South Carolina's redistricting process and South Carolina's voting patterns and demographics. (Dkt. Nos. 326-8; 326-9).   Plaintiffs contend they named seven additional witnesses "as soon as they settled on potentially proffering them at trial."  (Dkt. No. 326 at 13).  Plaintiffs offer an explanation of the anticipated testimony for the witnesses along with a brief description of each witnesses' connection to the subject matter.  *See e.g.*, (Dkt. No. 326 at 11) (anticipating that the witnesses will proffer testimony about the consequences of the challenged enacted congressional plan for their lives and communities).

Upon a review of the parties' arguments, the Panel finds Plaintiffs sufficiently establish good cause for the delayed disclosure. Plaintiffs represent they recently identified witnesses to testify at trial that are SC NAACP President Branch members.  It is implied the identification of these individual witnesses arises out of a more detailed factual record of the case and Plaintiffs' second supplemental disclosures are not inconsistent with prior disclosures that generally identify "individuals and subchapters affiliated with" and "Executive leaders" of Plaintiff SC NAACP. Plaintiffs served the second supplemental disclosures in compliance with the obligation to supplement disclosures when a party learns the disclosure is incomplete or incorrect pursuant to Federal Rule of Civil Procedure Rule 26(e)(1)(A).  Therefore, good cause is established.

Defendants argue they will suffer prejudice from Plaintiffs' delayed disclosure because there is inadequate time to "cure the unfair surprise" consistent with the current scheduling order and discovery deadline.  (Dkt. No. 321 at 4-5).  Plaintiffs contend any harm from surprise or prejudice can be cured by conducting additional depositions on the seven witnesses.

As Plaintiffs' disclosure is untimely, the Panel must apply the five-factor test articulated in *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). In exercising discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a  . . . court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id*. at 597.

First, the Panel finds Plaintiffs' second supplemental disclosures are not an undue surprise to Defendants.  Plaintiffs' initial and first supplemental disclosures state that "Executive

6

leadership" of the SC NAACP have knowledge of the history of congressional redistricting in South Carolina, South Carolina's voting population, voting patterns, and voting demographics, or other information to support Plaintiffs' challenge to the congressional redistricting plan. (Dkt. Nos. 326-8;326-9). Plaintiffs' second supplemental disclosures add witnesses that are largely comprised of SC NAACP President Branch members that Plaintiffs indicate will testify in support of Plaintiffs' theory of the case. The second supplemental disclosures were served on August 9, 2022, prior to the formal close of discovery and prior to the end of the parties stipulated extension of time to conduct additional depositions. (Dkt. Nos. 210; 307). Second, the Court finds that whatever surprise exists is minimal and may be cured by reopening the discovery deadline to allow Defendants to depose the additional witnesses prior to the commencement of trial on October 3, 2022. Third, the Court finds that adding additional witnesses will not significantly disrupt trial as the Court has set aside a sufficient number of days to hear witness testimony during the trial. Fourth, the Court finds the testimony is important to Plaintiffs' case as Plaintiffs anticipate the witnesses will testify as to the impact of the congressional redistricting plan, alleged racial gerrymandering, and intentional vote dilution on the Black communities of South Carolina. (Dkt. No. 361 at 13). Fifth, as previously discussed, Plaintiffs' stated reasons for disclosure several weeks prior to trial are sufficiently justified under the circumstances.

The Court finds the *Southern States* factors weigh against striking Plaintiffs' additional witnesses and precluding witness testimony at trial. Therefore, the Court denies Defendants' motion to strike Plaintiffs' second supplemental disclosures. (Dkt. No. 321). The Court will reopen the discovery deadline for an additional ten days to provide Defendants the opportunity to depose Plaintiffs' additional witnesses.

