# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, <br><br> and <br><br> TAIWAN SCOTT, on behalf of himself and all other similarly situated persons, <br><br>                 Plaintiffs, <br><br>       v. <br><br> THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission, <br><br>                 Defendants. | Case No. 3:21-cv-03302-MGL-TJH-RMG <br><br> **THREE-JUDGE PANEL** <br><br><br> **JOINT MOTION IN LIMINE OF HOUSE AND SENATE DEFENDANTS TO EXCLUDE WITNESS TESTIMONY BY VIDEOCONFERENCING TECHNOLOGY** |

      Defendants James H. Lucas (in his official capacity as Speaker of the South Carolina House

of Representatives[1]), Chris Murphy (in his official capacity as Chairman of the South Carolina

---

[1] On May 12, 2022, James H. Lucas stepped down as Speaker of the South Carolina House of Representatives. The current Speaker of the House is Representative G. Murrell Smith, Jr.

House of Representatives Judiciary Committee), and Wallace H. Jordan (in his official capacity as Chairman of the South Carolina House of Representatives Redistricting Ad Hoc Committee) (collectively, the "**House Defendants**"), and Thomas C. Alexander (in his official capacity as President of the Senate), and Luke A. Rankin (in his official capacity as Chairman of the Senate Judiciary Committee) (collectively, the "**Senate Defendants**"), by and through their undersigned counsel, hereby jointly submit this motion in limine pursuant to Federal Rule of Evidence 104(a), Federal Rule of Evidence 7(b), and Local Civil Rule 7.01, *et seq.* to exclude any witness testimony by use of videoconference technology in accordance with the Federal Rules of Civil Procedure's strong preference for live testimony.

## INTRODUCTION

In their pretrial disclosures, Plaintiffs have unilaterally designated 11 witnesses as potentially testifying via Zoom. (*See* ECF No. 331 at 3-6). These potential witnesses are Rep. Wendy C. Brawley, Sen. Margie Bright Matthews, Rep. Gilda Cobb-Hunter, Rep. Kambrell H. Garvin, Sen. Richard A. Harpootlian, Rep. Patricia Moore Henegan, Sen. Marlon Kimpson, Rep. John Richard C. King, R. Joseph Oppermann, Sen. Ronnie A. Sabb, and Rep. Ivory Thigpen. *See id.* Plaintiffs have not filed any motions with the Panel explaining what good cause and compelling circumstances exist for such a disfavored method of trial testimony. Senate and House Defendants do not consent to any witnesses or attorneys participating in this trial via videoconference technology and assert that Plaintiffs' unilateral designations as such are improper under Federal Rule of Civil Procedure 43(a). As the Panel has set this trial as an in-person trial in the Charleston federal courthouse (*see* ECF No. 305), Senate and House Defendants intend to call only live witnesses or use deposition designations as allowed under the Federal Rules of Civil Procedure.

Pursuant to Local Rule 7.02, this issue was discussed at a meet and confer held on September 1, 2022. While those conversations appeared to be productive, Plaintiffs notified House and Senate Defendants earlier this afternoon that their position remained unchanged and they were unwilling to modify their pretrial disclosures. As a result, House and Senate Defendants feel constrained to file this Motion.

## LEGAL STANDARD

Motions in limine have "evolved under the federal courts' inherent authority to manage trials." *Fulton v. Nisbet*, No. CV 2:15-4355-RMG, 2018 WL 565265, at *1 (D.S.C. Jan. 25, 2018) (quoting *United States v. Verges*, Crim. No. 1:13-222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014)). A motion in limine allows "a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Id.* Assessing these issues "is at the heart of the district court's trial management function." *United States v. McBride*, 676 F.3d 385, 403 (4th Cir. 2012). Therefore, a district court has "broad discretion" in deciding a motion in limine. *Kauffman v. Park Place Hosp. Grp.*, 468 Fed.Appx. 220, 222 (4th Cir. 2012).

In considering whether to allow witness testimony by contemporaneous transmission (such as Zoom or another live-feed video teleconference), courts use the standard contained in Federal Rule of Civil Procedure 43(a) which states,

> "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise**.** *For good cause in compelling circumstances* and with appropriate safeguards*, the court may permit* testimony in open court by contemporaneous transmission from a different location." (emphasis added).

In further clarification of Rule 43(a), the 1996 Amendment clarifies the standard for the contemporaneous transmission of testimony from a different location as follows:

3

> "Contemporaneous transmission of testimony from a different location is permitted only on showing good cause in compelling circumstances. The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truth telling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. *Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial*…. Good cause and compelling circumstances may be established with relative ease *if all parties agree* that testimony should be presented by transmission. The court is not bound by a stipulation, however, and can insist on live testimony. Rejection of the parties' agreement will be influenced, among other factors, by the apparent importance of the testimony in the full context of the trial. *A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances*." (emphasis added).

