# Exhibit 4

adopted 8.3.21

**South Carolina House of Representatives**
**Judiciary Committee**
**Redistricting Ad Hoc Committee**

**2021 Guidelines and Criteria for**
**Congressional and Legislative Redistricting**

The South Carolina House of Representatives, the House Judiciary Committee, and the Redistricting Ad Hoc Committee have the authority to determine the criteria that the South Carolina House of Representatives will use to create Congressional and legislative districts. Therefore, the Redistricting Ad Hoc Committee of the South Carolina House of Representatives adopts these guidelines and criteria.

### I. Constitution of the United States

Redistricting plans shall comply with the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment, and the opinions of the Supreme Court of the United States.

### II. Federal Law

Redistricting plans shall also comply with federal law and the Voting Rights Act of 1965, as amended. Pursuant to the Voting Rights Act of 1965, and in accordance with the opinions of the Supreme Court of the United States, race may be a factor considered in the creation of redistricting plans, but it shall not be the predominant factor motivating the legislature's decisions concerning the redistricting plan and shall not unconstitutionally predominate over other criteria set forth in these guidelines.  The dilution of racial or ethnic minority voting strength is contrary to the laws of the United States and of the State of South Carolina, and also is against the public policy of this state. Any proposed redistricting plan that is demonstrated to have the intent or effect of dispersing or concentrating minority population in a manner that prevents minorities from electing their candidates of choice will neither be accepted nor approved.

### III. State Law

Except as otherwise required by federal law, redistricting plans also shall comply with the South Carolina Constitution, the laws of this state, and the opinions of the South Carolina Supreme Court.

### IV. Equal Population/Deviation

- a. The population of the Congressional and legislative districts will be determined based solely on the enumeration of the 2020 federal decennial census pursuant to the United States Constitution, Article I, Section 2, and the Equal Protection Clause of the Fourteenth Amendment.

- b. The number of persons in Congressional districts shall be as nearly equal in population as is practicable. The ideal population for Congressional districts shall

    be 731,204. In every case, efforts shall be made to achieve strict equality or produce the lowest overall range of deviation possible when taking into consideration geographic limitations.

  c. Legislative districts shall have substantial equality of population. The ideal population for a South Carolina House of Representatives district shall be 41,278. In every case, efforts should be made to limit the overall range of deviation from the ideal population to less than five percent, or a relative deviation in excess of plus or minus two and one-half percent for each South Carolina House district. Nevertheless, any overall deviation greater than five percent from equality of population among South Carolina House districts shall be justified when it is the result of geographic limitations, the promotion of a constitutionally permissible state policy, or to otherwise comply with the criteria identified in these guidelines.

## V. Contiguity

Congressional and legislative districts shall be comprised of contiguous territory. Contiguity by water is sufficient. Areas which meet only at the points of adjoining corners are not considered contiguous.

## VI. Compactness

Congressional and legislative districts should be reasonably compact in form and should follow census geography. Bizarrely-shaped districts are to be avoided except when required by one or more of the following factors: (a) census block geography; (b) natural geography including water; (c) efforts to comply with the standards delineated above in Section IV; and/or (d) efforts to comply with the Voting Rights Act of 1965, as amended. Compactness may require the division of population concentrations when to do otherwise would mean dramatically altering the character of a district or would require tortuous configuration of an adjoining district.

Compactness should be judged in part by the configuration of prior plans. Compactness should not be judged based upon any mathematical, statistical, or formula-based calculation or determination.

## VII. Communities of Interest

Communities of interest should be considered in the redistricting process. A variety of factors may contribute to a community of interest including, but not limited to the following: (a) economic; (b) social and cultural; (c) historic influences; (d) political beliefs; (e) voting behavior; (f) governmental services; (g) commonality of communications; and (h) geographic location and features. Communities of interest should be considered and balanced by the Redistricting Ad Hoc Committee, the House Judiciary Committee, and the South Carolina House of Representatives. County boundaries, municipality boundaries, and precinct lines (as represented by the Census Bureau's Voting Tabulation District lines) may be considered as evidence of communities of interest to be balanced, but will be given no greater weight, as a matter of state policy, than other identifiable communities of interest.

It is possible that competing communities of interest will be identified during the redistricting process. Although it may not be possible to accommodate all communities of interests, the Redistricting Ad Hoc Committee, the House Judiciary Committee, and the South Carolina House of Representatives will attempt to accommodate diverse communities of interest to the extent possible.

**VIII.   Incumbency Consideration**

Incumbency may be considered in the reapportionment process. Reasonable efforts may be made to ensure that incumbent legislators remain in their current districts. Reasonable efforts may be made to ensure that incumbent legislators are not placed into districts where they will be compelled to run against other incumbent members of the South Carolina House of Representatives. However, incumbency considerations shall not influence the redistricting plan to such an extent as to overtake other redistricting principles.

**IX.   Priority of Criteria**

   a. In establishing Congressional and legislative districts, all criteria identified in these guidelines should be considered. However, if there is a conflict among the requirements of these guidelines, the requirements addressed in Sections I, II, III, and IV herein should be given priority.

   b. If application of the criteria set forth in these guidelines will cause a violation of applicable constitutional, federal, or state law, and there is no other way to conform to the criteria without such violation of law, deviations from the criteria are permitted. However, any deviation from the criteria shall not be any more than necessary to avoid the violation of law, and the remainder of the redistricting plan shall remain faithful to the criteria.

**X.   Public Input**

The Redistricting Ad Hoc Committee should make reasonable efforts to be transparent and allow public input into the redistricting process.