*SC NAACP v. Alexander,*
D.S.C. Case No. 3:21-cv-03302-MGL-TJH-RMG

# EXHIBIT 9

# NEXSEN PRUET

Michael A. Parente
Associate

June 3, 2022

**DELIVERED VIA EMAIL**

Christopher Bryant
Boroughs Bryant LLC
1122 Lady St. Ste. 208
Columbia, SC 29201

> Re:   S.C. State Conf. of the NAACP and Taiwan Scott v. Alexander, et al.,
> Docket No. 3:21-cv-03302-MBS-TJH-RMG (D.S.C.)
> Plaintiffs' Deficient Productions Related to the Congressional Plan

Dear Chris:

After reviewing Plaintiffs' productions related to the Congressional plan, and in light of information we learned through our discovery efforts in connection with the House plan, we believe it is prudent to consult with you as soon as possible to address the below discovery issues pursuant to Rules 37(a) and 11 of the Federal Rules of Civil Procedure, in hopes of resolving those deficiencies quickly and without the assistance of the Court. While there may be additional areas of discovery that we believe are deficient under the Rules that still need to be addressed, House Defendants have identified several deficiencies that warrant immediate attention.

Our main concern stems from the fact that Plaintiff South Carolina State Conference of the NAACP ("**SC NAACP**") has only provided emails from collections of three (3) .PST files. For an organization the size of SC NAACP and the members that we know were involved in the redistricting process, we believe that Plaintiffs' collections and productions are unreasonably limited.

While we appreciate you providing documents from SC NAACP President Brenda Murphy's personal email accounts after much delay, House Defendants believe that this shows that there are additional relevant accounts that must be collected, searched, and produced. This was the first personal .PST file that has been produced from SC NAACP in this case; SC NAACP has produced documents from President Murphy's SC NAACP email and from the SC NAACP office manager account.

Austin
Charleston
Charlotte
**Columbia**
Greensboro
Greenville
Bluffton / Hilton Head
Myrtle Beach
Raleigh

1230 Main Street
Suite 700 (29201)
PO BOX 2426
Columbia, SC 29202
www.nexsenpruet.com

**T** (803) 253-8247
**F** 803.253.8277
**E** MParente@nexsenpruet.com
Nexsen Pruet, LLC
**Attorneys and Counselors at Law**

Mr. Christopher Bryant
June 3, 2022
Page 2

While we have pointed out that other members of the SC NAACP are listed on relevant emails that have been produced, House Defendants have not been told what collections and searches have been done regarding others at the SC NAACP such as Amber Brooks, Laurie Gregory, Priscilla Smith, Shirley Able, Dr. Eloise Fomby-Denson, and Amelia Glisson. Besides the productions, the only information we have received regarding these accounts was in a May 4, 2022 email from Mr. Hindley responding to our reply in support of our Motion to Compel (ECF No. 256) stating that while "[a]pproximately 300 documents were collected from the PST file for Ms. Brooks's email," "[t]hose documents either (1) did not hit on Plaintiffs' search terms or (2) were marked not responsive." As we have not received any other such information to date, House Defendants request that Plaintiffs provide which accounts have been collected by counsel or provided to counsel, which accounts are the subject of a self-collection or self-search, and what search terms are being used to locate documents responsive to our requests for production regarding the Congressional plan sent on March 3, 2022.

Still, it has become apparent that there were numerous other people involved in the redistricting efforts that would have documents that are responsive to our requests for production. For example, the co-chairs of the Reapportionment Committee, Charles Boykin and Steve Love, have yet to provide a single email collected from their email accounts. During his deposition in connection with the House plan on May 3, 2022, Mr. Love affirmed that counsel had not yet asked him to provide emails from his personal email account regarding redistricting or reapportionment. During his deposition on May 4, 2022, Mr. Boykin stated that he had been asked to search his emails by Ms. Barnes and Mr. Ingram, but that he had yet to search those emails. Still, Plaintiffs have not provided any emails collected from either Mr. Love or Mr. Boykin's email account.

In addition, both President Murphy and Mr. Boykin stated during their depositions in connection with the House plan litigation that the Executive Committee was responsible for decision-making for the SC NAACP, including reviewing and approving this lawsuit. The Executive Committee consists of roughly 26 individuals according to President Murphy, yet we have only received emails from one of those members: President Murphy. While House Defendants have received a handful of emails with some of these individuals, a thorough and fulsome collection and production of these emails has not occurred. As such, House Defendants request that the personal and/or official emails of all employees and members of the Executive Committee[1] be collected, searched, and produced as soon as possible.

---

[1] Any employees or members of the Executive Committee who are also licensed attorneys may themselves collect any responsive documents for production by SC NAACP; provided, however, the attorneys certify, under penalty of perjury, that they have searched their personal email accounts and all text messages and instant messages on their personal communication devices and that they have delivered to SC NAACP

Mr. Christopher Bryant
June 3, 2022
Page 3

Further, President Murphy disclosed that there were proposed draft South Carolina House of Representative maps that were sent from the American Civil Liberties Union ("ACLU")[2] to President Murphy at her Gmail account and forwarded by her or a staffer to SC NAACP branch presidents. To date, House Defendants have not received maps from the SC NAACP or any emails between the ACLU and the branch presidents in party discovery, other than publicly-available maps, including various copies of the maps that were submitted to the House website on October 8, 2021. SC NAACP has not produced any drafts of those maps, any substantive commentary about decision-making going into those maps, any internal in-depth analysis of those maps, or any internal comparison of the SC NAACP map to the plan enacted in Act No. 118. We believe this information exists, is not privileged, and must be produced.

Finally, there is at least one discrete item that appears to be missing from SC NAACP's productions. In Mr. Boykin's deposition, he confirmed that the Executive Committee voted on the instant litigation despite not being provided any evidence of racial discrimination or racial gerrymandering. Mr. Boykin stated that this vote occurred at a meeting that would have had minutes. However, House Defendants have yet to be provided any audio or video recordings or transcripts of this meeting, an agenda for this meeting, minutes for this meeting, or any documentation surrounding the initiation of this lawsuit. If House Defendants have overlooked the production of these documents, we respectfully request that Plaintiffs direct us to these documents; otherwise, House Defendants request that Plaintiffs provide these documents as soon as possible.

We look forward to discussing these issues at our meet and confer next week. If you have any documents or information to provide in response in the meantime, we will review that before the meet and confer.

---

counsel all emails, text messages, and instant messages relating in any way to the South Carolina Congressional Reapportionment Plan adopted in the 2021-2022 legislative session.

[2] President Murphy also discussed during an earlier deposition the demographers and statisticians from the ACLU who created the SC NAACP maps, maps which are referenced throughout the Third Amended Complaint. (*See* ECF No. 256 at ¶¶ 6, 68, 87, 146, and 154). The identity of these map drawers has not expressly been made known to House Defendants despite repeated requests and at least one representation by Plaintiffs' counsel that such identities would be made known. House Defendants again request the identity of these map drawers.

Mr. Christopher Bryant
June 3, 2022
Page 4


Sincerely,

Michael A. Parente

cc:    Counsel of Record for Plaintiffs
        Counsel of Record for Senate Defendants
        Counsel of Record for House Defendants