# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>      Plaintiffs,<br><br>  v.<br><br>THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>      Defendants. | **Case No. 3-21-cv-03302-MGL-TJH-RMG**<br><br>**THREE-JUDGE PANEL**<br><br>**PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE LAY TESTIMONY CONCERNING EXPERT TOPICS** |

# INTRODUCTION[1]

Plaintiffs move to preclude the admission of lay opinion testimony on subject matters requiring expertise. Based on discovery in this case, Plaintiffs anticipate that Defendants will attempt to offer the testimony of non-expert witnesses, such as legislators and certain staff for the House Judiciary Ad Hoc Redistricting Committee and the Senate Judiciary Redistricting Subcommittee, to support the proposition that Defendants did not impermissibly draft and pass the map contained in Senate Bill 865 ("S. 865") on the basis of race because it satisfied other redistricting criteria, such as compactness, or can be justified on other quantitative metrics such as "core retention," partisan performance, or effectiveness. That lay opinion testimony is inadmissible under Federal Rule of Evidence 701 because it requires specialized knowledge, skill, training, and experience within the scope of Federal Rule of Evidence 702. Accordingly, this Court should exclude lay opinion testimony about expert topics.[2]

# ARGUMENT

## I. Defendants May Not Admit Undisclosed Expert Testimony

Defendants are aware that opinions on compliance with redistricting criteria and other quantitative assessments of a map require specialized knowledge and expertise and fall within the ambit of Rule 702. To that end, on April 18, 2022, Defendants disclosed the expert report of Sean

---

[1] Pursuant to Local Rule 7.02, Plaintiffs state that the Parties, prior to this filing, met and conferred in good faith on September 1. The Parties were unable to resolve the issues raised in this motion.

[2] Pursuant to the consent confidentiality order, House Defendants designated certain portions of Mr. Jordan's and Mr. Hauger's depositions as confidential. Plaintiffs noted their objections. Plaintiffs are attaching blank, placeholder versions of Exhibits A and D and sending true versions of the relevant deposition transcript pages to the Court via email for *in camera* review.

P. Trende. *See* ECF 324-1, 324-4. Although subject to a pending *Daubert* challenge, ECF 324, Mr. Trende purports to apply his knowledge and skill to form opinions about the S. 865 Congressional map on subjects such as compactness, core retention, and partisan performance/effectiveness. Defendants have provided no other expert reports and have disclosed no other expert witnesses. *See* Fed. R. Civ. P. 26(a)(2)(B) and (C).

Having disclosed only Mr. Trende's expert opinions, Defendants cannot adduce opinion testimony on compliance with redistricting criteria or other quantitative assessments of the map from other witnesses.

**II.    Defendants Cannot Admit Lay Opinion Testimony on Quantitative Assessments of Redistricting**

Rule 701 limits lay opinion testimony to opinions that are, *inter alia*, "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Defendants and other legislators and certain staff for the House Judiciary Ad Hoc Redistricting Committee and the Senate Judiciary Redistricting Subcommittee cannot meet those thresholds for admitting lay opinion testimony on subjects such as compactness, core retention, and partisan performance/effectiveness, and that opinion testimony must be excluded.

Opinions on whether the proposed Congressional districts comply with redistricting principles are not "rationally based on the witness's perception." They cannot be. Unlike an opinion on the speed of a car before a crash, the application of redistricting principles to a given

map requires much more than mere perception.³  Under Rule 701, a lay witness may not "express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness." *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000) (quoting *Randolph v. Collectramatic, Inc.*, 590 F.2d 844, 846 (10th Cir. 1979)); *see also Vill. of Freeport v. Barrella*, 814 F.3d 594, 611 (2d Cir. 2016); *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005) (noting that the purpose of Rule 701 is "to protect 'against the admission of opinions which would merely tell the jury what result to reach,' rather than providing information that would assist the jury in drawing its own conclusions" and ensure that a lay witness cannot be conferred "an aura of expertise") (emphasis omitted).  As a result, if a witness were to offer an opinion, it must be "rationally based on [his] perception." *United States v. Smith*, 962 F.3d 755, 766 (4th Cir. 2020) (internal quotation marks omitted).

Relatedly, lay opinions must not be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  By proffering Mr. Trende as an expert under Rule 702, Defendants have conceded that lay opinion testimony on certain redistricting criteria (such as compactness) or other quantitative assessments of a proposed map are inadmissible under Rule 701.⁴

---

³ To distinguish between lay and expert testimony, the "'guiding principle' . . . is that lay testimony must 'be based on personal knowledge,'" *United States v. Farrell*, 921 F.3d 116, 143 (4th Cir. 2019), "or firsthand perception." *Lord & Taylor, LLC v. White Flint, L.P.*, 849 F.3d 567, 575 (4th Cir. 2017), *as amended* (Mar. 7, 2017).

