**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>      Plaintiffs,<br><br>   v.<br><br>THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>      Defendants. | Case No. 3-21-cv-03302-MGL-TJH-RMG<br><br>**THREE-JUDGE PANEL**<br><br>**PLAINTIFFS' MOTION IN LIMINE TO PERMIT EVIDENCE SUBJECT TO HOUSE DEFENDANTS' UNTIMELY CLAWBACK** |

## INTRODUCTION

Plaintiffs file this motion to permit introduction of a document at trial that is the subject of an untimely and improper clawback request, as well as to allow questioning about this document at the upcoming September 9, 2022 deposition of the document's author Patrick Dennis.[1] The document at issue is Plaintiffs' Proposed Trial Exhibits 200 (in conjunction with the deposition of Representative Chris Murphy) and 217 (in conjunction with the deposition of Representative James Lucas) and is filed under seal with this motion as Exhibit A. Given their delay in requesting the document's clawback, House Defendants waived their claim of privilege as to this document and cannot now claw it back under Federal Rule of Evidence 502(b).[2]

## BACKGROUND

1. On April 30, 2022, House Defendants produced document SC_HOUSE_010878 (Ex. 1) in conjunction with a custodian production from Representative Wes Newton.

2. On May 4, 2022, SC_HOUSE_010878 was introduced as an exhibit at the deposition of Representative Chris Murphy as Exhibit 14. At the Murphy deposition, neither of the two participating lawyers for the House Defendants objected to its introduction. Although defense counsel objected on privilege grounds to certain questions about communications about the document, counsel for the House Defendants did not take the position that the communication

---

[1] While Plaintiffs initially sought to take Mr. Dennis' deposition in July, the parties recently have confirmed that Mr. Dennis' deposition will be on September 9, 2022.

[2] Pursuant to Local Rule 7.02, Plaintiffs state that the Parties, prior to this filing, met and conferred in good faith on September 1, 2022. The Parties were unable to resolve the issues raised in this motion.

1

itself was privileged, or request that the document be clawed back. *See* Ex. 2 (Murphy Dep. 268:14–270:25).[3]

3. Following introduction of SC_HOUSE_010878 at the Murphy deposition, House Defendants did not request the document be clawed back.

4. On May 5, 2022, Plaintiffs identified SC_HOUSE_010878 on their Rule 26(a)(3) pretrial disclosures as proposed exhibit 263. *See* ECF 264-1 at 12. Following this disclosure, House Defendants did not request the document be clawed back.

4. On June 29, 2022, in advance of the deposition of Representative James Lucas, Plaintiffs notified Defendants of their intent to use SC_HOUSE_010878 as a potential deposition exhibit at the Lucas deposition. Counsel for the House Defendants did not object to that use, indicate that they considered the document to be privileged, or request that the document be clawed back.

5. On July 1, 2022, SC_HOUSE_010878 was introduced as an exhibit at the deposition of Representative James Lucas as Exhibit 15. At the Lucas deposition, neither of the two participating lawyers for the House Defendants objected to its introduction, took the position that the communication itself was privileged, or requested that the document be clawed back. *See* Ex. 3 (Lucas Dep. 115:18–116:23).

6. On July 7, 2022, House Defendants requested a clawback of SC_HOUSE_010878, asserting that its disclosure was "inadvertent." Ex. 4.

---

[3] Pursuant to the consent confidentiality order, House Defendants designated certain portions of Mr. Murphy's and Mr. Lucas's depositions as confidential. Plaintiffs noted their objections. Plaintiffs are attaching blank, placeholder versions of Exhibits 2 and 3 and sending true versions of the relevant deposition transcript pages to the Court via email for *in camera* review.

7. In conjunction with Rule 26(a)(3) disclosures, Plaintiffs have designated the relevant portions of the Murphy and Lucas depositions, and have designated Murphy Exhibit 14 and Lucas Exhibit 15 as trial exhibits.

8. Plaintiffs would like to ask Patrick Dennis, the author of SC_HOUSE_010878, about the document at his upcoming deposition. Pursuant to House Defendants' clawback notice and objection, Plaintiffs will refrain from asking about this document pending a ruling from the Court.

