*SC NAACP v. Alexander,*
D.S.C. Case No. 3:21-cv-03302-MGL-TJH-RMG

# Exhibit B

Page 1

```
 1
 2   IN THE UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF SOUTH CAROLINA
 3   COLUMBIA DIVISION
     ---------------------------------------x
 4   THE SOUTH CAROLINA STATE
     CONFERENCE OF THE NAACP
 5
                   and
 6
     TAIWAN SCOTT, ON BEHALF OF HIMSELF      Case No.
 7   AND ALL OTHER SIMILARLY SITUATED        3:21-CV-03302
     PERSONS,                                JMC-TJH-RMG
 8
                         Plaintiffs,
 9
                  Vs.
10
     THOMAS C. ALEXANDER, IN HIS OFFICIAL
11   CAPACITY AS PRESIDENT OF THE SENATE;
     LUKE A. RANKIN, IN HIS OFFICIAL CAPACITY
12   AS CHAIRMAN OF THE SENATE JUDICIARY
     COMMITTEE; MURRELL SMITH, IN HIS OFFICIAL
13   CAPACITY AS SPEAKER OF THE HOUSE OF
     REPRESENTATIVES; CHRIS MURPHY, IN HIS
14   OFFICIAL CAPACITY AS CHAIRMAN OF THE
     HOUSE OF REPRESENTATIVES JUDICIARY
15   COMMITTEE; WALLACE H. JORDAN, IN HIS
     OFFICIAL CAPACITY AS CHAIRMAN OF THE HOUSE
16   OF REPRESENTATIVES ELECTIONS LAW
     SUBCOMMITTEE; HOWARD KNAPP, IN HIS
17   OFFICIAL CAPACITY AS INTERIM EXECUTIVE
     DIRECTOR OF THE SOUTH CAROLINA STATE
18   ELECTION COMMISSION; JOHN WELLS, JOANNE
     DAY, CLIFFORD J. EDLER, LINDA MCCALL,
19   AND SCOTT MOSELEY, IN THEIR OFFICIAL
     CAPACITIES AS MEMBERS OF THE SOUTH
20   CAROLINA STATE ELECTION COMMISSION,
21                         Defendants.
     ------------------------------------------x
22
        STENOGRAPHIC REMOTE VIRTUAL DEPOSITION
23               CHARLES TERRENI
             Tuesday, August 16, 2022
24
25
```

Page 190

1           TERRENI
2     always have to be.  I assume you can
3     comply with Section 2 without having
4     to consider race as the predominant
5     factor but it could be.
6          Q.   What about remedying
7     historical discrimination, has that
8     been recognized as a compelling
9     state interest?
10          A.   It may have been recognized
11    as a compelling state interest but
12    in the current redistricting
13    framework, as I understand it,
14    unless it's expressed through the
15    Voting Rights Act it wouldn't in and
16    of itself be -- I don't know there
17    would be a compelling state interest
18    for using race as the predominant
19    factor in redistricting.  I never
20    really had to encounter that.
21          Q.   If staff was instructed not
22    to consider race during
23    congressional redistricting, who
24    would have made that decision on
25    behalf of the Senate?

Page 191

1            TERRENI
2           MR. GORE:  Again, I'm just
3      going to object to the extent this
4      calls for attorney-client
5      communications.  And the witness
6      can answer to the extent he can do
7      so without divulging confidential
8      or privileged information.
9           A.   Well, the question is if
10   staff were considered -- were
11   instructed not to consider race in
12   redistricting who would have
13   instructed staff in that fashion, is
14   that -- did I restate your question
15   fairly?
16           Q.   Yes.
17           A.   Well, I don't think anybody
18   could have instructed staff in that
19   regard better than the chairman or
20   the subcommittee and the vote if
21   that guidance was given.  However,
22   if that guidance were given, it
23   would have been given by counsel,
24   me, Mr. Gore, Mr. Fiffick.
25           Q.   Are you aware whether