# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>      Plaintiffs,<br><br>    v.<br><br>THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>      Defendants. | **Case No. 3-21-cv-03302-MGL-TJH-RMG**<br><br>**THREE-JUDGE PANEL**<br><br>**PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE UNDISCLOSED EXPERT OPINIONS AND TO EXCLUDE SENATE DEFENDANT EXHIBITS 47–60 AND 119** |

## INTRODUCTION

Plaintiffs file this motion in limine to prevent defense-designated expert Mr. Sean Trende, to the extent he is allowed to testify in light of Plaintiffs' pending *Daubert* motion (ECF 324), from testifying about any opinions or analysis other than those topics disclosed in his April 14 and May 4, 2022 Rule 26(a)(2) reports.

This motion is prompted by two issues. First, although Mr. Trende's May 4, 2022 rebuttal report disclosed opinions concerning the analysis of two of Plaintiffs' five experts (Drs. Imai and Ragusa), it did not disclose opinions concerning the analysis of the other three of Plaintiffs' experts (Drs. Duchin, Bagley, or Liu). As discussed in detail below, when asked about this at his July 21, 2022 deposition, Mr. Trende testified that he had opinions concerning Drs. Duchin, Bagley, and Liu, but which have not been disclosed in either his original or any supplemental Federal Rule of Civil Procedure (FRCP or Rule) 26(e) reports. Further, Mr. Trende declined to identify those opinions at his deposition (stating he was not "going to close myself out" by specifying his views) and has not disclosed them subsequent to his deposition. His views concerning Drs. Duchin, Bagley, and Liu remain undisclosed to this day, even though almost all formal discovery in this case has closed per this Court's order. ECF 210 ¶ 6. And under Rules 26 and 37, they should remain so: Mr. Trende should not be permitted to testify as to undisclosed opinions or analysis.

Second, on August 12, 2022 (*i.e.,* the primary fact discovery cutoff date) at 5:05 p.m. (ET), Senate Defendants made a production including certain materials related to Mr. Trende. This production included approximately 20 pages of supplemental analysis, data, and maps that defense counsel represented was prepared by the Senate Staff. SCSENATE_00027408–429. Several of these documents state on their face that they were prepared approximately seven to ten days after Mr. Trende's July 21 deposition, and they all relate to issues that were covered during Mr. Trende's

1

deposition and analyses that are subjects of the pending *Daubert* motion (*e.g.,* core retention calculations, vote share calculations, and subjective descriptions of why lines were drawn in particular ways). In their August 26 Rule 26(a)(3)(A)(iii) disclosures, the Senate Defendants listed these materials as Proposed Exhibits 47–60 and 119. As this analysis was not covered or presented in Mr. Trende's original or any Rule 26(e) supplemental report, Mr. Trende should not be permitted to testify as to these exhibits. Similarly, to the extent the Senate Defendants intend to have one of their witnesses testify as to these materials, these post-litigation, post-hac analyses should be excluded because they were not timely disclosed, and their late production has prejudicially deprived Plaintiffs and their experts of the opportunity to examine or opine on these materials.[1]

## BACKGROUND

1. Pursuant to the Court's Third Amended Scheduling Order, Defendants' Rule 26(a)(2) expert disclosures were due on April 18, 2022, with rebuttal reports due May 2, 2022 (later modified by agreement of the parties to May 4). ECF 210 ¶ 5; ECF 261 ¶ 5.

2. On April 18, 2022, Mr. Trende disclosed his initial report. ECF 324-1. On May 4, 2022, he disclosed his rebuttal report. ECF 324-2. In his rebuttal report, Mr. Trende provides opinions concerning Drs. Imai and Ragusa. In neither his initial nor his rebuttal report did Mr. Trende provide analysis or opinions concerning Drs. Duchin, Bagley, or Liu.

3. At no point prior to his July 21, 2022 deposition (or since then) did Mr. Trende provide a Rule 26(e) supplemental report, or otherwise disclose any written opinions or analysis concerning Drs. Duchin, Bagley, or Liu.

---

[1] Pursuant to Local Rule 7.02, Plaintiffs state that the Parties, prior to this filing, met and conferred in good faith on September 1. The Parties were unable to resolve the issues raised in this motion.

4. At his July 21, 2022 deposition, Mr. Trende testified that he had opinions concerning Drs. Duchin, Bagley, and Liu. **Exhibit 1**, Trende Dep. 40:6–15, 42:4–9, 43:22–44:13, 45:18–46:14. He acknowledged that since receiving those reports, he had not made any supplemental disclosures. Trende Dep. 43:6–21, 45:4–17, 46:22–47:9. Mr. Trende declined the invitation of Plaintiffs' counsel to identify his opinions at deposition, indicating that he did not want to "close [himself] out of the ability" to develop his opinions later or testify at trial. Trende Dep. 42:10–43:1, 44:14–45:3, 45:18–46:21. And Mr. Trende testified "I don't intend to do any supplemental reports or work" concerning these experts. Trende Dep. 41:3–6.

