**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and<br><br>TAIWAN SCOTT, on behalf of himself and all other similarly situated persons,<br><br>       Plaintiffs,<br><br>     v.<br><br>THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission,<br><br>       Defendants. | **Case No. 3-21-cv-03302-MGL-TJH-RMG**<br><br><br>**THREE-JUDGE PANEL**<br><br><br>**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE DEFENSE WITNESSES NOT TIMELY DISCLOSED** |

## INTRODUCTION

Plaintiffs file this motion in limine to prevent House and Senate Defendants from presenting in their cases-in-chief any witnesses other than those disclosed in their Rule 26(a)(1) initial disclosures and any supplemental disclosures same.

In response to their obligations to disclose "the name[s] . . . of each individual likely to have discoverable information—along with the subjects of that information —that the disclosing party may use to support its claims or defenses," (Fed. R. Civ. P. 26(a)(1)), the House and Senate Defendants made minimal disclosures.  The House Defendants initially disclosed a total of ten individuals by name, the individual defendants, seven members of the House's *Ad Hoc* Redistricting Committee and Patrick Dennis, the Chief of Staff to the House of Representatives, as well as categories of all "members" of the House and "any witness called by a party."  *See* **Exhibit 1**, House Defendants' Initial Disclosures (Mar. 29, 2022) at 4.  The Senate Defendants only identified two individuals by name: Plaintiff Taiwan Scott and Brenda Murphy, the President of Plaintiff South Carolina State Conference of the NAACP ("SC NAACP"), as well as the SC NAACP itself, and broad catchalls of all persons "disclosed" or "identified" by any party to the litigation.  *See* **Exhibit 2**, Senate Defs.' Initial Disclosures (Mar. 29, 2022) at 2.  Both the Senate and House Defendants also made minimal disclosures in response to numerous interrogatory responses calling for identification of witnesses: the Senate Defendants identified two staffers (Andy Fiffick and Will Roberts), **Exhibit 3**, Senate Defs.' Objs. and Resps. to Pls.' First Set of Interrogs. (Apr. 6, 2022) at Nos. 1, 3 & 4, while the House referred to its Initial Disclosures and identified its experts, **Exhibit 4**, House Defs.' Objs. and Resps. to Pls.' First Set of Interrogs. (Apr. 6, 2022) at Nos. 1, 2 & 4.

Although the Senate and House Defendants were under an affirmative obligation under Rule 26(e) and Local Rule 16.02(D) to supplement both their initial disclosures and their interrogatory responses, the Senate Defendants have not done so, and the House Defendants have only supplemented their initial disclosures (following a meet and confer with Plaintiffs) to identify two additional staff (beyond the ten previously disclosed), including the key technical mapmaker, Mr. Thomas Hauger. **Exhibit 5**, House Defs.' Supplemental Disclosures (June 16, 2022) at 4.

Defendants' August 26, 2022 Rule 26(a)(3)(A)(i) witness lists bear little resemblance to their prior disclosures. The House Defendants have identified 28 trial witnesses, (ECF 328), far more than the twelve individuals previously disclosed. *Compare id.* (House pre-trial disclosure) at 2-4 *with* **Exhibit 5** (revised disclosures). Of the seven witnesses the Senate Defendants identified, four are fact witnesses not previously disclosed in their pre-trial disclosures (Breeden John, and Senators Campsen, Massey, and Rankin). ECF 329 at 1. Similarly, in their Rule 26(a)(3)(A)(ii) pre-trial witness list, the House Defendants identified nine fact witnesses who were not previously disclosed in their pre-trial disclosures (John Ruoff, Charles Boykin, Steve Love, Thania Sanchez, Ben Fifield, Devin McCarthy, Alex Yurcaba, Sarik Goyal, and Lisa Handley). ECF 328 at 3-4. These individuals do not fall even in the broad categories Defendants included— they are not members of the House, and they (mostly) were not witnesses identified or called by any party in the Congressional case.

While Plaintiffs independently identified certain of these witnesses during the discovery process and took their depositions, a majority of these previously undisclosed witnesses were not deposed by Plaintiffs (Ruoff, Boykin, Love, Sanchez, McCarty, Yurcaba, Goyal, and Handley), and at this point in the proceeding, any effort by Defendants to call witnesses who were not

identified in their initial disclosures or subsequent disclosures or independently identified and deposed by Plaintiffs would inevitably prejudice Plaintiffs and should be excluded under Rule 37.

