*SC NAACP v. Alexander,*
D.S.C. Case No. 3:21-cv-03302-MGL-TJH-RMG

# EXHIBIT 3

SIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS C. ALEXANDER, *et al.*, <br><br> Defendants. | Case No. 3:21-cv-03302-MBS-TJH-RMG |

**SENATE DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS REGARDING
THE CONGRESSIONAL MAP**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Thomas C. Alexander, in his official capacity as President of the Senate, and Luke A. Rankin, in his official capacity as Chairman of the Senate Judiciary Committee, (collectively, the "Senate Defendants") submit these objections and responses to Plaintiffs' First Set of Interrogatories to Defendants Regarding the Congressional Map served on March 7, 2022.

**GENERAL OBJECTIONS**

1. Discovery is still ongoing. These Objections and Responses are based on the information currently available to the Senate Defendants, and the Senate Defendants reserve the right to alter, supplement, amend, or otherwise modify these objections in light of additional facts revealed through subsequent inquiry.

2. The Senate Defendants object to each and every interrogatory to the extent it seeks documents covered by the attorney-client privilege, the work-product doctrine, legislative privilege, or any other applicable privilege or immunity. Any inadvertent production or disclosure of privileged information or documents shall not be deemed a waiver of any applicable privilege.

1

The inadvertent production or disclosure, in these Objections and Responses or otherwise, of any privileged information or document shall not constitute or be deemed a waiver of any applicable privilege as to any other information or document. The Senate Defendants reserve the right not to disclose or produce privileged information or documents, except as redacted or in accordance with a protective order entered by the Court.

3. The Senate Defendants object to each and every interrogatory to the extent it seeks confidential information or documents. Any inadvertent production or disclosure, in these Objections and Responses or otherwise, of any confidential information or document shall not constitute or be deemed a waiver of any applicable privilege or objection. The Senate Defendants reserve the right not to disclose or produce confidential information or documents, except as redacted or in accordance with a protective order entered by the Court.

4. The Senate Defendants object to each and every interrogatory, including the Definitions and Instructions sections adopted by reference therein, to the extent that the interrogatory purports to impose obligations beyond those required by the Federal Rules or to the extent that it seeks information beyond that permitted by the Federal Rules.

5. The Senate Defendants object to each and every interrogatory to the extent that the interrogatory seeks information that is not relevant to any claims or defenses in the above-captioned case, which concerns the constitutionality of South Carolina's Congressional redistricting plan signed into law in S. 865 on January 26, 2022.

6. The Senate Defendants object to each and every interrogatory to the extent that the interrogatory is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The interrogatories are not proportional to the needs of the case because "the burden and expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Plaintiffs'

interrogatories are exceptionally broad and would require substantial resources to collect, review, and produce responses. The burdens of the proposed discovery thus clearly outweigh any benefit.

7. The Senate Defendants object to each and every interrogatory to the extent that the interrogatory (a) is vague or ambiguous; (b) is overly broad or unduly burdensome; (c) seeks information that is not within the control of the Senate Defendants; or (d) seeks information that is already available to the Plaintiffs from any other source, including publicly available sources.

8. The Senate Defendants object to each and every interrogatory to the extent that certain words and phrases are undefined and, thus, susceptible to multiple interpretations.

9. The Senate Defendants object to the interrogatories without conceding the relevancy or admissibility of the information provided or documents produced, and without prejudice to any and all objections to the use of any information or document provided in these Objections and Responses.

10. The Senate Defendants' Objections shall not be construed as signifying agreement to Plaintiffs' characterization of any fact, circumstance, or legal obligation. The Senate Defendants object to each and every interrogatory to the extent it contains any express or implied allegation of fact or conclusion of law.

11. The Senate Defendants object to each and every interrogatory to the extent that it calls for a legal conclusion, legal opinion, or application of a legal principle to facts or allegations.

12. These General Objections are applicable to each of the following responses and objections, and failure to repeat an objection in response to a specific interrogatory shall not be deemed a waiver of the objection.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

*Identify all persons in your office(s) involved in any evaluation, compilation, collection of data, estimate, report, study, or analysis concerning voting patterns, habits, behavior, demographic trends, or practices by race or ethnicity in South Carolina, created or dated from January 1, 2021 to the present regarding S. 865 and all Predecessor Maps.*

**RESPONSE:**

The Senate Defendants object to Interrogatory No. 1 because it seeks information protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Interrogatory No. 1 because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. The Senate Defendants also object to Interrogatory No. 1 to the extent it seeks information readily available from other sources, including publicly available sources such as the South Carolina Senate 2021 Redistricting Website ("Redistricting Website") at https://redistricting.scsenate.gov/.

