# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, <br><br> and <br><br> TAIWAN SCOTT, on behalf of himself and all other similarly situated persons, <br><br>         Plaintiffs, <br><br>         v. <br><br> THOMAS C. ALEXANDER, in his official capacity as President of the Senate; LUKE A. RANKIN, in his official capacity as Chairman of the Senate Judiciary Committee; JAMES H. LUCAS, in his official capacity as Speaker of the House of Representatives; CHRIS MURPHY, in his official capacity as Chairman of the House of Representatives Judiciary Committee; WALLACE H. JORDAN, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee; HOWARD KNAPP, in his official capacity as interim Executive Director of the South Carolina State Election Commission; JOHN WELLS, Chair, JOANNE DAY, CLIFFORD J. EDLER, LINDA MCCALL, and SCOTT MOSELEY, in their official capacities as members of the South Carolina Election Commission, <br><br>         Defendants. | Case No. 3:21-cv-03302-MGL-TJH-RMG <br><br> **THREE-JUDGE PANEL** <br><br><br> **OBJECTIONS TO PLAINTIFFS' CONGRESSIONAL PLAN RULE 26(a)(3) PRETRIAL DISCLOSURES BY HOUSE DEFENDANTS AND SENATE DEFENDANTS** |

Defendants James H. Lucas (in his official capacity as the former Speaker of the South Carolina House of Representatives[1]), Chris Murphy (in his official capacity as Chairman of the

---

[1] On May 12, 2022, James H. Lucas stepped down as Speaker of the South Carolina House of Representatives. The current Speaker of the House is Representative G. Murrell Smith, Jr.

South Carolina House of Representatives Judiciary Committee), and Wallace H. Jordan (in his official capacity as Chairman of the South Carolina House of Representatives Redistricting Ad Hoc Committee) (collectively, the "**House Defendants**"), and Thomas C. Alexander (in his official capacity as President of the Senate) and Luke A. Rankin (in his official capacity as Chairman of the Senate Judiciary Committee) (collectively, the "**Senate Defendants**", and, together with the House Defendants, the "**Legislative Defendants**"), by and through their undersigned counsel, in accordance with Federal Rule of Civil Procedure 26(a)(3), hereby provide "a list disclosing (i) any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(B) and (ii) any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(C)."

As a threshold matter, the Legislative Defendants note that despite a cadre of lawyers serving as counsel of record on behalf of Plaintiffs The South Carolina State Conference of the NAACP ("SC NAACP") and Taiwan Scott ("Scott"), Plaintiffs' Pretrial Disclosures—and particularly their Exhibit List—are both onerously overbroad and must have been served with the expectation that the burden of response will needlessly increase the costs of this litigation and consume such additional time that should be directed to other important pre-trial tasks. For example, not only do Plaintiffs identify witnesses and designate testimony with absolutely no relationship to or bearing on the claims or defenses raised in the Third Amended Complaint, but (and despite identifying a column for "Bates Number (if applicable)" on their Exhibit List) Plaintiffs do not identify the Bates Numbers for hundreds of proposed exhibits despite the fact that such documents were exchanged during discovery and are therefore so identifiable, which necessarily has increased the burdens of time and expense necessary to locate and assess each proposed exhibit. Legislative Defendants have also been constrained to find an efficient means to

report the substantial number of deficiencies for the Court among the ***710*** Exhibits[2] identified by Plaintiffs, as Plaintiffs have designated the *same* documents *repeatedly* throughout their Exhibit List, in addition to omitting the Bates Number of documents exchanged in discovery, and also have countless formatting errors/issues by seemingly having cut/pasted some larger universe of documents into their Exhibit List without due regard for proofreading and avoiding redundancy. The volume of errors and obvious inefficiency is inconsistent with the requirements of Federal Rule of Civil Procedure 26(b)(1)(A). While the Legislative Defendants have worked diligently to assess and prepare these objections and believe these objections comply with Federal Rule of Civil Procedure 26(B) and Local Civil Rule 26.07(A), the manner in which Plaintiffs designated testimony and proposed exhibits has necessarily led to difficulties in efficiently formulating these objections. Legislative Defendants preserve all rights to object at trial to any materials identified by Plaintiffs connected to a witness or document under Federal Rule of Evidence 402 or 403, and any other bases as permitted by the rules or the Court.

