IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS C. ALEXANDER, *et al.*,<br><br>Defendants. | Case No. 3:21-cv-03302-MGL-TJH-RMG<br><br>**SENATE DEFENDANTS' & HOUSE DEFENDANTS' OPPOSITION TO PLAINTIFFS'** ***MOTION IN LIMINE*** **TO PRECLUDE UNDISCLOSED EXPERT OPINIONS AND TO EXCLUDE SENATE DEFENDANT EXHIBITS 47-60 AND 119** |

The Court should deny Plaintiffs' Motion *In Limine* To Preclude Undisclosed Expert Opinions And To Exclude Senate Defendant Exhibits 47-60 And 119 (Dkt. No. 355) for at least three reasons.

*First*, Plaintiffs mischaracterize defense expert Sean Trende's testimony in his deposition. Mr. Trende repeatedly stated that he has "no intention" to testify at trial regarding the opening or rebuttal reports of Plaintiffs' putative experts Dr. Duchin, Dr. Liu, or Dr. Bagley (should those witnesses be permitted to testify at trial over the Senate Defendants' and House Defendants' pending motions *in limine* to exclude them). Trende Tr. 40:6-42:3 (Dkt. No. 355-1). Plaintiffs suggest that, during his deposition, Mr. Trende "testified that he had opinions concerning Drs. Duchin, Bagley, and Liu," but declined to "identify those opinions" and reserved the right to "testify at trial" regarding them. Dkt. No. 355 at 4. That suggestion is misleading: what Mr. Trende in fact said, in response to Plaintiffs' counsel's questioning, is that he might have opinions about the analyses conducted by Dr. Duchin, Dr. Bagley, or Dr. Liu if Plaintiffs' counsel chose to "show me" the reports during the deposition. Trende Tr. 43:6-21, 45:4-17, 46:22-47:9 (Dkt. No. 355-1). Mr. Trende thus declined to "close [himself] out of" the ability to answer counsel's

1

questions on Plaintiffs' putative expert reports if counsel chose to put those reports in front of him "two hours later" *during the deposition*. *Id.* at 42:23-42:1; *see also id.* 44:8-13, 44:18-22, 46:3-8 (Dkt. No. 355-1). Mr. Trende also recited the truism that he can offer testimony and explanations regarding those reports if Plaintiffs' counsel chooses to open the door by asking him about them during cross-examination at trial. *See, e.g.*, *id.* at 41:11-17, 44:8-13, 46:9-14.

*Second*, Plaintiffs' request to exclude the Senate Defendants' exhibits 47-60 and 119 is premature. For one thing, Plaintiffs should have raised their objections in their response to the Senate Defendants' Rule 26(a)(3) disclosures, met and conferred with the Senate Defendants regarding those objections, and attempted to resolve those objections, including through the meet, mark, and exchange process required by the Court's local rules. *See, e.g.*, Fed. R. Civ. P. 26(a)(3)(B); Dkt. No. 261 at 2; Local Civ. R. 26.07(A). "In the event there is an unresolved objection to any exhibit" after the meet, mark, and exchange, Plaintiffs' counsel "shall notify the court of such objection in the pretrial brief." Local Civ. R. 26.07(A).

In all events, Plaintiffs did not "confer" with the Senate Defendants' (or the House Defendants') counsel regarding this aspect of their motion. Local Civ. R. 7.02. Indeed, Plaintiffs' counsel did not even mention Plaintiffs' objections to Senate Defendants' exhibits 47-60 and 119 during the September 1, 2022 meet-and-confer. Plaintiffs' failure to raise their objections deprived Senate Defendants' counsel of the opportunity to address those objections and resolve Plaintiffs' concerns before Plaintiffs filed their motion. This aspect of Plaintiffs' motion therefore should be denied for that reason alone. *See id.*

*Third*, in all events, the Senate Defendants' exhibits 47-60 and 119 are admissible. In the first place, exhibit 119 is admissible because it is a printout of the 2020 general election results in

2

CD 1 posted on the South Carolina Election Commission's website. *See* SCSENATE_0027419-22 (Dkt. No. 355-3); Fed. R. Evid. 803(8).

Senate Defendants' exhibits 47-60 likewise are admissible. Contrary to Plaintiffs' innuendo, Mr. Trende had no involvement in the creation of these documents. Rather, they were prepared by Senate staff to assist all parties and the Court at trial. If necessary, the Senate Defendants can present testimony at trial to authenticate these documents and explain how they were created. *See* Fed. R. Evid. 901(a); *but see* Local Civ. R. 26.07(A) ("Where possible, counsel shall agree on the admissibility of all trial exhibits.").

