IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS C. ALEXANDER, *et al.*,<br><br>Defendants. | Case No.  3:21-cv-03302-MGL-TJH-RMG<br><br>**SENATE DEFENDANTS' & HOUSE DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION IN LIMINE PRECLUDING EVIDENCE CONCERNING THE CONSTITUTIONALITY OR LEGALITY OF MAPS DRAFTED OR SUBMITTED BY THE SC NAACP OR INTERNAL DELIBERATIONS** |

Senate Defendants and the House Defendants[1] (collectively, "Defendants") by and through their undersigned counsel, hereby respond in opposition to Plaintiffs' Motion in Limine Precluding Evidence Concerning the Constitutionality or Legality of Maps Drafted or Submitted by the SC NAACP or Internal Deliberations ("Motion").  (ECF No. 350).

**INTRODUCTION**

Like several of Plaintiffs' motions in limine, Plaintiffs' Motion is yet another attempt to unfairly hamstring Defendants' ability to defend this case.  In fact, Plaintiffs' Motion asks the Court to let them have it both ways, as the first footnote of their Motion confirms.  Plaintiffs seek to introduce maps submitted by the SC NAACP and other third parties "as alternative maps that

---

[1] The Senate Defendants are Thomas C. Alexander, in his official capacity as President of the Senate, and Luke A. Rankin, in his official capacity as Chairman of the Senate Judiciary Committee.  The House Defendants are James H. Lucas, in his official capacity as Speaker of the House of Representatives, Chris Murphy, in his official capacity as Chairman of the House of Representatives Judiciary Committee, and Wallace H. Jordan, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee.  On May 12, 2022, James H. Lucas stepped down as Speaker of the South Carolina House of Representatives.  The current Speaker of the House is Representative G. Murrell Smith, Jr.

1

were available to the General Assembly" and as comparisons to the Congressional Plan. Dkt. No. 350 at 2 n.1. But they ask the Court to preclude Defendants from defending against those plans by presenting "evidence concerning the constitutionality or legality of maps drafted or submitted on behalf of [the SC NAACP] or other third parties . . . who submitted maps for consideration during the legislative process" on the grounds that such evidence is irrelevant and risks confusing the issues and wasting time. (ECF No. 350 at 2).

Needless to say, Plaintiffs' attempt to construct a one-sided record with the Court's imprimatur is fundamentally unfair—and foreclosed by the governing case law. The Court should deny the Motion.

## STANDARD OF REVIEW

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is generally admissible. Fed. R. Evid. 402; *see also United States v. Leftenant*, 341 F.3d 338, 346 (4th Cir. 2003) (holding that relevance "typically presents a low barrier to admissibility"). In the context of a bench trial, the standards set forth in Rule 403 are relaxed, as the Fourth Circuit has expressed confidence that "the district court can hear relevant evidence, weigh its probative value and reject any improper inferences." *See Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994); *see also id.* (holding that "evidence should not be excluded under 403 on the ground that it is unfairly prejudicial" in the context of a bench trial); *Moats Constr., Inc. v. New Beach Constr. Partners, Inc.*, No. 8:17-CV-02009-JDA, 2020 WL 13076115, at *3 (D.S.C. Oct. 13, 2020) (citing *Schultz* and recognizing that Rule 403 "is relaxed during a bench trial").

**ARGUMENT**

I. **By Submitting Alternative Maps As Proof In This Case, Plaintiffs Have Put Those Maps' Constitutionality And Legality In Issue.**

Plaintiffs have chosen to offer the two SC NAACP plans and other alternative plans in support of their claims. *See, e.g.*, ECF No. 350 at 2 n.1; Pls. Ex. 600-607 (ECF No. 331-1). Indeed, plaintiffs challenging redistricting plans under racial-gerrymandering and intentional-discrimination theories may "need [such] alternative map[s], as a practical matter, to make [their] case" and *must* provide an alternative map in cases like this one, where "the plaintiffs ha[ve] meager direct evidence of foregone alternatives." *Cooper v. Harris*, 137 S. Ct. 1455, 1481 (2017); *see also id.* at 1488-91 (Alito, J., dissenting) (dissenting justices concluding that an alternative map is always required). Such alternative maps, moreover, are probative of a plaintiff's claims, if at all, only where they show that the General Assembly "could have achieved its legitimate political objectives in alternative ways that are comparably consistent with traditional districting principles." *Easley v. Cromartie*, 532 U.S. 234, 258 (2001) ("*Cromartie II*").

In other words, Plaintiffs' proposed alternative plans—whether from the SC NAACP, any other third party, or a legislator—are relevant to this case only if they are constitutional and legal and *could* have been enacted by the General Assembly, achieve the General Assembly's "legitimate political objectives," and are as "consistent with traditional districting principles" as the Congressional Plan. *Id.* Thus, by choosing to submit alternative plans as proof in this case, Plaintiffs have directly put in issue those plans' "constitutionality and legality." (ECF No. 350 at 2).

The reason Plaintiffs want to sidestep this burden is plain: they simply cannot satisfy it. As Defendants already have explained, *none* of the proposed alternative plans is as "consistent with traditional districting principles" as the Congressional Plan. *Cromartie II*, 532 U.S. at 258; *see*

3

*also* ECF No. 323 at 20-23.  Moreover, Brenda Murphy, President of Plaintiff SC NAACP, has admitted that "the primary goal" in drawing the SC NAACP's proposed plans was to increase African-American voters' political "influence" in congressional elections.  Murphy Dep. 44:9-14 (**Ex. A**).  Accordingly, those plans are unconstitutional racial gerrymanders—and they cannot prove any defect in the Congressional Plan, much less serve as a court-ordered remedy in this case.  *See* ECF No. 323 at 24-25.

