IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS C. ALEXANDER, *et al.*, <br><br> Defendants. | Case No. 3:21-cv-03302-MGL-TJH-RMG <br><br> **SENATE DEFENDANTS' & HOUSE DEFENDANTS' OPPOSITION TO PLAINTIFF' MOTION *IN LIMINE* TO PRECLUDE LAY TESTIMONY CONCERNING EXPERT TOPICS** |

Plaintiffs' Motion *In Limine* To Preclude Lay Testimony Concerning Expert Topics (Dkt. No. 352) is another example of Plaintiffs asking the Court to unfairly limit the Senate Defendants' and the House Defendants' defense of this case. The Court should deny it for at least four reasons.

*First*, Plaintiffs do not specify what would constitute allegedly improper lay witness testimony that the Congressional Plan "satisfied . . . redistricting criteria, such as compactness" or "can be justified by other quantitative metrics such as 'core retention,' partisan performance, and effectiveness." Dkt. No. 352 at 2. Plaintiffs relegate to a footnote a list of purported examples, *see id.* at 5 n.5, but that list is wholly unilluminating. For example, some of those examples involve purely factual questions asking how the witness "tr[ied] to make sure the districts were compact," W. Jordan Dep. (cited at Dkt. No. 355 at 5 n.5), or how "partisan considerations factored into the development of this plan," B. John Dep. (cited at Dkt. No. 355 at 5 n.5). Others are legislator statements describing the Congressional Plan as a "minimal change plan" or stating that the Congressional Plan "generally adhere[s] to the previous boundaries" in the Benchmark Plan that was upheld by this Court and the United States Supreme Court in *Backus v. South Carolina*, 857

1

F. Supp. 2d 553, 557 (D.S.C.), *aff'd*, 568 U.S. 801 (2012).  *See* Campsen Statements & House Proceeding (cited at Dkt. No. 355 at 5 n.5).

*None* of these examples addresses whether the Congressional Plan "satisfied . . . redistricting criteria, such as compactness" or "can be justified by other quantitative metrics such as 'core retention,' partisan performance, and effectiveness." Dkt. No. 352 at 2.  Moreover—and more to the point—*none* involves expert opinion.  To the contrary, these examples involve testimony within the witness's own "personal knowledge" of events or "firsthand perception" of the Congressional Plan, which even Plaintiffs concede is a proper realm of lay testimony.  Dkt. No. 352 at 4 n.3.

*Second*, Plaintiffs do not describe what type of testimony they hope to exclude under the description of testimony that the Congressional Plan "can be justified." *Id.* at 2.  To the extent Plaintiffs mean to say that *all* opinion testimony—including expert opinion—offering a "legal conclusion" about the validity of the Congressional Plan is inadmissible, *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002), they are correct.  But to the extent that they suggest that legislators and staffers cannot testify as to their own motivations, actions, and beliefs related to the Congressional Plan or their own "personal knowledge" or "firsthand perception" of the Plan and events leading to its enactment, they are incorrect.  *See* Dkt. No. 352 at 4 n.3.

*Third*, in all events, legislators, staffers, and other lay witnesses may testify, and even offer opinions, regarding the "partisan performance" and political "effectiveness" of districts and redistricting plans.  *Id.*  "Politics and political considerations are inseparable from districting and apportionment."  *Gaffney v. Cummings*, 412 U.S. 735, 753 (1973).  "The political profile of a State, its party registration, and voting records are available precinct by precinct, ward by ward."  *Id.*

Accordingly, when this data is "overlaid on a census map, it requires no special genius to recognize the political consequences of drawing a district line along one street rather than another." *Id.*

Moreover, of course, legislators and staffers may testify to partisan performance and political effectiveness based upon their "personal knowledge" or "firsthand perception," Dkt. No. 352 at 4 n.3, of districts, redistricting plans, and partisan data related to districts and plans such as the data the General Assembly made publicly available on the Senate and House redistricting websites, *see, e.g.*, https://redistricting.scsenate.gov/census.html.  Plaintiffs cannot seriously argue otherwise, since they seek to adduce lay witness testimony regarding the political "impact" of the Congressional Plan in certain "communities of interest."  Dkt. No. 335 at 5.

*Fourth*, Plaintiffs are also incorrect to the extent that they imply that legislators and staffers may not testify regarding statistics and other purely factual information regarding "compactness, core retention, partisan performance, and effectiveness." *Id.* at 2.  Throughout the depositions in this case, Plaintiffs have presented documents with statistics related to compactness, core retention, and partisan performance (many of which are publicly available) to legislators or staffers and asked them to confirm the contents of the documents.  *See, e.g.*, Fiffick Tr. 268:20-269:6 (Ex. 1). Plaintiffs cannot now argue that such factual testimony based upon a legislator's or staffer's personal knowledge or firsthand perception is improper.

For all of these reasons, the Court should deny Plaintiffs' Motion *In Limine* To Preclude Lay Testimony Concerning Expert Topics.

September 9, 2022                          Respectfully submitted,

/s/Robert E. Tyson, Jr.
Robert E. Tyson, Jr. (7815)
Vordman Carlisle Traywick, III (12483)
La'Jessica Stringfellow (13006)
ROBINSON GRAY STEPP & LAFFITTE, LLC
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400
rtyson@robinsongray.com
ltraywick@robinsongray.com
lstringfellow@robinsongray.com

John M. Gore (admitted *pro hac vice*)
Stephen J. Kenny (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
skenny@jonesday.com

*Counsel for Senate Defendants*

/s/ Mark C. Moore
Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Hamilton B. Barber (Fed. ID No. 13306)
Michael A. Parente (Fed. ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
HBarber@nexsenpruet.com
MParente@nexsenpruet.com

William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900
Greenville, SC 29601

4

Telephone: 864.370.2211
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Rhett D. Ricard (Fed. ID No. 13549)
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401
Telephone: 843.720.1707
RRicard@nexsenpruet.com

*Counsel for House Defendants*