# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| The South Carolina State Conference of the NAACP, and Taiwan Scott, *on behalf of himself and all other similarly situated persons*, | )<br>)<br>)<br>)<br>) C/A No.: 3:21-cv-03302-TJH-RMG-MGL |
| Plaintiffs, | ) |
| v. | ) |
| Thomas C. Alexander, *in his official capacity as President of the Senate Judiciary Committee;* James H. Lucas, *in his official capacity as Speaker of the House of Representatives*; Chris Murphy, *in his official capacity as Chairman of the House of Representatives Judiciary Committee*; Wallace H. Jordan, *in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee*; Howard Knabb, *in his official capacity as interim Executive Director of the South Carolina State Election Commission*; John Wells, *Chair*, Joanne Day, Clifford J. Elder, Linda McCall, and Scott Moseley, *in their official capacities as members of the South Carolina State Election Commission*, | )<br>)<br>)<br>)<br>) **ORDER AND OPINION** |
| Defendants. | ) |

Before the Panel is House Defendants' unopposed motion to seal. (Dkt. No. 366). For the reasons stated below, House Defendants' motion is granted in part and denied in part.

**I.  Background**

On September 8, 2022, House Defendants filed a motion to seal their response in opposition to Plaintiffs' motion in limine on clawed back document (Dkt. No. 353) along with three accompanying exhibits. (Dkt. No. 366). Plaintiffs' motion in limine seeks to use a document identified as SC_HOUSE_0110878 in an upcoming deposition and at trial. (Dkt. No. 353). This document is a "text message from Mr. Patrick Dennis [General Counsel to the South Carolina House of Representatives] to members of the House Judiciary *Ad Hoc* Redistricting Committee about discovery in this litigation." (Dkt. No. 339-1 at 2). House Defendants claim they inadvertently produced SC_HOUSE_0110878 during discovery and the document is protected by attorney-client privilege. House Defendants maintain they clawed back the document pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b). On September 2, 2022, Plaintiffs moved to seal SC_HOUSE_0110878 as an attachment to Plaintiffs' motion in limine.[1] (Dkt. Nos. 339; 353). The Panel granted Plaintiffs' motion to seal.

The sealing mechanism House Defendants seek to use is to seal the entirety of their response in opposition to Plaintiffs' motion in limine and three accompanying exhibits. Defendants submitted these items for the Panel's *in camera* review. The response in opposition directly references and quotes information contained in SC_HOUSE_0110878. The accompanying exhibits are email communications between counsel for the parties disputing whether House Defendants clawed back SC_HOUSE_0110878 and discussing House Defendants' confidentiality designations.

II. **Legal Standard**

---

[1] Plaintiffs misidentify the document as SC_HOUSE_010878 in the motion to seal. (Dkt. No. 339). The Panel's Order will refer to the Bates Number of the document, which is SC_HOUSE_0110878.

District of South Carolina Local Civil Rule 5.03 provides that a party seeking to file documents under seal shall "file and serve a 'Motion to Seal' accompanied by a memorandum" that must:

> "(A) . . .(1) identify, with specificity, the documents or portions thereof for which sealing is requested; (2) state the reasons why sealing is necessary; (3) explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law."

Local Civ. R. 5.03.

The governing sealing standard mandates that for a court to seal a document it must: (1) give the public adequate notice of a request to seal and a reasonable opportunity to challenge it, (2) consider less drastic alternatives to sealing, and (3) if it decides to seal, state the reasons, supported by specific findings, behind its decision and the reasons for rejecting alternatives to sealing. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

The public's common law right to inspect judicial records and documents is not absolute and the court "may, in its discretion, seal documents if the public's right of access is outweighed by any competing interests." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also United States v. Harris*, 890 F.3d 480, 491-92 (4th Cir. 2018). In making this sealing decision, the Fourth Circuit has suggested the factors to be considered include "whether the records are sought for improper purpose, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 2984); *Nixon*, 435 U.S. at 597-608, 98 S.Ct. 1306.

### III.   Discussion

As a preliminary matter, House Defendants' motion to seal generally satisfies the sealing requirements set forth in District of South Carolina Local Civil Rule 5.03(A)(1)-(4). (Dkt. No.

366). In addition, the procedural requirements to seal have been met as the motion to seal was filed on the public docket, giving the public sufficient notice of a request to seal and a reasonable opportunity to challenge it.

The Panel has reviewed House Defendants' response in opposition to Plaintiffs' motion in limine along with the accompanying exhibits under the governing standard. *See, e.g.*, *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The Panel weighed House Defendants' right to protect the information contained in these documents, against any public right of access to the information. House Defendants claim SC_HOUSE_0110878, was inadvertently disclosed during discovery and contains information protected by attorney-client privilege. The document itself was sealed by the Panel in a prior Order to avoid the risk of waiving any privilege through public disclosure and pursuant to Federal Rule of Civil Procedure 26(b)(5)(B). House Defendants' response in opposition to Plaintiffs' motion in limine sparingly references or quotes the information contained in SC_HOUSE_0110878. Generally, the response in opposition and accompanying exhibits discuss House Defendants' attempt to claw back the document and the parties' ensuing dispute on that issue and regarding House Defendants' confidentiality designations. The Panel finds that sealing is not the least drastic method available in light of the fact the Panel previously sealed SC_HOUSE_0110878 and redacting the response in opposition and accompanying exhibits where they directly reference the privileged communication would be practical. Therefore, House Defendants' motion to seal is granted to the extent these items actually reference the communication Defendants claim is privileged.

    **IV.**    **Conclusion**

For the foregoing reasons, House Defendants' motion to seal is **GRANTED IN PART** to the extent House Defendants' response in opposition to Plaintiffs' motion in limine and accompanying exhibits directly reference or quote the information contained in SC_HOUSE_0110878. The motion is otherwise **DENIED**. (Dkt. No. 366). House Defendants are instructed to promptly file their response in opposition and accompanying exhibits on the public docket with redactions consistent with the directives set forth in this Order.

**AND IT IS SO ORDERED.**

United States Circuit Judge

United States District Judge

United States District Judge

September 13, 2022
Charleston, South Carolina