IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| The South Carolina State Conference of the NAACP, and Taiwan Scott, *on behalf of himself and all other similarly situated persons*,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas C. Alexander, *in his official capacity as President of the Senate Judiciary Committee;* James H. Lucas, *in his official capacity as Speaker of the House of Representatives*; Chris Murphy, *in his official capacity as Chairman of the House of Representatives Judiciary Committee*; Wallace H. Jordan, *in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee*; Howard Knabb, *in his official capacity as interim Executive Director of the South Carolina State Election Commission*; John Wells, *Chair*, Joanne Day, Clifford J. Elder, Linda McCall, and Scott Moseley, *in their official capacities as members of the South Carolina State Election Commission*,<br><br>Defendants. | C/A No.: 3:21-cv-03302-TJH-RMG-MGL<br><br>**ORDER AND OPINION** |

Before the Panel is The South Carolina State Conference of the NAACP and Mr. Taiwan Scott's ("Plaintiffs") unopposed emergency motion to seal. (Dkt. No. 339). For the reasons stated below, Plaintiffs' motion is granted.

**I.    Background**

On September 2, 2022, Plaintiffs moved to seal one document identified as SC_HOUSE_0110878 attached to Plaintiffs' motion in limine on clawed back document.[1] (Dkt. Nos. 339; 353). Plaintiffs' motion in limine seeks to use SC_HOUSE_0110878 in an upcoming deposition and at trial. (Dkt. No. 353). House Defendants claim they inadvertently produced SC_HOUSE_0110878 during discovery and the document is protected by attorney-client privilege. House Defendants maintain the document was clawed back pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b). (Dkt. No. 366). The sealing mechanism that Plaintiffs request to seal is to seal the document in its entirety. SC_HOUSE_0110878 has been produced to the Panel for *in camera* review. The document is a "text message from Mr. Patrick Dennis [General Counsel to the South Carolina House of Representatives] to members of the House Judiciary *Ad Hoc* Redistricting Committee about discovery in this litigation." (Dkt. No. 339-1 at 2).

## II. Legal Standard

District of South Carolina Local Civil Rule 5.03 provides that a party seeking to file documents under seal shall "file and serve a 'Motion to Seal' accompanied by a memorandum" that must:

> "(A) . . .(1) identify, with specificity, the documents or portions thereof for which sealing is requested; (2) state the reasons why sealing is necessary; (3) explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law."

Local Civ. R. 5.03.

---

[1] Plaintiffs misidentify the document as SC_HOUSE_010878 in the motion to seal. (Dkt. No. 339). The Panel's Order will refer to the Bates Number of the document, which is SC_HOUSE_0110878.

The governing sealing standard mandates that for a court to seal a document it must: (1) give the public adequate notice of a request to seal and a reasonable opportunity to challenge it, (2) consider less drastic alternatives to sealing, and (3) if it decides to seal, state the reasons, supported by specific findings, behind its decision and the reasons for rejecting alternatives to sealing. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

The public's common law right to inspect judicial records and documents is not absolute and the court "may, in its discretion, seal documents if the public's right of access is outweighed by any competing interests." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also United States v. Harris*, 890 F.3d 480, 491-92 (4th Cir. 2018). In making this sealing decision, the Fourth Circuit has suggested the factors to be considered include "whether the records are sought for improper purpose, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 2984); *Nixon*, 435 U.S. at 597-608, 98 S.Ct. 1306.

### III.  Discussion

As a preliminary matter, Plaintiffs' motion to seal generally satisfies the sealing requirements set forth in District of South Carolina Local Civil Rule 5.03(A) (1)-(4). (Dkt. No. 339). In addition, the procedural requirements to seal have been met as the motion to seal was filed on the public docket, giving the public sufficient notice of a request to seal and a reasonable opportunity to challenge it.

The Panel has reviewed document SC_HOUSE_0110878 under the governing standard. *See, e.g.*, *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Knight Publ'g Co.*, 743

F.2d 231, 235 (4th Cir. 1984). The Panel weighed House Defendants' right to protect the information contained in this document, against any public right of access to the information. As Federal Rule of Civil Procedure 26(b)(5)(B) establishes a procedure wherein a party that inadvertently produced protected material may notify the recipient of the document of its alleged error and, until the matter is resolved, the recipient must return or destroy the document and must not use or disclose the document to anyone. The matter is then presented to a court under seal for review and the producing party must preserve the document in question until the court has ruled on the matter. Fed. R. Civ. P. 26(b)(5)(B). As there is a risk of waiver of privilege if public revelation occurs and pursuant to the language of Rule 26, sealing SC_HOUSE_0110878 in its entirety is warranted under the circumstances.

IV. <u>Conclusion</u>

For the foregoing reasons, Plaintiffs' emergency motion to seal SC_HOUSE_0110878 is **GRANTED**. (Dkt. No. 339).

**AND IT IS SO ORDERED.**

United States Circuit Judge

United States District Judge

United States District Judge

4

5

September 13, 2022
Charleston, South Carolina