IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS C. ALEXANDER, *et al.*,<br><br>Defendants. | Case No. 3:21-cv-03302-MGL-TJH-RMG<br><br>**SENATE AND HOUSE DEFENDANTS' COMBINED REPLY IN SUPPORT OF *DAUBERT* MOTIONS IN LIMINE TO EXCLUDE PLAINTIFFS' FIVE PUTATIVE EXPERTS** |

Recognizing that replies are discouraged and the Panel has a multitude of motions pending before it, the Senate Defendants and the House Defendants[1] (the "Legislative Defendants") submit this brief combined reply in support of their *Daubert*[2] motions in limine to exclude Plaintiffs' five putative experts, *see* ECF Nos. 342, 343, 344, 345 & 346, solely to address a new issue raised in Plaintiffs' responses. *See* Local Civ. R. 7.07 (D.S.C.).

In each of their responses, Plaintiffs argue—in a conclusory footnote—that the Court should deny the Legislative Defendants' motions as untimely. *See* ECF No. 381 at 2 n.1; ECF No. 383 at 2 n.1; ECF No. 384 at 2 n.1; ECF No. 385 at 2 n.1; ECF No. 386 at 2 n.1. As a threshold matter, Plaintiffs never raised this issue when the parties had a meet-and-confer on the Legislative Defendants' intentions to file *Daubert* motions. *Cf.* Local Civ. R. 7.02 (D.S.C.). Once again,

---

[1] The Senate Defendants are Thomas C. Alexander, in his official capacity as President of the Senate, and Luke A. Rankin, in his official capacity as Chairman of the Senate Judiciary Committee. The House Defendants are James A. Lucas, in his official capacity as Speaker of the House of Representatives, Chris Murphy, in his official capacity as Chairman of the House of Representatives Judiciary Committee, and Wallace H. Jordan, in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee. As previously noted, Jay Lucas is no longer Speaker of the House.

[2] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

1

Plaintiffs have ignored the "good faith" requirement for meet-and-confer conferences mandated under the rule. *Id.* These continued communication failures aside, the Panel should reject Plaintiffs' argument because it relies on a misreading the Court's Scheduling Order. To be sure, some scheduling orders in the District of South Carolina set specific dates for *Daubert* motions, and those can coincide with the deadline for dispositive motions. But this one did not.

Here, the Court's Third Amended Scheduling Order provided that "[a]ll motions other than (a) those relating to the admissibility of evidence at trial and (b) those to compel discovery, shall be filed no later than August 19, 2022." ECF No. 210 at 2 ¶ 7 (emphasis omitted). Further, it provided that "[m]otions in limine are due by September 2, 2022." *Id.* at 2 ¶ 9. In each of their *Daubert* motions, the Legislative Defendants argued the opinions of Plaintiffs' putative experts were inadmissible. *See* ECF Nos. 342, 343, 344, 345 & 346. And each motion was made "pretrial." *Motion in limine*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining a motion in limine as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial"). Thus, Plaintiffs' reliance on different cases before different U.S. District Judges with different scheduling orders to argue tardiness is misplaced. *E.g.*, *Bryant v. Trexler Trucking, Inc.*, No. 4:11-CV-02254-RBH, 2013 WL 643768, at *4 (D.S.C. Feb. 21, 2013) (denying a motion in limine as untimely when recognizing that "[a]lthough couched as a motion in limine, Defendant's Motion is plainly one made pursuant to Daubert").

Indeed, Plaintiffs' argument in this regard is self-defeating. On the one hand, Plaintiffs argue the Legislative Defendants' *Daubert* motions were not related to the admissibility of evidence. *See* ECF No. 381 at 2 n.1; ECF No. 383 at 2 n.1; ECF No. 384 at 2 n.1; ECF No. 385 at 2 n.1; ECF No. 386 at 2 n.1. On the other hand, Plaintiffs argue their putative experts' testimony is admissible and even call the Legislative Defendants' motion a "motion in limine." *See* ECF No.

