

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, and TAIWAN SCOTT, *on behalf of himself and all other similarly situated persons*,<br>　　　　　　　　　　Plaintiffs,<br>vs.<br><br>THOMAS ALEXANDER, *in his official Capacity as President of the Senate*; LUKE A. RANKIN, *in his official capacity as Chairman of the Senate Judiciary Committee*; G. MURRELL SMITH, *in his official capacity as Speaker of the House of Representatives*; CHRIS MURPHY, *in his official capacity as Chairman of the House of Representatives Judiciary Committee*; WALLACE H. JORDAN, *in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee*; HOWARD KNAPP, *in his official capacity as interim Executive Director of the South Carolina State Election Commission*; JOHN WELLS, *Chair*, JOANNE DAY, CLIFFORD J. ELDER, LINDA MCCALL, and SCOTT MOSELEY, *in their official capacities as members of the South Carolina State Election Commission*,<br>　　　　　　　　　　Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:21-3302-MGL-TJH-RMG |

**MEMORANDUM OPINION AND ORDER
DENYING WITHOUT PREJUDICE
THE PARTIES' MOTIONS IN LIMINE TO EXCLUDE EXPERT TESTIMONY**

I.      INTRODUCTION

Plaintiffs The South Carolina State Conference of the NAACP and Taiwan Scott, on behalf of himself and all other similarly situated persons (collectively, Plaintiffs), filed this lawsuit against the above-named Defendants.  In their Third Amended Complaint, they bring claims of (1) racial gerrymandering, in violation of the Fourteenth Amendment to the United States Constitution, and (2) intentional discrimination, in contravention of the Fourteenth and Fifteenth Constitutional Amendments.  Plaintiffs seek declaratory judgment, injunctive relief, attorneys fees, and costs. The Panel has federal jurisdiction over this matter in accordance with 28 U.S.C. § 1331.

The matter is before the Panel for consideration of: Plaintiffs' motion in limine to exclude the testimony of Defendants' expert, Sean P. Trende, ECF No. 324, and Defendants Thomas C. Alexander, Luke A. Rankin, G. Murrell Smith, Chris Murphy, and Wallace H. Jordan's (collectively, Senate and House Defendants) motions to exclude the testimony of Plaintiffs' experts, Dr. Joseph Bagley, ECF No. 342, Dr. Moon Duchin, ECF No. 343, Dr. Kosuke Imai, ECF No. 344, Dr. Baodong Liu, ECF No. 345, and Dr. Jordan Ragusa, ECF No. 346.

Having carefully considered these six motions, the responses, the reply, the record, and the applicable law, it is the judgment of the Panel all of the motions will be denied without prejudice.


II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiffs complain that, after the 2020 census, "the [South Carolina] Legislature enacted a racially gerrymandered congressional map that also intentionally discriminates against Black voters." Third Amended Complaint ¶ 2.  Plaintiffs claim, "[i]t did so by ignoring the many South Carolinians who implored lawmakers to draw fair and nondiscriminatory maps that comply with the U.S. Constitution when redrawing congressional and state legislative maps." *Id*.

"Instead," according to Plaintiffs, "the Legislature chose perhaps the worst option of the available maps in terms of its harmful impact on Black voters that it proposed or were proposed by members of the public." "Accordingly," Plaintiffs maintain, they were "compelled to file this Third Amended Complaint." *Id*.

The Honorable Toby J. Heytens, United States Circuit Judge for the Fourth Circuit, the Honorable Richard M. Gergel, United States District Judge for the District of South Carolina, and the Honorable Mary Geiger Lewis, United States District Judge for the District of South Carolina constitute the Panel of three judges designated to hear and determine this matter, as provided by 28 U.S.C. § 2284.

The Panel has scheduled a bench trial for this case, which is to commence on October 3, 2022, at the J. Waites Waring Federal Judicial Center in Charleston, South Carolina.

Having been fully briefed on the relevant issues, the Panel is now prepared to adjudicate the parties' six motions in limine to exclude each others' experts' testimony.

### III.     STANDARD OF REVIEW

Federal Rule of Evidence 702 creates a "gatekeeping requirement" for the trial court to "ensure the reliability and relevancy of expert testimony." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Pursuant to Rule 702, a witness may be qualified as an expert to provide opinion testimony when:

(a)     The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b)     the testimony is based on sufficient facts or data;

(c)     the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. The purpose of this rule is to ensure "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field" is presented in the courtroom. *Kumho*, 526 U.S. at 152.

When making determinations on the admissibility of an expert's testimony, the Court may consider the Supreme Court's following set of non-exclusive factors, commonly referred to as the *Daubert* factors: (1) "whether [the] theory or technique . . . can be (and has been) tested"; (2) "whether the theory or technique has been subjected to peer review and publication"; (3) "the known or potential rate of error" of a methodology and "the existence and maintenance of standards of controlling the technique's operation"; and (4) the general acceptance of the theory within the "relevant scientific community." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592-94 (1993).

No single factor is determinative; "the court's evaluation is always a flexible one, and the court's conclusions necessarily amount to an exercise of broad discretion guided by the overarching criteria of relevance and reliability." *Oglesby v. General Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999). The Court's task is to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589.

The relevance inquiry requires an analysis of whether the expert opinions have "a valid scientific connection to the pertinent inquiry." *Belville*, 919 F.3d at 232. And, to be reliable, "expert opinion must be based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods." *Oglesby*, 190 F.3d at 250.

## IV.     DISCUSSION AND ANALYSIS

In each of the motions in limine to exclude the testimony of the parties' experts before trial, and the responses in opposition to them, the arguments center around whether the particular expert's testimony comports with the dictates of Rule 702 and the *Daubert* line of cases.

"However, the usual concerns of the rule—keeping unreliable expert testimony from the jury—are not present in [a bench trial]". *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 760 (7th Cir. 2010). In fact, "[t]he 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial." *Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004). Thus, "the importance of the trial court's gatekeeper role is significantly diminished in bench trials, as in this instance, because, there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence." *Whitehouse Hotel Ltd. Partnership v. C.I.R.*, 615 F.3d 321, 330 (5th Cir. 2010)

Put another way, "[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for [herself or] himself." *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005). Additionally, in a case such as this, "where the factfinder and the gatekeeper are the same, the [Panel] does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702." *In re Salem*, 465 F.3d 767, 777 (7th Cir.2006).

In sum, because the Panel will act both as judges of the law and "the trier[s] of facts, [its] evidentiary gatekeeping function [will be] relaxed, and [it will be] in the best position to decide the proper weight to give the expert opinions[.]" during the bench trial. *United States v. Wood*, 741 F.3d 417, 425 (4th Cir. 2013).

Therefore, although we have carefully considered the parties' arguments, we will deny their motions to exclude the testimony of each others' experts' testimony without prejudice at this stage. Instead, we will reserve for the bench trial an opportunity for the parties to again challenge, and for us to then decide, the relevance and reliability questions concerning the testimony of their experts.

## V.     CONCLUSION

For these reasons, Plaintiffs' motion in limine to exclude the testimony of Defendants' expert, Sean P. Trende, ECF No. 324, and Senate and House Defendants' motions to exclude the testimony of Plaintiffs' experts, Dr. Joseph Bagley, ECF No. 342, Dr. Moon Duchin, ECF No. 343, Dr. Kosuke Imai, ECF No. 344, Dr. Baodong Liu, ECF No. 345, and Dr. Jordan Ragusa, ECF No. 346, are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 15th day of September, 2022.

*[signature]*
United States Circuit Judge

*[signature]*
United States District Judge

*[signature]*
United States District Judge