IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| The South Carolina State Conference of the NAACP, and Taiwan Scott, *on behalf of himself and all other similarly situated persons*,<br><br>      Plaintiffs,<br><br>    v.<br><br>Thomas C. Alexander, *in his official capacity as President of the Senate*; Luke A. Rankin, *in his official capacity as Chairman of the Senate Judiciary Committee*; James H. Lucas, *in his official capacity as Speaker of the House of Representatives*; Chris Murphy, *in his official capacity as Chairman of the House of Representatives Judiciary Committee*; Wallace H. Jordan, *in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee*; Howard Knabb, *in his official capacity as interim Executive Director of the South Carolina State Election Commission*; John Wells, *Chair*, Joanne Day, Clifford J. Elder, Linda McCall, and Scott Moseley, *in their official capacities as members of the South Carolina State Election Commission*,<br><br>      Defendants. | C/A No.: 3:21-cv-03302-MGL-TJH-RMG<br><br>**ORDER AND OPINION** |

  Plaintiffs have filed numerous motions in limine to preclude certain evidence or arguments at trial. Specifically, plaintiffs moved to preclude: evidence or argument that the congressional map at issue is proper "as a partisan gerrymander" (Dkt. No. 348 at 2); use "for improper purposes" of the Department of Justice's preclearance of South Carolina's 2011 congressional plan and the decision in *Backus v. South Carolina*, 857 F. Supp. 2d 553 (D.S.C. 2012), *aff'd*, 568 U.S. 801

1

(2012), upholding that plan (Dkt. No. 349 at 1); evidence of other potential congressional maps the South Carolina State Conference of the NAACP drafted or submitted or of internal deliberations of the State Conference or other third parties (Dkt. No. 350); evidence or argument of post hoc rationales for the congressional map at issue (Dkt. No. 351); lay testimony on subjects requiring expertise (Dkt. No. 352); testimony invoking reliance on privileged attorney advice in believing the congressional map was constitutionally permissible (Dkt. No. 354); testimony from defense expert Sean Trende about opinions or analysis not disclosed in one of his two Rule 26(a)(2) reports, as well as Senate Defendants Proposed Exhibits 47–60 and 119 (Dkt. No. 355); and evidence or argument that the congressional map "can withstand constitutional scrutiny because it complies with Section 2 of the Voting Rights Act[ ]" (Dkt. No. 357 at 2).

We deny each motion without prejudice. None of these motions are well suited to pre-trial disposition. The usual course for "a bench trial" is "the district court can hear relevant evidence, weigh its probative value and reject any improper inferences." *Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994). Indeed, "[t]he rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed that the [Court] will disregard inadmissible evidence and rely on competent evidence." *Accident Ins. Co., Inc. v. U.S. Bank Nat'l Assoc.*, C/A No. 3:16-cv-02621, 2019 WL 2566950, at *5 (D.S.C. June 21, 2019) (quotation marks omitted). In addition, the admissibility of much of the evidence in question may be "dependent on the purpose it is offered for and the context in which it is offered," (*id.*), and addressing such matters at trial will permit the Court to evaluate any evidentiary issues in the fuller context. Accordingly, plaintiffs may raise their concerns as "objections during the bench trial," which "will suffice to give the Court the opportunity to address the exclusion of such evidence." *Greenbrier Hotel Corp. v. Unite Here Health*, C/A No. 5:13-cv-11644, 2016 WL 9781805, at *3 (S.D.W. Va. Mar. 14, 2016).

3

Plaintiffs' motions to exclude certain evidence or arguments (Dkts. No. 348, 349, 350, 351, 352, 354, 355, 357) are **DENIED WITHOUT PREJUDICE.** The Court will rule on any evidentiary objections as they arise at trial.

**AND IT IS SO ORDERED.**

_____
United States Circuit Judge

_____
United States District Judge

_____
United States District Judge

September 15, 2022
Charleston, South Carolina

3