# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICIT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| The South Carolina State Conference of the NAACP, and Taiwan Scott, *on behalf of himself and all other similarly situated persons*, | ) ) ) ) ) C/A No.: 3:21-cv-03302-TJH-RMG-MGL |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| Thomas C. Alexander, *in his official capacity as President of the Senate*; Luke A. Rankin, *in his official capacity as Chairman of the Senate Judiciary Committee*; James H. Lucas, *in his official capacity as Speaker of the House of Representatives*; Chris Murphy, *in his official capacity as Chairman of the House of Representatives Judiciary Committee*; Wallace H. Jordan, *in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee*; Howard Knabb, *in his official capacity as interim Executive Director of the South Carolina State Election Commission*; John Wells, *Chair*, Joanne Day, Clifford J. Elder, Linda McCall, and Scott Moseley, *in their official capacities as members of the South Carolina State Election Commission*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **ORDER AND OPINION** |
| Defendants. | ) ) ) |

Before the Panel is The South Carolina State Conference of the NAACP and Mr. Taiwan Scott's ("Plaintiffs") unopposed motion to seal. (Dkt. No. 379). For the reasons stated below, Plaintiffs' motion is denied.

## I. **Background**

On September 2-3, 2022, Plaintiffs submitted a response in opposition to Senate and House Defendants' motion for summary judgment along with 66 accompanying exhibits for the Panel's *in camera* review. Plaintiffs claimed the Panel's Confidentiality Order authorized them to do such. On September 6, 2022, the Panel entered a Text Order directing Plaintiffs to move to seal or redact the items in conformity with the Confidentiality Order and applicable sealing requirements under the District of South Carolina Local Civil Rules. (Dkt. No. 360). On September 9, 2022, Plaintiffs moved to seal their response in opposition to Senate and House Defendants' motion for summary judgment along with thirteen exhibits attached thereto. (Dkt. No. 379). The Panel categorizes the exhibits generally as follows: (1) excerpts of deposition transcript of Thomas Hauger (Ex. 14), Emma Dean (Ex.17), Weston J. Newton (Ex. 18), James H. Lucas (Ex. 20), Wallace H. Jordan (Ex. 22), Chris Murphy (Ex. 46); (2) exhibits from the depositions of Lucas (Ex. 40, 48); Jordan (Ex. 41); Hauger (Ex. 42); and Murphy (Ex. 46-47); (3) Population Summary Staff Subcommittee Plan (Ex. 35); and (4) transcript from the South Carolina House of Representatives Hearing on H.R. 4781 dated Jan. 12, 2022. (Ex. 43). (Dkt. No. 379-1).

The method in which Plaintiffs seek to seal their brief is by redacting portions throughout. (Dkt. No. 379; 380). The method in which Plaintiffs seek to seal the exhibits accompanying their brief is to seal those items in their entirety. (Dkt. No. 379-1). Plaintiffs contend "good cause" exists to seal and redact the materials because House Defendants have designated items as Confidential pursuant to the Panel's Confidentiality Order. (Dkt. Nos. 379; 123).

## II. Legal Standard

District of South Carolina Local Civil Rule 5.03 provides that a party seeking to file documents under seal shall "file and serve a 'Motion to Seal' accompanied by a memorandum" that must:

2

> "(A) . . .(1) identify, with specificity, the documents or portions thereof for which sealing is requested; (2) state the reasons why sealing is necessary; (3) explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law."

Local Civ. R. 5.03.

The governing sealing standard mandates that for a court to seal a document it must: (1) give the public adequate notice of a request to seal and a reasonable opportunity to challenge it, (2) consider less drastic alternatives to sealing, and (3) if it decides to seal, state the reasons, supported by specific findings, behind its decision and the reasons for rejecting alternatives to sealing. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

The public's common law right to inspect judicial records and documents is not absolute and the district court "may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). In deciding whether to exercise such discretion, the court may consider "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Pub. Co*., 743 F.2d 231, 235 (4th Cir. 1984).

