# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*, *Plaintiffs*, <br><br> v. <br><br> THOMAS C. ALEXANDER, *et al.*, <br><br> *Defendants*. | Case No. 3:21-cv-03302-MGL-TJH-RMG <br><br> THREE-JUDGE PANEL <br><br> REPLY IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE DEFENSE WITNESSES NOT TIMELY DISCLOSED |

Recognizing that replies are discouraged, Plaintiffs respectfully submit this short reply in support of their pending Motion in Limine (ECF 356) to address a narrow issue that Legislative Defendants raise in their response (ECF 368). *See* Local Civ. R. 7.07 (D.S.C.).

Legislative Defendants misread the Federal Rule of Civil Procedure 26(a) disclosure provisions. It is true: initial disclosures under Rule 26(a)(1)(A)(i) do not "require a final witness list" (ECF 368 at 4), but neither can a party fail to disclose potential witnesses if it learns in discovery that they "may support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A). Rather, parties are under a duty to supplement initial disclosures as information becomes available. Fed. R. Civ. P. 26(e)(1), (2); *see also Gomez v. Haystax Tech., Inc.*, 761 F. App'x 220, 230 (4th Cir. 2019); *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014).

Legislative Defendants acknowledge that this is the difference between Plaintiffs' conduct and theirs: Plaintiffs disclosed witnesses in *supplemental initial* disclosures (*see* ECF 321-1), and

1

"*ahead* of the close of discovery" (ECF 368 at 6 (emphasis added)). Legislative Defendants did not do so, and the witnesses that are the subject of Plaintiffs' Motion in Limine were indisputably not included in their Rule 26(a)(1) initial disclosures, or any supplementation thereto. *Id.* at 2. That alone warrants their preclusion as witnesses in Legislative Defendants' case in chief. *See Wickersham v. Ford Motor Co.*, No. 13-cv-1192, 2016 WL 5349093, at *4 (D.S.C. Sept. 26, 2016) ("'[A] party that . . . fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not . . . permitted to use as evidence at a trial . . . any witness or information not so disclosed.'" (quoting *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003))).

Legislative Defendants are wrong to suggest that their failure to disclose these witnesses as part of their initial disclosures is cured because they were included in their Rule 26(a)(3) filings. "This argument confuses two separate requirements under Rule 26 [because] [p]erformance of one of these rules cannot be substituted for the other [as] they serve different purposes." *Quesenberry v. Volvo Grp. N. Am., Inc.*, 267 F.R.D. 475, 479–80 (W.D. Va. 2010). Even if they met the Rule 26(a)(3) requirements, Legislative Defendants "still had an obligation to disclose . . . persons likely to have discoverable information under Rule 26(a)(1)." *Id.* Rule 26(a)(3) disclosures "should not be viewed as an acceptable alternative for complete and timely disclosures under Rule 26(a)(1)." *Poitra v. Sch. Dist. No. 1 in the Cnty. of Denver*, 311 F.R.D. 659, 668 n.10 (D. Colo. 2015). "[R]ule 26(a)(3) makes clear, by its very terms that the disclosure of a final witness list on the eve of trial, is not a substitute for initial disclosures . . . ." *Id.*

Moreover, although Legislative Defendants assert that Charles Boykin, Steve Love, and John Ruoff were deposed in "this action" (ECF 368 at 2), they forget that those depositions concerned Plaintiffs' challenge to certain South Carolina state House of Representative districts, which the parties settled (*see* ECF 266; 266-1). As just one example, Legislative Defendants

2

explained to Mr. Love that his "deposition is taking part in reference to the State House districts" and that they would "skip over the Congressional part." Ex. A, Boykin Tr. (May 4, 2022) at 87:7–10; *see also, e.g.*, Ex. B, Love Tr. (May 3, 2022) at 14:17–20, 17:8–11, 20:22–25 (questioning focuses on the state House challenged districts); Ex. C, Subpoena to Test. at Dep. in Civ. Action to Dr. Ruoff (Mar. 28, 2022) (directing Ruoff to sit for a deposition and requesting he produce "documents [that] concern the allegations made by SC NAACP that one or more House District(s) . . . is racially gerrymandered or a product of intentional racial discrimination"). Still, even adopting Legislative Defendants' claim that these three depositions related to Plaintiffs' challenge to Congressional districts, Legislative Defendants would have been aware of any relevant testimony from Mr. Boykin's, Mr. Love's, and Dr. Ruoff's depositions on May 4, May 3, and April 19, 2022, respectively. That gave Legislative Defendants more than three months before the close of discovery on Plaintiffs' challenge to the Congressional districts. And as described above, such information would have been required through supplemental initial disclosures.

Dated: September 16, 2022

| | |
|---|---|
| Leah C. Aden** | Respectfully submitted, |
| Stuart Naifeh** | |
| Raymond Audain** | Christopher J. Bryant, Fed. ID 12538 |
| John S. Cusick** | BRYANT LEGAL, LLC |
| NAACP LEGAL DEFENSE & | 126 W. Henrietta St. |
| EDUCATIONAL FUND, INC. | Baltimore, MD 21230 |
| 40 Rector St, 5th Fl. | Tel.: (843) 779-5444 |
| NY, NY 10006 | chris@bryant.legal.com |
| Tel.: (212) 965-7715 | |
| laden@naacpldf.org | Somil B. Trivedi** |
| | Patricia Yan** |
| Santino Coleman*** Fed. ID. 11914 | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
| Antonio L. Ingram II** | 915 15th St., NW |
| NAACP LEGAL DEFENSE & | Washington, DC 20005 |
| EDUCATIONAL FUND, INC. | Tel.: (202) 457-0800 |
| 700 14th St, Ste. 600 | strivedi@aclu.org |

Washington, D.C. 20005
Tel.: (202) 682-1300
scoleman@naacpldf.org

Adriel I. Cepeda Derieux**
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Adam Pergament**
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com

*  *Motion for admission Pro Hac Vice forthcoming*
** *Admitted Pro Hac Vice*
*** *Mailing address only (working remotely from South Carolina)*

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes**
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

* Motion for admission *Pro Hac Vice* forthcoming
** Admitted *Pro Hac Vice*

*Counsel for Plaintiff the South Carolina Conference of the NAACP*

/s/   *Allen Chaney*
Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Columbia, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Jeffrey A. Fuisz**
Paula Ramer**
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

*Counsel for Plaintiffs the South Carolina Conference of the NAACP and Taiwan Scott*

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 16, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

                                                    /s/ *Allen Chaney*
                                                   Allen Chaney