**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS C. ALEXANDER, *et al.*, <br><br> Defendants. | Case No. 3:21-cv-03302-MGL-TJH-RMG <br><br> **SENATE DEFENDANTS' MOTION FOR RECONSIDERATION OF SEPTEMBER 15, 2022 ORDER REGARDING ATTORNEY-CLIENT PRIVILEGE (ECF NO. 394)** |

Senate Defendants Thomas C. Alexander, in his official capacity as President of the Senate, and Luke Rankin, in his official capacity as Chairman of the Senate Judiciary Committee, respectfully move for reconsideration of the Court's September 15, 2022 order regarding attorney-client privilege (ECF No. 394). The Court's order rests on two clear errors that tainted its ultimate conclusion that the five documents reviewed in camera are not protected by attorney-client privilege. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505 (4th Cir. 2003) (motions for reconsideration of interlocutory orders are appropriate to correct a clear error of law or fact). The Court therefore should grant reconsideration and uphold the Senate Defendants' privilege in those documents.[1]

*First*, the Court's order states that one of the documents is an email attaching "deposition transcript excerpts from the August 12, 2022, deposition of Maura Baker." ECF No. 394. But Ms. Baker's August 12, 2022 deposition occurred more than six weeks after the Senate Defendants produced their attorney-client privilege log on June 23, 2022. *See* ECF No. 322-1. Excerpts of

---

[1] Because this motion contains a full explanation, a supporting memorandum would serve no useful purpose. *See* Local Civil Rule 7.04 (D.S.C.). Further, after consultation, Plaintiffs oppose the relief requested in this motion. *See* Local Civil Rule 7.02 (D.S.C.).

Ms. Baker's deposition transcript therefore could not have been, and were not, among the documents included on the Senate Defendants' log or provided to the Court for in camera review.

Rather, as the Senate Defendants explained in their email to Judge Lewis, they provided the Court excerpts of Ms. Baker's deposition transcripts for a different reason. *See* Sept. 12, 2022 Email from R. Tyson to Judge Lewis. The Court's September 9, 2022 order directed the Senate Defendants to "identify in detail the senders and recipients of the emails" they were ordered to produce for in camera review. ECF No. 369. As Ms. Baker testified in her deposition, several Senate staff members—but only staff members—had access to the Senate Redistricting inbox from which four of the emails were forwarded to the Senate's outside counsel, Mr. Charlie Terreni. *See* Sept. 12, 2022 Email from R. Tyson to Judge Lewis. Thus, it is certain that a Senate staffer within the scope of attorney-client privilege forwarded the emails to Mr. Terreni, but it is not possible to identify which staffer did so. *See id.* Moreover, as the Senate Defendants explained, those emails were forwarded to Mr. Terreni to facilitate his provision of legal advice during the redistricting process. *See id.* The emails therefore are privileged. *See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (attorney-client privilege "exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice").

*Second*, the Court's September 15, 2022 order states that the attachment to the final email, titled "General Questions for Congressional Redistricting," "appears to the Panel to have been prepared by non-lawyers." ECF No. 394. As the Senate Defendants explained to Judge Lewis, however, that attachment "was originally drafted by the Senate's outside counsel, Mr. Terreni, while this litigation was already pending. The attachment has not been produced in this case." Sept. 12, 2022 Email from R. Tyson to Judge Lewis. The forwarding of that attachment to non-

lawyers within the scope of the attorney-client relationship does not vitiate the privilege. *See, e.g.*, *Santrade Ltd. v. Gen. Elec. Co.*, 150 F.R.D. 539, 545 (E.D.N.C. 1993) ("A document need not be authored or addressed to an attorney in order to be properly withheld on attorney-client privilege grounds. . . . [D]ocuments subject to the privilege may be transmitted between non-attorneys (especially individuals involved in [the client's] decision-making) so that the [client] may be properly informed of legal advice and act appropriately."); *see also In re New York Renu with Moistureloc Product Liab. Litig.*, No. MDL 1785, 2008 WL 2338552, at *10 (D.S.C. May 8, 2008) (citing *Santrade*, 150 F.R.D. at 543). The attachment therefore remains privileged.

The Court should grant reconsideration and uphold the Senate Defendants' attorney-client privilege in the five documents reviewed in camera.

September 19, 2022                    Respectfully submitted,

*/s/Robert E. Tyson, Jr.*
Robert E. Tyson, Jr. (7815)
Vordman Carlisle Traywick, III (12483)
La'Jessica Stringfellow (13006)
ROBINSON GRAY STEPP & LAFFITTE, LLC
Post Office Box 11449
Columbia, South Carolina 29211
(803) 929-1400
rtyson@robinsongray.com
ltraywick@robinsongray.com
lstringfellow@robinsongray.com

John M. Gore (admitted *pro hac vice*)
Stephen J. Kenny (admitted *pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
skenny@jonesday.com

**Counsel for Senate Defendants**

3