# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| THE SOUTH CAROLINA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS C. ALEXANDER, *et al.*, <br><br> Defendants. | Case No. 3:21-cv-03302-MGL-TJH-RMG <br><br> **THREE-JUDGE PANEL** <br><br> **RESPONSE IN OPPOSITION TO SENATE DEFENDANTS' MOTION FOR RECONSIDERATION (ECF NO. 401)** |

In the latest of several failed attempts to shield non-privileged documents from discovery (*see* ECF 153 at 17–18; 244 at 9–12; 299 at 9, 12–13), Senate Defendants move the Court to reconsider its September 15, 2022 order directing them to turn over five documents not covered by attorney-client privilege. ECF 394. Senate Defendants raise no new facts, no change in the law, and no signs of clear error causing manifest injustice. The Court should deny their Motion for Reconsideration. ECF 401.

District courts' discretion to reconsider and modify interlocutory judgments is "subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (internal quotation marks and citation omitted). For this reason, "revision pursuant to Rule 54(b)" is "cabined" by "treating interlocutory rulings as law of the case." *Id.* The result—which Senate Defendants elide—is that the Court ought to only revise its ruling in case of "(1) a subsequent trial producing substantially

different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'" *Id.* (citing *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)) (internal quotation marks omitted). "In sum, reconsideration 'is an extraordinary remedy that should be applied sparingly.'" *United States ex rel. Lutz v. Lab. Corp. of Am. Holdings*, No. 9:14-3699-RMG, 2022 WL 688988, at *1 (Feb. 23, 2022) (quoting *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997)).

Senate Defendants cite no change in the facts or the law. *See* ECF 401. "To win reconsideration on a clear error or manifest injustice theory, the decision cannot be 'just maybe or probably wrong'; it must be 'dead wrong' and strike the court 'with the force of a five-week-old, unrefrigerated dead fish.'" *McLean v. United States*, No. 9:17-2702-DCC, 2019 WL 549125, at *5 (D.S.C. Feb. 12, 2019) (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)).

Senate Defendants come nowhere close to meeting this demanding standard. *See* ECF 401. Instead, they point to two purported errors in the Court's reasoning that "tainted its ultimate conclusion," *id.* at 1, that "none of [the five documents reviewed] are covered by the attorney-client privilege," ECF 394. One of the purported errors does not even concern a document that Senate Defendants claim is privileged. ECF 401 at 1–2 (deposition excerpts "could not have been, and were not, among the documents included on the Senate Defendants' log or provided to the Court for in camera review"). Even so, their failure to identify the author of those emails is fatal to their claim of privilege. *See Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F. Supp. 3d 465, 483 (D. Md. 2014), *aff'd*, 885 F.3d 271 (4th Cir. 2018) ("the asserting party … bears the burden of establishing an evidentiary basis … for each element of each privilege/protection claimed for each document").

The other concerns a document that the panel concluded "appears . . . to have been prepared by non-lawyers." ECF 401 at 2–3; ECF 394. Rather than show why the Court's conclusion was "dead wrong," Senate Defendants merely quote themselves and attempt to recast the issue as whether non-lawyers forwarded, rather than prepared, the document. ECF 401 at 2–3. But Senate Defendants already unsuccessfully made this argument in their response to Plaintiffs' motion. *See* ECF 325 at 22–23. And motions to reconsider are not "opportunities to rehash issues already ruled upon because a litigant is displeased with the result." *R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co.*, No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006) (citation omitted). Moreover, the mere fact that Senate Defendants' counsel, Mr. Charles Terreni, was involved at some point in the document's life, does not afford the "General Questions for Congressional Redistricting" attachment broad attorney-client privilege. *See* ECF 322 at 8–10 (explaining that "it is implausible that all of [Mr. Terreni's] communications involved legal advice").

Because Senate Defendants make little attempt to demonstrate why this Court's order constitutes "clear error causing manifest injustice," this Court should deny the Motion for Reconsideration.

Dated: September 20, 2022

Leah C. Aden**
Stuart Naifeh**
Raymond Audain**
John S. Cusick**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St, 5th Fl.
NY, NY 10006
Tel.: (212) 965-7715
laden@naacpldf.org

Santino Coleman*** Fed. ID. 11914
Antonio L. Ingram II**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th St, Ste. 600
Washington, D.C. 20005
Tel.: (202) 682-1300
scoleman@naacpldf.org

Adriel I. Cepeda Derieux**
Ming Cheung*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
acepedaderieux@aclu.org

John A. Freedman**
Elisabeth S. Theodore*
Adam Pergament**
Gina M. Colarusso**
John M. Hindley**
ARNOLD & PORTER KAYE SCHOLER
LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Tel: (202) 942-5000
john.freedman@arnoldporter.com

Respectfully submitted,

Christopher J. Bryant, Fed. ID 12538
BRYANT LEGAL, LLC
126 W. Henrietta St.
Baltimore, MD 21230
Tel.: (843) 779-5444
chris@bryant.legal.com

Somil B. Trivedi**
Patricia Yan**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St., NW
Washington, DC 20005
Tel.: (202) 457-0800
strivedi@aclu.org

/s/   Allen Chaney
Allen Chaney, Fed. ID 13181
AMERICAN CIVIL LIBERTIES UNION
OF SOUTH CAROLINA
Charleston, SC 29413-0998
Tel.: (843) 282-7953
Fax: (843) 720-1428
achaney@aclusc.org

Jeffrey A. Fuisz**
Paula Ramer**
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Tel: (212) 836-8000
jeffrey.fuisz@arnoldporter.com

Sarah Gryll**
ARNOLD & PORTER KAYE SCHOLER LLP
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
sarah.gryll@arnoldporter.com

*Counsel for Plaintiffs the South Carolina
Conference of the NAACP and Taiwan Scott*

*\* Motion for admission Pro Hac Vice forthcoming*
*\*\* Admitted Pro Hac Vice*
*\*\*\* Mailing address only (working remotely from South Carolina)*

Janette M. Louard*
Anthony P. Ashton*
Anna Kathryn Barnes**
NAACP OFFICE OF THE GENERAL COUNSEL
4805 Mount Hope Drive
Baltimore, MD 21215
Tel: (410) 580-5777
jlouard@naacpnet.org

*\* Motion for admission Pro Hac Vice forthcoming*
*\*\* Admitted Pro Hac Vice*

*Counsel for Plaintiff the South Carolina Conference of the NAACP*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2022, a true and correct copy of the foregoing was served on all counsel of record by electronic mail.

/s/ *Allen Chaney*
Allen Chaney