IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| The South Carolina State Conference of the NAACP, and Taiwan Scott, *on behalf of himself and all other similarly situated persons*, | |
| Plaintiffs, | C/A No.: 3:21-cv-03302-TJH-RMG-MGL |
| v. | |
| Thomas C. Alexander, *in his official capacity as President of the Senate*; Luke A. Rankin, *in his official capacity as Chairman of the Senate Judiciary Committee*; James H. Lucas, *in his official capacity as Speaker of the House of Representatives*; Chris Murphy, *in his official capacity as Chairman of the House of Representatives Judiciary Committee*; Wallace H. Jordan, *in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee*; Howard Knabb, *in his official capacity as interim Executive Director of the South Carolina State Election Commission*; John Wells, *Chair*, Joanne Day, Clifford J. Elder, Linda McCall, and Scott Moseley, *in their official capacities as members of the South Carolina State Election Commission*, | **ORDER AND OPINION** |
| Defendants. | |

Before the Court is House Defendants' motion for reconsideration as to the Panel's order denying Plaintiffs' motion to seal. (Dkt. No. 399). For the reasons set forth below, the motion is denied.

Plaintiffs moved to redact dozens of items in their response in opposition to Defendants' motion for summary judgment and to seal thirteen exhibits. (Dkt. No. 379). Plaintiffs argued good

-1-

cause existed to seal the exhibits because House Defendants designated the items as confidential. (Dkt. No. 379). The Panel denied Plaintiffs' motion because it failed to satisfy sealing requirements and failed to discuss relevant sealing authorities. (Dkt. No. 398). The Panel instructed Plaintiffs to file their response in opposition and unredacted exhibits on the public record. (*Id.*). House Defendants move for the Panel to reconsider the order. (Dkt. No. 399).

Federal Rule of Civil Procedure 59 allows a party to move to alter or amend a judgment within twenty-eight days. Fed. R. Civ. P. 59(e). The Court may grant a motion for reconsideration only in limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* A Rule 59 motion tests whether the Court's initial Order was "factually supported and legally justified." *Hutchinson v. Staton*, 994 F.2d 1076, 1081-82 (4th Cir. 1993). Therefore, the Court may decline to reconsider a prior holding that "applied the correct legal standards" and made "factual findings [ ] supported by substantial evidence." *Harwley v. Comm'r of Soc. Sec. Admin.*, 714 Fed. Appx. 311, 312 (Mem) (4th Cir. 2018). The movant's "mere disagreement" with the Court's legal application "does not support a Rule 59(e) motion." *Hutchinson*, 994 F.2d at 1082. In short, Rule 59(e) provides an "extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

House Defendants' motion does not argue reconsideration is warranted to accommodate a change in the law, to account for new evidence, or to correct a clear error of law or prevent manifest injustice. House Defendants argue reconsideration is warranted because the Panel has not yet ruled

on the following issues: (1) House Defendants' motion for confidentiality order as to legislatively privileged documents; and (2) House Defendants' motion to confirm confidentiality designations pursuant to the South Carolina Freedom of Information Statute § 30-4-40(a)(8). House Defendants' motion does not meet the Rule 59 standard as the Panel was not in clear error to have denied Plaintiffs' motion to seal on the ground it failed to meet the requisite sealing requirements. House Defendants' motion for reconsideration is denied.

## III. Conclusion

For the foregoing reasons, the House Defendants' motion for reconsideration (Dkt. No. 399) is **DENIED**.

**AND IT IS SO ORDERED.**

_____
United States Circuit Judge

_____
United States District Judge

_____
United States District Judge

October 3, 2022
Charleston, South Carolina