IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| The South Carolina State Conference of the NAACP, and Taiwan Scott, *on behalf of himself and all other similarly situated persons*, <br><br> Plaintiffs, <br><br> v. <br><br> Thomas C. Alexander, *in his official capacity as President of the Senate*; Luke A. Rankin, *in his official capacity as Chairman of the Senate Judiciary Committee*; James H. Lucas, *in his official capacity as Speaker of the House of Representatives*; Chris Murphy, *in his official capacity as Chairman of the House of Representatives Judiciary Committee*; Wallace H. Jordan, *in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee*; Howard Knabb, *in his official capacity as interim Executive Director of the South Carolina State Election Commission*; John Wells, *Chair*, Joanne Day, Clifford J. Elder, Linda McCall, and Scott Moseley, *in their official capacities as members of the South Carolina State Election Commission*, <br><br> Defendants. | C/A No.: 3:21-cv-03302-TJH-RMG-MGL <br><br> **ORDER AND OPINION** |

Before the Panel is (1) House and Senate Defendants' joint motion for the entry of confidentiality order as to legislative privilege (Dkt. No. 308); (2) House Defendants' motion for order confirming confidentiality designations of deposition transcripts and exhibits (Dkt. No. 314); and (3) House Defendants' motion for leave to submit deposition materials related to confidentiality designations for *in camera* review. (Dkt. No. 313). The Election Defendants

1

consent to the motions. Plaintiffs oppose the motions. For the reasons stated below, the Panel denies the motions. (Dkt. Nos. 308, 313, 314).

First, House and Senate Defendants move for the entry of a confidentiality order that specifically covers documents Defendants claim are subject to legislative privilege. (Dkt. No. 308). Defendants argue "the legislative privilege must [] be preserved" because of the chilling effect of disclosure as the Panel has not considered whether such materials may be treated as confidential. (Dkt. Nos. 308 at 7; 317 at 3). The Panel previously considered the applicability of legislative privilege in discovery and considered the potential chilling effect of disclosure. The Panel determined that Plaintiffs were entitled to discovery of certain documentation and communications from legislators, their staff, and consultants. (Dkt. No. 153 at 15-17). The Panel's existing confidentiality order sufficiently details the process by which a party may designate documents as confidential. (Dkt. No. 123 at ¶ 3). House and Senate Defendants' motion for entry of confidentiality order as to legislative privilege is denied.

Second, House Defendants move for the Panel to confirm hundreds of confidentiality designations on the ground deposition transcripts of House members and House staff and related exhibits are protected from public disclosure pursuant to exemptions set forth in the South Carolina Freedom of Information Act ("SC FOIA"), S.C. Code Annotated Section 30-4-40(a)(2)(7)(8). (Dkt. No. 314). Relatedly, House Defendants move for the Panel to review *in camera* over 1,700 pages of documents to confirm such confidentiality designations. (Dkt. No. 313). The SC FOIA Act provides that "[a]ny person has a right to inspect or copy any public record of a public body, except as otherwise provided by § 30-4-40." S.C. Code Ann. § 30-4-30. The statute creates an affirmative duty on the part of public bodies to disclose certain information upon request. *Bellamy v. Brown*, 408 S.E.2d 219, 221 (S.C. 1991). The exemptions set forth in the statute allow a public

agency the discretion to withhold exempted materials from public disclosure. *Id.* The statute does not require that in a federal proceeding, the information be designated as confidential such that a member of the public could not request the information in the first instance.

At trial, Defendants will have the opportunity to raise any objections to exhibits offered into evidence. The Panel will address issues of admissibility and public disclosure at that time.

For the reasons stated above, House and Senate Defendants' motion for confidentiality order is **DENIED**. (Dkt. No. 308). House Defendants' motion for *in camera* review of 1,700 pages of deposition materials and exhibits is **DENIED**. (Dkt. No. 313). House Defendants' motion for Order confirming confidentiality designations is **DENIED**. (Dkt. No. 314).

**AND IT IS SO ORDERED**.

United States Circuit Judge

United States District Judge

United States District Judge

October 3, 2022
Charleston, South Carolina