**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

The South Carolina State Conference of the )
NAACP, and Taiwan Scott, *on behalf of* )
*himself and all other similarly situated* )
*persons*, )
                                  )      C/A No.: 3:21-cv-03302-MGL-TJH-RMG
              Plaintiffs, )
                                    )
       v. )
                                      )
Thomas C. Alexander, *in his official* )
*capacity as President of the Senate*; Luke A. )
Rankin, *in his official capacity as Chairman* )
*of the Senate Judiciary Committee*; )
G. Murrell Smith, Jr. *in his official capacity* )      **ORDER**
*as Speaker of the House of Representatives*; )
Chris Murphy, *in his official capacity as* )
*Chairman of the House of Representatives* )
*Judiciary Committee*; Wallace H. Jordan, *in* )
*his official capacity as Chairman of the* )
*House of Representatives Elections Law* )
*Subcommittee*; Howard Knapp, *in his* )
*official capacity as interim Executive* )
*Director of the South Carolina State* )
*Election Commission*; John Wells, *Chair*, )
JoAnne Day, Clifford J. Elder, Linda )
McCall, and Scott Moseley, *in their* )
*official capacities as members of the South* )
*Carolina State Election Commission*, )
                                    )
              Defendants. )
_____ )

         This matter comes before the Court on Defendants' motion to stay the Order of January 6,

2023 pending completion of the appellate process. (Dkt. No. 495). Plaintiffs oppose the motion.

(Dkt. No. 500). For reasons set forth below, the motion for a stay is denied. The Court further

addresses a change in circumstances resulting from the Defendants' submission of a Notice of

Intent to File an Appeal, which necessitates a change in the date for the legislature to submit a proposed remedial plan to the Court.

I.      **Addressing a Change in Circumstances Resulting from Defendants' Notice of Intent to File an Appeal**

By way of background, the Court issued its Findings of Fact and Conclusions of Law on January 6, 2023, which concluded that Congressional District No. 1 constituted an unconstitutional racial gerrymander in violation of the Equal Protection Clause of the Fourteenth Amendment because race was the predominant factor in the adoption of the district's reapportionment plan. (Dkt. No. 493). It is well established that upon the finding by a federal court that a challenged legislative district is unconstitutional, the legislature should be given a reasonable opportunity to recommend for consideration a remedial plan that meets constitutional standards. *Wise v. Lipscomb*, 437 U.S. 535, 540 (1978). To that end, the Court provided the legislature the opportunity to submit a remedial plan to the Court by March 31, 2023. (Dkt. No. 493 at 30). The Court intended thereafter to allow the parties to comment upon the legislature's proposed remedial plan, produce evidence in support of their respective positions, offer other plans if they desired, and conduct an evidentiary hearing and oral argument, as necessary, prior to the adoption of a remedial plan for Congressional District No. 1.

Defendants advised the Court on January 27, 2023 of their intention to file an appeal and requested a stay of the Court's January 6, 2023 order. (Dkt. No. 495). The filing of an appeal in this case necessarily alters the Court's schedule for consideration and adoption of a remedial plan. In short, the Court has no intention to proceed with consideration and adoption of a remedial plan during the pendency of any appeal before the United States Supreme Court. In light of the notice of Defendants of their intention to file an appeal, the Court hereby alters the date the legislature

may submit a remedial plan for Congressional District No. 1 to the Court from March 31, 2023 until 30 days after a final decision of the United States Supreme Court.[1]

## II.     Defendants' Motion to Stay Does Not Meet the Well Established Standards for the Grant of a Stay Pending Appeal

A motion to stay an order of the lower court pending appeal to the United States Supreme Court requires consideration of the following factors: (1) whether the applicant for the stay has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent the entry of a stay; (3) whether the issuance of a stay will injure other parties to the litigation; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009).  The Court finds that Defendants do not meet the standards for the grant of a stay in this matter.

### A.  Defendants have not shown a strong likelihood of success on the merits.

The Court's findings of fact and conclusions of law are based upon a careful examination of the voluminous evidence offered at trial, an assessment of the credibility of the witnesses, and an application of the consistent body of Supreme Court caselaw extending from *Shaw v. Reno*, 509 U.S. 630 (1993) and *Miller v. Johnson*, 515 U.S. 900 (1995) to the more recent cases of *Alabama Legislative Black Causes v. Alabama*, 575 U.S. 254 (2015) and *Cooper v. Harris*, 581 U.S. 285 (2017).   Based upon the Defendants' Motion for a Stay, it appears Defendants disagree with the Court's factual findings, credibility determinations, and application of legal standards.  Defendants

---

[1]  The filing of an appeal normally transfers jurisdiction of all matters relating to the appeal from the district court to the appellate court.  Under the present circumstances, no appeal has yet to be filed with the United States Supreme Court, only a notice of intent to file an appeal.  Further, even if an appeal had been filed, the trial court retains jurisdiction to address matters in aid of the appeal. *See Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991). The Court finds that its change in its schedule to consider and adopt a remedial plan for Congressional District No. 1 occasioned by the filing of an appeal is in aid of the appeal.

also appear to be arguing against precedent rather than relying upon existing Supreme Court authority.[2]  Having reviewed Defendants' arguments regarding alleged deficiencies and errors in the Order in this matter, the Court finds that Defendants have not made a strong showing of a likelihood of success on the merits.

