## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| The South Carolina State Conference of the NAACP, and Taiwan Scott, *on behalf of himself and all other similarly situated persons*, | )<br>)<br>)<br>) C/A No.: 3:21-cv-03302-MGL-TJH-RMG<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| Thomas C. Alexander, *in his official capacity as President of the Senate*; Luke A. Rankin, *in his official capacity as Chairman of the Senate Judiciary Committee*; G. Murrell Smith, Jr. *in his official capacity as Speaker of the House of Representatives*; Chris Murphy, *in his official capacity as Chairman of the House of Representatives Judiciary Committee*; Wallace H. Jordan, *in his official capacity as Chairman of the House of Representatives Elections Law Subcommittee*; Howard Knapp, *in his official capacity as interim Executive Director of the South Carolina State Election Commission*; John Wells, *Chair*, JoAnne Day, Clifford J. Elder, Linda McCall, and Scott Moseley, *in their official capacities as members of the South Carolina State Election Commission*, | )<br>)<br>)<br>)<br>) **ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

This matter comes before the Court on Defendants' motion to stay the portion of this Court's Order of January 6, 2023 (Dkt. No. 493) enjoining the conducting of elections in South Carolina Congressional District No. 1 until a constitutionally valid reapportionment plan is approved by the Court. (Dkt. No. 519). Plaintiffs have filed a response in opposition and

Defendants have filed a reply. (Dkt. Nos. 521, 522). For the reasons set forth below, the Court grants in part and denies in part the motion.

## Factual Background

The Court issued its Findings of Fact and Conclusions of Law on January 6, 2023, which concluded that Congressional District No. 1 constituted an unconstitutional racial gerrymander in violation of the Equal Protection Clause of the Fourteenth Amendment. The Court enjoined the conducting of elections in Congressional District No. 1 until a constitutionally valid apportionment plan was approved by the Court. (Dkt. No. 493 at 30-31). To that end, the Court provided Defendants the opportunity to submit a remedial plan to the Court by March 31, 2023. (*Id.* at 30). Defendants advised the Court on January 27, 2023 of their intention to file an appeal and requested a stay of the Court's January 6, 2023 order. (Dkt. No. 495).

The Court issued an Order on February 4, 2023, which first addressed the need to modify the schedule for Defendants to produce a remedial map given their intention to file an appeal. The Court made it clear that it had "no intention to proceed with consideration and adoption of a remedial plan during the pendency of any appeal to the United States Supreme Court." (Dkt. No. 501 at 2). Instead, the Court set a deadline for Defendants to submit a remedial plan of 30 days after a final decision of the United States Supreme Court. (*Id.* at 3).

The Court also addressed in its February 4, 2023 Order Defendants' request to stay its order until the completion of the appellate process. The Court denied the motion, finding that Defendants had failed to carry their burden, under *Nken v. Holder*, 556 U.S. 418, 434 (2009), of showing a strong likelihood of success on the merits, irreparable injury, and that a stay was in the public interest. (*Id.* at 3-5).

Defendants moved on March 7, 2024 for a partial stay of the Court's January 6, 2023 Order relating to the prohibition of conducting elections in Congressional District No. 1 until a constitutional remedial plan had been adopted. (Dkt. No. 519). In support of their new motion, they submitted an affidavit of Howard M. Knapp, the Executive Director of the South Carolina Election Commission, who stated that the party primaries in Congressional District No. 1 were scheduled for June 11, 2024 and that candidate filing opened on March 16, 2024 and closes on April 1, 2024. (Dkt. No. 519-1). At least five candidates have now filed to run in the party primaries for Congressional District No. 1. Defendants further advised the Court that absentee ballots to military and overseas voters must be mailed under the Uniformed and Overseas Citizens Absentee Voting Act, 52 U.S.C. § 20301 *et seq.*, by April 27, 2024.

Defendants argued once again that their request for a stay met the standards of *Nken v. Holder* but now added the additional argument that any effort to adopt a remedial plan during the 2024 election cycle would violate the principle of *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006) that trial courts should avoid imposing significant changes in election procedures shortly before an election. Plaintiffs oppose the motion and argue that Defendants do not meet the *Nken* standards for a stay. Plaintiffs further argue that Defendants' motion is premature because there may still be time to adopt a remedial plan before the 2024 primaries. (Dkt. No. 521 at 6-18).

## Discussion

The Court finds that the present circumstances are best addressed under Federal Rule of Civil Procedure 62(d), which authorizes a trial court to modify an injunction pending appeal to maintain the status quo until a final decision on appeal. *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) ("The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo."); *Coastal Corp. v. Texas E. Corp.*, 869

F.2d 817, 819 (5th Cir. 1989); *Ideal Toy Co. v. Sanco Doll Corp.*, 302 F.2d 623, 625 (2d Cir. 1962). Rule 62(d) is a narrow exception to the general rule that the filing of an appeal confers jurisdiction on the appellate court and divests the trial court of its jurisdiction. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 57 (1982).

The present circumstances make it plainly impractical for the Court to adopt a remedial plan for Congressional District No. 1 in advance of the military and overseas absentee ballot deadline of April 27, 2024 mandated under federal law and the party primaries scheduled for June 11, 2024. Having found that Congressional District No. 1 constitutes an unconstitutional racial gerrymander, the Court fully recognizes that "it would be the unusual case in which a court would be justified in not taking appropriate action to insure that no further elections are conducted under an invalid plan." *Reynolds v. Simms*, 377 U.S. 533, 585 (1964). But with the primary election procedures rapidly approaching, the appeal before the Supreme Court still pending, and no remedial plan in place, the ideal must bend to the practical.

The Court hereby exercises its authority under Rule 62(d) to modify its injunction to preserve the status quo on appeal. The last paragraph of the Court's Order of January 6, 2023 (Dkt. No. 493) at page 30 is modified to now read (added language underlined):

> Consequently, the Court hereby enjoins the conducting of an election under Congressional District No. 1 <u>after the 2024 election cycle</u> until a constitutionally valid apportionment plan is approved by this Court. *Johnson v. Miller*, 864 F. Supp. 1354, 1393 (S.D. Ga. 1994), *aff'd and remanded Miller v. Johnson*, 515 U.S. 900 (1995).

**AND IT IS SO ORDERED.**

Mary Geiger Lewis
United States District Judge

_____
Toby J. Heytens'
United States Circuit Judge

_____
Richard M. Gergel
United States District Judge

March 28, 2024
Charleston, South Carolina