   2. **Supplemental Expert Report of Moon Duchin**

Defendants move to strike Duchin's supplemental expert report as it relates to the Jessamine Map on the ground this supplement is improper. Defendants argue the supplemental expert report does not remedy or correct misleading disclosures in the original report, but instead adds new analysis regarding the Congressional redistricting plan. (Dkt. No. 321 at 8). Plaintiffs contend the supplement was necessary to correct an incomplete or inaccurate disclosure pursuant to Federal Rule of Civil Procedure Rule 26(e) as the Jessamine Map files were not produced in discovery to Plaintiffs until after the deadline to disclose experts passed. The Jessamine Map is a draft congressional redistricting plan generated by NRRT. (Dkt. Nos. 326 at 5-6; 321-7 at 2). Plaintiffs contend legal advisors and redistricting counsel for the Republican National Committee along with Senate staff and redistricting counsel analyzed the Jessamine Map. (Dkt. No. 326 at 5-6). The Jessamine Map was not posted on the House and Senate websites. (Dkt. Nos. 326 at 9; 321 at 8).

A supplemental report under Federal Rule of Civil Procedure 26(e) is necessary when the proponent "party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26 (e)(1)(A). "Incomplete" in this context means tending to mislead because of missing information; it does not mean "less thorough than the report might have been." *See Coles v. Perry,* 217 F.R.D. 1, 3 (D.D.C. 2003) ("[Rule] 26(e) does not grant a license to supplement a previously filed expert report because a party wants to...."). "Courts distinguish 'true supplementation' (*e.g.,* correcting inadvertent errors or omissions) from gamesmanship, and have therefore repeatedly rejected attempts to ... 'supplement[ ]' an expert report with a 'new and improved' expert report. *Gallagher v. S. Source Packaging, LLC,* 568 F. Supp. 2d 624, 630-31 (E.D.N.C. 2008). "To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side,

in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given." *Beller ex rel. Beller v. United States,* 221 F.R.D. 696, 701 (D.N.M. 2003).

The Panel compared Duchin's original and supplemental reports. *Compare* (Dkt. No. 326-1, original expert report), *with* (Dkt. No. 321-7, supplemental expert report). Based upon that review, the Panel finds the revision is supplemental within the meaning of Rule 26(e). Duchin's original expert report analyzed the enacted Congressional districts in South Carolina (2022), together with maps from the previous census cycle (2012), along with alternative congressional redistricting plans submitted by members of the public and those that were posted on the Senate and House respective websites. (Dkt. No. 326-1 at 3). The purpose of the report was to compare the maps and assess the enacted plan in South Carolina. (*Id.*). The report analyzed the possibility of race-conscious line drawing when undermining traditional redistricting principles that could result in cracking, splitting communities, and vote dilution among the Black population of South Carolina. (*Id.*). Duchin's supplemental expert report incorporates the data and metrics related to the Jessamine Map and analyzes the same as one of the draft alternative congressional redistricting plans that was not included in the original expert report. (Dkt. No. 321-7 at 5-7).

When a party has a duty to supplement an incomplete expert report pursuant to Federal Rule of Civil Procedure Rule 26(a)(e)(2), the disclosure must occur by the time the party's pretrial disclosures are due pursuant to Rule 26(a)(3). Fed. R. Civ. P. 26(e)(2). The timeframe for pretrial disclosures pursuant to Rule 26(a)(3) is thirty business days before trial. *See* Fed. R. Civ. P. 26(a)(3)(B). Duchin's supplemental expert report was timely disclosed on August 9, 2022. (Dkt. No. 321-7). Defendants do not otherwise argue the supplemental report was untimely. Based on the following, the Panel denies Defendants' motion to strike Duchin's supplemental expert report. (Dkt. No. 321). To the extent the supplemental expert report may cause slight harm to Defendants,

the Panel finds that this is cured by reopening the deposition of Duchin for the subject of the supplemental expert report.

## Conclusion

For the foregoing reasons, and as detailed herein, House and Senate Defendants' motion to strike Plaintiffs' second supplemental disclosures and supplemental expert report of Moon Duchin is **DENIED**. (Dkt. No. 321). The Panel will issue an amended scheduling order extending the discovery deadline in this case an additional ten (10) days so that Defendants may have an opportunity to depose Plaintiffs' seven additional witnesses identified in their second supplemental disclosures (Dkt. No. 392-10) and to reopen the deposition of Moon Duchin for the subject of the supplemental expert report. (Dkt. No. 321-7).

**AND IT IS SO ORDERED.**

United States Circuit Judge

United States District Judge

United States District Judge

September 2, 2022
Charleston, South Carolina