Therefore, video testimony is only permitted "'[f]or good cause in compelling circumstances and with appropriate safeguards'—and then only at the district court's discretion." *Benjamin v. Sparks,* 986 F.3d 332, 344 (4th Cir. 2021).

## ARGUMENT

While a party may seek to offer video testimony by filing a motion when there are "compelling circumstances" to do so, Plaintiffs have neither filed any motion or explained any circumstances that would make video testimony necessary. Fed. R. Civ. P. 43(a). Plaintiffs instead have unilaterally listed 11 witnesses in their pretrial disclosures, all of whom live in the state of South Carolina, who they say they may "potentially [call] via Zoom." (ECF No. 331 at 3-6). This includes 10 state legislators and one attorney from South Carolina. Plaintiffs do not identify under what circumstances they would call these witnesses over Zoom.

During the pandemic, while COVID-19 standing orders were in effect in this District, a district court allowed trial by remote contemporaneous transmission based on the fact that both parties consented and a finding "that compelling circumstances were present—i.e. the COVID-19 pandemic—to justify the remote proceedings and that appropriate safeguards were in place."

4

*Hallett v. Gov't Emp. Ins. Co.*, No. CV 9:19-2319-RMG, 500 F. Supp.3d 464,465, 471 n.1 (D.S.C. Nov. 10, 2020). Indeed, if a party seeks "to present a particular witness for live trial testimony via contemporaneous videoconference from a location outside the courtroom, the party may at that point bring a motion arguing 'good cause in compelling circumstances' as to that individual witness." *United States ex rel. Lutz v. Lab'y Corp. of Am. Holdings*, No. CV 9:14-3699-RMG, 2021 WL 7367200, at *2 (D.S.C. June 29, 2021). "The Court will then address the individual circumstances of each witness in which a party seeks to offer the testimony via live broadcast, recognizing the clearly stated preference under the Federal Rule of Civil Procedure 43(a) that witnesses' testimony be offered in open court." *Id.*

However, the COVID-19 pandemic no longer justifies such method of testimony. As of March 18, 2022, the District of South Carolina revoked Standing Orders related to the COVID-19 pandemic and returned to normal pre-pandemic operations. Even during the period where those Standing Orders were operative, courts in this Circuit found compelling circumstances to exist only in limited circumstances, such as when a prisoner or prison officials are the witnesses. *See e.g., McClary v. Butler*, No. 5:19-CV-00016-GCM, 2022 WL 187829, at *2 (W.D.N.C. Jan. 20, 2022) (having prison staff "appear for live testimony would deprive their host facilities of their services at a time when prison personnel are spread dangerously thin."); *McNeill v. Hinson*, No. 3:18-CV-00189-GCM, 2022 WL 138687, at *3 (W.D.N.C. Jan. 14, 2022) ("the need to avoid unduly burdening prison authorities and to protect the safety of the proceedings prompts the Court to utilize alternative procedures under Rule 43(a)").

Still, Plaintiffs have not even alleged the pandemic as a compelling circumstance for videoconference technology. Plaintiffs have not identified any witness who is immunocompromised or otherwise unable to travel to give live testimony in Charleston. Indeed,

10 of the 11 witnesses identified are state legislators whom regularly travel the state, interact with constituents, and meet in large committee or subcommittee settings. Plaintiffs have circumvented the process as proscribed by the Federal Rules of Civil Procedure and unilaterally designated 11 of their witnesses as potentially testifying via Zoom without a motion to this Panel. This is improper under the Rule and such method of testimony should be excluded.

## CONCLUSION

Senate and House Defendants respectfully request that the Panel deny any attempts by Plaintiffs to call witnesses at trial by videoconference technology unless and until Plaintiffs file such a motion and this Panel finds Plaintiffs have satisfied the high burden of showing good cause in compelling circumstances and with appropriate safeguards.

*[signature page follows]*

Respectfully submitted,

*s/ Mark C. Moore*
Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Hamilton B. Barber (Fed. ID No. 13306)
Michael A. Parente (Fed. ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
HBarber@nexsenpruet.com
MParente@nexsenpruet.com

William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900
Greenville, SC 29601
Telephone: 864.370.2211
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Rhett D. Ricard (Fed. ID No. 13549)
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401
Telephone: 843.720.1707
RRicard@nexsenpruet.com

*Attorneys for House Defendants*

*/s/*Robert E. Tyson Jr.
Robert E. Tyson, Jr. (7815)
Vordman Carlisle Traywick, III (12483)
La'Jessica Stringfellow (13006)
ROBINSON GRAY STEPP & LAFFITTE, LLC
1310 Gadsden Street
Post Office Box 11449 (29211)
Columbia, South Carolina 29201
(803) 929-1400
rtyson@robinsongray.com
ltraywick@robinsongray.com
lstringfellow@robinsongray.com

7

8

John M. Gore (admitted *pro hac vice*)
Stephen J. Kenny (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
skenny@jonesday.com

*Counsel for Senate Defendants*

September 2, 2022
Columbia, South Carolina