⁴ As a result of the complicated nature of redistricting, courts regularly rely upon experts to evaluate evidence regarding a particular map and the application of certain concepts like compactness and core retention.  *See*, *e.g.*, *Robinson v. Ardoin*, -- F. Supp. 3d --, CIVIL ACTION 22-211-SDD-SDJ, 22-214-SDD-SDJ, 2022 WL 2012389, at *19, *37–38, *41–42 (M.D. La. June 6, 2022) (evaluating the defendants' expert evidence concerning core retention and finding it

During discovery and the redistricting process, relevant legislators and certain staff for the House and the Senate who were involved in the redistricting process repeatedly sought to offer lay opinions.[5] These depositions and legislative transcripts demonstrate that the various fact witnesses that may be utilized by House or Senate Defendants are inadmissible lay opinions.

---

unpersuasive); *Alpha Phi Alpha Fraternity Inc. v. Raffensperger*, -- F. Supp. 3d --, CIVIL ACTION FILE No. 1:21-CV-5337-SCJ, 1:21-CV-5339-SCJ, 1:22-CV-122-SCJ, 2022 WL 633312, at *28, *40–41, *47–48, *52 (N.D. Ga. Feb. 28, 2022) (evaluating the defendant's and plaintiff's expert testimony concerning core retention); *Rodriguez v. Harris Cnty.*, 964 F. Supp. 2d 686, 741–44 (S.D. Tex. 2013) (evaluating plaintiffs' expert compactness statistical analysis); *Fletcher v. Lamone*, 831 F. Supp. 2d 887, 889–900 (D. Md. 2011) (same). Courts evaluating voting rights claims have excluded lay testimony when it did not opine on personal knowledge and experience and were not tendered by an expert. *See*, *e.g.*, *N.C. State Conf. of the NAACP v. McCory*, 182 F. Supp. 3d 320, 375 (M.D.N.C. 2016).

[5] *See*, *e.g.*, **Exhibit A**, T. Hauger Dep. (June 28, 2022) at 134:9–24; **Exhibit B**, A. Fifick Dep. (July 7, 2022) at 329:11–21 (describing how the Palmetto Plan "just didn't seem compact"); **Exhibit C**, W. Jordan Dep. (July 21, 2022) at 348:2–9, 433:1–6 ("Q. Did you, to the best of your ability, try to make sure that the districts were compact? A. Yes."); **Exhibit D**, P. Benson Dep. (July 13, 2022) at 239:22–240:2 ("Q. And let me just ask you specifically, does S-865, the congressional map, . . . does it meet the criteria of these guidelines? A. It does."); **Exhibit E**, B. John Dep. (Aug. 8, 2022) at 193:13–22 ("Q. Can you describe how partisan considerations factored into the development of this plan? A. Primarily didn't want to significantly change the 1st District and the 6th District. Didn't want to make significant changes to their political leanings as they were drawn under the benchmark plan."); **Exhibit F**, SCNAACP_CD_006914 (Jan. 20, 2022 Senate Proceedings) at 23:8–14 (Sen. Campsen: "Now I'd like to address some -- because District 1 and District 6 seem to have had the most focus in recent days, . . . the first point I would like to make is that this plan is a minimal change plan from the current District . . . ."), 25:1–4 ("So this is a minimal change plan from a plan that was approved by a federal court -- actually by the United States Supreme Court -- as recently as 2012 in the Backus decision."); **Exhibit G**, SCNAACP_CD_006560 (Jan. 12, 2022 House Proceedings) at 22:4–23:5 ("The proposed congressional districts generally adhere to the previous boundaries that were sufficiently contiguous and compact, to be approved by the Department of Justice and past judicial scrutiny in 2011. . . . The plan before you also provides, or improves, the compactness of District 2 versus what was first proposed in the initial staff plan.").

## **CONCLUSION**

For the reasons stated above, Plaintiffs' motion in limine should be granted, and lay opinions on redistricting subjects should be ruled to be inadmissible.

Dated: September 2, 2022

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

*/s/ Santino Coleman*
Santino Coleman*** Fed. ID. 11914
Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Adriel I. Cepeda Derieux**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com

*\* Motion for admission Pro Hac Vice forthcoming*

Respectfully Submitted,

Christopher J. Bryant, Fed. ID 12538
BRYANT LEGAL, LLC
126 W. Henrietta St.
Baltimore, MD 21230
Tel.: (843) 779-5444
chris@bryant.legal.com

Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Jeffrey A. Fuisz**
Paula Ramer**
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

*Counsel for Plaintiffs the South Carolina Conference of the NAACP and Taiwan Scott*

7

*\*\* Admitted Pro Hac Vice*
*\*\*\* Mailing address only (working remotely from South Carolina)*

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes**
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

\* Motion for admission *Pro Hac Vice* forthcoming
\*\* Admitted *Pro Hac Vice*

*Counsel for Plaintiff the South Carolina Conference of the NAACP*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

/s/ *Santino Coleman*
Santino Coleman