## ARGUMENT

Under Federal Rule of Evidence 502(b), a party that discloses a privileged document effects a waiver unless "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)." Further, "[t]he party claiming that its disclosure was inadvertent bears the burden of proving that *each* of the three elements of Rule 502(b) has been met." *Williams v. District of Columbia*, 806 F. Supp. 2d 44, 48 (D.D.C. 2011) (emphasis added).

While House Defendants have, to date, not identified the steps they took to prevent inadvertent disclosure, here, it is clear that House Defendants failed to act promptly or take reasonable steps to rectify their error.

The House Defendants' failure to act promptly or reasonably is evident in at least two critical facts. First, four separate lawyers for House Defendants failed to object to the use of the document prior to or at two depositions. As numerous courts have found "when a privileged document is used at a deposition, and the privilege holder fails to object immediately, courts have found the privilege to be waived." *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Palladium Equity Partners, LLC*, 722 F. Supp. 2d 845, 850 (E.D. Mich. 2010) (collecting cases).

3

Second, House Defendants waited over 11 weeks from the time the document was first introduced at deposition to request it be clawed back. Time periods far shorter than "two months" have been found to be "a sufficiently long period of time to warrant a finding of waiver." *Clarke v. J.P. Morgan Chase & Co.*, No. 08 Civ. 02400(CM)(DF), 2009 WL 970940, at *6 (S.D.N.Y. Apr. 10, 2009); *see also Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*, No. 96 Civ. 2064 (RWS), 1996 WL 668862 (S.D.N.Y. Nov. 19, 1996) (privilege waived where return was requested one month after document used in deposition); *Harmony Gold U.S.A., Inc. v. FASA Corp.*, 169 F.R.D. 113, 117 (N.D. Ill. 1996) (waiting two weeks after learning of inadvertent disclosure to request clawback from opposing counsel was "lax at best"). Here, by waiting almost three months, House Defendants clearly failed to take reasonable steps to rectify the disclosure.

One final note about the document at issue: While SC_HOUSE_010878 and Representatives Murphy and Lucas' testimony are not particularly material to Plaintiffs' proof of claims, Plaintiffs would like the opportunity to ask Mr. Dennis, the author of the document, about it at deposition scheduled for September 9. And certainly, to the extent that deposition designations for Representatives Murphy or Lucas are admitted to the trial record, and Plaintiffs have prepared for that possibility by providing deposition designations for those witnesses in advance of trial, inclusion of this document will ensure the record is complete.

## CONCLUSION

For the reasons stated herein, the Court should conclude the claim of privilege as to SC_HOUSE_010878 is waived, and Plaintiffs should be permitted to use it at the upcoming deposition of Mr. Dennis and introduce evidence about it at trial.

Dated:  September 2, 2022

Respectfully submitted,

Leah C. Aden\*\*
Stuart Naifeh\*\*
Raymond Audain\*\*
John S. Cusick\*\*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

*/s/ Santino Coleman*
Santino Coleman\*\*\* Fed. ID. 11914
Antonio L. Ingram II\*\*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Adriel I. Cepeda Derieux\*\*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman\*\*
Elisabeth S. Theodore\*
Adam Pergament\*\*
Gina M. Colarusso\*\*
John M. Hindley\*\*
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com

*\* Motion for admission Pro Hac Vice*

Christopher J. Bryant, Fed. ID 12538
BRYANT LEGAL, LLC
126 W. Henrietta St.
Baltimore, MD 21230
Tel.: (843) 779-5444
chris@bryant.legal.com

Somil B. Trivedi\*\*
Patricia Yan\*\*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Jeffrey A. Fuisz\*\*
Paula Ramer\*\*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll\*\*
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

*Counsel for Plaintiffs the South Carolina
Conference of the NAACP and Taiwan Scott*

5

*forthcoming*
*\*\* Admitted Pro Hac Vice*
*\*\*\*Mailing address only (working remotely from South Carolina)*

Janette M. Louard\*
Anthony P. Ashton\*
Anna Kathryn Barnes\*\*
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

\* Motion for admission *Pro Hac Vice* forthcoming
\*\* Admitted *Pro Hac Vice*

*Counsel for Plaintiff the South Carolina Conference of the NAACP*

6

## CERTIFICATE OF SERVICE

    I hereby certify that on September 2, 2022, a true and correct copy of the foregoing was served on all counsel of record by filing with the Court's CM/ECF service.

                                        */s/ Santino Coleman*
                                        Santino Coleman