5. To date, Mr. Trende has not disclosed his opinions concerning these experts, either orally or in writing. At his deposition, he declined to do so, testifying he did not want to "close" himself out. Trende Dep. 42:23–24, 44:11–12.

6. On August 12, 2022 at 5:05 pm (ET), the last day of (almost all) formal discovery, the Senate Defendants made a production of approximately 100 pages. Defense counsel reported that the production included materials related to Mr. Trende, and certain "[m]aps, charts, and reports Senate staff prepared last week for use at trial." **Exhibit 2** (Aug. 12, 2022 Gore Email). The production included Bates-stamped copies of Mr. Trende's reports, an article Mr. Trende co-authored (not reflected on his CV), and 22 pages of maps, analyses and data. **Exhibit 3**, SCSENATE 24708-429 (Senate Defs.' Aug. 12, 2022 Production).[2]

7. The maps, analyses, and data appear to relate to subjects that came up at Mr. Trende's July 21, 2022 deposition, including his calculation of core retention, the detailed geography of the

---

[2] Pursuant to the consent confidentiality order, Senate Defendants designated Exhibit 3 as "Confidential" under the confidentiality order. (ECF 123) Plaintiffs are attaching a blank, placeholder version of Exhibits 1 and sending a true version of the relevant document to the Court via email for in camera review.

district lines around Charleston, Richland, Sumter, Orangeburg, Jasper, Dorchester, Berkely, and Beaufort Counties, and the 2020 First District congressional election. Several pieces of this analysis state on their face they were prepared on July 29, 2022, one week after Mr. Trende's deposition. SCSENATE_00027418, SCSENATE_00027429.

8. The Senate Defendants have proposed these 22 pages as Exhibits 47–60 and 119. ECF 329-2.

## ARGUMENT

Under Rules 26(a)(2) and 37, Defendants' defense expert should be precluded from testifying as to any analysis or opinions that were not included in his April 14 or May 4, 2022 Rule 26(a)(2) disclosures. Rule 26(a)(2)(B)(i) requires a proposed expert to disclose "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). "'Failure to comply with Rule 26(a)(2)'s requirements results in sanction: the offending party is not allowed to introduce the expert witness's testimony as 'evidence on a motion, at a hearing, or at a trial.'" *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008) (citing Fed. R. Civ. P. 37(c)(1)). The Fourth Circuit has repeatedly noted that the Rule 37(c) Advisory Committee Notes "emphasize that the automatic sanction of exclusion provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 n.2 (4th Cir. 2003) (quotation marks omitted). This is because "Rule 26 disclosures are often the *centerpiece* of discovery in litigation that uses expert witnesses [and a] party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278 (4th Cir. 2005) (emphasis added).

Mr. Trende's testimony, if it is permitted at all, should be limited to the opinions and analysis presented in his April 14 and May 4, 2022 reports. In particular, Mr. Trende should not be allowed to (i) testify about Plaintiffs' experts Drs. Duchin, Bagley, or Liu, or (ii) testify about any of the analysis in Senate Exhibits 47–60 and 119, which Senate Defendants generated shortly after his deposition and produced on August 12.

Testimony about either of these matters would unquestionably violate Defendants' disclosure obligations. If Mr. Trende intended to testify about these matters, the time for him to have disclosed them was prior to his July 21, 2022 deposition. "The purpose of Rule 26(a)(2) is to provide notice to opposing counsel—before the deposition—as to what the expert witness will testify." *Ciomber*, 527 F.3d at 642. This is because "[t]he expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." *Id.* at 643 (citing *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000)).

As Mr. Trende apparently learned at his deposition, the reports of Drs. Duchin, Bagley, and Liu were served on April and May 4, 2022, some 11 weeks before he was deposed. Trende Dep. 43:3–21, 45:4–18, 46:22–47:9. In testimony, Mr. Trende identified no reason why he could not have submitted a Rule 26(e) supplemental report concerning these topics. *Id.*. Mr. Trende also declined the invitation of Plaintiffs' counsel to identify his opinions at deposition, indicating that he did not want to "close [himself] out of the ability" to develop his opinions later or testify at trial. Trende Dep. 42:10–43:2, 44:14–45:3, 45:18–46:21. But forcing Plaintiffs to wait to find out these opinions "during cross-examination at trial [is] precisely the outcome Rule 26 is designed to prevent." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 212 (4th Cir. 2017) (Wynn, J., concurring in part and dissenting in part).