As a result of the meet and confer process in conjunction with this motion, the House Defendants have agreed to withdraw five of the thirteen witnesses at issue (Sanchez, Yurcaba, McCarthy, Goyal, and Handley). [1]

## **BACKGROUND**

1. Pursuant to the Court's Second Scheduling Order, initial disclosures were due on March 29, 2022. ECF 180 ¶ 3.

2. On March 29, 2022, the Senate Defendants served their Rule 26(a)(1) disclosures. In these disclosures, they identified only two natural persons—Taiwan Scott and Brenda Murphy— that they identified as "likely to have discoverable information that the Senate Defendants may use to support their claims or defenses based on the Senate Defendants' knowledge to date." **Exhibit 2,** Senate Defs.' Initial Disclosures at 1-2. Notably, in these disclosures, the Senate Defendants did not identify any members of the South Carolina legislature, any members of the Senate staff, any of the Senate's outside consultants, or any third parties (such as Dale Oldham and Adam Kincaid) whom they consulted during the drafting of the congressional map.[2]

3. On March 29, 2022, the House Defendants served their Rule 26(a)(1) disclosures. In these disclosures, they identified only the named House Defendants, the seven members of the *Ad Hoc* Redistricting Committee, and Mr. Dennis as the only individuals "likely to have discoverable

---

[1] Pursuant to Local Rule 7.02, Plaintiffs state that the Parties, prior to this filing, met and conferred in good faith on September 1. Although the Parties were able to resolve the issues with regard to five witnesses, the Parties were unable to resolve the issues as to the remainder.

[2] The nature of Mr. Oldham and Mr. Kincaid's involvement in congressional redistricting, so far as Plaintiffs are aware, is outlined in Plaintiffs' pending brief before this Court (ECF 326) and their pending motion to compel testimony from Mr. Oldham (ECF 333).

information that the House Defendants may use to support their claims or defenses (unless solely for impeachment) based on the House Defendants' knowledge to date." **Exhibit 1**, House Defs.' Initial Disclosures, at 2-4.

4. The Senate Defendants never supplemented their initial Rule 26(a)(1) disclosures, and the House only did once following their glaring omissions of the Chief Counsel to the Judiciary Committee, Ms. Emma Dean, and the Data and GIS Director for Redistricting who was the technical map drawer, Mr. Hauger. **Exhibit 5**, House Defs.' Supplemental Disclosure, at 4.

5. On April 6, 2022, the Senate and House Defendants served responses to Plaintiffs' First Set of Interrogatories, which included requests to (1) "Identify all persons . . . involved in any evaluation, compilation, collection of data, estimate, report, study, or analysis concerning voting patterns, habits, behavior, demographic trends, or practices by race or ethnicity in South Carolina . . . regarding S. 865 and all Predecessor Maps," (3) "provide the name . . . of each individual and their role in considering, creating, developing, drafting, and proposing the maps adopted in S. 865 and all Predecessor Maps," and (4) Please identify the name, title, and if known, address of each person who shared with You any South Carolina House of Representative amendment to maps adopted in S. 865 or any Predecessor Maps." In their response, the Senate Defendants identified Senate staffers Andy Fiffick and Will Roberts. **Exhibit 3**, Senate Defs.' Objs. and Resps. to Pls.' First Set of Interrogs. at Nos. 1 & 3. For their part, the House Defendants referred to their initial disclosures, their expert witnesses, and the Senate's response. **Exhibit 4**, House Defs.' Objs. and Resps. to Pls.' First Set of Interrogs. at Nos. 1, 3 & 4.

6. Neither the House nor the Senate Defendants ever supplemented their April 6, 2022 interrogatory responses.

7.  Following the September 1, 2022, meet and confer, the House Defendants agreed to remove five of the six ACLU data scientists, analysts, and consultants (Sanchez, McCarthy, Yurcaba, Goyal, and Handley), but Defendants declined to remove the other eight witnesses (Boykin, Love, Ruoff, Fifield, John, or Senators Campsen, Massey, and Rankin).