Subject to and without waiving the foregoing objections, the Senate Defendants state that various Senate staff and counsel were involved in evaluating, compiling, collecting, and analyzing data related to the Congressional Plan, including Andy Fiffick and Will Roberts.

**INTERROGATORY NO. 2:**

*Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to refute or support any position that You have taken or intend to take in this action, and state the subject matter of the information possessed by that person regarding S. 865 and all Predecessor Maps.*

**RESPONSE:**

The Senate Defendants incorporate by reference and refer to Senate Defendants' Initial Disclosures served in the above-captioned matter on March 29, 2022. The Senate Defendants reserve the right to amend or supplement this response in light of additional facts revealed through discovery or other subsequent inquiry.

**INTERROGATORY NO. 3:**

*Please provide the name and, if known, the address and telephone number of each individual involved and their role in considering, creating, developing, drafting, and proposing the maps adopted in S. 865 and all Predecessor Maps.*

**RESPONSE:**

The Senate Defendants object to Interrogatory No. 3 because the interrogatory seeks information protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege.  The Senate Defendants also object to Interrogatory No. 3 because it is irrelevant, unduly burdensome, and not proportional to the needs of the case.  The Senate Defendants also object to Interrogatory No. 3 to the extent it seeks information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants state that all Senators were involved in considering the map adopted in S. 865 and direct Plaintiffs to the response to Interrogatories No. 1 and 2.  Subject to and without waiving the foregoing objections, the Senate Defendants further state that various Senate staff and counsel were involved in creating, developing, and drafting the Congressional Plan, including Andy Fiffick and Will Roberts.

**INTERROGATORY NO. 4:**

*Please identify the name, title, and if known, address of each person who shared with You any South Carolina House of Representative amendment to maps adopted in S. 865 or any Predecessor Maps.*

**RESPONSE:**

The Senate Defendants object to Interrogatory No. 4 because the interrogatory seeks information protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege.  The Senate Defendants object to Interrogatory No. 4 because it is vague and ambiguous, irrelevant, and not proportional to the needs of the case. The Senate Defendants also

5

object to Interrogatory No. 4 to the extent it seeks information readily available from other sources, including publicly available sources such as the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants state that proposed amendments, adopted amendments, and the legislative history of S. 865 are available at www.scstatehouse.gov. Subject to and without waiving the foregoing objections, the Senate Defendants further state that plan proposals for congressional redistricting under the 2020 Census results are available on the Redistricting Website.

**INTERROGATORY NO. 5:**

*Describe the process through which You incorporated public comments received in writing or through public or private hearings into the maps adopted by S. 865 and all Predecessor Maps.*

**RESPONSE:**

The Senate Defendants object to Interrogatory No. 5 because the interrogatory seeks information protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Interrogatory No. 5 because it is irrelevant and not proportional to the needs of the case. The Senate Defendants also object to Interrogatory No. 5 to the extent it seeks information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants state that public comments on draft congressional maps were considered as part of the ordinary course and proceedings in the South Carolina legislative process. The South Carolina Senate established the Redistricting Website and a special email address to receive proposed plans, feedback, and other materials regarding congressional redistricting. The South Carolina Senate also received hard-copy submissions regarding congressional redistricting. The South Carolina Senate held redistricting-related meetings and hearings throughout the State and provided at least 24 hours'

6

notice of each such meeting to facilitate public participation and comment. Electronically submitted materials and hard-copy mailings, along with comments heard by committee members during public hearings and meetings throughout the redistricting cycle, were compiled by Senate staff and counsel for review and consideration by the Senate Defendants, members of the Redistricting Committee, and the Senate.

**INTERROGATORY NO. 6:**

*Describe the process that You used to consider, propose, and review draft maps adopted in S. 865 and all Predecessor Maps through the Map Room and outside the Map Room.*

**RESPONSE:**

The Senate Defendants object to Interrogatory No. 6 because the interrogatory seeks information protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Interrogatory No. 6 because it is irrelevant and not proportional to the needs of the case. The Senate Defendants also object to Interrogatory No. 6 to the extent it seeks information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants used a map-making program called Maptitude to consider, propose, and review draft maps. This program generated data, saved files, and allowed the Senate Defendants and staff to draw draft maps.