As a separate threshold matter, Legislative Defendants also object to the designation and use of materials related only to the South Carolina House of Representatives 2021 redistricting plan (hereinafter "**House plan**"). In their pretrial disclosures, Plaintiffs have identified numerous witnesses, deposition designations, and proposed exhibits from the House plan portion of this litigation, which settled on May 5, 2022. Plaintiffs' overbroad use of witnesses, deposition testimony, and documents from that portion of the litigation are wholly irrelevant to the Congressional plan litigation under Federal Rules of Evidence 401 and 402. Plaintiffs elected to conduct an entirely new and separate set of deposition discovery of the same deponents, separate requests for production (even going so far as to re-produce to Defendants hundreds of documents

---

[2] Plaintiffs' Exhibit List omits an Exhibit Number for the Exhibit between 176 and 177.

3

Plaintiffs produced during the House plan litigation, thus evidencing the separateness of the Congressional plan discovery), as well as separate written interrogatories and for the first time extensively overbroad and burdensome requests to admit. While there may be some minor overlap in background information from the House plan litigation that has some measure of relevance, such as the House Redistricting Ad Hoc Committee's 2021 Guidelines and Criteria for Congressional and Legislative Redistricting and Map Room Policies and Procedures, the vast majority of what Plaintiffs have identified from the House plan litigation is irrelevant to the Congressional plan litigation. If there is any relevance to the Congressional plan, any potential probative value is substantially outweighed by a danger of unfair prejudice or confusing the issues at trial, and will certainly and needlessly extend the length of the trial, and thus should be excluded pursuant to Federal Rule of Evidence 403. Each redistricting plan was passed in a separate law that went through a separate legislative process. Accordingly, Legislative Defendants object to the documents and witness testimony Plaintiffs intend to use that were adduced prior to the date of settlement of (May 5, 2022) and on account of the House plan litigation.

As another threshold matter, Plaintiffs' disclosure of witnesses is overbroad, improper, and noncompliant with Federal Rule of Civil Procedure 26(a)(3). Plaintiffs have identified seven witnesses on their "will call" list and 43 witnesses on their "may call" list, including 20 witnesses whom they may call "Live" at trial. *See* ECF 331 at 1-5. The number of Plaintiffs' witnesses is disproportionate to the needs of this case and the trial of this matter, which the Court already has indicated should be "limited" and brief. *See* ECF 210 at 2 n.2 ("The Panel doubts the parties will require 10 days of trial time because of the limited scope of the challenge to the congressional reapportionment plan."). Plaintiffs' witness list also fails to provide the Legislative Defendants with fair notice of the testimony and evidence that Plaintiffs may (or may not) seek to present at

4

trial and, thus, contravenes the Legislative Defendants' right to prepare a full and fair defense of this matter.

As a final threshold matter, for the reasons stated in the Joint Motion *In Limine* Of House And Senate Defendants To Exclude Witness Testimony By Videoconferencing Technology (ECF 341), the Legislative Defendants object to Plaintiffs presenting any testimony in this case "via Zoom," as they "potentially" propose to do for Representative Wendy Brawley, Senator Margie Bright Matthews, Representative Gilda Cobb-Hunter, Representative Kambrell H. Gavin, Senator Richard A. Harpootlian, Representative Patricia Moore Hennigan, Senator Marlon Kimpson, Representative John Richard C. King, R. Joseph Oppermann, Senator Ronnie Sabb, and Representative Ivory Thigpen.

Having raised these threshold matters, Legislative Defendants further address their objections to Plaintiffs' pretrial disclosures in accordance to Fed. R. Civ. P. 26(a)(3)(B).

**(i)     [A]ny objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(B).**

Legislative Defendants object to the use of deposition testimony designated by Plaintiffs when such use is inconsistent with the requirements of Fed. R. Civ. P. 32(a). Legislative Defendants further object to the designation of deposition testimony for all non-party witnesses that Plaintiffs have not demonstrated are unavailable as necessary under Fed. R. Civ. P. 32(a)(4) or who in fact may appear as witnesses at trial. Pursuant to Rule 32 of the Federal Rules of Civil Procedure, a "party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: . . . (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States . . . ." Fed. R. Civ. P. 32(a)(4)(B). For illustration purposes only, Plaintiffs designated deposition testimony of Representatives Wm. Weston Newton and Justin

5

Bamberg, neither one of whom are a party, nor do they reside more than 100 miles from the federal courthouse in Charleston, South Carolina. Therefore, Representatives Newton and Bamberg, among others, are not considered unavailable and Plaintiffs are barred from designating those witnesses' deposition testimony to be used at trial.