Exhibits 47-56 are maps depicting the Benchmark and Enacted lines statewide (exhibit 47) or the Benchmark and Enacted lines and precincts in the counties Plaintiffs have put in issue in their operative Third Amended Complaint (exhibits 48-56). *See* SCSENATE_0027408-17 (Dkt. No. 355-3). As Plaintiffs acknowledge, exhibits 47-56 simply depict "underlying data," including from other maps and shapefiles, that are already in the record and were produced to Plaintiffs months ago. Dkt. No. 355 at 7. After all, exhibits 47-56 show the Benchmark and Enacted maps (superimposed over precincts in exhibits 48-56), and all of the data needed to generate them is available on the Senate Redistricting website. *See, e.g.*, https://redistricting.scsenate.gov/planproposal.html.

In other words, exhibits 47-56 are purely factual. Indeed, they are more detailed and usable versions of maps similar to those Plaintiffs included in their Third Amended Complaint. *See, e.g.*, Dkt. No. 267 at 40-44. Exhibits 47-56 therefore are relevant to the issues in this case, *see* Fed. R. Evid. 401, 402, and will be helpful to the parties and the Court in resolving this matter, *see* Dkt. No. 224 at 17-18 (Judge Gergel: "The point is – the case law tells us we focus like laser beams on these plans. That's what we focus on.").

Plaintiffs' various efforts to manufacture some kind of prejudice out of use of these maps at trial simply fail. For one thing, the maps depict undisputed factual information; they do not contain any "analysis" for "Plaintiffs' experts . . . to examine or opine on." Dkt. No. 355 at 6. For the same reason, the substance of any testimony regarding the maps will not be a "surprise" to Plaintiffs, *id.* at 7, who already deposed Senate cartographer Will Roberts regarding his reasons for drawing the Enacted Plan the way he did, *see id.* For another thing, the maps *are* the Enacted Plan, *see, e.g.*, Dkt. No. 224 at 17-18, so the Senate Defendants do not offer the maps as *any* kind of "justification[]" for the Enacted Plan, let alone a *"post-hoc* justification," Dkt. No. 355 at 6. And the fact that the maps depict counties that Mr. Trende was asked about in his deposition, *see id.* at 3-4, makes perfect sense: the maps depict *all* counties that Plaintiffs have put in issue in this case, including those Mr. Trende was asked about—and those he was *not* asked about—during his deposition, *compare* Dkt. No. 267 at 40-44, *with* SCSENATE_0027408-17 (Dkt. No. 355-3).

Exhibits 57-60 likewise were prepared by Senate staff and depict purely—and undisputed—factual information regarding black voting-age population levels in the Benchmark and Enacted Plans and core-preservation statistics in the Enacted Plan. *See* SCSENATE_0027418, 0027423-29 (Dkt. No. 355-3). Those exhibits can be authenticated at trial (if necessary), *see* Fed. R. Evid. 901(a); *but see* Local Civ. R. 26.07(A), are relevant to the issues in the case, *see* Fed. R. Evid. 401, 402, and will assist the Court and the parties, *see* Dkt. No. 224 at 17-18.

For the foregoing reasons, the Court should deny Plaintiffs' Motion *In Limine* To Preclude Undisclosed Expert Opinions And To Exclude Senate Defendant Exhibits 47-60 And 119.

September 9, 2022                              Respectfully submitted,

/s/Robert E. Tyson, Jr.
Robert E. Tyson, Jr. (7815)
Vordman Carlisle Traywick, III (12483)
La'Jessica Stringfellow (13006)
ROBINSON GRAY STEPP & LAFFITTE, LLC
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400
rtyson@robinsongray.com
ltraywick@robinsongray.com
lstringfellow@robinsongray.com

John M. Gore (admitted *pro hac vice*)
Stephen J. Kenny (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
skenny@jonesday.com

*Counsel for Senate Defendants*

/s/ Mark C. Moore
Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Hamilton B. Barber (Fed. ID No. 13306)
Michael A. Parente (Fed. ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
HBarber@nexsenpruet.com
MParente@nexsenpruet.com

William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900
Greenville, SC 29601

5

Telephone: 864.370.2211
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Rhett D. Ricard (Fed. ID No. 13549)
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401
Telephone: 843.720.1707
RRicard@nexsenpruet.com

*Counsel for House Defendants*