At a minimum, Plaintiffs' insistence on submitting "alternative maps," ECF No. 350 at 2 n.1, entitles Defendants to show that those maps are not constitutional and legal, fail to achieve the General Assembly's "legitimate political objectives," and are as "consistent with traditional districting principles" as the Congressional Plan.  *Cromartie II*, 532 U.S. at 258.  The Court should deny the Motion.

## II. Evidence Related to the Maps Submitted by the SC NAACP and Other Third Parties is Relevant to Defendants' Intent.

Evidence related to the "constitutionality and legality" of Plaintiffs' alternative maps (ECF No. 350 at 2) is relevant and admissible for another reason as well.  As Plaintiffs' admit, under the *Arlington Heights* framework, "[d]etermining whether invidious discriminatory purpose was a motivating factor demands a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." (ECF No. 350 at 6 (citing *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977)).  This sensitive evidentiary inquiry may involve the consideration of a vast array of evidentiary sources, including but not limited to "[t]he specific sequence of events leading up to the challenged decision." *Id.* at 267; *see also* ECF No. 350 at 6.  Moreover, *Arlington Heights* expressly recognized that the potential list of evidentiary sources set forth in the Court's opinion was not exhaustive. *Arlington Heights*, 429 U.S. at 268.

4

Plaintiffs spend the majority of their Motion arguing about "the intent behind the maps drafted and submitted by the SC NAACP and the League, . . . the internal deliberations of those organizations, . . . or the testimony of consulting expert data scientists employed by the ACLU." (ECF NO. 350 at 6). But these arguments are incorrect for the reasons explained. *See supra* Part I. They also miss the forest for the trees: at least in part, Defendants intend to offer maps submitted by the SC NAACP and the League to either compare similarities between these maps and the enacted map, or to demonstrate how the enacted map outperforms these maps. This is exactly the type of circumstantial evidence contemplated by *Arlington Heights*, especially when considering that Plaintiffs have repeatedly argued that the maps submitted by the SC NAACP and the League complied with the House and Senate redistricting guidelines. *See id.* at 4 (noting that the SC NAACP proposed these maps "to encourage Defendants to comply with the U.S. Constitution and Section 2 of the Voting Rights Act[]"); *see also id.* ("The maps proposed by SC NAACP complied with the House and Senate redistricting guidelines . . ."); *Id.* ("The League similarly proposed a map to encourage Defendants to comply with their obligations and ensure fair and competitive congressional districts.").

Notwithstanding that the submission of these maps was undoubtedly part of "[t]he specific sequence of events leading up to the challenged decision," (ECF No. 350 at 6), Plaintiffs' argument that these maps are irrelevant is confounding when considering that "Public Input" is one of the specific factors listed in the House's 2021 Guidelines and Criteria for Congressional and Legislative Redistricting. (*See* ECF No. 344-4 at 4). Indeed, Plaintiffs cannot seriously argue that these maps do not constitute "Public Input" under the guidelines. *See* ECF No. 350 at 4 ("During the redistricting process, SC NAACP submitted to both the Senate Judiciary Redistricting Subcommittee and the House Judiciary Ad Hoc Redistricting Committee two proposed

5

congressional maps for their consideration."); *see also id.* ("The League similarly proposed a map . . ."). Defendants' consideration of these publicly submitted maps, including how they perform in comparison to the enacted map, is directly relevant to assessing the core issue of Defendants' intent. For that reason alone, Defendants' Motion should be denied.

### III.     This Evidence Should Not Be Excluded Under Rule 403.

It is well-established that the standards set forth in Rule 403 are relaxed in the context of a bench trial. *Schultz*, 24 F.3d at 632. Defendants, like the Fourth Circuit, remain confident that this Panel is well-equipped to hear all relevant evidence, weigh its probative value and reject any improper inferences if the need arises. *See id.* Any suggestion that this Panel may be confused or misled by the introduction of this evidence is completely unfounded, and if the Panel believes that the introduction of certain evidence is a waste of time, then it can exclude that evidence at the appropriate time during trial.

### **CONCLUSION**

As the foregoing makes clear, evidence related to the maps submitted by the SC NAACP and other third parties is directly relevant to Plaintiffs' claims in this case. Furthermore, this Court is well-equipped to handle objections related to this evidence at trial as the evidence is presented. Plaintiffs' Motion should be denied.

*[Signature Pages Follow]*

6

September 9, 2022                                  Respectfully submitted,

/s/ Mark C. Moore
Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Hamilton B. Barber (Fed. ID No. 13306)
Michael A. Parente (Fed. ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
HBarber@nexsenpruet.com
MParente@nexsenpruet.com

William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900
Greenville, SC 29601
Telephone: 864.370.2211
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Rhett D. Ricard (Fed. ID No. 13549)
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401
Telephone: 843.720.1707
RRicard@nexsenpruet.com

*Counsel for House Defendants*


/s/Robert E. Tyson, Jr.
Robert E. Tyson, Jr. (7815)
Vordman Carlisle Traywick, III (12483)
La'Jessica Stringfellow (13006)
ROBINSON GRAY STEPP & LAFFITTE, LLC
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400
rtyson@robinsongray.com

7

ltraywick@robinsongray.com
lstringfellow@robinsongray.com

John M. Gore (admitted *pro hac vice*)
Stephen J. Kenny (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
skenny@jonesday.com

*Counsel for Senate Defendants*