381 (arguing "Dr. Bagley's analysis easily passes the threshold of admissibility"); ECF No. 383 (arguing "Dr. Liu's analyses easily pass the threshold of admissibility under the Federal Rules of Evidence"); ECF No. 384 (arguing "Dr. Ragusa's analyses easily pass the threshold of admissibility under the Federal Rules of Evidence"); ECF No. 385 (arguing "Legislative Defendants' motion in limine should be denied"); ECF No. 386 (arguing "[t]here is no serious question that Dr. Imai's testimony is reliable and admissible").  But the Court need not engage in this word salad, for Plaintiffs did not even attempt to argue prejudice.  Nor could they.

In all events, even if the Court were to adopt Plaintiffs' interpretation of the deadlines, the alleged belated filing should be excused because (1) the Legislative Defendants believed in good faith that their *Daubert* motions in limine complied with the Court's Third Amended Scheduling Order; (2) their belief was based on a reasonable interpretation of the deadlines in the Order; (3) the Legislative Defendants were simultaneously litigating Plaintiffs' tardy discovery motions; (4) the Legislative Defendants were also identifying witnesses and exhibits for trial, as well as reviewing, analyzing, and formulating objections to Plaintiffs' witnesses and exhibits; and (5) Plaintiffs do not, and cannot, allege any prejudice and have already responded on the merits.  Therefore, if necessary, the Court should find the Legislative Defendants have shown good cause and consider the motions in full.  *See* Fed. R. Civ. P. 16(b)(4); *cf.* ECF No. 299 at 9 (citing *Brown-Thomas v. Hynie*, No. 1:18-CV02191-JMC, 2021 WL 651014, at *2 (D.S.C. Feb. 19, 2021) (excusing untimely motion given, *inter alia*, the "lack of prejudice" to the nonmoving party)).

As for substance, Plaintiffs' responses in opposition do nothing to show the admissibility of their putative experts' opinions.  But the Legislative Defendants decline to respond to Plaintiffs' numerous misrepresentations of the record and the law.  Given the significant briefing and portions of the record filed with the Court, the Legislative Defendants are confident that the Court (1) is

well aware of the applicable law; and (2) has a clear picture of the facts as shown by the actual evidence in the record, not Plaintiffs' repeated misrepresentations of that record.  Accordingly, the Legislative Defendants rest and rely on the arguments and relevant testimony set forth in their *Daubert* motions that mandate the exclusion of Plaintiffs' five putative experts.  *See* ECF Nos. 342, 343, 344, 345 & 346.

In short, the Court should review the Legislative Defendants' *Daubert* motions on the merits and—for the reasons set forth in those motions—exclude the reports, opinions, and testimony of Dr. Bagley, Dr. Ragusa, Dr. Liu, Dr. Duchin, and Dr. Imai from the trial of this matter.

September 9, 2022

Respectfully submitted,

/s/Robert E. Tyson, Jr.
Robert E. Tyson, Jr. (7815)
Vordman Carlisle Traywick, III (12483)
La'Jessica Stringfellow (13006)
ROBINSON GRAY STEPP & LAFFITTE, LLC
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400
rtyson@robinsongray.com
ltraywick@robinsongray.com
lstringfellow@robinsongray.com

John M. Gore (admitted *pro hac vice*)
Stephen J. Kenny (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
skenny@jonesday.com

*Counsel for Senate Defendants*

/s/Mark C. Moore
Mark C. Moore (Fed. ID No. 4956)
Jennifer J. Hollingsworth (Fed. ID No. 11704)
Hamilton B. Barber (Fed. ID No. 13306)

Michael A. Parente (Fed. ID No. 13358)
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900
MMoore@nexsenpruet.com
JHollingsworth@nexsenpruet.com
HBarber@nexsenpruet.com
MParente@nexsenpruet.com

William W. Wilkins (Fed. ID No. 4662)
Andrew A. Mathias (Fed. ID No. 10166)
Konstantine P. Diamaduros (Fed. ID No. 12368)
NEXSEN PRUET, LLC
104 S. Main Street, Suite 900
Greenville, SC 29601
Telephone: 864.370.2211
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

Rhett D. Ricard (Fed. ID No. 13549)
NEXSEN PRUET, LLC
205 King Street, Suite 400
Charleston, SC 29401
Telephone: 843.720.1707
RRicard@nexsenpruet.com

*Counsel for House Defendants*

5