By contrast, once documents that are produced in discovery, including under a pre-trial confidentiality order, are "made part of a dispositive motion, they [have] lost their status as being 'raw fruits of discovery.'" *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988). The, "more rigorous First Amendment standard [ ] appl[ies] to documents filed in connection with a summary judgment motion in a civil case." *Id*.; *see also Hill Holiday Connors Cosmopulos, Inc. v. Greenfield*, No. 6:08-cv-03980-GRA, 2010 WL 890067, at *4 (D.S.C. Mar. 8, 2010) (denying

motion to seal summary judgment memorandum and exhibits).  The district court must determine whether to seal discovery materials after they are made part of a dispositive motion "at the time it grants a summary judgment motion" and, regarding any pre-trial confidentiality order, must "not merely allow continued effect to a pretrial discovery protective order." *Va. Dep't of State Police*, 386 F.2d at 576.

Under this First Amendment standard, the movant must demonstrate that the denial of access is necessitated by a compelling government interest or non-governmental interest that implicates similar "higher values." *Press-Enter. Co. v. Super Ct. of Cal. For the Cnty. of Riverside*, 464 U.S. 501, 510 (1984).  Such private interests outweigh the First Amendment presumption of access "only in certain circumstances" that include a criminal defendant's Sixth Amendment right to a fair trial, privacy interests of non-parties, trade secrets, attorney-client relationships, and contractual non-disclosure provisions. *Companion Prop. & Cas. Ins. Co. v. Wood*, No. 3:14-cv-03719-CMC, 2017 WL 279767, at *2 (D.S.C. Jan. 23, 2017) (collecting cases).  "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Level 3 Comm'ns., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 583 (E.D. Va. 2009) (testing public's First Amendment right of access against non-governmental interests).  The court must determine that sealing would constitute a "narrowly tailored" solution designed "to serve that interest." *Press-Enter. Co.*, 464 U.S. at 510.

### III.    Discussion

Plaintiffs first seek to redact dozens of items throughout their memorandum in opposition to Senate and House Defendants' motion for summary judgment.  (Dkt. No. 380).  Without further elaboration, Plaintiffs state the documents should be redacted because House Defendants claim

4

confidentiality over the items pursuant to the Panel's Confidentiality Order. (Dkt. No. 379 at 2). Testing Plaintiffs' memorandum in opposition to Senate and House Defendants' motion for summary judgment according to the standard set forth in *Knight Publication Co.*, the Panel finds Plaintiffs' conclusory asserted justification for redaction does not overcome the public's common law interest in accessing the record. *See e.g.*, *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 447-48 (D. Md. 2012) (rejecting "conclusory argue[ments]" to deny without prejudice motion to seal legal memorandum).

Second, Plaintiffs seek to seal thirteen documents attached to their memorandum in opposition to Senate and House Defendants' motion for summary judgment. (Dkt. No. 379-1). As the attachments are part of the record on summary judgment, they are tested against the public's First Amendment right of access in *Rushford*. Plaintiffs' motion to seal fails to address the controlling law to seal documents underlying a motion for summary judgment, but Plaintiffs argue House Defendants claim confidentiality over the items pursuant to the Panel's Confidentiality Order. (Dkt. No. 123). The Panel finds that Plaintiffs provide insufficient cursory support for sealing and generally rely on the opposing party's designation of the document as confidential. Plaintiffs do not articulate a compelling governmental or non-governmental interest that implicates similar "higher values" such that the public's First Amendment right of access may be overcome. *Press-Enter. Co.*, 464 U.S. at 510.

### IV.    Conclusion

For the foregoing reasons, Plaintiffs' motion to seal is **DENIED**. (Dkt. No. 379). Plaintiffs are **ORDERED** promptly to file publicly an unredacted response in opposition to House and Senate Defendants' motion for summary judgment along with unsealed accompanying exhibits.

**AND IT IS SO ORDERED.**

_[signature]_

United States Circuit Judge

_[signature]_

United States District Judge

_[signature]_

United States District Judge

September 15, 2022
Charleston, South Carolina