### B.  Defendants have not shown they will suffer irreparable injury from the denial of a stay.

It is important at the outset to clarify what the Court's order actually requires of the parties because it differs markedly from the factual scenario Defendants have set forth in their effort to demonstrate irreparable injury from the denial of a stay.  After finding that the reapportionment plan for Congressional District No. 1 constituted an unconstitutional racial gerrymander, the Court enjoined Defendants from conducting any future election in Congressional District No. 1 until a constitutionally compliant plan was adopted. (Dkt. No. 493 at 31).  This followed the longstanding practice since *Reynolds v. Sims*, 377 U.S. 533, 585 (1964), that where a "legislative apportionment scheme has been found to be unconstitutional, it would be the unusual case in which a court would be justified in not taking appropriate action to insure no further elections are conducted under an invalid plan."  The next scheduled general election in Congressional District No. 1 is in November

---

[2] One example of this is Defendants' lead argument in their motion for a stay that the Court "disregarded the alternative-map requirement." (Dkt. No. 495 at 3).  The Supreme Court held in *Cooper v. Harris*, a 2017 decision, that there was not a mandatory alternative map requirement to prove a violation of the Fourteenth Amendment. 581 U.S. 285, 319-20 (2017).  In this case, the Court ruled with Plaintiffs regarding Congressional District No. 1 and with Defendants regarding Congressional District Nos. 2 and 5.  Plaintiffs' remedial plans reflected their position that all three congressional districts were unconstitutional and did not address the scenario where only Congressional District No. 1 was found to be unconstitutional.  After carefully reviewing the various maps under consideration, the demography of the State, and the ease with which legislative districts can now be drawn with computer driven software, the Court found "that a constitutionally compliant plan for Congressional District No. 1 can be designed without undue difficulty, and it was thus not necessary for Plaintiffs to present an acceptable alternative map to prevail on their claims." (Dkt. No. 493 at 30).  Defendants' motion for a stay argues to the contrary and against the Supreme Court's holding in *Cooper*.

2024, and party primaries in South Carolina are normally conducted during the summer before the next general election. In short, there is no election scheduled in Congressional District No. 1, or any other South Carolina congressional district, for more than a year.

Defendants argue, however, that the Court planned to adopt a remedial plan during the pendency of the appeal and to potentially schedule a special election before a Supreme Court decision. (Dkt. No. 495 at 25). The Court never contemplated such a series of events, and no order of this Court provided such a plan. When the Court issued its order in early January 2023, it anticipated an orderly process to adopt a remedial plan. As stated above, once Defendants advised the Court of their intent to appeal, the Court delayed the first step of that process, the receipt of any remedial plan proposed by the legislature, until 30 days after the Supreme Court's final decision.

Defendants have not addressed in their motion for a stay any irreparable injury they might suffer from the Court's injunction against conducting an election in Congressional District No. 1 under the now declared unconstitutional plan. The Court finds that Defendants have not shown that they will suffer any irreparable injury from the denial of a stay in this case.

### C. Plaintiffs would suffer irreparable injury by the grant of a stay.

A grant of a stay would lift the Court's injunction against conducting an election in Congressional District No. 1 until a constitutionally compliant reapportionment plan has been adopted. The Court has every hope and expectation that the appeal process can be completed and a remedial plan adopted before the 2024 primary and general elections. However, on the outside chance the process is not completed in time for the 2024 primary and general election schedule, the election for Congressional District No. 1 should not be conducted until a remedial plan is in place. This is based on the well-established principle that where fundamental voting rights have

been violated, plaintiffs suffer irreparable injury until the constitutional deprivation has been removed. *See League of Women Voters of North Carolina v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014). The Court finds that Plaintiffs could suffer irreparable injury if a stay was granted in this case.

### D.  The Public Interest Lies in the Denial of a Stay.

The public interest lies in upholding fundamental voting rights. *Id.* at 247-48; *Obama for America v. Husted*, 697 F.3d 423, 436-37 (6h Cir. 2012). The grant of a stay under these circumstances is plainly not in the public interest.

### Conclusion

The Defendants' motion for a stay (Dkt. No. 495) is **DENIED**. The Court has altered the date for the legislature to submit a remedial plan to the Court until 30 days after a final decision in this matter of the United States Supreme Court.

**AND IT IS SO ORDERED**.

 

 

           s/ Mary Geiger Lewis
Mary Geiger Lewis
United States District Judge

s/ Toby J. Heytens
Toby J. Heytens
United States Circuit Judge

s/ Richard Mark Gergel
Richard M. Gergel
United States District Judge

 

February 4, 2023
Charleston, South Carolina