5

Similarly, there is no reason Mr. Trende could not have presented the analysis, data, or maps produced on August 12, 2022 in his initial report. He should not be allowed to use this information to supplement his opinions. *See, e.g., Richardson v. Korson*. 905 F. Supp. 2d 193, 199 (D.D.C. 2012) (supplementation is permitted "only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report") (citation omitted).[3]

Finally, to the extent that the Senate Defendants intend to introduce Exhibits 47–60 or 119 through other witnesses, such evidence, which was not produced until 5:05 p.m. (ET) on the date of the discovery cutoff, should be barred under Rule 37 as untimely for several reasons. First, none of Plaintiffs' experts had the opportunity to review this analysis while discovery was open, and accordingly, introduction of these materials at trial would be disruptive (as Plaintiffs would need to consult with their experts prior to cross-examination) and prejudicial, as Plaintiffs' experts have been deprived of an opportunity to examine or opine on these materials. Second, these

---

[3] Courts in the Fourth Circuit have taken different approaches as to whether a decision to exclude an expert witness under Rule 37 should be guided by the five factors identified in *Southern States*, 318 F.3d at 595. *See, e.g., Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (collecting Fourth Circuit cases where decisions to exclude undisclosed expert testimony under Rule 37 were affirmed without applying the *Southern States* analysis). Here, all five factors are neutral or support exclusion of Mr. Trende's proposed testimony outside the bounds of his reports: (1) the substance of the testimony would be previously undisclosed and would be a "surprise" to Plaintiffs; (2) Plaintiffs have little ability to "cure" the surprise, as Mr. Trende has testified he has no intention to supplement his reports, Trende Dep. 40:22–41:6, and has not indicated his willingness to sit for another deposition; (3) presentation of this evidence would "disrupt" the trial as Plaintiffs would likely need a break and the opportunity to consult with their experts if Mr. Trende is allowed to testify about these undisclosed opinions; (4) the evidence cannot be very important if Mr. Trende did not supplement his reports prior to this time; and (5) there is no plausible excuse for Mr. Trende's failure to disclose his opinions prior to this time.

materials were all responsive to Plaintiffs' document requests,[4] and were not produced until the very end of the discovery period. Third, none of these exhibits were made available before the key Senate staff testified (*e.g.,* Mr. Roberts (July 7, 2022), Mr. Fiffick (July 21, 2022)), and accordingly, the substance of their testimony would be a surprise to Plaintiffs. Fourth, there is no reason why the Senate Defendants could not have prepared this analysis contemporaneously if they thought it was necessary to defend the map; all of the underlying data appears to have been available at the time the map was drawn.[5] Finally, none of this analysis is important to the defense case because none of it was contemporaneous, and *post-hoc* justifications and analysis for the reasons for the sorting of voters in cases raising claims as Plaintiffs have here are to be disregarded. *Bethune-Hill v. Va. State Bd. of Elections*, 326 F. Supp. 3d 128, 142 (E.D. Va. 2018) (citing *Bethune-Hill v. Va. State Bd. of Elections*, 137 S. Ct. 788, 799 (2017)). Each of these reasons warrants excluding these exhibits.

"The purpose of Rule 26(a) is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). Allowing Mr. Trende to testify as to his undisclosed opinions or any defense witness to testify about Exhibits 47–60 or 119 would be unfair and prejudicial.

## CONCLUSION

---

[4] *See, e.g.,* Plaintiffs' March 7, 2022 Request for Production No. 2 ("All documents and communications concerning the districts adopted in S. 865 . . . ."), No. 3 ("All maps, draft maps, memoranda, reports, analyses, correspondence, or other documents concerning the drawing of the districts adopted in S. 865 . . . ."), No. 6 ("All documents and communications provided to or relied upon by (a) any expert who Defendants intend to call to testify in this manner . . . .").

[5] The supplemental report by Dr. Duchin that is the subject of Defendants' motion (ECF 321) is differently situated because the Jessamine map analysis she presents was not available at the time she prepared her initial reports, and accordingly is proper supplementation under Rule 26(e). *See generally* ECF 326.

7

For the reasons stated herein, if he is otherwise permitted to testify at trial, the Court should preclude Mr. Trende from testifying about matters not disclosed in his expert report, including any opinions or analysis of (i) Drs. Duchin, Bagley, or Liu, or (ii) Senate Defendants Exhibits 47–60 and 119.  The Court should also bar introduction of Exhibits 47–60 and 119.

Dated:  September 2, 2022

Respectfully submitted,

<div style="column-count:2">

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Santino Coleman*** Fed. ID. 11914
Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Adriel I. Cepeda Derieux**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Adam Pergament**
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., N.W.

Christopher J. Bryant, Fed. ID 12538
BRYANT LEGAL, LLC
126 W. Henrietta St.
Baltimore, MD 21230
Tel.: (843) 779-5444
chris@bryant.legal.com

Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

*/s/ Allen Chaney*
Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Jeffrey A. Fuisz**
Paula Ramer**
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200

</div>

Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com

*Motion for admission Pro Hac Vice forthcoming*
*\*\* Admitted Pro Hac Vice*
*\*\*\* Mailing address only (working remotely from South Carolina)*

Janette M. Louard\*
Anthony P. Ashton\*
Anna Kathryn Barnes\*\*
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

\* Motion for admission *Pro Hac Vice* forthcoming
\*\* Admitted *Pro Hac Vice*

*Counsel for Plaintiff the South Carolina Conference of the NAACP*

Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

*Counsel for Plaintiffs the South Carolina Conference of the NAACP and Taiwan Scott*

9

## CERTIFICATE OF SERVICE

      I hereby certify that on September 2, 2022, a true and correct copy of the foregoing was served on all counsel of record by filing with the Court's CM/ECF service.

                                                */s/ Allen Chaney*
                                                Allen Chaney