## ARGUMENT

Under Rule 37 and Local Rule 16.02(D)(2), Defendants should be precluded from introducing any witnesses at trial other than those included in their Rule 26(a) initial disclosures. "The purpose of Rule 26(a) is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). "[A] party who fails to comply with the disclosure requirements of Rule 26(a) or the supplementation requirement of Rule 26(e) 'is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Id.*

Here, both the Senate and the House Defendants unquestionably violated their disclosure obligations.  The Senate Defendants seek to present testimony from at least two (and up to four) witnesses whom they never disclosed pursuant to Rule 26(a)(1), interrogatory responses, or Rule 26(e), and the Senate Defendants never indicated that they intended to present these individuals as trial witnesses prior to their August 26, 2022 pre-trial list.  Similarly, the House Defendants have indicated that they may present testimony from four witnesses whom they never disclosed pursuant to Rule 26(a)(1), interrogatory responses, or Rule 26(e).

In the Fourth Circuit, when assessing whether a disclosure violation may be excused because it is "substantially justified or harmless," the Court is to consider: "(1) the surprise to the

party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.'" *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003).

Factor 1. *Surprise*: For purposes of surprise, the witnesses fall into two categories. First, as to all 8 witnesses, Plaintiffs were certainly surprised when served with the Defendants' witness lists, as neither Defendant had previously given any indication that it considered these individuals to be trial witnesses, or that live testimony from these individuals might be how Defendants planned to defend this case at trial. Had Defendants disclosed these individuals at a prior time, Plaintiffs would have considered taking a different strategy in prosecuting the case.

Within the group of 8, there is a subset of five (Breeden John, John Ruoff, and the three Senators) whom Plaintiffs had identified as potential trial witnesses for Plaintiffs' case-in-chief; as to these witnesses, Plaintiffs do not suggest that it is a surprise that these witnesses will be called at trial, only that they would be recalled in the defense case. With regard to the remaining witnesses (Boykin, Love, and Fifield), Plaintiffs had no prior notice that any party intended to call them at trial. While two of these individuals (Boykin and Love) are members of the Executive Committee of Plaintiff SC NAACP whom testified at depositions concerning the State House map, no party has ever suggested that they have relevant testimony concerning the Congressional map. And while the remaining witnesses (Fifield) is a data scientist formerly employed by Plaintiffs' counsel ACLU, Plaintiffs would no more expect that he would be called at trial than one would expect that defense trial counsel (Mr. Gore and Mr. Moore), both of whom were heavily

involved/consulted during the South Carolina legislature's redistricting process,[3] or their colleagues would be called to testify at trial. If one of the points of Rule 26 is "adequately prepare their cases for trial and to avoid unfair surprise," certainly having to prepare unanticipated witnesses is unfair and should not be permitted.

Factor 2. *Ability to Cure Surprise*: Again, analysis of the group falls into two categories. First, with regard to the four witnesses who Plaintiffs independently identified, noticed for deposition, and had the opportunity to depose (Senators Campsen, Rankin, and Massey and Mr. John), Plaintiffs do not dispute that deposition was sufficient to cure surprise. Similarly, with regard to Mr. Fifield, Plaintiffs had the opportunity to ask questions during his deposition and do not dispute that opportunity was sufficient to cure surprise.

But with regard to the remaining witnesses, the witnesses were not deposed concerning the congressional map (Boykin, Love, Ruoff). Accordingly, Plaintiffs have no idea what Defendants intend to elicit during testimony, and have little opportunity to prepare the witnesses for trial, to prepare cross-examination, or to otherwise cure the surprise. "Preparing any newly-identified witness for testimony on the eve of trial presents a substantial burden." *United States ex rel. Lutz v. Berkeley Heartlab, Inc.*, No. 9:14-cv-230-RMG, 2017 WL 6002727, at *2 (D.S.C. Dec. 1, 2017).

Factor 3: *Disruption of Trial*: These witnesses are also best assessed in two categories. First, to the extent that these witnesses (Senators Campsen, Rankin, and Massey, and Messrs. John and Ruoff) are identified on Plaintiffs' witness list, Plaintiffs do not contend that calling them would be disruptive to trial. Similarly, while Plaintiffs do not understand the relevance of the testimony of Messrs. Love or Boykin, Plaintiffs do not believe their testimony would be disruptive.

---

[3] **Exhibit 6**, W. Jordan Dep. (July 21, 2022) at 250:17-24, **Exhibit 7**, A. Fiffick Dep. (July 21, 2022) at 13:12-15:10, 16:5-17, 18:12-19:7, 44:14-23, 58:18-59:2, 107:24-108:10, 124:13-23, 247:18-248:1, 250:24-251:15, 254:6-10, 255:20-25, 277:12-278:4, 301:21-302:3.