**INTERROGATORY NO. 7:**

*Describe the process for how information and proposed maps and amendments to maps adopted in S. 865 and all Predecessor Maps were conveyed to You in the Map Room and outside the Map Room.*

**RESPONSE:**

The Senate Defendants object to Interrogatory No. 7 because the interrogatory seeks information protected from disclosure by attorney-client privilege, work-product doctrine, or

7

legislative privilege. The Senate Defendants object to Interrogatory No. 7 because it is irrelevant and not proportional to the needs of the case. The Senate Defendants also object to Interrogatory No. 7 to the extent it seeks information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, proposed maps and amendments to proposed maps were saved in the Maptitude program and available to the Redistricting Committee and the Senate Defendants for use in development of the map adopted in S. 865.

**INTERROGATORY NO. 8:**

*Describe how the information You conveyed to individuals in the Map Room was stored.*

**RESPONSE:**

The Senate Defendants object to Interrogatory No. 8 because the interrogatory seeks information protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Interrogatory No. 8 because it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, maps drawn in the Map Room were stored in the Maptitude program.

**INTERROGATORY NO. 9:**

*Describe the process through which You resolved any conflicts among requirements and guidelines for districts adopted in S. 865 and all Predecessor Maps.*

**RESPONSE:**

The Senate Defendants object to Interrogatory No. 9 because the interrogatory seeks information protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants also object to Interrogatory No. 9 to the extent it seeks information readily available from other sources, including publicly available sources such

8

as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants direct Plaintiffs to the 2021 Senate Redistricting Guidelines, which are publicly available on the Redistricting Website at https://redistricting.scsenate.gov/docs/Senate%20Redistricting%20Guidelines%20Adopted%209-17-21.DOCX.  Further responding, the Senate Defendants are not aware of any "conflicts among requirements and guidelines" in connection with the districts adopted in S. 865.

**INTERROGATORY NO. 10:**

*Identify and explain any instances where You deviated from published guidelines/criteria or traditional redistricting principles, including but not limited to any other guidelines/criteria You considered regarding S. 865 and all Predecessor Maps.*

**RESPONSE:**

The Senate Defendants object to Interrogatory No. 10 because the interrogatory seeks information protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege.  The Senate Defendants also object to Interrogatory No. 10 to the extent it seeks information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants are not aware of any instances where the Congressional map enacted in S. 865 deviates from the 2021 Senate Redistricting Guidelines or traditional redistricting principles.

**INTERROGATORY NO. 11:**

*Describe the process through which You answered questions that were raised in writing, public hearings, or private meetings by members of the public or South Carolina General Assembly members for districts adopted in S. 865 and all Predecessor Maps.*

9

**RESPONSE:**

The Senate Defendants object to Interrogatory No. 11 because the interrogatory seeks information protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Interrogatory No. 11 because it is irrelevant and not proportional to the needs of the case. The Senate Defendants also object to Interrogatory No. 11 to the extent it seeks information readily available from other sources, including publicly available sources such as video archives of committee meetings and floor debates on www.scstatehouse.gov and documents on the Redistricting Website.

Subject to and without waiving the foregoing objections, the Senate Defendants state that public comments on draft congressional maps were considered as part of the ordinary course and proceedings in the South Carolina legislative process. The South Carolina Senate established the Redistricting Website and a special email address to receive proposed plans, feedback, and other materials regarding congressional redistricting. The South Carolina Senate also received hard-copy submissions regarding congressional redistricting. The South Carolina Senate held redistricting-related meetings and hearings throughout the State and provided at least 24 hours' notice of each such meeting to facilitate public participation and comment. Electronically submitted materials and hard-copy mailings, along with comments heard by committee members during public hearings and meetings throughout the redistricting cycle, were compiled by Senate staff and counsel for review and consideration by the Senate Defendants, members of the Redistricting Committee, and the Senate.

Subject to and without waiving the foregoing objections, one or more Senate Defendants and/or other members of the Redistricting Committee also addressed questions during the public hearings and meetings of the Redistricting Committee and the Judiciary Committee and during Senate sessions.

**INTERROGATORY NO. 12:**

*Identify any Racially Polarized voting analysis conducted by You and any persons who conducted it regarding S. 865 or all Predecessor Maps.*

**RESPONSE:**

The Senate Defendants object to Interrogatory No. 12 because the interrogatory seeks information protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants object to Interrogatory No. 12 because it is irrelevant and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, the Senate Defendants state, consistent with prior public statements, that no racially polarized voting analysis was conducted regarding S. 865 or any Predecessor Maps.