To the extent the Court finds Plaintiffs have satisfied the pre-requisites for the designation of deposition testimony for the individuals identified in Plaintiffs' Rule 26(a) Pretrial Disclosures, Legislative Defendants provide at **Exhibit A** hereto their objections to the testimony designated and further designate additional testimony as in fairness should be considered with the part introduced in accordance with Fed. R. Civ. P. 26(a)(6).

**(ii)     [A]ny objection, together with the grounds therefor, that may be made to the admissibility of materials identified under Rule 26(a)(3)(C).**

Legislative Defendants intend to preserve all objections under Rules 402 and 403 of the Federal Rules of Evidence, even if not also asserted herein below. Notwithstanding this reservation, Legislative Defendants assert objections, together with the grounds therefor, as to the Exhibits identified on Plaintiffs' Exhibit List (ECF No. 331-1) at **Exhibit B** hereto and further describe the nature of the objections below to a greater extent.

- Plaintiffs have identified countless documents and materials representing out-of-court statements that, if offered for the truth of the matter asserted, are inadmissible hearsay for which there is no exception.

    o For example, Plaintiffs identified a series of e-mail communications transmitting letters and enclosures thereto (each being identified numerous times by Plaintiffs) that were authored by or on behalf of Plaintiff SC NAACP or their legal counsel. These communications, documents and information are

inadmissible hearsay for which no exception applies. The relevant documents designations include, but may not be limited to, Nos. 5-16, 170-171, 176a-179, 187-189, 205-207, 427, 453, 527, 629, 631-632, 665.

- Plaintiffs' Exhibit List also includes dozens of designations that represent entire transcripts and recordings of public hearings, committee meetings, sessions of the House and Senate, and deposition transcripts without any effort to identify what testimony or information therein is relevant and admissible evidence for the upcoming trial on the Third Amend Complaint. In addition to the absence of relevancy under Fed. R. Evid. 401 and the significant problem presented by inadmissible hearsay under Fed. R. Evid. 802, the sheer volume of documents and information will needlessly extend the length of the trial and unnecessarily burden the parties, the Court and Court staff with voluminous, irrelevant documents even where small excerpts or minute portions may have some tangential connection to the trial. Fed. R. Evid. 403. Moreover, many of these transcripts will require authentication and it is not clear that Plaintiffs can present witnesses through whom these documents can be authenticated and a foundation can be laid, as necessary under Fed. R. Evid. 602 and 901(a). Exhibits that fall into these categories include (but may not be limited to given the inadequate and inconsistent identifications used by Plaintiffs) the following:
  - Public hearing videos and transcripts: 540-561
  - Legislative committee hearing transcripts and video: 89-98, 107-109, 114-115, 374, 376, 378, 379-380, 399, 402, 405, 408, 414, 416, 429, 431, 433, 439, 446-447, 457-458, 465, 468, 490, 502-504, 512, 526, 528, 531, 533, 563-564, 566-567, 569-570, 572-573, 575-576, 578-579, 581-582, 584-585

- Legislative session hearing transcripts: 99-106, 110-113, 116-119, 173, 381, 446-447

- Deposition transcripts (inclusive of exhibits thereto): 138-146, 147-161, 162-167, 168-173, 174-179, 180-183, 184-194, 195-207, 208-217, 218-227, 228-235, 236-247, 248-263, 264-299, 300-313, 314-348, 349-364, 365-381, 382-405, 406-411, 412-420, 421-447, 448-478, 479-494, 495-506, 507-513, 514-539

- As further grounds for objection to Plaintiffs' designation of deposition transcripts and deposition exhibits as trial exhibits, the offering of deposition testimony is subject to the framework of Fed. R. Civ. P. 32 and any purportedly relevant testimony should be designated pursuant to Fed. R. Civ. P. 26(b)(3)(A)(ii). Prior *testimony* may be designated and used for permissible purposes, such as impeachment, but such use if applicable does not mean or suggest that the *transcript* of testimony is admissible as evidence. Plaintiffs' designation of deposition transcripts as potential trial exhibits is contrary and inconsistent with the Rules governing the use of deposition testimony specifically and prior testimony generally. As such, the deposition transcripts identified by Plaintiffs are inadmissible as evidence under Fed. R. Evid. 401, 403, 801, 805, 903.