Testimony from Mr. Fifield, on the other hand, would be disruptive. Mr. Fifield is a data scientist formerly employed by Plaintiffs' counsel ACLU, and performed analysis integral to Plaintiffs' litigation strategy, such that his testimony would likely require litigation and resolution of a number of difficult issues concerning the work product doctrine.[4] Mr. Fifield retained his own counsel in conjunction with his deposition, who would also likely have to be present during any proceeding.

"The purpose of the disclosure requirements in the Federal Rules of Civil Procedure and the Court's own scheduling orders is to ensure that the parties identify and resolve these issues during the discovery period . . . ." *Berkeley Heartlab, Inc.*, 2017 WL 6002727, at *2; *see also id.* (striking witnesses whose "testimony may be protected by various privileges, including the attorney-client and work product privileges" and that "preparing for the testimony of [such individuals with access to privilege and work product information] would be particularly burdensome").

Factors 4: *Explanation for Failure to Name*: Defendants have provided no explanation for their failure to name any of these witnesses in their initial disclosures, their interrogatory responses, or their failure to identify them in any subsequent disclosure. Given Defendants' complaints about the timing of Plaintiffs' Rule 26(e) supplementation and the rigidity of Local Rule 16.02(D), (ECF 321), their own failure to timely identify these witnesses is inexcusable. This factor weighs heavily against Defendants.

Factor 5: *Importance of the Testimony*: Defendants have similarly provided no explanation of the significance or importance of any of these witnesses. Notably, Defendants' obligation under

---

[4] Additionally, in a separate motion in limine, Plaintiffs urge the court to exclude testimony related to the constitutionality or otherwise legality of proposed maps by the SC NAACP as developed with the ACLU and LDF based on various grounds, including relevance.

Rule 26(a)(1) to disclose the "subjects of that information" for each witness required Defendants to disclose the relevance of all potential witnesses; numerous courts have held that the failure to provide this kind of information in initial disclosures warrants exclusion. *See, e.g.*, *Moore v. BASF Corp.*, No. 11-1001, 2012 WL 4344583, at *2-*3 (E.D. La. Sept. 21, 2012) (excluding the defendant's witnesses when no "specifics as to the information each [witness] might provide was given"); *Mauregui v. ADP, LLC*, No. EP-16-121-PRM, 2017 WL 5473484, at *2 (W.D. Tex. Apr. 10, 2017) (excluding the defendant's witnesses due to "fail[ure] to provide the subject matter [of] discoverable information these witnesses possessed").

Certainly, the fact that the Defendants thought that none of these proposed witnesses were "likely to have discoverable information" that, per Rule 26(a)(1), could "support [their] defenses" suggests that the information these witnesses would testify to at trial is not very important.

Rather, the intent of identifying most of these witnesses appears to be little more than tactical gamesmanship and burden-shifting—to require the Plaintiffs to prepare witnesses whom would not otherwise testify for trial—and to harass (i) a former ACLU data scientist, and (ii) certain NAACP executive committee members who have not been shown to be knowledgeable about the Congressional map.

## CONCLUSION

For the reasons stated herein, the Court should preclude Defendants from introducing any witnesses in their case-in-chief other than those listed in their Rule 26 disclosures.

Dated:  September 2, 2022

Respectfully submitted,

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

*/s/ Santino Coleman*
Santino Coleman*** Fed. ID. 11914
Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
aingram@naacpldf.org

Adriel I. Cepeda Derieux**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Adam Pergament**
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., N.W.

Christopher J. Bryant, Fed. ID 12538
BRYANT LEGAL, LLC
126 W. Henrietta St.
Baltimore, MD 21230
Tel.: (843) 779-5444
chris@bryant.legal.com

Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Jeffrey A. Fuisz**
Paula Ramer**
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300

10

Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com

*\* Motion for admission Pro Hac Vice
forthcoming
\*\* Admitted Pro Hac Vice
\*\*\*Mailing address only (working remotely
from South Carolina)*

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes**
NAACP OFFICE OF THE GENERAL
COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

\* Motion for admission *Pro Hac Vice*
forthcoming
\*\* Admitted *Pro Hac Vice*

*Counsel for Plaintiff the South Carolina
Conference of the NAACP*

sarah.gryll@arnoldporter.com

*Counsel for Plaintiffs the South Carolina
Conference of the NAACP and Taiwan Scott*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2022, a true and correct copy of the foregoing was served on all counsel of record by filing with the Court's CM/ECF service.


*/s/ Santino Coleman*
Santino Coleman