**INTERROGATORY NO. 13:**

*Identify the name, title, and professional address of each person consulted by You in answering these Interrogatories, specifying on which Interrogatory or Interrogatories such person was consulted.*

**RESPONSE:**

The Senate Defendants object to Interrogatory No. 13 because the interrogatory seeks information protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants also object to Interrogatory No. 13 because it seeks information that is not relevant to any claims or defenses in the above-captioned case.

Subject to and without waiving the foregoing objections, the undersigned counsel consulted with in-house counsel at the South Carolina Senate, and all communications are subject to the privileges asserted above.

**INTERROGATORY NO. 14:**

*Identify and explain what, if any, legislative inquiries, analyses, reports or findings were made into whether any South Carolina Congressional districts adopted in S. 865 and all Predecessor Maps would lead to liability under Section 2 of the Voting Rights Act, including, but not limited to, any racially polarized voting analysis identified in Plaintiffs' Interrogatory 12 and/or analysis as to whether districts will be effective to allow Black voters to elect candidates of their choice.*

**RESPONSE:**

The Senate Defendants object to Interrogatory No. 14 because it seeks information protected from disclosure by attorney-client privilege, work-product doctrine, or legislative privilege. The Senate Defendants also object to Interrogatory No. 14 because it calls for a legal conclusion, legal opinion, or application of a legal principle to facts or allegations. The Senate Defendants further object to Interrogatory No. 14 because it is irrelevant, unduly burdensome, and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, to the extent the Interrogatory is not seeking a legal conclusion but instead seeks a contention that relates to the application of law to fact, the Senate Defendants are not aware of any Congressional District adopted in S. 865 that would lead to liability under Section 2 of the Voting Rights Act, nor have Plaintiffs brought such claim in this case. The Senate Defendants note that all three redistricting plans that the South Carolina General Assembly enacted following the 2010 Census were blessed by the United States Department of Justice under Section 5 of the Voting Rights Act and upheld as legal and constitutional by every reviewing court, including the United States Supreme Court. In particular, the South Carolina House and Congressional plans specifically survived Section 2 challenges last cycle. The Senate Defendants are well aware of the current state of the law, as well as the applicable legal standards governing redistricting, and will defer further comment on these purely legal questions to any forthcoming briefing in this litigation.

**INTERROGATORY NO. 15:**

*Do You contend that the standard established by the U.S. Supreme Court in* Thornburg v. Gingles*, 478 U.S. 30 (1986) to assess a vote-dilution claim under Section 2 of the Voting Rights Act is the same standard used to assess preclearance compliance under Section 5 of the Voting Rights Act? If the answer is yes, please specifically explain and identify the evidence or legal basis, if any, upon which you rely to support your contention. If the answer is no, please specifically explain and identify the evidence or legal basis, if any, upon which you rely to support your contention.*

**RESPONSE:**

The Senate Defendants object to Interrogatory No. 15 because it calls for a legal conclusion, legal opinion, or application of a legal principle to facts or allegations. The Senate Defendants also object on relevance grounds because Plaintiffs have not brought a Section 2 challenge to the Congressional Plan. Subject to and without waiving any objections, the Senate Defendants note that all three redistricting plans that the South Carolina General Assembly enacted following the 2010 Census were blessed by the United States Department of Justice under Section 5 of the Voting Rights Act and upheld as legal and constitutional by every reviewing court, including the United States Supreme Court. In particular, the South Carolina House and Congressional plans specifically survived Section 2 challenges last cycle. The Senate Defendants are well aware of the current state of the law, as well as the applicable legal standards governing redistricting, and will defer further comment on these purely legal questions to any forthcoming briefing in this litigation.

April 6, 2022                                   Respectfully submitted,

/s/Robert E. Tyson Jr.
Robert E. Tyson, Jr. (7815)
Vordman Carlisle Traywick, III (12483)
La'Jessica Stringfellow (13006)
ROBINSON GRAY STEPP & LAFFITTE, LLC
1310 Gadsden Street
Post Office Box 11449 (29211)
Columbia, South Carolina 29201
(803) 929-1400
rtyson@robinsongray.com
ltraywick@robinsongray.com
lstringfellow@robinsongray.com

John M. Gore (admitted *pro hac vice*)
Stephen J. Kenny (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
skenny@jonesday.com

*Counsel for Senate Defendants*