- Many of Plaintiffs' designations are inadmissible for lack of authentication and foundation. *See* Fed. R. Evid. 602 and 901(a). Authentication is a condition precedent to admissibility. Fed. R. Evid. 901(a). In this case, Plaintiffs designated numerous exhibits in connection with depositions of various fact witnesses for the House Defendants and Senate Defendants during which Plaintiffs were unable to elicit testimony evidencing personal knowledge sufficient to authenticate and lay a foundation for those documents. While there are documents that, under the rules, are self-authenticating, such as certified copies of public records and official publications, *see* Fed. R. Evid. 902(4) and 902(5), dozens of Plaintiffs' proposed exhibits do not fall

8

within any of the categories of self-authenticating documents and absent testimony of a witness with personal knowledge sufficient to lay a foundation, the documents are inadmissible. Fed. R. Evid. 602 and 901(a).

- As noted earlier, there are dozens if not hundreds of documents designated by Plaintiffs for which Plaintiffs do not provide the relevant Bates number to identify where in the parties' discovery exchanges the documents were produced and/or the identifications lack sufficient description describing the material designated as a trial exhibit. In fact, the haphazard and careless way in which Plaintiffs developed their Exhibit List resulted in the same documents being designated multiple times, creating unnecessary additional work for the Legislative Defendants in formulating these objections. For example, the 2021 Guidelines and Criteria for Congressional and Legislative Redistricting for the House of Representatives was designated at least nine times (Ex. Nos. 146, 201, 210, 219, 241, 252, 384, 497 and 508) and the 2021 Guidelines and Criteria for Congressional and Legislative Redistricting for the Senate at least seven times (Ex. Nos. 268, 303, 315, 355, 407, 413 and 428). Another example is the Map Room Procedures for the House of Representatives, which was designated at least eight times (Ex. Nos. 172, 183, 193, 204, 243, 373, 498 and 709). Finally, the same Congressional maps are identified over and over again on Plaintiffs' Exhibit List, and most designations lack reference to a Bates labeled iteration produced in discovery and instead were likely printed from the internet for deposition use. Consequently, these maps will require additional steps for authentication that would have been avoided if Plaintiffs simply prepared appropriate designations identifying these documents as exchanged in discovery. In every instance of a duplicate designation, each subsequent

9

exhibit represents needless cumulative evidence under Fed R. Evid. 403 and wasted significant time and resources in a manner that is contrary to the requirements of Fed. R. Civ. P. 26(g)(1)(A).

- As to those objections involving the dangers of unfair prejudice, confusion of issues, waste of time, needless presentation of cumulative evidence, and annoyance, Fed. R. Evid. 403 provides the relevant balancing assessment for exclusion of otherwise relevant evidence. "'It has never been supposed that a party has an absolute right to force upon an unwilling tribunal an unending and superfluous mass of testimony limited only by his own judgment and whim. . . .'" *SCM Corp. v. Xerox Corp.*, 77 F.R.D. 10, 14 (D. Conn. 1977) (quoting 6 Wigmore, Evidence § 1907 (Chadbourn rev. 1976)).

## SUPPLEMENTATION

Legislative Defendants reserve the right to supplement and/or amend these objections in light of Plaintiffs' open-ended representations as to additional evidence that may be offered at trial, although as noted at Exhibit B, Legislative Defendants object to that open-ended reservation.

Respectfully submitted,

*s/ Mark C. Moore*
Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Hamilton B. Barber (Fed. ID No. 13306)
Michael A. Parente (Fed. ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
HBarber@nexsenpruet.com
MParente@nexsenpruet.com

William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900
Greenville, SC 29601
Telephone: 864.370.2211
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Rhett D. Ricard (Fed. ID No. 13549)
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401
Telephone: 843.720.1707
RRicard@nexsenpruet.com

*Attorneys for House Defendants*

*/s/*Robert E. Tyson Jr.
Robert E. Tyson, Jr. (7815)
Vordman Carlisle Traywick, III (12483)
La'Jessica Stringfellow (13006)
ROBINSON GRAY STEPP & LAFFITTE, LLC
1310 Gadsden Street
Post Office Box 11449 (29211)
Columbia, South Carolina 29201
(803) 929-1400
rtyson@robinsongray.com
ltraywick@robinsongray.com
lstringfellow@robinsongray.com

11

John M. Gore (admitted *pro hac vice*)
Stephen J. Kenny (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
skenny@jonesday.com

*Counsel for Senate Defendants*

September 7, 2022
Columbia, South Carolina

12

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic filing on the public docket.

*s/ Mark C. Moore*
Mark C. Moore
